Marion C. Passmore (#228474)
David J. Stone (#208961)
**BRAGAR EAGEL & SQUIRE, P.C.**
580 California Street, Suite 1200
San Francisco, California 94104
Telephone: (415) 568-2124
Facsimile: (212) 214-0506
Email: passmore@bespc.com
    stone@bespc.com

*Counsel for Movant and
Proposed Lead Counsel for the Class*

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION**

| | |
|---|---|
| HARIRAM SHANKAR, Individually and On Behalf of All Others Similarly Situated,<br><br>      Plaintiff,<br><br>  v.<br><br>ZYMERGEN INC., JOSH HOFFMAN, ENAKSHI SINGH, STEVEN CHU, JAY T. FLATLEY, CHRISTINE M. GORJANC, TRAVIS MURDOCH, MATTHEW A. OCKO, SANDRA E. PETERSON, ZACH SERBER, ROHIT SHARMA, J.P. MORGAN SECURITIES LLC, GOLDMAN SACHS & CO. LLC, COWEN AND COMPANY, LLC, BOFA SECURITIES, INC., UBS SECURITIES LLC, and LAZARD FRERES & CO. LLC,<br><br>      Defendants. | Case No. 3:21-cv-06028-JD<br><br>**CLASS ACTION**<br><br>**NOTICE OF MOTION AND MOTION OF KULDIP NIJJAR FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF LEAD COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Date:   November 18, 2021<br>Time:   10:00 a.m.<br>Courtroom: 11, 19th Floor<br>Judge:   Honorable James Donato |

**TABLE OF CONTENTS**

NOTICE OF MOTION AND MOTION ..................................................................................... 1

MEMORANDUM OF POINTS AND AUTHORITIES .......................................................... 2

I.    SUMMARY OF ARGUMENT .................................................................................. 2

II.    STATEMENT OF ISSUES TO BE DECIDED ....................................................... 3

III.    FACTUAL BACKGROUND ..................................................................................... 3

IV.    ARGUMENT ................................................................................................................ 4

    A.    The Court Should Appoint Movant as Lead Plaintiff ....................................... 4

        1.    The Procedure Required by the PSLRA ................................................ 4

        2.    Movant Satisfies the Lead Plaintiff Provisions of the PSLRA ............ 6

            a.    Movant Filed a Timely Motion ............................................... 6

            b.    Movant Has the Largest Financial Interest in the Relief Sought ............ 6

        3.    Movant Meets Rule 23's Typicality and Adequacy Requirements .................... 7

            a.    Movant's Claims Are Typical of the Claims the Class .......................... 7

            b.    Movant Will Adequately Represent the Class ....................................... 8

    B.    Movant's Choice of Counsel Should Be Approved ......................................... 9

V.    CONCLUSION ............................................................................................................ 9

# TABLE OF AUTHORITIES

**Cases**

*Abrams v. Intuitive Surgical, Inc.*,
   No. 5:13-CV-01920-EJD, 2013 U.S. Dist. LEXIS 165873
   (N.D. Cal. Nov. 18, 2013)...................................................................................................2

*Booth v. Strategic Realty Tr., Inc.*,
   No. 13-cv-4921-JST, 2014 U.S. Dist. LEXIS 10501 (N.D. Cal. Jan. 27, 2014) ...............6

*In re Cavanaugh*,
   306 F.3d 726 (9th Cir. 2002) ........................................................................2, 5, 6, 7

*Crawford v. Honig*,
   37 F.3d 485 (9th Cir. 1994) ...............................................................................................8

*City of Dearborn Heights Act 345 Police & Fire Ret. Sys. v. Align Tech., Inc.*,
   No. 12-CV-06039-LHK, 2013 U.S. Dist. LEXIS 76416 (N.D. Cal. May 29, 2013) .......7

*Deinnocentis v. Dropbox, Inc.*,
   19-cv-06348-BLF, 2020 U.S. Dist. LEXIS 8680 (N.D. Cal. Jan. 16, 2020) ...................7

