ROBBINS GELLER RUDMAN
  & DOWD LLP
SHAWN A. WILLIAMS (213113)
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA 94104
Telephone: 415/288-4545
415/288-4534 (fax)
shawnw@rgrdlaw.com
        – and –
DANIELLE S. MYERS (259916)
JENNIFER N. CARINGAL (286197)
MICHAEL ALBERT (301120)
JUAN CARLOS SANCHEZ (301834)
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)
dmyers@rgrdlaw.com
jcaringal@rgrdlaw.com
malbert@rgrdlaw.com
jsanchez@rgrdlaw.com

[Proposed] Lead Counsel for [Proposed] Lead Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HARIRAM SHANKAR, Individually and on Behalf of All Others Similarly Situated,<br><br>　　　　　　　　　　Plaintiff,<br><br>　vs.<br><br>ZYMERGEN INC., et al.,<br><br>　　　　　　　　　　Defendants. | Case No. 3:21-cv-06028-JD<br><br>NOTICE OF MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD PLAINTIFF'S SELECTION OF LEAD COUNSEL; MEMORANDUM OF LAW IN SUPPORT THEREOF<br><br>DATE:　　November 18, 2021<br>TIME:　　10:00 a.m.<br>CTRM:　　11, 19th Floor<br>JUDGE:　　Hon. James Donato |

4827-8776-4733.v1

**NOTICE OF MOTION AND MOTION**

TO: ALL PARTIES AND THEIR RESPECTIVE COUNSEL OF RECORD

PLEASE TAKE NOTICE that on November 18, 2021, at 10:00 a.m., or as soon thereafter as the matter may be heard in Courtroom 11 of the United States District Court for the Northern District of California, 450 Golden Gate Avenue, San Francisco, CA, 94102 before the Honorable James Donato, class member Biao Wang will and hereby does move this Court pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA") for an order: (1) appointing Mr. Wang as Lead Plaintiff; and (2) approving Mr. Wang's selection of Robbins Geller Rudman & Dowd LLP as Lead Counsel.  This Motion is made on the grounds that t Mr. Wang is the most adequate plaintiff to serve as lead plaintiff in the action.  In support of this motion, Mr. Wang submits herewith a Memorandum of Points and Authorities and the Declaration of Michael Albert ("Albert Decl.").

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.    INTRODUCTION**

Presently pending in this District is a securities class action lawsuit asserting claims pursuant to the Securities Act of 1933 ("1933 Act") on behalf of all persons and entities that purchased or otherwise acquired Zymergen Inc. ("Zymergen" or the "Company") common stock pursuant and/or traceable to the registration statement and prospectus (collectively, the "Offering Documents") issued in connection with the Company's April 2021 initial public offering ("IPO"). *See* 15 U.S.C. §77z-1(a)(3)(B)(ii).

Mr. Wang should be appointed as lead plaintiff because he: (1) timely filed this motion; (2) has a substantial financial interest in the outcome of this litigation; and (3) will typically and adequately represent the class's interests.  *See* 15 U.S.C. §77z-1(a)(3)(B)(iii).  In addition, Mr. Wang's selection of Robbins Geller to serve as lead counsel should be approved because the Firm possesses extensive experience prosecuting securities class actions and will adequately represent the interests of all class members.  *See* 15 U.S.C. §77z-1(a)(3)(B)(iii).

**II.   STATEMENT OF ISSUES TO BE DECIDED**

1.    Whether the Court should appoint Mr. Wang as Lead Plaintiff pursuant to 15 U.S.C. §77z-1(a)(3)(B); and

2.      Whether the Court should approve Mr. Wang's selection of Robbins Geller as Lead Counsel.

### III.     STATEMENT OF FACTS

Zymergen is a synthetic biology company that uses a process it calls "biofacturing" to create products that purportedly combine the design and manufacturing efficiency of biological processes with technology's ability to rapidly iterate and control diverse functions. *See* ECF No 1 at ¶39. One of the Company's products is Hyaline, an optical film designed for electronic companies to use for display touch sensors, which will purportedly enable customers to make foldable touchscreens and high density flexible printed circuits. The Company is headquartered in Emeryville, California and its shares trade on the NASDAQ under the ticker ZY.

