Nicole Lavallee (SBN 165755)
Daniel E. Barenbaum (SBN209261)
Jeffrey J. Miles (SBN 293869)
**BERMAN TABACCO**
44 Montgomery Street, Suite 650
San Francisco, CA 94104
Telephone: (415) 433-3200
Facsimile: (415) 433-6382
Email: nlavallee@bermantabacco.com
        dbarenbaum@bermantabacco.com
        jmiles@bermantabacco.com

Leslie R. Stern
**BERMAN TABACCO**
One Liberty Square
Boston, MA 02109
Telephone: (617) 542-8300
Facsimile: (617) 542-1194
Email: lstern@bermantabacco.com

*Counsel for Movant West Palm Beach
Firefighters' Pension Fund*

[Additional Counsel on Signature Page]

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION**

| | |
|---|---|
| HARIRAM SHANKAR, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>ZYMERGEN INC., JOSH HOFFMAN, ENAKSHI SINGH, STEVEN CHU, JAY T. FLATLEY, CHRISTINE M. GORJANC, TRAVIS MURDOCH, MATTHEW A. OCKO, SANDRA E. PETERSON, ZACH SERBER, ROHIT SHARMA, J.P. MORGAN SECURITIES LLC, GOLDMAN SACHS & CO. LLC, COWEN AND COMPANY, LLC, BOFA SECURITIES, INC., UBS SECURITIES LLC, and LAZARD FRERES & CO. LLC,<br><br>Defendants. | No. 3:21-cv-06028-JD<br><br><u>CLASS ACTION</u><br><br>**WEST PALM BEACH FIREFIGHTERS' PENSION FUND'S NOTICE OF MOTION AND MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND FOR APPROVAL OF ITS SELECTION OF LEAD COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date: November 18, 2021<br>Time: 10:00 am<br>Dept.: 11, 19th Floor<br>Judge: Hon. James Donato |

# TABLE OF CONTENTS

**PAGE**

NOTICE OF MOTION AND MOTION ................................................................................... 1

STATEMENT OF THE ISSUES TO BE DECIDED................................................................. 2

MEMORANDUM OF POINTS AND AUTHORITIES .............................................................. 2

I.    INTRODUCTION AND SUMMARY OF ARGUMENT ............................................... 2

II.    STATEMENT OF FACTS .............................................................................................. 3

III.    ARGUMENT ................................................................................................................... 5

    A.    The Court Should Appoint WPBFPF As Lead Plaintiff Because It Suffered The Largest Loss And Is The Most Capable Of Adequately Representing The Class .................................................................................................................. 5

        1.    WPBFPF Has Filed A Timely Motion.......................................................... 6

        2.    WPBFPF Is The Presumptive Lead Plaintiff Because It Has The Largest Financial Interest In The Relief Sought By The Class ................ 6

        3.    WPBFPF Satisfies The Requirements Of Rule 23 ................................... 7

            a.    WPBFPF's Claims Are Typical Of The Claims Of The Class ..... 7

            b.    WPBFPF Will Fairly And Adequately Represent The Interests Of The Class ................................................................. 8

        4.    WPBFPF is Precisely the Type of Lead Plaintiff Congress Envisioned in Enacting the PSLRA ........................................................... 9

    C.    The Court Should Approve WPBFPF's Choice Of Lead Counsel ....................... 9

IV.    CONCLUSION............................................................................................................... 11

# TABLE OF AUTHORITIES

**PAGE(S)**

**Cases**

*Haideri v. Jumei Int'l Holding Ltd.*,
  No. 20-CV-02751-EMC, 2020 WL 5291872 (N.D. Cal. Sept. 4, 2020) ................................... 9

*Hanlon v. Chrysler Corp.*,
  150 F.3d 1011 (9th Cir. 1998) ........................................................................................... 7, 8

*Hessefort v. Super Micro Computer, Inc.*,
  317 F. Supp. 3d 1056 (N.D. Cal. 2018) .................................................................................. 7

*In re Cavanaugh*,
  306 F.3d 726 (9th Cir. 2002) .................................................................................... 5, 6, 7, 9

