John T. Jasnoch (CA 281605)
**SCOTT+SCOTT ATTORNEYS AT LAW LLP**
600 W. Broadway, Suite 3300
San Diego, CA 92101
Telephone: 619-233-4565
Facsimile: 619-233-0508
jjasnoch@scott-scott.com

*Attorneys for Lead Plaintiff Movant Adam Silver
and Proposed Lead Counsel for the Class*

[Additional Counsel on Signature Page.]

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO COURTHOUSE**

| | |
|---|---|
| HARIRAM SHANKAR, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>ZYMERGEN INC., JOSH HOFFMAN, ENAKSHI SINGH, STEVEN CHU, JAY T. FLATLEY, CHRISTINE M. GORJANC, TRAVIS MURDOCH, MATTHEW A. OCKO, SANDRA E. PETERSON, ZACH SERBER, ROHIT SHARMA, J.P. MORGAN SECURITIES LLC, GOLDMAN SACHS & CO. LLC, COWEN AND COMPANY, LLC, BOF A SECURITIES, INC., UBS SECURITIES LLC, and LAZARD FRERES & CO. LLC,<br><br>Defendants. | Case No. 3:21-cv-06028-JD<br><br>**NOTICE OF MOTION & MOTION OF ADAM SILVER FOR:<br>(1) APPOINTMENT AS LEAD PLAINTIFF; AND (2) APPROVAL OF SELECTION OF LEAD COUNSEL; AND MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT**<br><br>Judge: Hon. James Donato<br>Date: December 2, 2021<br>Time: 10:00 a.m.<br>Dept.: Courtroom 11, 19th Floor |

NOTICE OF MOTION & MOTION OF ADAM SILVER FOR: (1) APPOINTMENT AS LEAD PLTF.; AND (2) APPROVAL OF
SELECTION OF LEAD COUNSEL; AND MEMO. OF POINTS & AUTHORITIES ISO
Case No. 3:21-cv-06028

# **TABLE OF CONTENTS**

NOTICE OF MOTION AND MOTION ................................................................................................ 1

    I.    STATEMENT OF THE ISSUES TO BE DECIDED............................................. 1

    II.    MEMORANDUM OF POINTS AND AUTHORITIES ....................................... 2

        A.    Introduction................................................................................................. 2

        B.    Factual Background ................................................................................... 3

        C.    Argument .................................................................................................... 4

            1.    Movant Should Be Appointed Lead Plaintiff ................................ 4

                a.    Movant's Motion Is Timely ............................................... 4

                b.    Movant Has the Largest Financial Stake in the Relief Sought by the Class ........................................................ 5

    III.    MOVANT IS OTHERWISE QUALIFIED UNDER RULE 23 ............................ 6

        A.    The Court Should Approve Movant's Choice of Counsel .......................... 7

    IV.    CONCLUSION ................................................................................................... 9

ii

NOTICE OF MOTION & MOTION OF ADAM SILVER FOR: (1) APPOINTMENT AS LEAD PLTF.; AND (2) APPROVAL OF SELECTION OF LEAD COUNSEL; AND MEMO. OF POINTS & AUTHORITIES ISO
Case No. 3:21-cv-06028

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Cohen v. U.S. Dist. Ct. for N. Dist. of California*,
 586 F.3d 703 (9th Cir. 2009) ....................................................................................................7

*Cornwell v. Credit Suisse Grp.*,
 No. 08-cv-03758, 2011 WL 13263367 (S.D.N.Y. July 20, 2011)..............................................8

*Feyko v. Yuhe Int'l Inc.*,
 No. CV 11-05511, 2012 WL 682882 (C.D. Cal. Mar. 2, 2012) ................................................5

*In re Cavanaugh*,
 306 F.3d 726 (9th Cir. 2002) ...........................................................................................2, 5, 7

*In re Cendant Corp. Litig.*,
 264 F.3d 201 (3d Cir. 2001).......................................................................................................7

*In re Olsten Corp. Sec. Litig.*,
 3 F. Supp. 2d 286 (E.D.N.Y. 1998) ...........................................................................................5

