UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HARIRAM SHANKAR,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>ZYMERGEN INC., et al.,<br><br>　　　　　Defendants. | Case No. 21-cv-06028-JD<br><br>**ORDER RE LEAD PLAINTIFF AND LEAD COUNSEL** |

This is a securities class action against Zymergen Inc. and other defendants. The action was filed on behalf of persons and entities who purchased or otherwise acquired Zymergen common stock issued in connection with the company's April 2021 initial public offering. Before the Court are competing motions for lead plaintiff and lead counsel appointment.

## I.　APPOINTMENT OF LEAD PLAINTIFF

The Court has discussed in other orders the three-step process for appointing a lead plaintiff under the Private Securities Litigation Reform Act ("PSLRA"), 15 U.S.C. § 78u-4(a)(3)(B). *See In re Stitch Fix, Inc. Securities Litigation*, 393 F. Supp. 3d. 833 (N.D. Cal. 2019). The first step is for the plaintiff in the first-filed action to "publiciz[e] the pendency of the action, the claims made and the purported class period" in "a widely circulated national business-oriented publication or wire service." *In re Cavanaugh*, 306 F.3d 726, 729 (9th Cir. 2002) (citing 15 U.S.C. § 78u-4(a)(3)(A)). The notice must "also state that 'any member of the purported class may move the court to serve as lead plaintiff.'" *Id*. There is no dispute that this step was adequately completed by plaintiff Hariram Shankar. *See* Dkt. No. 8 (Notice of Publication).

In the next two steps, the Court considers "potential lead plaintiffs one at a time, starting with the one who has the greatest financial interest, and continuing in descending order if and only if the presumptive lead plaintiff is found inadequate or atypical." *Cavanaugh*, 306 F.3d at 732. In

step two, the Court determines presumptive lead plaintiff status relying on the "presumptive lead plaintiff's complaint and sworn certification." *Id*. at 730. In step three, the other plaintiffs have "an opportunity to rebut the presumptive lead plaintiff's showing" by "present[ing] evidence that disputes the lead plaintiff's prima facie showing of typicality and adequacy." *Id*.

The process here started with six lead plaintiff applications. Dkt. Nos. 23, 27, 30, 35, 42, 49. But at this point, it is not disputed that plaintiff Biao Wang possesses the largest financial interest in this litigation. Dkt. Nos. 55, 58, 60, 61. Nor has any other plaintiff presented evidence disputing Wang's prima facie showing of typicality and adequacy. Dkt. No. 35.

The Court appoints Biao Wang as the lead plaintiff in this action.

## II. APPOINTMENT OF LEAD COUNSEL

Under the PSLRA, the Court must also appoint lead counsel. *Stitch Fix*, 393 F. Supp. 3d at 836-37; 15 U.S.C. § 78u-4(a)(3)(B)(v) ("The most adequate plaintiff shall, subject to the approval of the court, select and retain counsel to represent the class."). "While the appointment of counsel is made subject to the approval of the court, the Reform Act clearly leaves the choice of class counsel in the hands of the lead plaintiff." *Cavanaugh*, 306 F.3d at 734 (citations omitted). Wang has selected the firm of Robbins Geller Rudman & Dowd LLP. Dkt. No. 35. The Court sees no reason to disagree with Wang's selection. Robbins Geller is appointed lead counsel for the putative class in this shareholder class action.

## III. CASE SCHEDULE AND NEXT STEPS

The parties are directed to file by January 14, 2022, a proposed schedule for filing an amended complaint or designating the original complaint as the operative complaint, and for defendants' response. Defendants' obligation to respond to the original complaint remains suspended. Dkt. No. 59.

**IT IS SO ORDERED.**

Dated: December 20, 2021

_____
JAMES DONATO
United States District Judge