GIBSON, DUNN & CRUTCHER LLP
MICHAEL D. CELIO, SBN 197998
1881 Page Mill Road
Palo Alto, California 94304-1211
Telephone: 650.849.5300
Facsimile: 650.849.5333

MICHAEL J. KAHN, SBN 303289
555 Mission Street, Suite 3000
San Francisco, California 94105-0921
Telephone: 415.393.8200
Facsimile: 415.393.8306

*Attorneys for Defendants Data Collective II, L.P. and DCVC Opportunity Fund, L.P.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| HARIRAM SHANKAR, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>ZYMERGEN INC., JOSH HOFFMAN, ENAKSHI SINGH, STEVEN CHU, JAY T. FLATLEY, CHRISTINE M. GORJANC, TRAVIS MURDOCH, MATTHEW A. OCKO, SANDRA E. PETERSON, ZACH SERBER, ROHIT SHARMA, SVF EXCALIBUR (CAYMAN) LIMITED, SVF ENDURANCE (CAYMAN) LIMITED, SOFTBANK VISION FUND (AIV M1) L.P., DATA COLLECTIVE II, L.P., DCVC OPPORTUNITY FUND, L.P., TRUE VENTURES IV, L.P., TRUE VENTURES SELECT I, L.P., TRUE VENTURES SELECT II, L.P., TRUE VENTURES SELECT III, L.P., TRUE VENTURES SELECT IV, L.P., J.P. MORGAN SECURITIES LLC, GOLDMAN SACHS & CO. LLC, COWEN AND COMPANY, LLC, BOFA SECURITIES, INC., UBS SECURITIES LLC, and LAZARD FRÈRES & CO. LLC.,<br><br>Defendants. | CASE NO. 3:21-cv-06028-VC<br><br>**REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DCVC DEFENDANTS' MOTION TO DISMISS AMENDED CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS**<br><br>**Hearing:**<br>Date: September 1, 2022<br>Time: 2:30 p.m.<br>Place: Courtroom 5, 17th Floor<br>Judge: Hon. Vince Chhabria |

Gibson, Dunn & Crutcher LLP

REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DCVC DEFENDANTS' MOTION TO DISMISS AMENDED CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS
CASE NO. 3:21-CV-06028-VC

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that pursuant to Federal Rule of Evidence 201(b), Defendants Data Collective II, L.P. and DCVC Opportunity Fund, L.P. (the "DCVC Defendants"), through their undersigned counsel, respectfully request that the Court take judicial notice of and/or deem as incorporated by reference Exhibits A through D attached to the accompanying Declaration of Michael J. Kahn in support of DCVC Defendants' Motion to Dismiss the Amended Class Action Complaint for Violations of the Federal Securities Laws ("Motion to Dismiss"), filed concurrently herewith.

## I.   DISCUSSION

In ruling on a motion to dismiss, the Court may look beyond the four corners of the complaint to documents incorporated in the complaint by reference and matters subject to judicial notice. *See Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018); *Lee v. City of L.A.*, 250 F.3d 668, 688-89 (9th Cir. 2001). Under the incorporation by reference doctrine, the Court may consider on a motion to dismiss not only documents attached to the complaint, but also documents that the complaint "necessarily relies" on, the authenticity and relevance of which are uncontested. *See Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010); *accord Lee*, 250 F.3d at 688-89. The Court may also take judicial notice of matters that either are (1) generally known within the trial court's territorial jurisdiction or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b). Proper subjects of judicial notice on a motion to dismiss include "matters of public record," *see Khoja*, 899 F.3d at 999, and publicly accessible websites, *see Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998-99 (9th Cir. 2010).

**A. Zymergen Inc.'s Amended and Restated Investors' Rights Agreement**

Exhibit A is Zymergen Inc.'s ("Zymergen") Amended and Restated Investors' Rights Agreement, which was filed with the Securities and Exchange Commission ("SEC") on March 23, 2021. Exhibit A is referenced or necessarily relied on in paragraphs 65-69 of the Amended Class Action Complaint for Violations of the Federal Securities Laws (the "Amended Complaint").

Gibson, Dunn & Crutcher LLP

1
REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DCVC DEFENDANTS' MOTION TO DISMISS AMENDED CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS
CASE NO. 3:21-CV-06028-VC

1  Therefore, the Court may consider Exhibit A in ruling on DCVC's Motion to Dismiss under the
2  incorporation by reference doctrine.  *See Coto*, 593 F.3d at 1038.

