1  QUINN EMANUEL URQUHART & SULLIVAN, LLP
     Harry A. Olivar, Jr. (Bar No. 143089)
2    harryolivar@quinnemanuel.com
   865 South Figueroa Street, 10th Floor
3  Los Angeles, California 90017-2543
   Telephone:    (213) 443-3000
4  Facsimile:    (213) 443-3100

5    Linda J. Brewer (Bar No. 217730)
     lindabrewer@quinnemanuel.com
6    Victoria B. Parker (Bar No. 290862)
     vickiparker@quinnemanuel.com
7  50 California Street, 22nd Floor
   San Francisco, California 94111
8  Telephone:    (415) 875-6600
   Facsimile:    (415) 875-6700

*Attorneys for SVF Endurance (Cayman) Ltd., SVF Excalibur (Cayman) Ltd., SoftBank Vision Fund (AIV M1) LP*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| HARIRAM SHANKAR, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>ZYMERGEN INC., et al.,<br><br>Defendant. | Case No. 3:21-cv-06028-VC<br><br>**SOFTBANK DEFENDANTS' MOTION TO DISMISS AMENDED CLASS ACTION COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS**<br><br>Date:   September 1, 2022<br>Time:   2:30 p.m.<br>Place:  Courtroom 5, 17th Floor<br>Judge:  The Hon. Vince Chhabria |

**NOTICE OF MOTION AND MOTION**

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on September 1, 2022, at 2:30 p.m. or as soon thereafter as the matter may be heard, in the Courtroom of The Honorable Vince Chhabria, 450 Golden Gate Avenue, San Francisco, California, defendants SVF Endurance (Cayman) Limited, SVF Excalibur (Cayman) Limited, SoftBank Vision Fund (AIV M1) L.P. (collectively, the "SoftBank Defendants") will and hereby do move to dismiss the Amended Class Action Complaint ("Amended Complaint" or "AC" [ECF No. 78]).

The SoftBank Defendants move pursuant to Federal Rule of Civil Procedure 12(b)(6) on the grounds that the Amended Complaint fails to plead facts sufficient to state a claim against them. The SoftBank Defendants also join in arguments made in the Motions to Dismiss filed by the Zymergen Defendants and the True Ventures Defendants, and by the DCVC Defendants.[1] The SoftBank Defendants' motion is based on this Notice of Motion and Motion, the following Memorandum of Points and Authorities, the motions to dismiss and supporting papers filed by the other defendants in this action, the pleadings and records in this action, the argument of counsel, and any other matters that may be presented to this Court at or before the hearing on this matter.

**ISSUES TO BE DECIDED**

Whether Plaintiffs' control person claim under Section 15 of the 1933 Securities Act should be dismissed in light of (1) absence of adequate allegations of an underlying violation of Section 11, and (ii) failure to plead facts showing the SoftBank Defendants were control persons of Zymergen Inc. ("Zymergen" or the "Company") at the time of the alleged primary violation.

**MEMORANDUM OF POINTS AND AUTHORITIES**

The limited factual allegations in the Amended Complaint make clear the SoftBank Defendants are not proper defendants in this securities class action and should be dismissed from it

---

[1] As used herein, "Zymergen Defendants" refers to Zymergen Inc., Josh Hoffman, Enakshi Singh, Steven Chu, Jay T. Flatley, Christine M. Gorjanc, Travis Murdoch, Matthew A. Ocko, Sandra E. Peterson, Zach Serber, and Rohit Sharma. "True Ventures Defendants" refers to True Ventures IV, L.P., True Ventures Select I, L.P., True Ventures Select II, L.P., True Ventures Select III, L.P. and True Ventures Select IV, L.P. "DCVC Defendants" refers to Data Collective II, L.P. and DCVC Opportunity Fund, L.P.

with prejudice. Count II of the Complaint, the only cause of action naming the SoftBank Defendants, asserts the SoftBank Defendants violated Section 15 of the Securities Act as "Controlling Stockholders" of Zymergen. This conclusion is unsupported by the factual allegations and applicable law, and should be dismissed for two independent reasons.

