UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BIAO WANG,<br>　　　　　Plaintiff,<br>　　v.<br>ZYMERGEN INC., et al.,<br>　　　　　Defendants. | Case No. 21-cv-06028-PCP   (SVK)<br><br>**ORDER ON DISCOVERY DISPUTE RE UNDERWRITER DEFENDANTS' INTERROGATORY RESPONSE**<br><br>Re: Dkt. No. 221 |

　　　　Before the Court is the Joint Submission of Plaintiff and Underwriter Defendants ("UWDs") pursuant to which Plaintiff seeks a more complete response to a contention interrogatory, specifically Interrogatory No. 2. Dkt. 221. The Court has reviewed the submission as well as the relevant law and litigation history and determines that this dispute may be resolved without a hearing. L.R. 7-1(b).

　　　　Interrogatory No. 2 requests:

　　　　As specified by your Tenth Defense in your Answer, identify each "persons and/or entities" upon which you relied and, for each person or entity, the relevant "work, opinion, information, representations, reports, [or] advice" upon which you relied.

Dkt. 221-1. UWDs' Tenth Defense is "Reasonable Reliance," which provides in relevant part:

　　　　The Underwriter Defendants relied in good faith on the work, opinion, information, representations, reports, and advice of other persons and/or entities on which the Underwriter Defendants were entitled to rely.

Dkt. 221, fn. 2.

　　　　In response to Interrogatory No. 2, UWDs identified 15 entities, comprising law firms and other corporate entities. No other information is provided. Plaintiff complains that the response is incomplete, arguing that he is entitled to know the specific entities and where possible, persons, as

well as the specific opinions or advice relied upon. Plaintiff points to the close of fact discovery on March 28, 2024 and the need to have sufficient time to conduct discovery from these third parties. UWDs assert that it is too early in the litigation for a contention interrogatory, noting that at the time of the Joint Submission (November 14, 2023), they had not yet completed their document production but would do so by November 30. UWDs also complain about the burden of identifying the "information," etc., upon which they relied.

The Court does not find UWDs objection that Interrogatory No. 2 is premature to be persuasive. As of the date of this Order, document production must be substantially complete and, significantly, fact discovery now closes in just over 90 days. Interrogatory No. 2 seeks information regarding third parties whose "opinions," "advice," etc., form the basis for a defense pled by UWDs. As such, discovery from these third parties is highly likely to be both relevant and proportionate to the needs of the litigation, and conducting such discovery in 90 days will require a prompt and focused effort by Plaintiff.

UWDs argument that identification of the material relied upon will be burdensome is also not persuasive. As Plaintiff argues, the objective of the contention interrogatory is not to discern all facts but to understand what UWDs will be relying on a trial. *Former Shareholders of Cardiospectra, Inc. v. Volcano Corp.*, 2013 WL 5513275, at *2 (N.D. Cal. Oct. 4, 2013) (The purpose of the interrogatory is to "learn what the opposing party will argue at trial, rather than to obtain facts.") How will UWDs prove up the tenth affirmative defense at trial? Whatever material answers that question must be identified in response to Interrogatory No. 2.

UWDs' suggestion that the identified entities' relevance to the Zymergen IPO is "self-evident based on even a cursory review of the Defendants' document productions" misses the point of the contention interrogatory. While an entity's role in the IPO may, at least theoretically, be discernible from documents produced to date, Interrogatory No. 2 calls for, and UWDs are obligated to provide, the identification of the specific material that the UWDs contend support their reliance defense. On this note, should the UWDs have a good faith belief that they can satisfy the strictures of Rule 33(d) and point to their document production in response to Interrogatory No. 2, any responsive documents must be identified by bates number, at a minimum.

Rule 33(d)(1).

UWDs' argument that a complete answer to the contention interrogatory should follow depositions also fails. It does not appear that depositions have been noticed, let alone dates certain calendared. As noted above, the time to respond is now, to allow sufficient time to pursue discovery from the identified third parties.

Finally, regarding the identification of individuals at the identified entities, where it is the case that an UWD consistently interacted with a readily identifiable individual or group of individuals, those persons must be identified. However, where the interactions were at a higher level or varied over time such that no one individual or group of individuals are readily identifiable, that level of identification is not proportional to the needs of the litigation and therefore is not required.

**SO ORDERED.**

Dated: December 14, 2023

_Susan van Keulen_
SUSAN VAN KEULEN
United States Magistrate Judge