UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

BIAO WANG,

    Plaintiff,

v.

ZYMERGEN INC., et al.,

    Defendants.

Case No. 21-cv-06028-PCP (SVK)

**ORDER FOLLOWING FEBRUARY 8, 2024 DISCOVERY HEARING**

Re: Dkt. Nos. 260, 261

The Court held a hearing on February 8, 2024 regarding the Parties' discovery dispute concerning the Underwriter Defendants' ("UWD") production of text messages. *See* Dkt. 260 and 261. For the reasons discussed at the hearing, the Court ruled from the bench, with a complete statement of the Court's reasoning as set forth on the record. In some instances, the Court may have adjusted its rulings upon further consideration as reflected below. Accordingly, the Court **ORDERS** as follows:

1. By **February 15, 2024**, UWD must file declarations from the two Goldman Sachs employees from whom Goldman Sachs "reasonably believes" text messages "cannot be collected due to the loss of those texts from their personal devices" (Dkt. 261 at PDF p. 5) that address the following issues:

    a. When these employees were first informed that they were custodians in this litigation.

    b. Whether during the relevant time periods these employees used separate devices for personal and business purposes or used the same device for both purposes.

    c. For the time period following service of the complaint in this action on Goldman Sachs, the dates upon which these employees obtained new devices and whether these new devices were for personal or business purposes or both.

    d. The reasons why these employees obtained new devices when they did.

e. Confirmation:

   i. That these employees used their former devices (whether personal devices or business devices) for work-related text messages;[1]

   ii. That to the extent any former device was used for work-related text messages, the employees engaged in substantive communications regarding the subject IPO;

   iii. As to the direction these employees received from counsel as to the distinction, if any, between substantive and logistical communications regarding the subject IPO.

f. These employees' understanding regarding the storage of text messages from their previous devices (including but not limited to their settings for backing up text messages on their previous devices).

2. By **February 15, 2024**, counsel for UWD with personal knowledge must file declaration(s) that address the following issues:

   a. The topics covered in the custodial interviews of the two Goldman Sachs employees identified in paragraph 1 above, including the parameters communicated to the employees to identify work-related messages and the distinction, if any, between substantive and logistical communications.

   b. The date(s) upon which counsel learned that these two Goldman Sachs employees had replaced their devices and that the employees had not retained text messages.

   c. The status of the forensic analysis currently underway to determine if relevant messages from the former devices can be retrieved and a date certain for completion of that analysis not more than 14 days from the date of this Order.

   d. Confirmation that custodial interviews have been conducted of the five

---

[1] For purposes of this hearing and order, "text messages" encompasses any messaging application on the employee's device.

former employees of UWD identified in Dkt. 261 at PDF p. 5 as directed by the Court at the hearing; the date of each custodial interview; and the topics covered in each custodial interview, including the parameters to identify responsive documents generally as well as the parameters to identify work-related text messages and the distinction, if any, between substantive and logistical communications.

   e. Whether any of the five former employees have responsive documents in their possession, custody, or control and, if so, the status of production of such documents and a date certain for the expedited completion of that production.

   f. The date of each of the five former employees' separation from employment with the UWD.

   g. For all custodial interviews (not limited to the custodians discussed above), the directions and parameters given by counsel as to text messages that must be collected, including but not limited to any directions regarding whether substantive versus logistical texts needed to be collected and whether information needed to be collected from personal (as opposed to employer-issued) devices.

3. The declarations required under this order may be filed under seal if necessary, accompanied by an administrative motion for leave to file under seal.

4. Copies of the declarations must also be emailed to svkcrd@cand.uscourts.gov.

5. The UWD's submission of declarations in compliance with this order shall not constitute a waiver of attorney-client privilege or attorney work product.

6. Plaintiffs shall not file any response to the UWD declarations unless ordered by the Court.

**SO ORDERED.**

Dated: February 8, 2024



SUSAN VAN KEULEN
United States Magistrate Judge