1
2
3
4

UNITED STATES DISTRICT COURT

5

NORTHERN DISTRICT OF CALIFORNIA

6
7     BIAO WANG, et al.,                          Case No.  21-cv-06028-PCP

8                     Plaintiffs,

                                                 **ORDER GRANTING LEAVE TO**
9            v.                                   **AMEND**

10    ZYMERGEN INC., et al.,                      Re: Dkt. No. 234

11                    Defendants.

12
13          Lead plaintiff Biao Wang has moved for leave to file a second amended complaint. Dkt.

14    No. 234. For the reasons that follow that motion is granted.

15    **I.      Background**

16          The current operative complaint in this case, Dkt. No. 78, was filed February 24, 2022. It

17    includes a claim under Section 11 of the Securities Act against Zymergen, a group of individual

18    defendants, and a group of underwriter defendants; as well as a claim under Section 15 of the

19    Securities Act against the individual defendants and a third set of defendants, the controlling

20    stockholders, which included a group of SoftBank parties,[1] a group of DCVC parties,[2] and a group

21    of True Ventures parties.[3] On November 29, 2022 the Court dismissed the Section 15 claim on the

22    basis that there were not "sufficient allegations to suggest that the 'Controlling Stockholders'

23    acted in concert." Dkt. No. 162, at 4. That dismissal was with leave to amend: The Court ordered

24    that "[a]ny amended complaint is due within 28 days," but also directed that "if the plaintiffs wish

25

26    _____

[1] SVF Excalibur (Cayman) Limited; SVF Endurance (Cayman) Limited; and SoftBank Vision
27    Fund (AIV M1) L.P.
[2] Data Collective II, L.P. and DCVC Opportunity Fund, L.P.
28    [3] True Ventures IV, L.P.; True Ventures Select I, L.P.; True Ventures Select II, L.P.; True
Ventures Select III, L.P.; and True Ventures Select IV, L.P.

to proceed on this complaint, they can always seek leave to amend at a later stage if discovery reveals additional information relevant to the dismissed claims." *Id.* Plaintiffs did not file an amended complaint within 28 days of that order. Shortly thereafter, the Court entered a scheduling order setting a deadline of December 21, 2023 to amend pleadings. Dkt. No. 167.

On December 21, 2023—the amendment deadline—Mr. Wang filed the present motion for leave to file a second amended class action complaint. He attached a proposed complaint to his motion. The proposed complaint would replead the previously dismissed Section 15 claims against the three sets of controlling stockholders. Mr. Wang says the proposed additions are based on discovery obtained to date. The proposed complaint would also add claims against the investment management companies for the three sets of funds. The underwriter defendants do not oppose leave to amend. Dkt. No. 240. The individual defendants filed an opposition. Dkt. No. 244. The controlling stockholders who would be re-added as defendants filed motions to intervene for the limited purpose of opposing Mr. Wang's motion for leave to amend. Dkt. Nos. 248, 250, 255. The Court granted these motions and accepted the controlling stockholders' opposition briefs, Dkt. Nos. 292, 296, 299, to consider arguments specific to the motion for leave to amend that those parties would not be able to raise in a subsequent motion to dismiss. Dkt. No. 283.

## II.   Legal Standard

Rule 15 provides that for amendments not allowed as a matter of course "a party may amend its pleading only with the opposing party's written consent or the court's leave." It directs that a "court should freely give leave when justice so requires." The Ninth Circuit has counseled that "leave to amend should be granted with extreme liberality." *Brown v. Stored Value Cards, Inc.*, 953 F.3d 567, 574 (9th Cir. 2020) (cleaned up). The Court considers several factors in determining whether to permit amendment, including "undue delay, the movant's bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility." *Id.* Of these, "prejudice to the opposing party carries the most weight." *Id.*

United States District Court
Northern District of California

### III.     Analysis

The defendants and would-be defendants who oppose leave to amend have not demonstrated the kind of delay, bad faith, or prejudice that would warrant not letting Mr. Wang amend his complaint given the liberal standard of Rule 15 and the Court's previous order that specifically contemplated Mr. Wang re-adding the Section 15 claims based on discovery. Although the defendants also attack the merits of Mr. Wang's proposed new claims and contend that amendment would be futile, their arguments will be better addressed in the context of a fully briefed motion to dismiss the second amended complaint.

#### A.     Delay

The delay inquiry focuses on whether the party seeking to amend a pleading has waited unreasonably long to do so. It considers "whether the moving party knew or should have known the facts and theories raised by the amendment in the original pleading," as well as the "delay between the time of obtaining a relevant fact and seeking a leave to amend." *AmerisourceBergen Corp. v. Dialysist W., Inc.*, 465 F.3d 946, 953 (9th Cir. 2006).

None of the opposing parties argues that Mr. Wang knew or should have known the facts he proposes in his amendment at the time he filed his initial complaint. Instead, they argue that he unreasonably delayed seeking to amend his complaint after learning of new facts in discovery. Mr. Wang has obtained more than 1.6 million pages of documents in discovery, according to his counsel, including 500,000 pages produced after June 6, 2023 and 250,000 after November 23, 2023. Dkt. No. 310, at 2. Even assuming the revelations relevant to Mr. Wang's proposed amendment were all produced on or before June 6, 2023, as at least the individual defendants argue, Dkt. No. 244, at 9, there is no indication that Mr. Wang unreasonably delayed in bringing his motion for leave to amend by December 2023, especially given the quantity of documents at issue. It is not necessarily unreasonable for a plaintiff to wait to see what further documents will be produced while discovery is ongoing, even after receiving some new information that may be relevant. Especially given the Court's previous dismissal of the Section 15 claims, Mr. Wang cannot be faulted for waiting to gather as much additional information as possible before repleading the claim based on new information received during discovery, as the Court's previous

United States District Court
Northern District of California

1  order specifically contemplated he could.

