UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BIAO WANG, et al.,<br><br>            Plaintiffs,<br><br>   v.<br><br>ZYMERGEN INC., et al.,<br><br>            Defendants. | Case No.  21-cv-06028-PCP<br><br>**SEALING ORDER**<br>Re: Nos. 233, 243, 246, 247, 249, 253, 272, 273, 294, 297, 298, 308 |

This order resolves the pending sealing motions filed in conjunction with lead plaintiff Biao Wang's recently granted motion for leave to amend.

**I.    Legal Standard**

The public has a longstanding "right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). Public access bolsters "understanding of the judicial process" and "confidence in the administration of justice," and it provides a "measure of accountability" for courts. *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016). There is thus a "strong presumption in favor of access" to court records. *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006).

To overcome this, a party who seeks to seal a record must "articulate compelling reasons supported by specific factual findings ... that outweigh the general history of access and the public policies favoring disclosure." *Id.* at 1178–79 (cleaned up). Sealing may be justified when "court files ... become a vehicle for improper purposes, such as ... to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Id.* at 1179. Without more, though, the "fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation" does not merit sealing. *Kamakana*, 447 F.3d at 1179. Similarly, "the

1   presumption of access is not rebutted" simply because "documents … are the subject of a

2   protective order." *Id.* at 1177. Ultimately, under the "stringent" compelling reasons standard, the

3   Court must "balance the competing interests of the public and the party who seeks to keep certain

4   judicial records secret." *Auto Safety*, 809 F.3d at 1096–9.

5         Although a lower "good cause" standard applies to discovery material included with

6   motions that are only "tangentially related to the underlying cause of action," *Auto Safety*, 809

7   F.3d. at 1099, the default compelling reasons standard applies to motions for leave to file an

8   amended complaint because such motions are inherently central to the merits of a case, *see Apple*

9   *Inc. v. Rivos, Inc.*, No. 22-CV-02637-PCP, 2024 WL 748394, at *2 (N.D. Cal. Feb. 23, 2024).

10        Under Civil Local Rule 79-5(c)(1) and (f)(3), the party seeking to seal must provide "a

11  specific statement" of the justification, explaining the interests that warrant sealing and the injury

12  that will otherwise result.

13  **II.   Discussion**

14        Mr. Wang filed an administrative sealing motion in conjunction with his motion for leave

15  to amend and the exhibits attached to the declaration in support of that motion, seeking to seal

16  information designated as confidential or highly confidential by the Zymergen defendants

17  (Zymergen Inc., Josh Hoffman, Enakshi Singh, Steven Chu, Jay T. Flatley, Christine M. Gorjanc,

18  Travis Murdoch, Matthew A. Ocko, Sandra E. Peterson, Zach Serber, and Rohit Sharma) and/or

19  the then third-parties who have now been re-added as defendants (SB Investment Advisers (US)

20  Inc., DCVC Management Co, LLC, and True Venture Management, L.L.C.).

21        The Zymergen defendants and SB Investment Advisers (SBIA) filed statements in support

22  of Mr. Wang's motion. The Zymergen defendants seek to seal several portions of Mr. Wang's

23  motion and proposed amended complaint (and redline). They argue that permitting the information

24  at issue to be published "could severely harm Zymergen and its former directors and officers by

25  revealing sensitive, confidential, and personal information about compensation; the company's

26  proprietary technology, funding, compliance processes, corporate governance, and competitive

27  position; and Zymergen's relationships with investors and creditors, alike." Dkt. No. 235, at 4.

28  They invoke both the good cause and compelling reasons standards but do not state which

standard they think applies. SBIA seeks to seal portions of those same documents on the basis that the marked portions "contain sensitive details regarding SBIA's internal business operations and describe in detail various internal documents containing SBIA's business strategies." Dkt. No. 236, at 3. It asserts that if the marked material is publicized, "SBIA's competitors would gain access to its confidential business practices regarding SBIA's investments and operations, which could harm SBIA's competitive standing." *Id.* at 4. SBIA argues that the good cause standard applies because Mr. Wang's motion is not dispositive. The other then non-parties, DCVC and True Venture, did not file statements in support of Mr. Wang's sealing motion.

