UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BIAO WANG, et al.,<br><br>　　　　　Plaintiffs,<br><br>　v.<br><br>ZYMERGEN INC., et al.,<br><br>　　　　　Defendants. | Case No. 21-cv-06028-PCP (SVK)<br><br>**ORDER FOLLOWING MARCH 12, 2024 DISCOVERY HEARING**<br><br>Re: Dkt. No. 311 |

The Court held a further hearing on March, 12, 2024 regarding the Parties' continuing discovery dispute concerning the Underwriter Defendants' ("UWD") production of text messages from certain custodians.[1] Dkt. 311. The Court ruled from the bench, with a complete statement of the Court's reasoning set forth on the record. The Court issues this summary order to memorialize the present status of production and set forth certain deadlines for the Court's and the Parties' convenience.

### I.     Relevant Background

UWD have identified 17 custodians compromised of current and former employees. Over several months and with the Court's assistance, nine of the 17 custodians have been identified as potentially having relevant text messages. The current status of production of relevant text messages from these nine custodians breaks down as follows:

---

[1] The Court held a prior hearing on February 8, 2024 and subsequently ordered the UWDs to take certain steps and provide additional information regarding the production of text messages. Dkt. 271. The Court then ordered the Parties to meet and confer regarding next steps in resolving this issue. Dkt. 305. A joint submission (Dkt. 311) and today's hearing followed.

| Number of Custodians | Custodian Description | Status of Production of Text Messages |
|---|---|---|
| 3 | Current employees with potentially responsive text messages. | Collected and production completed. |
| 2 | Current employees with potentially responsive text messages. | Devices replaced during course of litigation; messages from relevant time period confirmed not recoverable. *See* Dkt. 271; 290. |
| 2 | Current employees with potentially responsive text messages. | Identified pursuant to Dkt. 271; collection and production underway, **to be completed April 2, 2024**.[2] |
| 2 | Former employees with potentially responsive text messages. | Identified pursuant to Dkt. 271; collection and production underway, **to be completed April 2, 2024**. |

## II.     Current Dispute

The issue before the Court today is the status of the remaining eight custodians, again comprising current and former employees, and whether their text messages should also be searched for relevant documents. At the hearing for the reasons stated on the record the Court ruled as summarized below:

| Number of Custodians | Custodian Description | Court Order |
|---|---|---|
| 5 | Current employees who were interviewed at various points in time in the litigation as to the likelihood of having relevant text messages. | The interview process alone has not been demonstrated to be an adequate means of investigation, as evidenced by the recent identification of additional custodians |

---

[2] There is a dispute between the Parties as to whether an amended pleading has recently triggered a stay of discovery. That dispute is not before this Court. The Parties agreed on the record that this Order would not be subject to the stay, if any, and that UWD's production pursuant to this Order does not constitute a waiver of any stay which may be in place.

2

| | | following this Court's order at Dkt. 271.  Accordingly, the devices of these 5 custodians will be subjected to search using the applicable search terms for relevant text messages.  Collection and production of relevant text messages **to be completed by April 9, 2024**.<br><br>Additionally, for any of the 5 for whom no documents are produced, UWD must provide declarations that conform with Dkt. 271 sections (1)(a-f); and (2)(a-c); (g).  Declarations to be emailed to SvKCRD@cand.uscourts.gov and filed **by April 9, 2024**. |
|---|---|---|
| 3 | Former employees who were interviewed following this Court's order at Dkt. 271.  During the interview, in the presence of counsel, the custodian's devices were searched using the terms "Zymergen" and "ZY." There were no responsive text messages identified. | No further search required at this time. |

The Court further **ORDERS** as follows:

- Any declarations filed pursuant to this Order may be filed under seal.
- The UWD's submission of declarations in compliance with this order shall not constitute a waiver of attorney-client privilege or attorney work product.

**SO ORDERED.**

Dated: March 12, 2024

SUSAN VAN KEULEN
United States Magistrate Judge

3