ROBBINS GELLER RUDMAN
  & DOWD LLP
SHAWN A. WILLIAMS (213113)
DANIEL J. PFEFFERBAUM (248631)
ALAINA L. GILCHRIST (335807)
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA  94104
Telephone:  415/288-4545
415/288-4534 (fax)
shawnw@rgrdlaw.com
dpfefferbaum@rgrdlaw.com
agilchrist@rgrdlaw.com
         – and –
JUAN CARLOS SANCHEZ (301834)
PATTON L. JOHNSON (320631)
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
jsanchez@rgrdlaw.com
pjohnson@rgrdlaw.com

Lead Counsel for Lead Plaintiff

[Additional counsel appear on signature page.]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| BIAO WANG, Individually and on Behalf of All Others Similarly Situated, | Case No. 5:21-cv-06028-PCP |
| Plaintiff, | FURTHER JOINT CASE MANAGEMENT CONFERENCE STATEMENT AND [PROPOSED] ORDER |
| vs. | DATE: TBD |
| ZYMERGEN INC., et al., | TIME: 1:00 p.m. |
| Defendants. | CTRM: 8, 4th Floor |
| | JUDGE: Hon. P. Casey Pitts |

4859-4090-2832.v1

# I. INTRODUCTORY STATEMENT

Pursuant to this Court's February 26, 2024 Order (ECF 313) and the Standing Order for All Judges of the Northern District: Contents of Joint Case Management Statement, counsel for Lead Plaintiff and Class Representative Biao Wang ("Lead Plaintiff") and Named Plaintiff West Palm Beach Firefighters' Pension Fund (collectively, "Plaintiffs"); and counsel for Defendants Zymergen Inc. ("Zymergen" or the "Company"), Josh Hoffman ("Hoffman"), Enakshi Singh, Steven Chu, Jay T. Flatley ("Flatley"), Christine M. Gorjanc, Travis Murdoch ("Murdoch"), Matthew A. Ocko ("Ocko"), Sandra E. Peterson, Zach Serber ("Serber"), and Rohit Sharma ("Sharma") (together, "Individual Defendants"); J.P. Morgan Securities LLC ("JPM"), Goldman Sachs & Co. LLC ("Goldman"), Cowen and Company, LLC ("Cowen"), BofA Securities, Inc. ("BofA"), UBS Securities LLC ("UBS"), and Lazard Frères & Co. LLC ("Lazard") (together, "Underwriter Defendants"); SVF Excalibur (Cayman) Limited, SVF Endurance (Cayman) Limited, SoftBank Vision Fund (AIV M1) L.P. (together, "SoftBank Funds"), and SB Investment Advisers (US) Inc. (together with the SoftBank Funds, "SoftBank Defendants"); Data Collective II, L.P., DCVC Opportunity Fund, L.P. (together, "DCVC Funds"), and DCVC Management Co, LLC (together with the DCVC Funds, "DCVC Defendants"); True Ventures IV, L.P., True Ventures Select I, L.P., True Ventures Select II, L.P., True Ventures Select III, L.P., True Ventures Select IV, L.P. (together, "True Ventures Funds"), and True Venture Management, L.L.C. (together with the True Ventures Funds, "True Ventures Defendants") (collectively, "Defendants") (and, collectively, Plaintiffs and Defendants, the "Parties")) in the above-captioned action respectfully submit this Further Joint Case Management Conference Statement and [Proposed] Order (the "Statement").

# II. JOINT CASE MANAGEMENT CONFERENCE STATEMENT

## A. Jurisdiction and Service

This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§1331 and §22 of the Securities Act of 1933 ("Securities Act") (15 U.S.C. §77v). There are no issues concerning personal jurisdiction or venue. All Parties have been served.

### 1. Plaintiffs' Factual Summary

On February 26, 2024, the Court deemed as filed the operative Second Amended Class Action Complaint for Violations of the Federal Securities Laws (ECF 321) ("Complaint"). Plaintiffs allege that Zymergen, the Individual Defendants, and the Underwriter Defendants violated §11 of the Securities Act (15 U.S.C. §77k), and the Individual Defendants and the Softbank, True Ventures, and DCVC Defendants violated §15 of the Securities Act (15 U.S.C. §77o), by filing a Registration Statement and Prospectus ("Registration Statement") that contained material misrepresentations and omissions.

Zymergen is a biotechnology company that used a process called biofacturing to design, develop, and commercialize bio-based breakthrough products that, according to Defendants, delivered extraordinary value to customers in a broad range of industries, including electronics, consumer care, and agriculture. ¶¶7, 133-134.[1] At the end of 2020, Zymergen was heading to insolvency, reporting an accumulated deficit of $773.7 million, which caused its auditors to report there was substantial doubt about the Company's ability to continue as a going concern. ¶¶19, 160. As alleged, Zymergen needed to raise funds to continue operating. *Id.*

On April 22, 2021, Zymergen completed its IPO and sold approximately 18,549,500 shares of common stock at a price of $31.00 per share, raising proceeds of approximately $575 million. ¶¶9, 144. On April 23, 2021, the Company filed its prospectus on Form 424B4, which formed part of the Registration Statement. *Id.* Plaintiffs allege the Registration Statement contained material misrepresentations and omissions concerning the Company's biofacturing platform; the Company's ability to create better products faster, cheaper, and more sustainably using the biofacturing platform; the product development process; the development status of 11 products in the Company's product pipeline; the market opportunity for those products; and when those products would generate revenue. ¶¶11, 13-20, 145-166.

