1  RYAN M. KEATS (CA SBN 296463)
   RKeats@mofo.com
2  DAVID J. WIENER (CA SBN 291659)
   DWiener@mofo.com
3  MICHAEL KOMOROWSKI (CA SBN 323517)
   MKomorowski@mofo.com
4  CHRISTINA DIEROLF (CA SBN 335258)
   CDierolf@mofo.com
5  LARA McDONOUGH (CA SBN 340017)
   LMcDonough@mofo.com
6  MORRISON & FOERSTER LLP
   425 Market Street
7  San Francisco, California 94105-2482
   Telephone: 415.268.7000
8  Facsimile: 415.268.7522

9  Attorneys for Defendant Enakshi Singh

10

11                  UNITED STATES DISTRICT COURT

12                 NORTHERN DISTRICT OF CALIFORNIA

13                        SAN JOSE DIVISION

14

15  BIAO WANG, Individually and on Behalf of      Case No. 5:21-cv-06028-PCP
    All Others Similarly Situated,
16                                                **DEFENDANT ENAKSHI SINGH'S**
                    Plaintiff,                    **ANSWER TO PLAINTIFFS' SECOND**
17                                                **AMENDED CLASS ACTION**
           v.                                     **COMPLAINT FOR VIOLATIONS OF**
18                                                **THE FEDERAL SECURITIES LAW**
    ZYMERGEN INC., et al.,
19
                    Defendants.
20

21

22

23

24

25

26

27

28

1   Defendant Enakshi Singh ("Ms. Singh"), by and through her undersigned counsel, hereby

2   answer and respond as follows to the Second Amended Class Action Complaint for Violations of

3   the Federal Securities Laws (the "Amended Complaint") filed by Lead Plaintiff Biao Wang and

4   Plaintiff West Palm Beach Firefighters' Pension Fund (collectively the "Plaintiffs") in the above-

5   captioned action (the "Action").

6   On November 29, 2022, the Court entered an Order granting in part and denying in part

7   motions filed by Zymergen Inc. ("Zymergen"), the Individual Defendants[1], the Underwriter

8   Defendants[2], and certain of the so-called Controlling Stockholders (collectively the "Defendants")

9   to dismiss the Amended Class Action Complaint dated February 24, 2022 (the "Complaint").[3]   *See*

10   Order Granting In Part and Denying In Part Mot. to Dismiss (ECF No. 162) ("Motion to Dismiss

11   Order").  In the Motion to Dismiss Order, the Court dismissed the Section 15 claim against the so-

12   called Controlling Stockholders.  *See* ECF No. 162 at 4.  The Court denied Defendants' motion to

13   dismiss Plaintiffs' claims under Section 11.  *Id*.  On December 21, 2023, Plaintiffs sought leave to

14   amend their complaint to re-plead a Section 15 claim against the so-called Controlling

15   Stockholders, including three entities that were not named as defendants in the Complaint.  The

16   Court granted Plaintiffs leave on February 26, 2024.  On March 4, 2024, Plaintiffs filed the

17   Amended Complaint.

18   Except as expressly admitted herein, Ms. Singh denies each and every allegation set forth

19   in the Amended Complaint.  Paragraph numbers in this Answer and the responses contained herein

20

21   [1] The Individual Defendants are Steven Chu, Jay T. Flatley, Christine M. Gorjanc, Travis
    Murdoch, Matthew A. Ocko, Sandra E. Peterson, Zach Serber, Rohit Sharma, Josh Hoffman, and
22   Enakshi Singh.

23   [2] The Underwriter Defendants are J.P. Morgan Securities LLC, Goldman Sachs & Co. LLC, Cowen
    and Company, LLC, BofA Securities, Inc., UBS Securities LLC, and Lazard Frères & Co. LLC.

24   [3] The entities that the Second Amended Complaint refer to collectively as the Controlling
    Stockholders are SVF Excalibur (Cayman) Limited, SVF Endurance (Cayman) Limited, SoftBank
25   Vision Fund (AIV M1) L.P., SB Investment Advisers (US) Inc. (collectively, "Softbank
    Defendants"); Data Collective II, L.P., DCVC Opportunity Fund, L.P., and DCVC Management
26   Co, LLC (collectively, "DCVC"); and True Ventures IV, L.P., True Ventures Select I, L.P., True
    Ventures Select II, L.P., True Ventures Select III, L.P., True Ventures Select IV, L.P., and True
27   Ventures Management, L.L.C. (collectively, "True Ventures").  The Amended Complaint did not
    assert claims against SB Investment Advisers (US) Inc., DCVC Management Co. LLC, True
28   Venture Management, L.L.C.  Those parties were added as defendants for the first time in the
    Second Amended Complaint.

correspond and respond to the allegations in the like-numbered paragraphs of the Amended Complaint.  To the extent the paragraphs in the Amended Complaint are grouped under headings and sub-headings, Ms. Singh responds generally that such headings and sub-headings state unsupported legal conclusions as to which no response is required.  To the extent a response is necessary, Ms. Singh denies each heading and sub-heading in the Amended Complaint and incorporates by reference this response in each paragraph below as if fully set forth therein.

To the extent Ms. Singh responds that a document speaks for itself, such an assertion shall not be deemed to be an admission that the contents of any such document are accurate or complete unless so stated expressly.  Any allegations in the Amended Complaint that state a legal conclusion do not require a response and, to the extent that any response is required, such allegations are denied.  Ms. Singh generally and specifically denies any averments in the Amended Complaint's unnumbered paragraphs, footnotes, and prayer for relief except as expressly admitted herein, and specifically denies that Plaintiffs are entitled to the relief sought in their Prayer for Relief.  Ms. Singh denies any characterization, including bolding, italics, or paraphrasing, of any alleged statement or that is not a full and accurate quote of the actual complete statement in context.  Ms. Singh reserves the right to amend and/or supplement this answer.

## **ANSWER TO SPECIFIC ALLEGATIONS**[4]

1. In response to Paragraph 1, Ms. Singh admits that Plaintiffs purport to re-plead claims previously dismissed and add new allegations and claims.  Except as so expressly admitted, Ms. Singh denies each and every allegation in Paragraph 1.

2. Ms. Singh denies each and every allegation in Paragraph 2.

3. In response to Paragraph 3, Ms. Singh admits that Plaintiffs purport to assert control claims against the so-called Controlling Stockholders.  Except as so expressly admitted, Ms. Singh denies each and every allegation in Paragraph 3.

4. In response to Paragraph 4, Ms. Singh admits that Plaintiffs purport to add as defendants SB Investment Advisers (US) Inc., DCVC Management Co, LLC, and True Venture

---

[4] Ms. Singh lacks knowledge and information sufficient to form a belief as to the truth of the allegations in the prefatory paragraph found at page 1, lines 1 through 12, and on that basis denies each and every allegation therein.

Management, L.L.C. and purport to assert control claims against said defendants. Ms. Singh lacks knowledge or information sufficient to form a belief as to the allegations in the second sentence, and on that basis denies such allegations. Except as so expressly admitted, Ms. Singh denies each and every allegation in Paragraph 4.

5. In response to Paragraph 5, Ms. Singh admits that Plaintiffs purport to assert a theory of vicarious liability under the doctrine of respondeat superior against the Controlling Stockholders. Except as so expressly admitted, Ms. Singh denies each and every allegation in Paragraph 5.

6. In response to Paragraph 6, Ms. Singh admits that Plaintiffs purport to assert class claims under the Securities Act of 1933. Except as so expressly admitted, Ms. Singh denies each and every allegation in Paragraph 6.

7. In response to Paragraph 7, Ms. Singh admits that, at the times relevant to this action, Zymergen integrated computational and manufacturing technologies to design, engineer and optimize microbes for industrial applications, that it developed a platform that treats the genome as a search space, using proprietary machine learning algorithms and advanced automation to identify genetic changes that improve the economics for its customers' bio-based products for a range of industries, including electronics, consumer care, chemicals, materials, agriculture and pharmaceuticals, and that its platform was used to discover novel molecules designed to enable unique material properties. Ms. Singh further admits that the Company was incorporated in Delaware on April 24, 2013. Except as so expressly admitted, Ms. Singh denies each and every allegation in Paragraph 7.

8. In response to Paragraph 8, Ms. Singh admits that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context certain unidentified statements, which statements, if identified, would speak for themselves. Except as so expressly admitted, Ms. Singh denies each and every allegation in Paragraph 8.

9. In response to Paragraph 9, Ms. Singh admits that Zymergen's initial public offering was completed on April 22, 2021, that the Company filed a Prospectus on Form 424B4 with the SEC on April 23, 2021, that (including the full exercise of the underwriters' allotment of 2,419,500 shares) approximately 18,549,500 shares of the Company's common stock were sold in the IPO at

a price of $31.00 per share, and that the proceeds and anticipated uses of the proceeds were as specified in the Registration Statement filed with the SEC in connection with Zymergen's initial public offering (which may be referred to herein as the "Registration Statement"), which speaks for itself.  Except as so expressly admitted, Ms. Singh denies each and every allegation in Paragraph 9.

10.    In response to Paragraph 10, Ms. Singh admits that Zymergen's common stock began trading on the Nasdaq Global Select Market on April 22, 2021 with the ticker symbol "ZY," and as of the closing of the IPO there were approximately 100.36 million shares of the Company's common stock outstanding.  Ms. Singh further admits that daily closing prices for the Company's publicly traded securities are readily available, and that such data speaks for itself.  Except as so expressly admitted, Ms. Singh denies each and every allegation in Paragraph 10.

11.    Ms. Singh denies each and every allegation in Paragraph 11.

12.    Ms. Singh denies each and every allegation in Paragraph 12.

13.    In response to Paragraph 13, Ms. Singh admits that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context certain portions of the Registration Statement, and that the full and actual contents of the Registration Statement are accurate and speak for themselves.  Except as so expressly admitted, Ms. Singh denies each and every allegation in Paragraph 13.

14.    In response to Paragraph 14, Ms. Singh admits that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context certain portions the Registration Statement, and that the full and actual contents of the Registration Statement are accurate and speak for themselves.  Except as so expressly admitted, Ms. Singh denies each and every allegation in Paragraph 14.

15.    In response to Paragraph 15, Ms. Singh admits that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context certain portions of the Registration Statement, and that the full and actual contents of the Registration Statement are accurate and speak for themselves.  Except as so expressly admitted, Ms. Singh denies each and every allegation in Paragraph 15.

16.     In response to Paragraph 16, Ms. Singh admits that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context certain portions of the Registration Statement, and that the full and actual contents of the Registration Statement are accurate and speak for themselves.   Except as so expressly admitted, Ms. Singh denies each and every allegation in Paragraph 16.

17.     In response to Paragraph 17, Ms. Singh admits that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context certain portions of the Registration Statement, and that the full and actual contents of the Registration Statement are accurate and speak for themselves.   Except as so expressly admitted, Ms. Singh denies each and every allegation in Paragraph 17.

18.     In response to Paragraph 18, Ms. Singh admits that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context certain portions of the Registration Statement, and that the full and actual contents of the Registration Statement are accurate and speak for themselves.   Except as so expressly admitted, Ms. Singh denies each and every allegation in Paragraph 18.

