1  KEVIN P. MUCK (SBN 120918)
kevin.muck@wilmerhale.com
2  SUSAN S. MUCK (SBN 126930)
susan.muck@wilmerhale.com
3  WILMER CUTLER PICKERING
      HALE AND DORR LLP
4  One Front Street, Suite 3500
San Francisco, CA 94111
5  Telephone: (628) 235-1000
Facsimile: (628) 235-1001
6
PETER J. KOLOVOS (appearance *pro hac vice*)
7  peter.kolovos@wilmerhale.com
WILMER CUTLER PICKERING
8      HALE AND DORR LLP
60 State Street
9  Boston, MA 02109
Telephone: (617) 526-6000
10  Facsimile: (617) 526-5000
11
JEREMY T. ADLER (appearance *pro hac vice*)
12  jeremy.adler@wilmerhale.com
WILMER CUTLER PICKERING
13      HALE AND DORR LLP
7 World Trade Center
14  New York, NY 10007
Telephone: (212) 230-8800
15  Facsimile: (212) 230-8888
16
*Attorneys for Defendants Zymergen Inc.,*
17  *Steven Chu, Jay T. Flatley, Christine M. Gorjanc,*
*Travis Murdoch, Matthew A. Ocko, Sandra E. Peterson,*
18  *Zach Serber, and Rohit Sharma*
19
**UNITED STATES DISTRICT COURT**
20  **NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**
21

22  BIAO WANG, Individually and on        )   Case No. 5:21-cv-06028-PCP
Behalf of All Others Similarly Situated,  )
23                                         )   **ANSWER OF THE ZYMERGEN**
                          Plaintiff,       )   **DEFENDANTS TO PLAINTIFFS'**
24                                         )   **SECOND AMENDED CLASS**
        vs.                                )   **ACTION COMPLAINT FOR**
25                                         )   **VIOLATIONS OF THE FEDERAL**
ZYMERGEN INC., et al.,                     )   **SECURITIES LAWS**
26                                         )
                          Defendants.      )
27                                         )
                                           )
28

Defendants Zymergen Inc. ("Zymergen" or the "Company"), Steven Chu, Jay T. Flatley, Christine M. Gorjanc, Travis Murdoch, Matthew A. Ocko, Sandra E. Peterson, Zach Serber, and Rohit Sharma (collectively the "Director Defendants," and with Zymergen, the "Zymergen Defendants"), by and through their undersigned counsel, hereby answer and respond as follows to the Second Amended Class Action Complaint for Violations of the Federal Securities Laws (the "Complaint") filed by Lead Plaintiff and Class Representative Biao Wang and Plaintiff West Palm Beach Firefighters' Pension Fund (collectively the "Plaintiffs") in the above-captioned action (the "Action").

On November 29, 2022, the Court entered an Order granting in part and denying in part motions filed by the Zymergen Defendants, the Underwriter Defendants,[1] and certain of the so-called Controlling Stockholders,[2] to dismiss the Amended Class Action Complaint dated February 24, 2022 (the "Amended Complaint"). *See* Order Granting In Part And Denying In Part Mot. to Dismiss (ECF No. 162) ("Motion to Dismiss Order"). In the Motion to Dismiss Order, the Court dismissed the Section 15 claim against the so-called Controlling Stockholders. *See* ECF No. 162 at 4. The Court denied Defendants' motion to dismiss Plaintiffs' claims under Section 11. *Id.* On December 21, 2023, Plaintiffs sought leave to amend their complaint to re-plead a Section 15 claim against the so-called Controlling Stockholders, including the three Controlling Stockholder entities that were not named as defendants in the Amended Complaint. The Court granted Plaintiffs leave on February 26, 2024. On March 4, 2024, Plaintiffs filed their Second Amended Complaint.

---

[1] The Underwriter Defendants are J.P. Morgan Securities LLC, Goldman Sachs & Co. LLC, Cowen and Company, LLC, BofA Securities, Inc., UBS Securities LLC, and Lazard Frères & Co. LLC.

[2] The entities that the Second Amended Complaint refer to collectively as the Controlling Stockholders are SVF Excalibur (Cayman) Limited, SVF Endurance (Cayman) Limited, SoftBank Vision Fund (AIV M1) L.P., SB Investment Advisers (US) Inc. (collectively, "Softbank Defendants"); Data Collective II, L.P., DCVC Opportunity Fund, L.P., and DCVC Management Co, LLC (collectively, "DCVC"); and True Ventures IV, L.P., True Ventures Select I, L.P., True Ventures Select II, L.P., True Ventures Select III, L.P., True Ventures Select IV, L.P., and True Ventures Management, L.L.C. (collectively, "True Ventures"). The Amended Complaint did not assert claims against SB Investment Advisers (US) Inc., DCVC Management Co. LLC, True Venture Management, L.L.C. Those parties were added as defendants for the first time in the Second Amended Complaint.

Except as expressly admitted herein, the Zymergen Defendants deny each and every allegation set forth in the Complaint.  Paragraph numbers in this Answer and the responses contained herein correspond and respond to the allegations in the like-numbered paragraphs of the Complaint.  To the extent the paragraphs in the Complaint are grouped under headings and sub-headings, the Zymergen Defendants respond generally that such headings and sub-headings state unsupported legal conclusions as to which no response is required.  To the extent a response is necessary, the Zymergen Defendants deny each heading and sub-heading in the Complaint and incorporate by reference this response in each paragraph below as if fully set forth therein.

To the extent the Zymergen Defendants respond that a document speaks for itself, such an assertion shall not be deemed to be an admission that the contents of any such document are accurate or complete unless so stated expressly.  Any allegations in the Complaint that state a legal conclusion do not require a response and, to the extent that any response is required, such allegations are denied.  The Zymergen Defendants generally and specifically deny any averments in the Complaint's unnumbered paragraphs, footnotes, and prayer for relief except as expressly admitted herein, and specifically deny that Plaintiffs are entitled to the relief sought in their Prayer for Relief.  The Zymergen Defendants deny any characterization, including bolding, italics, or paraphrasing, of any alleged statement or that is not a full and accurate quote of the actual complete statement in context.  The Zymergen Defendants reserve the right to amend and/or supplement this answer.

## ANSWER TO SPECIFIC ALLEGATIONS[3]

1.      In response to Paragraph 1, the Zymergen Defendants admit that Plaintiffs purport to re-plead claims previously dismissed and add new allegations and claims.  Except as so expressly admitted, the Zymergen Defendants deny each and every allegation in Paragraph 1.

---

[3] The Zymergen Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in the prefatory paragraph found at page 1, lines 1 through 12, and on that basis deny each and every allegation therein.

2.      In response to Paragraph 2, the Zymergen Defendants admit that Plaintiffs purport to allege claims against entities that Plaintiffs refer to collectively as "Controlling Stockholders." Except as so expressly admitted, the Zymergen Defendants deny each and every allegation in Paragraph 2.

3.      In response to Paragraph 3, the Zymergen Defendants admit that Plaintiffs purport to add claims against the so-called Controlling Stockholders.  Except as so expressly admitted, the Zymergen Defendants deny each and every allegation in Paragraph 3.

4.      In response to Paragraph 4, the Zymergen Defendants admit that Plaintiffs purport to add new defendants.  The Zymergen Defendants lack knowledge or information sufficient to form a belief as to the allegations in the second sentence, and on that basis deny such allegations. Except as so expressly admitted and stated, the Zymergen Defendants deny each and every allegation in Paragraph 4.

5.      In response to Paragraph 5, the Zymergen Defendants admit that Plaintiffs purport to add another theory of liability against the so-called Controlling Stockholders.  Except as so expressly admitted, the Zymergen Defendants deny each and every allegation in Paragraph 5.

6.      In response to Paragraph 6, the Zymergen Defendants admit that Plaintiffs purport to assert class claims under the Securities Act of 1933.  Except as so expressly admitted, the Zymergen Defendants deny each and every allegation in Paragraph 6.

7.      In response to Paragraph 7, the Zymergen Defendants admit that, at the times relevant to this action, Zymergen integrated computational and manufacturing technologies to design, engineer and optimize microbes for industrial applications, that it developed a platform that treats the genome as a search space, using proprietary machine learning algorithms and advanced automation to identify genetic changes that improve the economics for its customers' bio-based products for a range of industries, including electronics, consumer care, chemicals, materials, agriculture and pharmaceuticals, and that its platform was used to discover novel molecules designed to enable unique material properties.  the Zymergen Defendants further admit

that the Company was incorporated in Delaware on April 24, 2013.  Except as so expressly admitted, the Zymergen Defendants deny each and every allegation in Paragraph 7.

8.     In response to Paragraph 8, the Zymergen Defendants admit that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context certain unidentified statements, which statements, if identified, would speak for themselves.  Except as so expressly admitted, the Zymergen Defendants deny each and every allegation in Paragraph 8.

9.     In response to Paragraph 9, the Zymergen Defendants admit that Zymergen's initial public offering was completed on April 22, 2021, that the Company filed a Prospectus on Form 424B4 with the SEC on April 23, 2021, that (including the full exercise of the underwriters' allotment of 2,419,500 shares) approximately 18,549,500 shares of the Company's common stock were sold in the IPO at a price of $31.00 per share, and that the proceeds and anticipated uses of the proceeds were as specified in the Registration Statement filed with the SEC in connection with Zymergen's initial public offering (which may be referred to herein as the "Registration Statement"), which speaks for itself.  Except as so expressly admitted, the Zymergen Defendants deny each and every allegation in Paragraph 9.

10.     In response to Paragraph 10, the Zymergen Defendants admit that Zymergen's common stock began trading on the Nasdaq Global Select Market on April 22, 2021 with the ticker symbol "ZY," and as of the closing of the IPO there were approximately 100.36 million shares of the Company's common stock outstanding.  The Zymergen Defendants further admit that daily closing prices for the Company's publicly traded securities are readily available, and that such data speak for themselves.  Except as so expressly admitted, the Zymergen Defendants deny each and every allegation in Paragraph 10.

11.     The Zymergen Defendants deny each and every allegation in Paragraph 11.

12.     The Zymergen Defendants deny each and every allegation in Paragraph 12.

13.     In response to Paragraph 13, the Zymergen Defendants admit that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context certain portions of the Registration Statement, and that the full and actual contents of the Registration Statement are

accurate and speak for themselves.  Except as so expressly admitted, the Zymergen Defendants deny each and every allegation in Paragraph 13.

14.     In response to Paragraph 14, the Zymergen Defendants admit that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context certain portions the Registration Statement, and that the full and actual contents of the Registration Statement are accurate and speak for themselves.  Except as so expressly admitted, the Zymergen Defendants deny each and every allegation in Paragraph 14.

15.     In response to Paragraph 15, the Zymergen Defendants admit that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context certain portions of the Registration Statement, and that the full and actual contents of the Registration Statement are accurate and speak for themselves.  Except as so expressly admitted, the Zymergen Defendants deny each and every allegation in Paragraph 15.

16.     In response to Paragraph 16, the Zymergen Defendants admit that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context certain portions of the Registration Statement, and that the full and actual contents of the Registration Statement are accurate and speak for themselves.  Except as so expressly admitted, the Zymergen Defendants deny each and every allegation in Paragraph 16.

17.     In response to Paragraph 17, the Zymergen Defendants admit that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context certain portions of the Registration Statement, and that the full and actual contents of the Registration Statement are accurate and speak for themselves.  Except as so expressly admitted, the Zymergen Defendants deny each and every allegation in Paragraph 17.

18.     In response to Paragraph 18, the Zymergen Defendants admit that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context certain portions of the Registration Statement, and that the full and actual contents of the Registration Statement are accurate and speak for themselves.  Except as so expressly admitted, the Zymergen Defendants deny each and every allegation in Paragraph 18.

19.     In response to Paragraph 19, the Zymergen Defendants admit that in the first sentence, Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context certain portions of the Registration Statement, and that the full and actual contents of the Registration Statement are accurate and speak for themselves.  Except as so expressly admitted, the Zymergen Defendants deny each and every allegation in the first sentence.  In response to the remainder of Paragraph 19, the Zymergen Defendants admit that Zymergen reported in the Registration Statement total revenues of approximately $15.4 million and $13.3 million in 2019 and 2020, respectively, net losses of $236.8 million and $262.2 million in 2019 and 2020, respectively, an accumulated deficit of $773.7 million as of December 31, 2020.  The Zymergen Defendants further admit that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context certain portions of the Registration Statement regarding the going concern qualification contained in the Company's financial statements as of December 31, 2020, and that the full and actual contents of the Registration Statement are accurate and speak for themselves. Except as so expressly admitted, the Zymergen Defendants deny each and every remaining allegation in Paragraph 19.

20.     In response to Paragraph 20, the Zymergen Defendants admit that in the second sentence, Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context certain portions of the Registration Statement, and that the full and actual contents of the Registration Statement are accurate and speak for themselves.  Except as so expressly admitted, the Zymergen Defendants deny each and every allegation in Paragraph 20.

