1  ROBBINS GELLER RUDMAN
      & DOWD LLP
2  SHAWN A. WILLIAMS (213113)
   DANIEL J. PFEFFERBAUM (248631)
3  ALAINA L. GILCHRIST (335807)
   Post Montgomery Center
4  One Montgomery Street, Suite 1800
   San Francisco, CA  94104
5  Telephone:  415/288-4545
   415/288-4534 (fax)
6  shawnw@rgrdlaw.com
   dpfefferbaum@rgrdlaw.com
7  agilchrist@rgrdlaw.com
        – and –
8  JUAN CARLOS SANCHEZ (301834)
   PATTON L. JOHNSON (320631)
9  655 West Broadway, Suite 1900
   San Diego, CA  92101
10 Telephone:  619/231-1058
   619/231-7423 (fax)
11 jsanchez@rgrdlaw.com
   pjohnson@rgrdlaw.com
12
   Counsel for Plaintiffs
13
   [Additional counsel appear on signature page.]
14
                    UNITED STATES DISTRICT COURT
15
                  NORTHERN DISTRICT OF CALIFORNIA
16
                        SAN JOSE DIVISION
17

18 BIAO WANG, Individually and on Behalf of    )  Case No. 5:21-cv-06028-PCP
   All Others Similarly Situated,              )
19                                             )  FURTHER JOINT CASE MANAGEMENT
                              Plaintiff,       )  CONFERENCE STATEMENT RE: VC
20                                             )  DEFENDANTS
          vs.                                  )
21                                             )
   ZYMERGEN INC., et al.,                      )
22                                             )
                              Defendants.      )
23 _____)

24

25

26

27

28

4884-2453-1936.v2

## I.    INTRODUCTORY STATEMENT

Pursuant to Federal Rules of Civil Procedure 26(f), this Court's April 1, 2024 Order, the Civil Rules of the Northern District of California, and the Order for All Judges of the Northern District: Contents of Joint Case Management Statement, counsel for Lead Plaintiff and Class Representative Biao Wang ("Wang" or "Lead Plaintiff") and Plaintiff West Palm Beach Firefighters' Pension Fund (together, "Plaintiffs"); and counsel for Defendants SVF Excalibur (Cayman) Limited, SVF Endurance (Cayman) Limited, SoftBank Vision Fund (AIV M1) L.P., and SB Investment Advisers (US) Inc. (collectively the "SoftBank Defendants"), Data Collective II, L.P., DCVC Opportunity Fund, L.P., and DCVC Management Co., LLC (collectively the "DCVC Defendants"), and True Ventures IV, L.P., True Ventures Select I, L.P., True Ventures Select II, L.P., True Ventures Select III, L.P., True Ventures Select IV, L.P., and True Venture Management, L.L.C. (collectively, the "True Ventures Defendants") (together with the "SoftBank Defendants" and "DCVC Defendants," the "VC Defendants," which together with Plaintiffs are the "Parties" herein) in the above-captioned action respectfully submit this Further Joint Case Management Conference Statement ("CMC Statement").

This CMC Statement addresses issues that impact the VC Defendants.  Plaintiffs and other defendants[1] to this action submitted a separate Joint Case Management Statement most recently on March 29, 2024.  ECF 363.

## II.    JOINT CASE MANAGEMENT CONFERENCE STATEMENT

### A.    Jurisdiction and Service

This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§1331 and 22 of the Securities Act of 1933 ("Securities Act") (15 U.S.C. §77v).  There are no issues concerning personal jurisdiction or venue.  All VC Defendants have been served.

---

[1]    The other Defendants in this action are Zymergen Inc. ("Zymergen" or "Company"); former Zymergen executives Josh Hoffman and Enakshi Singh; former Zymergen directors Steven Chu, Jay T. Flatley, Christine M. Gorjanc, Travis Murdoch ("Murdoch"), Matthew A. Ocko ("Ocko"), Sandra E. Peterson, Zach Serber, and Rohit Sharma ("Sharma") (together, "Director Defendants"); and J.P. Morgan Securities LLC, Goldman Sachs & Co. LLC, Cowen and Company, LLC), BofA Securities, Inc., UBS Securities LLC, and Lazard Frères & Co. LLC (together, "Underwriter Defendants").  The "Individual Defendants" refers to Hoffman, Singh, and the Director Defendants together.

