1

2

3

4                          UNITED STATES DISTRICT COURT

5                        NORTHERN DISTRICT OF CALIFORNIA

6

7    BIAO WANG, et al.,                        Case No. 21-cv-06028-PCP   (SVK)

8                    Plaintiffs,

9            v.                                **ORDER RE DISCOVERY DISPUTE**

10   ZYMERGEN INC., et al.,                     Re: Dkt. No. 440

11                   Defendants.

12          Before the Court is the Parties' Joint Statement regarding the VC Defendants' request to

13   take a further deposition of Lead Plaintiff and Class Representative Biao Wang.  Dkt. 440.

14   Having reviewed the Parties' joint statement and the relevant law, the Court determines that this

15   matter is most efficiently resolved without oral argument.  Civ. L.R. 7-1(b).  For the reasons set

16   forth herein, the VC Defendants' request is **GRANTED** with the limitations below.

17          The VC Defendants include the Fund Defendants, who were added back into this litigation

18   in February 2024 via the Second Amended Complaint, and the Management Company

19   Defendants, who were brought into the action via the Second Amended Complaint.  *See* Dkt. 313.

20   Lead Plaintiff Wang was deposed by other defendants for approximately 4 hours in June 2023.

21   Dkt. 440 at 2.  The Parties do not dispute that the Second Amended Complaint added the

22   VC Defendants and asserted claims that were not part of the action at the time of Lead Plaintiff

23   Wang's deposition.  *See generally* Dkt. 440.  Discovery in this matter is set to close on January 31,

24   2025.  Dkt. 364.

25          It appears that the Parties engaged in limited meet and confer efforts to try to resolve this

26   dispute.  VC Defendants offered to limit the deposition to 5 hours and to focus on non-redundant

27   questions regarding Section 15 control, *respondeat superior* claims and Plaintiffs' alleged

28   "mistake" in failing to timely sue the Management Company Defendants for purposes of relation

United States District Court
Northern District of California

United States District Court
Northern District of California

back under Rule 15(c).  Dkt. 440 at 2.  In response, Lead Plaintiff offered a 2-hour deposition to be taken remotely on the control and *respondeat superior* topics.  *Id*. at 4.  The VC Defendants insist that they have a due process right to examine the Lead Plaintiff on the claims asserted against them because they were not part of the case at the time of Lead Plaintiff's prior deposition.  *Id*. at 3.  Lead Plaintiff complains that the VC Defendants' deposition notice was improper because Lead Plaintiff Wang had been previously deposed.  *Id*. at 6.  Lead Plaintiff further argues that there is no good cause for further deposition because the newly asserted claims relate to issues of control and knowledge of the Defendants, not the Lead Plaintiff.  *Id*. at 7-8.   Lead Plaintiff also makes multiple requests for further briefing.  *Id.* at 4, 6.

Further briefing is neither necessary nor appropriate in light of the impending discovery deadline.  The Court finds Lead Plaintiff's complaints that a further deposition would be improper and unnecessary to be unfounded under the dictates of relevance and proportionality as set forth in Rule 26(b) and Rule 30(c), as well the basic tenets of common sense.  The circumstances of this case present new claims asserted against defendants who were not in the case at the time of the Lead Plaintiff's prior deposition.  Thus, the VC Defendants should and will be afforded the opportunity to depose Lead Plaintiff.  The Court declines Lead Plaintiff's invitation to interpret Judge Pitt's order on the VC Defendants' motion to dismiss as a limitation on the need for discovery.  The VC Defendants have offered reasonable limitations on the scope of questioning, which further supports the proportionality of the request.  The Court is also mindful that the Lead Plaintiff has been deposed in excess of 4 hours, presumably covering a number of general topics on behalf of any defendant.  Accordingly, the Court **ORDERS** as follows:

- The VC Defendants may depose Lead Plaintiff for 3.5 hours total testimony time on the record;

- Topics for the deposition shall be limited to non-redundant questions regarding Section 15 control, *respondeat superior* claims and Plaintiffs' alleged "mistake" in failing to timely sue the Management Company Defendants.  In adopting these limitations, the Court cautions the Parties to let common sense be their guide during the deposition both in formulating appropriate questions and raising only necessary objections;

- The deposition will take place either in person or by video, at the VC Defendants' discretion.
- The deposition is to be completed no later than December 31, 2024, however the Parties may agree to extend the deadline.

**SO ORDERED.**

Dated: November 25, 2024

SUSAN VAN KEULEN
United States Magistrate Judge

United States District Court
Northern District of California