ROBBINS GELLER RUDMAN
  & DOWD LLP
SHAWN A. WILLIAMS (213113)
DANIEL J. PFEFFERBAUM (248631)
ALAINA L. GILCHRIST (335807)
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA 94104
Telephone: 415/288-4545
415/288-4534 (fax)
shawnw@rgrdlaw.com
dpfefferbaum@rgrdlaw.com
agilchrist@rgrdlaw.com
  – and –
JUAN CARLOS SANCHEZ (301834)
PATTON L. JOHNSON (320631)
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)
jcsanchez@rgrdlaw.com
pjohnson@rgrdlaw.com

Counsel for Plaintiffs

[Additional counsel appear on signature page.]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| BIAO WANG, Individually and on Behalf of All Others Similarly Situated,<br><br>  Plaintiff,<br><br>vs.<br><br>ZYMERGEN INC., et al.,<br><br>  Defendants. | Case No. 5:21-cv-06028-PCP<br><br>JOINT DISCOVERY STATEMENT CONCERNING COMPANY DEFENDANTS' PRIVILEGE LOG |

**[REDACTED]**

4917-0573-0310.v1

## I. PLAINTIFF'S POSITION

Plaintiff and Company Defendants have agreed to bring to the Court the following six privilege issues, and have met and conferred, most recently over the telephone on December 6, 2024.[1] The fact discovery cutoff is in 50 days, January 31, 2025. Company Defendants, as the parties asserting the privileges, have the burden of showing that the privileges apply and have not been waived. *Weil v. Inv./Indicators, Rsch, & Mgmt., Inc.*, 647 F.2d 18, 25 (9th Cir. 1981). Plaintiff respectfully requests the opportunity to fully brief these issues if the Court is inclined to find Company Defendants have met their burden.

### A.  Freshfields' Documents Concerning Due Diligence

Zymergen has withheld ▮▮▮▮▮▮ shared with the law firm Freshfields concerning Freshfields' due diligence purportedly conducted prior to the IPO. ▮▮▮▮▮▮

▮▮▮▮▮▮

▮▮▮▮▮▮

▮▮▮▮▮▮

Company Defendants use their purported privileges as a sword and shield by asserting two affirmative defenses that put "the[ir] lawyer's performance at issue." *Sheet Metal Workers Nat'l Pension Fund v. Bayer Aktiengesellschaft*, 2024 WL 74928, at *2 (N.D. Cal. Jan. 5, 2024). First, they raise a good faith defense, that they acted in conformity with the law and SEC rules and regulations, which squarely puts their "knowledge of the law and the basis for [their] understanding of what the law required in issue." *Chevron Corp. v. Pennzoil Co.*, 974 F.2d 1156, 1162-63 (9th Cir. 1992); ECF 374 at 54; ECF 369 at 45; ECF 48. Company Defendants cannot now "deny [Plaintiff] access to the very information that [Plaintiff] must refute," namely the advice from Freshfields as to

---

[1] "Company Defendants" refers to Zymergen, Inc. and eight former directors, Steven Chu, Jay Flatley, Christine Gorjanc, Travis Murdoch, Matthew Ocko, Sandra Peterson, Zach Serber, and Rohit Sharma. "Plaintiff" is Lead Plaintiff and Class Representative Biao Wang. ▮▮▮▮▮▮ This does not include the 4,500 plus redaction log discussed with the Court. ECF 397. Per the Court's instructions, Zymergen produced a sample redaction log. ECF 412. Plaintiff identified significant issues with 85% of those entries and is currently waiting for a revised redaction log. Resolution of the six issues herein will guide the parties with respect to any issues with the redactions as well.

JOINT DISCOVERY STATEMENT CONCERNING COMPANY DEFENDANTS' PRIVILEGE LOG - 5:21-cv-06028-PCP
4917-0573-0310.v1

- 1 -

1  what constitutes a reasonable due diligence. *Chevron Corp.*, 974 F.2d at 1163.

