UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BIAO WANG, et al.,<br><br>   Plaintiffs,<br><br>  v.<br><br>ZYMERGEN INC., et al.,<br><br>   Defendants. | Case No. 21-cv-06028-PCP<br><br>**ORDER DENYING MOTION FOR PARTIAL FINAL JUDGMENT**<br><br>Re: Dkt. No. 406 |

In this securities fraud class action, lead plaintiff Biao Wang filed a second amended complaint on March 4, 2024, asserting that defendants DCVC Management Co, LLC, Data Collective II, L.P., and DCVC Opportunity Fund, L.P. (collectively DCVC) were secondarily liable for violations of Sections 11 and 15 of the Securities Act. The complaint alleged that DCVC's control of Matthew Ocko (an owner of DCVC and a member of Zymergen's board) and its control of Zymergen both subjected it to liability under Section 15. The complaint also alleged that DCVC was liable for Mr. Ocko's alleged violation of Section 11 under a theory of *respondeat superior*. The Court dismissed the Section 15 claim premised on DCVC's control of Mr. Ocko and dismissed the Section 11 claim. The Court did not dismiss the Section 15 claim alleging liability based on DCVC's control of Zymergen.

DCVC now moves for partial final judgment under Rule 54(b) on the Section 15 and 11 claims that were premised on DCVC's relationship with Mr. Ocko. For the following reasons, DCVC's motion is denied.

I.  **LEGAL STANDARD**

"When an action presents more than one claim for relief … or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all,

1  claims or parties only if the court expressly determines that there is no just reason for delay." Fed.
2  R. Civ. P. 54(b). Determining whether to enter final judgment under Rule 54(b) follows a two-step
3  process. First, the court considers whether there has been "final judgment" that affects a
4  "cognizable claim for relief … [and] that is 'an ultimate disposition of an individual claim.'"
5  *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 7 (1980) (citing *Sears, Roebuck & Co. v.*
6  *Mackey*, 351 U.S. 427, 436 (1956)). Second, the court assesses "whether there is any just reason
7  for delay" for entry of final judgment. *Id.* at 8. Ultimately, this decision is "exclusively within the
8  District Court's discretion." *Miles v. City of Chandler*, 297 F.2d 690, 691 (9th Cir. 1961).

## II. ANALYSIS

The Court concludes that it would be improper to enter final judgment as to any claim against DCVC.

As to the Section 15 claim, Mr. Wang relied upon two theories in alleging DCVC's secondary liability, contending that DCVC was secondarily liable due to its control of either Zymergen or Mr. Ocko. The Court dismissed the claim to the extent it was premised on Mr. Ocko but allowed it to the extent it was premised on control of Zymergen. Mr. Wang's Section 15 claim against DCVC therefore remains part of the case, albeit with a narrowed focus. Because Mr. Wang's two theories of liability are part of a single claim arising under Section 15 that the parties continue to actively litigate, the Court's dismissal of one theory of liability was not a judgment that "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Ariz. State Carpenters Pension Tr. Fund v. Miller*, 938 F.2d 1038, 1039 (9th Cir. 1991). Final judgment as to Mr. Wang's Section 15 claim against DCVC is therefore inappropriate.

By contrast, the Court has dismissed all Section 11 claims against DCVC and there remains no live allegation that DCVC is liable for any Section 11 violation. As such, there will be no further discovery, motions practice, or merits questions involving DCVC's liability under Section 11. The Court's order dismissing these claims is therefore an ultimate disposition as to which there remains "nothing for the court to do but execute the judgment." *Ariz. State Carpenters*, 938 F.2d at 1039.

1   Final judgment, however, is inappropriate because resolving the Section 11 claims would not "streamline the ensuing litigation." *Jewel v. Nat'l Sec. Agency*, 810 F.3d 622, 628 (9th Cir. 2015).

First, DCVC remains a defendant with respect to Mr. Wang's Section 15 claim. If Mr. Wang were to appeal this Court's dismissal of the Section 11 claim against DCVC—as he would be entitled to do upon entry of partial final judgment—the parties would litigate this matter simultaneously in both the trial and appellate courts. As the Ninth Circuit has explained, "It will be a rare case where Rule 54(b) can appropriately be applied when the contestants on appeal remain, simultaneously, contestants below." *Id.* at 630 (citing *Spiegel v. Trustees of Tufts Coll.*, 843 F.2d 38, 44 (1st Cir. 1988)).

Second, Mr. Wang's Section 11 claims against Mr. Ocko remain in the case. A ruling in Mr. Ocko's favor on the Section 11 claims would render moot any appeal of the Section 11 claim against DCVC. In this respect, the claim against this Court dismissed is not "substantially different" from the Section 11 claims that remain pending against Mr. Ocko. *See Gregorian v. Izvestia*, 871 F.2d 1515, 1520 (9th Cir. 1989); *cf. CMAX, Inc. v. Drewry Photocolor Corp.*, 295 F.2d 695, 697 (9th Cir. 1961) (denying final judgment where "it would still be necessary for appellant, under the second count, to prove the underlying facts pleaded in the first count, in order to recover").

Final judgment as to the Section 11 claim against DCVC is therefore also inappropriate.

### III. CONCLUSION

For the foregoing reasons, DCVC's motion is denied.

**IT IS SO ORDERED.**

Dated: December 18, 2024

P. Casey Pitts
United States District Judge

3