ROBBINS GELLER RUDMAN
& DOWD LLP
SHAWN A. WILLIAMS (213113)
DANIEL J. PFEFFERBAUM (248631)
ALAINA L. GILCHRIST (335807)
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA 94104
Telephone: 415/288-4545
415/288-4534 (fax)
shawnw@rgrdlaw.com
dpfefferbaum@rgrdlaw.com
agilchrist@rgrdlaw.com
– and –
JUAN CARLOS SANCHEZ (301834)
PATTON L. JOHNSON (320631)
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)
jcsanchez@rgrdlaw.com
pjohnson@rgrdlaw.com

Counsel for Plaintiffs

[Additional counsel appear on signature page.]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| BIAO WANG, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>ZYMERGEN INC., et al.,<br><br>Defendants. | Case No. 5:21-cv-06028-PCP<br><br>LEAD PLAINTIFF'S OPPOSITION TO ZYMERGEN DEFENDANTS' SUPPLEMENTAL MEMORANDUM CONCERNING ZYMERGEN DEFENDANTS' PRIVILEGES<br><br>DATE: January 21, 2025<br>TIME: 10:00 a.m.<br>CTRM: 6<br>JUDGE: The Honorable Susan van Keulen |

**[REDACTED]**

# TABLE OF CONTENTS

Page

I. INTRODUCTION ....................................................................................................1

II. ARGUMENT ..........................................................................................................1

A. Zymergen Inc. Has No Privileges to Assert ......................................................1

B. Freshfields' Communications Must Be Produced ..............................................2

1. Zymergen Defendants' Good Faith Defense Is a Basis for Waiver or, Alternatively, Should Be Stricken ..............................................2

2. Zymergen Defendants Concede that They Intend to Rely on Advice of Counsel for Their Due Diligence Defense ..............................3

C. Documents Voluntarily Disclosed to VCs Must Be Produced ...........................5

D. The Disclosures to the Auditor Must Be Produced ............................................7

E. Documents Concerning Internal Investigation Must Be Produced......................8

F. Zymergen Must Produce Communications with Gilmartin Group......................9

G. Zymergen Must Produce Communications with Joele Frank ..........................10

## TABLE OF AUTHORITIES

**Page**

**CASES**

*Abdo v. Fitzsimmons*,
2019 WL 10910805 (N.D. Cal. Oct. 2, 2019)....................1

*Bittaker v. Woodford*,
331 F.3d 715 (9th Cir. 2003)....................5

*Chevron Corp. v. Pennzoil Co.*,
974 F.2d 1156 (9th Cir. 1992)....................2

*ChromaDex, Inc. v. Elysium Health, Inc.*,
2019 WL 8227385 (C.D. Cal. Dec. 20, 2019)....................7

*Eastman v. Thompson*,
594 F. Supp. 3d 1156 (C.D. Cal. 2022)....................6

*Finjan, Inc. v. SonicWall, Inc.*,
2020 WL 4192285 (N.D. Cal. July 21, 2020)....................7

*In re Banc of Cal. Sec. Litig.*,
2018 WL 2373860 (C.D. Cal. May 23, 2018)....................9

*In re Bieter Co.*,
16 F.3d 929 (8th Cir. 1994)....................9, 10

*In re Broadcom Corp. Sec. Litig.*,
2005 WL 1403516 (C.D. Cal. Feb. 10, 2005)....................2

*In re Charles Schwab Corp. Sec. Litig.*,
No. 3:08-cv-01510 – ECF 612 (N.D. Cal. Apr. 14, 2010)....................5

*In re Charles Schwab Corp. Sec. Litig.*,
No. 3:08-cv-02983 – ECF 21 (N.D. Cal. 2010)....................4

*In re Grand Jury*,
23 F.4th 1088 (9th Cir. 2021)....................10

*In re King Pharms., Inc. Sec. Litig.*,
2005 WL 8142328 (E.D. Tenn. Sept. 21, 2005)....................7

*In re LendingClub Sec. Litig.*,
2018 WL 977558 (N.D. Cal. Feb. 20, 2018)....................4

*In re Trados Inc. S'holder Litig.*,
73 A.3d 17 (Del. Ch. 2013)....................6

