UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BIAO WANG, et al.,<br><br>       Plaintiffs,<br><br>    v.<br><br>ZYMERGEN INC., et al.,<br><br>       Defendants. | Case No. 21-cv-06028-PCP   (SVK)<br><br>**ORDER FOLLOWING JANUARY 21, 2025 DISCOVERY HEARING**<br><br>Dkt Nos. 452, 466, 467, 475 |

The Court held a hearing on January 21, 2025 on discovery disputes concerning documents withheld from production by the Zymergen Defendants and the Underwriter Defendants. *See* Dkt. 452, 466, 467, 475. The Court's rulings and reasoning are as set forth on the record at the hearing. In summary, the Court **ORDERS** as follows:

1. **Zymergen privilege waiver issues:**

    a. **Due diligence and good faith defenses:** Plaintiffs and the Zymergen Defendants shall simultaneously file supplemental briefs on the issues of (1) whether Zymergen still holds an attorney-client privilege in light of the liquidation plan currently in place and, if so, (2) whether the Director Defendants can waive Zymergen's attorney-client privilege, on the following schedule:

        i. Opening briefs (not to exceed 10 pages) due **February 4, 2025**

        ii. Responsive briefs (not to exceed 5 pages) due **February 11, 2025**

    At the hearing, the Court proceeded with argument on the tension between the due diligence defense and waiver of the attorney-client privilege. *See* paragraph 2 below. The Court has taken this issue as it relates to the

Zymergen Defendants under submission pending the above-referenced briefing.

b. **Disclosures by VC-affiliated Zymergen directors to VCs:** There are over 400 documents at issue in this category. Both Plaintiffs and Zymergen ask the Court to make a broad, general ruling for or against waiver based on few examples, some of which may support waiver, some of which may not. It is clear that the Parties have not done the hard work of evaluating if not every entry, at least categories of entries. Accordingly, Plaintiffs and the Zymergen Defendants must promptly engage in a further, **robust** meet and confer either face-to-face or by videoconference in an effort to resolve this dispute with the benefit of the guidance the Court provided at the hearing. Any unresolved issues must be filed in a joint statement to the Court by February 4, 2025 consisting of a table which identifies remaining disputed categories of disclosures and sets forth in summary form why or why not disclosure has waived the privilege.

c. **Disclosures to Auditors:** Assuming that the Court concludes following the supplemental briefing in paragraph 1.a. that Zymergen still holds an attorney-privilege, the Court finds that the identified disclosures to Zymergen's auditors did not waive the privilege.

d. **Disclosures to the SEC**: The Court took this issue under submission; further order to follow.

e. **The Gilmartin Group:** The Court finds that even if Zymergen holds an attorney-client privilege, the identified disclosures to the Gilmartin Group waived the privilege. Zymergen must produce all withheld documents in this category by **February 4, 2025.**

f. **Joele Frank:** Assuming that the Court concludes following the supplemental briefing in paragraph 1.a. that Zymergen still holds an attorney-privilege, the Court finds that the identified disclosures to Joele Frank did not waive the privilege.

2. **Underwriters' privilege waiver issues:**

As discussed at length in the hearing, the Court is focused on the tension between the Underwriters' assertion of the due diligence defense, which requires a subjective belief in the accuracy of disclosures, and the scope of production of the Underwriters' communications with counsel regarding the disclosures. To address this issue in a less abstract fashion, Plaintiffs are to select 15 documents from the Underwriter Defendants' privilege log, and the Underwriter Defendants are to submit them to the Court for *in camera* review by **January 24, 2025**. The Court may ask for additional documents to review *in camera*, at its discretion.

**SO ORDERED.**

Dated: January 21, 2025

SUSAN VAN KEULEN
United States Magistrate Judge

3