*Hanlon v. Chrysler Corp.*,
   150 F.3d 1011 (9th Cir. 1998) ...........................................................................................8

*Johnson v. OCZ Tech. Grp.*,
   No. CV 12-05265 RS, 2013 U.S. Dist. LEXIS 1610 (N.D. Cal. Jan. 4, 2013) ........5, 6, 8

*Karinski v. Stamps.com, Inc.*,
   No. CV 19-1828-R, 2019 U.S. Dist. LEXIS 227879 (C.D. Cal. June 5, 2019)................8

*Krieger v. Atheros Commc'ns*,
   No. 11-CV-00640-LHK, 2011 U.S. Dist. LEXIS 147521 (N.D. Cal. Dec. 12, 2011) .....7

*Vataj v. Johnson*,
   19-cv-06996-HSG, 2020 U.S. Dist. LEXIS 21039 (N.D. Cal. Feb. 3, 2020).................8

**Statutes**

15 U.S.C. § 77k............................................................................................................................2

15 U.S.C. § 77o............................................................................................................................2

15 U.S.C. § 77z-1(a)(3)........................................................................................................*passim*

**Rules**

Fed. R. Civ. P. 23(a) ............................................................................................................*passim*

## NOTICE OF MOTION AND MOTION

**TO THE COURT, ALL PARTIES, AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that on November 18, 2021, at 10:00 a.m., or as soon as counsel may be heard, before the Honorable James Donato, at the United States District Court for the Northern District of California, San Francisco Courthouse, Courtroom 11 – 19th Floor, 450 Golden Gate Avenue, San Francisco, California 94102, Kuldip Nijjar ("Movant") will and hereby does respectfully move this Court for an Order:  (1) appointing Movant as Lead Plaintiff, pursuant to the lead plaintiff provisions of the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), codified as Section 27(a)(3) of the Securities Act of 1933, 15 U.S.C. § 77z-1(a)(3), on behalf of a putative Class consisting of all persons and entities, other than defendants, that purchased or otherwise acquired Zymergen Inc. ("Zymergen" or the "Company") common stock pursuant and/or traceable to the registration statement and prospectus issued in connection with the Company's April 2021 initial public offering; (2) approving Movant's selection of the law firm Bragar Eagel & Squire, P.C. ("BES") as Lead Counsel for the putative Class; and (3) granting such other and further relief as the Court may deem just and proper.

This Motion is made on the ground that Movant believes he is the "most adequate plaintiff" under the PSLRA and, therefore, should be appointed Lead Plaintiff.  Specifically, Movant believes that he has the "largest financial interest" in the relief sought by the Class and otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure because his claims are typical of other members of the Class and because he will fairly and adequately represent the Class.

This Motion is made and based on this Notice, the accompanying Memorandum of Points and Authorities, the Declaration of Marion C. Passmore, the [Proposed] Order Appointing Movant as Lead Plaintiff and Approving Movant's Selection of BES as Lead Counsel, and such other materials, evidence, and argument as may be presented at or prior to a hearing on the Motion.

# MEMORANDUM OF POINTS AND AUTHORITIES

Movant Kuldip Nijjar ("Nijjar" or "Movant") respectfully submits this Memorandum of Points and Authorities in support of his Motion for Appointment as Lead Plaintiff and Approval of Selection of Bragar Eagel & Squire, P.C. ("BES") as Lead Counsel pursuant to the lead plaintiff provisions of the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), codified as Section 27(a)(3) of the Securities Act of 1933 (the "Securities Act"), 15 U.S.C. § 77z-1(a)(3) (2013).

## I.   SUMMARY OF ARGUMENT

Currently pending in this District is a securities class action lawsuit (the "Action") brought on behalf of a class consisting of all persons and entities, other than Defendants (defined below), that purchased or otherwise acquired Zymergen Inc. ("Zymergen" or the "Company") common stock pursuant and/or traceable to the registration statement and prospectus (collectively, the "Registration Statement") issued in connection with the Company's April 2021 initial public offering (the "IPO") (the "Class"). The Action allege violations of Sections 11 and 15 of the Securities Act, 15 U.S.C. §§ 77k and 77o, against Zymergen, the Company's Chief Executive Officer ("CEO") Josh Hoffman, the Company's Chief Financial Officer Enakshi Singh, certain of the Company's directors, and certain of the Company's IPO underwriters (collectively, the "Defendants").