The complaint alleges that the Offering Documents were materially false and misleading and omitted to state that: (1) during the qualification process for Hyaline, key customers had encountered technical issues, including product shrinkage and incompatibility with customers' processes; (2) though the qualification process was critical to achieving market acceptance for Hyaline and generating revenue, Zymergen lacked visibility into the qualification process; (3) as a result, the Company overestimated demand for its products; (4) as a result of the foregoing, the Company's product delivery timeline was reasonably likely to be delayed, which in turn would delay revenue generation; and (5) as a result of the foregoing, defendants' positive statements about the Company's business, operations, and prospects, were materially misleading and/or lacked a reasonable basis.

On August 3, 2021, after the market closed, Zymergen issued a business update stating that it "recently became aware of issues with its commercial product pipeline that will impact the Company's delivery timeline and revenue projections." ECF No. 1 at ¶51. Specifically, "several key target customers encountered technical issues in implementing Hyaline into their manufacturing processes," and Zymergen also found that its total addressable market appears to be smaller than previously expected. *Id.* As a result, Zymergen "no longer expects product revenue in 2021, and expects product revenue to be immaterial in 2022." *Id.* The Company also announced that its Chief Executive Officer was stepping down, effective immediately. The complaint alleges that, on this news, the Company's stock price declined by over 75%.

NOTICE OF MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL; MEMORANDUM OF LAW IN SUPPORT - 3:21-cv-06028-JD - 2 -
4827-8776-4733.v1

By the commencement of this action, the Company's stock was trading as low as $8.25 per share, a decline of over $70 from the $31 per share IPO price.

## IV. ARGUMENT

### A. Mr. Wang Is the "Most Adequate Plaintiff" and Should Be Appointed Lead Plaintiff

The PSLRA establishes the procedure for the appointment of a lead plaintiff in "each private action arising under [the 1933 Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. §77z-1(a)(1); *see also* 15 U.S.C. §77z-1(a)(3)(B)(i). First, the pendency of the action must be publicized in a widely circulated national business-oriented publication or wire service not later than 20 days after filing of the first complaint. 15 U.S.C. §77z-1(a)(3)(A)(i). Next, the PSLRA provides that the Court shall adopt a presumption that the most adequate plaintiff is the person that:

> (aa) has either filed the complaint or made a motion in response to a notice . . .;
>
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §77z-1(a)(3)(B)(iii)(I); *In re Cavanaugh*, 306 F.3d 726, 729-30 (9th Cir. 2002). Mr. Wang meets each of these requirements and should be appointed Lead Plaintiff.

#### 1. This Motion Is Timely

The August 4, 2021, statutory notice published in this case advised purported class members of the pendency of the action, its alleged claims, its class definition, and the option of moving the Court to be appointed as lead plaintiff within 60 days, *i.e.*, by October 3, 2021. *See* Albert Decl., Ex. A. October 3, 2021 was a Sunday and pursuant to Fed. R. Civ. P. 6(a)(1)(C), the "next day that is not a Saturday, Sunday, or legal holiday," is October 4, 2021. Because this motion is being filed by the statutory deadline, it is timely and Mr. Wang is entitled to be considered for appointment as lead plaintiff.

### 2. Mr. Wang Has a Substantial Financial Interest In the Relief Sought by the Class

As evidenced by his PSLRA Certification and loss chart, Mr. Wang purchased 3,890 shares of Zymergen stock and suffered approximately $87,367 in losses as a result of defendants' alleged violations of the federal securities laws. *See* Albert Decl., Exs. B, C. Therefore, Mr. Wang has a substantial financial interest in the relief sought by the class.

### 3. Mr. Wang Is Typical and Adequate of the Putative Class

In addition to possessing a significant financial interest, a lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. §77z-1(a)(3)(B)(iii)(I)(cc). Rule 23 requires that "the claims or defenses of the representative parties are typical of the claims or defenses of the class; and [that] the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(3)-(4); *Cavanaugh*, 306 F.3d at 730 (focusing "in particular" on typicality and adequacy at the lead plaintiff stage).

The test of typicality is "'whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct.'" *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992) (citation omitted). The adequacy requirement is met if no conflicts exist between the representative and class interests and the representative's attorneys are qualified, experienced and able to vigorously prosecute the action on behalf of the class. *See* Fed. R. Civ. P. 23(a)(4); *Staton v. Boeing Co.*, 327 F.3d 938, 957 (9th Cir. 2003).