*In re Extreme Networks Inc. Sec. Litig.*,
  No. 15-CV-04883-BLF, 2016 WL 3519283 (N.D. Cal. June 28, 2016) .................................. 9

*In re Lyft Inc. Sec. Litig.*,
  No. 19-CV-02690-HSG, 2021 WL 3711470 (N.D. Cal. Aug. 20, 2021) ................................. 7

*In re Netflix, Inc. Sec. Litig.*,
  No. 12-0225 SC, 2012 WL 1496171 (N.D. Cal. Apr. 27, 2012) .............................................. 9

*In re NVIDIA Corp. Sec. Litig.*,
  No. 18-CV-07669-HSG, 2019 WL 1960341 (N.D. Cal. May 2, 2019) ................................... 8

*In re Stitch Fix, Inc. Sec. Litig.*,
  393 F. Supp. 3d 833 (N.D. Cal. 2019) ................................................................................ 6, 9

*Westley v. Oclaro, Inc.*,
  No. C-11-2448 EMC, 2011 WL 4079178 (N.D. Cal. Sept. 12, 2011) ..................................... 7

*Wong v. Arlo Techs., Inc.*,
  No. 19-CV-00372-BLF, 2019 WL 2010706 (N.D. Cal. May 6, 2019) .................................... 8

**Statutes**

15 U.S.C. §77z-1(a)(1) ..................................................................................................................... 5

15 U.S.C. §77z-1(a)(3)(A)(i) ........................................................................................................... 5

15 U.S.C. §77z-1(a)(3)(B) ........................................................................................................... 1, 5

15 U.S.C. §77z-1(a)(3)(B)(i) ........................................................................................................... 2

15 U.S.C. §77z-1(a)(3)(B)(iii) ......................................................................................................... 7

15 U.S.C. §77z-1(a)(3)(B)(iii)(I) .................................................................................................. 2, 6

15 U.S.C. §77z-1(a)(3)(B)(iii)(II)(aa) ............................................................................................ 10

15 U.S.C. §77z-1(a)(3)(B)(v) .................................................................................................... 9

**Other Authorities**

H.R. Rep. No. 104-369 (1995) (Conf. Rep.), *as reprinted in* 1995 U.S.C.C.A.N. 730 ............ 3, 9

S. Rep. No. 104-98 (1995), *reprinted in* 1995 U.S.C.C.A.N. 679 (1995) .................................... 9

**Rules**

Fed. R. Civ. P. 23 ................................................................................................................. passim

Fed. R. Civ. P. 23(a) ..................................................................................................................... 1

Fed. R. Civ. P. 23(a)(4) ................................................................................................................. 8

**Docketed**

*In re 2008 Fannie Mae Sec. Litig.*,
   No. 08-civ-07831-PAC (S.D.N.Y) .......................................................................................... 10

*In re BP PLC Sec. Litig.*,
   No. 10-md-2185 (S.D. Tex.) .................................................................................................... 10

*In re IndyMac Mortgage-Backed Sec. Litig.*,
   No. 09-cv-04583-LAK (S.D.N.Y.) .......................................................................................... 10

# NOTICE OF MOTION AND MOTION

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

Please take notice that in the above-captioned federal securities class action brought in this district against Zymergen Inc. ("Zymergen" or the "Company"), on November 18, 2021, at 10:00 a.m., or as soon thereafter as this matter may be heard, in the courtroom of the Honorable James Donato located in Courtroom 11 on the 19th Floor of the United States District Court for the Northern District of California, 450 Golden Gate Avenue, San Francisco, California 94102, movant West Palm Beach Firefighters' Pension Fund ("WPBFPF") shall move this Court pursuant to Section 27(a)(3)(B) of the Securities Act of 1933 (the "Securities Act"), 15 U.S.C. §77z-1(a)(3)(B), as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA") for the entry of an Order:

(1)   appointing WPBFPF as Lead Plaintiff; and

(2)   approving WPBFPF's selection of Berman Tabacco as lead counsel on behalf of the proposed Class (as defined herein).