*Knox v. Yingli Green Energy Holding Co. Ltd.*,
 136 F. Supp. 3d 1159 (C.D. Cal. 2015) .....................................................................................5

*Miami Police Relief & Pension Fund v. Fusion-io, Inc.*,
 No. 13-CV-05368, 2014 WL 2604991 (N.D. Cal. June 10, 2014)............................................4

*Richardson v. TVIA, Inc.*,
 No. C 06 06304, 2007 WL 1129344 (N.D. Cal. Apr. 16, 2007)................................................5

*Russo v. Finisair Corp.*,
 No. 5:CV11-01252, 2011 WL 5117560 (N.D. Cal. Oct. 27, 2011)...........................................6

*Westley v. Oclaro, Inc.*,
 No. C-11-2448, 2011 WL 4079178 (N.D. Cal. Sept. 12, 2011) ............................................6, 7

**Statutes, Rules, and Regulations**

15 U.S.C.
 §77z-1(a)(3)(A)(i) ......................................................................................................................4
 §77z-1(a)(3)(A)(i)(II).................................................................................................................4
 §77z-1(a)(3)(A)-(B) ...................................................................................................................4
 §77z-1(a)(3)(B)(i) ......................................................................................................................5
 §77z-1(a)(3)(B)(iii) ....................................................................................................................2
 §77z-1(a)(3)(B)(iii)(I)(bb) .........................................................................................................5
 §77z-1(a)(3)(B)(iii)(I)(cc)..........................................................................................................6

iii

NOTICE OF MOTION & MOTION OF ADAM SILVER FOR: (1) APPOINTMENT AS LEAD PLTF.; AND (2) APPROVAL OF SELECTION OF LEAD COUNSEL; AND MEMO. OF POINTS & AUTHORITIES ISO
Case No. 3:21-cv-06028

§77z-1(a)(3)(B)(iii)(II)(aa) ........................................................................................................7
§77z-1(a)(3)(B)(v) ...............................................................................................................2, 7

**Federal Rules of Civil Procedure**
Rule 23 .............................................................................................................1, 2, 6, 7
Rule 23(a)................................................................................................................6
Rule 23(a)(3) ...........................................................................................................6

**Other Authorities**

NEWBERG ON CLASS ACTIONS
§3:13 (4th ed. 2008) ................................................................................................6

iv

**NOTICE OF MOTION AND MOTION**

TO:   ALL PARTIES AND THEIR RESPECTIVE COUNSEL OF RECORD

PLEASE TAKE NOTICE that Lead Plaintiff Movant Adam Silver ("Silver" and/or "Movant"), by and through his undersigned counsel, hereby moves this Court before the Honorable James Donato, in Courtroom 11, 19th floor of the U.S. District Court for the Northern District of California, San Francisco Courthouse, 450 Golden Gate Avenue, San Francisco, California 94102, on December 2, 2021, at 10:00 a.m., or as soon thereafter as the matter may be heard, for the entry of an order: (1) appointing Silver as Lead Plaintiff for the putative Class, pursuant to §27 of the Securities Act of 1933 (the "Securities Act"), 15 U.S.C. §77z-1(a)(3)(B), as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA"); and (2) approving Movant's selection of Scott+Scott Attorneys at Law LLP ("Scott+Scott") as Lead Counsel for the putative Class.

This motion is made on the grounds that Movant timely filed this motion and is the "most adequate plaintiff." Based on the information presently available, Movant has the largest financial interest in the relief sought by the Class amongst movants for lead plaintiff and meets the requirements of Rule 23 of the Federal Rules of Civil Procedure ("Rule 23"), as his claims are typical of the claims of the Class, and he will fairly and adequately represent the interests of the Class. In addition, Movant has selected and retained Scott+Scott, a law firm with substantial experience in prosecuting securities class actions, to serve as Lead Counsel.

This motion is based on this notice of motion and memorandum of points and authorities herein, the Declaration of John T. Jasnoch ("Jasnoch Decl."), filed concurrently herewith and in support hereof, including Exhibits A-D attached thereto, the pleadings and other files and records previously entered in this action, and such other written or oral argument as may be presented to the Court.