3  In addition, the Court may take judicial notice of Exhibit A under Rule of Evidence 201(b).
4  Courts routinely take judicial notice of documents filed with the SEC, especially when deciding a
5  motion to dismiss in cases alleging violations of the federal securities laws.  *See, e.g.*, *Dreiling v. Am.*
6  *Exp. Co.*, 458 F.3d 942, 946 (9th Cir. 2006) ("We review de novo a dismissal under Rule 12(b)(6) . . .
7  and may consider documents referred to in the complaint or any matter subject to judicial notice, such
8  as SEC filings.") (internal citation omitted); *Metzler Inv. GMBH v. Corinthian Colleges, Inc.*, 540
9  F.3d 1049, 1064 (9th Cir. 2008) (noting that it was "proper" for the district court to take judicial
10 notice of SEC filings); *Kain v. ACM Rsch., Inc.*, 2021 WL 5998396, at *1 n.1 (N.D. Cal. Dec. 20,
11 2021) (Chhabria, J.) (taking judicial notice of SEC filings).  Exhibit A is capable of accurate and
12 ready determination, as it is publicly available on the SEC website and a matter of public record not
13 subject to reasonable dispute.  *See* Fed. R. Evid. 201(b).

14 Accordingly, the Court should consider Exhibit A under the incorporation by reference
15 doctrine and/or take judicial notice of it.

16 **B. Zymergen's Amended and Restated Certificate of Incorporation**

17 Exhibit B is Zymergen's Amended and Restated Certificate of Incorporation, which was filed
18 with the SEC on April 26, 2021.  Exhibit B is referenced or necessarily relied on in paragraphs 65-66
19 and 68-69 of the Amended Complaint.  Therefore, the Court may consider Exhibit B under the
20 incorporation by reference doctrine.  The Court also may take judicial notice of Exhibit B for the
21 same reasons as Exhibit A.  *See also Henry v. Tyler*, 2020 WL 3574637, at *2 n.1 (N.D. Cal. July 1,
22 2020) ("certificates of incorporation [are] properly subject to judicial notice").

23 **C. Zymergen's Amended and Restated Bylaws**

24 Exhibit C is Zymergen's Amended and Restated Bylaws, which was filed with the SEC on
25 April 26, 2021.  Exhibit C is referenced or necessarily relied on in paragraphs 65-66 and 68-69 of the
26 Amended Complaint.  Therefore, the Court may consider Exhibit C under the incorporation by
27 reference doctrine.  The Court also may take judicial notice of Exhibit C for the same reasons as

28

2
REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DCVC DEFENDANTS' MOTION TO DISMISS AMENDED
CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS
CASE NO. 3:21-CV-06028-VC

Gibson, Dunn &
Crutcher LLP

Exhibit A.  *See also Verisign, Inc. v. Internet Corp. For Assigned Names & Numbers*, 2004 WL 2095696, at *2 n.2 (C.D. Cal. Aug. 26, 2004) ("The bylaws are a proper subject of judicial notice because [plaintiff] references them in the FAC . . . and their authenticity is not disputed.").

### D. Matthew Ocko's Tweets

Exhibit D contains Matthew Ocko's tweets regarding Zymergen's initial public offering. These tweets are referenced and necessarily relied on in paragraph 67 of the Amended Complaint. Therefore, the Court may consider Exhibit D under the incorporation by reference doctrine.

The Court may also take judicial notice of Exhibit D.  Courts have found it proper to take judicial notice of public statements made on Twitter.  *See Unsworth v. Musk*, 2019 WL 5550060, at *4 (N.D. Cal. Oct. 28, 2019) (taking judicial notice of tweets because "the existence of the publicly-available articles and tweets cannot reasonably be questioned."); *In re Twitter, Inc. Sec. Litig.*, 2020 WL 4187915, at *3 (N.D. Cal. Apr. 17, 2020) (same).

Dated:  April 25, 2022

GIBSON, DUNN & CRUTCHER LLP

By:   /s/ Michael D. Celio
MICHAEL D. CELIO, SBN 197998
1881 Page Mill Road
Palo Alto, California  94304-1211
Telephone: 650.849.5300
Facsimile: 650.849.5333

MICHAEL J. KAHN, SBN 303289
555 Mission Street, Suite 3000
San Francisco, California  94105-0921
Telephone: 415.393.8200
Facsimile: 415.393.8306

*Attorneys for Defendants Data Collective II, L.P. and DCVC Opportunity Fund, L.P.*

3
REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DCVC DEFENDANTS' MOTION TO DISMISS AMENDED CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS
CASE NO. 3:21-CV-06028-VC

Gibson, Dunn & Crutcher LLP