First, as set forth in the Motion to Dismiss filed by the Zymergen Defendants and True Ventures Defendants, no primary securities law violation is adequately alleged. Second, Plaintiffs have not adequately alleged that the SoftBank Defendants are "controlling persons" within the meaning of Section 15, as Plaintiffs fail to allege any facts demonstrating the Softbank Defendants' actual power or control over Zymergen.

## I. RELEVANT FACTUAL ALLEGATIONS

The SoftBank Defendants are three venture capital funds managed by SB Investment Advisers (UK) Limited, a subsidiary of SoftBank Group Corp. AC ¶ 62. The SoftBank Defendants were investors in Zymergen but are not majority shareholders; prior to the IPO, they beneficially owned 32.4% of Zymergen collectively (a collective interest that dropped to 27.1% ownership after the IPO was completed). *Id*. As a significant investor, SoftBank was permitted to select one of nine members of Zymergen's Board of Directors, and chose to appoint Defendant Travis Murdoch to serve in that capacity. *Id*. ¶ 66.

The Amended Complaint asserts a control person claim under Section 15 of the 1933 Securities Act based on allegations that the SoftBank Defendants joined together with separate venture capital groups (the DCVC Defendants and the True Ventures Defendants) to become "Controlling Stockholders" in the Company. *Id.* ¶ 65. Plaintiffs allege that the DCVC Defendants owned 9% of the Company prior to the IPO (which dropped to 7.5% following the IPO), and that the True Ventures Defendants owned 8.5% of the Company prior to the IPO (which dropped to 7.1% following the IPO). *Id.* ¶¶ 63-64. (The collective alleged numbers total 49.9% prior to the IPO, and 41.7% after the IPO. *Id.* ¶¶ 62-64.) As "Controlling Stockholders," Plaintiffs allege, these three separate groups of funds "exercised their control over the Company and its officers and managers" and entered into a "voting agreement" in which "they agreed on how to vote their shares of the Company together on certain matters." *Id.* ¶¶ 66-67.

## II. ARGUMENT

To state a claim under Section 15, Plaintiffs must allege facts sufficient to show that: (1) a primary violation of federal securities laws occurred, and (2) the defendant exercised actual power or control over the primary violator. *No. 84 Emp'r-Teamster Joint Council Pension Tr. Fund v. Am. W. Holding Corp.*, 320 F.3d 920, 945 (9th Cir. 2003); *Greenberg v. Sunrun, Inc.*, 233 F. Supp. 3d 764, 772 (N.D. Cal. 2017).[2] Plaintiffs have not alleged facts supporting either element.

### A. Plaintiffs Fail to Plead a Primary Violation

For the reasons set forth in the Zymergen Defendants and True Ventures Defendants' Motion to Dismiss, in which the SoftBank Defendants join, Plaintiffs have not adequately alleged a primary violation under Section 11 of the Securities Act. Plaintiffs' Section 15 claim thus necessarily fails as a matter of law. *See In re Rigel Pharm. Sec. Litig.*, 697 F.3d 869, 886 (9th Cir. 2012) (affirming dismissal of Section 15 claim absent primary violation); *In re Bare Escentuals, Inc. Sec. Litig.*, 745 F. Supp. 2d 1052, 1082 (N.D. Cal. 2010) ("[B]ecause the complaint fails to state a claim for primary liability under the Securities Act or the Exchange Act, it follows that the court must therefore GRANT defendants' motion to dismiss plaintiffs' claim for control person liability.").

### B. Plaintiffs Fail to Plead Control Person Liability with Respect to the Softbank Defendants

Plaintiffs have failed to plead facts sufficient to establish control person liability of the Softbank Defendants under Section 15. "In the Ninth Circuit, to exercise control over the primary violator, a [controlling person] defendant must control 'management and policies' of the company or 'direct its day-to-day affairs.'" *Golub v. Gigamon Inc.*, 372 F. Supp. 3d 1033, 1052-53 (N.D. Cal. 2019) (citing *Paracor Fin., Inc. v. Gen. Elec. Cap. Corp.*, 96 F.3d 1151, 1163 (9th

---

[2] The cases discussed throughout this brief analyze "control person" claims under both Section 15 of the Securities Act and Section 20(a) of the Exchange Act. "Although § 15 is not identical to § 20(a), the controlling person analysis is the same." *Hollinger v. Titan Cap. Corp.*, 914 F.2d 1564, 1578 (9th Cir. 1990); *see also* 10 American Law of Torts § 32:204 ("It should be kept in mind that the controlling person doctrine is based not only on section 15 of the Securities Act, 15 U.S.C.A. § 77o, but also on section 20(a) of the Exchange Act, 15 U.S.C.A. § 78t(a). These are analogous provisions which should be interpreted similarly.").