2  　　　Some of the opposing parties also argue that Mr. Wang's proposed amendment will *cause*

3  undue delay by requiring another round of briefing on another motion to dismiss. But this is not

4  the kind of delay courts consider when determining whether to grant leave to amend under Rule

5  15. Amending pleadings will almost always result in some degree of prospective delay. This is

6  part of the reason why Rule 16 requires the Court to set a deadline for amending pleadings. Here,

7  though, Mr. Wang has specifically complied with that deadline and has not unreasonably delayed

8  bringing his motion for leave to amend.

9  　　**B.　　Motive**

10 　　　The Court can also consider a movant's "bad faith or dilatory motive" in determining

11 whether to grant leave to amend. Here, none of the opposing parties explicitly argues that Mr.

12 Wang is acting in bad faith or out of motivation to delay this case. But some of the opposing

13 parties assert that Mr. Wang's motion may be motivated by additional strategic considerations. For

14 example, SoftBank suggests that Mr. Wang's motion "looks to be an effort to bring additional

15 parties into the case to increase leverage or improve chances of financial recovery." Dkt. No. 299,

16 at 20. True Ventures put it more bluntly: "Plaintiff's true motivation" is "to get at the ostensible

17 deep pockets of Zymergen investors following the Company's bankruptcy announcement." Dkt.

18 No. 296, at 21. That plaintiffs in a putative securities class action for damages may consider

19 potential defendants' ability to pay is permissible and unsurprising, and Rule 15 does not prohibit

20 plaintiffs from thinking strategically when deciding whether to seek to amend a pleading.

21 Moreover, SoftBank's insinuation of bad faith from that the fact that Mr. Wang moved for leave to

22 amend after Zymergen filed for bankruptcy falls particularly flat considering that the *original*

23 complaint included the same Section 15 claim against the controlling stockholder defendants. In

24 short, there is no indication that Mr. Wang has brought this motion in bad faith.

25 　　**C.　　Prejudice**

26 　　　The final consideration is prejudice to the opposing parties. Prejudice is more than the

27 mere burden of having to defend against new claims. Rather, the "undue prejudice which a court

28 must guard against is that prejudice which would cause a party undue difficulty in prosecuting a

1    lawsuit as a result of a change of tactics or theories on the part of the other part." *Jones v. PGA*

2    *Tour, Inc.*, No. 22-CV-04486-BLF, 2023 WL 2173417, at *3 (N.D. Cal. Feb. 21, 2023).

3        The opposing parties point to several forms of potential prejudice they argue warrants

4    denying leave to amend. First, they point to the time and expense of litigating a motion to dismiss

5    the new claim. But the fact that adding new claims to a complaint will require the defendants to

6    defend against those claims on the merits does not constitute undue prejudice. The "liberality"

7    required under Rule 15 "in granting leave to amend is not dependent on whether the amendment

8    will add causes of action or parties." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir.

9    1987). Thus the fact that the controlling stockholders may choose to move to dismiss the Section

10   15 claims in the amended complaint cannot constitute prejudice.

11       Next, the opposing parties point to both the need to catch up on discovery that has occurred

12   to date and the fact that fact discovery is currently set to close on June 6, 2024. But the fact that

13   the controlling stockholders, if added as defendants, would have to review the "voluminous"

14   discovery produced to date is not prejudicial—like the burden of responding, this is simply part of

15   the litigation process. As for prospective discovery, the opposing parties have not met their burden

16   of demonstrating prejudice. There are still several months before the discovery cutoff—a deadline

17   which the parties already agreed to extend once. *See* Dkt. No. 242. While some of the opposing

18   parties say that completing the discovery they would want within the remaining discovery period

19   would be "impracticable," *see* Dkt. No. 292, at 7, they have not pointed to any information they

20   would want to seek and explained why it would be difficult to obtain on the current schedule.

21   Hypothetical prejudice cannot justify denying leave to amend. And if specific discovery

22   challenges *do* arise later on, the parties may of course again move to modify the case schedule for

23   good cause.

24       Finally, the opposing parties point to the fact that a class has already been certified in this

25   action without the controlling stockholders having had a chance to weigh in. Here, too, though, the

26   objections are hypothetical and the opposing parties do not identify any particular problems they

27   have with the currently certified class. Indeed, the original motion to certify that class was

28   unopposed. And in any case, class certification can be revisited if actual objections do arise.

*United States District Court*
*Northern District of California*

1    In sum, the opposing parties have not demonstrated the sort of undue prejudice that would

2   warrant not granting Mr. Wang leave to amend the complaint. Leave must therefore be granted.

3   **IV.    Conclusion**

4    Mr. Wang's motion for leave to amend is granted for the reasons set forth above. The

5   February 29, 2024 hearing on that motion is vacated. Mr. Wang's proposed second amended class

6   action complaint is deemed filed as of the date of this order. Mr. Wang shall refile the amended

7   complaint as a separate entry on the public docket within seven days of this order.

8    The February 29, 2024 Case Management Conference is also vacated. The parties are

9   ordered to meet and confer and file, by March 29, 2024, an updated Joint Case Management

10  Statement that proposes a full case schedule through trial. The parties shall also discuss briefing

11  schedules for any potential motions to dismiss the amended complaint, as well as the current

12  discovery cutoffs. The parties should either indicate their agreement on these topics and include

13  their proposals in the updated joint statement, or indicate their respective positions in the joint

14  statement and request that the Court hold a Case Management Conference.

16    **IT IS SO ORDERED.**

17  Dated: February 26, 2024

20  P. Casey Pitts
    United States District Judge