The primary document at issue is Mr. Wang's amended complaint. As discussed above, there must be compelling reasons to seal portions of a complaint. Preventing disclosure of trade secrets can be a compelling reason. Upon review, however, the marked material does not appear to involve trade secrets or other similarly sensitive information of either Zymergen or SBIA. As the Restatement explains, a trade secret is a "process or device for *continuous use* in the operation of the business" as opposed to "information as to *single or ephemeral* events in the conduct of the business." Restatement (First) of Torts § 757 (1939) (emphasis added).[1] Here, the marked material involves information that, while confidential, does not seem to meet this definition. It includes:

---

[1] The Ninth Circuit has applied the Restatement's definition of trade secrets. *See Clark v. Bunker*, 453 F.2d 1006, 1009 (9th Cir. 1972); *In re Elec. Arts, Inc.*, 298 Fed. Appx. 568, 569–70 (9th Cir. 2008) (nonprecedential). The Restatement provides the following definition:

> A trade secret may consist of any formula, pattern, device or compilation of information which is used in one's business, and which gives him an opportunity to obtain an advantage over competitors who do not know or use it. It may be a formula for a chemical compound, a process of manufacturing, treating or preserving materials, a pattern for a machine or other device, or a list of customers. It differs from other secret information in a business … in that it is not simply information as to single or ephemeral events in the conduct of the business, as, for example, the amount or other terms of a secret bid for a contract or the salary of certain employees, or the security investments made or contemplated, or the date fixed for the announcement of a new policy or for bringing out a new model or the like.

Restatement (First) of Torts § 757 (1939).

- The amount of investment in Zymergen by Softbank, DCVC, and True Ventures, as well as the management rights and other protections granted to these investors.
- The identities of people holding Zymergen board seats and decisions and actions taken by Zymergen board members.
- Allegations of personal relationships between certain defendants and other relevant individuals.
- Allegations that certain individual defendants had significant control over Zymergen's business relationships with companies whose boards they served on.
- Details about financial and operating challenges faced by Zymergen, and actions taken by SoftBank and other controlling stockholders in response.
- Actions taken by the controlling stockholders and their employees in advance of Zymergen's IPO.
- The fact that certain Zymergen directors were employed by controlling stockholders and had financial and relationship incentives in the stockholders' performance.

While details about internal operations of a business can in some cases constitute a trade secret, not all confidential information about day-to-day operations and decisions meets this definition. This is particularly true with respect to information about *past* business dealings and relationships, like all of the information at issue in the complaint, given that any insights that such information might provide into a business's current or future operations or strategies are limited at best.[2] Neither the Zymergen defendants nor SBIA have met their burden of clearly articulating why the marked material constitutes a trade secret (as opposed to simply confidential business information), or why there are other "compelling reasons supported by specific factual findings" that warrant sealing. *See Kamakana*, F.3d at 1178–79 (cleaned up). It is not enough that the information may be confidential or subject to the protective order in this case. As a result, Mr. Wang's motion to seal the marked portions of the amended complaint is denied.

---

[2] The information the Zymergen defendants and SBIA seek to seal in the complaint involves the terms and circumstances of certain investments in Zymergen before the company was made public in April 2021, as well as the conduct of those outside investors up to and through the IPO.

4

The Court recognizes, however, that at the time Mr. Wang filed his motion for leave to amend and the accompanying sealing motion, it was not certain whether leave to amend would be granted, and that at the time the motion was filed several of the parties discussed in the marked material had been dismissed from this lawsuit. Accordingly, if any party wishes to maintain under seal material included in Mr. Wang's second amended complaint (which has been deemed filed and is now the operative complaint), that party may file by Friday, March 1, 2024, a renewed statement and/or declaration in support of Mr. Wang's original sealing motion in accordance with Local Rule 79-5(c) and (f). Any such statements should indicate the specific material sought to be sealed and explain why that particular portion of the complaint involves a trade secret or otherwise meets the compelling reason standard. If no such statements are filed, Mr. Wang shall file an unredacted version of his second amended complaint in accordance with the Court's order granting leave to amend.

The other pending sealing requests cover Mr. Wang's motion for leave to amend and the subsequent briefing and related submissions. The material sought to be sealed in these documents generally appears to either quote, summarize, or paraphrase the material sought to be sealed in the second amended complaint. Because the Court is denying the request to seal material in the underlying complaint, these related requests are also denied without prejudice. If there is any material that is included in the motion or briefing that was not included in the amended complaint which any party believes there are compelling reasons to seal, that party may file by Friday, March 8, 2024, a renewed statement and/or declaration in accordance with Local Rule 79-5(c) and (f). Any party doing so should file a single statement that includes its sealing requests across all documents filed in conjunction with the motion for leave to amend. If no such statements are filed, the parties shall file on the public docket unredacted versions of each of the documents filed with the sealing motions addressed in this order.

If any renewed statements in support of sealing are filed, the parties may wait for the Court to resolve those requests before filing any unredacted documents.

**IT IS SO ORDERED.**

Dated: February 27, 2024

_____
P. Casey Pitts
United States District Judge