Plaintiffs allege that the Registration Statement contained material misrepresentations and omissions based upon, but not limited to, the following facts: (i) the material adverse disclosures

---

[1] All "¶_" references herein are to the Complaint.

by the Company and Flatley on August 3, 2021, November 3, 2021, and January 10, 2022 (¶¶21-29, 41-44, 46, 167-192, 213-228, 235-238); (ii) the reaction of analysts and the financial press to the material adverse disclosures (¶¶30-32, 37, 45, -174-191, 195-199, 205-212, 223-228, 230-232, 234); (iii) the inquiries into the material adverse disclosures by multiple government agencies, including the United States Securities and Exchange Commission ("SEC") (¶¶33, 44, 233); (iv) the short time between the IPO and the August 3, 2021 material adverse disclosures (¶¶33, 144, 167); (v) the unexpected and abrupt termination of Hoffman revealed on August 3, 2021 (¶¶23, 168-169, 172-173); (vi) the misrepresentations and omissions relating to the core operations of Zymergen, including Hyaline, the only product scheduled to be launched at the time of the IPO and to generate revenue during the second half of 2021 (¶¶153-157); and (vii) the negative impact the material adverse disclosures had on Zymergen's business (¶¶34, 168-194, 200-204, 213-229, 235-238). Discovery has widely borne out the Complaint's allegations.

Following the unexpected material adverse disclosures on August 3, 2021, the Company's stock price plummeted $26.58, or 75%, from $34.83 on August 3, 2021, to $8.25 on August 4, 2021. ¶¶35, 193. The initial complaint was filed on August 4, 2021. ECF 1. Zymergen's stock price has not recovered. ¶¶47, 229. In October 2022, Ginkgo Bioworks ("Ginkgo") completed its acquisition of Zymergen for approximately $300 million. Zymergen filed a petition for bankruptcy on October 3, 2023. ¶55

## 2.    Defendants' Factual Summary

Defendants dispute that discovery has borne out the Complaint's allegations. Zymergen was founded in 2013 by Josh Hoffman, Zach Serber, and Jed Dean. It is a science and material innovation company focused on designing, developing, and commercializing bio-based products for use in a variety of industries. In December 2020, Zymergen launched its initial product: Hyaline, the first in a planned franchise of optical films, designed for electronics companies to use for display touch sensors in personal devices and other applications. Zymergen made clear that Hyaline was not expected to generate revenue from product sales until after it had successfully completed the sales qualification process (in which customers are able to validate the product and qualify it as a standard component in their final electronic devices), which the Company estimated

would begin to occur in the second half of 2021. By early 2021, Zymergen had ten other products in its development pipeline: three in consumer electronics (including another high-performance optical film planned for launch in 2023), four with consumer care applications (including a naturally derived non-DEET insect repellent), and three in agriculture.

Zymergen completed an IPO of common stock on April 22, 2021. The Registration Statement for that offering provided investors with detailed information regarding the Company's technology, operating history, revenue model, growth strategy, long-term objectives, potential markets for its products, business challenges, and risk factors. The underwriters for Zymergen's IPO were J.P. Morgan Securities LLC, Goldman Sachs & Co. LLC, Cowen and Company, LLC, BofA Securities, Inc., UBS Securities LLC, and Lazard Frères & Co. LLC (the "Underwriter Defendants").

On May 24, 2021, Zymergen announced preliminary results for the first quarter of 2021. Consistent with the disclosures in the Registration Statement, the Company reported that revenues for the first three months of the year ($3.7 million) all related to R&D agreements and collaboration revenue. Over the next several months, a number of difficulties, including with respect to Hyaline, began to emerge. On August 3, 2021, Zymergen announced that it had "recently [become] aware of issues with its commercial product pipeline" that would "impact [its] delivery timeline and revenue projections." As a result, the Company stated that it "no longer expect[ed] product revenue in 2021 and expect[ed] product revenue to be immaterial in 2022." It explained that, during the recently completed quarter, several customers had "encountered technical issues in implementing Hyaline into their manufacturing processes," and that it was "evaluating emerging data on the total addressable market for foldable display applications, which indicate a smaller near-term opportunity that is growing less rapidly than anticipated."

On November 3, 2021, Zymergen announced that it was discontinuing Hyaline and several other electronics film programs (the exception being ZYM0101, which the Company was developing in partnership with Sumitomo Chemical). Zymergen stressed that the decision to discontinue Hyaline was "commercial" and based on an ongoing review of relevant information in the preceding weeks and months.

On July 24, 2022, Zymergen entered into a definitive merger agreement with another public company, Ginkgo, designed to integrate Zymergen's capabilities into Ginkgo's platform and explore new and expanded partnerships and opportunities for Zymergen's diverse array of product concepts currently under development. Pursuant to that proposed transaction, Zymergen shareholders would receive 0.9179 shares of Ginkgo Class A Common Stock for each share of Zymergen stock. A majority of Zymergen's shareholders approved the transaction and the merger closed on October 19, 2022, making Zymergen a wholly owned subsidiary of Ginkgo. On October 3, 2023, Zymergen filed for relief under chapter 11 of the Bankruptcy Code. ECF 218. On February 5, 2024, the Bankruptcy Court issued an order confirming the Debtors' First Amended Joint Chapter 11 Plan of Liquidation (the "Zymergen Plan").