19.     In response to Paragraph 19, Ms. Singh admits that in the first sentence, Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context certain portions of the Registration Statement, and that the full and actual contents of the Registration Statement are accurate and speak for themselves.   Except as so expressly admitted, Ms. Singh denies each and every allegation in the first sentence.   In response to the remainder of Paragraph 19, Ms. Singh admits that Zymergen reported in the Registration Statement total revenues of approximately $15.4 million and $13.3 million in 2019 and 2020, respectively, net losses of $236.8 million and $262.2 million in 2019 and 2020, respectively, and an accumulated deficit of $773.7 million as of December 31, 2020.   Ms. Singh further admits that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context certain portions of the Registration Statement regarding the going concern qualification contained in the Company's financial statements as of December 31, 2020, and that the full and actual contents of the Registration Statement are accurate and speak for themselves.   Except as so expressly admitted, Ms. Singh denies each and every remaining

1    allegation in Paragraph 19.

2        20.    In response to Paragraph 20, Ms. Singh admits that in the second sentence, Plaintiffs

3    purport to characterize, paraphrase, and quote selectively and out of context certain portions of the

4    Registration Statement, and that the full and actual contents of the Registration Statement are

5    accurate and speak for themselves.  Except as so expressly admitted, Ms. Singh denies each and

6    every allegation in Paragraph 20.

7        21.    In response to Paragraph 21, Ms. Singh admits that Zymergen issued a press release

8    and hosted a conference call on August 3, 2021, that Plaintiffs purport to characterize, paraphrase,

9    and quote selectively and out of context certain statements made in the press release and conference

10   call, and that the full and actual contents of the press release and statements made by representatives

11   of Zymergen in the conference call are accurate and speak for themselves.  Except as so expressly

12   admitted, Ms. Singh denies each and every allegation in Paragraph 21.

13       22.    In response to Paragraph 22, Ms. Singh admits that Zymergen issued a press release

14   and hosted a conference call on August 3, 2021, that Plaintiffs purport to characterize, paraphrase,

15   and quote selectively and out of context certain statements made in the press release and conference

16   call, and that the full and actual contents of the press release and statements made by representatives

17   of Zymergen in the conference call are accurate and speak for themselves.  Except as so expressly

18   admitted, Ms. Singh denies each and every allegation in Paragraph 22.

19       23.    In response to Paragraph 23, Ms. Singh admits that Mr. Flatley was appointed to

20   serve as Zymergen's Acting Chief Executive Officer on August 2, 2021, following the mutual

21   decision by the Company and Mr. Hoffman that Mr. Hoffman would step down as Chief Executive

22   Officer and a member of the Board.  Ms. Singh further admits that Plaintiffs purport to characterize,

23   paraphrase, and quote selectively and out of context certain statements made by Mr. Flatley on

24   August 3, 2021, and that the full and actual statements made by Mr. Flatley are accurate and speak

25   for themselves.  Except as so expressly admitted, Ms. Singh denies each and every allegation in

26   Paragraph 23.

27       24.    Ms. Singh denies each and every allegation in Paragraph 24.

28       25.    In response to Paragraph 25, Ms. Singh admits that Plaintiffs purport to characterize,

1   paraphrase, and quote selectively and out of context certain statements made by Zymergen on

2   August 3, 2021, and that the full and actual statements made by Zymergen are accurate and speak

3   for themselves.  Except as so expressly admitted, Ms. Singh denies each and every allegation in

4   Paragraph 25.

5          26.     In response to Paragraph 26, Ms. Singh admits that Plaintiffs purport to characterize,

6   paraphrase, and quote selectively and out of context certain statements made by Mr. Flatley on

7   August 3, 2021, and that the full and actual statements made by Mr. Flatley are accurate and speak

8   for themselves.  Except as so expressly admitted, Ms. Singh denies each and every allegation in

9   Paragraph 26.

10         27.     In response to Paragraph 27, Ms. Singh admits that Plaintiffs purport to characterize,

11  paraphrase, and quote selectively and out of context certain statements made by Zymergen on

12  August 3, 2021, and that the full and actual statements made by Zymergen are accurate and speak

13  for themselves.  Except as so expressly admitted, Ms. Singh denies each and every allegation in

14  Paragraph 27.

15         28.     In response to Paragraph 28, Ms. Singh admits that Plaintiffs purport to characterize,

16  paraphrase, and quote selectively and out of context certain statements made by Zymergen on

17  August 3, 2021, and that the full and actual statements made by Zymergen are accurate and speak

18  for themselves.  Except as so expressly admitted, Ms. Singh denies each and every allegation in

19  Paragraph 28.

20         29.     In response to Paragraph 29, Ms. Singh admits that Plaintiffs purport to characterize,

21  paraphrase, and quote selectively and out of context certain statements made by Zymergen on

22  August 3, 2021, and that the full and actual statements made by Zymergen are accurate and speak

23  for themselves.  Except as so expressly admitted, Ms. Singh denies each and every allegation in

24  Paragraph 29.

25         30.     In response to Paragraph 30, Ms. Singh admits that Plaintiffs purport to characterize,

26  paraphrase, and quote selectively and out of context certain statements made by unstated third-

27  party analysts, and that the full and actual statements made by such third parties speak for

28  themselves.  Except as so expressly admitted, Ms. Singh denies each and every allegation in

Paragraph 30.

31.     In response to Paragraph 31, Ms. Singh admits that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context certain statements made by unstated third-party analysts, and that the full and actual statements made by such third parties speak for themselves.  Ms. Singh further admits that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context certain statements made by Mr. Flatley during the conference call on August 3, 2021, and that the full and actual statements made by Mr. Flatley are accurate and speak for themselves.  Except as so expressly admitted, Ms. Singh denies each and every allegation in Paragraph 31.

32.     In response to Paragraph 32, Ms. Singh admits that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context certain statements made by unstated third-party analysts, including William Blair & Company, and that the full and actual statements made by such third parties speak for themselves.  Except as so expressly admitted, Ms. Singh denies each and every allegation in Paragraph 32.

33.     In response to Paragraph 33, Ms. Singh admits that certain government agencies, including the Securities and Exchange Commission, have requested information related to Zymergen's August 3, 2021 disclosure.  Except as so expressly admitted, Ms. Singh denies each and every allegation in Paragraph 33.

34.     In response to Paragraph 34, Ms. Singh admits that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context certain statements made by Zymergen on August 3, 2021 and November 3, 2021, and that the full and actual statements made by Zymergen are accurate and speak for themselves.  Except as so expressly admitted, Ms. Singh denies each and every allegation in Paragraph 34.

35.     In response to Paragraph 35, Ms. Singh admits that daily closing prices for the Company's publicly traded securities are readily available, and that such data speaks for itself.  Except as so expressly admitted, Ms. Singh denies each and every allegation in Paragraph 35.

36.     In response to Paragraph 36, Ms. Singh admits that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context certain statements made by Zymergen on

September 23, 2021, and that the full and actual statements made by Zymergen are accurate and speak for themselves.  Except as so expressly admitted, Ms. Singh denies each and every allegation in Paragraph 36.

37.     In response to Paragraph 37, Ms. Singh admits that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context certain statements made by third parties via media outlets, and that the full and actual statements made by such third parties speak for themselves.  Except as so expressly admitted, Ms. Singh denies each and every allegation in Paragraph 37.

38.     In response to Paragraph 38, Ms. Singh admits that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context certain statements made by Zymergen in a filing with the SEC on Form 8-K on October 21, 2021, and that the full and actual statements made by Zymergen in that document are accurate and speak for themselves.  Except as so expressly admitted, Ms. Singh denies each and every allegation in Paragraph 38.

39.     In response to Paragraph 39, Ms. Singh admits that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context certain statements made by Zymergen in a filing with the SEC on Form 8-K on October 21, 2021, and that the full and actual statements made by Zymergen in that document are accurate and speak for themselves.  Ms. Singh further admits that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context Amendment No. 1, Waiver and Consent to Amended and Restated Credit Agreement and Guaranty (the "Amendment") with respect to the Amended and Restated Credit Agreement and Guaranty, dated as of February 26, 2021 (the "Credit Agreement"), and that the full and actual Amendment and Credit Agreement speak for themselves.  Except as so expressly admitted, Ms. Singh denies each and every allegation in Paragraph 39.

40.     In response to Paragraph 40, Ms. Singh admits that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context certain statements made by Zymergen in a filing with the SEC on Form 8-K on October 21, 2021, and that the full and actual statements made by Zymergen in that document are accurate and speak for themselves.  Except as so expressly admitted, Ms. Singh denies each and every allegation in Paragraph 40.

41.     In response to Paragraph 41, Ms. Singh admits that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context certain statements made by Zymergen in a press release and conference call on November 3, 2021, and that the full and actual statements made by Zymergen in that press release and conference call are accurate and speak for themselves. Except as so expressly admitted, Ms. Singh denies each and every allegation in Paragraph 41.

42.     In response to Paragraph 42, Ms. Singh admits that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context certain statements made by Zymergen and Mr. Flatley in a press release and conference call on November 3, 2021, and that the full and actual statements made by Zymergen and Mr. Flatley in that press release and conference call are accurate and speak for themselves.  Except as so expressly admitted, Ms. Singh denies each and every allegation in Paragraph 42.

43.     In response to Paragraph 43, Ms. Singh admits that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context certain statements made by Zymergen in a press release on November 3, 2021, and that the full and actual statements made by Zymergen in that press release are accurate and speak for themselves.  Except as so expressly admitted, Ms. Singh denies each and every allegation in Paragraph 43.

44.     In response to Paragraph 44, Ms. Singh admits that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context certain statements made by Zymergen on November 3, 2021 and in its filing on Form 10-Q for the third quarter of fiscal 2021, and that the full and actual statements made by Zymergen are accurate and speak for themselves.  Except as so expressly admitted, Ms. Singh denies each and every allegation in Paragraph 44.

45.     In response to Paragraph 45, Ms. Singh admits that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context certain statements made by a third party via a media outlet, and that the full and actual statements made by such third party speak for themselves. Except as so expressly admitted, Ms. Singh denies each and every allegation in Paragraph 45.

46.     In response to Paragraph 46, Ms. Singh admits that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context certain statements made by Mr. Flatley at a JPMorgan Healthcare Conference on January 10, 2022, and that the full and actual statements made

by Mr. Flatley are accurate and speak for themselves.  Except as so expressly admitted, Ms. Singh denies each and every allegation in Paragraph 46.

47.     In response to Paragraph 47, Ms. Singh admits that daily closing prices for the Company's publicly traded securities are readily available, and that such data speaks for itself. Except as so expressly admitted, Ms. Singh denies each and every allegation in Paragraph 47.

48.     Ms. Singh denies each and every allegation in Paragraph 48.

49.     The allegations in Paragraph 49 consist of legal conclusions requiring neither admission nor denial.  To the extent that a response is required, Ms. Singh admits that Plaintiffs purport to sue under Sections 11 and 15 of the Securities Act of 1933.  Except as so expressly admitted, Ms. Singh denies each and every allegation in Paragraph 49.

50.     The allegations in Paragraph 50 consist of legal conclusions requiring neither admission nor denial.  To the extent that a response is required, Ms. Singh admits that Plaintiffs assert that this Court has jurisdiction over their purported claims under Section 22 of the Securities Act of 1933 and 28 U.S.C. §1331.  Except as so expressly admitted, Ms. Singh denies each and every allegation in Paragraph 50.

51.     The allegations in Paragraph 51 consist of legal conclusions requiring neither admission nor denial.  To the extent that a response is required, Ms. Singh admits that Plaintiffs assert that venue in this District is proper under 28 U.S.C. §1391(b).  Except as so expressly admitted, Ms. Singh denies each and every allegation in Paragraph 51.

52.     The allegations in Paragraph 52 consist of legal conclusions requiring neither admission nor denial.  To the extent that a response is required, Ms. Singh denies each and every allegation in Paragraph 52.