21.     In response to Paragraph 21, the Zymergen Defendants admit that Zymergen issued a press release and hosted a conference call on August 3, 2021, that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context certain statements made in the press release and conference call, and that the full and actual contents of the press release and statements made by representatives of Zymergen in the conference call are accurate and speak for themselves.  Except as so expressly admitted, the Zymergen Defendants deny each and every allegation in Paragraph 21.

22.     In response to Paragraph 22, the Zymergen Defendants admit that Zymergen issued a press release and hosted a conference call on August 3, 2021, that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context certain statements made in the press release and conference call, and that the full and actual contents of the press release and statements made by representatives of Zymergen in the conference call are accurate and speak for themselves.  Except as so expressly admitted, the Zymergen Defendants deny each and every allegation in Paragraph 22.

23.     In response to Paragraph 23, the Zymergen Defendants admit that Mr. Flatley was appointed to serve as Zymergen's Acting Chief Executive Officer on August 2, 2021, following the mutual decision by the Company and Mr. Hoffman that Mr. Hoffman would step down as Chief Executive Officer and a member of the Board.  The Zymergen Defendants further admit that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context certain statements made by Mr. Flatley on August 3, 2021, and that the full and actual statements made by Mr. Flatley are accurate and speak for themselves.  Except as so expressly admitted, the Zymergen Defendants deny each and every allegation in Paragraph 23.

24.     The Zymergen Defendants deny each and every allegation in Paragraph 24.

25.     In response to Paragraph 25, the Zymergen Defendants admit that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context certain statements made by Zymergen on August 3, 2021, and that the full and actual statements made by Zymergen are accurate and speak for themselves.  Except as so expressly admitted, the Zymergen Defendants deny each and every allegation in Paragraph 25.

26.     In response to Paragraph 26, the Zymergen Defendants admit that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context certain statements made by Mr. Flatley on August 3, 2021, and that the full and actual statements made by Mr. Flatley are accurate and speak for themselves.  Except as so expressly admitted, the Zymergen Defendants deny each and every allegation in Paragraph 26.

27.     In response to Paragraph 27, the Zymergen Defendants admit that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context certain statements made by Zymergen on August 3, 2021, and that the full and actual statements made by Zymergen are accurate and speak for themselves.  Except as so expressly admitted, the Zymergen Defendants deny each and every allegation in Paragraph 27.

28.     In response to Paragraph 28, the Zymergen Defendants admit that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context certain statements made by Zymergen on August 3, 2021, and that the full and actual statements made by Zymergen are accurate and speak for themselves.  Except as so expressly admitted, the Zymergen Defendants deny each and every allegation in Paragraph 28.

29.     In response to Paragraph 29, the Zymergen Defendants admit that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context certain statements made by Zymergen on August 3, 2021, and that the full and actual statements made by Zymergen are accurate and speak for themselves.  Except as so expressly admitted, the Zymergen Defendants deny each and every allegation in Paragraph 29.

30.     In response to Paragraph 30, the Zymergen Defendants admit that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context certain statements made by unstated third-party analysts, and that the full and actual statements made by such third parties speak for themselves.  Except as so expressly admitted, the Zymergen Defendants deny each and every allegation in Paragraph 30.

31.     In response to Paragraph 31, the Zymergen Defendants admit that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context certain statements made by unstated third-party analysts, and that the full and actual statements made by such third parties speak for themselves.  The Zymergen Defendants further admit that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context certain statements made by Mr. Flatley during the conference call on August 3, 2021, and that the full and actual statements made

by Mr. Flatley are accurate and speak for themselves.  Except as so expressly admitted, the Zymergen Defendants deny each and every allegation in Paragraph 31.

32.   In response to Paragraph 32, the Zymergen Defendants admit that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context certain statements made by unstated third-party analysts, including William Blair & Company, and that the full and actual statements made by such third parties speak for themselves.  Except as so expressly admitted, the Zymergen Defendants deny each and every allegation in Paragraph 32.

33.   In response to Paragraph 33, the Zymergen Defendants admit that certain government agencies, including the Securities and Exchange Commission, have requested information related to Zymergen's August 3, 2021 disclosure.  Except as so expressly admitted, the Zymergen Defendants deny each and every allegation in Paragraph 33.

34.   In response to Paragraph 34, the Zymergen Defendants admit that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context certain statements made by Zymergen on August 3, 2021 and November 3, 2021, and that the full and actual statements made by Zymergen are accurate and speak for themselves.  Except as so expressly admitted, the Zymergen Defendants deny each and every allegation in Paragraph 34.

35.   In response to Paragraph 35, the Zymergen Defendants admit that daily closing prices for the Company's publicly traded securities are readily available, and that such data speak for themselves.  Except as so expressly admitted, the Zymergen Defendants deny each and every allegation in Paragraph 35.

36.   In response to Paragraph 36, the Zymergen Defendants admit that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context certain statements made by Zymergen on September 23, 2021, and that the full and actual statements made by Zymergen are accurate and speak for themselves.  Except as so expressly admitted, the Zymergen Defendants deny each and every allegation in Paragraph 36.

37.   In response to Paragraph 37, the Zymergen Defendants admit that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context certain statements made by

third parties via media outlets, and that the full and actual statements made by such third parties speak for themselves.  Except as so expressly admitted, the Zymergen Defendants deny each and every allegation in Paragraph 37.

38.     In response to Paragraph 38, the Zymergen Defendants admit that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context certain statements made by Zymergen in a filing with the SEC on Form 8-K on October 21, 2021, and that the full and actual statements made by Zymergen in that document are accurate and speak for themselves.  Except as so expressly admitted, the Zymergen Defendants deny each and every allegation in Paragraph 38.

39.     In response to Paragraph 39, the Zymergen Defendants admit that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context certain statements made by Zymergen in a filing with the SEC on Form 8-K on October 21, 2021, and that the full and actual statements made by Zymergen in that document are accurate and speak for themselves.  The Zymergen Defendants further admit that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context Amendment No. 1, Waiver and Consent to Amended and Restated Credit Agreement and Guaranty (the "Amendment") with respect to the Amended and Restated Credit Agreement and Guaranty, dated as of February 26, 2021 (the "Credit Agreement"), and that the full and actual Amendment and Credit Agreement speak for themselves.  Except as so expressly admitted, the Zymergen Defendants deny each and every allegation in Paragraph 39.

40.     In response to Paragraph 40, the Zymergen Defendants admit that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context certain statements made by Zymergen in a filing with the SEC on Form 8-K on October 21, 2021, and that the full and actual statements made by Zymergen in that document are accurate and speak for themselves.  Except as so expressly admitted, the Zymergen Defendants deny each and every allegation in Paragraph 40.

41.     In response to Paragraph 41, the Zymergen Defendants admit that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context certain statements made by Zymergen in a press release and conference call on November 3, 2021, and that the full and actual statements made by Zymergen in that press release and conference call are accurate and speak for

themselves.   Except as so expressly admitted, the Zymergen Defendants deny each and every allegation in Paragraph 41.

42.     In response to Paragraph 42, the Zymergen Defendants admit that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context certain statements made by Zymergen and Mr. Flatley in a press release and conference call on November 3, 2021, and that the full and actual statements made by Zymergen and Mr. Flatley in that press release and conference call are accurate and speak for themselves.   Except as so expressly admitted, the Zymergen Defendants deny each and every allegation in Paragraph 42.

43.     In response to Paragraph 43, the Zymergen Defendants admit that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context certain statements made by Zymergen in a press release on November 3, 2021, and that the full and actual statements made by Zymergen in that press release are accurate and speak for themselves.   Except as so expressly admitted, the Zymergen Defendants deny each and every allegation in Paragraph 43.

44.     In response to Paragraph 44, the Zymergen Defendants admit that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context certain statements made by Zymergen on November 3, 2021 and in its filing on Form 10-Q for the third quarter of fiscal 2021, and that the full and actual statements made by Zymergen are accurate and speak for themselves. Except as so expressly admitted, the Zymergen Defendants deny each and every allegation in Paragraph 44.

45.     In response to Paragraph 45, the Zymergen Defendants admit that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context certain statements made by a third party via a media outlet, and that the full and actual statements made by such third party speak for themselves.   Except as so expressly admitted, the Zymergen Defendants deny each and every allegation in Paragraph 45.

46.     In response to Paragraph 46, the Zymergen Defendants admit that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context certain statements made by Mr. Flatley at a JPMorgan Healthcare Conference on January 10, 2022, and that the full and actual

statements made by Mr. Flatley are accurate and speak for themselves.  Except as so expressly admitted, the Zymergen Defendants deny each and every allegation in Paragraph 46.

47.     In response to Paragraph 47, the Zymergen Defendants admit that daily closing prices for the Company's publicly traded securities are readily available, and that such data speaks for itself.  Except as so expressly admitted, the Zymergen Defendants deny each and every allegation in Paragraph 47.

48.     The Zymergen Defendants deny each and every allegation in Paragraph 48.

49.     The allegations in Paragraph 49 consist of legal conclusions and require no response.  To the extent that a response is required, the Zymergen Defendants admit that Plaintiffs purport to sue under Sections 11 and 15 of the Securities Act of 1933.  Except as so expressly admitted, the Zymergen Defendants deny each and every allegation in Paragraph 49.

50.     The allegations in Paragraph 50 consist of legal conclusions and require no response.  To the extent that a response is required, the Zymergen Defendants admit that Plaintiffs assert that this Court has jurisdiction over their purported claims under Section 22 of the Securities Act of 1933 and 28 U.S.C. §1331.  Except as so expressly admitted, the Zymergen Defendants deny each and every allegation in Paragraph 50.

51.     The allegations in Paragraph 51 consist of legal conclusions and require no response.  To the extent that a response is required, the Zymergen Defendants admit that Plaintiffs assert that venue in this District is proper under 28 U.S.C. §1391(b).  Except as so expressly admitted, the Zymergen Defendants deny each and every allegation in Paragraph 51.

52.     The allegations in Paragraph 52 consist of legal conclusions and require no response.  To the extent that a response is required, the Zymergen Defendants deny each and every allegation in Paragraph 52.

53.     In response to the first sentence in Paragraph 53, the Zymergen Defendants admit that Biao Wang was appointed by the Court to serve as lead plaintiff and class representative.  The Zymergen Defendants lack knowledge and information sufficient to form a belief as to the truth

of the remaining allegations in the first sentence and on that basis deny such allegations.  The Zymergen Defendants deny each and every allegation in the second sentence of Paragraph 53.

54.     In response to Paragraph 54, the Zymergen Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in the first, second and third sentences and on that basis deny such allegations.  The Zymergen Defendants deny each and every allegation in the fourth sentence of Paragraph 54.

55.     In response to Paragraph 55 and footnotes 1 and 2, the Zymergen Defendants admit that during the relevant time Zymergen was incorporated under the laws of Delaware with its principal executive offices in Emeryville, California, and that the Company's common stock formerly traded on the Nasdaq Global Select Market with the ticker symbol "ZY."  The Zymergen Defendants further admit that, on July 25, 2022, Zymergen and Ginkgo jointly announced that, among other things, they had entered into a definitive agreement under which Ginkgo would acquire Zymergen in an all-stock transaction, and that the contents of that joint announcement, considered fully and in context, speak for themselves.  The Zymergen Defendants further admit that, on October 19, 2022, Ginkgo announced that the acquisition had been completed, that the contents of that announcement (considered fully and in context) speak for themselves, and that Zymergen's securities ceased trading on NASDAQ.  The Zymergen Defendants further admit that, on October 3, 2023, Zymergen filed a voluntary petition under Chapter 11 of the Bankruptcy Code, and that such petition speaks for itself.  Footnote 1 consists of a legal conclusion as to which neither admission nor denial is required.  In response to footnote 2, the Zymergen Defendants admit that Plaintiffs purport to characterize, paraphrase and quote, selectively and out of context, a July 25, 2022 release, the agreement between Ginkgo and Zymergen, and statements made by a third party on November 14, 2022, and that the actual documents and statements, considered fully and in context, speak for themselves.  The Zymergen Defendants further admit that, upon the acquisition of Zymergen, its prior CEO, CFO, and directors ceased serving in those positions.  The Zymergen Defendants further admit that the trading prices of Zymergen securities during the relevant period

are publicly available and speak for themselves.  Except as so expressly admitted and stated, Zymergen denies each and every allegation in Paragraph 55 and footnotes 1 and 2.

56.     In response to Paragraph 56, the Zymergen Defendants admit that Josh Hoffman co-founded Zymergen, served as its Chief Executive Officer from September 2014 until August 2, 2021, was a member of its Board of Directors from April 2013 until August 2, 2021, and signed the Registration Statement filed by the Company in connection with its IPO and declared effective on April 21, 2021.  Except as so expressly admitted, the Zymergen Defendants deny each and every allegation in Paragraph 56.