### B.    Background and Summary[2]

On February 26, 2024, the Court granted Plaintiffs' motion to amend the complaint and deemed Plaintiffs' Second Amended Class Action Complaint for Violations of the Federal Securities Laws ("Complaint") (ECF 321) filed the same day. ECF 313. As the Court is aware, this litigation concerns alleged false and misleading statements under §11 of the Securities Act of 1933 ("Securities Act") contained in Zymergen's Registration Statement and Prospectus ("Registration Statement") issued in connection with Zymergen's April 2021 IPO. Plaintiffs allege that when the truth of these false and misleading statements began to be revealed to the public, investors suffered significant harm when Zymergen's stock price fell 75% in one day, wiping out $2.7 billion of Zymergen's market capitalization. ¶35.[3] Applicable to the VC Defendants, the Complaint alleges that the VC Defendants are liable as "control persons" under §15 of the Securities Act because they purportedly controlled Zymergen and/or certain of their own employees and/or alleged agents who sat on Zymergen's Board and signed the Registration Statement – defendants Travis Murdoch, Rohit Sharma, and Matthew Ocko.

The Complaint alleges that the VC Defendants were early investors in Zymergen, who collectively invested over half a billion dollars in the Company in the years prior to the IPO. ¶¶80, 81, 82. Plaintiffs allege the VC Defendants owned 59.49% of all preferred stock, which allegedly gave them management and other rights over the Company, and 50.17% of the total stock outstanding. ¶83. Plaintiffs allege that, among other things, rights stemming from the VC Defendants' ownership allowed them to control Zymergen.

Plaintiffs also alleged that the VC Defendants controlled each of their respective representatives on Zymergen's Board through employer relationships and financial incentives, and that the VC Defendants had an agent-principal relationship with their representatives making them liable under the doctrine of *respondeat superior*. ¶¶117-132.

---

[2]    This "summary" includes statements made as allegations in the Complaint. By summarizing those allegations here, the VC Defendants do not concede that any of these allegations are true.

[3]    All "¶_" references herein are to the Complaint.

FURTHER JOINT CASE MANAGEMENT CONFERENCE STATEMENT RE: VC DEFENDANTS -
5:21-cv-06028-PCP                                                                                           - 2 -
4884-2453-1936.v2

1    On April 4, 2024, each of the VC Defendants filed a motion to dismiss the Complaint. ECF
2    370, 371, 372. On August 14, 2024 the Court granted in part and denied in part their motions. ECF
3    395. The Court dismissed Plaintiffs' claim that Ocko was controlled by the DCVC Defendants, and
4    Plaintiffs' claim that the DCVC Defendants could be held liable for Ocko's purported violations
5    under the doctrine of *respondeat superior*, but upheld the other allegations. Thus, the allegations
6    that currently remain against the VC Defendants are Plaintiffs' §15 allegations that the VC
7    Defendants each controlled Zymergen, the §15 allegations that the SoftBank and True Ventures
8    Defendants each controlled their respective representative on Zymergen's Board, and the *respondeat*
9    *superior* allegations in connection with Murdoch and Sharma.

10    **C.    Legal Issues**

11         **1.    Plaintiffs' Position**

12    The principal legal issues in dispute between these Parties include: (1) whether the VC
13    Defendants are liable under §15 of the Securities Act; (2) whether Murdoch and Sharma acted within
14    the scope of their employment; and (3) whether Plaintiffs' claims against the management company
15    Defendants are time-barred.

16    The additional issues identified by the VC Defendants have already been addressed and
17    resolved by the Court at the motion to dismiss stage.

18         **2.    VC Defendants' Position**

19    In addition to the above, the VC Defendants also contend that the following are legal issues
20    to be decided in the case: (i) whether the doctrine of *respondeat superior* applies and can be a basis
21    for liability in the case; and (ii) whether Plaintiffs' claims against all the VC Defendants are time-
22    barred.