2  Second, Company Defendants raise the statutory due diligence defense, that after reasonable investigation, there were reasonable grounds to believe ***and they did believe*** that the statements in the Registration Statement were true and not misleading. 15 U.S. Code §77k(b)(3); ECF 374 at 53; ECF 369 at 44; ECF 47. This puts their subjective state of mind at issue: "The key inquiry focuses on a defendant's belief at the time in question and specifically whether he had reasonable belief in the accuracy of the registration statement . . . . therefore *all* information, whether privileged or not, received by him on those matters during or before the time in question are discoverable." *In re Charles Schwab Corp. Sec. Litig.*, No. 3:08-cv-02983 – ECF 21 (N.D. Cal. 2010).

Company Defendants claim they do not explicitly assert an "advice-of-counsel defense," and therefore their privileges remain intact. But defendants CEO Josh Hoffman and CFO Enakshi Singh do explicitly state in interrogatory responses that they seek to rely on Freshfields for their due diligence defense. And waiver of the privilege "does not require a party's direct statement that counsel was relied upon. It may also arise from more indirect evidence where a party affirmatively raises an inference of reliance on counsel for the party's own benefit." *In re Broadcom Corp. Sec. Litig.*, 2005 WL 1403516, at *1 (C.D. Cal. Feb. 10, 2005). This includes when parties "argue that they intend to rely solely on non-privileged evidence to support their defense" as they do here. *Sec. & Exch. Comm'n v. Honig*, 2021 WL 5630804, at *11 (S.D.N.Y. Nov. 30, 2021).

**B.    Communications Shared with Venture Capital Defendants**

Zymergen has withheld ▮▮▮▮▮▮▮ that were sent to defendants SoftBank, DCVC, and True Ventures (collectively, "VC Defendants"). These three VC firms invested over half a billion dollars into Zymergen and appointed three directors to its Board, defendants Murdoch, Ocko, and Sharma, respectively. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

"[V]oluntary disclosure of the content of a privileged attorney communication constitutes waiver." *Weil*, 647 F.2d at 24. But, pointing to no evidence, and even though the information was

1  broadly disseminated within the VC firms with no limitations, Company Defendants claim that there
2  is no waiver because "the attorney-client privilege may extend to communications with agents."
3  They argue that the information shared was to "support[] these directors in their roles as Zymergen
4  directors." But this is "merely for the purpose of providing business advice" and does not fall under
5  any waiver exception. *In re CV Therapeutics, Inc. Sec. Litig.*, 2006 WL 1699536, at *7 (N.D. Cal.
6  June 16, 2006); *see Finjan, Inc. v. SonicWall, Inc.*, 2020 WL 4192285, at *4 (N.D. Cal. July 21,
7  2020) (waiver includes to Board observers). Company Defendants do not, and cannot, show that the
8  VC Defendants or their employees were "engaged to assist the attorney in providing legal advice" or
9  "agents of the attorney in preparation for litigation." *U.S. v. Richey*, 632 F.3d 559, 566, 567 (9th Cir.
10 2011). Nor can they show that the VC Defendants or their employees were functionally equivalent
11 to Zymergen's employees, as discussed below.

        **C.    Communications with Auditors**

13 Zymergen claims ▓▓▓▓▓▓▓▓ sent to Ernst & Young ("E&Y"), Zymergen's
14 independent auditor, are protected work product, but they are not because there is a clear
15 "independent purpose" for these communications. *Phoenix Techs. Ltd. v. VMware, Inc.*, 195 F.
16 Supp. 3d 1096, 1102 (N.D. Cal. 2016). ▓▓▓▓▓▓▓▓
17 ▓▓▓▓▓▓▓▓ "As a publicly-held corporation, [Zymergen] was obliged
18 to furnish to its independent auditor all information that would enable [E&Y] to render truthful and
19 accurate earnings and financial statements." *In re King Pharms., Inc. Sec. Litig.*, 2005 WL 8142328,
20 at *3 (E.D. Tenn. Sept. 21, 2005). In addition, they also claim privilege over ▓ E&Y workpapers
21 that concern Zymergen's internal investigation. ▓▓▓▓ But, in addition to the waiver
22 discussed next, workpapers of a public company's independent auditor are not privileged. *See U.S.*
23 *v. Arthur Young & Co.*, 465 U.S. 805, 819 n.15 (1984) ("Endowing the workpapers of an
24 independent auditor with a work-product immunity would destroy the appearance of auditor's
25 independence by creating the impression that the auditor is an advocate for the client.").