**Page**

*Jiaxing Super Lighting Elec. Appliance Co. v. Lunera Lighting, Inc.*,
2021 WL 2711229 (N.D. Cal. July 1, 2021) ........ 1

*Kirkpatrick v. City of Oakland, Cal.*,
2022 WL 137628 (N.D. Cal. Jan. 14, 2022) ........ 10

*Middlesex Ret. Sys. v. Quest Software, Inc.*,
2009 WL 10673943 (C.D. Cal. July 8, 2009) ........ 8

*Planned Parenthood Fed'n of Am., Inc. v. Ctr. for Med. Progress*,
2019 WL 1950381 (N.D. Cal. May 1, 2019) ........ 9

*Rambus Inc. v. Samsung Elecs. Co. Ltd.*,
2007 WL 3444376 (N.D. Cal. Nov. 13, 2007) ........ 4

*S.E.C. v. Tourre*,
950 F. Supp. 2d 666 (S.D.N.Y. 2013) ........ 3

*Sec. & Exch. Comm'n v. Honig*,
2021 WL 5630804 (S.D.N.Y. Nov. 30, 2021) ........ 5

*Sheet Metal Workers Nat'l Pension Fund v. Bayer Aktiengesellschaft*,
2024 WL 74928 (N.D. Cal. Jan. 5, 2024) ........ 2

*Shenwick v. Twitter, Inc.*,
2021 WL 1232451 (N.D. Cal. Mar. 31, 2021) ........ 2, 3, 4, 5

*Stone Brewing Co., LLC v. Molson Coors Brewing Co.*,
2019 WL 2176792 (S.D. Cal. May 20, 2019) ........ 9

*Tsantes v. BioMarin Pharm. Inc.*,
2022 WL 17974487 (N.D. Cal. Dec. 7, 2022) ........ 6

*U.S. v. Amlani*,
169 F.3d 1189 (9th Cir. 1999) ........ 2

*U.S. v. Bauer*,
132 F.3d 504 (9th Cir. 1997) ........ 6

*U.S. v. Richey*,
632 F.3d 559 (9th Cir. 2011) ........ 6

*U.S. v. Roscoe*,
2011 WL 13143140 (N.D. Cal. Jan. 6, 2011) ........ 1

*U.S. v. Ruehle*,
583 F.3d 600 (9th Cir. 2009) ........ 6

**Page**

*U.S. v. Sanmina Corp.*,
968 F.3d 1107 (9th Cir. 2020) ....................8

*Weil v. Inv./Indicators, Rsch. & Mgmt., Inc.*,
647 F.2d 18 (9th Cir. 1981) ....................3, 7

*Wells Fargo Bank NA v. Wyo Tech Inv. Grp. LLC*,
2019 WL 4736775 (D. Ariz. Sept. 27, 2019)....................5

**STATUTES, RULES AND REGULATIONS**

Federal Rule of Civil Procedure
Rule 26(b)(3)....................7

LP'S OPPOSITION TO ZYMERGEN DEFENDANTS' SUPPLEMENTAL MEMORANDUM IN CONNECTION WITH JOINT DISCOVERY STATEMENT ON ZYMERGEN DEFENDANTS' PRIVILEGES [ECF 452] - 5:21-cv-06028-PCP
4919-5930-9839.v1

- iv -

## I. INTRODUCTION

Despite the Court's clear instructions, the Zymergen Defendants[1] fail to provide the Court with the documents and declarations necessary to meet their burden to withhold relevant and responsive documents on the grounds of privilege. They submit one declaration and one document, both demonstrating that the documents at issue are not privileged and improperly withheld. Indeed, their position that the privilege belongs solely the non-operational remaining shell of Zymergen invalidates their entire privilege claim. After months of discussions, written correspondence, and numerous hours of Plaintiff counsel's time sorting through insufficient and inaccurate privilege log entries, when finally forced to support their claims, the Zymergen Defendants cannot meet their burden. Plaintiff respectfully requests that the Court remedy the ongoing prejudice to Plaintiff and order production of all categories of documents immediately.