The PSLRA creates a rebuttable presumption that the Court should appoint as lead plaintiff the movant that has the largest financial interest in the litigation and has also made a *prima facie* showing that he, she, or it is an adequate class representative under Rule 23 of the Federal Rules of Civil Procedure ("Rule 23"). *See generally In re Cavanaugh*, 306 F.3d 726 (9th Cir. 2002). Movant suffered a financial loss of approximately $15,834.00 on his purchases of Zymergen stock, using a last-in-first-out ("LIFO") analysis.[1] *See Abrams v. Intuitive Surgical, Inc.*, No. 5:13-CV-01920-EJD, 2013 U.S. Dist. LEXIS 165873, at *6-7 (N.D. Cal. Nov. 18, 2013) (comparing losses when determining largest financial interest and appointing movant with "substantially larger" loss). As Movant has the largest loss and thus the largest financial interest among the parties moving to be appointed lead plaintiff, he

---

[1] A signed certification identifying Nijjar's Zymergen transactions, as required by the PSLRA, and a chart calculating his losses, are attached to the accompanying Declaration of Marion C. Passmore ("Passmore Decl." or "Passmore Declaration"), as Exhibits 1 and 2, respectively.

is the presumptive lead plaintiff in the Action. Moreover, Movant satisfies the requirements of Rule 23 in that his claims are typical of the claims of the Class, and that he will fairly and adequately represent the interests of the Class. As such, Movant satisfies the standard under the PSLRA to be appointed as Lead Plaintiff.

Accordingly, Movant respectfully requests that he be appointed Lead Plaintiff and his selection of BES be approved as Lead Counsel.

## II. STATEMENT OF ISSUES TO BE DECIDED

1. Whether the Court should appoint Movant as lead plaintiff under the PSLRA; and

2. Whether the Court should approve Movant's selection of BES as Lead Counsel for the proposed Class.

## III. FACTUAL BACKGROUND[2]

Zymergen uses a process it calls "biofacturing" to create products that purportedly combine the design and manufacturing efficiency of biological processes with technology's ability to rapidly iterate and control diverse functions. ¶¶ 2, 39. Its first product is called Hyaline, an optical film designed for electronic companies to use for display touch sensors, which will purportedly enable customers to make foldable touchscreens and high density flexible printed circuits. *Id*. Hyaline was launched in December 2020, but has not generated revenue because it is still in its qualification process with customers. *Id*.

On April 23, 2021, the Company filed its prospectus on Form 424B4 with the U.S. Securities and Exchange Commission ("SEC"), which forms part of the Registration Statement. ¶¶ 3, 42. In the IPO, the Company sold approximately 18,549,500 shares of common stock at a price of $31.00 per share. *Id*. The Company received proceeds of approximately $530.1 million from the offering, net of underwriting discounts and commissions. *Id*. The proceeds from the IPO were purportedly to be used for working capital and other general corporate purposes, including the continued investment in commercializing Zymergen's existing products, launching products in its pipeline, and furthering the development of its biofacturing platform and technology. *Id*.

---

[2] Citations to "¶ __" are to paragraphs of the Class Action Complaint for Violations of the Federal Securities Laws filed on August 4, 2021 (the "Complaint"). ECF No. 1. The allegations set forth in the Complaint are incorporated herein by reference.

On August 3, 2021, after the market closed, Zymergen issued a business update stating that it "recently became aware of issues with its commercial product pipeline that will impact the Company's delivery timeline and revenue projections." ¶¶ 4, 51. Specifically, "several key target customers encountered technical issues in implementing Hyaline into their manufacturing processes." Zymergen also disclosed that its total addressable market appears to be smaller than previously expected. *Id*. As a result, Zymergen "no longer expects product revenue in 2021, and expects product revenue to be immaterial in 2022." *Id*. The Company also announced that its CEO was stepping down, effective immediately. *Id*.