Here, as to typicality, like all other class members, Mr. Wang: (1) purchased Zymergen common stock pursuant and/or traceable to the IPO; (2) was adversely affected by the alleged wrongdoing; and (3) suffered damages thereby. In other words, Mr. Wang's claims arise from the same alleged misconduct and are based on the same legal theory as the claims of other class members.

As to adequacy, Mr. Wang's substantial stake in the outcome of the case indicates he has the requisite incentive to vigorously represent the class's claims. Mr. Wang's interests are aligned with the interests of the putative class and there is no evidence of any antagonism between Mr. Wang's

interests and the class's interests. Mr. Wang has amply demonstrated his adequacy by signing a sworn Certification and a Declaration affirming his willingness to serve as, and to assume the responsibilities of, class representative. *See* Albert Decl., Exs. B, D. Mr. Wang's Declaration – which sets forth his residence, professional background, education, investment experience, and his other qualifications – establishes his *prima facie* adequacy showing and enables the Court and absent class members to independently assess Mr. Wang's ability to satisfy Rule 23's prerequisites.

As such, the Court should find that Mr. Wang has made the requisite showing of typicality and adequacy.

### B.   The Court Should Approve Mr. Wang's Selection of Counsel

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to the Court's approval. *See* 15 U.S.C. §77z-1(a)(3)(B)(v). The Court should not disturb the lead plaintiff's choice of counsel unless it is necessary to protect the interests of the class. *In re Cohen*, 586 F.3d 703, 711-12 (9th Cir. 2009); *Cavanaugh*, 306 F.3d at 732-35. Mr. Wang has selected Robbins Geller as lead counsel in this case.

Robbins Geller possesses the experience and resources necessary to successfully prosecute this large and complex action for the benefit of the class. With more than 200 attorneys in offices nationwide, including within this District, Robbins Geller possesses substantial experience in complex securities litigation.[1] District courts throughout the nation have noted Robbins Geller's reputation for excellence, resulting in the appointment of Robbins Geller to lead roles in hundreds of securities class actions and other complex litigations. *See, e.g.*, *In re Stitch Fix, Inc. Sec. Litig.*, 393 F. Supp. 3d 833, 837 (N.D. Cal. 2019) (Donato, J.) (appointing Robbins Geller as lead counsel); *In re Zoom Sec. Litig.*, No. 3:20-cv-02353-JD, ECF No. 56 (N.D. Cal. Nov. 4, 2020) (Donato, J.) (same); *In re Facebook Biometric Info. Privacy Litig*, 2021 WL 757025, at *1 (N.D. Cal. Feb. 26, 2021) (Donato, J.) (approving largest all cash privacy settlement obtained by Robbins Geller and co-counsel, finding that "[b]y any measure, the $650 million settlement in this biometric privacy class

---

[1]   For a detailed description of Robbins Geller's track record, resources, and attorneys, please see https://www.rgrdlaw.com. A hard copy of the Firm's resume is available upon the Court's request, if preferred.

1  action is a landmark result"); *In re LendingClub Sec. Litig.*, No. 3:16-cv-02627-WHA, ECF No. 383
2  (N.D. Cal. Sept 24, 2018) (Alsup, J.) (finalizing the $125 million settlement Robbins Geller achieved
3  – a settlement that ranks among the top ten largest securities recoveries ever in the Northern District
4  of California.).  Robbins Geller attorneys have obtained the largest securities fraud class action
5  recovery in the Fifth, Seventh, Eighth, Tenth, and Eleventh Circuits, as well as a 2019 PSLRA class
6  action trial victory in *HsingChing Hsu v. Puma Biotechnology, Inc.*, No. 8:15-cv-00865-AG (C.D.
7  Cal.), where the jury returned a verdict for plaintiff, finding that defendants Puma Biotechnology,
8  Inc. and its CEO committed securities fraud.[2]

9  Accordingly, Mr. Wang's selection of Robbins Geller as lead counsel is reasonable and
10 should be approved.

11 **V.    CONCLUSION**

12 Mr. Wang has satisfied each of the PSLRA's requirements for appointment as lead plaintiff.
13 As such, Mr. Wang respectfully requests that the Court appoint him as Lead Plaintiff, and approve
14 his selection of Lead Counsel.