This motion is made on the grounds that WPBFPF has timely filed this motion and is the "most adequate plaintiff" pursuant to the PSLRA, *see* 15 U.S.C. §77z-1(a)(3)(B), based on its losses of approximately $85,223, which were suffered as a result of Defendants' wrongful conduct as alleged in the complaint. In addition, WPBFPF meets the requirements of Federal Rules of Civil Procedure 23(a) because its claims are typical of other Class (defined *infra*) members' claims and it will fairly and adequately represent the Class. Indeed, WPBFPF is a sophisticated and experienced institutional investor and is precisely the type of lead plaintiff Congress envisioned when it passed the PSLRA. In addition, WPBFPF has selected and retained counsel with substantial experience in prosecuting securities fraud class actions such as this one to serve as lead counsel for the Class.

WPBFPF bases this Motion on this Notice of Motion and Memorandum of Points and Authorities, the Declaration of Nicole Lavallee in support thereof (the "Lavallee Declaration" or

"Lavallee Decl.") and exhibits attached thereto, the pleadings and other filings herein and such written and oral argument as may be presented to the Court.

## STATEMENT OF THE ISSUES TO BE DECIDED

1. Whether the Court should appoint WPBFPF as Lead Plaintiff under the PSLRA.

2. Whether the Court should approve WPBFPF's selection of Berman Tabacco as lead counsel for the proposed class.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION AND SUMMARY OF ARGUMENT

Presently pending in this district is a securities class action (the "Action") on behalf of a class (the "Class") consisting of all persons and entities that purchased or otherwise acquired Zymergen common stock pursuant and/or traceable to the registration statement and prospectus (collectively, the "Registration Statement") issued in connection with the Company's April 2021 initial public offering ("IPO" or the "Offering"). The Action charges Zymergen and certain of its current and former officers and directors, as well as underwriters for the Company's IPO, with violations of the Securities Act. The Action alleges that Zymergen's investors, including WPBFPF, incurred significant losses in connection with a Registration Statement that was materially false and misleading and made certain omissions regarding the Company's first product, Hyaline, including, *inter alia*, regarding technical issues with the qualification process and demand for the product.

Under the PSLRA, this Court is to appoint the "most adequate plaintiff" to serve as Lead Plaintiff. 15 U.S.C. §77z-1(a)(3)(B)(i). In that regard, the Court is required to determine which movant has the "largest financial interest" in the relief sought by the class in this litigation, and also whether that movant has made a *prima facie* showing that it is a typical and adequate class representative under Rule 23 of the Federal Rules of Civil Procedure. 15 U.S.C. §77z-1(a)(3)(B)(iii)(I).

WPBFPF respectfully submits that it is the "most adequate plaintiff" and should be appointed Lead Plaintiff. WPBFPF suffered losses of approximately $85,223 on its purchases of

Zymergen common stock in the IPO, *see* Lavallee Decl. Ex. 3, and it otherwise satisfies the requirements of Fed. R. Civ. P. 23 in that its claims are typical of the claims of the putative Class and that it will fairly and adequately represent the interests of the Class. Indeed, WPBFPF, a public pension fund that provides retirement benefits to firefighters and has significant experience supervising the work of outside counsel, is precisely the sort of institutional investor that Congress envisioned would head up securities class actions when it enacted the PSLRA. *See* H.R. Rep. No. 104-369, at 34 (1995) (Conf. Rep.), *as reprinted in* 1995 U.S.C.C.A.N. 730, 733 ("increasing the role of institutional investors in class actions will ultimately benefit shareholders and assist courts by improving the quality of representation in securities class actions").

In addition, the Court should approve WPBFPF's selection of Berman Tabacco as Lead Counsel on behalf of the Class. Berman Tabacco is a nationally recognized securities class action firm that has achieved substantial recoveries for the benefit of injured investor classes and has the expertise and resources necessary to provide high-quality legal representation and effectively protect the interests of the Class. Berman Tabacco has an office in San Francisco, California, and attorneys admitted to this District.

Accordingly, for these reasons and all those discussed below, WPBFPF respectfully requests that the Court appoint WPBFPF to serve as Lead Plaintiff and approve its selection of Berman Tabacco as Lead Counsel.