**I.   STATEMENT OF THE ISSUES TO BE DECIDED**

1.   Whether the Court should appoint Silver as Lead Plaintiff pursuant to 15 U.S.C. §77z-1(a)(3)(B); and,

1

NOTICE OF MOTION & MOTION OF ADAM SILVER FOR: (1) APPOINTMENT AS LEAD PLTF.; AND (2) APPROVAL OF SELECTION OF LEAD COUNSEL; AND MEMO. OF POINTS & AUTHORITIES ISO
Case No. 3:21-cv-06028

2. Whether the Court should approve Movant's selection of Scott+Scott as Lead Counsel for the Class pursuant to 15 U.S.C. §77z-1(a)(3)(B)(v).

## II. MEMORANDUM OF POINTS AND AUTHORITIES

### A. Introduction

The above-captioned case (the "Action") is a securities class action brought on behalf of all those who purchased or otherwise acquired common stock of Zymergen Inc. (Zymergen" or the "Company") pursuant and/or traceable to the registration statement and prospectus (collectively, the "Registration Statement") issued in connection with the Company's April 2021 initial public offering ("IPO" or the "Offering"). Movant purchased Zymergen common stock pursuant to the IPO ad suffered significant damages as a result of the misstatements alleged in the Action. Movant respectfully submits this memorandum of points and authorities in support of his motion for: (1) appointment as Lead Plaintiff pursuant to §27 of the Securities Act, 15 U.S.C. §77z-1(a)(3)(B), as amended by the PSLRA; and (2) approval of his selection of Scott+Scott to serve as Lead Counsel for the putative Class.

The PSLRA provides that the Court is to appoint as lead plaintiff the member of the purported plaintiff class with the largest financial interest in the action that otherwise satisfies the requirements of Rule 23. 15 U.S.C. §77z-1(a)(3)(B)(iii). As demonstrated below, Movant should be appointed to serve as Lead Plaintiff for this litigation because: (1) his motion for appointment is timely filed; (2) based on information presently available, he has the largest financial interest in this litigation; and (3) he is an adequate and typical Class member. *See* 15 U.S.C. §77z-1(a)(3)(B)(iii) (describing the PSLRA standard for lead plaintiff appointment); *In re Cavanaugh*, 306 F.3d 726, 729-30 (9th Cir. 2002) (same). In addition, Movant's selection of Scott+Scott to serve as Lead Counsel for the putative Class should be approved. *See* 15 U.S.C. §77z-1(a)(3)(B)(v) ("The most adequate plaintiff shall, subject to the approval of the court, select and retain counsel to represent the class."). Scott+Scott has a long history of successfully litigating securities class actions and possesses the necessary resources to aggressively prosecute this action on behalf of the putative Class.

2

NOTICE OF MOTION & MOTION OF ADAM SILVER FOR: (1) APPOINTMENT AS LEAD PLTF.; AND (2) APPROVAL OF SELECTION OF LEAD COUNSEL; AND MEMO. OF POINTS & AUTHORITIES ISO
Case No. 3:21-cv-06028

### B. Factual Background

On August 4, 2021, this putative class action was filed against Zymergen, certain officers and directors of Zymergen, and the underwriters of the IPO (collectively, "Defendants"). The Action asserts claims under §§11, 12, and 15 of the Securities Act.[1] Zymergen uses a process it calls "biofacturing" to create products that purportedly combine the design and manufacturing efficiency of biological processes with technology's ability to rapidly iterate and control diverse functions. Its first product is called Hyaline, an optical film designed for electronic companies to use for display touch sensors, which will purportedly enable customers to make foldable touchscreens and high density flexible printed circuits. Hyaline was launched in December 2020 but has not generated revenue because it is still in its qualification process with customers. The Company held its Initial Public Offering ("IPO") on or around April 23, 2021, at a price of $31 per share. ¶42.