Cir. 1996)), *aff'd*, 994 F.3d 1102 (9th Cir. 2021), *and aff'd*, 847 F. App'x 368 (9th Cir. 2021) . Plaintiffs' Amended Complaint lacks such specific allegations.

### 1. Minority Shareholders Are Not "Control Persons"

As a threshold matter, a defendant's status as a minority shareholder is legally insufficient to support a control person claim. *Golub*, 372 F. Supp. 3d at 1053 (minority ownership does not establish control person liability); *In re Splash Tech. Holdings, Inc. Sec. Litig.*, No. C 99-00109 SBA, 2000 WL 1727405, at *16 (N.D. Cal. Sept. 29, 2000) ("[A] significant stock position is relevant, but it does not by itself carry an allegation of control person liability."). That the minority shareholder has the ability to appoint an independent director does not alter this conclusion. *Burgess v. Premier Corp.*, 727 F.2d 826, 832 (9th Cir. 1984) ("There must be some showing of actual participation in the corporation's operation or some influence before the consequences of control may be imposed."); *Fouad v. Isilon Sys., Inc.*, No. C07-1764 MJP, 2008 WL 5412397, at *13 (W.D. Wash. Dec. 29, 2008) (minority shareholder status, combined with the power to appoint directors, is insufficient to establish control person liability); *In re Gupta Corp. Sec. Litig.*, 900 F. Supp. 1217, 1243 (N.D. Cal. 1994) (same); *see also Kuhns v. Ledger*, 202 F. Supp. 3d 433, 440-41 (S.D.N.Y. 2016) (dismissing control person claim against shareholder with 47% ownership, because "[w]hile a firm's largest minority shareholder will no doubt exercise considerable sway over that entity, he or she does not have the formal ability to control a company, and a minority equity stake is insufficient to demonstrate actual control"); *In re BioScrip, Inc. Sec. Litig.*, 95 F. Supp. 3d 711, 740-42 (S.D.N.Y. 2015) (dismissing control person claim against 26% shareholder who had right to designate two of eight directors, finding "that alone does not rise to the level of actual control"); *In re Flag Telecom Holdings, Ltd. Sec. Litig.*, 352 F. Supp. 2d 429, 458 (S.D.N.Y. 2005) (dismissing claim against 30% shareholder with right to appoint three of nine board members, finding plaintiffs failed to allege facts showing "the power to direct or cause the direction of the management and policies of" the company); *cf. No. 84 Emp'r-Teamster Joint Council Pension Tr. Fund*, 320 F.3d at 946 (shareholders with 57.4% total voting power were potentially liable as controlling persons).

2. Plaintiffs' Attempt to Create a Group of "Controlling Stockholders" Fails

Recognizing that the SoftBank Defendants' minority shareholder position (32.4%) is legally insufficient to create "control person" liability, Plaintiffs manufacture allegations regarding a group of purported "Controlling Stockholders" holding a pre-IPO position of 49.9%. Plaintiffs' vague and conclusory statements fail for at least three separate reasons.

*First*, Plaintiffs link, without any factual support, three distinct groups of venture capital funds together to create what Plaintiffs contend is a group of "Controlling Stockholders." Plaintiffs point to no facts showing these minority shareholders ever worked together (or separately) to manage the Company's day-to-day affairs, *see Golub*, 372 F. Supp. 3d at 1052-53, or any other instance in which they joined together to exert control. The generalized allegations of a "voting agreement" (AC ¶ 67) involving numerous shareholders do not assist Plaintiffs' claims: Plaintiffs do not allege the terms of the agreement, nor do they point to any provision, vote, or conduct that would suggest that the SoftBank Defendants actually acted together with any other shareholders or entities to control Zymergen. Plaintiffs' mere invocation of a "voting agreement" is insufficient to demonstrate control by the SoftBank Defendants. *In re Am. Apparel, Inc. S'holder Litig.*, No. CV 10-06352 MMM RCx, 2013 WL 10914316, at *35 (C.D. Cal. Aug. 8, 2013) ("The mere fact that such a voting agreement exists is insufficient to demonstrate control.").