### B. Legal Issues

The principal legal issues in dispute include: (i) whether Zymergen, the Individual Defendants, and the Underwriter Defendants violated §11 of the Securities Act; (ii) whether the Individual Defendants and the Softbank, True Ventures, and DCVC Defendants violated §15 of the Securities Act; (iii) the proper measure of any damages suffered by Plaintiffs and putative Class members; and (iv) whether this action may proceed as a Class action under Rule 23 of the Federal Rules of Civil Procedure.

### C. Motions

#### 1. Previously Decided Motions

Set forth below is a summary of motions filed decided by the Court.

On October 4, 2021, Lead Plaintiff filed a motion to be appointed Lead Plaintiff. ECF 35. The Court granted the motion on December 20, 2021. ECF 69.

On February 24, 2022, Lead Plaintiff filed his Amended Class Action Complaint for Violations of the Federal Securities Laws (the Amended Complaint). ECF 78.

On April 25, 2022, Defendants filed motions to dismiss the Amended Complaint. ECF 134, 137. On November 29, 2022, after briefing and a hearing on October 6, 2022, the Court issued an Order granting in part and denying in part the motions to dismiss. ECF 162. The Court denied the motions to dismiss the §11 claim (First Claim for Relief) (¶¶245-254), denied the

Individual Defendants' motion to dismiss the §15 claim (Second Claim for Relief) (¶¶255-260) and granted the motions to dismiss filed by the Softbank, True Ventures and DCVC Funds with leave to amend within 28 days.[2]  Plaintiffs did not file an amended pleading within that time.

On April 6, 2023, Lead Plaintiff filed a motion to certify the Class, appoint Class representative and appoint Class counsel.  ECF 180.  On June 22, 2023, Defendants other than the Softbank, True Ventures and DCVC Defendants filed a statement of non-opposition (ECF 188), and after a hearing on August 10, 2023 (ECF 193), the Court granted Lead Plaintiff's motion.  ECF 194.

On September 6, 2023, the Court approved Plaintiffs' unopposed administrative motion which set forth a proposal for Dissemination of Notice to the Class (ECF 209).

On September 20, 2023, Lead Plaintiff moved via joint discovery letter to compel SB Investment Advisers (US) Inc.,[3] to search for and produce documents responsive to Plaintiff's subpoena *duces tecum*.  ECF 213.  On November 30, 2023, Magistrate Judge Susan van Keulen tentatively ordered production of four out of seven categories of documents (ECF 226); that order was made final on January 2, 2024.  ECF 237.  SoftBank made its first production of documents in response to the order on February 11, 2024.

On November 14, 2023, Lead Plaintiff moved via joint discovery letter to compel the Underwriter Defendants to amend an interrogatory response sought by Lead Plaintiff related to one affirmative defense they raised.  ECF 221.  On December 14, 2023, Magistrate Judge Susan van Keulen ordered the response to be amended.  ECF 232.  On February 6, 2024, the Underwriter Defendants filed an amended answer withdrawing the affirmative defense at issue (and one other affirmative defense).  ECF 268.

---

[2]    Certain of the Parties sought clarification at the Court's January 18, 2023 case management conference (ECF 217) regarding the effect of the Court's Order on the §15 claims.  The Court clarified that the §15 claims against the Softbank, DCVC, and True Ventures Defendants were dismissed, but the §15 claims against the Individual Defendants remained. *See* ECF 167.

[3]    SB Investment Advisors (US) Inc. is one of the newly-named Parties in the SAC.

On December 21, 2023, Plaintiffs filed a motion for leave to file the [Proposed] Second Amended Class Action Complaint for Violations of the Federal Securities Laws (ECF 234) to add allegations in support of Plaintiffs' previously-dismissed §15 control claims against the Softbank, True Ventures and DCVC Funds (ECF 162), and also to add other Softbank, True Ventures and DCVC Defendants.[4]  ECF 234.  The Underwriter Defendants filed a statement of non-opposition to Plaintiffs' motion to amend the complaint.  ECF 240.  On January 18, 2024, the Individual Defendants filed an opposition to the motion.  ECF 244.  The Softbank, True Ventures, and DCVC Defendants filed three motions to intervene in order to oppose leave to amend.  ECF 248, 250, 255.  On February 8-9, 2024, Lead Plaintiff filed his reply to the Individual Defendants and opposition to the motions to intervene.  ECF 274, 276.  On February 13, 2024, the Court granted in part the Softbank, True Ventures, and DCVC Defendants' motions to intervene and directed Lead Plaintiff to reply to certain arguments by February 22, 2024.  ECF 283.  Plaintiff filed his omnibus reply on February 22, 2024.  ECF 309.  On February 26, 2024, the Court granted Plaintiff's motion for leave to file the SAC.  ECF 313.