53.     In response to the first sentence in Paragraph 53, Ms. Singh admits that Biao Wang was appointed by the Court to serve as lead plaintiff.  Ms. Singh lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations in the first sentence and on that basis denies such allegations.  Ms. Singh denies each and every allegation in the second sentence of Paragraph 53.

54.     In response to Paragraph 54, Ms. Singh lacks knowledge and information sufficient

to form a belief as to the truth of the allegations in the first, second and third sentences and on that basis denies such allegations.  Ms. Singh denies each and every allegation in the fourth sentence of Paragraph 54.

55.     In response to Paragraph 55 and footnotes 1 and 2, Ms. Singh admits that during the relevant time Zymergen was incorporated under the laws of Delaware with its principal executive offices in Emeryville, California, and that the Company's common stock formerly traded on the Nasdaq Global Select Market with the ticker symbol "ZY."  Footnote 1 consists of a legal conclusion as to which neither admission nor denial is required.  In response to footnote 2, Ms. Singh admits that Plaintiffs purport to characterize, paraphrase and quote, selectively and out of context, a July 25, 2022 release, the agreement between Ginkgo and Zymergen, and statements made by a third party on November 14, 2022, and that the actual documents and statements, considered fully and in context, speak for themselves.  The last sentence of Paragraph 55 consists of legal conclusions requiring neither admission nor denial.  Except as so expressly admitted or stated, Ms. Singh denies each and every allegation in Paragraph 55 and footnotes 1 and 2.

56.     In response to Paragraph 56, Ms. Singh admits that Josh Hoffman co-founded Zymergen, served as its Chief Executive Officer from September 2014 until August 2, 2021, was a member of its Board of Directors from April 2013 until August 2, 2021, and signed the Registration Statement filed by the Company in connection with its IPO and declared effective on April 21, 2021.  Except as so expressly admitted, Ms. Singh denies each and every allegation in Paragraph 56.

57.     In response to Paragraph 57, Ms. Singh admits that she served as Zymergen's Chief Financial Officer beginning on February 17, 2021, and signed the Registration Statement filed by the Company in connection with its IPO and declared effective on April 21, 2021.  In further response to Paragraph 57, Ms. Singh admits that Steven Chu was formerly a member of Zymergen's Board of Directors and authorized Ms. Singh to sign on his behalf the Registration Statement filed by the Company in connection with its IPO and declared effective on April 21, 2021.  Except as so expressly admitted, Ms. Singh denies each and every allegation in Paragraph 57.

58.     In response to Paragraph 58, Ms. Singh admits that Jay T. Flatley was formerly a

member of Zymergen's Board of Directors and authorized Ms. Singh to sign on his behalf the Registration Statement filed by the Company in connection with its IPO and declared effective on April 21, 2021.  Ms. Singh further admits that Mr. Flatley formerly served as acting CEO of Zymergen.  Except as so expressly admitted, Ms. Singh denies each and every allegation in Paragraph 58.

59.     In response to Paragraph 59, Ms. Singh admits that Christine M. Gorjanc was formerly a member of Zymergen's Board of Directors and authorized Ms. Singh to sign on her behalf the Registration Statement filed by the Company in connection with its IPO and declared effective on April 21, 2021.  Except as so expressly admitted, Ms. Singh denies each and every allegation in Paragraph 59.

60.     In response to Paragraph 60, Ms. Singh admits that Travis Murdoch was formerly a member of Zymergen's Board of Directors and authorized Ms. Singh to sign on his behalf the Registration Statement filed by the Company in connection with its IPO and declared effective on April 21, 2021.  Except as so expressly admitted, Ms. Singh denies each and every allegation in Paragraph 60

61.     In response to Paragraph 61, Ms. Singh admits that Matthew A. Ocko was formerly a member of Zymergen's Board of Directors and authorized Ms. Singh to sign on his behalf the Registration Statement filed by the Company in connection with its IPO and declared effective on April 21, 2021.  Except as so expressly admitted, Ms. Singh denies each and every allegation in Paragraph 61.

62.     In response to Paragraph 62, Ms. Singh admits that Sandra E. Peterson was formerly a member of Zymergen's Board of Directors and authorized Ms. Singh to sign on her behalf the Registration Statement filed by the Company in connection with its IPO and declared effective on April 21, 2021.  Except as so expressly admitted, Ms. Singh denies each and every allegation in Paragraph 62.

63.     In response to Paragraph 63, Ms. Singh admits that Zach Serber was a co-founder of Zymergen, was formerly its Chief Science Officer, was formerly a member of Zymergen's Board of Directors, and authorized Ms. Singh to sign on his behalf the Registration Statement filed by the

1   Company in connection with its IPO and declared effective on April 21, 2021.  Except as so

2   expressly admitted, Ms. Singh denies each and every allegation in Paragraph 63.

3       64.    In response to Paragraph 64, Ms. Singh admits that Rohit Sharma was formerly a

4   member of Zymergen's Board of Directors and authorized Ms. Singh to sign on his behalf the

5   Registration Statement filed by the Company in connection with its IPO and declared effective on

6   April 21, 2021.  Except as so expressly admitted, Ms. Singh denies each and every allegation in

7   Paragraph 64.

8       65.    In response to Paragraph 65, Ms. Singh admits that Plaintiffs purport to refer to the

9   identified persons as the "Individual Defendants."  Except as so expressly admitted, Ms. Singh

10  denies each and every allegation in Paragraph 65.

11      66.    The first sentence of Paragraph 66 consists of legal conclusions requiring neither

12  admission nor denial.  To the extent that any response is required, Ms. Singh denies each and every

13  allegation in the first sentence of Paragraph 66.  Ms. Singh denies each and every allegation in the

14  remaining sentences of Paragraph 66.

15      67.    In response to Paragraph 67, Ms. Singh admits that J.P. Morgan Securities LLC

16  served as an underwriter of the IPO.  Ms. Singh further admits that Plaintiffs purport to characterize,

17  paraphrase, and quote portions of the Prospectus, and that the full and actual contents of the

18  Prospectus are accurate and speak for themselves.  Except as so expressly admitted, Ms. Singh

19  denies each and every allegation in Paragraph 67.

20      68.    In response to Paragraph 68, Ms. Singh admits that Goldman Sachs & Co. LLC

21  served as an underwriter of the IPO.  Ms. Singh further admits that Plaintiffs purport to characterize,

22  paraphrase, and quote portions of the Prospectus, and that the full and actual contents of the

23  Prospectus are accurate and speak for themselves.  Except as so expressly admitted, Ms. Singh

24  denies each and every allegation in Paragraph 68.

25      69.    In response to Paragraph 69, Ms. Singh admits that Cowen and Company, LLC

26  served as an underwriter of the IPO.  Ms. Singh further admits that Plaintiffs purport to characterize,

27  paraphrase, and quote portions of the Prospectus, and that the full and actual contents of the

28  Prospectus are accurate and speak for themselves.  Except as so expressly admitted, Ms. Singh

1  denies each and every allegation in Paragraph 69.

2        70.    In response to Paragraph 70, Ms. Singh admits that BofA Securities, Inc. served as

3  an underwriter of the IPO.  Ms. Singh further admits that Plaintiffs purport to characterize,

4  paraphrase, and quote portions of the Prospectus, and that the full and actual contents of the

5  Prospectus are accurate and speak for themselves.  Except as so expressly admitted, Ms. Singh

6  denies each and every allegation in Paragraph 70.

7        71.    In response to Paragraph 71, Ms. Singh admits that UBS Securities LLC served as

8  an underwriter of the IPO.  Ms. Singh further admits that Plaintiffs purport to characterize,

9  paraphrase, and quote portions of the Prospectus, and that the full and actual contents of the

10  Prospectus are accurate and speak for themselves.  Except as so expressly admitted, Ms. Singh

11  denies each and every allegation in Paragraph 71.

12        72.    In response to Paragraph 72, Ms. Singh admits that Lazard Frères & Co. LLC served

13  as an underwriter of the IPO.  Ms. Singh further admits that Plaintiffs purport to characterize,

14  paraphrase, and quote portions of the Prospectus, and that the full and actual contents of the

15  Prospectus are accurate and speak for themselves.  Except as so expressly admitted, Ms. Singh

16  denies each and every allegation in Paragraph 72.

17        73.    In response to Paragraph 73, Ms. Singh admits that Plaintiffs purport to refer to the

18  specified entities as the "Underwriter Defendants."  Except as so expressly admitted, Ms. Singh

19  denies each and every allegation in Paragraph 73.

20        74.    In response to Paragraph 74 and footnotes 3 and 4, Ms. Singh lacks knowledge and

21  information sufficient to form a belief as to the truth of the allegations in Paragraph 74 and footnotes

22  3 and 4, and on that basis denies each and every allegation therein.

23        75.    In response to Paragraph 75, Ms. Singh lacks knowledge and information sufficient

24  to form a belief as to the truth of the allegations in Paragraph 75, and on that basis denies each and

25  every allegation therein.

26        76.    In response to Paragraph 76, Ms. Singh lacks knowledge and information sufficient

27  to form a belief as to the truth of the allegations in Paragraph 76, and on that basis denies each and

28  every allegation therein.

77.     In response to Paragraph 77, Ms. Singh admits that Plaintiffs purport to define the terms "SoftBank Defendants," "DCVC Defendants," "True Venture Defendants," and "Controlling Stockholders" for purposes of the SAC.  Except as so expressly admitted, the Ms. Singh denies each and every allegation in Paragraph 77.

78.     Ms. Singh denies each and every allegation in Paragraph 78.

79.     Ms. Singh denies each and every allegation in Paragraph 79.

80.     In response to Paragraph 80, Ms. Singh admits that Mr. Nishar and Dr. Murdoch were formerly members of Zymergen's Board of Directors.  Except as so expressly admitted, Ms. Singh lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 80, and on that basis denies the allegations therein.

81.     In response to Paragraph 81, Ms. Singh lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 81, and on that basis denies each and every allegation therein.

82.     In response to Paragraph 82, Ms. Singh lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 82, and on that basis denies each and every allegation therein.

83.     In response to Paragraph 83, Ms. Singh lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 83, and on that basis denies each and every allegation therein.

84.     In response to Paragraph 84, Ms. Singh lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 84, and on that basis denies each and every allegation therein.

85.     In response to Paragraph 85, Ms. Singh lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 85, and on that basis denies each and every allegation therein.

86.     Ms. Singh denies each and every allegation in Paragraph 86.

87.     In response to Paragraph 87, Ms. Singh admits that Plaintiffs purport to characterize certain portions of Zymergen's governance documents, and that the full and actual contents of these

1   documents speak for themselves.  Except as so expressly admitted, Ms. Singh denies each and every

2   allegation in Paragraph 87.

3          88.      In response to Paragraph 88, Ms. Singh admits that Plaintiffs purport to characterize

4   certain portions of a voting agreement, Zymergen's certificate of incorporation, and investor rights

5   agreement, and that the full and actual provisions of those documents speak for themselves. Except

6   as so expressly admitted, Ms. Singh denies each and every allegation in Paragraph 88.

7          89.      In response to Paragraph 89, Ms. Singh admits that Dr. Murdoch, Mr. Ocko, and Dr.

8   Sharma formerly served on Zymergen's Audit Committee.  Except as so expressly admitted, Ms.

9   Singh denies each and every allegation in Paragraph 89.

10          90.      The first sentence of Paragraph 90 consists of legal conclusions requiring neither

11   admission nor denial.  To the extent that any response is deemed required, Ms. Singh denies each

12   and every allegation in the first sentence of Paragraph 90.  Ms. Singh lacks knowledge and

13   information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 90,

14   and on that basis denies the allegations therein.