57.     In response to Paragraph 57, the Zymergen Defendants admit that Enakshi Singh served as Zymergen's Chief Financial Officer beginning on February 17, 2021, and signed the Registration Statement filed by the Company in connection with its IPO and declared effective on April 21, 2021.   Furthermore, the Zymergen Defendants admit that Steven Chu was formerly a member of Zymergen's Board of Directors and authorized Ms. Singh to sign on his behalf the Registration Statement filed by the Company in connection with its IPO and declared effective on April 21, 2021.  Except as so expressly admitted, the Zymergen Defendants deny each and every allegation in Paragraph 57.

58.     In response to Paragraph 58, the Zymergen Defendants admit that Jay T. Flatley was formerly a member of Zymergen's Board of Directors and its Acting CEO, that Mr. Flatley became Acting CEO on August 2, 2021 and continued in that position until the acquisition of Zymergen was completed, and that he authorized Ms. Singh to sign on his behalf the Registration Statement filed by the Company in connection with its IPO and declared effective on April 21, 2021.  Except as so expressly admitted, the Zymergen Defendants deny each and every allegation in Paragraph 58.

59.     In response to Paragraph 59, the Zymergen Defendants admit that Christine M. Gorjanc was formerly a member of Zymergen's Board of Directors and authorized Ms. Singh to sign on her behalf the Registration Statement filed by the Company in connection with its IPO and

declared effective on April 21, 2021.  Except as so expressly admitted, the Zymergen Defendants deny each and every allegation in Paragraph 59.

60.    In response to Paragraph 60, the Zymergen Defendants admit that Travis Murdoch was formerly a member of Zymergen's Board of Directors and authorized Ms. Singh to sign on his behalf the Registration Statement filed by the Company in connection with its IPO and declared effective on April 21, 2021.  Except as so expressly admitted, the Zymergen Defendants deny each and every allegation in Paragraph 60.

61.    In response to Paragraph 61, the Zymergen Defendants admit that Matthew A. Ocko was formerly a member of Zymergen's Board of Directors and authorized Ms. Singh to sign on his behalf the Registration Statement filed by the Company in connection with its IPO and declared effective on April 21, 2021.  Except as so expressly admitted, the Zymergen Defendants deny each and every allegation in Paragraph 61.

62.    In response to Paragraph 62, the Zymergen Defendants admit that Sandra E. Peterson was formerly a member of Zymergen's Board of Directors and authorized Ms. Singh to sign on her behalf the Registration Statement filed by the Company in connection with its IPO and declared effective on April 21, 2021.  Except as so expressly admitted, the Zymergen Defendants deny each and every allegation in Paragraph 62.

63.    In response to Paragraph 63, the Zymergen Defendants admit that Zach Serber was a co-founder of Zymergen, was formerly its Chief Science Officer, was formerly a member of Zymergen's Board of Directors, and authorized Ms. Singh to sign on his behalf the Registration Statement filed by the Company in connection with its IPO and declared effective on April 21, 2021.  Except as so expressly admitted, the Zymergen Defendants deny each and every allegation in Paragraph 63.

64.    In response to Paragraph 64, the Zymergen Defendants admit that Rohit Sharma was formerly a member of Zymergen's Board of Directors and authorized Ms. Singh to sign on his behalf the Registration Statement filed by the Company in connection with its IPO and declared

effective on April 21, 2021.  Except as so expressly admitted, the Zymergen Defendants deny each and every allegation in Paragraph 64.

65.    In response to Paragraph 65, the Zymergen Defendants admit that Plaintiffs purport to refer to the identified persons as the "Individual Defendants."  Except as so expressly admitted, the Zymergen Defendants deny each and every allegation in Paragraph 65.

66.    The first sentence of Paragraph 66 consists of legal conclusions requiring neither admission nor denial.  To the extent that any response is required, the Zymergen Defendants deny each and every allegation in the first sentence of Paragraph 66.  The Zymergen Defendants deny each and every allegation in the remaining sentences of Paragraph 66.

67.    In response to Paragraph 67, the Zymergen Defendants admit that J.P. Morgan Securities LLC served as an underwriter of the IPO.  The Zymergen Defendants further admit that Plaintiffs purport to characterize, paraphrase, and quote portions of the Prospectus, and that the full and actual contents of the Prospectus are accurate and speak for themselves.  Except as so expressly admitted, the Zymergen Defendants deny each and every allegation in Paragraph 67.

68.    In response to Paragraph 68, the Zymergen Defendants admit that Goldman Sachs & Co. LLC served as an underwriter of the IPO.  The Zymergen Defendants further admit that Plaintiffs purport to characterize, paraphrase, and quote portions of the Prospectus, and that the full and actual contents of the Prospectus are accurate and speak for themselves.  Except as so expressly admitted, the Zymergen Defendants deny each and every allegation in Paragraph 68.

69.    In response to Paragraph 69, the Zymergen Defendants admit that Cowen and Company, LLC served as an underwriter of the IPO.  The Zymergen Defendants further admit that Plaintiffs purport to characterize, paraphrase, and quote portions of the Prospectus, and that the full and actual contents of the Prospectus are accurate and speak for themselves.  Except as so expressly admitted, the Zymergen Defendants deny each and every allegation in Paragraph 69.

70.    In response to Paragraph 70, the Zymergen Defendants admit that BofA Securities, Inc. served as an underwriter of the IPO.  The Zymergen Defendants further admit that Plaintiffs purport to characterize, paraphrase, and quote portions of the Prospectus, and that the full and

actual contents of the Prospectus are accurate and speak for themselves.  Except as so expressly admitted, the Zymergen Defendants deny each and every allegation in Paragraph 70.

71.     In response to Paragraph 71, the Zymergen Defendants admit that UBS Securities LLC served as an underwriter of the IPO.  The Zymergen Defendants further admit that Plaintiffs purport to characterize, paraphrase, and quote portions of the Prospectus, and that the full and actual contents of the Prospectus are accurate and speak for themselves.  Except as so expressly admitted, the Zymergen Defendants deny each and every allegation in Paragraph 71.

72.     In response to Paragraph 76, the Zymergen Defendants admit that Lazard Frères & Co. LLC served as an underwriter of the IPO.  The Zymergen Defendants further admit that Plaintiffs purport to characterize, paraphrase, and quote portions of the Prospectus, and that the full and actual contents of the Prospectus are accurate and speak for themselves.  Except as so expressly admitted, the Zymergen Defendants deny each and every allegation in Paragraph 72.

73.     In response to Paragraph 73, the Zymergen Defendants admit that Plaintiffs purport to refer to the specified entities as the "Underwriter Defendants."  Except as so expressly admitted, the Zymergen Defendants deny each and every allegation in Paragraph 73.

74.     In response to Paragraph 74 and footnotes 3 and 4, the Zymergen Defendants admit that Plaintiffs purport to use defined terms to describe certain entities.  Except as so expressly admitted, the Zymergen Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 74 and footnotes 3 and 4 and, on that basis, deny such allegations.

75.     In response to Paragraph 75, Mr. Ocko admits that Plaintiffs purport to use defined terms to describe certain entities, that the entities referred to as the "DCVC Funds" are Delaware limited partnerships and that the entity referred to as "DCVC" is a Delaware limited liability company with its principal place of business in Palo Alto, California.  Except as so expressly admitted, Mr. Ocko denies each and every allegation in Paragraph 75.  The remaining Zymergen Defendants admit that Plaintiffs purport to use defined terms to describe certain entities.  Except as so expressly admitted, the remaining Zymergen Defendants lack knowledge or information

sufficient to form a belief as to the truth of the allegations contained in Paragraph 75 and, on that basis, deny such allegations.

76.     In response to Paragraph 76, Dr. Sharma admits that Plaintiffs purport to use defined terms to describe certain entities, that the entities referred to as the "True Venture Funds" are Delaware limited partnerships and that the entity referred to as "True Ventures" is a Delaware limited liability company with its principal place of business in Palo Alto, California.  Except as so expressly admitted, Dr. Sharma denies each and every allegation in Paragraph 76.   The remaining Zymergen Defendants admit that Plaintiffs purport to use defined terms to describe certain entities.   Except as so expressly admitted, the remaining Zymergen Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 75 and, on that basis, deny such allegations.

77.     In responses to Paragraph 77, the Zymergen Defendants admit that Plaintiffs purport to define the terms "SoftBank Defendants," "DCVC Defendants," "True Venture Defendants," and "Controlling Stockholders" for purposes of the SAC.   Except as so expressly admitted, the Zymergen Defendants deny each and every allegation in Paragraph 77.

78.     The Zymergen Defendants deny each and every allegation in Paragraph 78.

79.     The Zymergen Defendants deny each and every allegation in Paragraph 79.

80.     In response to Paragraph 80, the Zymergen Defendants admit that prior to the IPO, entities affiliated with SVF Excalibur (Cayman) Limited beneficially owned approximately 32.4% of Zymergen's common stock assuming, among other things, conversion of all preferred stock to common stock, and that such entities beneficially held approximately 39% of the outstanding preferred stock prior to such conversion.  The Zymergen Defendants further admit that the rights afforded to holders of preferred stock were specified in the relevant charter documents, and that the contents of such documents, considered fully and in context, speak for themselves.   The Zymergen Defendants further admit that entities affiliated with SVF Excalibur (Cayman) Limited had the contractual right at certain times to designate a director to serve on Zymergen's board, and that Mr. Nishar and Dr. Murdoch were designated at different times to serve on Zymergen's Board.

The Zymergen Defendants further admit that closing prices of Zymergen stock during the time that it was traded publicly, including on the first day of trading following the IPO, are publicly available and speak for themselves.  Except as so expressly admitted, the Zymergen Defendants deny each and every allegation in Paragraph 80.

81.     In response to Paragraph 81, the Zymergen Defendants admit that prior to the IPO, entities affiliated with Data Collective II, L.P. beneficially owned approximately 9.0% of Zymergen's common stock assuming, among other things, conversion of all preferred stock to common stock, and that such entities beneficially held approximately 10.8% of the outstanding preferred stock prior to such conversion.  The Zymergen Defendants further admit that the rights afforded to holders of preferred stock were specified in the relevant charter documents, and that the contents of such documents, considered fully and in context, speak for themselves.  The Zymergen Defendants further admit that entities affiliated with Data Collective II, L.P. had the contractual right at certain times to designate a director to serve on Zymergen's board, and that Mr. Ocko was designated to serve on the Zymergen Board.  The Zymergen Defendants further admit that Plaintiffs purport to characterize and paraphrase certain SEC filings and agreements, and that the contents of such documents, considered fully and in context, speak for themselves.  The Zymergen Defendants further admit that closing stock prices of Zymergen stock during the time that it was traded publicly, including on the first day of trading following the IPO, are publicly available and speak for themselves.  Except as so expressly admitted, the Zymergen Defendants deny each and every allegation in Paragraph 81.

82.     In response to Paragraph 82, the Zymergen Defendants admit that prior to the IPO, entities affiliated with True Ventures IV, L.P. beneficially owned approximately 8.5% of Zymergen's common stock assuming, among other things, conversion of all preferred stock to common stock, and that such entities beneficially held approximately 10.2% of the outstanding preferred stock prior to such conversion.  The Zymergen Defendants further admit that the rights afforded to holders of preferred stock were specified in the relevant charter documents, and that the contents of such documents, considered fully and in context, speak for themselves.  The

1  Zymergen Defendants further admit that entities affiliated with True Ventures IV, L.P. had the

2  contractual right at certain times to designate a director to serve on Zymergen's board, and that

3  Dr. Sharma was designated to serve on the Zymergen Board.  The Zymergen Defendants further

4  admit that Plaintiffs purport to characterize and paraphrase certain SEC filings and agreements,

5  and that the contents of such documents, considered fully and in context, speak for themselves.

6  The Zymergen Defendants further admit that closing stock prices of Zymergen stock during the

7  time that it was traded publicly, including on the first day of trading following the IPO, are publicly

8  available and speak for themselves.  Except as so expressly admitted, the Zymergen Defendants

9  deny each and every allegation in Paragraph 82.

10      83.     In response to Paragraph 83, the Zymergen Defendants admit that Plaintiffs purport

11  to reproduce a table from an unidentified document and that the contents of any such document,

12  considered fully and in context, would speak for themselves.  Except as so expressly admitted, the

13  Zymergen Defendants deny each and every allegation in Paragraph 83.

14      84.     In response to Paragraph 84, the Zymergen Defendants admit that prior to the IPO,

15  holders of shares of Zymergen's outstanding preferred stock converted those shares to common

16  stock.  The Zymergen Defendants further admit that, immediately following the IPO, entities

17  affiliated with SVF Excalibur (Cayman) Limited beneficially owned approximately 26.3% of

18  Zymergen's common stock, entities affiliated with Data Collective II, L.P. beneficially owned

19  approximately 7.3% of Zymergen's common stock, and entities affiliated with True Ventures IV,

20  L.P. beneficially owned approximately 6.9% of Zymergen's common stock.  Except as so

21  expressly admitted, the Zymergen Defendants deny each and every allegation in Paragraph 84.