23    **D.    Motions**

24         **1.    Previously Decided Motions**

25    Set forth below is a summary of motions filed and decided by the Court.

26    On October 4, 2021, Lead Plaintiff Wang filed a motion to be appointed Lead Plaintiff. ECF
27    35. The Court granted the motion on December 20, 2021. ECF 69.

28

FURTHER JOINT CASE MANAGEMENT CONFERENCE STATEMENT RE: VC DEFENDANTS -
5:21-cv-06028-PCP
4884-2453-1936.v2

1       On April 25, 2022, certain Defendants filed motions to dismiss the Complaint.  ECF 134,

2   135, 137.  On November 29, 2022, the Court issued an Order granting in part and denying in part the

3   motions to dismiss.  ECF 162.  The Court denied the motions to dismiss the §11 claim, denied the

4   Individual Defendants' motion to dismiss the §15 claim, and granted the VC Defendants' motions to

5   dismiss.[4]

6       On April 6, 2023, Lead Plaintiff filed a motion to certify the class, appoint class

7   representative, and appoint class counsel.  ECF 180.  On June 22, 2023, certain Defendants (but not

8   the VC Defendants) filed a statement of non-opposition (ECF 188), and on August 11, 2023 the

9   Court granted Lead Plaintiff's motion.  ECF 194.

10      On September 6, 2023, the Court approved Plaintiffs' unopposed administrative motion

11  which set forth a proposal for Dissemination of Notice to the Class (ECF 209).

12      On September 20, 2023, Lead Plaintiff moved via joint discovery letter to compel then non-

13  party (and now party) SB Investment Advisers (US) Inc. to search for and produce documents

14  responsive to Lead Plaintiff's subpoena *duces tecum*.  ECF 213.  On November 30, 2023, Magistrate

15  Judge Susan van Keulen tentatively ordered production of four out of seven categories of documents

16  (ECF 226); that order was made final on January 2, 2024.  ECF 237.

17      On December 21, 2023, Plaintiffs filed a motion for leave to file the [Proposed] Second

18  Amended Class Action Complaint for Violations of the Federal Securities Laws.  ECF 234.  On

19  February 26, 2024, the Court entered an Order granting Plaintiff's Motion for Leave to File the

20  Second Amended Complaint.  ECF 313.  On March 4, 2024, Plaintiffs filed their Second Amended

21  Class Action Complaint for Violations of the Federal Securities Laws.  ECF 321.

22      On April 4, 2024, the VC Defendants each filed Motions to Dismiss Plaintiff's Second

23  Amended Complaint.  ECF 370, 371, 372.  On August 14, 2024, the Court entered an Order granting

24  dismissal as to allegations of control and *respondeat superior* related to Ocko and denying the

25  Motions to Dismiss as to all other claims.  ECF 395.

26

27  [4]   The parties sought clarification at the Court's January 18, 2023 case management conference regarding the effect of the Court's order on the §15 claim.  The Court clarified that the §15 claims

28  against the Softbank, DCVC, and True Ventures Defendants had been dismissed, but that the §15 claims against the Individual Defendants remained.  *See* ECF 167.

## 2.    Currently Pending Motions

There is one discovery issue pending before the Magistrate Judge involving Lead Plaintiff and Zymergen.  Pursuant to Judge van Keulen's procedures, on September 9, 2024, Lead Plaintiff filed a joint discovery statement with the Court to compel Zymergen and defendants who are directors to produce a privilege log that lists all the redactions they have made to their documents and other party and nonparty documents.  ECF 397.  No other party has refused to produce a redaction log, and according to those defendants they have produced more than 4,500 documents containing redactions.  *Id.* at 8.

On September 17, 2024, the VC Defendants filed a motion to certify for interlocutory appeal the Court's August 14, 2024 order on their motions to dismiss.

## 3.    Anticipated Motions

As noted below, the Parties are also discussing a potential amendment of the Protective Order to provide for a higher confidentiality tier.  The Court has previously set dates for dispositive motion briefing as set forth in *infra*, §II.Q.  Motions to compel discovery may be filed by the Parties if potential disputes cannot be resolved during the meet-and-confer process.  The VC Defendants are in the process of reviewing the motion practice and discovery to date in this case, and reserve all rights to bring necessary and appropriate motions as issues develop in accordance with the Federal Rules and the Case Management Order.  ECF 364.