        **D.    Internal Investigation Documents**

27 Zymergen seeks to withhold ▓▓▓▓▓▓ related to its internal investigation of the negative
28 disclosures concerning Zymergen's business on August 3, 2021 that caused its stock to plummet

1  75% in one day.  *See* ECF 321, ¶¶21, 35. ■■■■■■■■■■■■■■ hired Boersch & Illovsky
2  LLP ("Boersch") to conduct an internal review ■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■
3  ■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■ WilmerHale was then
4  engaged "to ■■■■■■■■■■■■■■■■ interact with the SEC" ■■■■■■■■■■■■■■■■■■
5  ■■■■■■■■■■■■■■■■.[2]  But "the mere fact that a company has a committee conduct an
6  investigation at the same time that litigation is pending is insufficient to show [work product
7  privilege]." *In re Juniper Networks, Inc. Sec. Litig.*, 2009 WL 4644534, at *2 (N.D. Cal. Dec. 9,
8  2009).  Further, the withheld documents "were created with the intent to disclose them to the
9  Government, if necessary, to benefit [Zymergen] in any governmental investigation; thus, they were
10 never privileged." *In re Syncor ERISA Litig.*, 229 F.R.D. 636, 645, n.6 (C.D. Cal. 2005) (discussing
11 benefits of "'coming clean'" with the SEC). ■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■
12 ■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■ Indeed, on
13 September 13, 2024, the SEC imposed a cease-and-desist order against Zymergen, but "considered
14 cooperation afforded the Commission staff by Respondent."
15      Even if documents related to the Company's internal investigation conducted by Boersch ■
16 ■■■■■■■■ were privileged "once a party has disclosed work product to an adversary, it has waived
17 work product protection as to all other adversaries." *Id.* at 646.  Just as in *In re Banc of Cal. Sec.*
18 *Litig.*, where "WilmerHale presented its findings to the Securities and Exchange Commission [and]
19 provided the SEC with oral summaries of its 15 interviews," here, Company Defendants admit that
20 they provided underlying Board documents and ■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■.
21 2018 WL 2373860, at *1 (C.D. Cal. May 23, 2018); *see Westinghouse Elec. Corp. v. Republic of*
22 *Phil.*, 951 F.2d 1414, 1418 (3d Cir. 1991) (finding waiver even where a law firm did not give the
23 SEC documents and the SEC agreed not to retain the report). ■■■■■■■■■■■■■■■■■■
24 ■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■
25 ■■■■■■■■■■■■■■■ *Juniper Networks*, 2009 WL 4644534, at *2; *Middlesex Ret. Sys. v. Quest*
26 *Software, Inc.*, 2009 WL 10673943, at *6 (C.D. Cal. July 8, 2009) (disclosure to auditor substantially

---

[2]   Zymergen has not logged WilmerHale's documents but the same principles apply.

1  increases the opportunity for potential adversaries like plaintiff to obtain work product).

2        **E.**    **Communications with Gilmartin Group**

3        Zymergen attempts to withhold ▮▮▮▮▮ of communications with Gilmartin Group

4  ("Gilmartin"), Zymergen's ordinary "Investor Relations Consultant." Company Defendants claim

5  there was no waiver because Gilmartin was the functional equivalent of Zymergen's employee. But

6  this distinction only applies if the consultant acted as an agent on behalf of the company, managed

7  company employees, and "was the company's primary agent in its communications with corporate

8  counsel." *U.S. v. Graf*, 610 F.3d 1148, 1159 (9th Cir. 2010). None of these characteristics are