## II. ARGUMENT

### A. Zymergen Inc. Has No Privileges to Assert

The Zymergen Defendants' brief now makes clear that the attorney-client and work product privileges are being asserted by Zymergen ***only***, not the director defendants, and it argues that the assertion of affirmative defenses by them does not waive Zymergen's privileges. ECF 467 at 3, n.3. But when a corporation ceases to function, "there is a presumption that evidentiary privileges such as attorney-client privilege or the work product doctrine are no longer viable." *Abdo v. Fitzsimmons*, 2019 WL 10910805, at *1 (N.D. Cal. Oct. 2, 2019); *U.S. v. Roscoe*, 2011 WL 13143140, at *3 (N.D. Cal. Jan. 6, 2011) (same). Zymergen's Chapter 11 liquidation plan became effective on February 23, 2024, and since then it has been winding-up its affairs. ECF 363 at 9. *See Jiaxing Super Lighting Elec. Appliance Co. v. Lunera Lighting, Inc.*, 2021 WL 2711229, at *2 (N.D. Cal. July 1, 2021) (Finding corporation winding-up its affairs cannot assert privileges.). And as Zymergen has not presented any evidence that it is in fact in commercial operation, Zymergen has not proved that it is

---

[1] "Zymergen Defendants" refers to Zymergen, Inc. ("Zymergen" or "the Company") and eight directors: Steven Chu, Jay T. Flatley, Christine M. Gorjanc, Travis Murdoch, Matthew A. Ocko, Sandra E. Peterson, Zach Serber, and Rohit Sharma. "Plaintiff" refers to Lead Plaintiff and Class Representative Biao Wang. References in "Ex. A" are to the list of challenged entries in Zymergen's privilege log. ECF 452-1.

entitled to rely on its attorney-client and work product privileges. Accordingly, all documents on Zymergen's privilege log that do not appear on another parties' logs must be produced immediately.

**B. Freshfields' Communications Must Be Produced**

The Zymergen Defendants' assertion of the Good Faith and Due Diligence defenses waive the attorney-client privileges over certain communications with Freshfields. The Ninth Circuit has a three prong test for waiver, requiring: (1) an affirmative act; (2) that the affirmative act places the privileged information at issue; and (3) that the privileged information is vital to the opposing party's defense. *U.S. v. Amlani*, 169 F.3d 1189, 1195 (9th Cir. 1999). Here, the first prong is met "'through the use of an affirmative defense.'" *Sheet Metal Workers Nat'l Pension Fund v. Bayer Aktiengesellschaft*, 2024 WL 74928, at *2 (N.D. Cal. Jan. 5, 2024). Under the second prong, "[d]efendants have also put the privileged information at issue because the people upon whom they relied are lawyers, and the documents upon which they relied are allegedly privileged." *Id.* at *3. Finally, the third prong is met because they make "factual assertions, the truthfulness of which may be assessed only by an examination of the privileged communications." *Shenwick v. Twitter, Inc.*, 2021 WL 1232451, at *4 (N.D. Cal. Mar. 31, 2021).

**1. Zymergen Defendants' Good Faith Defense Is a Basis for Waiver or, Alternatively, Should Be Stricken**

The Zymergen Defendants' Answer claims that Plaintiff's claims are barred because they acted "in conformity with the law and rules and regulations of the U.S. Securities and Exchange Commission." ECF 374 at 54. Thus, their assertion that they "thought [their] actions were legal . . . 'put[s their] knowledge of the law and the basis for [their] understanding of what the law required in issue.'" *Chevron Corp. v. Pennzoil Co.*, 974 F.2d 1156, 1162 (9th Cir. 1992); *In re Broadcom Corp. Sec. Litig.*, 2005 WL 1403516, at *1 (C.D. Cal. Feb. 10, 2005) ("[a]lthough Defendant now disclaims reliance on advice of counsel, its pleading contained language strongly suggesting such reliance"). Yet Zymergen Defendants want to withhold the advice they received from Freshfields regarding the statutorily required veracity of the Registration Statement. "It would be confusing and unduly prejudicial for [Zymergen Defendants] to present extensive evidence on the presence and involvement of lawyers – who are presumably paid to ensure that any disclosures comply with the

relevant legal requirements – while at the same time professing not to have relied on their advice in preparing or disseminating those disclosures." *S.E.C. v. Tourre*, 950 F. Supp. 2d 666, 684 (S.D.N.Y. 2013). Missing from both the Joint Statement (ECF 452) and their Supplemental Brief (ECF 467) is any argument concerning their Good Faith defense. Thus, it appears that the Zymergen Defendants have abandoned their Good Faith defense, or at least implicitly concede waiver. "One of the elements that the asserting party must prove is that it has not waived the privilege" and they have made no effort to do so. *Weil v. Inv./Indicators, Rsch. & Mgmt., Inc.*, 647 F.2d 18, 25 (9th Cir. 1981). The Court should find either the privilege waived or the Zymergen Defendants should be precluded from offering this defense.