On this news, the Company's stock price fell $26.58 per share, or 76%, to close at $8.25 per share on August 4, 2021, on unusually heavy trading volume. ¶¶ 5, 54.

By the time this Action was commenced, the Company's stock was trading as low as $8.25 per share, a nearly 73% decline from the $31 per share IPO price. ¶¶ 6, 55.

The Registration Statement was materially false and misleading and omitted to state: (1) that, during the qualification process for Hyaline, key customers had encountered technical issues, including product shrinkage and incompatibility with customers' processes; (2) that, though the qualification process was critical to achieving market acceptance for Hyaline and generating revenue, Zymergen lacked visibility into the qualification process; (3) that, as a result, the Company overestimated demand for its products; (4) that, as a result of the foregoing, the Company's product delivery timeline was reasonably likely to be delayed, which in turn would delay revenue generation; and (5) that, as a result of the foregoing, Defendants' positive statements about the Company's business, operations, and prospects, were materially misleading and/or lacked a reasonable basis. ¶¶ 7, 50.

## IV. ARGUMENT

### A. The Court Should Appoint Movant as Lead Plaintiff

#### 1. The Procedure Required by the PSLRA

The PSLRA mandates that the Court decide the lead plaintiff issue "[a]s soon as practicable." 15 U.S.C. § 77z-1(a)(3)(B)(ii). The PSLRA establishes the procedure for appointment of the lead plaintiff in "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. § 77z-1(a) and (a)(3)(B).

The plaintiff who files the initial action must publish notice to the class within 20 days after filing the action, informing class members of their right to file a motion for appointment as lead plaintiff.  15 U.S.C. § 77z-1(a)(3)(A).  The PSLRA requires the Court to consider, within 90 days of the publication date, all motions filed within 60 days after publication of that notice by any person or group of persons who are members of the proposed class to be appointed lead plaintiff.  15 U.S.C. §§ 77z-1(a)(3)(A)(i)(II) and (a)(3)(B)(i).

The PSLRA creates a rebuttable presumption that the most "adequate plaintiff" to serve as lead plaintiff is the "person or group of persons" that:

(aa) has either filed the complaint or made a motion in response to a notice;

(bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 77z-1(a)(3)(B)(iii)(I); *see also Cavanaugh*, 306 F.3d at 729-30.  The presumption may be rebutted only upon proof by a class member that the presumptively most adequate plaintiff "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." *Id*. at 741; 15 U.S.C. § 77z-1(a)(3)(B)(iii)(II); *Johnson v. OCZ Tech. Grp.*, No. CV 12-05265 RS, 2013 U.S. Dist. LEXIS 1610, at *4-5 (N.D. Cal. Jan. 4, 2013) (describing the Ninth Circuit's three-part test to determine the most adequate plaintiff under the PSLRA).

As set forth below, Movant has complied with the procedural prerequisites of the PSLRA and has, what is to the best of his knowledge, the largest financial interest in the litigation of any other Class member(s) seeking appointment as lead plaintiff.  Movant is also unaware of any unique defenses against him that Defendants could raise.  Therefore, Movant is entitled to the presumption that he is the most adequate plaintiff to represent the Class and, as a result, should be appointed lead plaintiff in the Action.

**2.     Movant Satisfies the Lead Plaintiff Provisions of the PSLRA**

As described in further detail below, Movant should be appointed lead plaintiff because he satisfies all of the requirements of the PSLRA. Movant filed a timely motion to be appointed lead plaintiff, holds the largest financial interest in the relief sought by the Class, and satisfies the typicality and adequacy requirements of Rule 23.