15 DATED: October 4, 2021                    Respectfully submitted,

17                                       s/ Michael Albert
                                          MICHAEL ALBERT

---

[2]   *See In re Enron Corp. Sec. Litig.*, No. 4:01-cv-03624 (S.D. Tex.) ($7.3 billion recovery is largest securities class action recovery in U.S. history and in the Fifth Circuit); *In re Cardinal Health, Inc. Sec. Litig.*, No. 2:04-cv-00575-ALM (S.D. Ohio) ($600 million recovery is the largest securities class action recovery in the Sixth Circuit); *Lawrence E. Jaffe Pension Fund v. Household Int'l Inc.*, No. 1:02-cv-05893 (N.D. Ill.) ($1.575 billion recovery is the largest securities class action recovery ever following a trial as well as the largest securities class action recovery in the Seventh Circuit); *In re UnitedHealth Group Inc. Sec. Litig.*, No. 0:06-cv-01691-JMR-FLN (D. Minn.) ($925 million recovery is the largest securities class action recovery in the Eighth Circuit); *In re Qwest Commc'ns Int'l, Inc. Sec. Litig.*, No. 1:01-cv-01451-REB-KLM (D. Colo.) ($445 million recovery is the largest securities class action recovery in the Tenth Circuit); *In re HealthSouth Corp. Sec. Litig.*, No. 2:03-cv-01500-KOB-TMP (N.D. Ala.) ($671 million recovery is the largest securities class action recovery in the Eleventh Circuit).

          ROBBINS GELLER RUDMAN
             &␣DOWD LLP
          DANIELLE S. MYERS
          JENNIFER N. CARINGAL
          MICHAEL ALBERT
          JUAN CARLOS SANCHEZ
          655 West Broadway, Suite 1900
          San Diego, CA  92101
          Telephone:  619/231-1058
          619/231-7423 (fax)
          dmyers@rgrdlaw.com
          jcaringal@rgrdlaw.com
          malbert@rgrdlaw.com
          jsanchez@rgrdlaw.com

          ROBBINS GELLER RUDMAN
             &␣DOWD LLP
          SHAWN A. WILLIAMS
          Post Montgomery Center
          One Montgomery Street, Suite 1800
          San Francisco, CA  94104
          Telephone:  415/288-4545
          415/288-4534 (fax)
          shawnw@rgrdlaw.com

          [Proposed] Lead Counsel for [Proposed] Lead Plaintiff

<u>CERTIFICATE OF SERVICE</u>

I hereby certify under penalty of perjury that on October 4, 2021, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses on the attached Electronic Mail Notice List, and I hereby certify that I caused the mailing of the foregoing via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

     s/ Michael Albert
MICHAEL ALBERT

ROBBINS GELLER RUDMAN
    &amp; DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA  92101-8498
Telephone:  619/231-1058
619/231-7423 (fax)

E-mail:  malbert@rgrdlaw.com

4827-8776-4733.v1

# Mailing Information for a Case 3:21-cv-06028-JD Shankar v. Zymergen Inc. et al

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Adam Marc Apton**
  aapton@zlk.com,Files@zlk.com

- **Boris Feldman**
  boris.feldman@freshfields.com,caroline.bane@freshfields.com,richard.rodriguez@freshfields.com,suzanne.alenick@freshfields.com

- **Doru Gavril**
  doru.gavril@freshfields.com,richard.rodriguez@freshfields.com,suzanne.alenick@freshfields.com,lisa.flegenheimer@freshfields.com,elise.lopez@freshfields.com,ant

- **Drew Liming**
  drew.liming@freshfields.com,richard.rodriguez@freshfields.com,suzanne.alenick@freshfields.com,lisa.flegenheimer@freshfields.com,anthony.denatale@freshfields.c

- **Charles Henry Linehan**
  clinehan@glancylaw.com,charles-linehan-8383@ecf.pacerpro.com

- **Kevin M Papay**
  kevin.papay@morganlewis.com

- **Marion Curry Passmore**
  passmore@bespc.com,ecf@bespc.com

- **Robert Vincent Prongay**
  rprongay@glancylaw.com,info@glancylaw.com,robert-prongay-0232@ecf.pacerpro.com

- **Pavithra Rajesh**
  prajesh@glancylaw.com,pavithra-rajesh-9402@ecf.pacerpro.com

- **Charlene Sachi Shimada**
  charlene.shimada@morganlewis.com

- **David Jay Stone**
  stone@bespc.com,ecf@bespc.com

- **Lucy Han Wang**
  lucy.wang@morganlewis.com,denise.floresmontes@morganlewis.com

- **Margaret West**
  abigail.west@freshfields.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- `(No manual recipients)`