## II.     STATEMENT OF FACTS[1]

Zymergen describes itself as a company that uses a process called "biofacturing" to create products that purportedly combine the design and manufacturing efficiency of biological processes with technology's ability to rapidly iterate and control diverse functions. ¶39. The Company's first product, Hyaline, is an optical film designed for electronic companies to use for display touch sensors, which will purportedly enable customers to make foldable touchscreens and high density flexible printed circuits. ¶39. Zymergen launched Hyaline in December 2020,

---

[1] All references to the "Complaint" are to the Class Action Complaint for Violations of Federal Securities Laws, filed on August 4, 2021 (ECF No. 1), which is cited herein as "¶__."

but the product has not yet generated revenue because it is still in its qualification process with customers. ¶39.

On April 23, 2021, the Company filed its prospectus on Form 424B4 with the U.S. Securities and Exchange Commission ("SEC"), which forms part of the Registration Statement. ¶42. In the IPO, the Company sold approximately 18,549,500 shares of common stock at a price of $31.00 per share. ¶42. The Company received proceeds of approximately $530.1 million from the Offering, net of underwriting discounts and commissions. ¶42.

The Complaint alleges that the Registration Statement was materially false and misleading and omitted to state: (1) that, during the qualification process for Hyaline, key customers had encountered technical issues, including product shrinkage and incompatibility with customers' processes; (2) that, though the qualification process was critical to achieving market acceptance for Hyaline and generating revenue, Zymergen lacked visibility into the qualification process; (3) that, as a result, the Company overestimated demand for its products; (4) that, as a result of the foregoing, the Company's product delivery timeline was reasonably likely to be delayed, which in turn would delay revenue generation; and (5) that, as a result of the foregoing, Defendants' positive statements about the Company's business, operations and prospects, were materially misleading and/or lacked a reasonable basis. ¶50.

The Complaint alleges that, on August 3, 2021, after the market closed, Zymergen issued a business update stating that it "recently became aware of issues with its commercial product pipeline that will impact the Company's delivery timeline and revenue projections." ¶51. Specifically, the update stated that "several key target customers encountered technical issues in implementing Hyaline into their manufacturing processes," "and Zymergen also found that its total addressable market appea[red] to be smaller than previously expected." ¶51. As a result, Zymergen stated that the Company "no longer expect[ed] product revenue in 2021, and expect[ed] product revenue to be immaterial in 2022." ¶51. The Company also announced that its CEO was stepping down, effective immediately. ¶51.

The Complaint further alleges that on the same day, Zymergen held a conference call during which Defendant Jay T. Flatley, a director of the Company, further revealed that "the Company's commercial teams did not have significant insight into the customer qualification process and into their customers and users, which resulted in forecast that overestimated near-term demand. As a result, we're already making substantial changes in our commercial team." ¶52. Defendant Flatley also explained that the "technical issues" with Hyaline involved "some product shrinkage in one customer site" and "material compatibility" between the product and different customers' processes. ¶53.

At the time this Action was commenced on August 4, 2021, the Company's stock closed at $8.25 per share, a nearly 73% decline from the $31 per share IPO price. ¶¶54-55.

In connection with its transactions in Zymergen common stock, WPBFPF has suffered losses of approximately $85,223.

## III. ARGUMENT

### A. The Court Should Appoint WPBFPF As Lead Plaintiff Because It Suffered The Largest Loss And Is The Most Capable Of Adequately Representing The Class

The PSLRA sets forth a procedure for the appointment of a lead plaintiff in class actions brought under the Securities Act. 15 U.S.C. §77z-1(a)(1) & (a)(3)(B); *In re Cavanaugh*, 306 F.3d 726, 729 (9th Cir. 2002). First, within twenty days of filing a class action, the filing plaintiff must publish a notice advising members of the purported class of the pendency of the action, the claims asserted, the purported class period and their right to move the court for appointment as lead plaintiff of the purported class. 15 U.S.C. §77z-1(a)(3)(A)(i); *Cavanaugh*, 306 F.3d at 729.