The claims alleged in this Action arise from alleged material misstatements in the Registration Statement filed with the Securities and Exchange Commission in connection with the IPO. *See* ¶¶40-50. The complaint alleges that the Registration Statement was materially false and misleading and omitted to state: (1) that, during the qualification process for Hyaline, key customers had encountered technical issues, including product shrinkage and incompatibility with customers' processes; (2) that, though the qualification process was critical to achieving market acceptance for Hyaline and generating revenue, Zymergen lacked visibility into the qualification process; (3) that, as a result, the Company overestimated demand for its products; (4) that, as a result of the foregoing, the Company's product delivery timeline was reasonably likely to be delayed, which in turn would delay revenue generation; and (5) that, as a result of the foregoing, Defendants' positive statements about the Company's business, operations, and prospects, were materially misleading and/or lacked a reasonable basis. ¶50.

---

[1] All "¶" and "¶¶" citations are to the Class Action Complaint (ECF No. 1) (the "Complaint") and the facts set forth in the Complaint are incorporated herein by reference.

3

On August 3, 2021, after the market closed, Zymergen issued a business update stating that it "recently became aware of issues with its commercial product pipeline that will impact the Company's delivery timeline and revenue projections." ¶51. Specifically, "several key target customers encountered technical issues in implementing Hyaline into their manufacturing processes," and Zymergen also found that its total addressable market appears to be smaller than previously expected. As a result, Zymergen "no longer expects product revenue in 2021, and expects product revenue to be immaterial in 2022." The Company also announced that its CEO was stepping down, effective immediately. *Id.*

On this and other related news (¶¶51-53), the Company's stock price fell $26.58 per share, *or 76%*, to close at $8.25 per share on August 4, 2021. ¶54. By the commencement of the Action, the Company's stock was trading as low as $8.25 per share, a nearly 73% decline from the $31 per share IPO price. ¶55.

### C. Argument

#### 1. Movant Should Be Appointed Lead Plaintiff

##### a. Movant's Motion Is Timely

Within 20 days of filing a securities class action, the plaintiff must publish a notice informing putative class members of his right to file a motion for appointment as lead plaintiff (the "Early Notice"). 15 U.S.C. §77z-1(a)(3)(A)(i). Following the commencement of the Action, on August 4, 2021, Counsel for Plaintiff published notice of pendency of the action via *BusinessWire*. *See* Jasnoch Decl., Ex. A. Because the Early Notice was published within 20 days of the Action, notice was timely. *See Miami Police Relief & Pension Fund v. Fusion-io, Inc.*, No. 13-CV-05368, 2014 WL 2604991, at *4 (N.D. Cal. June 10, 2014) (finding notice "timely because it was published within 20 days after the filing of the complaint").

All putative Class members seeking to be appointed lead plaintiff in this matter are required to move for appointment within 60 days of publication of the Early Notice, or October 4, 2021. 15 U.S.C. §77z-1(a)(3)(A)-(B). Since the instant motion was filed within 60 days from the publication of the Early Notice, it is timely. 15 U.S.C. §77z-1(a)(3)(A)(i)(II). Moreover, Movant

4

has submitted a certification stating his willingness to serve as a representative party on behalf of the Class. *See* Jasnoch Decl., Ex. B.