Plaintiffs cite no instance in which the SoftBank Defendants acted with the DCVC and True Ventures Defendants to demand that Zymergen take, or refrain from taking, any action at all, let alone anything relating to the challenged offering. Without "allegations that the venture capital firms acted together to control [the company], these allegations of control by virtue of collective ownership are conclusory and unconvincing." *Fouad*, 2008 WL 5412397, at *13; *see also In re Worlds of Wonder Sec. Litig.*, 721 F. Supp. 1140, 1145 (N.D. Cal. 1989) (plaintiffs insufficiently pleaded securities fraud claims against a group of defendants where plaintiffs "alleged nothing which would at all suggest that these defendants acted 'collectively'").

Instead, Plaintiffs summarily conclude, based only on their shares of ownership of the Company, that the SoftBank Defendants, together with the DCVC Defendants and the True Ventures Defendants "had virtually complete control over the Company." AC ¶ 65. Such

conclusory statements are insufficient as a matter of law. *In re Gupta Corp. Sec. Litig.*, 900 F. Supp. at 1243 (dismissing conclusory allegations where "plaintiffs allege[d] no facts to support their allegations of control"); *Neo v. Marina Bros.*, No. C 09–00739 WHA, 2009 WL 2447923, at *1 (N.D. Cal. Aug. 7, 2009) ("In order to defeat a Rule 12(b)(6) motion to dismiss . . . speculative inferences do not suffice.").

*Second*, even crediting unsupported speculation that these three separate groups acted together, Plaintiffs' own allegations make clear that the three groups did not, even when combined, own a majority of Zymergen's stock, and thus could not act as a majority to effectuate any decision on their own. Plaintiffs acknowledge that, prior to the IPO, the SoftBank Defendants owned 32.4%, the DCVC Defendants owned 9%, and the True Ventures Defendants owned 8.5% (AC ¶¶ 62-64), a combined total of 49.9% of Zymergen's stock. This dropped to just 41.7% following the completion of the IPO, and at no time do the numbers add up to the "majority" stake Plaintiffs summarily allege. *See* AC ¶ 65.

Without a "majority" stake adequately alleged, the rest of Plaintiffs' allegations are insufficient. For example, Plaintiffs contend that "majority ownership[] cemented the Controlling Stockholders' control of Zymergen's Board of Directors." *Id.* ¶ 66. But Plaintiffs fail to allege that the three venture capital groups ever acted together to "control" the Board of Directors.

*Finally*, Plaintiffs' vague and conclusory allegations that the SoftBank Defendants had "preferential rights and protective provisions" by virtue of "the Company's governing documents" are insufficient to plead control person liability. AC ¶ 65. Plaintiffs fail to explain how the "governing documents" establish that the SoftBank Defendants had oversight over Zymergen's management, day-to-day affairs, or preparation of the statements at issue. Notably, the Amended Complaint does not allege the Softbank Defendants had *any* actual "control" of the "day-to-day affairs" of Zymergen or its management, as is required to state a claim. *Golub*, 372 F. Supp. 3d at 1052-53.

## III. CONCLUSION

For the foregoing reasons, the SoftBank Defendants respectfully request that the Court grant their Motion to Dismiss with prejudice.

| | | |
|---|---|---|
| 1 | DATED:  April 25, 2022 | Respectfully submitted, |
| 2 | | QUINN EMANUEL URQUHART & SULLIVAN, LLP |

By      /s/ Harry A. Olivar, Jr.
HARRY A. OLIVAR, JR.
*Attorneys for SVF Endurance (Cayman) Ltd., SVF Excalibur (Cayman) Ltd., SoftBank Vision Fund (AIV M1) LP*