### 2.     Currently Pending Motions

Lead Plaintiff and the Underwriter Defendants have a discovery dispute concerning the production of messages over texting platforms.  ECF 260-261.  On January 25, 2024, Lead Plaintiff filed a discovery letter with the Magistrate Judge seeking production of text messages from all agreed-upon custodians.  ECF 260.  On February 8, 2024, after the discovery hearing, the Magistrate Judge ordered the Underwriter Defendants provide the Court with declarations concerning the lost text messages of two custodians and the efforts to obtain documents (including text messages) from five former employees.  *See* ECF 271.  On March 12, 2024, after another hearing, the Magistrate Judge ordered additional searches and production of relevant text messages for five current employee custodians be completed by April 9, 2024, and if no documents are produced, the Underwriter Defendants must provide declarations concerning the search.  ECF 335

---

[4]     The SAC also added three entities as defendants, one associated with each of the Softbank, True Ventures and DCVC Defendants, respectively: SB Investment Advisors, DCVC Management Co, LLC, and True Venture Management, L.L.C.

at 3.  Upon receipt of this production, Plaintiff will determine whether further action is necessary, including a potential spoliation motion.

### 3. Anticipated Motions

The Softbank, True Ventures, and DCVC Defendants intend to file motions to dismiss; a briefing schedule for those motions is set forth below.  *See infra* §II.P.

Motions to compel discovery may be filed by the Parties if potential disputes cannot be resolved during the meet-and-confer process.

The Parties anticipate filing motions for summary judgment.  Proposed dates for filing said motions are set forth in *infra* §II.P.

### D. Amendment of Pleadings

Lead Plaintiff does not currently anticipate further amendments to the Complaint, however, Lead Plaintiff continues to review and analyze documents produced by Defendants and non-parties after the December 21, 2023 motion to amend the complaint deadline (ECF 210), and will also look to any guidance in Court's order concerning the anticipated motions to dismiss to be filed by the Softbank, True Ventures, and DCVC Defendants.

### E. Evidence Preservation

The Parties certify that their counsel have reviewed the Court's Guidelines for the Discovery of Electronically Stored Information.  Plaintiffs, Zymergen, the Individual Defendants, and the Underwriter Defendants confirm that they have met and conferred pursuant to Rule 26(f) of the Federal Rules of Civil Procedure regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action.

As mentioned above, Plaintiffs' discovery has shown that at least one Underwriter Defendant, Goldman, has been unable to produce the text messages of two agreed-upon custodians.

### F. Disclosures

On January 18, 2023 (ECF 165), pursuant to an agreement under Rule 26(a)(1)(C) of the Federal Rules of Civil Procedure, Plaintiffs, Zymergen, the Individual Defendants, and the Underwriter Defendants exchanged their initial disclosures.

## G. Discovery

### 1. Discovery Taken to Date

#### a. Plaintiffs' Discovery

Plaintiffs have received and continue to receive and seek documents from Defendants and non-parties. Plaintiffs have also served interrogatories on Defendants and conducted two depositions, one of Zymergen's corporate representative and the other of Murdoch. Plaintiffs have also sought documents from non-parties, including Zymergen's consultants, a potential investor, stock analysts, and customers.

Due to its bankruptcy filing, discovery was stayed as to Zymergen from October 5, 2023 until February 23, 2024, the effective date of Zymergen's Chapter 11 plan. While the bankruptcy discovery stay has been lifted, counsel for Zymergen has informed Plaintiffs that Zymergen's counsel needs to consult with the liquidation trustee regarding all discovery sought from Zymergen.

All Defendants, including non-parties represented by certain Defendants' counsel, assert that discovery has been stayed since no later than March 5, 2024, and remains stayed until the resolution of the Softbank, True Ventures, and DCVC Defendants' anticipated motions to dismiss. Plaintiffs do not agree with this position that discovery is stayed as no motion to dismiss has been filed.

#### b. Defendants' Discovery

With the exception of the Softbank, True Ventures, and DCVC Defendants, Defendants have received documents from Plaintiffs. With the exception of the Softbank, True Ventures, and DCVC Defendants, Defendants have also served interrogatories on Plaintiffs and conducted depositions of Plaintiffs.

The Softbank, True Ventures, and DCVC Defendants have neither taken nor received any discovery because they were dismissed from this case before any discovery proceedings began. Now that they have been added back to this case, they have neither taken nor received any discovery because all discovery proceedings currently are stayed pursuant to the Private Securities Litigation Reform Act. *See* 15 U.S.C. § 77z-1(b)(1).

## 2. The Anticipated Scope of Discovery

The Parties anticipate that the scope of discovery going forward will continue to include document requests, subpoenas, interrogatories, requests for admission, and depositions concerning facts relevant to the legal issues set forth *supra* §II.C.

### a. Plaintiffs' Position

On January 22, 2024, the Individual Defendants served interrogatory responses concerning their due diligence defense in which they identified more than 40 individuals and entities who they purport to rely upon who do not appear in Defendants' initial disclosures (served in January 2023) and that were not identified as potential document custodians for purposes of discovery. Despite bearing the burden on this affirmative defense, the Individual Defendants have refused to undertake any additional document searches or productions related to these newly identified individuals or entities and have refused to meet and confer on the issue on the basis of their position that discovery is stayed. Timely production of documents from the files of these new, late-disclosed, individuals will be necessary to meeting the proposed discovery deadlines set forth below and delays in obtaining discovery from their files may necessitate further extensions.