15          91.      In response to Paragraph 91, Ms. Singh admits that Mr. Peterson was elected to

16   Zymergen's Board of Directors in December 2019.  Except as so expressly admitted, Ms. Singh

17   lacks knowledge and information sufficient to form a belief as to the truth of the allegations in

18   Paragraph 91, and on that basis denies each and every allegation therein.

19          92.      In response to Paragraph 92 and footnote 5, Ms. Singh admits that Ms. Gorjanc was

20   elected to Zymergen's Board of Directors in March 2021.  The remaining allegations in Paragraph

21   92 and footnote 5 consist of legal conclusions and require no response.  To the extent the allegations

22   in Paragraph 92 and footnote 5 are deemed factual allegations to which a response is required, Ms.

23   Singh lacks knowledge and information sufficient to form a belief as to the truth of the allegations

24   in Paragraph 92.  Except as so expressly admitted, Ms. Singh denies each and every allegation in

25   Paragraph 92 and footnote 5.

26          93.      In response to Paragraph 93 and footnote 6, Ms. Singh admits that Mr. Stewart

27   attended Audit Committee meetings from time to time and occasionally interacted with members

28   of management, including Ms. Singh.  Except as so expressly admitted, Ms. Singh denies each and

1  every allegation in Paragraph 93 and footnote 6.

2       94.    In response to Paragraph 94, Ms. Singh admits that Dr. Murdoch served on the
3  Compensation Committee of the Board.  Ms. Singh further admits that Plaintiffs purport to
4  characterize a communication between Mr. Nishar and Dr. Murdoch, and that the full
5  communication speaks for itself.  Except as so expressly admitted, Ms. Singh denies each and every
6  allegation in Paragraph 94.

7       95.    In response to Paragraph 95, Ms. Singh admits that Mr. Ocko served on the
8  Technology and Science Committee.  Except as so expressly admitted, Ms. Singh denies each and
9  every allegation in Paragraph 95.

10      96.    In response to Paragraph 96, Ms. Singh admits that Mr. Ocko served on the Board
11  of Pivot Bio, Inc., that Mr. Ocko was a member of Zymergen's Technology and Science Committee
12  and Audit Committee, and that Zymergen did some work with Pivot Bio, Inc.  Except as so
13  expressly admitted, Ms. Singh denies each and every allegation in Paragraph 96.

14      97.    In response to Paragraph 97, Ms. Singh lacks knowledge and information sufficient
15  to form a belief as to the truth of the allegations in Paragraph 97 and on that basis denies each and
16  every allegation therein.

17      98.    In response to Paragraph 98, Ms. Singh admits that Plaintiffs purport to characterize,
18  paraphrase, and quote out of context certain statements made by a third party via a media outlet,
19  and that the full and actual statements made by such third party speak for themselves.  Except as so
20  expressly admitted, Ms. Singh denies each and every allegation in Paragraph 98.

21      99.    In response to Paragraph 99, Ms. Singh lacks knowledge and information sufficient
22  to form a belief as to the truth of the allegations in Paragraph 99, and on that basis denies each and
23  every allegation therein.

24      100.   Ms. Singh denies each and every allegation in Paragraph 100 and footnote 7.

25      101.   In response to Paragraph 101, Ms. Singh admits that Plaintiffs purport to
26  characterize certain portions of Zymergen's credit agreement with Perceptive Credit Holdings II,
27  LP, and that the full and actual contents of this agreement speaks for itself.  Except as so expressly
28  admitted, Ms. Singh denies each and every allegation in Paragraph 101.

1     102.    In response to Paragraph 102, Ms. Singh lacks knowledge and information sufficient

2     to form a belief as to the truth of the allegations in Paragraph 102, and on that basis denies each

3     and every allegation therein.

4     103.    In response to Paragraph 103, Ms. Singh lacks knowledge and information sufficient

5     to form a belief as to the truth of the allegations in Paragraph 103, and on that basis denies each

6     and every allegation therein.

7     104.    In response to Paragraph 104, Ms. Singh admits that the Company had discussions

8     with Novo Holdings regarding a potential investment and that Novo Holdings did not ultimately

9     invest.  Except as so expressly admitted, Ms. Singh denies each and every allegation in Paragraph

10    104.

11    105.    In response to Paragraph 105, Ms. Singh lacks knowledge and information sufficient

12    to form a belief as to the truth of the allegations in Paragraph 105, and on that basis denies each

13    and every allegation therein.

14    106.    Ms. Singh denies each and every allegation in Paragraph 106.

15    107.    In response to Paragraph 107, Ms. Singh admits that Plaintiffs purport to selectively

16    characterize out-of-context portions of materials provided to Zymergen's Board, and that the full

17    and actual contents of these materials speak for themselves.  Except as so expressly admitted, Ms.

18    Singh denies each and every allegation in Paragraph 107.

19    108.    Ms. Singh denies each and every allegation in Paragraph 108.

20    109.    In response to Paragraph 109, Ms. Singh lacks knowledge and information sufficient

21    to form a belief as to the truth of the allegations in Paragraph 109, and on that basis denies each

22    and every allegation therein.

23    110.    In response to Paragraph 110, Ms. Singh lacks knowledge and information sufficient

24    to form a belief as to the truth of the allegations in Paragraph 110, and on that basis denies each

25    and every allegation therein.

26    111.    In response to Paragraph 111, Ms. Singh lacks knowledge and information sufficient

27    to form a belief as to the truth of the allegations in Paragraph 111, and on that basis denies each

28    and every allegation therein.

112.    In response to Paragraph 112, Ms. Singh lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 112, and on that basis denies each and every allegation therein.

113.    In response to Paragraph 113, Ms. Singh lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 113, and on that basis denies each and every allegation therein.

114.    In response to Paragraph 114, Ms. Singh admits that Mr. Pontin was retained as a consultant by Zymergen.  Except as so expressly admitted, Ms. Singh denies each and every allegation in Paragraph 114.

115.    Ms. Singh denies each and every allegation in Paragraph 115.

116.    In response to Paragraph 116, Ms. Singh admits that Plaintiffs purport to characterize, paraphrase, and quote, selectively and out of context, a tweet from Mr. Ocko's Twitter account, and that the full and actual statements in his Twitter account speak for themselves.  Except as so expressly admitted, Ms. Singh denies each and every allegation in Paragraph 116.

117.    In response to Paragraph 117, Ms. Singh admits that Dr. Murdoch was selected to serve on the Board pursuant to a voting agreement, that Mr. Ocko was selected to serve on the Board by DCVC Opportunity Fund, L.P. pursuant to a voting agreement, and that Dr. Sharma was selected to serve on the Board by True Ventures IV, L.P. pursuant to a voting agreement.  Except as so expressly admitted, Ms. Singh denies each and every allegation in Paragraph 117.

118.    The allegations in Paragraph 118 and footnote 8 consist of legal conclusions requiring neither admission nor denial.  To the extent that any response is required, Ms. Singh denies each and every allegation in Paragraph 118 and footnote 8.

119.    In response to Paragraph 119 and footnote 9, Ms. Singh lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 119 and footnote 9, and on that basis denies each and every allegation therein.

120.    In response to Paragraph 120, Ms. Singh lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 120, and on that basis denies each and every allegation therein.

121.     In response to Paragraph 121, Ms. Singh admits that Mr. Ocko was selected to serve on the Board by DCVC Opportunity Fund, L.P. pursuant to a voting agreement.  Except as so expressly admitted, Ms. Singh lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 121, and on that basis denies each and every allegation therein.

122.     In response to Paragraph 122, Ms. Singh lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 122, and on that basis denies each and every allegation therein.

123.     In response to Paragraph 123, Ms. Singh lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 123, and on that basis denies each and every allegation therein.

124.     In response to Paragraph 124, Ms. Singh lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 124, and on that basis denies each and every allegation therein.

125.     In response to Paragraph 125, Ms. Singh admits that Mr. Ocko was selected to serve on the Board by DCVC Opportunity Fund, L.P. pursuant to a voting agreement.  Except as so expressly admitted, Ms. Singh lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 125, and on that basis denies each and every allegation therein.

126.     In response to Paragraph 126, Ms. Singh lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 126, and on that basis denies each and every allegation therein.

127.     In response to Paragraph 127, Ms. Singh lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 127, and on that basis denies each and every allegation therein.

128.     In response to Paragraph 128, Ms. Singh lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 128, and on that basis denies each and every allegation therein.

129.     The first sentence of Paragraph 129 consists of legal conclusions requiring neither admission nor denial.  To the extent that any response is required, Ms. Singh denies each and every

allegation in the first sentence of Paragraph 129. Ms. Singh denies each and every remaining allegation in Paragraph 129.

130. In response to Paragraph 130, Ms. Singh lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 130, and on that basis denies each and every allegation therein.

131. In response to Paragraph 131, Ms. Singh lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 131, and on that basis denies each and every allegation therein.

132. In response to Paragraph 132 and footnote 10, Ms. Singh admits that Mr. Ocko served on the board of directors of Atomwise, Inc., Embark Trucks, Inc., Fortem Technologies, Inc., Halter Inc., Jupiter Intelligence, Inc., Pivot Bio, Inc., Primer Technologies, Inc., Supply Inc. (Reach Labs), Rocket Lab, Inc., and Agility Robotics Inc. Except as so expressly admitted, Ms. Singh lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 132 and footnote 10, and on that basis denies the allegations therein.

133. In response to Paragraph 133, Ms. Singh admits that, at the times relevant to this action, Zymergen, among other things, integrated computational and manufacturing technologies for the purpose of designing, engineering and optimizing microbes for industrial applications, that the Company developed a biofacturing platform that treated the genome as a search space, using proprietary machine learning algorithms and advanced automation designed to identify genetic changes that improve the economics for customers' bio-based products for a range of industries, including chemicals, materials, agriculture and pharmaceuticals, and that the platform was used to discover novel molecules intended to enable unique material properties. Ms. Singh further admits that the Company was incorporated in Delaware on April 24, 2013. Except as so expressly admitted, Ms. Singh denies each and every allegation in Paragraph 133.

134. In response to Paragraph 134, Ms. Singh admits that, at the times relevant to this action, Zymergen, among other things, used a process it called "biofacturing" designed to create products that combine the design and manufacturing efficiency of biological processes with technology's ability to rapidly iterate and control diverse functions. Ms. Singh further admits that

the Company's first product was Hyaline, an optical film designed for electronics companies to use for display touch sensors, which would purportedly enable customers to make foldable touchscreens and high density flexible printed circuits.  Ms. Singh further admits that Hyaline was launched in December 2020, was in its qualification process with customers at the time of the IPO, and at that time had not generated revenue from sales of Hyaline except for nominal revenue related to the sale of samples of Hyaline.  Except as so expressly admitted, Ms. Singh denies each and every allegation in Paragraph 134.

135.    In response to Paragraph 135, Ms. Singh admits that Zymergen confidentially submitted a draft Registration Statement to the SEC on January 25, 2021, and that the contents of that document are accurate and speak for themselves.  Except as so expressly admitted, Ms. Singh denies each and every allegation in Paragraph 135.

136.    In response to Paragraph 136, Ms. Singh admits that the Staff of the SEC Division of Corporation Finance sent Zymergen a letter dated February 22, 2021, and that the contents of that letter speak for themselves.  Except as so expressly admitted, Ms. Singh denies each and every allegation in Paragraph 136.