22      85.     In response to Paragraph 85, the Zymergen Defendants admit that Plaintiffs purport

23  to characterize, paraphrase and quote, selectively and out of context, provisions of unidentified

24  agreements, and that the contents of any such agreements, considered fully and in context, would

25  speak for themselves.  Except as so expressly admitted, the Zymergen Defendants deny each and

26  every allegation in Paragraph 85.

27      86.     The Zymergen Defendants deny each and every allegation in Paragraph 86.

28

87.     In response to Paragraph 87, the Zymergen Defendants admit that Plaintiffs purport to characterize and paraphrase, selectively and out of context, provisions of unidentified governance documents, and that the contents of any such documents, considered fully and in context, would speak for themselves.  Except as so expressly admitted, the Zymergen Defendants deny each and every allegation in Paragraph 87.

88.     In response to Paragraph 88, the Zymergen Defendants admit that Plaintiffs purport to characterize and paraphrase, selectively and out of context, provisions of certain agreements and the certificate of incorporation, and that the contents of such documents, considered fully and in context, speak for themselves.  Except as so expressly admitted, the Zymergen Defendants deny each and every allegation in Paragraph 88.

89.     In response to Paragraph 89, the Zymergen Defendants admit that Dr. Murdoch, Mr. Ocko, and Dr. Sharma served on the Audit Committee at the time of the IPO, and that other individuals who attended certain Audit Committee meetings at various times included Mr. Govil. Except as so expressly admitted, the Zymergen Defendants deny each and every allegation in Paragraph 89.

90.     In response to Paragraph 90, the Zymergen Defendants admit that the responsibilities of the Audit Committee are set forth in its charter for the relevant period, and that the contents of such charter, considered fully and in context, speak for themselves.  Except as so expressly admitted, the Zymergen Defendants deny each and every allegation in Paragraph 90.

91.     In response to Paragraph 91, the Zymergen Defendants admit that Mr. Ocko and Mr. Nishar served on a committee to identify potential independent Board member candidates, that Mr. Flatley and Ms. Peterson were nominated to serve as directors and were elected to the Board, that Mr. Flatley began serving as a director in or about January 2020, and that Ms. Peterson began serving as a director in or about December 2019.  Except as so expressly admitted, the Zymergen Defendants deny each and every allegation in Paragraph 91.

92.     In response to Paragraph 92 and footnote 5, the Zymergen Defendants admit that Ms. Gorjanc was elected to the Board and began serving as a director in March 2021.  Except as

so expressly admitted, the Zymergen Defendants deny each and every allegation in Paragraph 92 and footnote 5.

93.    In response to Paragraph 93 and footnote 6, the Zymergen Defendants admit that Mr. Stewart attended Audit Committee meetings from time to time and occasionally interacted with members of management, including Ms. Singh.  The Zymergen Defendants further admit that prior to the IPO, holders of shares of Zymergen's outstanding preferred stock converted those shares to common stock.   Except as so expressly admitted, the Zymergen Defendants deny each and every allegation in Paragraph 93 and footnote 6.

94.    In response to Paragraph 94, the Zymergen Defendants admit that Dr. Murdoch served on the Compensation Committee of the Board.  The Zymergen Defendants further admit that Plaintiffs purport to characterize, paraphrase and/or quote, selectively and out of context, a communication between Mr. Nishar and Dr. Murdoch, and that the full communication, considered in its entirety and in context, speaks for itself.  Except as so expressly admitted, the Zymergen Defendants deny each and every allegation in Paragraph 94.

95.    In response to Paragraph 95, the Zymergen Defendants admit that Mr. Ocko served on the Technology and Science Committee of the Board, which was responsible for, among other things, reviewing, evaluating and advising the board regarding the long-term strategic goals and objectives and the quality and direction of the Company's research and development and technology initiatives, identifying and discussing significant emerging science and technology issues and trends, reviewing the pipeline of research and development programs within the Company, reviewing the Company's intellectual property strategy and portfolio, and overseeing the Company's compliance with the Company's agreement with CFIUS.   The Zymergen Defendants further admit that entities affiliated with SVF Excalibur (Cayman) Limited had the ability at certain times to designate a representative to serve on the Technology and Science Committee but did not do so.  Except as so expressly admitted, the Zymergen Defendants deny each and every allegation in Paragraph 95.

96.     In response to Paragraph 96, the Zymergen Defendants admit that Mr. Ocko has at various times served as a director of other companies, including a company called Pivot Bio, Inc., that Mr. Ocko served on Zymergen's Technology and Science Committee and Audit Committee, and that Zymergen worked with Pivot Bio, Inc. on research and development with respect to ZYM0301.  Except as so expressly admitted, the Zymergen Defendants deny each and every allegation in Paragraph 96.

97.     In response to Paragraph 97, the Zymergen Defendants admit that Dr. Sharma has at various times served as a director of other companies, including a company called Enveda Therapeutics, Inc., and that Zymergen and Enveda Therapeutics, Inc. had discussions about a possible business arrangement.  Except as so expressly admitted, the Zymergen Defendants deny each and every allegation in Paragraph 97.

98.     In response to Paragraph 98, the Zymergen Defendants admit that Plaintiffs purport to characterize, paraphrase and quote, selectively and out of context, an article dated October 10, 2016, and that the contents of such article, considered fully and in context, speak for themselves. Except as so expressly admitted, the Zymergen Defendants deny each and every allegation in Paragraph 98.

99.     In response to Paragraph 99, the Zymergen Defendants admit that, at various times prior to the IPO, entities affiliated with SVF Excalibur (Cayman) Limited, Data Collective II, L.P. and True Ventures IV, L.P. had contractual rights to receive specified information and have representatives attend certain Board and Committee meetings, that certain of these rights were exercised at various times, and that the relevant agreements speak for themselves.  The Zymergen Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the fourth sentence of Paragraph 99 and on that basis deny such allegations.  Except as so expressly admitted and stated, the Zymergen Defendants deny each and every allegation in Paragraph 99.

100.     The Zymergen Defendants deny each and every allegation in Paragraph 100 and footnote 7.

101.   In response to Paragraph 101, the Zymergen Defendants admit that Plaintiffs purport to characterize, paraphrase and/or quote, selectively and out of context, the terms of a credit agreement with Perceptive Credit Holdings II, LP and amendments thereto, and that the actual contents of the agreement and amendments, considered fully and in context, speak for themselves.  Except as so expressly admitted, the Zymergen Defendants deny each and every allegation in Paragraph 101.

102.   In response to Paragraph 102, the Zymergen Defendants lack knowledge or information sufficient to form a belief as to truth of the allegations regarding information purportedly provided at various times to the entities referred to as "Controlling Stockholders," and on that basis deny such allegations.  The Zymergen Defendants admit that Plaintiffs purport to characterize, paraphrase and/or quote documents from 2019 reflecting certain projections and that the actual contents of any such documents, considered in their entirety and in context, speak for themselves. The Zymergen Defendants further admit that Plaintiffs purport to characterize, paraphrase and/or quote a communication from Mr. Hoffman dated December 30, 2019, and that the actual contents of that communication, considered in their entirety and in context, speak for themselves.  Except as so expressly admitted, the Zymergen Defendants deny each and every allegation in Paragraph 102.

103.   In response to Paragraph 103, the Zymergen Defendants lack knowledge or information sufficient to form a belief as to truth of the allegations regarding valuation estimates and/or revisions made by any of the entities referred to as the "SoftBank Defendants," or the reasons for such estimates and/or revisions, and on that basis deny such allegations.  Except as so expressly stated, the Zymergen Defendants deny each and every allegation in Paragraph 103.

104.   In response to Paragraph 104, the Zymergen Defendants admit that the Company had discussions with Novo Holdings regarding a potential investment, that Novo Holdings did not ultimately invest, that the Company completed a Series D financing round in 2020 in which GIC and Ballie Gifford were among the participants, that the terms of each Series D investment are reflected in agreements and documents which speak for themselves, and that amendments to the

Company's charter documents in connection with the Series D financing were approved by the Company's shareholders.  Except as so expressly admitted, the Zymergen Defendants deny each and every allegation in Paragraph 104.

105.    The Zymergen Defendants deny each and every allegation in Paragraph 105.

106.    The Zymergen Defendants deny each and every allegation in Paragraph 106.

107.    In response to Paragraph 107, the Zymergen Defendants admit that Plaintiffs purport to characterize, paraphrase and/or quote, selectively and out of context, materials for Zymergen Board meetings, and the contents of those materials, considered fully and in context, speak for themselves.  Except as so expressly admitted, the Zymergen Defendants deny each and every allegation in Paragraph 107.

108.    The Zymergen Defendants deny each and every allegation in Paragraph 108.

109.    In response to Paragraph 109, the Zymergen Defendants admit that, leading up to the IPO, members of the Board were regularly updated regarding, among other things, the IPO process, the preparation of the Registration Statement, the Company's business, financial information, projections, product development, market information, and work performed by the underwriters.  The Zymergen Defendants further admit that Plaintiffs purport to characterize and paraphrase materials provided to the Board, and that the contents of those materials, considered fully and in context, speak for themselves.  Except as so expressly admitted, the Zymergen Defendants deny each and every allegation in Paragraph 109.

110.    In response to Paragraph 110, the Zymergen Defendants admit that Plaintiffs purport to characterize and paraphrase, selectively and out of context, portions of an agreement, and that the provisions of that agreement, considered fully and in context, speak for themselves.  The Zymergen Defendants lack knowledge or information sufficient to form a truth about allegations concerning negotiations among other entities, or allegations regarding what is or is not "typical[]," and on that basis deny such allegations.  Except as so expressly admitted and stated, the Zymergen Defendants between deny each and every allegation in Paragraph 110.

111.     In response to Paragraph 111, the Zymergen Defendants admit that Plaintiffs purport to characterize and paraphrase the Company's charter documents, other corporate governance documents, and amendments thereto, and that the contents of such documents, considered fully and in context, speak for themselves.  The Zymergen Defendants further admit that all stockholder consents necessary and contemplated in connection with the IPO were provided in advance of the IPO.  Except as so expressly admitted, the Zymergen Defendants deny each and every allegation in Paragraph 111.

112.     In response to Paragraph 112, the Zymergen Defendants admit that Plaintiffs purport to characterize and paraphrase the Company's charter documents, other corporate governance documents, and amendments thereto, and that the contents of such documents, considered fully and in context, speak for themselves.  The Zymergen Defendants further admit that all stockholder consents necessary and contemplated in connection with the IPO were provided in advance of the IPO, and that the consents provided by certain stockholders were executed by Ms. Ellerbe, Mr. Bogue, and Mr. Stewart.  Except as so expressly admitted, the Zymergen Defendants deny each and every allegation in Paragraph 112.

113.     In response to Paragraph 113, the Zymergen Defendants admit that the drafting of the Registration Statement was undertaken by the Company and the Underwriters, that from the Company's standpoint the process included input and review from (among others) Zymergen's officers, directors, employees, consultants, and counsel, and that the process included (among other things) Zymergen's management providing drafts to directors for input, revisions, questions and comments.  Except as so expressly admitted, the Zymergen Defendants deny each and every allegation in Paragraph 113.

114.     In response to Paragraph 114, the Zymergen Defendants admit that Mr. Pontin was retained as a consultant by Zymergen prior to his employment with DCVC.  Except as so expressly admitted, the Zymergen Defendants deny each and every allegation in Paragraph 114.

115.     The Zymergen Defendants deny each and every allegation in Paragraph 115.

116.    In response to Paragraph 116, the Zymergen Defendants admit that Plaintiffs purport to characterize, paraphrase and quote, selectively and out of context, a tweet from Mr. Ocko's Twitter account, and that the contents of the tweet, considered fully and in context, speak for themselves.  Except as so expressly admitted, the Zymergen Defendants deny each and every allegation in Paragraph 116.

117.    In response to Paragraph 117, the Zymergen Defendants admit that Mr. Murdoch was designated to serve on the Board by entities affiliated with SVF Excalibur (Cayman) Limited pursuant to a voting agreement, that Mr. Ocko was designated to serve on the Board by entities affiliated with Data Collective II, L.P. pursuant to a voting agreement, and that Mr. Sharma was designated to serve on the Board by entities affiliated with True Ventures IV, L.P. pursuant to a voting agreement.  Except as so expressly admitted, the Zymergen Defendants deny each and every allegation in Paragraph 117.

118.    The allegations in Paragraph 118 and footnote 8 consist of legal conclusions requiring neither admission nor denial.  To the extent that any response is required, the Zymergen Defendants deny each and every allegation in Paragraph 118 and footnote 8.

119.    In response to Paragraph 119 and footnote 9, the Zymergen Defendants admit that Mr. Murdoch was an employee at SBIA until May 2021 and received a base salary, cash bonus, and was eligible to participate in a carried interest scheme while employed at SBIA.  Except as so expressly admitted, the Zymergen Defendants deny each and every allegation in Paragraph 119 and footnote 9.