### E.    Amendment of Pleadings

The Court's August 14, 2024 Order provided Lead Plaintiff 29 days to amend the Complaint.  Lead Plaintiff does not currently anticipate further amendments to the Complaint; however, Lead Plaintiff continues to review and analyze documents obtained in discovery.

### F.    Evidence Preservation

The Parties certify that their counsel have reviewed the Court's Guidelines for the Discovery of Electronically Stored Information and confirm that they have met and conferred pursuant to Rule 26(f) of the Federal Rules of Civil Procedure regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action.

1    **G.    Disclosures**

2    Pursuant to the Court's Scheduling Order, the VC Defendants' Initial Disclosures are due by

3    September 20, 2024.  ECF 364.

4    **H.    Discovery**

5    **1.    Discovery Taken to Date**

6    **a.    Plaintiffs' Discovery**

7    Prior to the VC Defendants being added back to this action, Lead Plaintiff served document

8    subpoenas on then-non-parties (and now parties) SB Investment Advisers (US) Inc., DCVC

9    Management Co., LLC, and True Venture Management, L.L.C.  The VC Defendants each objected

10   to producing documents going to the issue of control as they were not §15 defendants at the time the

11   subpoena was served.  It is Lead Plaintiff's position that the VC Defendants remain obligated to

12   search for and produce documents responsive to the subpoena.  The VC Defendants' position is that

13   the non-party document subpoenas are no longer applicable or enforceable against the VC

14   Defendants, which are now parties to this action.

15   On September 4, 2024, following the completion of the Parties' Rule 26(f) conference, Lead

16   Plaintiff served additional requests for production of documents to each VC Defendant.  No other

17   written discovery has been served at this time.

18   **b.    Defendants' Discovery**

19   On September 11, 2024, the DCVC Defendants served requests for the production of

20   documents on Plaintiffs.  Otherwise, the VC Defendants have yet to serve any discovery.

21   **2.    The Anticipated Scope of Discovery**

22   Discovery is ongoing and the Parties anticipate that the scope of discovery will continue to

23   include document requests, subpoenas, interrogatories, requests for admission, and depositions

24   concerning facts relevant to the legal issues set forth *supra* §II.C.

25   **a.    Plaintiffs' Position**

26   Since the Court has denied the motions to dismiss, no VC Defendant has produced any

27   discovery despite Plaintiff's efforts to have VC Defendants begin producing documents known to be

28   relevant, such as operative documents related to the funds' formation and governance, and

FURTHER JOINT CASE MANAGEMENT CONFERENCE STATEMENT RE: VC DEFENDANTS -
5:21-cv-06028-PCP                                                      - 6 -
4884-2453-1936.v2

employment agreements – which were documents responsive to already-outstanding subpoenas. Lead Plaintiff also served document requests immediately following the parties' Rule 26(f) conference; Lead Plaintiff is awaiting the VC Defendants' responses and objections to those requests. Plaintiffs intend to continue pursuing discovery from the VC Defendants and third-parties concerning the following, *inter alia*:

1.     the structure, governance and operations of the VC Defendants funds and management companies;

2.     the management and oversight of the VC Defendants' investment in Zymergen;

3.     the VC Defendants' control or influence over Zymergen, Zymergen's Board and Board committees, and Zymergen's officers and executives;

4.     the VC Defendants' knowledge or approval of Zymergen's business functions, including budgets, manufacturers, partners or other business relationships, advisors, consultants, and customers;

5.     the VC Defendants' knowledge of the Company's products and product development;

6.     the VC Defendants' involvement in financings, debt arrangements, or other related corporate issues;

7.     the VC Defendants' involvement in or knowledge of the IPO and drafting of the Registration Statement;

8.     the VC Defendants' internal valuations of the Company and exit or potential exit from their Zymergen investment, including communications amongst one another or their own customers regarding such issues;