9  present here. *See Planned Parenthood Fed'n of Am., Inc. v. Ctr. for Med. Progress*, 2019 WL

10 1950381, at *3 (N.D. Cal. May 1, 2019). Even Gilmartin's attorneys agreed that any privilege was

11 waived, saying: "Gilmartin does not agree that it was an agent of Zymergen with respect to the scope

12 or application of Zymergen's attorney-client privilege." Indeed, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮

13 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

14 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

15 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

16       **F.**    **Communications with Joele Frank, Wilkinson Brimmer Katcher**

17       Zymergen attempts to withhold ▮▮▮▮▮ of communications with its crisis management

18 firm Joele Frank, Wilkinson Brimmer Katcher ("Joele Frank"). ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

19 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

20 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

21 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

22 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

23 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

24 ▮▮▮▮▮▮▮▮▮▮ Company Defendants claim Joele Frank's "services were necessary to the

25 Zymergen in-house lawyers' review of draft public statements." But Company Defendants cannot

26 show, as they must, "that the third parties at issue were retained for the purpose of giving legal

27 advice, not merely for the purpose of providing business advice." *Roblox Corp. v. WowWee Grp.*

28 *Ltd.*, 2024 WL 815516, at *3 (N.D. Cal. Feb. 27, 2024) (citing PR firm cases).

## II.     THE ZYMERGEN DEFENDANTS' POSITION[3]

Over the course of discovery, the Zymergen Defendants have produced four installments of their privilege log. Since the production of the initial privilege log installment, the parties have engaged in an extensive meet and confer process in an effort to narrow the issues before the close of fact discovery, which is next month. For the reasons set forth below, Plaintiffs' challenges to the assertions of privilege and work product are without merit.

### A.     Assertion of Due Diligence Defense

Plaintiffs argue that the assertion of a due diligence defense by the Director Defendants waives privilege over any documents reflecting the legal advice of Freshfields LLP, the law firm that advised the Company during its initial public offering. But the assertion of a due diligence defense does not waive the attorney-client privilege or work product protection. *See United Food and Com. Workers Union v. Chesapeake Energy Corp.,* 2012 WL 2370637, at *7, *9 (W.D. Okla. June 22, 2012) (assertion of due diligence defense did not waive privilege where there was "no indication that [defendants] intend to introduce evidence reflecting otherwise privileged attorney-client communications to support their contention that they acted with due diligence"). Plaintiffs' attempt to conflate the due diligence defense with the entirely separate advice of counsel defense is contrary to law. *Id*. at *9 ("there is a distinction in securities litigation between the due diligence defense and the reliance defense"). To support a due diligence defense, a party may present evidence that it relied on the involvement of a wide range of professionals – attorney and non-attorney – in the due diligence process. The due diligence defense does not require asserting an advice of counsel defense, and at this time the Director Defendants are not asserting a defense based on Freshfields' legal advice, as opposed to Freshfields' involvement in the due diligence process. *See id.* at *9; *see also United States v. White*, 887 F.2d 267, 271 (D.C. Cir. 1989) ("averment that lawyers have looked into a matter does not imply an intent to reveal the substance of the lawyers' advice."). Accordingly, communications with Freshfields are properly withheld as privileged even if they

---

[3]    "Zymergen Defendants" refers to Zymergen, Inc. ("Zymergen" or "the Company") and eight of its former directors: Steven Chu, Jay T. Flatley, Christine M. Gorjanc, Travis Murdoch, Matthew A. Ocko, Sandra E. Peterson, Zach Serber, and Rohit Sharma ("Director Defendants").

involve due diligence. *See Calendar Research v. Stubhub*, 2019 WL 11558873, at *5 (C.D. Cal. July 25, 2019) ("primary purpose" of defendants' due diligence efforts was "legal in nature" and lawyers' involvement in the due diligence proceedings was in their legal, not business, capacity).