**2. Zymergen Defendants Concede that They Intend to Rely on Advice of Counsel for Their Due Diligence Defense**

All of Zymergen's former directors intend to rely on "the fact that Freshfields was involved in the due diligence process." ECF 467 at 2. This constitutes waiver over all the documents on these subjects. *Shenwick*, 2021 WL 1232451, at *4 (finding it would not be fair to withhold documents and "introduce evidence implying that its lawyers passed on the adequacy" of public statements).

Contrary to the Zymergen Defendants' contention, Plaintiff is not claiming the due diligence process "requires relying on the advice of counsel." ECF 467 at 1. Rather, in this case, Freshfields conducted their due diligence, and thus, their advice goes part and parcel ***on those matters***, namely Freshfields' investigation, guidance, and drafting of the Registration Statement. For example, the following misrepresentation in the Registration Statement is misleading: "Our bottom-up, industry-by-industry, application-by-application, analysis suggests that our total market opportunity is at least $1.2 trillion . . . ." ECF 321, ¶159. [redacted]

LP'S OPPOSITION TO ZYMERGEN DEFENDANTS' SUPPLEMENTAL MEMORANDUM IN CONNECTION WITH JOINT DISCOVERY STATEMENT ON ZYMERGEN DEFENDANTS' PRIVILEGES [ECF 452] - 5:21-cv-06028-PCP - 3 -
4919-5930-9839.v1

[redacted]

Zymergen Defendants' claim that Freshfields' process and advice are separable should be rejected. ECF 467 at 2; *Shenwick*, 2021 WL 1232451, at *4 ("[T]ry as it might, the Court cannot discern how what Defendants propose differs from presentation of an advice of counsel defense."). And as Zymergen Defendants state they intend to rely on Freshfields' process to show a reasonable investigation, "the only reasonable inference is that the processes were 'robust' because they included receiving advice from lawyers." *Id.*; *In re Charles Schwab Corp. Sec. Litig.*, No. 3:08-cv-02983 – ECF 21 at 1 (N.D. Cal. 2010) (rejecting same attempted delineation because due diligence defense implicates the defendant's state of mind). In fact, this Court has found that if a defendant wants to maintain its privileges while asserting a Due Diligence defense that involved counsel, they must submit a proffer that they will not rely on counsel ***at all***, submit all withheld materials for *in camera* review, and agree to an adverse inference informing the jury that they withheld unfavorable information. *In re LendingClub Sec. Litig.*, 2018 WL 977558, at *3 (N.D. Cal. Feb. 20, 2018).

Zymergen Defendants seek to rely only on favorable documents while withholding unfavorable information. They acknowledge that at issue is their "belief 'that the statements in the Registration Statement were true and not misleading,'" which shows that any advice they received on the due diligence and Registration Statement is at issue. ECF 467 at 2. But pivoting, they try to inject a purportedly higher "directly relevant and necessary" rule for implicating an advice of counsel defense. However, "'disclosing or describing an attorney-client communication' . . . is not an element of the [Ninth Circuit's] test." *Rambus Inc. v. Samsung Elecs. Co. Ltd.*, 2007 WL 3444376, at *3 (N.D. Cal. Nov. 13, 2007). The proper inquiry is what "***the opposing party*** cannot

adequately dispute unless it has access to the privileged materials," not as Zymergen Defendants would have it, whether the party raising the claim is relying on specific documents. *Bittaker v. Woodford*, 331 F.3d 715, 719 (9th Cir. 2003); ECF 467 at 1. Indeed, "'[a] reliance on counsel privilege waiver does not require a party's direct statement that counsel was relied upon. It may also arise from more indirect evidence where a party affirmatively raises an inference of reliance on counsel for the party's own benefit.'" *Shenwick*, 2021 WL 1232451, at *4. For example, Zymergen Defendants' inconsistent productions reveal their improper over-designations. [REDACTED] the Registration Statement's claim that "Hyaline uses a biomolecule that was identified through our biofacturing platform." Ex. 5 at 22032; ECF 321, ¶155.[2]