**a.     Movant Filed a Timely Motion**

On August 4, 2021, the plaintiff in the Action caused a notice (the "Notice") to be published pursuant to 15 U.S.C. § 77z-1(a)(3)(A)(i), which announced that a securities class action had been filed against Defendants and advised putative Class members that they had 60 days to file a motion to seek appointment as a lead plaintiff in the Action.[3]

Movant reviewed the complaint filed in the Action and timely filed his motion within the statutory guidelines. *OCZ Tech.*, 2013 U.S. Dist. LEXIS 1610, at *6; *see also* 15 U.S.C. § 77z-1(a)(3)(B)(iii)(I) (to be considered as lead plaintiff, person can "either file[] the complaint or [make] a motion in response to a notice").

**b.     Movant Has the Largest Financial Interest in the Relief Sought**

The movant who has the largest financial interest in this litigation and meets the adequacy and typicality requirements of Rule 23 is presumptively the lead plaintiff. *Booth v. Strategic Realty Tr., Inc.*, No. 13-cv-04921-JST, 2014 U.S. Dist. LEXIS 10501, at *3-4 (N.D. Cal. Jan. 27, 2014) (citing *Cavanaugh*, 306 F.3d at 726-30).

As demonstrated herein, Movant has the largest known financial interest among the moving parties in the relief sought by the Class. *See* Passmore Decl., Ex. 2 (Loss Chart). In connection with the April 2021 IPO, Movant purchased Zymergen common stock in reliance upon the materially false and misleading statements issued by Defendants and was injured thereby. Movant suffered a substantial loss of approximately $15,834.00. *See* Passmore Decl., Ex. 2 (Loss Chart). Movant thus has the greatest financial interest in the outcome of this Action. To the best of Movant's knowledge,

---

[3] The Notice was published over *Business Wire*, a widely-circulated national business-oriented wire service. A copy of the Notice is attached as Exhibit 3 to the Passmore Declaration.

there is no other applicant who has sought, or is seeking, appointment as lead plaintiff that has a larger financial interest and also satisfies Rule 23.

### 3. Movant Meets Rule 23's Typicality and Adequacy Requirements

According to 15 U.S.C. § 77z-1(a)(3)(B), in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).

Of the four prerequisites to class certification outlined in Rule 23, only two—typicality and adequacy—are recognized as appropriate for consideration at this stage. *See Cavanaugh*, 306 F.3d at 730, n.5, 732; *Deinnocentis v. Dropbox, Inc.*, No. 19-cv-06348-BLF, 2020 U.S. Dist. LEXIS 8680, at *10-11 (N.D. Cal. Jan. 16, 2020). Furthermore, only a "preliminary showing" of typicality and adequacy is required at this stage. *See Krieger v. Atheros Commc'ns, Inc.*, No. 11-CV-00640-LHK, 2011 U.S. Dist. LEXIS 147521, at *8 (N.D. Cal. Dec. 12, 2011). The Court should limit its inquiry to the typicality and adequacy prongs of Rule 23(a), and defer examination of the remaining requirements until the lead plaintiff moves for class certification. *See Cavanaugh*, 306 F.3d at 732; *Dropbox*, 2020 U.S. Dist. LEXIS 8680, at *10-11.

As detailed below, Movant satisfies both the typicality and adequacy requirements of Rule 23, thereby justifying his appointment as Lead Plaintiff.

#### a. Movant's Claims Are Typical of the Claims the Class

Under Rule 23(a)(3), typicality exists where "the claims . . . of the representative parties" are "typical of the claims . . . of the class." Movant plainly meets the typicality requirement of Rule 23 because: (i) he suffered the same injuries as the absent Class members; (ii) he suffered the injury as a result of the same course of conduct by Defendants; and (iii) his claims are based on the same legal issues. *See City of Dearborn Heights Act 345 Police & Fire Ret. Sys. v. Align Tech., Inc.*, No. 12-CV-

06039-LHK, 2013 U.S. Dist. LEXIS 76416, at *11 (N.D. Cal. May 29, 2013); *see also Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1019 (9th Cir. 1998); *Vataj v. Johnson*, No. 19-cv-06996-HSG, 2020 U.S. Dist. LEXIS 21039, at *6 (N.D. Cal. Feb. 3, 2020).  Rule 23 does not require that the named plaintiff be identically situated with all class members.  It is enough if his situation shares a common issue of law or fact.  *See id.*