Second, upon considering all motions for appointment as lead plaintiff filed in response to the notice, the court must appoint "the presumptively most adequate plaintiff" to serve as lead plaintiff. The "presumptively most adequate plaintiff" is the person or group of persons who: (1) has either filed the complaint or made a motion to serve as lead plaintiff within 60 days after publication of the required notice; (2) has the largest financial interest in the relief sought by the class; and (3) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil

Procedure. 15 U.S.C. §77z-1(a)(3)(B)(iii)(I); *Cavanaugh*, 306 F.3d at 730. *See also In re Stitch Fix, Inc. Sec. Litig.*, 393 F. Supp. 3d 833, 835 (N.D. Cal. 2019) (Donato, J.) (following *Cavanaugh's* "three-step process").

As the Ninth Circuit stated in *Cavanaugh*:

> In other words, the district court must compare the financial stakes of the various plaintiffs and determine which one has the most to gain from the lawsuit. It must then focus its attention on *that* plaintiff and determine, based on the information he has provided in his pleadings and declarations, whether he satisfies the requirements of Rule 23(a), in particular those of "typicality" and "adequacy."

306 F.3d at 730 (footnote omitted).

Third, the court must then "give other plaintiffs an opportunity to rebut the presumptive lead plaintiff's showing that it satisfies Rule 23's typicality and adequacy requirements." *Cavanaugh*, 306 F.3d at 730.

### 1.     WPBFPF Has Filed A Timely Motion

Plaintiff in this Action caused notice to be published through *Business Wire* on August 4, 2021, the same day the initial complaint was filed. That notice stated that the deadline for filing to serve as lead plaintiff was 60 days from the date of the notice, *i.e.*, on or before October 4, 2021. *See* Lavallee Decl. Ex. 1. Therefore, WPBFPF has satisfied the procedural requirements of the PSLRA by filing the present motion seeking lead plaintiff status within the 60-day deadline and filing the requisite certification detailing its trading in Zymergen and suitability to serve as a class representative in this case. *See* Lavallee Decl. Ex. 2.

### 2.     WPBFPF Is The Presumptive Lead Plaintiff Because It Has The Largest Financial Interest In The Relief Sought By The Class

The PSLRA establishes a presumption that the most "adequate plaintiff" to serve as lead plaintiff is the "person or group of persons" who "has the largest financial interest in the relief sought by the class," and who also satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure. 15 U.S.C. §77z-1(a)(3)(B)(iii)(I).

To the best of its counsel's knowledge, WPBFPF believes that it has the largest financial interest in this litigation by any qualified movant seeking appointment as Lead Plaintiff.

WPBFPF purchased 3,755 shares of Zymergen common stock at $31 on April 22, 2021, in the IPO, and suffered a loss of $85,223 on that investment. *See* Lavallee Decl. Ex. 3. Accordingly, WPBFPF has the largest financial interest of any qualified movant seeking Lead Plaintiff status and is therefore entitled to the legal presumption of "most adequate plaintiff." 15 U.S.C. §77z-1(a)(3)(B)(iii); *see also Cavanaugh*, 306 F.3d at 729-32.

### 3. WPBFPF Satisfies The Requirements Of Rule 23

In addition to possessing the largest financial interest in the litigation, WPBFPF also satisfies the applicable requirements of Rule 23. At the lead plaintiff selection stage, all that is required is a "preliminary showing" that the lead plaintiff's claims are typical and adequate. *Westley v. Oclaro, Inc.*, No. C-11-2448 EMC, 2011 WL 4079178, at *2 (N.D. Cal. Sept. 12, 2011); *see also Cavanaugh*, 306 F.3d at 730.

#### a. WPBFPF's Claims Are Typical Of The Claims Of The Class

WPBFPF's claims are typical of the claims of other Class members. "The test of typicality is whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct." *Hessefort v. Super Micro Computer, Inc.*, 317 F. Supp. 3d 1056, 1061 (N.D. Cal. 2018) (citations omitted). Under Rule 23's permissive standards, claims are typical if they are "reasonably co-extensive with those of absent class members," rather than "substantially identical." *See In re Lyft Inc. Sec. Litig.*, No. 19-CV-02690-HSG, 2021 WL 3711470, at *4 (N.D. Cal. Aug. 20, 2021) (quoting *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1020 (9th Cir. 1998)).