### b. Movant Has the Largest Financial Stake in the Relief Sought by the Class

The PSLRA provides that courts: "shall appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members (hereafter in this paragraph referred to as the 'most adequate plaintiff') in accordance with this subparagraph." 15 U.S.C. §77z-1(a)(3)(B)(i). Furthermore, there is a "rebuttable presumption that the most adequate plaintiff in any private action arising under this [title]" is the movant that "has the largest financial interest in the relief sought by the class[.]" 15 U.S.C. §77z-1(a)(3)(B)(iii)(I)(bb); *see also Richardson v. TVIA, Inc.*, No. C 06 06304, 2007 WL 1129344, at *2 (N.D. Cal. Apr. 16, 2007) (discussing the PSLRA lead plaintiff appointment process); *Feyko v. Yuhe Int'l Inc.*, No. CV 11-05511, 2012 WL 682882, at *2 (C.D. Cal. Mar. 2, 2012) (same) (citing *Cavanaugh*, 306 F.3d at 730). "District courts have typically considered the Olsten–Lax factors to determine who has the largest financial interest: (1) the number of shares purchased during the class period; (2) the number of net shares purchased during the class period; (3) the total net funds expended during the class period; and (4) the approximate losses suffered.'" *Knox v. Yingli Green Energy Holding Co. Ltd.*, 136 F. Supp. 3d 1159, 1163 (C.D. Cal. 2015) (quoting *In re Olsten Corp. Sec. Litig.*, 3 F. Supp. 2d 286, 295 (E.D.N.Y. 1998), and *Lax v. First Merchs. Acceptance Corp.*, No. 97 C 2715, 1997 WL 461036, at *5 (N.D. Ill. Aug. 11, 1997)). "Of the Olsten-Lax factors, courts consider the fourth factor, the approximate losses suffered, as most determinative in identifying the plaintiff with the largest financial loss." *Richardson*, 2007 WL 1129344, at *4.

Based on the information presently available, Movant is the class member with the largest financial interest in the relief sought in this litigation. Movant suffered losses of approximately $88,366. *See* Jasnoch Decl., Ex. C. Given that Movant has the largest financial interest in this

5

litigation and, as discussed below, satisfies all of the PSLRA prerequisites for appointment as lead plaintiff, he should be appointed Lead Plaintiff pursuant to 15 U.S.C. §77z-1(a)(3)(B).

### III.     MOVANT IS OTHERWISE QUALIFIED UNDER RULE 23

Pursuant to §27(a)(3)(B) of the Securities Act, a proposed lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23." 15 U.S.C. §77z-1(a)(3)(B)(iii)(I)(cc). Rule 23(a) provides that a party may serve as a class representative only if the following four requirements are satisfied: "(1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a). Of the four prerequisites, only two – typicality and adequacy – directly address the personal characteristics of the class representative. Consequently, in deciding a motion to serve as lead plaintiff, the court need only make findings as to the typicality and adequacy of the proposed lead plaintiff and, at this stage, those findings need only be "preliminary." *See*, *e.g.*, *Westley v. Oclaro, Inc.*, No. C-11-2448, 2011 WL 4079178, at *2 (N.D. Cal. Sept. 12, 2011) (noting that only a "preliminary showing" of typicality and adequacy satisfies Rule 23 at the lead plaintiff stage).

The typicality requirement of Rule 23(a)(3) is satisfied when the representative party "'has suffered the same injuries as other class members as a result of the same conduct by defendants and has claims based on the same legal issues.'" *Id*. Here, Movant's claims are typical of the claims of the other members of the putative Class because, like all other Class members, he: (1) purchased Zymergen stock pursuant to the IPO; (2) was adversely affected by Defendants' alleged misconduct; and (3) suffered damages as a result thereof. *See Russo v. Finisair Corp.*, No. 5:CV11-01252, 2011 WL 5117560, at *4 (N.D. Cal. Oct. 27, 2011) (discussing ways in which a lead plaintiff movant can meet the typicality requirement). Since the claims asserted by Movant are based on the same legal theories and arise "from the same event or practice or course of conduct that gives rise to the claims of other class members," typicality is satisfied. NEWBERG ON CLASS ACTIONS §3:13 (4th ed. 2008).

6

1    With respect to adequacy, a movant is an adequate class representative for when they
2  possess common interests and an absence of conflict with fellow class members and movant's
3  attorneys are qualified, experienced, and vigorously able to conduct the litigation. *See Westley*,
4  2011 WL 4079178, at *2 (explaining that, with regard to the adequacy requirement, a court must
5  evaluate "'whether: (1) the lead plaintiff's claims conflict with those of the class; and (2) class
6  counsel is qualified, experienced, and generally able to conduct the litigation'"). Movant satisfies
7  the "adequacy" requirement in the instant litigation because his interests are clearly aligned with
8  the interests of the putative Class. Moreover, Movant, like all other members of the Class, suffered
9  losses as a result of purchasing Zymergen common stock pursuant to the IPO. Movant will,
10 therefore, benefit from the same relief as other Class members. In short, there is absolutely no
11 evidence of antagonism between Movant and the putative Class.