In addition to the discovery from these newly identified individuals and entities, Plaintiffs intend to continue pursuing discovery from Defendants and non-parties concerning the following, *inter alia*:

(a) the Company's Board and management structure, authority, and oversight before, during, and after the IPO;

(b) the preparation for the IPO, amendments to the Company's governance documents, the drafting of the Registration Statement, those involved, and related issues concerning the false and misleading statements in the Complaint;

(c) any due diligence investigation preceding the IPO;

(d) the involvement of non-parties in the IPO, including consultants McKinsey, IHS Markit, and Gilmartin;

(e) any road shows or other activities to market the IPO to investors, and the timing of Zymergen's IPO in April 2021;

1         (f)     the Company's sales process, financial position and outlook, relevant

2 business plans, and strategic planning, including development, approval, and execution of its three-

3 year business plan and prior financings;

4         (g)     the viability of the Company's products, including Hyaline, and any

5 customer qualification before, during, and after the IPO;

6         (h)     the details, reasons, and timing of the issues with the commercial product

7 pipeline and the "significant execution challenges" publicly disclosed on August 3, 2021, and the

8 details, reasons, and timing of the discontinuation of Hyaline, another optical film product and all

9 of the consumer care products publicly disclosed on November 3, 2021;

10         (i)     the timing of, and reasons for, Hoffman's termination;

11         (j)     the various remedial actions taken by Zymergen in response to the

12 significant execution challenges, including: (i) the Company working to strengthen its commercial

13 team to ensure the reliability and robustness of the sales pipeline qualification and forecast process;

14 (ii) the Company evaluating emerging data on the total addressable market for foldable display

15 applications, indicating a smaller near-term market opportunity that was growing less rapidly than

16 anticipated, as well as its impact on Zymergen's sales forecast; (iii) the Company's full

17 reexamination of all Zymergen target markets to determine if a shift in market focus was

18 appropriate; (iv) the Zymergen Board of Directors forming dedicated committees, including a

19 Strategic Oversight Committee, and working with outside experts to conduct an in-depth review

20 of the Company's operational, financial, product, and commercialization efforts to facilitate the

21 development of an updated strategic plan; (v) the Company conducting a cultural assessment to

22 ensure that there would be broad-based accountability across the organization and that the

23 Company would operate with transparency and openness; (vi) the Company's efforts to reestablish

24 the credibility of the leadership team and the Company; (vii) the Company's plan to reduce and

25 align expenses with the change in the Company's revenue expectations; and (viii) the changes

26 made to Zymergen's commercial teams;

27

28

(k)      Zymergen's internal and external sales forecasts for 2021, 2022, and 2023, including the basis and assumptions used, deviations from expectations, and decisions to revise those forecasts;

(l)      the markets for Zymergen's various products, including the data referenced in the Registration Statement, and the basis and assumptions used for the market figures;

(m)      the Softbank, True Ventures, and DCVC Defendants' relationship with, and control over, Zymergen and their appointed board member defendants, including the agent-principal and/or employer-employee relationship between the Softbank, True Ventures, and DCVC Defendants and their board member defendants;

(n)      Defendants' relevant communications with private shareholders, including authorizations in connection with the IPO, various reporting provided to and valuations conducted by venture capital funds, negotiations for financings prior to the IPO, communications with venture capital funds' limited partners concerning Zymergen, and communications with shareholders after the negative disclosures in the Complaint;

(o)      Defendants' relevant communications with internal and external accountants and auditors, including reporting to the Audit Committee;

(p)      the inquiries by, and communications with, government agencies, including the SEC and DOJ;

(q)      Defendants' communications with analysts and investors;

(r)      media and analyst coverage of Zymergen during the relevant time period;

(s)      Defendants' communications with customers and potential customers;

(t)      Defendants' transactions in, or utilization of, Zymergen securities;

(u)      the acquisition of Zymergen by Ginkgo; and

(v)      Defendants' initial disclosures and affirmative defenses, including the 40 newly identified individuals and entities which defendants intend to rely upon for their due diligence defense.

**b. Defendants' Position**

Discovery is automatically stayed. *See* 15 U.S.C. § 77z-1(b)(1). The Softbank, True Ventures, and DCVC Defendants intend to file motions to dismiss, and the Parties have agreed on a briefing schedule.

Defendants disagree with Plaintiffs' characterization of the Individual Defendants' recent responses to interrogatories, including the suggestion that they identified individuals or entities who were late-disclosed or that obtaining discovery from these individuals and entities is warranted or critical. Defendants believe that Plaintiffs' proposed categories of discovery set forth above are overly broad and extend well beyond the legal and factual issues in this case. To date, Zymergen and the Individual Defendants have produced more than 750,000 pages of documents to Plaintiffs. This includes all documents Zymergen has produced to the SEC through February 15, 2024. The Underwriter Defendants have produced more than 500,000 pages of documents to Plaintiffs. Defendants believe that this is a straightforward case, focused on specific portions of the IPO Registration Statement challenged by Plaintiffs. Under Section 11, the issues to be litigated are whether Plaintiffs can demonstrate that the challenged statements were materially false or misleading *as of the effective date of the Registration Statement* (April 21, 2021), the extent to which Plaintiffs can demonstrate damage (if any) to the alleged class pursuant to Section 11(e), and the extent to which any of the Defendants are entitled to avail themselves of the statutory defenses set forth in Section 11(b). Defendants reserve the right to object to discovery requests on grounds of relevance, proportionality, privilege and other grounds pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure.