137.    In response to Paragraph 137, Ms. Singh admits that Zymergen's counsel sent the Staff of the SEC Division of Corporation Finance a letter dated March 8, 2021, and that the contents of that letter speak for themselves.  Except as so expressly admitted, Ms. Singh denies each and every allegation in Paragraph 137.

138.    In response to Paragraph 138, Ms. Singh admits that the Staff of the SEC Division of Corporation Finance sent Zymergen a letter dated March 22, 2021, and that the contents of that letter speak for themselves.  Except as so expressly admitted, Ms. Singh denies each and every allegation in Paragraph 138.

139.    In response to Paragraph 139, Ms. Singh admits that Zymergen filed a Registration Statement on Form S-1 with the SEC on March 23, 2021, and that the contents of that document are accurate and speak for themselves.  Except as so expressly admitted, Ms. Singh denies each and every allegation in Paragraph 139.

140.    In response to Paragraph 140, Ms. Singh admits that Zymergen's counsel sent the

Staff of the SEC Division of Corporation Finance a letter dated March 26, 2021, and that the contents of that letter speak for themselves.  Ms. Singh further admits that Zymergen filed Amendment No. 1 to its Registration Statement on Form S-1 with the SEC on March 26, 2021, and that the contents of that document are accurate and speak for themselves.  Except as so expressly admitted, Ms. Singh denies each and every allegation in Paragraph 140.

141.    In response to Paragraph 141, Ms. Singh admits that Zymergen filed Amendment No. 2 to its Registration Statement on Form S-1 with the SEC on April 14, 2021, and that the contents of that document are accurate and speak for themselves.  Except as so expressly admitted, Ms. Singh denies each and every allegation in Paragraph 141.

142.    In response to Paragraph 142, Ms. Singh admits that Zymergen made a filing on Form S-1MEF with the SEC on April 21, 2021, and that the contents of that documents are accurate and speak for themselves.  Ms. Singh further admits that the Company's Registration Statement was declared effective on April 21, 2021.  Except as so expressly admitted, Ms. Singh denies each and every allegation in Paragraph 142.

143.    In response to Paragraph 143, Ms. Singh admits that Zymergen's common stock began trading on the Nasdaq Global Select Market on April 22, 2021 with the ticker symbol "ZY." Except as so expressly admitted, Ms. Singh denies each and every allegation in Paragraph 143.

144.    In response to Paragraph 144, Ms. Singh admits that Zymergen filed a Prospectus on Form 424B4 with the SEC on April 23, 2021, that (including the full exercise of the underwriters' allotment of 2,419,500 shares) approximately 18,549,500 shares of the Company's common stock were sold in the IPO at a price of $31.00 per share, and that the proceeds and anticipated uses of the proceeds were as specified in the IPO Registration Statement, which speaks for itself.  Except as so expressly admitted, Ms. Singh denies each and every allegation in Paragraph 144.

145.    Ms. Singh denies each and every allegation in Paragraph 145.

146.    Paragraph 146 consists of legal conclusions requiring neither admission nor denial. To the extent that any response is required, Ms. Singh denies each and every allegation in Paragraph 146.

1      147.   Ms. Singh denies each and every allegation in Paragraph 147.

2      148.   Ms. Singh denies each and every allegation in Paragraph 148.

3      149.   In response to Paragraph 149, Ms. Singh admits that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context certain portions of the Registration Statement, and that the full and actual contents of the Registration Statement are accurate and speak for themselves.  Except as so expressly admitted, Ms. Singh denies each and every allegation in Paragraph 149.

150.   In response to Paragraph 150, Ms. Singh admits that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context certain portions of the Registration Statement, and that the full and actual contents of the Registration Statement are accurate and speak for themselves.  Except as so expressly admitted, Ms. Singh denies each and every allegation in Paragraph 150.

151.   In response to Paragraph 151, Ms. Singh admits that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context certain portions of the Registration Statement, and that the full and actual contents of the Registration Statement are accurate and speak for themselves.  Except as so expressly admitted, Ms. Singh denies each and every allegation in Paragraph 151.

152.   In response to Paragraph 152, Ms. Singh admits that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context certain portions of the Registration Statement, and that the full and actual contents of the Registration Statement are accurate and speak for themselves.  Except as so expressly admitted, Ms. Singh denies each and every allegation in Paragraph 152.

153.   In response to Paragraph 153, Ms. Singh admits that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context certain portions of the Registration Statement, and that the full and actual contents of the Registration Statement are accurate and speak for themselves.  Except as so expressly admitted, Ms. Singh denies each and every allegation in Paragraph 153.

154.   In response to Paragraph 154, Ms. Singh admits that Plaintiffs purport to

characterize, paraphrase, and quote selectively and out of context certain portions of the Registration Statement, and that the full and actual contents of the Registration Statement are accurate and speak for themselves.  Except as so expressly admitted, Ms. Singh denies each and every allegation in Paragraph 154.

155.   In response to Paragraph 155, Ms. Singh admits that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context certain portions of the Registration Statement, and that the full and actual contents of the Registration Statement are accurate and speak for themselves.  Except as so expressly admitted, Ms. Singh denies each and every allegation in Paragraph 155.

156.   In response to Paragraph 156, Ms. Singh admits that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context certain portions of the Registration Statement, and that the full and actual contents of the Registration Statement are accurate and speak for themselves.  Except as so expressly admitted, Ms. Singh denies each and every allegation in Paragraph 156.

157.   In response to Paragraph 157, Ms. Singh admits that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context certain portions of the Registration Statement, and that the full and actual contents of the Registration Statement are accurate and speak for themselves.  Except as so expressly admitted, Ms. Singh denies each and every allegation in Paragraph 157.

158.   In response to Paragraph 158, Ms. Singh admits that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context certain portions of the Registration Statement, and that the full and actual contents of the Registration Statement are accurate and speak for themselves.  Except as so expressly admitted, Ms. Singh denies each and every allegation in Paragraph 158.

159.   In response to Paragraph 159, Ms. Singh admits that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context certain portions of the Registration Statement, and that the full and actual contents of the Registration Statement are accurate and speak for themselves.  Except as so expressly admitted, Ms. Singh denies each and

every allegation in Paragraph 159.

160.     In response to Paragraph 160, Ms. Singh admits that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context certain portions of the Registration Statement, and that the full and actual contents of the Registration Statement are accurate and speak for themselves.  Except as so expressly admitted, Ms. Singh denies each and every remaining allegation in Paragraph 160.

161.     Ms. Singh denies each and every allegation in Paragraph 161.

162.     Ms. Singh denies each and every allegation in Paragraph 162.

163.     In response to Paragraph 163, Ms. Singh admits that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context certain portions of the Registration Statement, and that the full and actual contents of the Registration Statement are accurate and speak for themselves.  Except as so expressly admitted, Ms. Singh denies each and every allegation in Paragraph 163.

164.     In response to Paragraph 164, Ms. Singh admits that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context certain portions of the Registration Statement, and that the full and actual contents of the Registration Statement are accurate and speak for themselves.  Except as so expressly admitted, Ms. Singh denies each and every allegation in Paragraph 164.

165.     In response to Paragraph 165, Ms. Singh admits that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context certain portions of the Registration Statement, and that the full and actual contents of the Registration Statement are accurate and speak for themselves.  Except as so expressly admitted, Ms. Singh denies each and every allegation in Paragraph 165.

166.     In response to Paragraph 166, Ms. Singh admits that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context certain portions of the Registration Statement, and that the full and actual contents of the Registration Statement are accurate and speak for themselves.  Except as so expressly admitted, Ms. Singh denies each and every allegation in Paragraph 166.

167.    In response to Paragraph 167, Ms. Singh admits that Zymergen issued a press release and hosted a conference call on August 3, 2021, that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context certain statements made in the press release and conference call, and that the full and actual contents of the press release and statements made by representatives of Zymergen in the conference call are accurate and speak for themselves.  Except as so expressly admitted, Ms. Singh denies each and every allegation in Paragraph 167.

168.    In response to Paragraph 168, Ms. Singh admits that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context certain unidentified statements, which statements, if identified, would speak for themselves.  Except as so expressly admitted, Ms. Singh denies each and every allegation in Paragraph 168.

169.    In response to Paragraph 169, Ms. Singh admits that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context certain portions of statements made by Zymergen in a press release on August 3, 2021, and that the full and actual contents of the release are accurate and speak for themselves.  Except as so expressly admitted, Ms. Singh denies each and every allegation in Paragraph 169.

170.    In response to Paragraph 170, Ms. Singh admits that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context certain statements made by Mr. Flatley during the conference call on August 3, 2021, and that the full and actual statements made by Mr. Flatley are accurate and speak for themselves.  Except as so expressly admitted, Ms. Singh denies each and every allegation in Paragraph 170.

171.    In response to Paragraph 171, Ms. Singh admits that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context certain statements made by Mr. Flatley during the conference call on August 3, 2021, and that the full and actual statements made by Mr. Flatley are accurate and speak for themselves.  Except as so expressly admitted, Ms. Singh denies each and every allegation in Paragraph 171.

172.    In response to Paragraph 172, Ms. Singh admits that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context certain statements made by Mr. Flatley during the conference call on August 3, 2021, and that the full and actual statements made

1    by Mr. Flatley are accurate and speak for themselves.  Except as so expressly admitted, Ms. Singh

2    denies each and every allegation in Paragraph 172.

3        173.   In response to Paragraph 173, Ms. Singh admits that Plaintiffs purport to

4    characterize, paraphrase, and quote selectively and out of context certain statements made by Mr.

5    Flatley during the conference call on August 3, 2021, and that the full and actual statements made

6    by Mr. Flatley are accurate and speak for themselves.  Except as so expressly admitted, Ms. Singh

7    denies each and every allegation in Paragraph 173.

8        174.   In response to Paragraph 174, Ms. Singh admits that Plaintiffs purport to

9    characterize, paraphrase, and quote selectively and out of context certain statements made by

10   unstated third-party analysts during the conference call on August 3, 2021, and that the full and

11   actual statements made by such third parties speak for themselves.  Except as so expressly admitted,

12   Ms. Singh denies each and every allegation in Paragraph 174.

13       175.   In response to Paragraph 175, Ms. Singh admits that Plaintiffs purport to

14   characterize, paraphrase, and quote selectively and out of context certain statements made by

15   unstated third-party analysts, including Cowen and Company, during the conference call on August

16   3, 2021 and that the full and actual statements made by such third parties speak for themselves.

17   Except as so expressly admitted, Ms. Singh denies each and every allegation in Paragraph 175.

18       176.   In response to Paragraph 176, Ms. Singh admits that Plaintiffs purport to

19   characterize, paraphrase, and quote selectively and out of context certain statements made by Mr.

20   Flatley during the conference call on August 3, 2021, and that the full and actual statements made

21   by Mr. Flatley are accurate and speak for themselves.  Except as so expressly admitted, Ms. Singh

22   denies each and every allegation in Paragraph 176.

23       177.   In response to Paragraph 177, Ms. Singh admits that Plaintiffs purport to

24   characterize, paraphrase, and quote selectively and out of context certain statements made by

25   unstated third-party analysts, including Cowen and Company, during the conference call on August

26   3, 2021 and that the full and actual statements made by such third parties speak for themselves.

27   Except as so expressly admitted, Ms. Singh denies each and every allegation in Paragraph 177.

28       178.   In response to Paragraph 178, Ms. Singh admits that Plaintiffs purport to

characterize, paraphrase, and quote selectively and out of context certain statements made by Mr. Flatley during the conference call on August 3, 2021, and that the full and actual statements made by Mr. Flatley are accurate and speak for themselves. Except as so expressly admitted, Ms. Singh denies each and every allegation in Paragraph 178.