120.    In response to Paragraph 120, the Zymergen Defendants admit that Dr. Sharma is a partner at True Ventures and admit that Dr. Sharma is eligible to receive carried interest in the True Venture Funds that invested in Zymergen.  Except as so expressly admitted, the Zymergen Defendants deny each and every allegation in Paragraph 120.

121.    In response to Paragraph 121, the Zymergen Defendants admit that entities affiliated with Data Collective II, L.P. had the contractual right at certain times to designate a director to serve on Zymergen's Board, and that Mr. Ocko was designated to serve on the Board.

Except as so expressly admitted, the Zymergen Defendants deny each and every allegation in Paragraph 121.

122.    The Zymergen Defendants deny each and every allegation in Paragraph 122.

123.    In response to Paragraph 123, the Zymergen Defendants admit that Mr. Nishar served at one time as a member of Zymergen's Board, and that Dr. Murdoch later served as a member of the Board.  The Zymergen Defendants lack knowledge or information sufficient to form a belief as to the truth of allegations regarding Mr. Nishar's and Mr. Parekh's responsibilities, and on that basis deny such allegations.  Except as so expressly admitted and stated, the Zymergen Defendants deny each and every allegation in Paragraph 123.

124.    In response to Paragraph 124, the Zymergen Defendants lack knowledge or information sufficient to form a belief as to the truth of allegations regarding Messrs. Callaghan's, Black's, Kellmereit's and Stewart's responsibilities, and on that basis deny such allegations.  Except as so expressly stated, the Zymergen Defendants deny each and every allegation in Paragraph 124.

125.    In response to Paragraph 125, the Zymergen Defendants admit that Mr. Ocko and Mr. Bogue were involved in DCVC's investment into Zymergen.  The Zymergen Defendants further admit that entities affiliated with Data Collective II, L.P. had the contractual right at certain times to designate a director to serve on Zymergen's Board, and that Mr. Ocko was designated to serve on the Board.  Except as so expressly admitted, the Zymergen Defendants deny each and every allegation in Paragraph 125.

126.    The Zymergen Defendants deny each and every allegation in Paragraph 126.

127.    The Zymergen Defendants deny each and every allegation in Paragraph 127.

128.    The Zymergen Defendants deny each and every allegation in Paragraph 128.

129.    The first sentence of Paragraph 129 consists of legal conclusions requiring neither admission nor denial.  To the extent that a response is required, the Zymergen Defendants deny each and every allegation in that sentence.  The Zymergen Defendants deny each and every remaining allegation in Paragraph 129.

130.    In response to Paragraph 130, the Zymergen Defendants admit that the decision to raise capital by means of an initial public offering in 2021 was made in the best interests of the Company.  Except as so expressly admitted, the Zymergen Defendants deny each and every allegation in Paragraph 130.

131.    The Zymergen Defendants deny each and every allegation in Paragraph 131.

132.    In response to Paragraph 132 and footnote 10, the Zymergen Defendants admit that Dr. Murdoch served on the boards of companies called Karius, Inc. and Guardant Health AMEA, Inc.; Mr. Ocko has served on the boards of companies called Atomwise, Inc., Embark Trucks, Inc., Fortem Technologies, Inc., Halter Inc., Jupiter Intelligence, Inc., Pivot Bio, Inc., Primer Technologies, Inc., Supply, Inc. (Reach Labs), Rocket Lab, Inc., and Agility Robotics, Inc.; and Dr. Sharma has served on the boards of companies called Seurat Technologies, Inc., Avidbots Corp., Iceye Oy, Prellis Biologices, Inc., Aurora Insight, Inc., Diligent Robotics, Inc., Bear Flag Robotics, Inc., Fauna Bio Incorporated, Scythe Robotics, Inc., Fixaposition AG, Dextrous Robotics, Inc., Enveda Therapeutics, Inc., Vanti Analytics, Ltd., and Alberta Innovates.  Except as so expressly admitted, the Zymergen Defendants deny each and every allegation in Paragraph 132.

133.    In response to Paragraph 133, the Zymergen Defendants admit that, at the times relevant to this action, Zymergen, among other things, integrated computational and manufacturing technologies for the purpose of designing, engineering and optimizing microbes for industrial applications, that the Company developed a biofacturing platform that treated the genome as a search space, using proprietary machine learning algorithms and advanced automation designed to identify genetic changes that improve the economics for customers' bio-based products for a range of industries, including chemicals, materials, agriculture and pharmaceuticals, and that the platform was used to discover novel molecules intended to enable unique material properties.  The Zymergen Defendants further admit that the Company was incorporated in Delaware on April 24, 2013.  Except as so expressly admitted, the Zymergen Defendants deny each and every allegation in Paragraph 133.

134.    In response to Paragraph 134, the Zymergen Defendants admit that, at the times relevant to this action, Zymergen, among other things, used a process it called "biofacturing" designed to create products that combine the design and manufacturing efficiency of biological processes with technology's ability to rapidly iterate and control diverse functions.  The Zymergen Defendants further admit that the Company's first product was Hyaline, an optical film designed for electronics companies to use for display touch sensors, which would purportedly enable customers to make foldable touchscreens and high density flexible printed circuits.  The Zymergen Defendants further admit that Hyaline was launched in December 2020, was in its qualification process with customers at the time of the IPO, and at that time had not generated revenue from sales of Hyaline except for nominal revenue related to the sale of samples of Hyaline.  Except as so expressly admitted, the Zymergen Defendants deny each and every allegation in Paragraph 134.

135.    In response to Paragraph 135, the Zymergen Defendants admit that Zymergen confidentially submitted a draft Registration Statement to the SEC on January 25, 2021, and that the contents of that document are accurate and speak for themselves.  Except as so expressly admitted, the Zymergen Defendants deny each and every allegation in Paragraph 135.

136.    In response to Paragraph 136, the Zymergen Defendants admit that the Staff of the SEC Division of Corporation Finance sent Zymergen a letter dated February 22, 2021, and that the contents of that letter speak for themselves.  Except as so expressly admitted, the Zymergen Defendants deny each and every allegation in Paragraph 136.

137.    In response to Paragraph 137, the Zymergen Defendants admit that Zymergen's counsel sent the Staff of the SEC Division of Corporation Finance a letter dated March 8, 2021, and that the contents of that letter speak for themselves.  Except as so expressly admitted, the Zymergen Defendants deny each and every allegation in Paragraph 137.

138.    In response to Paragraph 138, the Zymergen Defendants admit that the Staff of the SEC Division of Corporation Finance sent Zymergen a letter dated March 22, 2021, and that the contents of that letter speak for themselves.  Except as so expressly admitted, the Zymergen Defendants deny each and every allegation in Paragraph 138.

139.    In response to Paragraph 139, the Zymergen Defendants admit that Zymergen filed a Registration Statement on Form S-1 with the SEC on March 23, 2021, and that the contents of that document are accurate and speak for themselves.  Except as so expressly admitted, the Zymergen Defendants deny each and every allegation in Paragraph 139.

140.    In response to Paragraph 140, the Zymergen Defendants admit that Zymergen's counsel sent the Staff of the SEC Division of Corporation Finance a letter dated March 26, 2021, and that the contents of that letter speak for themselves.  The Zymergen Defendants further admit that Zymergen filed Amendment No. 1 to its Registration Statement on Form S-1 with the SEC on March 26, 2021, and that the contents of that document are accurate and speak for themselves.  Except as so expressly admitted, the Zymergen Defendants deny each and every allegation in Paragraph 140.

141.    In response to Paragraph 141, the Zymergen Defendants admit that Zymergen filed Amendment No. 2 to its Registration Statement on Form S-1 with the SEC on April 14, 2021, and that the contents of that document are accurate and speak for themselves.  Except as so expressly admitted, the Zymergen Defendants deny each and every allegation in Paragraph 141.

142.    In response to Paragraph 142, the Zymergen Defendants admit that Zymergen made a filing on Form S-1MEF with the SEC on April 21, 2021, and that the contents of that documents are accurate and speak for themselves.  The Zymergen Defendants further admit that the Company's Registration Statement was declared effective on April 21, 2021.  Except as so expressly admitted, the Zymergen Defendants deny each and every allegation in Paragraph 142.

143.    In response to Paragraph 143, the Zymergen Defendants admit that Zymergen's common stock began trading on the Nasdaq Global Select Market on April 22, 2021 with the ticker symbol "ZY."  Except as so expressly admitted, the Zymergen Defendants deny each and every allegation in Paragraph 143.

144.    In response to Paragraph 144, the Zymergen Defendants admit that Zymergen filed a Prospectus on Form 424B4 with the SEC on April 23, 2021, that (including the full exercise of the underwriters' allotment of 2,419,500 shares) approximately 18,549,500 shares of the

Company's common stock were sold in the IPO at a price of $31.00 per share, and that the proceeds and anticipated uses of the proceeds were as specified in the IPO Registration Statement, which speaks for itself.  Except as so expressly admitted, the Zymergen Defendants deny each and every allegation in Paragraph 144.

145.     The Zymergen Defendants deny each and every allegation in Paragraph 145.

146.     Paragraph 146 consists of legal conclusions requiring neither admission nor denial. To the extent that any response is required, the Zymergen Defendants deny each and every allegation in Paragraph 146.

147.     The Zymergen Defendants deny each and every allegation in Paragraph 147.

148.     The Zymergen Defendants deny each and every allegation in Paragraph 148.

149.     In response to Paragraph 149, the Zymergen Defendants admit that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context certain portions of the Registration Statement, and that the full and actual contents of the Registration Statement are accurate and speak for themselves.  Except as so expressly admitted, the Zymergen Defendants deny each and every allegation in Paragraph 149.

150.     In response to Paragraph 150, the Zymergen Defendants admit that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context certain portions of the Registration Statement, and that the full and actual contents of the Registration Statement are accurate and speak for themselves.  Except as so expressly admitted, the Zymergen Defendants deny each and every allegation in Paragraph 150.

151.     In response to Paragraph 151, the Zymergen Defendants admit that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context certain portions of the Registration Statement, and that the full and actual contents of the Registration Statement are accurate and speak for themselves.  Except as so expressly admitted, the Zymergen Defendants deny each and every allegation in Paragraph 151.

152.     In response to Paragraph 152, the Zymergen Defendants admit that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context certain portions of the

Registration Statement, and that the full and actual contents of the Registration Statement are accurate and speak for themselves.  Except as so expressly admitted, the Zymergen Defendants deny each and every allegation in Paragraph 152.

153.    In response to Paragraph 153, the Zymergen Defendants admit that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context certain portions of the Registration Statement, and that the full and actual contents of the Registration Statement are accurate and speak for themselves.  Except as so expressly admitted, the Zymergen Defendants deny each and every allegation in Paragraph 153.

154.    In response to Paragraph 154, the Zymergen Defendants admit that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context certain portions of the Registration Statement, and that the full and actual contents of the Registration Statement are accurate and speak for themselves.  Except as so expressly admitted, the Zymergen Defendants deny each and every allegation in Paragraph 154.

155.    In response to Paragraph 155, the Zymergen Defendants admit that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context certain portions of the Registration Statement, and that the full and actual contents of the Registration Statement are accurate and speak for themselves.  Except as so expressly admitted, the Zymergen Defendants deny each and every allegation in Paragraph 155.

156.    In response to Paragraph 156, the Zymergen Defendants admit that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context certain portions of the Registration Statement, and that the full and actual contents of the Registration Statement are accurate and speak for themselves.  Except as so expressly admitted, the Zymergen Defendants deny each and every allegation in Paragraph 156.

157.    In response to Paragraph 157, the Zymergen Defendants admit that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context certain portions of the Registration Statement, and that the full and actual contents of the Registration Statement are

accurate and speak for themselves.  Except as so expressly admitted, the Zymergen Defendants deny each and every allegation in Paragraph 157.

158.    In response to Paragraph 158, the Zymergen Defendants admit that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context certain portions of the Registration Statement, and that the full and actual contents of the Registration Statement are accurate and speak for themselves.  Except as so expressly admitted, the Zymergen Defendants deny each and every allegation in Paragraph 158.

159.    In response to Paragraph 159, the Zymergen Defendants admit that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context certain portions of the Registration Statement, and that the full and actual contents of the Registration Statement are accurate and speak for themselves.  Except as so expressly admitted, the Zymergen Defendants deny each and every allegation in Paragraph 159.

160.    In response to Paragraph 160, the Zymergen Defendants admit that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context certain portions of the Registration Statement, and that the full and actual contents of the Registration Statement are accurate and speak for themselves.  Except as so expressly admitted, the Zymergen Defendants deny each and every remaining allegation in Paragraph 160.