9.     any purchases, sales, holdings, trades, conversions, hedges, or pledges of Zymergen securities, including any of preferred or common stock, listed securities, or derivatives;

10.     the inquiries by, and communications with, government agencies, including the SEC and DOJ;

11.     Defendants' initial disclosures, denials, and affirmative defenses.

### b.    VC Defendants' Position

The VC Defendants were served with document requests on September 4, 2024, following the completion of the Rule 26(f) conference.  The VC Defendants' deadline to respond to those requests is Friday, October 4, 2024.  The VC Defendants will search for and produce documents responsive to those requests, subject to any applicable objections or limitations that the VC Defendants are entitled to assert under the Federal Rules of Civil Procedure.

The DCVC Defendants believe that the scope of discovery sought by Plaintiffs is overly broad.  The claim against the DCVC Defendants is simple:  whether they controlled Zymergen at the time of the IPO.  Many of the topics that Plaintiffs list above have little, if anything, to do with that claim.

In terms of discovery that the DCVC Defendants anticipate taking, the DCVC Defendants anticipate seeking discovery from Plaintiffs regarding the bases for Plaintiffs' control allegations, as well as the DCVC Defendants' statute of limitations defense.

The SoftBank Defendants join in the DCVC Defendants' comments about Plaintiffs' planned discovery.  The SoftBank Defendants also anticipate pursuing discovery related to the bases for Plaintiffs' control allegations, including but not limited to SoftBank's statute of limitations defense.

The True Ventures Defendants join in the DCVC Defendants' comments about Plaintiffs' planned discovery.  The TV Defendants anticipate pursuing discovery related to the basis for Plaintiffs' control allegations, including but not limited to the TV Defendants' statute of limitations defense.

### 3.    Proposed Modifications of the Discovery Rules

Prior to the VC Defendants being added as defendants, the Court approved an agreement to expand the ten-deposition limit prescribed by Rule 30 of the Federal Rules of Civil Procedure to 20 depositions, and to expand the limit of 25 interrogatories prescribed under Rule 33 of the Federal Rules of Civil Procedure to 30 interrogatories.  ECF 165.  VC Defendants agree to the expanded discovery limits.  Plaintiffs believe that additional depositions might be needed in light of the fact that additional defendants have been added to the case.  In the event that any Party seeks additional

1    discovery beyond the expanded limits, the Parties agree to meet and confer in good faith in an

2    attempt to address the issue via stipulation.

3              **4.    Discovery Disputes**

4          The Parties currently do not have any discovery disputes ripe for the Court's intervention.

5              **5.    Protective Order**

6          On February 28, 2023, Magistrate Judge entered a protective order that governs confidential

7    information in this case.  ECF 175.  The VC Defendants agree to be bound by its terms.  Because the

8    SoftBank Defendants, True Venture Defendants, and DCVC Defendants are competitors, they

9    anticipate that there may be a need to modify the protective order to permit the designation of certain

10    documents as "outside counsel eyes only," but the need depends on the scope of future discovery and

11    therefore this issue is not yet ripe.  To the extent such a modification becomes necessary, the Parties

12    will confer in good faith, and Plaintiffs will take a position on the proposed modification once they

13    receive a draft of the proposed amendment.

14              **6.    Electronically Stored Information ("ESI")**

15          Document production shall be made, so far as practicable, in electronic format and pursuant

16    to the applicable rules.

17          **I.    Class Actions**

18          On August 11, 2023, the Court granted Lead Plaintiff's motion to certify the class, appoint

19    class representative, and appoint class counsel.  ECF 194.

20              **a.    VC Defendants' Position**

21          The VC Defendants dispute that any class has been certified as to the claims against them

22    because they were not parties at the time of the class certification order.  If Plaintiffs wish to move to

23    certify a class against the VC Defendants, the VC Defendants are willing to meet and confer to

24    discuss a briefing schedule.