### B. Communications Shared with SoftBank, DCVC, and True Ventures Employees

The fact that directors Murdoch, Ocko, and Sharma shared Zymergen privileged communications with others at SoftBank, DCVC, and True Ventures does not constitute a waiver of Zymergen's privilege. *See United States v. Landof*, 591 F.2d 36, 39 (9th Cir. 1978) (attorney-client privilege may extend to communications with agents of the client). Sharing communications with individuals who are supporting these directors in their roles as Zymergen directors, in a context where there is a reasonable expectation that the confidentiality of these communications would be maintained by those with whom they were shared, does not waive Zymergen's privilege. *See Sugar Hill Music v. CBS Interactive Inc.*, 2014 WL 12586744, at *8 (C.D. Cal. Sept. 5, 2014) (disclosure to agent of attorney or client does not waive privilege); *Oxyn Telecomm. v. Onse Telecom*, 2003 WL 660848, at *3-4 (S.D.N.Y. Feb. 27, 2023) (no waiver where executive and attorney helped "maximize the effectiveness of [the parties'] attorney-client communications").

### C. Communications with Auditors

Disclosure of work product to Zymergen's auditors at Ernst & Young did not waive work product protection. *See, e.g., United States v. Sanmina Corp.*, 968 F.3d 1107, 1122 (9th Cir. 2020) (taxpayer's disclosure of its attorney work product to an independent auditor "does not constitute disclosure to an adversary sufficient to waive the protection"); *SEC v. Berry*, 2011 WL 825742, at *7-8 (N.D. Cal. Mar. 7, 2011) (sharing interview notes and memoranda with auditor did not waive work product protection).

### D. Internal Investigation Documents

Less than two months before Plaintiffs filed this action, Zymergen retained the law firm of Boersch & Illovksy to conduct an internal investigation. Documents regarding the investigation are properly withheld based on the attorney-client privilege and work product doctrine. Documents and communications related to that investigation were plainly "in anticipation of litigation." Fed. R. Civ.

1  P. 26(b)(3)(A).  These materials were not prepared in the ordinary course of business and "would not
2  have been created in substantially similar form but for the prospect of litigation." *Stardock Sys., Inc.*
3  *v. Reiche*, 2018 WL 6259536, at *1, *6 (N.D. Cal. Nov. 30, 2018); *see also In re Grand Jury*
4  *Subpoena (Mark Torf/Torf Env't Mgmt.)*, 357 F.3d 900, 907 (9th Cir. 2004) (document should be
5  deemed prepared "in anticipation of litigation" if it has been prepared or obtained "because of the
6  prospect of litigation").  The mere fact that litigation had not yet commenced does not undermine a
7  work product claim.  *Stone Brewing Co., LLC v. Molson Coors Brewing Co.*, 2019 WL 2176792, at
8  *4 (S.D. Cal. May 20, 2019) (work performed in the weeks leading up to litigation was protected by
9  work-product doctrine).

10      Next, the fact that Zymergen's counsel shared certain underlying source documents – pre-
11 investigation company communications and board presentations that have already been produced to
12 the Plaintiffs – with the SEC in connection with the SEC's investigation of similar issues does not
13 constitute a broad waiver as to the entire subject matter of the investigation.  The internal
14 investigation-related documents and communications that the Zymergen Defendants have withheld
15 were not shared with the SEC.  While Plaintiffs have cited to the *Wadler* case during the parties'
16 meet and confer discussions, there it was the affirmative disclosure of counsel's detailed presentation
17 about its investigation to the SEC that resulted in a broad waiver of attorney-client privilege, because
18 the presentation "describe[d] the underlying investigation by outside counsel in great detail" and the
19 defendant "repeatedly relied on that document as a sword by citing to its conclusion." *Wadler v.*
20 *Bio-Rad Lab'ys., Inc.*, 212 F. Supp. 3d 829, 833, 851 (N.D. Cal. 2016).  That is not the situation
21 here.  *See Sanmina Corp.*, 968 F.3d at 1123 (no waiver as to the underlying memos a disclosed
22 report refers to because the content of the memos was not disclosed); *Munguia-Brown v. Equity*
23 *Residential*, 2020 WL 3057502, at *2 (N.D. Cal. June 9, 2020) ("[A] subject matter waiver...is
24 reserved for those *unusual* situations… in which the privilege holder seeks to use the disclosed
25 material for advantage." (internal quotation marks omitted and emphasis added)); *Schmidt v. Levi*
26 *Strauss & Co.*, 2007 WL 628660, *4 (N.D. Cal. Feb. 28, 2007) (disclosure of certain documents
27 concerning an internal investigation to government did not result in a broad subject matter waiver of
28 any "internal notes, drafts, memoranda, emails, etc. which were never disclosed outside" and where