Lastly, Zymergen Defendants argue that only Zymergen can waive its privileges, but as discussed above, Zymergen has no privileges to assert. ECF 467 at n.3. Further, if Zymergen continues to withhold the documents, the proper way forward would be that the directors, and indeed anyone relying on Freshfields for their defenses, would be precluded from raising those defenses. *See Sec. & Exch. Comm'n v. Honig*, 2021 WL 5630804, at *15 (S.D.N.Y. Nov. 30, 2021).[3]

**C. Documents Voluntarily Disclosed to VCs Must Be Produced**

Zymergen has claimed privilege over the numerous communications shared indiscriminately with SoftBank, True Ventures, and DCVC. *Wells Fargo Bank NA v. Wyo Tech Inv. Grp. LLC*, 2019

[2] Many documents on Zymergen's log have actually been produced, which shows a disregard for accuracy and over-designation. *Compare* Ex. A, No. 1, *with* Ex. 12; *compare* Ex. A, No. 00241, *with* Ex. 13; *compare* Ex. A, No. 00080-0081, *with* Ex. 14. Exhibit 15 is a list of 132 entries on Zymergen's privilege log where the underlying document appears to have been produced elsewhere.

[3] Unlike *In re Charles Schwab Corp. Sec. Litig.*, No. 3:08-cv-01510 – ECF 612 at 1-2 (N.D. Cal. Apr. 14, 2010), where the court found that for the most part defendant had "no contact with Schwab's lawyers and received no legal advice" and was also not represented by the same lawyers as the company, here, that is not the case. In addition, defendants Hoffman (CEO), who was also a director, Singh (CFO), and all the underwriters also intend to rely on Freshfields, Ex. 6 at 15, 22, 28, 34, 43, 49, 55, 60, 68; Ex. 7 at 11, 16, 20, 24, 30, 34, 39, 43, 48; Ex. 8 at 8.

WL 4736775, at *7 n. 4 (D. Ariz. Sept. 27, 2019) (forwarding emails to investor waives privilege). Yet they attempt to withhold these communications with an entirely unsupported claim that these investors (who put up over half a billion dollars into Zymergen) were somehow agents of Zymergen. ECF 321, ¶¶80-82; ECF 467 at 3. They provide no evidence of this fact when they have the "burden of establishing the relationship." *U.S. v. Bauer*, 132 F.3d 504, 507 (9th Cir. 1997); *see Eastman v. Thompson*, 594 F. Supp. 3d 1156, 1181 (C.D. Cal. 2022) ("Dr. Eastman failed to provide retainer agreements or a sworn declaration that would prove this third party was an attorney or agent").

Zymergen claims that the privilege is extended merely to those that "support[ed] these individuals in their roles as Zymergen directors." ECF 467 at 3-4. But the extension is to "third parties who have been engaged to assist the attorney in providing legal advice. If the advice sought is not legal advice, but, for example, accounting advice from an accountant, then the privilege does not exist." *U.S. v. Richey*, 632 F.3d 559, 566 (9th Cir. 2011). Indeed, the VCs (and their appointed Zymergen Board members) owed fiduciary duties to their own investors and had every incentive to obtain all possible information about the IPO. *See In re Trados Inc. S'holder Litig.*, 73 A.3d 17, 50 (Del. Ch. 2013) ("'[t]he ability to control exit is crucial to the venture capitalist's business model'"). Numerous entries seem to be sharing information with non-attorneys for the VCs business needs, and Zymergen has simply not made the required "'clear showing' that the senders of the . . . emails were primarily requesting legal advice." *Tsantes v. BioMarin Pharm. Inc.*, 2022 WL 17974487, at *2 (N.D. Cal. Dec. 7, 2022). For example, [REDACTED]

Zymergen next claims that disclosure to a "limited number of individuals . . . rebuts plaintiffs' waiver argument." ECF 467 at 4. But this too is not the law, "***any*** voluntary disclosure of information to a third party waives the attorney-client privilege, regardless of whether such disclosure later turns out to be harmful." *U.S. v. Ruehle*, 583 F.3d 600, 612 (9th Cir. 2009)

(emphasis in original). And it is also Zymergen's burden, not Plaintiff's. ████ This distribution allowed the VCs to further ***their*** interests, not facilitate Zymergen's legal advice. And, "[v]oluntary disclosure of . . . privileged . . . communication constitutes waiver of the privilege as to all other communications ***on the same subject***." *Weil*, 647 F.2d at 24.