In this case, the typicality requirement is met because Movant's claims are typical, if not identical to the Class, and neither compete nor conflict with the claims of the other Class members. Movant, like the other members of the Class, acquired Zymergen securities in connection with the April 2021 IPO at prices artificially inflated by Defendants' materially false and misleading statements and was damaged thereby.  Thus, Movant's claims are typical, if not identical, to those of the other members of the Class because Movant suffered losses similar to those of other Class members and his losses result from Defendants' common course of wrongful conduct.  Accordingly, Movant satisfies the typicality requirement of Rule 23(a)(3).

### b.     Movant Will Adequately Represent the Class

Under Rule 23(a)(4), the representative party must "fairly and adequately protect the interests of the class."  The PSLRA directs the Court to limit its inquiry regarding the adequacy of the movant to whether the interests of the movant are clearly aligned with the members of the putative Class and whether there is evidence of any antagonism between the interests of the movant and other members of the Class.  15 U.S.C. § 77z-1(a)(3)(B); *see Karinski v. Stamps.com, Inc.*, No. CV 19-1828-R, 2019 U.S. Dist. LEXIS 227879, at *4 (C.D. Cal. June 5, 2019); *Crawford v. Honig*, 37 F.3d 485, 487 (9th Cir. 1994) (citation omitted).

Movant's interests are clearly aligned with those of the other members of the Class.  Movant has a significant and compelling interest in prosecuting the Action based on the large financial losses he suffered as a result of the wrongful conduct alleged in the Action.  This motivation, combined with Movant's identical interest with the members of the Class, demonstrates that Movant will vigorously pursue the interests of the Class.  *See OCZ Tech.*, 2013 U.S. Dist. LEXIS 1610, at *8 (adequacy satisfied where interests are aligned with the class and where movant has compelling interest in resolving action

due to heavy losses). There is no evidence of any antagonism between Movant's interests and the Class's.

In addition, Movant has retained counsel highly experienced in prosecuting securities class actions and has submitted his choice to the Court for approval pursuant to 15 U.S.C. § 77z-1(a)(3)(B)(v). Therefore, Movant will prosecute the Action vigorously on behalf of the Class.

Accordingly, at this stage of the proceedings, Movant has made the preliminary showing necessary to satisfy the typicality and adequacy requirements of Rule 23 and, therefore, satisfies 15 U.S.C. § 77z-1(a)(3)(B)(iii)(I).

### B.     Movant's Choice of Counsel Should Be Approved

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to Court approval. 15 U.S.C. § 77z-1(a)(3)(B)(v). The Court should not interfere with the lead plaintiff's selection of counsel unless it is necessary "to protect the interests of the class." 15 U.S.C. § 77z-1(a)(3)(B)(iii)(II)(aa).

Movant has selected and retained BES as proposed Lead Counsel for the Class. BES attorneys have extensive experience in successfully prosecuting complex securities class actions such as this, and are well-qualified to represent the Class. *See* Passmore Decl., Ex. 4 (BES firm résumé).

## V.     CONCLUSION

For the foregoing reasons, Movant respectfully requests that this Court: (1) appoint Nijjar as Lead Plaintiff for the Class in the Action; (2) approve BES as Lead Counsel for the Class; and (3) grant such other and further relief as the Court may deem just and proper.

DATED: October 4, 2021                              Respectfully submitted,

**BRAGAR EAGEL & SQUIRE, P.C.**

/s/ *Marion C. Passmore*
Marion C. Passmore (SBN 228474)
David J. Stone (SBN 208961)
580 California Street, Suite 1200
San Francisco, California 94104
Telephone: (415) 568-2124
Facsimile: (212) 214-0506
Email: passmore@bespc.com
             stone@bespc.com

*Counsel for Movant and Proposed Lead Counsel for the Class*