Here, WPBFPF, like other Class members, seeks to hold Defendants liable for the consequences of their alleged violations of the federal securities laws. In addition, WPBFPF acquired Zymergen common stock issued in connection with the IPO. WPBFPF's claims, therefore, arise from the same events and are based on the same legal theory as the Class' claims. Because there are well-defined common questions of law and fact involved in this case, the claims

asserted by WPBFPF, which are not subject to any unique defenses, are typical of the claims of other proposed Class members.

### b. WPBFPF Will Fairly And Adequately Represent The Interests Of The Class

The adequacy of representation requirement of Rule 23 is satisfied where it is established that a representative party "will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4).  This prong is satisfied where there is no evidence of antagonism between the movant's interests and those of the proposed class.  *See In re NVIDIA Corp. Sec. Litig.*, No. 18-CV-07669-HSG, 2019 WL 1960341, at *3 (N.D. Cal. May 2, 2019). Accordingly, the Ninth Circuit has held that "[r]esolution of two questions determines legal adequacy: (1) do the named plaintiffs and their counsel have any conflicts of interest with other class members and (2) will the named plaintiffs and their counsel prosecute the action vigorously on behalf of the class?" *Hanlon*, 150 F.3d at 1020; *Wong v. Arlo Techs., Inc.*, No. 19-CV-00372-BLF, 2019 WL 2010706, at *3 (N.D. Cal. May 6, 2019).

WPBFPF fully meets the adequacy requirement.  First, WPBFPF, like every member of the Class, purchased Zymergen common stock pursuant and/or traceable to the Registration Statement issued in connection with the Company's IPO and suffered losses from Defendants' untrue, false and/or misleading statements and material omissions.  WPBFPF's interests, and those of its counsel, are therefore fully aligned with, and not adverse to, those of the Class.  There are no facts that indicate any conflicts of interest between WPBFPF and the other Class members. Moreover, WPBFPF has submitted the requisite investor certification which confirms that WPBFPF understands and is willing to assume the responsibilities of a lead plaintiff.  *See* Lavallee Decl. Ex. 2.

Additionally, as discussed in Section III.C below, its selected counsel is highly qualified and experienced in the area of securities class action litigation and has repeatedly demonstrated its ability to effectively prosecute complex securities class actions and other forms of shareholder litigation.

For these reasons, WPBFPF is a more than adequate class representative.

### 4. WPBFPF is Precisely the Type of Lead Plaintiff Congress Envisioned in Enacting the PSLRA

In addition to satisfying the PSLRA's lead plaintiff provisions and the requirements of Rule 23, WPBFPF is the paradigmatic lead plaintiff envisioned by Congress in its enactment of the PSLRA – a sophisticated institutional investor with a substantial financial interest in the litigation. *See* S. Rep. No. 104-98, at *11 (1995), *reprinted in* 1995 U.S.C.C.A.N. 679, 690 (1995) ("The committee intends to increase the likelihood that institutional investors will serve as lead plaintiffs . . . ."); H.R. Rep. No. 104-369, at *34, *reprinted in* 1995 U.S.C.C.A.N. 730, 733 (explaining that "increasing the role of institutional investors in class actions will ultimately benefit shareholders and assist courts by improving the quality of representation in securities class actions"); *Haideri v. Jumei Int'l Holding Ltd.*, No. 20-CV-02751-EMC, 2020 WL 5291872, at *5 (N.D. Cal. Sept. 4, 2020) ("[T]he adequacy of Altimeo as a lead plaintiff is supported by the fact that it is an institutional investor."); *In re Extreme Networks Inc. Sec. Litig.*, No. 15-CV-04883-BLF, 2016 WL 3519283, at *6 (N.D. Cal. June 28, 2016) ("Congress sought to increase the participation of institutional investors in prosecuting securities cases."); *In re Netflix, Inc. Sec. Litig.*, No. 12-0225 SC, 2012 WL 1496171, at *6 (N.D. Cal. Apr. 27, 2012) ("It is beyond dispute that Congress passed the PSLRA in part to encourage institutional investors such as Arkansas Teachers-Boston to take the lead in private securities class actions.").

WPBFPF is a pension fund based in West Palm Beach, Florida that provides retirement benefits for firefighters. As of September 30, 2019, WPBFPF managed total assets in excess of $233 million on behalf of over 364 current employees, retirees, and beneficiaries.