12   Movant has also demonstrated that he is an adequate representative in this matter by
13 retaining competent and experienced counsel. As shown below, Scott+Scott is highly qualified,
14 experienced, and able to conduct this complex litigation in a professional manner. Accordingly,
15 Movant has made a *prima facie* showing that he satisfies all of the requirements of Rule 23 for the
16 purposes of this motion.

17   **A.   The Court Should Approve Movant's Choice of Counsel**

18   The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to
19 this Court's approval. *See* 15 U.S.C. §77z-1(a)(3)(B)(v); *Cavanaugh*, 306 F.3d at 734-35. As
20 such, this Court should not disturb the lead plaintiff's choice of counsel unless necessary to
21 "protect the interests of the class[.]" 15 U.S.C. §77z-1(a)(3)(B)(iii)(II)(aa); *see also Cohen v. U.S.*
22 *Dist. Ct. for N. Dist. of California*, 586 F.3d 703, 712 (9th Cir. 2009) ("[I]f the lead plaintiff has
23 made a reasonable choice of counsel, the district court should generally defer to that choice.")
24 (citing *In re Cendant Corp. Litig.*, 264 F.3d 201, 276 (3d Cir. 2001)); *Cavanaugh*, 306 F.3d at 733
25 n.12.

26   Movant has selected the law firm of Scott+Scott to represent the Class. Scott+Scott has
27 substantial experience in the prosecution of securities fraud class actions and possesses the

28                                              7

necessary resources to efficiently conduct this litigation. *See* Jasnoch Decl., Ex. D. Specifically, Scott+Scott has served as lead or Lead counsel in many high-profile class actions and recovered hundreds of millions of dollars for victims of corporate fraud.[2]

Scott+Scott's efforts have not gone unnoticed by the courts. For instance, in *Cornwell v. Credit Suisse Grp.*, No. 08-cv-03758, 2011 WL 13263367, at *2 (S.D.N.Y. July 20, 2011), a case in which Scott+Scott served as Lead counsel and recovered $70 million for the class, the Court stated:

> Lead Plaintiff' counsel demonstrated that notwithstanding the barriers erected by the PSLRA, they would develop evidence to support a convincing case. Based upon Lead Plaintiff' counsel's diligent efforts on behalf of the Settlement Class, as well as his skill and reputations, Lead Plaintiff' counsel were able to negotiate a very favorable result for the Settlement Class. Lead Plaintiff' counsel are among the most experienced and skilled practitioners in the securities litigation field, and have unparalleled experience and capabilities as preeminent class action specialists. (*Id.*)

Scott+Scott currently serves as court-appointed lead or Lead counsel in various federal securities class actions, including: *Abadilla v. Precigen, Inc.*, No. 5:20-cv-06936 (N.D. Cal.); *Gupta v. Athenex, Inc.*, No. 21-cv-00337 (W.D.N.Y.); *Garnett v. Wang [RLX Technology, Inc.]*, No. 21-cv-05125 (S.D.N.Y.); *Blake v. MacroGenics, Inc.*, No. 8:19-cv-02713 (D. Md.); *Kanugonda v. Funko, Inc.*, No. 2:18-cv-00812 (W.D. Wash.); *Corwin v. ViewRay, Inc.*, No. 1:19-cv-02115 (N.D. Ohio); *Mo-Kan Iron Workers Pension Fund v. Teligent, Inc.*, No. 1:19-cv-03354 (S.D.N.Y.); *In re Weight Watchers Int'l, Inc. Sec. Litig.*, No. 1:19-cv-02005 (S.D.N.Y.); *Mustafin v. GreenSky, Inc.*, No. 1:18-cv-11071 (S.D.N.Y.) ($27.5 million settlement preliminarily approved); *In re Evoqua Water Techs. Corp. Sec. Litig.*, No. 1:18-cv-10320 (S.D.N.Y.) ($14.5