**3. Proposed Modifications of the Discovery Rules**

The Court previously approved certain of the Parties' agreement to expand the ten-deposition limit prescribed by Rule 30 of the Federal Rules of Civil Procedure to 20 depositions and to expand the limit of 25 interrogatories prescribed under Rule 33 of the Federal Rules of Civil Procedure to 30 interrogatories. ECF 165 at 13.

### 4. Discovery Disputes

The Parties currently dispute whether discovery is stayed pursuant to 15 U.S. Code § 77z–1(b)(1). Defendants have taken the position that discovery is automatically stayed pending a decision on the Softbank, True Ventures, and DCVC Defendants' anticipated motions to dismiss. Notwithstanding the stay, and without waiving any rights to invoke the stay with regard to discovery more generally, the Underwriter Defendants and Softbank have agreed to complete productions as ordered by the Magistrate Judge. ECF 226, 237, 335. As no motion to dismiss is currently pending, it is Plaintiffs' position that discovery is not currently stayed.

Plaintiffs and Defendants remain at odds over outstanding discovery requests, which the Parties will continue to try and work through if discovery is deemed ongoing. However, the Parties have no discovery disputes which are currently ripe for the Court to address.

### 5. Protective Order

On February 28, 2023, Magistrate Judge Donna M. Ryu entered certain of the Parties' Stipulated Protective Order concerning confidential information in this case. ECF 175.

### 6. Electronically Stored Information ("ESI")

Document production shall be made, so far as practicable, in electronic format. Certain of the Parties engaged in extensive negotiations of an Electronic Discovery Protocol concerning the search for and production of documents in this case which was not finalized prior to Zymergen's bankruptcy stay. Accordingly, as it currently stands, the Parties are to adhere to the Federal Rules of Civil Procedure and applicable case law concerning production of ESI.

### H. Class Actions

On August 11, 2023, the Court granted Lead Plaintiff's unopposed motion to certify the class, appoint class representative and appoint class counsel. ECF 194.

### I. Related Cases

The Parties are aware of a derivative action pending in this Court captioned *Mellor v. Hoffman, et al.*, No. 5:21-cv-08723-VC (N.D. Cal.). *Mellor* is based on allegations substantially similar to those in this case and has been stayed by Order of the Court.

**J. Relief Sought**

        **1. Plaintiffs' Position**

Plaintiffs assert claims under §§11 and 15 of the Securities Act and seek: (1) an order declaring this action to be a proper class action pursuant to Rule 23 of the Federal Rules of Civil Procedure; (2) damages, including pre-judgment and post-judgment interest; (3) reasonable costs and expenses incurred in this action, including attorneys' fees; and (4) such other relief as the Court may deem just and proper. The calculation of damages in this complex securities fraud class action will be the subject of expert analysis.

        **2. Defendants' Position**

Defendants deny that Plaintiffs are entitled to any relief.

**K. Settlement and ADR**

On January 18, 2023, the Court ordered that the then-existing Parties participate in private mediation to be completed within 120 days. ECF 167. On May 12, 2023, a private mediation was held but those Parties were unsuccessful in resolving the case.

**L. Consent to Magistrate Judge for all Purposes**

The Parties do not consent to a magistrate judge for all further proceedings, including trial and entry of judgment. The Parties understand that this Court automatically refers some civil cases to a magistrate judge for discovery purposes.

**M. Other References**

The Parties do not believe this case is suitable for references to binding arbitration, special master, or the Judicial Panel on Multidistrict Litigation.

**N. Narrowing of Issues**

At this stage of the proceedings, the Parties believe the narrowing of issues; suggestions to expedite the presentation of evidence at trial; and requests to bifurcate issues, claims, or defenses, whether by agreement or by stipulation, are premature.

**O. Expedited Trial Procedure**

The Parties do not believe this case is appropriate to be handled under the Expedited Trial Procedure of General Order No. 64.

**P.     Scheduling**

Pursuant to the Court's February 26, 2024 Order, the Parties are to propose a full case schedule through trial. ECF 313 at 6. Defendants' position is that discovery is stayed until the Court resolves the Softbank, True Ventures, and DCVC Defendants' anticipated motions to dismiss. Plaintiffs do not agree with this position. Within 14 days of the issuance of an order on the anticipated motions to dismiss, the Parties will submit an updated case schedule with specific dates reflecting the intervals specified below and taking into account weekends, holidays or other conflicts.