179.    In response to Paragraph 179, Ms. Singh admits that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context certain statements made by unstated third-party analysts, including Cowen and Company, during the conference call on August 3, 2021 and that the full and actual statements made by such third parties speak for themselves. Except as so expressly admitted, Ms. Singh denies each and every allegation in Paragraph 179.

180.    In response to Paragraph 180, Ms. Singh admits that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context certain statements made by Mr. Flatley during the conference call on August 3, 2021, and that the full and actual statements made by Mr. Flatley are accurate and speak for themselves. Except as so expressly admitted, Ms. Singh denies each and every allegation in Paragraph 180.

181.    In response to Paragraph 181, Ms. Singh admits that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context certain statements made by unstated third-party analysts, including J.P. Morgan, during the conference call on August 3, 2021 and that the full and actual statements made by such third parties speak for themselves. Ms. Singh further admits that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context certain statements made by Mr. Flatley during the conference call on August 3, 2021, and that the full and actual statements made by Mr. Flatley are accurate and speak for themselves. Except as so expressly admitted, Ms. Singh denies each and every allegation in Paragraph 181.

182.    In response to Paragraph 182, Ms. Singh admits that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context certain statements made by unstated third-party analysts, including J.P. Morgan, during the conference call on August 3, 2021 and that the full and actual statements made by such third parties speak for themselves. Ms. Singh further admits that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context certain statements made by Mr. Flatley during the conference call on August 3, 2021, and

1    that the full and actual statements made by Mr. Flatley are accurate and speak for themselves.

2    Except as so expressly admitted, Ms. Singh denies each and every allegation in Paragraph 182.

3           183.    In response to Paragraph 183, Ms. Singh admits that Plaintiffs purport to

4    characterize, paraphrase, and quote selectively and out of context certain statements made by Mr.

5    Flatley during the conference call on August 3, 2021, and that the full and actual statements made

6    by Mr. Flatley are accurate and speak for themselves.  Except as so expressly admitted, Ms. Singh

7    denies each and every allegation in Paragraph 183.

8           184.    In response to Paragraph 184, Ms. Singh admits that Plaintiffs purport to

9    characterize, paraphrase, and quote selectively and out of context certain statements made by third-

10   party analysts, including Bank of America ("BofA"), during the conference call on August 3, 2021

11   and that the full and actual statements made by such third parties speak for themselves.  Except as

12   so expressly admitted, Ms. Singh denies each and every allegation in Paragraph 184.

13          185.    In response to Paragraph 185, Ms. Singh admits that Plaintiffs purport to

14   characterize, paraphrase, and quote selectively and out of context certain statements made by Mr.

15   Flatley during the conference call on August 3, 2021, and that the full and actual statements made

16   by Mr. Flatley are accurate and speak for themselves.  Except as so expressly admitted, Ms. Singh

17   denies each and every allegation in Paragraph 185.

18          186.    In response to Paragraph 186, Ms. Singh admits that Plaintiffs purport to

19   characterize, paraphrase, and quote selectively and out of context certain statements made by third-

20   party analysts, including BofA, during the conference call on August 3, 2021 and that the full and

21   actual statements made by such third parties speak for themselves.  Ms. Singh further admits that

22   Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context certain

23   statements made by Mr. Flatley during the conference call on August 3, 2021, and that the full and

24   actual statements made by Mr. Flatley are accurate and speak for themselves.   Except as so

25   expressly admitted, Ms. Singh denies each and every allegation in Paragraph 186.

26          187.    Ms. Singh denies each and every allegation in Paragraph 187.

27          188.    In response to Paragraph 188, Ms. Singh admits that Plaintiffs purport to

28   characterize, paraphrase, and quote selectively and out of context certain statements made by third-

party analysts, including Goldman Sachs, during the conference call on August 3, 2021 and that the full and actual statements made by such third parties speak for themselves.  Ms. Singh further admits that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context certain statements made by Mr. Flatley during the conference call on August 3, 2021, and that the full and actual statements made by Mr. Flatley are accurate and speak for themselves.  Except as so expressly admitted, Ms. Singh denies each and every allegation in Paragraph 188.

189.    In response to Paragraph 189, Ms. Singh admits that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context certain statements made by third-party analysts, including Goldman Sachs, during the conference call on August 3, 2021 and that the full and actual statements made by such third parties speak for themselves.  Except as so expressly admitted, Ms. Singh denies each and every allegation in Paragraph 189.

190.    In response to Paragraph 190, Ms. Singh admits that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context certain statements made by Mr. Flatley during the conference call on August 3, 2021, and that the full and actual statements made by Mr. Flatley are accurate and speak for themselves.  Except as so expressly admitted, Ms. Singh denies each and every allegation in Paragraph 190.

191.    In response to Paragraph 191, Ms. Singh admits that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context certain statements made by third-party analysts, including William Blair & Company, during the conference call on August 3, 2021 and that the full and actual statements made by such third parties speak for themselves.  Ms. Singh further admits that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context certain statements made by Mr. Flatley during the conference call on August 3, 2021, and that the full and actual statements made by Mr. Flatley are accurate and speak for themselves. Except as so expressly admitted, Ms. Singh denies each and every allegation in Paragraph 191.

192.    In response to Paragraph 192, Ms. Singh admits that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context certain statements made by Mr. Flatley during the conference call on August 3, 2021, and that the full and actual statements made by Mr. Flatley are accurate and speak for themselves.  Except as so expressly admitted, Ms. Singh

1   denies each and every allegation in Paragraph 192.

2       193.    In response to Paragraph 193, Ms. Singh admits that daily closing prices for the
3   Company's publicly traded securities are readily available, and that such data speaks for itself.
4   Except as so expressly admitted, Ms. Singh denies each and every allegation in Paragraph 193.

5       194.    In response to Paragraph 194, Ms. Singh admits that daily closing prices for the
6   Company's publicly traded securities are readily available, and that such data speaks for itself.
7   Except as so expressly admitted, Ms. Singh denies each and every allegation in Paragraph 194.

8       195.    In response to Paragraph 195, Ms. Singh admits that Plaintiffs purport to
9   characterize, paraphrase, and quote selectively and out of context certain statements made by
10  unstated third-party analysts, and that the full and actual statements made by such third parties
11  speak for themselves.  Except as so expressly admitted, Ms. Singh denies each and every allegation
12  in Paragraph 195.

13      196.    In response to Paragraph 196, Ms. Singh admits that Plaintiffs purport to
14  characterize, paraphrase, and quote selectively and out of context certain statements made by third-
15  party analysts, including William Blair & Company, and that the full and actual statements made
16  by such third parties speak for themselves.  Except as so expressly admitted, Ms. Singh denies each
17  and every allegation in Paragraph 196.

18      197.    In response to Paragraph 197, Ms. Singh admits that Plaintiffs purport to
19  characterize, paraphrase, and quote selectively and out of context certain statements made by third-
20  party analysts, including HSBC, and that the full and actual statements made by such third parties
21  speak for themselves.  Except as so expressly admitted, Ms. Singh denies each and every allegation
22  in Paragraph 197.

23      198.    In response to Paragraph 198, Ms. Singh admits that Plaintiffs purport to
24  characterize, paraphrase, and quote selectively and out of context certain statements made by third-
25  party analysts, including Cowen and Company, and that the full and actual statements made by
26  such third parties speak for themselves.  Except as so expressly admitted, Ms. Singh denies each
27  and every allegation in Paragraph 198.

28      199.    In response to Paragraph 199, Ms. Singh admits that Plaintiffs purport to

characterize, paraphrase, and quote selectively and out of context certain statements made by third-party analysts, including J.P. Morgan, and that the full and actual statements made by such third parties speak for themselves.  Except as so expressly admitted, Ms. Singh denies each and every allegation in Paragraph 199.

200.    In response to Paragraph 200, Ms. Singh admits that Zymergen filed a Form 8-K with the SEC on September 23, 2021, that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context certain statements made by Zymergen in its September 23, 2021 Form 8-K, and that the full and actual statements made by Zymergen in the September 23, 2021 Form 8-K are accurate and speak for themselves.  Except as so expressly admitted, Ms. Singh denies each and every allegation in Paragraph 200.

201.    In response to Paragraph 201, Ms. Singh admits that Zymergen filed a Form 8-K with the SEC on October 21, 2021, that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context certain statements made by Zymergen in its October 21, 2021 Form 8-K, and that the full and actual statements made by Zymergen in the October 21, 2021 Form 8-K are accurate and speak for themselves.  Except as so expressly admitted, Ms. Singh denies each and every allegation in Paragraph 201.

202.    In response to Paragraph 202, Ms. Singh admits that Zymergen filed a Form 8-K with the SEC on October 21, 2021, that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context certain statements made by Zymergen in its October 21, 2021 Form 8-K, and that the full and actual statements made by Zymergen in the October 21, 2021 Form 8-K are accurate and speak for themselves.  Except as so expressly admitted, Ms. Singh denies each and every allegation in Paragraph 202.

203.    In response to Paragraph 203, Ms. Singh admits that Zymergen filed a Form 8-K with the SEC on October 21, 2021, that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context certain statements made by Zymergen in its October 21, 2021 Form 8-K, and that the full and actual statements made by Zymergen in the October 21, 2021 Form 8-K are accurate and speak for themselves.  Except as so expressly admitted, Ms. Singh denies each and every allegation in Paragraph 203.

204.    In response to Paragraph 204, Ms. Singh admits that Zymergen filed a Form 8-K with the SEC on October 21, 2021, that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context certain statements made by Zymergen in its October 21, 2021 Form 8-K, and that the full and actual statements made by Zymergen in the October 21, 2021 Form 8-K are accurate and speak for themselves.  Except as so expressly admitted, Ms. Singh denies each and every allegation in Paragraph 204.

205.    Ms. Singh denies each and every allegation in Paragraph 205.

206.    In response to Paragraph 206, Ms. Singh admits that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context certain statements made by third parties via media outlets, and that the full and actual statements made by such third parties speak for themselves.  Except as so expressly admitted, Ms. Singh denies each and every allegation in Paragraph 206.

207.    In response to Paragraph 207, Ms. Singh admits that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context certain statements made by third parties via media outlets, and that the full and actual statements made by such third parties speak for themselves.  Except as so expressly admitted, Ms. Singh denies each and every allegation in Paragraph 207.

208.    In response to Paragraph 208, Ms. Singh admits that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context certain statements made by third parties via media outlets, and that the full and actual statements made by such third parties speak for themselves.  Except as so expressly admitted, Ms. Singh denies each and every allegation in Paragraph 208.

209.    In response to Paragraph 209, Ms. Singh admits that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context certain statements made by third parties via media outlets, and that the full and actual statements made by such third parties speak for themselves.  Except as so expressly admitted, Ms. Singh denies each and every allegation in Paragraph 209.

210.    In response to Paragraph 210, Ms. Singh admits that Plaintiffs purport to

characterize, paraphrase, and quote selectively and out of context certain statements made by third parties via media outlets, and that the full and actual statements made by such third parties speak for themselves. Except as so expressly admitted, Ms. Singh denies each and every allegation in Paragraph 210.

211.   In response to Paragraph 211, Ms. Singh admits that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context certain statements made by third parties via media outlets, and that the full and actual statements made by such third parties speak for themselves. Except as so expressly admitted, Ms. Singh denies each and every allegation in Paragraph 211.