161.    The Zymergen Defendants deny each and every allegation in Paragraph 161.

162.    The Zymergen Defendants deny each and every allegation in Paragraph 162.

163.    In response to Paragraph 163, the Zymergen Defendants admit that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context certain portions of the Registration Statement, and that the full and actual contents of the Registration Statement are accurate and speak for themselves.  Except as so expressly admitted, the Zymergen Defendants deny each and every allegation in Paragraph 163.

164.    In response to Paragraph 164, the Zymergen Defendants admit that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context certain portions of the Registration Statement, and that the full and actual contents of the Registration Statement are

accurate and speak for themselves.  Except as so expressly admitted, the Zymergen Defendants deny each and every allegation in Paragraph 164.

165.     In response to Paragraph 165, the Zymergen Defendants admit that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context certain portions of the Registration Statement, and that the full and actual contents of the Registration Statement are accurate and speak for themselves.  Except as so expressly admitted, the Zymergen Defendants deny each and every allegation in Paragraph 165.

166.     In response to Paragraph 166, the Zymergen Defendants admit that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context certain portions of the Registration Statement, and that the full and actual contents of the Registration Statement are accurate and speak for themselves.  Except as so expressly admitted, the Zymergen Defendants deny each and every allegation in Paragraph 166.

167.     In response to Paragraph 167, the Zymergen Defendants admit that Zymergen issued a press release and hosted a conference call on August 3, 2021, that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context certain statements made in the press release and conference call, and that the full and actual contents of the press release and statements made by representatives of Zymergen in the conference call are accurate and speak for themselves.  Except as so expressly admitted, the Zymergen Defendants deny each and every allegation in Paragraph 167.

168.     In response to Paragraph 168, the Zymergen Defendants admit that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context certain unidentified statements, which statements, if identified, would speak for themselves.  Except as so expressly admitted, the Zymergen Defendants deny each and every allegation in Paragraph 168.

169.     In response to Paragraph 169, the Zymergen Defendants admit that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context certain portions of statements made by Zymergen in a press release on August 3, 2021, and that the full and actual

contents of the release are accurate and speak for themselves.  Except as so expressly admitted, the Zymergen Defendants deny each and every allegation in Paragraph 169.

170.    In response to Paragraph 170, the Zymergen Defendants admit that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context certain statements made by Mr. Flatley during the conference call on August 3, 2021, and that the full and actual statements made by Mr. Flatley are accurate and speak for themselves.  Except as so expressly admitted, the Zymergen Defendants deny each and every allegation in Paragraph 170.

171.    In response to Paragraph 171, the Zymergen Defendants admit that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context certain statements made by Mr. Flatley during the conference call on August 3, 2021, and that the full and actual statements made by Mr. Flatley are accurate and speak for themselves.  Except as so expressly admitted, the Zymergen Defendants deny each and every allegation in Paragraph 171.

172.    In response to Paragraph 172, the Zymergen Defendants admit that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context certain statements made by Mr. Flatley during the conference call on August 3, 2021, and that the full and actual statements made by Mr. Flatley are accurate and speak for themselves.  Except as so expressly admitted, the Zymergen Defendants deny each and every allegation in Paragraph 172.

173.    In response to Paragraph 173, the Zymergen Defendants admit that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context certain statements made by Mr. Flatley during the conference call on August 3, 2021, and that the full and actual statements made by Mr. Flatley are accurate and speak for themselves.  Except as so expressly admitted, the Zymergen Defendants deny each and every allegation in Paragraph 173.

174.    In response to Paragraph 174, the Zymergen Defendants admit that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context certain statements made by unstated third-party analysts during the conference call on August 3, 2021, and that the full and actual statements made by such third parties speak for themselves.  Except as so expressly admitted, the Zymergen Defendants deny each and every allegation in Paragraph 174.

175.     In response to Paragraph 175, the Zymergen Defendants admit that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context certain statements made by unstated third-party analysts, including Cowen and Company, during the conference call on August 3, 2021 and that the full and actual statements made by such third parties speak for themselves.  Except as so expressly admitted, the Zymergen Defendants deny each and every allegation in Paragraph 175.

176.     In response to Paragraph 176, the Zymergen Defendants admit that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context certain statements made by Mr. Flatley during the conference call on August 3, 2021, and that the full and actual statements made by Mr. Flatley are accurate and speak for themselves.  Except as so expressly admitted, the Zymergen Defendants deny each and every allegation in Paragraph 176.

177.     In response to Paragraph 177, the Zymergen Defendants admit that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context certain statements made by unstated third-party analysts, including Cowen and Company, during the conference call on August 3, 2021 and that the full and actual statements made by such third parties speak for themselves.  Except as so expressly admitted, the Zymergen Defendants deny each and every allegation in Paragraph 177.

178.     In response to Paragraph 178, the Zymergen Defendants admit that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context certain statements made by Mr. Flatley during the conference call on August 3, 2021, and that the full and actual statements made by Mr. Flatley are accurate and speak for themselves.  Except as so expressly admitted, the Zymergen Defendants deny each and every allegation in Paragraph 178.

179.     In response to Paragraph 179, the Zymergen Defendants admit that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context certain statements made by unstated third-party analysts, including Cowen and Company, during the conference call on August 3, 2021 and that the full and actual statements made by such third parties speak for

themselves.  Except as so expressly admitted, the Zymergen Defendants deny each and every allegation in Paragraph 179.

180.   In response to Paragraph 180, the Zymergen Defendants admit that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context certain statements made by Mr. Flatley during the conference call on August 3, 2021, and that the full and actual statements made by Mr. Flatley are accurate and speak for themselves.  Except as so expressly admitted, the Zymergen Defendants deny each and every allegation in Paragraph 180.

181.   In response to Paragraph 181, the Zymergen Defendants admit that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context certain statements made by unstated third-party analysts, including J.P. Morgan, during the conference call on August 3, 2021 and that the full and actual statements made by such third parties speak for themselves. The Zymergen Defendants further admit that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context certain statements made by Mr. Flatley during the conference call on August 3, 2021, and that the full and actual statements made by Mr. Flatley are accurate and speak for themselves.  Except as so expressly admitted, the Zymergen Defendants deny each and every allegation in Paragraph 181.

182.   In response to Paragraph 182, the Zymergen Defendants admit that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context certain statements made by unstated third-party analysts, including J.P. Morgan, during the conference call on August 3, 2021 and that the full and actual statements made by such third parties speak for themselves. The Zymergen Defendants further admit that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context certain statements made by Mr. Flatley during the conference call on August 3, 2021, and that the full and actual statements made by Mr. Flatley are accurate and speak for themselves.  Except as so expressly admitted, the Zymergen Defendants deny each and every allegation in Paragraph 182.

183.   In response to Paragraph 183, the Zymergen Defendants admit that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context certain statements

made by Mr. Flatley during the conference call on August 3, 2021, and that the full and actual statements made by Mr. Flatley are accurate and speak for themselves.  Except as so expressly admitted, the Zymergen Defendants deny each and every allegation in Paragraph 183.

184.    In response to Paragraph 184, the Zymergen Defendants admit that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context certain statements made by third-party analysts, including Bank of America ("BofA"), during the conference call on August 3, 2021 and that the full and actual statements made by such third parties speak for themselves.  Except as so expressly admitted, the Zymergen Defendants deny each and every allegation in Paragraph 184.

185.    In response to Paragraph 185, the Zymergen Defendants admit that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context certain statements made by Mr. Flatley during the conference call on August 3, 2021, and that the full and actual statements made by Mr. Flatley are accurate and speak for themselves.  Except as so expressly admitted, the Zymergen Defendants deny each and every allegation in Paragraph 185.

186.    In response to Paragraph 186, the Zymergen Defendants admit that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context certain statements made by third-party analysts, including BofA, during the conference call on August 3, 2021 and that the full and actual statements made by such third parties speak for themselves.  The Zymergen Defendants further admit that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context certain statements made by Mr. Flatley during the conference call on August 3, 2021, and that the full and actual statements made by Mr. Flatley are accurate and speak for themselves.  Except as so expressly admitted, the Zymergen Defendants deny each and every allegation in Paragraph 186.

187.    The Zymergen Defendants deny each and every allegation in Paragraph 187.

188.    In response to Paragraph 188, the Zymergen Defendants admit that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context certain statements made by third-party analysts, including Goldman Sachs, during the conference call on August 3,

2021 and that the full and actual statements made by such third parties speak for themselves. The Zymergen Defendants further admit that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context certain statements made by Mr. Flatley during the conference call on August 3, 2021, and that the full and actual statements made by Mr. Flatley are accurate and speak for themselves. Except as so expressly admitted, the Zymergen Defendants deny each and every allegation in Paragraph 188.

189.   In response to Paragraph 189, the Zymergen Defendants admit that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context certain statements made by third-party analysts, including Goldman Sachs, during the conference call on August 3, 2021 and that the full and actual statements made by such third parties speak for themselves. Except as so expressly admitted, the Zymergen Defendants deny each and every allegation in Paragraph 189.

190.   In response to Paragraph 190, the Zymergen Defendants admit that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context certain statements made by Mr. Flatley during the conference call on August 3, 2021, and that the full and actual statements made by Mr. Flatley are accurate and speak for themselves. Except as so expressly admitted, the Zymergen Defendants deny each and every allegation in Paragraph 190.

191.   In response to Paragraph 191, the Zymergen Defendants admit that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context certain statements made by third-party analysts, including William Blair & Company, during the conference call on August 3, 2021 and that the full and actual statements made by such third parties speak for themselves. The Zymergen Defendants further admit that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context certain statements made by Mr. Flatley during the conference call on August 3, 2021, and that the full and actual statements made by Mr. Flatley are accurate and speak for themselves. Except as so expressly admitted, the Zymergen Defendants deny each and every allegation in Paragraph 191.

192.    In response to Paragraph 192, the Zymergen Defendants admit that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context certain statements made by Mr. Flatley during the conference call on August 3, 2021, and that the full and actual statements made by Mr. Flatley are accurate and speak for themselves.  Except as so expressly admitted, the Zymergen Defendants deny each and every allegation in Paragraph 192.

193.    In response to Paragraph 193, the Zymergen Defendants admit that daily closing prices for the Company's publicly traded securities are readily available, and that such data speaks for itself.  Except as so expressly admitted, the Zymergen Defendants deny each and every allegation in Paragraph 193.

194.    In response to Paragraph 194, the Zymergen Defendants admit that daily closing prices for the Company's publicly traded securities are readily available, and that such data speaks for itself.  Except as so expressly admitted, the Zymergen Defendants deny each and every allegation in Paragraph 194.

195.    In response to Paragraph 195, the Zymergen Defendants admit that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context certain statements made by unstated third-party analysts, and that the full and actual statements made by such third parties speak for themselves.  Except as so expressly admitted, the Zymergen Defendants deny each and every allegation in Paragraph 195.

196.    In response to Paragraph 196, the Zymergen Defendants admit that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context certain statements made by third-party analysts, including William Blair & Company, and that the full and actual statements made by such third parties speak for themselves.  Except as so expressly admitted, the Zymergen Defendants deny each and every allegation in Paragraph 196.

197.    In response to Paragraph 197, the Zymergen Defendants admit that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context certain statements made by third-party analysts, including HSBC, and that the full and actual statements made by

such third parties speak for themselves.   Except as so expressly admitted, the Zymergen Defendants deny each and every allegation in Paragraph 197.

198.     In response to Paragraph 198, the Zymergen Defendants admit that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context certain statements made by third-party analysts, including Cowen and Company, and that the full and actual statements made by such third parties speak for themselves.   Except as so expressly admitted, the Zymergen Defendants deny each and every allegation in Paragraph 198.

199.     In response to Paragraph 199, the Zymergen Defendants admit that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context certain statements made by third-party analysts, including J.P. Morgan, and that the full and actual statements made by such third parties speak for themselves.   Except as so expressly admitted, the Zymergen Defendants deny each and every allegation in Paragraph 199.

200.     In response to Paragraph 200, the Zymergen Defendants admit that Zymergen filed a Form 8-K with the SEC on September 23, 2021, that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context certain statements made by Zymergen in its September 23, 2021 Form 8-K, and that the full and actual statements made by Zymergen in the September 23, 2021 Form 8-K are accurate and speak for themselves.   Except as so expressly admitted, the Zymergen Defendants deny each and every allegation in Paragraph 200.

201.     In response to Paragraph 201, the Zymergen Defendants admit that Zymergen filed a Form 8-K with the SEC on October 21, 2021, that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context certain statements made by Zymergen in its October 21, 2021 Form 8-K, and that the full and actual statements made by Zymergen in the October 21, 2021 Form 8-K are accurate and speak for themselves.   Except as so expressly admitted, the Zymergen Defendants deny each and every allegation in Paragraph 201.

202.     In response to Paragraph 202, the Zymergen Defendants admit that Zymergen filed a Form 8-K with the SEC on October 21, 2021, that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context certain statements made by Zymergen in its October 21,

2021 Form 8-K, and that the full and actual statements made by Zymergen in the October 21, 2021 Form 8-K are accurate and speak for themselves.  Except as so expressly admitted, the Zymergen Defendants deny each and every allegation in Paragraph 202.