25              **b.    Plaintiffs' Position**

26          In certifying this action as a class action, this Court found that the requirements of Rule 23(a)

27    and 23(b)(3) were satisfied; nothing about the addition of the VC Defendants changes that

28    determination regarding *e.g.*, numerosity, typicality, adequacy, etc.  ECF 194.  Indeed the only

1    impact on class certification by the addition of the VC Defendants is that they, and their affiliates,

2    are now excluded from the Class.  ECF 180 at 3.  Notice of the additional defendants can be

3    provided to the class via the case website (zymergensecuritieslitigation.com) and the parties should

4    be able to accomplish this via stipulated language.[5]  No additional motion for certification is

5    necessary nor justified; however, nothing in Lead Plaintiff's position limits the VC Defendants'

6    rights under Fed. R. Civ. P. 23(c)(1)(C) to seek to alter or amend the Court's prior order should they

7    have grounds to do so.[6]

8    **J.    Related Cases**

9    Zymergen is also in Chapter 11 bankruptcy proceeding in the Bankruptcy Court for the

10   District of Delaware.  *In re: Zymergen Inc.*, Case No. 1:23-bk-11661-KBO.  Zymergen's bankruptcy

11   plan was approved, which became effective on February 23, 2024.  As of that date, the automatic

12   discovery stay in connection with bankruptcies was lifted.  Currently, a liquidating trust has been

13   appointed to administer Zymergen's estate.

14   On September 13, 2024, *In the Matter of Zymergen Inc.*, File No. 3-22112, the SEC issued an

15   Order Instituting Cease-and-Desist Proceedings Pursuant to Section 8A of the Securities Act of

16   1933, Making Findings and Imposing a Cease-and-Desist Order.  Lead Plaintiff is unaware of the

17   state of any other enforcement actions against Zymergen or its former employees, officers or

18   directors.

19   **K.    Relief Sought**

20   **1.    Plaintiffs' Position**

21   Plaintiffs assert claims under §§11 and 15 of the Securities Act and seek: (1) damages,

22   including pre-judgment and post-judgment interest; (2) reasonable costs and expenses incurred in

23   this action, including attorneys' fees; and (3) such other relief as the Court may deem just and

24

---

25   [5]    The parties have not met and conferred on this issue as the VC Defendants did not raise their

26   position regarding unnecessary class certification briefing during the Rule 26(f) conference.

27   [6]    Nothing has altered Judge Chhabria's observation at the class certification hearing: "I often say
     in these securities class actions to defendants, 'What do you think you're going to be able to argue to
     defeat class certification?  Isn't it in everybody's interest to just agree to class certification and get

28   on with the merits?'"  ECF 267 at 4.

1    proper.  The calculation of damages in this complex securities law class action will be the subject of

2    expert analysis.

3    **2.    VC Defendants' Position**

4    The VC Defendants deny that Plaintiffs are entitled to any relief.

5    **L.    Settlement and ADR**

6    On January 18, 2023, the Court ordered that the then-existing parties participate in private

7    mediation to be completed within 120 days.  ECF 167.  On May 12, 2023, a private mediation was

8    held but was unsuccessful in resolving the case.  The VC Defendants were not parties at the time of

9    the mediation and were not participants.

10    **M.    Consent to Magistrate Judge for All Purposes**

11    The Parties do not consent to a magistrate judge for all further proceedings, including trial

12    and entry of judgment.  The Parties understand that this Court has automatically referred this case to

13    a magistrate judge for discovery purposes.

14    **N.    Other References**

15    The Parties do not believe this case is suitable for references to binding arbitration, special

16    master, or the Judicial Panel on Multidistrict Litigation.

17    **O.    Narrowing of Issues**

18    At this stage of the proceedings, the Parties believe the narrowing of issues, suggestions to

19    expedite the presentation of evidence at trial, and requests to bifurcate issues, claims or defenses,

20    whether by agreement or by stipulation, are premature.