the defendant had "no intention of relying upon … his investigation at trial."); *SEC v. Shroeder*, 2009 WL 1125579, *7 (N.D. Cal. Apr. 27, 2009) (similar).

### E. Communications with Gilmartin Group

During its engagement (which was covered by a non-disclosure agreement), Gilmartin Group served in the role of an in-house public relations department for Zymergen. As an agent of the Company, Gilmartin Group's participation or inclusion in attorney-client communications does not waive the Company's privilege. *See, e.g., Gen-Probe Inc. v. Becton, Dickinson & Co.*, 2012 WL 1155709, at *4-5 (S.D. Cal. Apr. 6, 2012) (no waiver where third party was the functional equivalent of an employee); *U.S. ex rel. Strom v. Scios, Inc.*, 2011 WL 4831193, at *2-3 (N.D. Cal. Oct. 12, 2011) (similar); *see also United States v. Graf*, 610 F.3d 1148, 1158 (9th Cir. 2010) ("too narrow a definition of representative of the client will lead to attorneys not being able to confer confidentially with nonemployees who, due to their relationship to the client, possess the very sort of information that the privilege envisions flowing most freely.").

### F. Communications with Joele Frank

Zymergen's legal department retained Joele Frank in May 2021 to assist with strategic communications and investor relations given an emerging risk of litigation. Because Joele Frank's services supported the Zymergen in-house lawyers' review of draft public statements and otherwise assisted the Company's legal department, their communications are protected by the attorney-client privilege and, in certain cases, the work product doctrine. *See Moradpour v. Velodyne Lidar, Inc.*, 2023 WL 5667885, at *2 (N.D. Cal. Aug. 15, 2023) (communications to Joele Frank made for a legal purpose protected by the attorney-client privilege); *Klein v. Meta Platforms, Inc.*, 2022 WL 767096, at *3 (N.D. Cal. Mar. 11, 2022) (similar); *Kirkpatrick v. City of Oakland, Cal.*, 2022 WL 137628, at *1-2 (N.D. Cal. Jan. 14, 2022) (disclosure to public relations firm does not waive privilege where "disclosure to the third party is necessary for the attorney to render sound legal advice"); *Stardock,* 2018 WL 6259536, at *1, *6 (communications between public relations firm and defendants' counsel regarding, *inter alia*, draft press releases protected by the attorney-client privilege). Whether the public relations consultant was engaged before or after the commencement of litigation is not determinative. *See Kirkpatrick*, 2022 WL 137628, at *1-2 (privilege applied

1  where consultant was retained months before filing of a lawsuit); *see also Stone Brewing Co., LLC*,

2  2019 WL 2176792, at *4.

3  DATED: December 12, 2024                ROBBINS GELLER RUDMAN & DOWD LLP
                                            JUAN CARLOS SANCHEZ
4                                           PATTON L. JOHNSON

5

6                                                   s/ Patton L. Johnson
                                            ────────────────────────────
7                                                 PATTON L. JOHNSON