**D. The Disclosures to the Auditor Must Be Produced**

The four communications to Zymergen's auditors are not protected attorney work product because the information is being furnished ***to the auditors to complete their audit***, "not furnished 'in anticipation of litigation' as contemplated by Fed.R.Civ.P. 26(b)(3)." *In re King Pharms., Inc. Sec. Litig.*, 2005 WL 8142328, at *3 (E.D. Tenn. Sept. 21, 2005); *ChromaDex, Inc. v. Elysium Health, Inc.*, 2019 WL 8227385, at *3 (C.D. Cal. Dec. 20, 2019) ("[T]he legal advice in the Reserve Memo communicates Plaintiff's lawyers' conclusion to its outside accountant, in order to obtain 'accounting advice from [the] accountant,' i.e., prepare the 10-Q."). Despite the Court's request for clarification – and Zymergen's clear burden – it makes no argument that the documents are in fact work product. ECF 456 at 21:24-23:3. ████

[redacted]

With respect to waiver, *U.S. v. Sanmina Corp.*, 968 F.3d 1107, 1112 (9th Cir. 2020), is inapt because the company hired a law firm (DLA Piper) to provide reports to defend itself against the IRS. Here, [redacted] "[I]t follows from the nature of [E&Y]'s role as an independent auditor that the disclosure of the work product to [E&Y] did substantially increase the opportunity for potential adversaries like plaintiff and its counsel to obtain that work product." *Middlesex Ret. Sys. v. Quest Software, Inc.*, 2009 WL 10673943, at *6 (C.D. Cal. July 8, 2009).

**E. Documents Concerning Internal Investigation Must Be Produced**

Zymergen has not met its burden to show that the internal investigation is privileged. Their brief tacitly admits that the investigation was for a business purpose, "a deep dive" into the business' forecasts. ECF 467 at 6; [redacted]. Indeed, on August 3, 2021, Zymergen publicly disclosed that the "the Board initiated a series of deep dives into the company's product pipeline and development processes," and discussed what the Board "identified [as] several contributing factors to the revision of our plan." ECF 321, ¶170.

Zymergen would have the Court accept that the proximity of the engagement shows that the investigation was "plainly" work product. ECF 467 at 6. But proximity says nothing about the purpose, which is what is required. *See* Joint Statement at 4. Tellingly, Zymergen's declaration does not state that the investigation was in anticipation of litigation, which sets its arguments apart

from their authority. *See, e.g.*, *Stone Brewing Co., LLC v. Molson Coors Brewing Co.*, 2019 WL 2176792, at *4 (S.D. Cal. May 20, 2019) (relying on "representations made under oath").

With respect to waiver, Zymergen's argument that sharing "underlying source documents" with the SEC does not constitute waiver has been soundly rejected. ECF 467 at 7; *In re Banc of Cal. Sec. Litig.*, 2018 WL 2373860, at *1 (C.D. Cal. May 23, 2018) (waiver from "oral summaries" provided to the SEC). And the declaration confirms that more than documents were disclosed, including "an oral presentation to the SEC." ECF 467-1, ¶4. Backpedaling, Zymergen contends that there is no waiver because the discussions that occurred with the SEC were not "'in great detail.'" ECF 467 at 7. But again, the declaration says nothing about the detail, length, or purpose of the meeting. As Plaintiff discussed in the Joint Statement, cooperation with the SEC is a common tactic, and here even Zymergen does not dispute that it was rewarded for it. Joint Statement at 4; *see* Ex. 21, ¶32. If anything, the declaration raises more questions than answers as it only speaks of one meeting with the SEC. ECF 467-1, ¶3. [redacted]