Therefore, the appointment of WPBFPF as Lead Plaintiff is not only appropriate, it comports with the intent of the PSLRA and is in the best interests of the Class.

### C.   The Court Should Approve WPBFPF's Choice Of Lead Counsel

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to court approval. 15 U.S.C. §77z-1(a)(3)(B)(v); *Cavanaugh*, 306 F.3d at 734; *In re Stitch Fix*,

393 F. Supp. 3d at 836-37.  The Court should not disturb the lead plaintiff's selection of counsel unless necessary to "protect the interests of the class."  15 U.S.C. §77z-1(a)(3)(B)(iii)(II)(aa); *see also Cavanaugh*, 306 F.3d at 734 ("Selecting a lawyer in whom a litigant has confidence is an important client prerogative and we will not lightly infer that Congress meant to take away this prerogative from securities plaintiffs.  And, indeed, it did not.  While the appointment of counsel is made subject to the approval of the court, the [PSLRA] clearly leaves the choice of class counsel in the hands of the lead plaintiff.").

WPBFPF has selected and retained Berman Tabacco as the proposed Lead Counsel for the Class.

Berman Tabacco is highly experienced in the area of securities litigation and class actions and has successfully prosecuted numerous matters on behalf of investors, throughout the United States, including cases in this District, as detailed in the firm's resume.  *See* Lavallee Decl. Ex. 4.  The firm has been ranked as a *Top Ten Plaintiffs'* firm by *Benchmark Litigation* for the past six consecutive years.  *Id.*  Since the passage of the PSLRA, Berman Tabacco has recovered billions of dollars on behalf of defrauded investors, including:  *In re BP PLC Sec. Litig.*, No. 10-md-2185 (S.D. Tex.) (as co-lead counsel representing the Ohio Public employees retirement system, the firm reached a $175 million settlement); *In re IndyMac Mortgage-Backed Sec. Litig.*, No. 09-cv-04583-LAK (S.D.N.Y.) (as sole lead counsel representing the Wyoming State Treasurer and the Wyoming Retirement System, the firm reached settlements worth $346 million); *In re 2008 Fannie Mae Sec. Litig.*, No. 08-civ-07831-PAC (S.D.N.Y) (as co-lead counsel representing the Massachusetts Pension Reserves Investment Management Board, the firm achieved a $170 million settlement).  *Id.*  Berman Tabacco has the skill and knowledge necessary to enable them to prosecute this action effectively and expeditiously.

Thus, the Court can be assured that, by approving WPBFPF's choice of counsel, the Class will receive the highest caliber of legal representation.  Accordingly, the Court should approve WPBFPF's selection of Berman Tabacco as Lead Counsel for the Class.

## IV. CONCLUSION

For the foregoing reasons, WPBFPF respectfully requests that this Court: (1) appoint WPBFPF as Lead Plaintiff for the Class; and (2) approve Berman Tabacco as Lead Counsel for the Class.

DATED: October 4, 2021

Respectfully submitted,

**BERMAN TABACCO**

By:   */s/ Nicole Lavallee*
      Nicole Lavallee

Daniel E. Barenbaum
Jeffrey J. Miles
**BERMAN TABACCO**
44 Montgomery Street, Suite 650
San Francisco, CA 94104
Telephone: (415) 433-3200
Facsimile: (415) 433-6382
Email: nlavallee@bermantabacco.com
       dbarenbaum@bermantabacco.com
       jmiles@bermantabacco.com

Leslie R. Stern
**BERMAN TABACCO**
One Liberty Square
Boston, MA 02109
Telephone: (617) 542-8300
Facsimile: (617) 542-1194
Email: lstern@bermantabacco.com

*Counsel for Movant West Palm Beach Firefighters' Pension Fund
and Proposed Lead Counsel for the Class*

Robert D. Klausner
Bonni S. Jensen
**KLAUSNER KAUFMAN JENSEN & LEVINSON**
7080 Northwest 4th Street
Plantation, FL 33317
Telephone: (954) 916-1202
Email: bob@robertdklausner.com
Email: bonni@robertdklausner.com

*Board Counsel for Movant West Palm Beach Firefighters' Pension Fund*