---

[2] Recoveries obtained by Scott+Scott, acting as lead or co-lead counsel, include: *In re SanDisk LLC Sec. Litig.*, No. 3:15-cv-01455 (N.D. Cal.) ($50 million); *Weston v. RCS Capital Corp.*, No. 1:14-cv-10136 (S.D.N.Y.) ($31 million); *Policemen's Annuity & Benefit Fund of the City of Chi. v. Bank of Am., N.A.*, No. 1:12-cv-02865 (S.D.N.Y.) ($69 million); *In re Priceline.com Inc. Sec. Litig.*, No. 3:00-cv-01844 (D. Conn.) ($80 million); *Thurber v. Mattel, Inc.*, No. 2:99-cv-10368 (C.D. Cal.) ($122 million); *In re Emulex Corp. Sec. Litig.*, No. 8:01-cv-00219 (C.D. Cal.) ($39 million); *In re Sprint Sec. Litig.*, No. 00-230077 (Mo. Cir. Ct., Jackson Cty.) ($50 million); *In re Nw. Corp. Sec. Litig.*, No. 4:03-cv-04049 (D.S.D.) ($61 million); *Irvine v. ImClone Sys., Inc.*, No. 1:02-cv-00109 (S.D.N.Y.) ($75 million); *Schnall v. Annuity & Life Re (Holdings) Ltd.*, No. 3:02-cv-02133 (D. Conn.) ($27 million); *In re Wash. Mut. Mortg. Backed Sec. Litig.*, No. 2:09-cv-00037 (W.D. Wash.) ($26 million); and *In re Conn's, Inc. Sec. Litig.*, No. 4:14-cv-00548 (S.D. Tex.) ($22.5 million).

8

NOTICE OF MOTION & MOTION OF ADAM SILVER FOR: (1) APPOINTMENT AS LEAD PLTF.; AND (2) APPROVAL OF SELECTION OF LEAD COUNSEL; AND MEMO. OF POINTS & AUTHORITIES ISO
Case No. 3:21-cv-06028

million settlement preliminary approved); *Silverberg v. DryShips Inc.*, No. 2:17-cv-4547 (E.D.N.Y.); and *Robinson v. Diana Containerships Inc.*, No. 2:17-cv-6160 (E.D.N.Y.).

In light of the foregoing, the Court should approve Movant's selection of Scott+Scott as Lead Counsel. The Court can be assured that by approving Movant's choice of counsel, the putative Class will receive the highest caliber of representation.

## IV. CONCLUSION

For the foregoing reasons, Movant respectfully requests that the Court appoint him as Lead Plaintiff, and approve his selection of Scott+Scott to serve as Lead Counsel.

Dated: October 4, 2021

**SCOTT+SCOTT ATTORNEYS AT LAW LLP**

 s/ *John T. Jasnoch*
John T. Jasnoch (CA 281605)
600 W. Broadway, Suite 3300
San Diego, CA 92101
Telephone: 619-233-4565
Facsimile:  619-233-0508
jjasnoch@scott-scott.com

**SCOTT+SCOTT ATTORNEYS AT LAW LLP**
Thomas L. Laughlin, IV (*pro hac vice* forthcoming)
Rhiana Swartz (*pro hac vice* forthcoming)
The Helmsley Building
230 Park Avenue, 17th Floor
New York, NY 10169
Telephone: 212-233-6444
Facsimile:  212-233-6334
tlaughlin@scott-scott.com
rswartz@scott-scott.com

*Counsel for Lead Plaintiff Movant Adam Silver and Proposed Lead Counsel for the Class*

9

NOTICE OF MOTION & MOTION OF ADAM SILVER FOR: (1) APPOINTMENT AS LEAD PLTF.; AND (2) APPROVAL OF SELECTION OF LEAD COUNSEL; AND MEMO. OF POINTS & AUTHORITIES ISO
Case No. 3:21-cv-06028

## CERTIFICATE OF SERVICE

I hereby certify that on October 4, 2021, I caused the foregoing document to be filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the email addresses denoted on the Electronic Mail Notice List.

Executed on October 4, 2021, at San Diego, California.

                                s/ *John T. Jasnoch*
                                John T. Jasnoch (CA 281605)