| Deadline | Proposed Date |
|---|---|
| Answer to SAC (other than Softbank, True Ventures, and DCVC) | April 4, 2024 |
| SAC MTD | April 4, 2024 |
| SAC MTD Opposition[5] | May 16, 2024 |
| SAC MTD Reply | June 6, 2024 |
| SAC MTD Hearing | June 20, 2024 |
| Rule 26 Conference (Softbank, True Ventures, and DCVC) | Within 10 days of MTD Order |
| Initial Disclosures (Softbank, True Ventures, and DCVC) | 21 days from MTD Order |
| Answer to SAC (Softbank, True Ventures, and DCVC) | 45 days from MTD Order |
| Fact Discovery Deadline | 150 days from MTD Order |
| Opening Expert Reports | 6 weeks following close of fact discovery |
| Rebuttal Expert Reports | 6 weeks following opening reports |
| Close of Expert Discovery | 5 weeks following rebuttal reports |
| Dispositive and *Daubert* Motion Deadline | 6 weeks following close of expert discovery |

---

[5] Presuming that the Softbank, True Ventures, and DCVC Defendants each file a separate motion to dismiss, Plaintiffs request the option of filing a single 35 page omnibus response to their motions. If other Defendants file motions to dismiss, or if the Softbank, True Ventures, and DCVC Defendants collectively file more than three motions to dismiss, Plaintiffs anticipate responding separately to those motions.

| Deadline | Proposed Date |
|---|---|
| Opposition to *Daubert* and Dispositive Motions | 6 weeks following opening motions |
| Replies to *Daubert* and Dispositive Motions | 4 weeks following oppositions |
| Hearing on Dispositive Motion | At the Court's discretion, at least 2 weeks following replies |
| Pre-Trial Conference Statement | 4 weeks after decision on dispositive and *Daubert* motions |
| Pre-Trial Conference | At the Court's discretion, at least 2 weeks following pretrial conference statement submitted |
| Trial | At the Court's discretion, at least 4 weeks following pretrial conference |

**Q.     Trial**

This case will be tried to a jury.  The Parties believe it is premature at this juncture to estimate the length of trial.

**R.     Disclosure of Non-Party Interested Entities or Persons**

On November 2, 2022, Zymergen filed a Certification of Interested Entities or Persons and reported that Ginkgo completed its acquisition of Zymergen on October 19, 2022 and that Ginkgo serves as Zymergen's parent corporation.  ECF 161.  Ginkgo will serve in such capacity until, on or after the effective date of the Zymergen Plan, the corporate and organizational existence of the Zymergen debtors is terminated.

## S.	Professional Conduct

All counsel of record for the Parties certify that they have reviewed the Guidelines for Professional Conduct for the Northern District of California.

DATED: March 29, 2024

ROBBINS GELLER RUDMAN & DOWD LLP
SHAWN A. WILLIAMS
DANIEL J. PFEFFERBAUM
ALAINA L. GILCHRIST

s/ Daniel J. Pfefferbaum
DANIEL J. PFEFFERBAUM

Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA  94104
Telephone:  415/288-4545
415/288-4534 (fax)
shawnw@rgrdlaw.com
dpfefferbaum@rgrdlaw.com
agilchrist@rgrdlaw.com

ROBBINS GELLER RUDMAN & DOWD LLP
JUAN CARLOS SANCHEZ
PATTON L. JOHNSON
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
jsanchez@rgrdlaw.com
pjohnson@rgrdlaw.com

Lead Counsel for Lead Plaintiff

BERMAN TABACCO
NICOLE LAVALLEE (SBN 165755)
KRISTIN J. MOODY (SBN 206326)
JEFFREY V. ROCHA (SBN 304852)
425 California Street, Suite 2300
San Francisco, CA  94104
Telephone:  415/433-3200
415/433-6382 (fax)
nlavallee@bermantabacco.com
kmoody@bermantabacco.com
jrocha@bermantabacco.com

BERMAN TABACCO
LESLIE R. STERN
One Liberty Square
Boston, MA  02109
Telephone:  617/542-8300
617/542-1194 (fax)
lstern@bermantabacco.com

Counsel for Plaintiff West Palm Beach
Firefighters' Pension Fund

KLAUSNER, KAUFMAN, JENSEN
  & LEVINSON
ROBERT D. KLAUSNER
BONNI S. JENSEN
7080 NW 4th Street
Plantation, FL  33317
Telephone:  954/916-1202
954/916-1232 (fax)
bob@robertdklausner.com
bonni@robertdklausner.com

Board Counsel for Plaintiff West Palm Beach
Firefighters' Pension Fund

DATED:  March 29, 2024

WILMER CUTLER PICKERING HALE AND
  DORR LLP
PETER J. KOLOVOS (*appearance pro hac vice*)

_____
            s/ Peter J. Kolovos
         PETER J. KOLOVOS

60 State Street
Boston, MA  02109
Telephone:  617/526-6000
617/526-5000 (fax)
peter.kolovos@wilmerhale.com

WILMER CUTLER PICKERING HALE AND
DORR LLP
KEVIN P. MUCK (SBN 120918)
SUSAN S. MUCK (SBN 126930)
One Front Street, Suite 3500
San Francisco, CA 94111
Telephone: 628/235-1000
628/235-1001 (fax)
kevin.muck@wilmerhale.com
susan.muck@wilmerhale.com

Attorneys for Defendants Zymergen Inc., Steven
Chu, Jay T. Flatley, Christine M. Gorjanc, Travis
Murdoch, Matthew A. Ocko, Sandra E. Peterson,
Zach Serber, and Rohit Sharma

DATED: March 29, 2024                   MORGAN, LEWIS & BOCKIUS LLP
                                        MICHAEL L. KICHLINE (*pro hac vice*)