212.   In response to Paragraph 212, Ms. Singh admits that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context certain statements made by third parties via media outlets, and that the full and actual statements made by such third parties speak for themselves. Except as so expressly admitted, Ms. Singh denies each and every allegation in Paragraph 212.

213.   In response to Paragraph 213, Ms. Singh admits that Zymergen issued a press release and hosted a conference call on November 3, 2021, that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context certain statements made in the press release and conference call, and that the full and actual contents of the press release and statements made by representatives of Zymergen in the conference call are accurate and speak for themselves. Except as so expressly admitted, Ms. Singh denies each and every allegation in Paragraph 213.

214.   In response to Paragraph 214, Ms. Singh admits that Zymergen issued a press release and hosted a conference call on November 3, 2021, that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context certain statements made in the press release and conference call, and that the full and actual contents of the press release and statements made by representatives of Zymergen in the conference call are accurate and speak for themselves. Except as so expressly admitted, Ms. Singh denies each and every allegation in Paragraph 214.

215.   In response to Paragraph 215, Ms. Singh admits that Zymergen issued a press release on November 3, 2021, that Plaintiffs purport to characterize, paraphrase, and quote selectively and

out of context certain statements made in the press release, and that the full and actual contents of the press release are accurate and speak for themselves. Except as so expressly admitted, Ms. Singh denies each and every allegation in Paragraph 215.

216.    In response to Paragraph 216, Ms. Singh admits that Zymergen issued a press release and hosted a conference call on November 3, 2021, that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context certain statements made in the press release and conference call, and that the full and actual contents of the press release and statements made by representatives of Zymergen in the conference call are accurate and speak for themselves. Except as so expressly admitted, Ms. Singh denies each and every allegation in Paragraph 216.

217.    Ms. Singh denies each and every allegation in Paragraph 217.

218.    In response to Paragraph 218, Ms. Singh admits that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context certain statements made by Mr. Flatley during the conference call on November 3, 2021, and that the full and actual statements made by Mr. Flatley are accurate and speak for themselves. Except as so expressly admitted, Ms. Singh denies each and every allegation in Paragraph 218.

219.    In response to Paragraph 219, Ms. Singh admits that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context certain statements made by Mr. Flatley during the conference call on November 3, 2021, and that the full and actual statements made by Mr. Flatley are accurate and speak for themselves. Except as so expressly admitted, Ms. Singh denies each and every allegation in Paragraph 219.

220.    In response to Paragraph 220, Ms. Singh admits that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context certain statements made by Ms. Singh during the conference call on November 3, 2021, and that the full and actual statements made by Ms. Singh are accurate and speak for themselves. Except as so expressly admitted, Ms. Singh denies each and every allegation in Paragraph 220.

221.    In response to Paragraph 221, Ms. Singh admits that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context certain statements made by Ms. Singh during the conference call on November 3, 2021, and that the full and actual statements made

by Ms. Singh are accurate and speak for themselves.  Except as so expressly admitted, Ms. Singh denies each and every allegation in Paragraph 221.

222.   In response to Paragraph 222, Ms. Singh admits that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context certain statements made by unstated third-party analysts, including BofA, during the conference call on November 3, 2021 and that the full and actual statements made by such third parties speak for themselves.  Ms. Singh further admits that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context certain statements made by Mr. Flatley during the conference call on November 3, 2021, and that the full and actual statements made by Mr. Flatley are accurate and speak for themselves. Except as so expressly admitted, Ms. Singh denies each and every allegation in Paragraph 222.

223.   In response to Paragraph 223, Ms. Singh admits that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context certain statements made by third-party analysts, including Cowen, during the conference call on November 3, 2021 and that the full and actual statements made by such third parties speak for themselves.  Except as so expressly admitted, Ms. Singh denies each and every allegation in Paragraph 223.

224.   In response to Paragraph 224, Ms. Singh admits that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context certain statements made by third-party analysts, including J.P. Morgan, during the conference call on November 3, 2021 and that the full and actual statements made by such third parties speak for themselves.  Ms. Singh further admits that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context certain statements made by Mr. Flatley during the conference call on November 3, 2021, and that the full and actual statements made by Mr. Flatley are accurate and speak for themselves.  Except as so expressly admitted, Ms. Singh denies each and every allegation in Paragraph 224.

225.   In response to Paragraph 225, Ms. Singh admits that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context certain statements made by third-party analysts, including UBS, during the conference call on November 3, 2021 and that the full and actual statements made by such third parties speak for themselves.  Ms. Singh further admits that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context certain

1    statements made by Mr. Flatley during the conference call on November 3, 2021, and that the full

2    and actual statements made by Mr. Flatley are accurate and speak for themselves.  Except as so

3    expressly admitted, Ms. Singh denies each and every allegation in Paragraph 225.

4          226.   In response to Paragraph 226, Ms. Singh admits that Plaintiffs purport to

5    characterize, paraphrase, and quote selectively and out of context certain statements made by third-

6    party analysts, including UBS, during the conference call on November 3, 2021 and that the full

7    and actual statements made by such third parties speak for themselves.  Ms. Singh further admits

8    that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context certain

9    statements made by Mr. Flatley and Ms. Singh during the conference call on November 3, 2021,

10   and that the full and actual statements made by Mr. Flatley and Ms. Singh are accurate and speak

11   for themselves.  Except as so expressly admitted, Ms. Singh denies each and every allegation in

12   Paragraph 226.

13         227.   In response to Paragraph 227, Ms. Singh admits that Plaintiffs purport to

14   characterize, paraphrase, and quote selectively and out of context certain statements made by third-

15   party analysts, including Goldman Sachs, during the conference call on November 3, 2021 and that

16   the full and actual statements made by such third parties speak for themselves.  Ms. Singh further

17   admits that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context

18   certain statements made by Mr. Flatley during the conference call on November 3, 2021, and that

19   the full and actual statements made by Mr. Flatley are accurate and speak for themselves.  Except

20   as so expressly admitted, Ms. Singh denies each and every allegation in Paragraph 227.

21         228.   In response to Paragraph 228, Ms. Singh admits that Plaintiffs purport to

22   characterize, paraphrase, and quote selectively and out of context certain statements made by third-

23   party analysts, including William Blair & Company, during the conference call on November 3,

24   2021 and that the full and actual statements made by such third parties speak for themselves.  Ms.

25   Singh further admits that Plaintiffs purport to characterize, paraphrase, and quote selectively and

26   out of context certain statements made by Mr. Flatley during the conference call on November 3,

27   2021, and that the full and actual statements made by Mr. Flatley are accurate and speak for

28   themselves.  Except as so expressly admitted, Ms. Singh denies each and every allegation in

Paragraph 228.

229.    In response to Paragraph 229, Ms. Singh admits that daily closing prices for the Company's publicly traded securities are readily available, and that such data speaks for itself. Except as so expressly admitted, Ms. Singh denies each and every allegation in Paragraph 229.

230.    In response to Paragraph 230, Ms. Singh admits that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context certain statements made by unstated third-party analysts and that the full and actual statements made by such third parties speak for themselves.  Except as so expressly admitted, Ms. Singh denies each and every allegation in Paragraph 230.

231.    In response to Paragraph 231, Ms. Singh admits that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context certain statements made by third-party analysts, including J.P. Morgan, and that the full and actual statements made by such third parties speak for themselves.  Except as so expressly admitted, Ms. Singh denies each and every allegation in Paragraph 231.

232.    In response to Paragraph 232, Ms. Singh admits that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context certain statements made by third-party analysts, including William Blair & Company, and that the full and actual statements made by such third parties speak for themselves.  Except as so expressly admitted, Ms. Singh denies each and every allegation in Paragraph 232.

233.    In response to Paragraph 233, Ms. Singh admits that Zymergen filed its Form 10-Q for the third quarter of fiscal 2021 with the SEC on November 15, 2021, and that the contents of that document are accurate and speak for themselves.  Except as so expressly admitted, Ms. Singh denies each and every allegation in Paragraph 233.

234.    In response to Paragraph 234, Ms. Singh admits that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context certain statements made by a third party via a media outlet, and that the full and actual statements made by such third party speak for themselves.  Except as so expressly admitted, Ms. Singh denies each and every allegation in Paragraph 234.

235.   In response to Paragraph 235, Ms. Singh admits that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context certain statements made by Mr. Flatley at a JP Morgan Healthcare conference on January 10, 2022, and that the full and actual statements made by Mr. Flatley are accurate and speak for themselves.  Except as so expressly admitted, Ms. Singh denies each and every allegation in Paragraph 235.

236.   In response to Paragraph 236, Ms. Singh admits that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context certain statements made by Mr. Flatley at a JPMorgan Healthcare conference on January 10, 2022, and that the full and actual statements made by Mr. Flatley are accurate and speak for themselves.  Except as so expressly admitted, Ms. Singh denies each and every allegation in Paragraph 236.

237.   In response to Paragraph 237, Ms. Singh admits that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context certain statements made by Mr. Flatley at a JPMorgan Healthcare conference on January 10, 2022, and that the full and actual statements made by Mr. Flatley are accurate and speak for themselves.  Except as so expressly admitted, Ms. Singh denies each and every allegation in Paragraph 237.

238.   In response to Paragraph 238, Ms. Singh admits that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context certain statements made by unstated third-party analysts, including J.P. Morgan, on January 10, 2022 at a JPMorgan Healthcare conference, and that the full and actual statements made by such third parties speak for themselves. Ms. Singh further admits that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context certain statements made by Mr. Flatley at a JPMorgan Healthcare conference on January 10, 2022, and that the full and actual statements made by Mr. Flatley are accurate and speak for themselves.  Except as so expressly admitted, Ms. Singh denies each and every allegation in Paragraph 238.

239.   In response to Paragraph 239, Ms. Singh admits that Plaintiffs purport to bring this action on behalf of a Putative Class.  Except as so expressly admitted, Ms. Singh denies each and every allegation in Paragraph 239.

240.   In response to Paragraph 240, Ms. Singh admits that, following Zymergen's IPO,

the Company's common stock traded on the Nasdaq Global Select Market.  Except as so expressly admitted, Ms. Singh denies each and every allegation in Paragraph 240.

241.    Ms. Singh denies each and every allegation in Paragraph 241.

242.    Ms. Singh lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 242, and on that basis denies each and every allegation therein.

243.    Ms. Singh denies each and every allegation in Paragraph 243.

244.    Ms. Singh denies each and every allegation in Paragraph 244.

245.    In response to Paragraph 245, Ms. Singh incorporates and reasserts her response to Paragraphs 1-244, inclusive, as if set forth fully herein.

246.    In response to Paragraph 246, Ms. Singh admits that Plaintiffs purport to assert a class claim under Section 11 of the Securities Act of 1933 against Zymergen, the Individual Defendants, and the Underwriter Defendants.  Except as so expressly admitted, Ms. Singh denies each and every allegation in Paragraph 246.

247.    Ms. Singh denies each and every allegation in Paragraph 247.

248.    In response to Paragraph 248, Ms. Singh admits that Zymergen filed the Registration Statement and was the issuer of the shares sold in the IPO.  Except as so expressly admitted, Ms. Singh asserts that the remainder of Paragraph 248 consists of legal conclusions requiring neither admission nor denial; to the extent that any response is required, Ms. Singh denies each and every remaining allegation in Paragraph 248.

249.    In response to Paragraph 249, Ms. Singh admits that Zymergen was the issuer of the shares sold in the IPO.  Except as so expressly admitted, Ms. Singh denies each and every allegation in Paragraph 249.