203.    In response to Paragraph 203, the Zymergen Defendants admit that Zymergen filed a Form 8-K with the SEC on October 21, 2021, that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context certain statements made by Zymergen in its October 21, 2021 Form 8-K, and that the full and actual statements made by Zymergen in the October 21, 2021 Form 8-K are accurate and speak for themselves.  Except as so expressly admitted, the Zymergen Defendants deny each and every allegation in Paragraph 203.

204.    In response to Paragraph 204, the Zymergen Defendants admit that Zymergen filed a Form 8-K with the SEC on October 21, 2021, that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context certain statements made by Zymergen in its October 21, 2021 Form 8-K, and that the full and actual statements made by Zymergen in the October 21, 2021 Form 8-K are accurate and speak for themselves.  Except as so expressly admitted, the Zymergen Defendants deny each and every allegation in Paragraph 204.

205.    The Zymergen Defendants deny each and every allegation in Paragraph 205.

206.    In response to Paragraph 206, the Zymergen Defendants admit that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context certain statements made by third parties via media outlets, and that the full and actual statements made by such third parties speak for themselves.  Except as so expressly admitted, the Zymergen Defendants deny each and every allegation in Paragraph 206.

207.    In response to Paragraph 207, the Zymergen Defendants admit that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context certain statements made by third parties via media outlets, and that the full and actual statements made by such third parties speak for themselves.  Except as so expressly admitted, the Zymergen Defendants deny each and every allegation in Paragraph 207.

208.    In response to Paragraph 208, the Zymergen Defendants admit that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context certain statements made by third parties via media outlets, and that the full and actual statements made by such third parties speak for themselves.  Except as so expressly admitted, the Zymergen Defendants deny each and every allegation in Paragraph 208.

209.    In response to Paragraph 209, the Zymergen Defendants admit that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context certain statements made by third parties via media outlets, and that the full and actual statements made by such third parties speak for themselves.  Except as so expressly admitted, the Zymergen Defendants deny each and every allegation in Paragraph 209.

210.    In response to Paragraph 210, the Zymergen Defendants admit that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context certain statements made by third parties via media outlets, and that the full and actual statements made by such third parties speak for themselves.  Except as so expressly admitted, the Zymergen Defendants deny each and every allegation in Paragraph 210.

211.    In response to Paragraph 211, the Zymergen Defendants admit that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context certain statements made by third parties via media outlets, and that the full and actual statements made by such third parties speak for themselves.  Except as so expressly admitted, the Zymergen Defendants deny each and every allegation in Paragraph 211.

212.    In response to Paragraph 212, the Zymergen Defendants admit that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context certain statements made by third parties via media outlets, and that the full and actual statements made by such third parties speak for themselves.  Except as so expressly admitted, the Zymergen Defendants deny each and every allegation in Paragraph 212.

213.    In response to Paragraph 213, the Zymergen Defendants admit that Zymergen issued a press release and hosted a conference call on November 3, 2021, that Plaintiffs purport to

characterize, paraphrase, and quote selectively and out of context certain statements made in the press release and conference call, and that the full and actual contents of the press release and statements made by representatives of Zymergen in the conference call are accurate and speak for themselves.  Except as so expressly admitted, the Zymergen Defendants deny each and every allegation in Paragraph 213.

214.    In response to Paragraph 214, the Zymergen Defendants admit that Zymergen issued a press release and hosted a conference call on November 3, 2021, that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context certain statements made in the press release and conference call, and that the full and actual contents of the press release and statements made by representatives of Zymergen in the conference call are accurate and speak for themselves.  Except as so expressly admitted, the Zymergen Defendants deny each and every allegation in Paragraph 214.

215.    In response to Paragraph 215, the Zymergen Defendants admit that Zymergen issued a press release on November 3, 2021, that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context certain statements made in the press release, and that the full and actual contents of the press release are accurate and speak for themselves.  Except as so expressly admitted, the Zymergen Defendants deny each and every allegation in Paragraph 215.

216.    In response to Paragraph 216, the Zymergen Defendants admit that Zymergen issued a press release and hosted a conference call on November 3, 2021, that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context certain statements made in the press release and conference call, and that the full and actual contents of the press release and statements made by representatives of Zymergen in the conference call are accurate and speak for themselves.  Except as so expressly admitted, the Zymergen Defendants deny each and every allegation in Paragraph 216.

217.    The Zymergen Defendants deny each and every allegation in Paragraph 217.

218.    In response to Paragraph 218, the Zymergen Defendants admit that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context certain statements

made by Mr. Flatley during the conference call on November 3, 2021, and that the full and actual statements made by Mr. Flatley are accurate and speak for themselves.  Except as so expressly admitted, the Zymergen Defendants deny each and every allegation in Paragraph 218.

219.    In response to Paragraph 219, the Zymergen Defendants admit that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context certain statements made by Mr. Flatley during the conference call on November 3, 2021, and that the full and actual statements made by Mr. Flatley are accurate and speak for themselves.  Except as so expressly admitted, the Zymergen Defendants deny each and every allegation in Paragraph 219.

220.    In response to Paragraph 220, the Zymergen Defendants admit that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context certain statements made by Ms. Singh during the conference call on November 3, 2021, and that the full and actual statements made by Ms. Singh are accurate and speak for themselves.  Except as so expressly admitted, the Zymergen Defendants deny each and every allegation in Paragraph 220.

221.    In response to Paragraph 221, the Zymergen Defendants admit that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context certain statements made by Ms. Singh during the conference call on November 3, 2021, and that the full and actual statements made by Ms. Singh are accurate and speak for themselves.  Except as so expressly admitted, the Zymergen Defendants deny each and every allegation in Paragraph 221.

222.    In response to Paragraph 222, the Zymergen Defendants admit that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context certain statements made by unstated third-party analysts, including BofA, during the conference call on November 3, 2021 and that the full and actual statements made by such third parties speak for themselves. The Zymergen Defendants further admit that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context certain statements made by Mr. Flatley during the conference call on November 3, 2021, and that the full and actual statements made by Mr. Flatley are accurate and speak for themselves.  Except as so expressly admitted, the Zymergen Defendants deny each and every allegation in Paragraph 222.

223.    In response to Paragraph 223, the Zymergen Defendants admit that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context certain statements made by third-party analysts, including Cowen, during the conference call on November 3, 2021 and that the full and actual statements made by such third parties speak for themselves.  Except as so expressly admitted, the Zymergen Defendants deny each and every allegation in Paragraph 223.

224.    In response to Paragraph 224, the Zymergen Defendants admit that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context certain statements made by third-party analysts, including J.P. Morgan, during the conference call on November 3, 2021 and that the full and actual statements made by such third parties speak for themselves.  The Zymergen Defendants further admit that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context certain statements made by Mr. Flatley during the conference call on November 3, 2021, and that the full and actual statements made by Mr. Flatley are accurate and speak for themselves.  Except as so expressly admitted, the Zymergen Defendants deny each and every allegation in Paragraph 224.

225.    In response to Paragraph 225, the Zymergen Defendants admit that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context certain statements made by third-party analysts, including UBS, during the conference call on November 3, 2021 and that the full and actual statements made by such third parties speak for themselves.  The Zymergen Defendants further admit that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context certain statements made by Mr. Flatley during the conference call on November 3, 2021, and that the full and actual statements made by Mr. Flatley are accurate and speak for themselves.  Except as so expressly admitted, the Zymergen Defendants deny each and every allegation in Paragraph 225.

226.    In response to Paragraph 226, the Zymergen Defendants admit that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context certain statements made by third-party analysts, including UBS, during the conference call on November 3, 2021 and that the full and actual statements made by such third parties speak for themselves.  The Zymergen

Defendants further admit that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context certain statements made by Mr. Flatley and Ms. Singh during the conference call on November 3, 2021, and that the full and actual statements made by Mr. Flatley and Ms. Singh are accurate and speak for themselves.  Except as so expressly admitted, the Zymergen Defendants deny each and every allegation in Paragraph 226.

227.    In response to Paragraph 227, the Zymergen Defendants admit that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context certain statements made by third-party analysts, including Goldman Sachs, during the conference call on November 3, 2021 and that the full and actual statements made by such third parties speak for themselves. The Zymergen Defendants further admit that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context certain statements made by Mr. Flatley during the conference call on November 3, 2021, and that the full and actual statements made by Mr. Flatley are accurate and speak for themselves.  Except as so expressly admitted, the Zymergen Defendants deny each and every allegation in Paragraph 227.

228.    In response to Paragraph 228, the Zymergen Defendants admit that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context certain statements made by third-party analysts, including William Blair & Company, during the conference call on November 3, 2021 and that the full and actual statements made by such third parties speak for themselves.  The Zymergen Defendants further admit that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context certain statements made by Mr. Flatley during the conference call on November 3, 2021, and that the full and actual statements made by Mr. Flatley are accurate and speak for themselves.  Except as so expressly admitted, the Zymergen Defendants deny each and every allegation in Paragraph 228.

229.    In response to Paragraph 229, the Zymergen Defendants admit that daily closing prices for the Company's publicly traded securities are readily available, and that such data speaks for itself.  Except as so expressly admitted, the Zymergen Defendants deny each and every allegation in Paragraph 229.

230.     In response to Paragraph 230, the Zymergen Defendants admit that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context certain statements made by unstated third-party analysts and that the full and actual statements made by such third parties speak for themselves.  Except as so expressly admitted, the Zymergen Defendants deny each and every allegation in Paragraph 230.

231.     In response to Paragraph 231, the Zymergen Defendants admit that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context certain statements made by third-party analysts, including J.P. Morgan, and that the full and actual statements made by such third parties speak for themselves.  Except as so expressly admitted, the Zymergen Defendants deny each and every allegation in Paragraph 231.

232.     In response to Paragraph 232, the Zymergen Defendants admit that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context certain statements made by third-party analysts, including William Blair & Company, and that the full and actual statements made by such third parties speak for themselves.  Except as so expressly admitted, the Zymergen Defendants deny each and every allegation in Paragraph 232.

233.     In response to Paragraph 233, the Zymergen Defendants admit that Zymergen filed its Form 10-Q for the third quarter of fiscal 2021 with the SEC on November 15, 2021, and that the contents of that document are accurate and speak for themselves.  Except as so expressly admitted, the Zymergen Defendants deny each and every allegation in Paragraph 233.

234.     In response to Paragraph 234, the Zymergen Defendants admit that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context certain statements made by a third party via a media outlet, and that the full and actual statements made by such third party speak for themselves.  Except as so expressly admitted, the Zymergen Defendants deny each and every allegation in Paragraph 234.

235.     In response to Paragraph 235, the Zymergen Defendants admit that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context certain statements made by Mr. Flatley at a JP Morgan Healthcare conference on January 10, 2022, and that the full

1  and actual statements made by Mr. Flatley are accurate and speak for themselves.  Except as so

2  expressly admitted, the Zymergen Defendants deny each and every allegation in Paragraph 235.

3      236.   In response to Paragraph 236, the Zymergen Defendants admit that Plaintiffs

4  purport to characterize, paraphrase, and quote selectively and out of context certain statements

5  made by Mr. Flatley at a JPMorgan Healthcare conference on January 10, 2022, and that the full

6  and actual statements made by Mr. Flatley are accurate and speak for themselves.  Except as so

7  expressly admitted, the Zymergen Defendants deny each and every allegation in Paragraph 236.

8      237.   In response to Paragraph 237, the Zymergen Defendants admit that Plaintiffs

9  purport to characterize, paraphrase, and quote selectively and out of context certain statements

10 made by Mr. Flatley at a JPMorgan Healthcare conference on January 10, 2022, and that the full

11 and actual statements made by Mr. Flatley are accurate and speak for themselves.  Except as so

12 expressly admitted, the Zymergen Defendants deny each and every allegation in Paragraph 237.

13     238.   In response to Paragraph 238, the Zymergen Defendants admit that Plaintiffs

14 purport to characterize, paraphrase, and quote selectively and out of context certain statements

15 made by unstated third-party analysts, including J.P. Morgan, on January 10, 2022 at a JPMorgan

16 Healthcare conference, and that the full and actual statements made by such third parties speak for

17 themselves.  The Zymergen Defendants further admit that Plaintiffs purport to characterize,

18 paraphrase, and quote selectively and out of context certain statements made by Mr. Flatley at a

19 JPMorgan Healthcare conference on January 10, 2022, and that the full and actual statements made

20 by Mr. Flatley are accurate and speak for themselves.  Except as so expressly admitted, the

21 Zymergen Defendants deny each and every allegation in Paragraph 238.

22     239.   In response to Paragraph 239, the Zymergen Defendants admit that Plaintiffs

23 purport to bring this action on behalf of a Putative Class.  Except as so expressly admitted, the

24 Zymergen Defendants deny each and every allegation in Paragraph 239.

25     240.   In response to Paragraph 240, the Zymergen Defendants admit that, following

26 Zymergen's IPO, the Company's common stock traded on the Nasdaq Global Select Market.

27

28

Except as so expressly admitted, the Zymergen Defendants deny each and every allegation in Paragraph 240.