21    **P.    Expedited Trial Procedure**

22    The Parties do not believe this case is appropriate to be handled under the Expedited Trial

23    Procedure of General Order No. 64.

24    **Q.    Scheduling**

25    On April 1, 2024, the Court entered its most recent Case Management Order.  ECF 364.  The

26    following deadlines are currently in place:

27

28

| Deadline | New Date |
|---|---|
| Initial Disclosures (SoftBank, DCVC and True Ventures) | September 20, 2024 |
| Answer to the Second Amended Complaint (SoftBank, DCVC, and True Ventures | October 11, 2024 |
| Fact Discovery Cutoff | January 31, 2025 |
| Designation of Opening Experts with Reports | March 14, 2025 |
| Designation of Rebuttal Experts with Reports | April 25, 2025 |
| Expert Discovery Cutoff | May 30, 2025 |
| Filing of Dispositive Motion(s) | July 11, 2025 |

**R.    Trial**

This case will be tried by a jury.  The Court's April 1, 2024 Case Management Order set February 10, 2026 as the date for the Joint Pretrial Conference, and March 16, 2026 as the jury trial.

**S.    Disclosure of Non-Party Interested Entities or Persons**

Each Party certifies that it has filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-15.

Lead Plaintiff restates that no interest pursuant to Civil L.R. 3-15 is known other than his own, his wife, Rui Gong, and that of the other named parties to the action.  *See* ECF 36.

Plaintiff West Palm Beach Firefighters' Pension Fund restates that no interest pursuant to Civil L.R. 3-15 is known other than its own, and that of the other named parties to the action.  *See* ECF 44.

The DCVC Defendants restate that no interest pursuant to Civil L.R. 3-15 is known other than their own, and that of the other named parties to the action.  *See* ECF 128.

The SoftBank Defendants restate that no interest pursuant to Civil L.R. 3-15 is known other than SB Investment Advisers (U.K.) Ltd., and that of the other named parties to the action.  *See* ECF 130.

The True Ventures Defendants restate that no interest pursuant to Civil L.R. 3-15 is known other than their own, and that of the other named parties to this action.  *See* ECF 138.

1

**T.      Professional Conduct**

2          All counsel of record for the Parties certify that they have reviewed the Guidelines for

3   Professional Conduct for the Northern District of California.

4   DATED: September 18, 2024                    ROBBINS GELLER RUDMAN & DOWD LLP
                                                 SHAWN A. WILLIAMS
5                                                DANIEL J. PFEFFERBAUM
                                                 ALAINA L. GILCHRIST
6

7
                                                        s/ Daniel J. Pfefferbaum
8                                                    DANIEL J. PFEFFERBAUM

9                                                Post Montgomery Center
                                                 One Montgomery Street, Suite 1800
10                                               San Francisco, CA  94104
                                                 Telephone:  415/288-4545
11                                               415/288-4534 (fax)
                                                 shawnw@rgrdlaw.com
12                                               dpfefferbaum@rgrdlaw.com
                                                 agilchrist@rgrdlaw.com
13
                                                 ROBBINS GELLER RUDMAN & DOWD LLP
14                                               JUAN CARLOS SANCHEZ
                                                 PATTON L. JOHNSON
15                                               655 West Broadway, Suite 1900
                                                 San Diego, CA  92101
16                                               Telephone:  619/231-1058
                                                 619/231-7423 (fax)
17                                               jsanchez@rgrdlaw.com
                                                 pjohnson@rgrdlaw.com
18
                                                 Counsel for Plaintiffs
19
                                                 BERMAN TABACCO
20                                               NICOLE LAVALLEE (SBN 165755)
                                                 KRISTIN J. MOODY (SBN 206326)
21                                               JEFFREY V. ROCHA (SBN 304852)
                                                 425 California Street, Suite 2300
22                                               San Francisco, CA  94104
                                                 Telephone:  415/433-3200
23                                               415/433-6382 (fax)
                                                 nlavallee@bermantabacco.com
24                                               kmoody@bermantabacco.com
                                                 jrocha@bermantabacco.com
25

26

27

28

FURTHER JOINT CASE MANAGEMENT CONFERENCE STATEMENT RE: VC DEFENDANTS -
5:21-cv-06028-PCP                                                                  - 13 -
4884-2453-1936.v2

1

2     BERMAN TABACCO
       LESLIE R. STERN
3     One Liberty Square
       Boston, MA  02109
       Telephone:  617/542-8300
4     617/542-1194 (fax)
       lstern@bermantabacco.com
5