8                                           655 West Broadway, Suite 1900
                                            San Diego, CA  92101
9                                           Telephone:  619/231-1058
                                            619/231-7423 (fax)
10                                          jcsanchez@rgrdlaw.com
                                            pjohnson@rgrdlaw.com
11
                                            ROBBINS GELLER RUDMAN & DOWD LLP
12                                          SHAWN A. WILLIAMS
                                            DANIEL J. PFEFFERBAUM
13                                          ALAINA L. GILCHRIST
                                            Post Montgomery Center
14                                          One Montgomery Street, Suite 1800
                                            San Francisco, CA  94104
15                                          Telephone:  415/288-4545
                                            415/288-4534 (fax)
16                                          shawnw@rgrdlaw.com
                                            dpfefferbaum@rgrdlaw.com
17                                          agilchrist@rgrdlaw.com

18                                          Counsel for Plaintiffs
19
                                            BERMAN TABACCO
20                                          NICOLE LAVALLEE (SBN 165755)
                                            KRISTIN J. MOODY (SBN 206326)
21                                          JEFFREY V. ROCHA (SBN 304852)
                                            425 California Street, Suite 2300
22                                          San Francisco, CA  94104
                                            Telephone:  415/433-3200
23                                          415/433-6382 (fax)
                                            nlavallee@bermantabacco.com
24                                          kmoody@bermantabacco.com
                                            jrocha@bermantabacco.com
25

26

27

28

|   |   |
|---|---|
|   | BERMAN TABACCO<br>LESLIE R. STERN<br>One Liberty Square<br>Boston, MA  02109<br>Telephone:  617/542-8300<br>617/542-1194 (fax)<br>lstern@bermantabacco.com<br><br>Counsel for Plaintiff West Palm Beach Firefighters' Pension Fund<br><br>KLAUSNER, KAUFMAN, JENSEN<br>  & LEVINSON<br>ROBERT D. KLAUSNER<br>BONNI S. JENSEN<br>7080 NW 4th Street<br>Plantation, FL  33317<br>Telephone:  954/916-1202<br>954/916-1232 (fax)<br>bob@robertdklausner.com<br>bonni@robertdklausner.com<br><br>Board Counsel for Plaintiff West Palm Beach Firefighters' Pension Fund |
| DATED: December 12, 2024 | WILMER CUTLER PICKERING HALE<br>  AND DORR LLP<br>PETER J. KOLOVOS (*pro hac vice*)<br><br>          s/ Peter J. Kolovos<br>         PETER J. KOLOVOS<br><br>60 State Street<br>Boston, MA  02109<br>Telephone:  617/526-6000<br>617/526-5000 (fax)<br>peter.kolovos@wilmerhale.com |

JOINT DISCOVERY STATEMENT CONCERNING COMPANY DEFENDANTS' PRIVILEGE LOG -
5:21-cv-06028-PCP
4917-0573-0310.v1

- 11 -

|  |  |
|---|---|
|  | WILMER CUTLER PICKERING HALE AND DORR LLP |
|  | SUSAN S. MUCK |
|  | KEVIN P. MUCK |
|  | One Front Street, Suite 3500 |
|  | San Francisco, CA  94111 |
|  | Telephone:  628/235-1000 |
|  | 628/235-1001 (fax) |
|  | susan.muck@wilmerhale.com |
|  | kevin.muck@wilmerhale.com |
|  |  |
|  | WILMER CUTLER PICKERING HALE AND DORR LLP |
|  | JEREMY T. ADLER (*pro hac vice*) |
|  | 7 World Trade Center |
|  | New York, NY  10007 |
|  | Telephone:  212/230-8800 |
|  | 212/230-8888 (fax) |
|  | jeremy.adler@wilmerhale.com |
|  |  |
|  | Attorneys for Defendants Zymergen Inc., Steven Chu, Jay T. Flatley, Christine M. Gorjanc, Travis Murdoch, Matthew A. Ocko, Sandra E. Peterson, Zach Serber, and Rohit Sharma |

### CERTIFICATE PURSUANT TO LOCAL RULE 5-1(i)(3)

I, PATTON L. JOHNSON, am the ECF User whose identification and password are being used to file this document.  Pursuant to Local Rule 5-1(i)(3), I attest that concurrence in the filing of the document has been obtained from each of the other signatories.

DATED: December 12, 2024

s/ Patton L. Johnson<br>PATTON L. JOHNSON