### F. Zymergen Must Produce Communications with Gilmartin Group

With Gilmartin, like in *Planned Parenthood*, "[d]efendants appear to take the position that an individual meets the *Graf* standard if an individual performed work that an employee in an internal department would perform if [Zymergen] had the resources to create such a department. That is not the law, and none of the cases cited by Defendants support this oversimplified proposition." *Planned Parenthood Fed'n of Am., Inc. v. Ctr. for Med. Progress*, 2019 WL 1950381, at *5 (N.D. Cal. May 1, 2019). This Court already recognized that a "PR firm is hired and essentially operates as an in house PR firm isn't – isn't near enough." ECF 456 at 26:9-11. In fact, in light of this "pretty high standard," the Court instructed Zymergen that it "has some real work to do," and gave Zymergen the opportunity to "submit a declaration that better explains" or submit "additional evidence." ECF 456 at 26:1-19. Zymergen has presented nothing, tacitly admitting that they cannot meet the standard. Even in Zymergen's case, *In re Bieter Co.*, the party claiming the privilege presented affidavits to establish the relationship. *In re Bieter Co.*, 16 F.3d 929, 929 (8th Cir. 1994).

Plaintiff has already raised in the Joint Statement enough to show that Zymergen has not met their burden under their functional equivalent theory. Joint Statement at 5; [REDACTED] [REDACTED].[4]

### G. Zymergen Must Produce Communications with Joele Frank

The communications with Joele Frank do not meet the Ninth Circuit's primary purpose test. *In re Grand Jury*, 23 F.4th 1088, 1091 (9th Cir. 2021) ("[C]ourts look at whether the primary purpose of the communication is to give or receive legal advice, as opposed to business or tax advice."). Zymergen concedes that Joele Frank was hired for communicating with the public. ECF 467 at 9; [REDACTED]. And still further, "disclosure of a communication to a third party, such as a public relations consultant, waives the attorney-client privilege." *Kirkpatrick v. City of Oakland, Cal.*, 2022 WL 137628, at *1 (N.D. Cal. Jan. 14, 2022) (citations omitted).

Similarly for work product, Zymergen states that Joele Frank was hired before they even "learned of new information" that forms the basis of litigation. ECF 467 at 9. And Zymergen has produced no contract, no other shred of support, other than the Board minutes which shows that the purpose for Joele Frank's involvement was "to work ***with management*** on the communications." Ex. 20 at 00003148. [REDACTED]

DATED: January 13, 2025

s/ Patton L. Johnson
PATTON L. JOHNSON

---

[4] Zymergen also misconstrues the facts in *Bieter*. ECF 467 at 8. The agreement they refer to is the expired one that was replaced with "an employment agreement." *In re Bieter Co.*, 16 F.3d 929, 934 (8th Cir. 1994).

ROBBINS GELLER RUDMAN & DOWD LLP
JUAN CARLOS SANCHEZ
PATTON L. JOHNSON
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)
jcsanchez@rgrdlaw.com
pjohnson@rgrdlaw.com

ROBBINS GELLER RUDMAN & DOWD LLP
SHAWN A. WILLIAMS
DANIEL J. PFEFFERBAUM
ALAINA L. GILCHRIST
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA 94104
Telephone: 415/288-4545
415/288-4534 (fax)
shawnw@rgrdlaw.com
dpfefferbaum@rgrdlaw.com
agilchrist@rgrdlaw.com

Counsel for Plaintiffs

BERMAN TABACCO
NICOLE LAVALLEE (SBN 165755)
KRISTIN J. MOODY (SBN 206326)
JEFFREY V. ROCHA (SBN 304852)
425 California Street, Suite 2300
San Francisco, CA 94104
Telephone: 415/433-3200
415/433-6382 (fax)
nlavallee@bermantabacco.com
kmoody@bermantabacco.com
jrocha@bermantabacco.com

BERMAN TABACCO
LESLIE R. STERN
PATRICK T. EGAN
One Liberty Square
Boston, MA 02109
Telephone: 617/542-8300
617/542-1194 (fax)
lstern@bermantabacco.com
pegan@bermantabacco.com

Counsel for Plaintiff West Palm Beach Firefighters' Pension Fund

KLAUSNER, KAUFMAN, JENSEN & LEVINSON
ROBERT D. KLAUSNER
BONNI S. JENSEN
7080 NW 4th Street
Plantation, FL 33317
Telephone: 954/916-1202
954/916-1232 (fax)
bob@robertdklausner.com
bonni@robertdklausner.com

Board Counsel for Plaintiff West Palm Beach Firefighters' Pension Fund