                                        _____s/ Michael L. Kichline_____
                                        MICHAEL L. KICHLINE

                                        1701 Market Street
                                        Philadelphia, PA 19103-2921
                                        Telephone: 215/963-5000
                                        215/963-5001 (fax)
                                        michael.kichline@morganlewis.com

                                        MORGAN, LEWIS & BOCKIUS LLP
                                        CHARLENE S. SHIMADA (SBN 91407)
                                        KEVIN M. PAPAY (SBN 274161)
                                        One Market, Spear Street Tower
                                        San Francisco, CA 94105-1596
                                        Telephone: 415/442-1000
                                        415/442-1001 (fax)
                                        charlene.shimada@morganlewis.com
                                        kevin.papay@morganlewis.com

                                        Attorneys for Defendants J.P. Morgan Securities
                                        LLC, Goldman Sachs & Co. LLC, Cowen and
                                        Company, LLC, BofA Securities, Inc., UBS
                                        Securities LLC, and Lazard Frères & Co. LLC

DATED: March 29, 2024

EHRLICH & CRAIG LLP
MILES EHRLICH (SBN 237954)
AMY CRAIG (SBN 269339)
EMILY BERRY (SBN 248008)

_s/ Miles Ehrlich_
MILES EHRLICH

803 Hearst Avenue
Berkeley, CA 94710
Telephone: 510/548.3600
510/291.3060 (fax)
miles@ehrlich-craig.com
amy@ehrlich-craig.com
emily@ehrlich-craig.com

Attorneys for Defendant Josh Hoffman

DATED: March 29, 2024

MORRISON & FOERSTER LLP
RYAN M. KEATS (SBN 296463)
MICHAEL KOMOROWSKI (SBN 323517)

_s/ Ryan M. Keats_
RYAN M. KEATS

425 Market Street
San Francisco, CA 94105-2482
Telephone: 415/268-7000
415/268-7522 (fax)
RKeats@mofo.com
MKomorowski@mofo.com

Attorneys for Defendant Enakshi Singh

DATED: March 29, 2024

GIBSON, DUNN & CRUTCHER LLP
MICHAEL D. CELIO, SBN 197998

_s/ Michael D. Celio_
MICHAEL D. CELIO

310 University Avenue
Palo Alto, California 94301-1744
Telephone: 650.849.5300
Facsimile: 650.849.5333
MCelio@gibsondunn.com

MICHAEL J. KAHN, SBN 303289
One Embarcadero Center, Suite 2600
San Francisco, California 94111-3715
Telephone: 415.393.8200
Facsimile: 415.393.8306
MJKahn@gibsondunn.com

Attorneys for Defendants Data Collective II,
L.P., DCVC Opportunity Fund, L.P., and DCVC
Management Co, LLC

DATED: March 29, 2024

QUINN EMANUEL URQUHART &
   SULLIVAN LLP
LINDA J. BREWER (SBN 217730)

_s/ Linda J. Brewer_
LINDA J. BREWER

50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile (415) 875-6700
lindabrewer@quinnemanuel.com

HARRY A. OLIVAR, JR (SBN 143089)
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100
harryolivar@quinnemanuel.com

Attorneys for Defendants SVF Endurance
(Cayman) Ltd., SVF Excalibur (Cayman) Ltd.,
SoftBank Vision Fund (AIV M1) LP and SB
Investment Advisers (US) Inc.

| | |
|---|---|
| 1 | DATED: March 29, 2024 |
| 2 | |
| 3 | |

GOODWIN PROCTER LLP

_s/ Daniel Roeser_

JONATHAN A SHAPIRO (SBN 257199)
JShapiro@goodwinlaw.com
HAYES P. HYDE (SBN 308031)
HHyde@goodwinlaw.com
NICOLE KIM (SBN 324698)
NicoleKim@goodwinlaw.com
DANIEL ROESER (Pro Hac Vice)
DRoeser@goodwinlaw.com
VALERIE A. HAGGANS (Pro Hac Vice)
VHaggans@goodwinlaw.com

Attorneys for Defendants True Ventures IV,
L.P.; True Ventures Select I, L.P.; True Ventures
Select II, L.P.; True Ventures Select III, L.P.;
True Ventures Select IV, L.P.; and True Venture
Management, L.L.C.

**ATTESTATION PURSUANT TO LOCAL RULE 5-1**

I, Daniel J. Pfefferbaum, am the ECF user whose identification and password are being used to file the FURTHER JOINT CASE MANAGEMENT CONFERENCE STATEMENT AND [PROPOSED] ORDER.  Pursuant to Local Rule 56-1(h)(3), I hereby attest that Peter J. Kolovos, Michael L. Kichline, Miles Ehrlich, Ryan M. Keats, Michael D. Celio, Linda J. Brewer and Daniel Roeser have concurred in this filing.

DATED:  March 29, 2024

                                                    s/ Daniel J. Pfefferbaum
                                              DANIEL J. PFEFFERBAUM

\*        \*        \*

**O R D E R**

IT IS SO ORDERED.

DATED: _____    _____
                                              THE HONORABLE P. CASEY PITTS
                                              UNITED STATES DISTRICT JUDGE