250.    Ms. Singh denies each and every allegation in Paragraph 250.

251.    Ms. Singh denies each and every allegation in Paragraph 251.

252.    Paragraph 252 consists of legal conclusions requiring neither admission nor denial. To the extent that any response is required, Ms. Singh denies each and every allegation in Paragraph 252.

253.    Ms. Singh lacks knowledge or information sufficient to form a belief as to the truth

1    of the allegations in Paragraph 253 and, on that basis, denies each and every allegation therein.

2         254.    Ms. Singh denies each and every allegation in Paragraph 254.

3         255.    In response to Paragraph 255, Ms. Singh incorporates and reasserts her response to

4    Paragraphs 1-254, inclusive, as if set forth fully herein.

5         256.    In response to Paragraph 256, Ms. Singh admits that Plaintiffs purport to assert a

6    class claim under Section 15 of the Securities Act of 1933 against certain defendants.  Except as so

7    expressly admitted, Ms. Singh denies each and every allegation in Paragraph 256.

8         257.    Paragraph 257 consists of legal conclusions requiring neither admission nor denial.

9    To the extent that any response is required, Ms. Singh denies each and every allegation in Paragraph

10   257.

11        258.    Paragraph 258 consists of legal conclusions requiring neither admission nor denial.

12   To the extent that any response is required, Ms. Singh denies each and every allegation in Paragraph

13   258.

14        259.    Paragraph 259 consists of legal conclusions requiring neither admission nor denial.

15   To the extent that any response is required, Ms. Singh denies each and every allegation in Paragraph

16   259.

17        260.    Ms. Singh denies each and every allegation in Paragraph 260.

18                              **AFFIRMATIVE DEFENSES**

19        In further response to the Amended Complaint and each claim asserted in this action, and

20   without assuming the burden of proof, persuasion, or production as to any issue where such burden

21   is not legally assigned to her, Ms. Singh asserts the following affirmative and other defenses.  By

22   asserting such defenses, Ms. Singh does not in any way waive or limit any defenses raised by the

23   denials, allegations, and averments set forth elsewhere in this Answer.  Ms. Singh expressly

24   reserves the right to amend and/or supplement these defenses and assert any other defense as to

25   which discovery, investigation, or further developments may establish a basis.

26                                 **FIRST DEFENSE**

27                                  **(Standing)**

28        Plaintiffs' claims are barred, in whole or in part, because Plaintiffs or other members of the

1  Putative Class lack standing to assert them to the extent they did not purchase Zymergen stock in

2  or traceable to Zymergen's Initial Public Offering.

3                              **SECOND DEFENSE**

4                            **(Truth on the Market)**

5          Ms. Singh is not liable to Plaintiffs or other members of the Putative Class because the

6  substance of the allegedly omitted or misrepresented material information was disclosed in the

7  Registration Statement, Zymergen's public filings and announcements, and/or in other sources that

8  were publicly available or widely known to the market, the investing community, Plaintiffs, and

9  members of the Putative Class.

10                              **THIRD DEFENSE**

11                              **(Knowledge)**

12         Plaintiffs' claims of alleged misrepresentations and omissions, which are denied, are barred

13 to the extent any allegedly misstated facts or omissions were known to Plaintiffs and other members

14 of the Putative Class.

15                              **FOURTH DEFENSE**

16                            **(Due Diligence)**

17         Ms. Singh had, after reasonable investigation, reasonable grounds to believe and did

18 believe, at the time the Registration Statement became effective, that the statements therein were

19 true and that there was no omission of any required material fact necessary to make the statements

20 not misleading.

21                              **FIFTH DEFENSE**

22                    **(Reasonable Reliance on Experts)**

23         With respect to portions of the Registration Statement purporting to be made on the

24 authority of experts, Ms. Singh has no reasonable ground to believe and did not believe, at the time

25 such part of the Registration Statement became effective, that the statements therein were untrue or

26 that there was an omission to state a material fact required to be stated therein or necessary to make

27 the statements therein not misleading.

28

1

### SIXTH DEFENSE

2

### (Good Faith)

3   Plaintiffs' claims are barred, in whole or in part, because at all relevant times Ms. Singh

4   acted in good faith, including by acting in conformity with the law and rules and regulations of the

5   U.S. Securities and Exchange Commission.

6

### SEVENTH DEFENSE

7

### (Bespeaks Caution)

8   Plaintiffs' claims are barred, in whole or in part, by the "bespeaks caution" doctrine to the

9   extent they are based on predictions, expressions of opinion, or forward-looking statements.

10

### EIGHTH DEFENSE

11

### (Opinion Statements)

12   Plaintiffs' claims are barred, in whole or in part, under the principles set forth in *Omnicare,*

13   *Inc. v. Laborers Dist. Council*, 575 U.S. 175 (2015), to the extent they are based on expressions of

14   opinion.

15

### NINTH  DEFENSE

16

### (Assumption of Risk)

17   Plaintiffs' claims are barred, in whole or in part, because Plaintiffs and/or other members

18   of the Putative Class had actual or constructive knowledge of the risks involved and thus assumed

19   the risk that the value of Zymergen stock would decline if such risks materialized.

20

### TENTH DEFENSE

21

### (No Control Person Liability)

22   Ms. Singh had no knowledge of, and had no reasonable grounds to believe in the existence

23   of, the facts by reason of which liability under Section 15 of the Securities Act of 1933 is alleged

24   to exist.

25

### ELEVENTH DEFENSE

26

### (Statutory Damages Limitation)

27   Any recovery for damages allegedly incurred by Plaintiffs or members of the Putative Class

28   is barred, in whole or in part, by the damages limitations of the Securities Act of 1933.

1

2

**TWELFTH DEFENSE**

**(Negative Causation)**

3          Plaintiffs' claims are barred, in whole or in part, because none of the alleged

4  misrepresentations or misleading statements or omissions alleged by Plaintiffs caused, or was a

5  substantial factor in, any increase or decrease in the market value of Zymergen's securities owned

6  by Plaintiffs or other members of the Putative Class.

7

8

**THIRTEENTH DEFENSE**

**(Superseding or Intervening Events)**

9          Plaintiffs' claims are barred, in whole or in part, because superseding or intervening events

10  caused some or all of the alleged damages.

11

12

**FOURTEENTH DEFENSE**

**(Comparative Fault and/or Contributory Negligence)**

13          Plaintiffs' claims are barred, in whole or in part, by the actions, omissions, and/or

14  comparative fault and contributory negligence of Plaintiffs, other members of the Putative Class,

15  or other third parties, including the failure to undertake their own due diligence.

16

17

**FIFTEENTH DEFENSE**

**(Failure to Mitigate)**

18          Plaintiffs and other members of the Putative Class are barred from recovery for injury or

19  damages because they failed to make reasonable efforts to mitigate any such injury or damages.

20

21

**SIXTEENTH DEFENSE**

**(Equitable Doctrines)**

22          Plaintiffs' claims are barred, in whole or in part, by the doctrines of laches, equitable

23  estoppel, waiver, unclean hands, and other related equitable defenses.

24

25

**SEVENTEENTH DEFENSE**

**(Failure to State a Claim)**

26          The Amended Complaint fails to state a claim upon which relief can be granted as to Ms.

27  Singh.

28

1

**EIGHTEENTH DEFENSE**

2

**(No Duty to Disclose Alleged Omissions)**

3      Plaintiffs' claims are barred, in whole or in part, because at all relevant times Ms. Singh had

4 no duty to disclose any information that the Amended Complaint alleges was omitted from the

5 Registration Statement, to the extent that such information existed at the time the Registration

6 Statement was filed or became effective.

7

**NINETEENTH DEFENSE**

8

**(Materiality)**

9      Plaintiffs' claims are barred, in whole or in part, because some or all of the purported

10 misstatements or omissions alleged in the Amended Complaint pertain to matters that are not

11 material.

12

**TWENTIETH DEFENSE**

13

**(General Statement of Optimism or Puffery)**

14      Plaintiffs' claims are barred, in whole or in part, because some or all of the purported

15 misstatements or omissions alleged in the Amended Complaint reflect or pertain to non-actionable

16 statements of corporate optimism or puffery.

17

**TWENTY-FIRST DEFENSE**

18

**(Incorporation by Reference)**

19      Ms. Singh hereby adopts and incorporates by reference any and all other defenses asserted

20 or to be asserted by any of the other Defendants to the extent Ms. Singh may share in such a defense.

21

**TWENTY-SECOND DEFENSE**

22

**(Waiver)**

23      The claims alleged in the Amended Complaint are barred, in whole or in part, to the extent

24 that Plaintiffs and members of the Putative Class have knowingly and voluntarily waived any

25 alleged claims they might have against Ms. Singh.

26

**TWENTY-THIRD DEFENSE**

27

**(No Fees, Costs or Expenses)**

28      Plaintiffs and members of the alleged plaintiff class are not entitled to recover attorneys'

1   fees, expert fees, or other costs and disbursements.

2   **TWENTY-FOURTH DEFENSE**

3   **(Plaintiffs Cannot Maintain a Class Action)**

4   This suit may not be maintained as a class action because: (1) Plaintiffs will not fairly and

5   adequately protect the interests of the Putative Class; (2) common issues of fact or law do not

6   predominate over questions affecting only individual members; (3) a class action is not an

7   appropriate method for the fair and efficient adjudication of the controversy; (4) the other

8   requirements of maintaining a class action have not been met; (5) a class action is not an appropriate

9   or superior method for addressing the claims brought by Plaintiffs as individual questions exceed

10  the common questions; and (6) aggregation of claims would deny Ms. Singh's due process by

11  depriving Ms. Singh of her rights to discover and present bona fide legal and factual defenses

12  unique to a specific members of the Putative Class and transactions.

13  **TWENTY-FIFTH DEFENSE**

14  **(Reasonable Care)**

15  If any alleged misstatements or omissions were made (which Ms. Singh denies), the claims

16  of Plaintiffs and/or members of the Putative Class are barred as Plaintiffs and/or members of the

17  Putative Class failed to exercise reasonable care to discover the facts related to these alleged

18  misstatements/omissions.

19  **TWENTY-SIXTH DEFENSE**

20  **(Other Defenses)**

21  Ms. Singh hereby reserves and asserts all affirmative and other defenses available under

22  federal law.  Ms. Singh reserves the right to assert additional defenses, crossclaims, and third-party

23  claims in the event that discovery, further investigation, or other developments may indicate that it

24  would be appropriate.  Ms. Singh hereby reserves all rights to amend and/or supplement any and

25  all defenses set forth herein.

26  **PRAYER**

27  WHEREFORE, Ms. Singh respectfully pray for judgment as follows:

28  1.      That judgment be entered against Plaintiffs and in favor of Ms. Singh, on all claims

1    asserted in this action;

2        2.     That Plaintiffs' Prayer for Relief be denied;

3        3.     That the remaining claims of the Amended Complaint be dismissed with prejudice;

4        3.     That Plaintiffs and members of the Putative Class take nothing by reason of the

5    claims asserted in this action;

6        4.     That the Court refuse to certify this suit as a class action;

7        5.     For costs of suit herein; and

8        6.     For such other and further relief as the Court may deem just and proper.

9                                   **<u>JURY DEMAND</u>**

10    Ms. Singh demands a trial by jury on all issues triable by a jury.

11

12    Dated: April 4, 2024                        MORRISON & FOERSTER LLP

13

14                                 By:   */s/ Ryan M. Keats*

15                                     Ryan M. Keats

16                                     Attorneys for Defendant Enakshi Singh

17

18

19

20

21

22

23

24

25

26

27

28