241.    The Zymergen Defendants deny each and every allegation in Paragraph 241.

242.    The Zymergen Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 242, and on that basis deny each and every allegation therein.

243.    The Zymergen Defendants deny each and every allegation in Paragraph 243.

244.    The Zymergen Defendants deny each and every allegation in Paragraph 244.

245.    In response to Paragraph 245, the Zymergen Defendants incorporate and reassert their response to Paragraphs 1-244, inclusive, as if set forth fully herein.

246.    In response to Paragraph 246, the Zymergen Defendants admit that Plaintiffs purport to assert a class claim under Section 11 of the Securities Act of 1933 against Zymergen, the Individual Defendants, and the Underwriter Defendants.  Except as so expressly admitted, the Zymergen Defendants deny each and every allegation in Paragraph 246.

247.    The Zymergen Defendants deny each and every allegation in Paragraph 247.

248.    In response to Paragraph 248, Zymergen admits that it filed the Registration Statement and was the issuer of the shares sold in the IPO.  Except as so expressly admitted, the Zymergen Defendants assert that the remainder of Paragraph 193 consists of legal conclusions requiring neither admission nor denial; to the extent that any response is required, the Zymergen Defendants deny each and every remaining allegation in Paragraph 248.

249.    In response to Paragraph 249, Zymergen admits that it was the issuer of the shares sold in the IPO.  Except as so expressly admitted, Zymergen denies each and every allegation in Paragraph 249.

250.    The Zymergen Defendants deny each and every allegation in Paragraph 250.

251.    The Zymergen Defendants deny each and every allegation in Paragraph 251.

252.    The Zymergen Defendants deny each and every allegation in Paragraph 252.

253.   The Zymergen Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 252 and, on that basis, deny each and every allegation therein.

254.   The Zymergen Defendants deny each and every allegation in Paragraph 254.

255.   In response to Paragraph 255, the Zymergen Defendants incorporate and reassert their response to Paragraphs 1-254, inclusive, as if set forth fully herein.

256.   In response to Paragraph 256, the Zymergen Defendants admit that Plaintiffs purport to assert a class claim under Section 15 of the Securities Act of 1933 against certain defendants.   Except as so expressly admitted, the Zymergen Defendants deny each and every allegation in Paragraph 256.

257.   The Zymergen Defendants deny each and every allegation in Paragraph 257.

258.   The Zymergen Defendants deny each and every allegation in Paragraph 258.

259.   The Zymergen Defendants deny each and every allegation in Paragraph 259.

260.   The Zymergen Defendants deny each and every allegation in Paragraph 260.

## **AFFIRMATIVE DEFENSES**

In further response to the Complaint and each claim asserted in this action, and without assuming the burden of proof, persuasion, or production as to any issue where such burden is not legally assigned to them, the Zymergen Defendants assert the following affirmative and other defenses.  By asserting such defenses, the Zymergen Defendants do not in any way waive or limit any defenses raised by the denials, allegations, and averments set forth elsewhere in this Answer. The Zymergen Defendants expressly reserve the right to amend and/or supplement these defenses and assert any other defense as to which discovery, investigation, or further developments may establish a basis.

# FIRST DEFENSE

## (Standing)

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs or other members of the Putative Class lack standing to assert them to the extent they did not purchase Zymergen stock in or traceable to Zymergen's Initial Public Offering.

# SECOND DEFENSE

## (Truth on the Market)

The Zymergen Defendants are not liable to Plaintiffs or other members of the Putative Class because the substance of the allegedly omitted or misrepresented material information was disclosed in the Registration Statement, Zymergen's own public filings and announcements, and/or in other sources that were publicly available or widely known to the market, the investing community, Plaintiffs, and members of the Putative Class.

# THIRD DEFENSE

## (Knowledge)

Plaintiffs' claims of alleged misrepresentations and omissions, which are denied, are barred to the extent any allegedly misstated facts or omissions were known to Plaintiffs and other members of the Putative Class.

# FOURTH DEFENSE

## (Due Diligence)

The Individual Defendants had, after reasonable investigation, reasonable grounds to believe and did believe, at the time the Registration Statement became effective, that the statements therein were true and that there was no omission of any required material fact necessary to make the statements not misleading.

# FIFTH DEFENSE

## (Reasonable Reliance on Experts)

With respect to portions of the Registration Statement purporting to be made on the authority of experts, the Individual Defendants had no reasonable ground to believe and did not

believe, at the time such part of the Registration Statement became effective, that the statements therein were untrue or that there was an omission to state a material fact required to be stated therein or necessary to make the statements therein not misleading.

### SIXTH DEFENSE

#### (Good Faith)

Plaintiffs' claims are barred, in whole or in part, because at all relevant times the Zymergen Defendants acted in good faith, including by acting in conformity with the law and rules and regulations of the U.S. Securities and Exchange Commission.

### SEVENTH DEFENSE

#### (Bespeaks Caution)

Plaintiffs' claims are barred, in whole or in part, by the "bespeaks caution" doctrine to the extent they are based on predictions, expressions of opinion, or forward-looking statements.

### EIGHTH DEFENSE

#### (Opinion Statements)

Plaintiffs' claims are barred, in whole or in part, under the principles set forth in *Omnicare, Inc. v. Laborers Dist. Council*, 575 U.S. 175 (2015), to the extent they are based on expressions of opinion.

### NINTH DEFENSE

#### (Assumption of Risk)

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs and/or other members of the Putative Class had actual or constructive knowledge of the risks involved and thus assumed the risk that the value of Zymergen stock would decline if such risks materialized.

### TENTH DEFENSE

#### (No Control Person Liability)

Each and every one of Defendants alleged to be a control person under Section 15 of the Securities Act of 1933 had no knowledge of, and had no reasonable grounds to believe in the existence of, the facts by reason of which liability of the control person is alleged to exist.

**ELEVENTH DEFENSE**

**(Statutory Damages Limitation)**

Any recovery for damages allegedly incurred by Plaintiffs or members of the Putative Class is barred, in whole or in part, by the damages limitations of the Securities Act of 1933.

**TWELFTH DEFENSE**

**(Negative Causation)**

Plaintiffs' claims are barred, in whole or in part, because none of the alleged misrepresentations or misleading statements or omissions alleged by Plaintiffs caused, or was a substantial factor in, any increase or decrease in the market value of Zymergen's securities owned by Plaintiffs or other members of the Putative Class.

**THIRTEENTH DEFENSE**

**(Superseding or Intervening Events)**

Plaintiffs' claims are barred, in whole or in part, because superseding or intervening events caused some or all of the alleged damages.

**FOURTEENTH DEFENSE**

**(Comparative Fault and/or Contributory Negligence)**

Plaintiffs' claims are barred, in whole or in part, by the actions, omissions, and/or comparative fault and contributory negligence of Plaintiffs, other members of the Putative Class, or other third parties, including the failure to undertake their own due diligence.

**FIFTEENTH DEFENSE**

**(Failure to Mitigate)**

Plaintiffs and other members of the Putative Class are barred from recovery for injury or damages because they failed to make reasonable efforts to mitigate any such injury or damages.

**SIXTEENTH DEFENSE**

**(Equitable Doctrines)**

Plaintiffs' claims are barred, in whole or in part, by the doctrines of laches, equitable estoppel, waiver, unclean hands, and other related equitable defenses.

**SEVENTEENTH DEFENSE**

**(Failure to State a Claim)**

The Complaint fails to state a claim upon which relief can be granted as to any of the Zymergen Defendants.

**EIGHTEENTH DEFENSE**

**(No Duty to Disclose Alleged Omissions)**

Plaintiffs' claims are barred, in whole or in part, because at all relevant times the Zymergen Defendants had no duty to disclose any information that the Complaint alleges was omitted from the Registration Statement to the extent that such information existed at the time the Registration Statement was filed or became effective.

**NINETEENTH DEFENSE**

**(Materiality)**

Plaintiffs' claims are barred, in whole or in part, because some or all of the purported misstatements or omissions alleged in the Complaint pertain to matters that are not material.

**TWENTIETH DEFENSE**

**(General Statement of Optimism or Puffery)**

Plaintiffs' claims are barred, in whole or in part, because some or all of the purported misstatements or omissions alleged in the Complaint reflect or pertain to non-actionable statements of corporate optimism or puffery.

**TWENTY-FIRST DEFENSE**

**(Incorporation by Reference)**

The Zymergen Defendants hereby adopt and incorporate by reference any and all other defenses asserted or to be asserted by any of the other Defendants to the extent the Zymergen Defendants may share in such a defense.

**TWENTY-SECOND DEFENSE**

**(Waiver)**

The claims alleged in the Complaint are barred, in whole or in part, to the extent that

Plaintiffs and members of the Putative Class have knowingly and voluntarily waived any alleged claims they might have against the Zymergen Defendants.

### TWENTY-THIRD DEFENSE

### (No Fees, Costs or Expenses)

Plaintiffs and members of the alleged plaintiff class are not entitled to recover attorneys' fees, expert fees, or other costs and disbursements.

### TWENTY-FOURTH DEFENSE

### (Plaintiffs Cannot Maintain a Class Action)

This suit may not be maintained as a class action because: (1) Plaintiffs will not fairly and adequately protect the interests of the Putative Class; (2) common issues of fact or law do not predominate over questions affecting only individual members; (3) a class action is not an appropriate method for the fair and efficient adjudication of the controversy; (4) the other requirements of maintaining a class action have not been met; (5) a class action is not an appropriate or superior method for addressing the claims brought by Plaintiffs as individual questions exceed the common questions; and (6) aggregation of claims would deny the Zymergen Defendants due process by depriving the Zymergen Defendants of their rights to discover and present bona fide legal and factual defenses unique to a specific members of the Putative Class and transactions.

### TWENTY-FIFTH DEFENSE

### (Reasonable Care)

If any alleged misstatements or omissions were made (which the Zymergen Defendants deny), the claims of Plaintiffs and/or members of the Putative Class are barred as Plaintiffs and/or members of the Putative Class failed to exercise reasonable care to discover the facts related to these alleged misstatements/omissions.

### TWENTY-SIXTH DEFENSE

### (Other Defenses)

The Zymergen Defendants hereby reserve and assert all affirmative and other defenses

available under federal law.  The Zymergen Defendants reserve the right to assert additional defenses, crossclaims, and third-party claims in the event that discovery, further investigation, or other developments may indicate that it would be appropriate.  The Zymergen Defendants hereby reserve all rights to amend and/or supplement any and all defenses set forth herein.

## PRAYER

WHEREFORE, the Zymergen Defendants respectfully pray for judgment as follows:

1.　　That judgment be entered against Plaintiffs and in favor of the Zymergen Defendants, and each of them, on all claims asserted in this action;

2.　　That Plaintiffs' Prayer for Relief be denied;

3.　　That the remaining claims of the Complaint be dismissed with prejudice;

3.　　That Plaintiffs and members of the Putative Class take nothing by reason of the claims asserted in this action;

4.　　That the Court refuse to certify this suit as a class action;

5.　　For costs of suit herein; and

6.　　For such other and further relief as the Court may deem just and proper.

## JURY DEMAND

The Zymergen Defendants demand a trial by jury on all issues triable by a jury.


DATED: April 4, 2024　　　　　　　　WILMER CUTLER PICKERING
　　　　　　　　　　　　　　　　　　　　HALE AND DORR LLP


By:　*/s/ Peter J. Kolovos*
　　　　Peter J. Kolovos (*Pro Hac Vice*)

KEVIN P. MUCK (SBN 120918)
kevin.muck@wilmerhale.com
SUSAN S. MUCK (SBN 126930)
susan.muck@wilmerhale.com
WILMER CUTLER PICKERING
　HALE AND DORR LLP
One Front Street, Suite 3500
San Francisco, CA 94111
Telephone: (628) 235-1000

Facsimile: (628) 235-1001

PETER J. KOLOVOS (appearance *pro hac vice*)
peter.kolovos@wilmerhale.com
WILMER CUTLER PICKERING
   HALE AND DORR LLP
60 State Street
Boston, MA 02109
Telephone: (617) 526 6000
Facsimile: (617) 526-5000

JEREMY T. ADLER (appearance *pro hac vice*)
jeremy.adler@wilmerhale.com
WILMER CUTLER PICKERING
   HALE AND DORR LLP
7 World Trade Center
New York, NY 10007
Telephone: (212) 230-8800
Facsimile: (212) 230-8888

*Attorneys for Defendants Zymergen Inc., Steven Chu, Jay T. Flatley, Christine M. Gorjanc, Travis Murdoch, Matthew A. Ocko, Sandra E. Peterson, Zach Serber, and Rohit Sharma*