6     Counsel for Plaintiff West Palm Beach
       Firefighters' Pension Fund
7
       KLAUSNER, KAUFMAN, JENSEN
8           & LEVINSON
       ROBERT D. KLAUSNER
9     BONNI S. JENSEN
       7080 NW 4th Street
10    Plantation, FL  33317
       Telephone:  954/916-1202
11    954/916-1232 (fax)
       bob@robertdklausner.com
12    bonni@robertdklausner.com

13    Board Counsel for Plaintiff West Palm Beach
       Firefighters' Pension Fund
14
       DATED: September 18, 2024        GIBSON, DUNN & CRUTCHER LLP
15                                       MICHAEL D. CELIO (SBN 197998)

16
                                         s/ Michael D. Celio
17                                       MICHAEL D. CELIO

18    310 University Avenue
       Palo Alto, CA  94301-1744
19    Telephone:  650/849-5300
       650/849-5333 (fax)
20    mcelio@gibsondunn.com

21    GIBSON, DUNN & CRUTCHER LLP
       MICHAEL J. KAHN (SBN 303289)
22    One Embarcadero Center, Suite 2600
       San Francisco, CA  94111-3175
23    Telephone:  415/393-8200
       415/393-8306 (fax)
24    mjkahn@gibsondunn.com

25    Attorneys for Defendants Data Collective II, L.P.,
       DCVC Opportunity Fund, L.P., and DCVC
26    Management Co. LLC

27

28

1 | DATED: September 18, 2024

QUINN, EMANUEL, URQUHART &
SULLIVAN LLP
LINDA J. BREWER (SBN 217730)

s/ Linda J. Brewer
LINDA J. BREWER

50 California Street, 22nd Floor
San Francisco, CA 94111
Telephone: 415/875-6600
415/875-6700 (fax)
lindabrewer@quinnemanuel.com

QUINN, EMANUEL, URQUHART &
SULLIVAN LLP
HARRY A. OLIVAR, JR. (SBN 143089)
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017-2543
Telephone: 213/443-3000
213/443-3100 (fax)
harryolivar@quinnemanuel.com

Attorneys for Defendants SVF Endurance
(Cayman) Ltd., SVF Excalibur (Cayman) Ltd.,
SoftBank Vision Fund (AIV M1) LP, and SB
Investment Advisers (US) Inc.

DATED: September 18, 2024

GOODWIN PROCTER LLP
JONATHAN A. SHAPIRO (SBN 257199)
HAYES P. HYDE (SBN 308031)
NICOLE KIM (SBN 324698)
DANIEL ROESER (*Pro Hac Vice*)
VALERIE A. HAGGANS (*Pro Hac Vice*)

s/ Valerie A. Haggans
VALERIE A. HAGGANS

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

The New York Times Building
620 Eighth Avenue
New York, NY 10018
Telephone: 212/8313-8800
212/355-3333 (fax)
jshapiro@goodwinlaw.com
hhyde@goodwinlaw.com
nicolekim@goodwinlaw.com
droeser@goodwinlaw.com
vhaggans@goodwinlaw.com

Attorneys for Defendants True Ventures IV, L.P.,
True Ventures Select I, L.P., True Ventures
Select II, L.P., True Ventures Select III, L.P.,
True Ventures Select IV, L.P., and True Venture
Management, L.L.C.

FURTHER JOINT CASE MANAGEMENT CONFERENCE STATEMENT RE: VC DEFENDANTS -
5:21-cv-06028-PCP
4884-2453-1936.v2

- 16 -

1

**ATTESTATION PURSUANT TO LOCAL RULE 5-1(i)(3)**

2        I, DANIEL J. PFEFFERBAUM, am the ECF user whose identification and password are

3  being used to file the **FURTHER JOINT CASE MANAGEMENT CONFERENCE**

4  **STATEMENT RE: VC DEFENDANTS**.  Pursuant to Local Rule 5-1(i)(3), I hereby attest that

5  Michael D. Celio, Linda J. Brewer, and Valerie A. Haggans have concurred in this filing.

6  DATED: September 18, 2024                          s/ Daniel J. Pfefferbaum

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28