GIBSON, DUNN & CRUTCHER LLP
MICHAEL D. CELIO, SBN 197998
    MCelio@gibsondunn.com
ZANETA J. KIM, SBN 317844
    ZKim@gibsondunn.com
310 University Avenue
Palo Alto, California  94301-1744
Telephone:     650.849.5300
Facsimile:     650.849.5333

MICHAEL J. KAHN, SBN 303289
    MJKahn@gibsondunn.com
One Embarcadero Center, Suite 2600
San Francisco, California  94111-3715
Telephone:     415.393.8200
Facsimile:     415.393.8306

*Attorneys for Defendants Data Collective II, L.P.,
DCVC Opportunity Fund, L.P., and DCVC
Management Co, LLC*

[Additional counsel appear on signature page.]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| BIAO WANG, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> ZYMERGEN INC., et al., <br><br> Defendants. | CASE NO. 5:21-cv-06028-PCP <br><br> JOINT DISCOVERY STATEMENT CONCERNING DCVC'S FIRST SET OF INTERROGATORIES TO PLAINTIFFS, DCVC'S SECOND SET OF REQUESTS FOR PRODUCTION TO PLAINTIFFS, AND PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION TO DCVC |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

This joint discovery statement is made pursuant to Section 8 of the Court's Civil and Discovery Referral Matters Standing Order on behalf of the DCVC Defendants[1] and Lead Plaintiff Biao Wang.[2]

**The DCVC Defendants' Position**

Plaintiffs' Second Amended Complaint (the "SAC") against DCVC Management Co, LLC ("DCVC Management") is untimely on its face.  To survive DCVC's motion to dismiss, Plaintiffs argued that the SAC should "relate back" to a prior complaint that did not name DCVC Management due to a "mistake" as to its identity, and that DCVC Management knew or should have known about that mistake.  Dkt. 381 at 13–15; Dkt. 395 at 11–13.  In permitting the case to move forward, Judge Pitts held that Plaintiffs would be required to establish that mistake.  Dkt. 395 at 9.

DCVC's discovery requests are both simple and essential: what the supposed mistake was, when it was made, and by whom.[3]  Plaintiffs have refused to answer these obvious questions.  Plaintiffs, initially refused to answer *at all* claiming that the information was either privileged or, surprisingly, not relevant.  They then supplemented their response to list thousands of documents, (none of which was produced by Plaintiff) and *all* the deposition testimony taken in this action and by the SEC.  From this (very long) laundry list, DCVC is apparently supposed to figure out what Plaintiff's mistake was.  But the information DCVC seeks is, by definition, wholly within Plaintiffs' knowledge.  DCVC cannot divine the supposed mistake from Plaintiffs' document dump; that would be an exercise in pure guesswork.  DCVC seeks the Court's assistance in obtaining this critical discovery by compelling Plaintiffs to respond to the Requests.

Plaintiffs argue they do not need to provide any discovery because only *DCVC's* knowledge of Plaintiffs' mistake matters.  This is a silly argument.  Unless DCVC knows what the mistake is, it

---

[1] The "DCVC Defendants" and "DCVC" refer to Defendants Data Collective II, L.P., DCVC Opportunity Fund, L.P., and DCVC Management Co, LLC.

[2] DCVC has an identical dispute with Plaintiff West Palm Beach Firefighters' Pension Fund ("WPBPF").  However, despite WPBPF's joint participation with Lead Plaintiff in meet and confers and email correspondence about this dispute, it would not agree to join this submission.

[3] The disputed requests are DCVC's First Set of Interrogatories (Oct. 31, 2024) (the "Interrogatories"), Nos. 2–5, and Second Set of Requests for Production (Oct. 31, 2024) (the "RFPs"), Nos. 3–6, to Plaintiffs.  Pursuant to Section 8 of the Court's Civil and Discovery Referral Matters Standing Order, the parties have attached, as **Exhibit A**, a joint chart that sets forth the disputed requests.

1

cannot evaluate what it supposedly knew or should have known. And in any event the argument ignores the plain language of Federal Rule of Civil Procedure ("Rule") 15, which makes clear that the relation back test involves two related inquiries: (1) whether Plaintiffs made a mistake of identity and (2) if so, what DCVC Management knew (or should have known) about that mistake. Fed. R. Civ. P. 15(c)(1)(C). Plaintiffs' argument jumps to the second inquiry (knowledge) without addressing the first (mistake). Only Plaintiffs know what mistake they (supposedly) made, and they need to provide discovery about it. The Court should compel Plaintiffs to produce documents and information related to Plaintiffs' mistake, including, but not limited to, a written response to Interrogatories Nos. 2–4 setting forth what specific information alerted Plaintiffs to their mistake, the date on which they discovered that information, how they discovered it, and who discovered it.

During the meet and confer process, Plaintiffs argued that discovery into their mistake is somehow foreclosed by the Supreme Court's decision in *Krupski v. Costa Crociere S.p.A.*, 560 U.S. 538 (2010). *Krupski* in no way prevents discovery into Plaintiffs mistake; to the contrary, it expressly states that a plaintiff's conduct is a key part of the inquiry. The Supreme Court held that "[w]hen the original complaint *and the plaintiff's conduct* compel the conclusion that the failure to name the prospective defendant in the original complaint was the result of a fully informed decision as opposed to a mistake concerning the proper defendant's identity, the requirements of Rule 15(c)(1)(C)(ii) are not met." *Id.* at 552 (emphasis added). The "plaintiff's conduct" is exactly what DCVC is seeking discovery about. It is thus no surprise that courts in this District reject Plaintiff's reading of *Krupski*: "*Krupski* did not eliminate all inquiries into whether the plaintiff in fact committed a mistake; rather, it simply focused on the standard for the defendants' knowledge of said mistake, assuming such a mistake had occurred." *Wilkins-Jones v. Cnty. of Alameda*, 2012 WL 3116025, at *16 (N.D. Cal. July 31, 2012).

The need for this discovery is only heightened by the fact that Plaintiffs may seek to prove either that DCVC Management knew or *should have known* about Plaintiffs' purported mistake. But Plaintiffs refuse to answer the key question: what it is that DCVC Management should have known. They respond to Interrogatory No. 5—which asks Plaintiffs to identify the specific allegations that they

2

Gibson, Dunn & Crutcher LLP

contend put DCVC Management on notice of Plaintiffs' purported mistake—by identifying *the entire complaint*. *See* Ex. A. That does not explain in any way why DCVC should have known about Plaintiffs' purported mistake. The Court should compel Plaintiffs to provide a proper response.

Finally, Plaintiffs argue that information responsive to DCVC's Requests is privileged. This is a frivolous argument as it relates to Interrogatories Nos. 2 and 3, which merely ask Plaintiffs to identify *dates*; dates are not privileged. Ex. A; *see, e.g., Johnson v. Hewlett-Packard Co.*, 2010 WL 4510345, at *1 (N.D. Cal. Nov. 1, 2010) ("the time, date and participants in [a] communication" are not privileged). Plaintiffs also have not articulated how the information requested in the other Requests— such as the identity of the documents produced in this case from which DCVC Management should have known Plaintiffs made a mistake—is privileged. And even if such information were privileged, Plaintiffs put it at issue by arguing they made a mistake. *See* Dkt. 274 at 2; Dkt. 381 at 13–15. Plaintiffs cannot rely on privileged information about this purported mistake as both a sword and shield. *See Bittaker v. Woodford*, 331 F.3d 715, 719-21 (9th Cir. 2003) ("[P]arties in litigation may not abuse the privilege by asserting claims the opposing party cannot adequately dispute unless it has access to the privileged materials"); *Chevron Corp. v. Pennzoil Co.*, 974 F.2d 1156, 1162 (9th Cir. 1992) ("Where a party raises a claim which in fairness requires disclosure of the protected communication, the privilege may be implicitly waived.").

Discovery closes in this matter today, January 31, 2025. DCVC requests the Court's prompt intervention to compel Plaintiffs to respond to discovery regarding their purported mistake in failing to name DCVC Management in the FAC.

\*      \*      \*

Separately, DCVC understands that Lead Plaintiff will seek the Court's intervention to compel DCVC to produce documents about Plaintiffs' theory of relation back, purportedly as part of DCVC's statute of limitations affirmative defense. Specifically, Plaintiff contends that Plaintiffs' First Set of Requests for Production[4] requires DCVC to produce documents regarding DCVC Management's

---

[4] The disputed requests are Plaintiffs' First Set of Requests for Production to DCVC Defendants (Sept. 4, 2024), Nos. 11, 19, and 23 (the "RFPs" or "Requests"). The parties have attached, as **Exhibit B**, a joint chart that sets forth the Requests and DCVC's responses.

Gibson, Dunn &
Crutcher LLP

1  notice of the complaints in this action and knowledge of Plaintiffs' purported mistake in not naming

2  DCVC Management in the FAC.  Plaintiff's request to compel further responses to the Requests should

3  be denied for many reasons, but the most significant are these: that Plaintiffs did not actually request

4  these documents, and even if they had, DCVC has no responsive documents to produce.

5       *First*, the documents Lead Plaintiff seeks are not covered by *any* request for production.

6  Plaintiff contends that RFP No. 19, which seeks documents about DCVC's affirmative defenses,

7  requires DCVC to produce documents supporting Plaintiffs' Rule 15 relation back argument.  But

8  DCVC's statute of limitations defense is not based on a theory of relation back.  DCVC's defense is

9  simple: Plaintiffs sued DCVC Management outside the one-year statute of limitation, and that fact is

10  evident *solely* based on the dates Plaintiffs filed the complaints in this Action, as the Court already

11  concluded.  Dkt. 395 at 9.  No further discovery is needed as to this defense because the dates of the

12  court filings themselves establish the defense.  Rather, it is Plaintiffs' assertion that they are entitled to

13  an exception to the statute of limitations that put the elements of Fed. R. Civ. P. 15(c)(1)(C)—including

14  the nature of Plaintiffs' purported mistake—at issue.  *See* Dkt. 274 at 2; Dkt. 381 at 13–15.  It is

15  *Plaintiffs'* burden to satisfy the requirements of relation back.  *See Butler v. Nat'l Cmty. Renaissance*

16  *of California*, 766 F.3d 1191, 1203 (9th Cir. 2014) (denying relation back exception to statute of

17  limitations defense where plaintiff failed to establish requirements of Fed. R. Civ. P. 15).  As such,

18  Plaintiffs' Request No. 19 about DCVC's affirmative defenses does not encompass documents related

19  to Fed. R. Civ. P. 15 that Plaintiffs claim DCVC Management must produce.

20       Plaintiff's attempt to use RFP Nos. 11 and 23 as alternative grounds for compelling production

21  of these documents also must fail.  RFP No. 11 is plainly inapplicable to DCVC Management's notice

22  or knowledge under Rule 15, and Plaintiff cannot now contort its meaning to seek additional

23  documents.  RFP No. 23—seeking "[t]o the extent not captured by the above requests, without

24  limitations as to time, all documents or communications you know to be relevant to the Action"—is an

25  improper catch-all to which DCVC timely objected; Plaintiffs cannot credibly contend that such request

26  encompasses all documents they failed to request.

27

28

4

JOINT DISCOVERY STATEMENT CONCERNING DCVC'S FIRST SET OF INTERROGATORIES TO
PLAINTIFFS, DCVC'S SECOND SET OF REQUESTS FOR PRODUCTION TO PLAINTIFFS, AND
PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION TO DCVC
CASE NO. 5:21-CV-06028-PCP

*Second*, even if there was a proper request for these documents, DCVC has already completed the exact search requested by Plaintiffs and has now confirmed—no less than *four times*—that no responsive documents exist regarding DCVC Management's knowledge of Plaintiffs' purported mistake. Plaintiffs proposed the search terms it wanted DCVC to run for this review: DCVC agreed and ran those search terms.[5] Plaintiffs requested that the search extend through July 25, 2022: DCVC agreed and searched documents through July 25, 2022. DCVC did not limit its search in any other way. Despite all this, Plaintiffs continue to contend that DCVC must have improperly limited its search and that such documents simply must exist. They do not. DCVC has already provided Plaintiffs the information they seek, but Plaintiffs simply will not take "yes" for an answer.

*Third*, the issue of DCVC's "notice" of the First Amended Complaint ("FAC") is already addressed by Plaintiffs' Interrogatory No. 6 directed to DCVC Management.[6] DCVC confirmed to Plaintiffs that it would submit a substantive response to this Interrogatory and timely has provided a response on January 30, 2025 that clearly states the date on which the relevant individuals first received a copy of the FAC. There is no remaining dispute on the issue of "notice."

DCVC seeks leave of the Court to request sanctions for the costs associated with DCVC's response in this Joint Discovery Statement. Plaintiff's positions in this motion are not reasonably justified. Plaintiff's refusal to explain what mistake it contends was made is not reasonable. And DCVC has already complied with Plaintiffs' *exact* search requests (more than once) and has incurred unnecessary expense in the process.

---

[5] DCVC undertook its own broad search for documents in response to Plaintiffs' request—and had already confirmed that no responsive documents existed—before Plaintiffs proposed additional search terms. DCVC then ran Plaintiffs' proposed search terms, as well.

[6] Lead Plaintiff's First Set of Interrogatories to DCVC Management Co, LLC (Dec. 31, 2024) ("For each person identified in response to Interrogatory No. 2, if such person received a copy of the First Amended Complaint, identify the date on which such person first received a copy of the First Amended Complaint.").

Gibson, Dunn & Crutcher LLP

**Plaintiff's Position**

**DCVC Must Produce Documents Relevant to Rule 15(c)(1)(C) Relation Back**

Lead Plaintiff Bill Wang seeks production of documents related to DCVC's Twenty Fourth Affirmative Defense (Statute of Limitations) or alternatively, to have it stricken.[7]  ECF 426 at 53.

On August 4, 2021, Hariram Shankar filed a complaint naming as defendants, among others, Ocko, Sharma, and Murdoch, who were board members appointed by investors DCVC, True Ventures, and SoftBank (the "VCs"), respectively.  ECF 1.  On February 24, 2022, following appointment as lead plaintiff, Bill Wang, filed an amended complaint based on publicly-available information, adding as defendants the VC Funds identified in the Registration Statement as owning shares in Zymergen.  ECF 78 ("FAC"), ¶¶62-64.  The VC Funds were initially dismissed, but Judge Chhabria stated that Plaintiff "can always seek leave to amend at a later stage if discovery reveals additional information relevant to the dismissed [§15] claims."  ECF 162 at 4.

Plaintiff subsequently sought discovery from Ocko, Sharma, Murdoch, and the VCs.  *See e.g.*, ECF 226.  This information supported the control allegations and revealed that the VC Funds operated with (and through) individuals associated with their respective Management Companies as singular entities *i.e.*, "DCVC," "SoftBank" and "True Ventures," "with no regard for distinctions between legal entities."  SAC, ¶100 & n.7.  On December 21, 2023, Plaintiff filed the [Proposed] Second Amended Complaint (ECF 234-3) ("PSAC"), *see also* ECF 321 ("SAC"), against the VC Funds and their Management Companies and bolstered the control allegations with facts drawn from discovery.  ECF 234-4, ¶¶78-132 (redline of PSAC against FAC with redactions reflecting discovery material); *see also* ECF 234 at 6-7.  The Court found no undue delay in seeking leave to amend and the §15 claims against the VCs to be adequately pled.  ECF 313 at 3; *see also* ECF 395 at 20.  Subsequent discovery has only further supported the alleged control claims.  *See, e.g.*, ECF 309 at 10-11.

In opposition to the motion for leave to file the SAC, the Management Companies claimed the allegations were barred by the statute of limitations.  ECF 371 at 4.  Plaintiff countered that the SAC

---

[7] While this dispute comes to the Court against DCVC, the other VCs have refused to produce the same documents in response to the same discovery requests for substantially similar reasons and thus Plaintiff seeks an order to compel against DCVC, SoftBank, and True Ventures.

Gibson, Dunn &
Crutcher LLP

was timely because it was filed within one year of discovery of the newly alleged information, or alternatively, that that the SAC relates back to the FAC under Rule 15(c)(1)(C), which permits relation back where, among other things, the new defendant: (i) received such notice of the action; and "'(ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.'" ECF 381 at 11-15. Judge Pitts found that Rule 15(c)(1)(C) plausibly satisfied but "ultimately . . . questions of fact." ECF 395 at 13.

The Management Company must produce documents that relate to its notice of the FAC.[8] Fed. R. Civ. P. 26(b)(1) ("[p]arties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case"). As Judge Pitts explained:

> [T]he pleadings and judicially noticeable materials at least suggest that the management companies should have received notice of this action when the funds were named in the first amended complaint. The complaint alleges that each set of funds is managed by the respective management company. *The Court can draw the reasonable inference from this allegation that the management companies would have received notice of this action when it was initially brought against the funds they managed*. This inference is further bolstered by the fact that each newly-named management company is now represented by the same counsel as each set of previously-named funds.

ECF 395 at 12. Plaintiff has demanded documents concerning the Management Company's notice of the FAC, including receipt of the FAC (or any summary thereof) by any individual associated with DCVC Management, including its owners, employees, and counsel. DCVC has refused to produce these documents improperly claiming that its responses to interrogatories on the same topic are sufficient. *See Garza v. Brinderson Constructors, Inc.*, 2017 WL 2861128, at *3 (N.D. Cal. July 5, 2017) (rejecting attempt to substitute interrogatory response for document production). This is insufficient, the documents must be produced.

DCVC Management must also produce documents which are relevant to the question of whether it knew or should have known that it would have been named a defendant but for Plaintiff's

---

[8] There can be no legitimate dispute that Plaintiff's discovery requests encompass documents related to the notice and knowledge issues discussed herein. Plaintiff served discovery related to DCVC's communications between itself and its agents (Request No. 11), its affirmative defenses (Request No. 19), and any other case-relevant documents (Request No. 23). Ex. B. Indeed, DCVC's claim that they have conducted an appropriate search confirms their belief that the documents sought are responsive to the requests.

Gibson, Dunn & Crutcher LLP

1    ignorance of DCVC Management's role in in the management, oversight, and control of Zymergen.

2    "Rule 15(c)(1)(C)(ii) asks what the *prospective defendant knew or should have known during the*

3    *Rule 4(m) period*, not what the plaintiff knew or should have known at the time of filing her original

4    complaint." *Krupski v. Costa Crociere S.p.A.*, 560 U.S. 538, 548 (2010). As Judge Pitts explained:

5              Here, regardless of whether Mr. Wang knew that the management companies
          existed when he filed the first amended complaint, *the pleadings suggest that the*
6          *management companies should have known that the action would have been brought*
          *against them but for a mistake concerning the role the management companies played*
7          *in the conduct, transaction, or occurrence giving rise to Mr. Wang's claims*. In his
          second amended complaint, Mr. Wang alleges that each set of investment funds is
8          managed by the respective management company. While the first amended complaint
          alleged that only the funds were the controlling persons (in addition to the individual
9          defendants), the second amended complaint alleges that the management companies
          were also controlling persons.
10

11    ECF 395 at 13. Plaintiff demands production of documents demonstrating that DCVC Management

12    was involved in the DCVC Funds' response to the FAC which would support that DCVC Management

13    knew or should have known it would have been a defendant but for a mistake in identity, such as:

14    Distributing the FAC within the Management Company, engaging counsel on behalf of the DCVC

15    Funds, notifying insurance carriers for the Management Company, preserving documents belonging to

16    the Management Company or its employees, discussing the DCVC Funds' potential response or

17    litigation strategy, or analyzing risks or potential costs borne by the Management Company. In light

18    of the evidence indicating that the DCVC Funds assigned management duties to DCVC Management,

19    the fact that the DCVC Funds had no personnel or employees, and the overlap of people at Funds and

20    the Management Company, strong evidence exists to conclude that relevant and responsive documents

21    are not being produced.[9] An appropriate search and production must be made.

22

23    ---

       [9] DCVC has confirmed that the search terms ZY and Zymergen hit on documents in its possession up
24    to July 22, 2022 but claim that they do not relate to "DCVC Management's knowledge of Plaintiffs'
       purported mistake." But restricting relevance to documents explicitly speculating as to whether
25    Plaintiff made a mistake is far too narrow a relevancy screen. Indeed, many types of documents –
       including those enumerated above – will bear upon whether DCVC Management knew or should have
26    known of Plaintiff's mistake. *E.g.*, *Krupski*, 560 U.S. at 556-57 (finding that a similar mistake in
       identity in a different lawsuit three-years prior supported a finding that the defendant knew or should
27    have known of plaintiff's mistake in the instant action).

28

Gibson, Dunn &
Crutcher LLP

**Plaintiff Has Complied With Its Discovery Obligations Related to Rule 15(c)(1)(C)**

Despite the fact that DCVC's discovery requests are premised on a distortion of this litigation, Plaintiff has produced all relevant documents and provided full and complete interrogatory responses.[10] Ex. A.  The control allegations in the SAC which are based on discovery material are identified.  *See* ECF 234-4 (redlined complaint, redacted for discovery material).  The documents obtained in discovery supporting those allegations have been produced and identified.  Ex. A, Interrogatory No. 4, referencing Exhibit 12.  Plaintiff even identified the specific documents supporting eleven different control allegations – or phrases within those allegations – as requested by DCVC in an (unchallenged) interrogatory.  Even further, the VCs compelled Plaintiff to sit for a second deposition where they repetitively asked him about a "mistake."  ECF 441.  There can be no doubt that DCVC clearly understand Plaintiff's position on the applicability of Rule 15(c)(1)(C) and the evidence which will be utilized in support of that position.  In truth, this discovery is all a charade; DCVC has ***always known that the DCVC Funds contractually engaged DCVC Management to manage its Zymergen investment (including supplying the necessary offices and people)*** but delayed producing this evidence until ***January 14, 2025***, while pretending to be confused about the nature of the Court's ruling and the events constituting "mistake".

DCVC apparently continues its distorted, self-serving interpretation of "mistake" and incorrectly claims that Plaintiff has not met its obligations, without identifying what it believes is being withheld or why Plaintiff's responses are inadequate.  Nonetheless, Plaintiff has met and conferred multiple times, provided all relevant and responsive information, including identifying (pursuant to Rule 33(d)) each of the documents that Plaintiff obtained in discovery which provided support for the control allegations, and supplemented its responses.  While Plaintiff's Objections and Responses speak for themselves, Plaintiff briefly addresses each:

---

[10] The DCVC Defendants do not take issue with named plaintiff WPBFPF referring to Plaintiff's responses but solely challenge WPBFPF's responses to the extent they challenge Plaintiff's responses.. DCVC's motion should be denied as there is "no indication that the information sought from the [WPBFPF] differs in any way from the information already provided by the class representatives." *In re Carbon Dioxide Indus. Antitrust Litig.*, 155 F.R.D. 209, 211-12, (M.D. Fla. 1993).

Gibson, Dunn & Crutcher LLP

JOINT DISCOVERY STATEMENT CONCERNING DCVC'S FIRST SET OF INTERROGATORIES TO PLAINTIFFS, DCVC'S SECOND SET OF REQUESTS FOR PRODUCTION TO PLAINTIFFS, AND PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION TO DCVC
CASE NO. 5:21-CV-06028-PCP

- Interrogatory No. 2 concerns the ***existence*** of DCVC Management which, in addition to being unknowable in this context, is irrelevant.  ECF 395 at 13 (rejecting arguments related to when "Mr. Wang knew that the management companies existed"); *Krupski*, 560 U.S. at 548.

- Interrogatory No. 3 seeks the date Plaintiff learned of its mistake which is inapt where Plaintiff learned multiple iterative pieces of new information evidencing control which, in aggregation, supported the claims against the Management Companies in the SAC, and which the Court upheld, in part.  ECF 395 at 14.

- Interrogatory No. 4 seeks that Plaintiff "describe" "why" it did not name DCVC Management in the FAC when there is no dispute that Plaintiff did not have access to discovery when it filed the FAC naming the Funds identified in the Registration Statement as making the Zymergen investment.  ECF 313 at 3 ("None of the opposing parties argues that Mr. Wang knew or should have known the facts he proposes in his amendment at the time he filed his initial complaint.").

- Interrogatory No. 5 is legally incomprehensible as the issue of "notice" in the context of Fed. R. Civ. P. 15(c)(1)(C)(i) concerns receipt or awareness of the FAC.

- Requests for Production Nos 3 and 6: Plaintiff has produced all the discovery material that supported the control allegations in the SAC.

- Requests for Production Nos. 4 and 5: Plaintiff is seeking responsive documents from DCVC Management in this motion.

In the parties' meet and confer, DCVC stated that it seeks production of Plaintiff's Counsel's work file from the filing of the FAC to the filing of the SAC as it relates to drafting the control allegations; any such documents are both irrelevant and privileged.  First, DCVC previously conceded that "the proper question is not what ***Plaintiffs*** knew when they filed their earlier complaint, but what ***DCVC Management*** knew."  ECF 382 at 6.  Second, "plaintiff's postfiling conduct" is relevant only to the extent it "informs the ***prospective defendant's understanding*** of whether the plaintiff initially made a mistake" *Krupski*, 560 U.S. at 554.  Here, however, DCVC is pursuing evidence of ***plaintiff's*** understanding of its mistake, which the Supreme Court held is "***immaterial***."  *Id.*  Third, DCVC's claim of sword and shield is meritless.  DCVC seeks to portray Plaintiff's "mistake" as an informed and deliberate decision not to name the Management Companies in the FAC; counsel's thoughts and mental impressions of the discovery material obtained ***after*** the filing of the FAC cannot support such a theory.

Gibson, Dunn & Crutcher LLP

1  DATED: January 31, 2025                Respectfully submitted,

2                                          **GIBSON, DUNN & CRUTCHER LLP**

3

4                                          *s/ Michael D. Celio*
                                           MICHAEL D. CELIO (SBN 197998)
5                                          ZANETA J. KIM (SBN 317844)
                                           310 University Avenue
6                                          Palo Alto, CA  94301-1744
                                           Telephone:  650/849-5300
7                                          650/849-5333 (fax)
                                           mcelio@gibsondunn.com
8                                          zkim@gibsondunn.com

9                                          **GIBSON, DUNN & CRUTCHER LLP**
                                           MICHAEL J. KAHN (SBN 303289)
10                                         One Embarcadero Center, Suite 2600
                                           San Francisco, CA  94111-3175
11                                         Telephone:  415/393-8200
                                           415/393-8306 (fax)
12                                         mjkahn@gibsondunn.com

13                                         *Attorneys for Defendants Data Collective II, L.P.,*
14                                         *DCVC Opportunity Fund, L.P., and DCVC*
                                           *Management Co, LLC*
15

16  DATED: January 31, 2025                **ROBBINS GELLER RUDMAN & DOWD LLP**

17

18                                         *s/ Daniel J. Pfefferbaum*
                                           SHAWN A. WILLIAMS (SBN 213113)
19                                         *Shawnw@rgrdlaw.com*
                                           DANIEL J. PFEFFERBAUM (SBN 248631)
20                                         *DPfefferbaum@rgrdlaw.com*
                                           ALAINA L. GILCHRIST (SBN 335807)
21                                         *AGilchrist@rgrdlaw.com*
                                           JUAN CARLOS SANCHEZ (SBN 301834)
22                                         *JSanchez@rgrdlaw.com*
                                           PATTON L. JOHNSON (SBN 320631)
23                                         *PJohnson@rgrdlaw.com*
                                           **ROBBINS GELLER RUDMAN & DOWD LLP**
24
                                           *Attorneys for Lead Plaintiff and Class*
25                                         *Representative Biao Wang*

26

27

28                                                         11

JOINT DISCOVERY STATEMENT CONCERNING DCVC'S FIRST SET OF INTERROGATORIES TO
PLAINTIFFS, DCVC'S SECOND SET OF REQUESTS FOR PRODUCTION TO PLAINTIFFS, AND
PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION TO DCVC
CASE NO. 5:21-CV-06028-PCP

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**FILER ATTESTATION**

I, Michael D. Celio, am the ECF user whose identification and password are being used to file the JOINT DISCOVERY STATEMENT CONCERNING DCVC'S FIRST SET OF INTERROGATORIES TO PLAINTIFFS, DCVC'S SECOND SET OF REQUESTS FOR PRODUCTION TO PLAINTIFFS, AND PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION TO DCVC.  Pursuant to Local Rule 5-1(i)(3), I hereby attest that Daniel J. Pfefferbaum has concurred in this filing.

DATED: January 31, 2025

_s/ Michael D. Celio_

Michael D. Celio

# Exhibit A

| Disputed Request | Lead Plaintiff's Response | For Court's Use |
|---|---|---|
| **Interrogatory No. 2:**<br>Identify the date on which YOU (and, if different, YOUR counsel in this ACTION) first became aware of the existence of DCVC Management Co, LLC. | <u>Initial Response:</u><br><br>In addition to the objections and limitations set forth in §§I.-III., Plaintiff objects to this Interrogatory because the terms "first became aware" and "existence of DCVC Management Co, LLC" are overbroad, vague, ambiguous, and unintelligible. Plaintiff objects to this Interrogatory as vague, ambiguous, irrelevant and lacking in foundation to the extent it seeks the identification of a single date that numerous individuals became "aware" of a particular corporate entity. Plaintiff objects to this Interrogatory to the extent that it seeks information not relevant to the claims or defenses in this action, because relation back under Rule 15(c)(1)(C) depends on what Defendants knew or should have known. ECF 395 at 13; *see Krupski v. Costa Crociere S.p.A.*, 560 U.S. 538, 541, 550 (2010) ("relation back under Rule 15(c)(1)(C) depends on what the party to be added knew or should have known"). Plaintiff objects to this Interrogatory to the extent that it seeks information not relevant to the claims or defenses in this action, because relation back under Rule 15(c)(1)(C) concerns whether Plaintiff knew of the actions and conduct of a newly-added defendant, not its existence. ECF 395 at 13; *see Krupski*, 560 U.S. at 541, 550 ("plaintiff's knowledge of the existence of a party does not foreclose the possibility that she has made a mistake of identity about which that party should have been aware"). Plaintiff objects to this Interrogatory to the extent it seeks disclosure of information protected from disclosure by the attorney-client privilege, the work product doctrine, or any other applicable privilege or doctrine, in particular as the Interrogatory appears targeted at the | |

mental impressions, conclusions, opinions, and legal theories of Class Counsel concerning its analysis of discovery material obtained in this action. Plaintiff objects to this Interrogatory as irrelevant, overly burdensome, harassing, and duplicative because the SAC alleges that the control allegations against DCVC Management are based upon information obtained in discovery in this matter, which did not commence until after the Court ruled upon the motions to dismiss the FAC. Plaintiff objects to this Interrogatory as overly burdensome and harassing because the individual knowledge of the Lead Plaintiff and Class Representative is not relevant to any claim or defense in dispute. Plaintiff objects to this Interrogatory as seeking information that is overbroad, unduly burdensome, and not proportional to the needs of the case. Plaintiff objects to this Interrogatory as compound and containing multiple subparts, each of which counts as an interrogatory toward the Defendants' total limit.

**Subject to the General and Specific Objections, Plaintiff responds that he has no relevant non-privileged information.**

Supplemental Response:

Subject to the General and Specific Objections set forth in Plaintiff's December 2, 2024 objections and responses, and in light of the parties' meet and confer and written communications, Plaintiff further responds: This Interrogatory is premised on faulty factual and legal constructions
and conclusions, and this issue was addressed during Plaintiff's second deposition on December 23, 2024. Plaintiff directs the DCVC Defendants to that transcript. Further, Plaintiff directs the DCVC Defendants to Supplemental Response to

<table>
<tr>
<td></td>
<td>Interrogatory No. 4 which identifies by beginning Bates number the information learned in discovery prior to filing the SAC on March 3, 2024 which supports the allegations against DCVC Management Co., LLC, as well as to the dates on which those productions were made to Plaintiff.</td>
<td></td>
</tr>
<tr>
<td><strong>Interrogatory No. 3:</strong><br><br>Identify the date on which YOU (and, if different, YOUR counsel in this ACTION) first discovered YOU purportedly made a mistake in not naming DCVC Management Co, LLC as a defendant prior to the SECOND AMENDED COMPLAINT.</td>
<td><u>Initial Response:</u><br><br>In addition to the objections and limitations set forth in §§I.-III., Plaintiff objects to this Interrogatory as vague, ambiguous, confusing, and lacking in foundation to the extent that it seeks a singular date in which numerous individuals assessed the facts supporting the alleged claims against DCVC Management Co., LLC prior to the filing of the SAC. Plaintiff objects to this Interrogatory to the extent it seeks disclosure of information protected from disclosure by the attorney-client privilege, the work product doctrine, or any other applicable privilege or doctrine, in particular as the Interrogatory appears targeted at the mental impressions, conclusions, opinions, and legal theories of counsel concerning the analysis of discovery material obtained in this action. Plaintiff objects to this Interrogatory to the extent that it seeks information not relevant to the claims or defenses in this action, because relation back under Rule 15(c)(1)(C) depends on what Defendants knew or should have known. ECF 395 at 13; <em>see Krupski</em>, 560 U.S. at 541, 550 ("relation back under Rule 15(c)(1)(C) depends on what the party to be added knew or should have known"). Plaintiff objects to this Interrogatory to the extent that it seeks information not relevant to the claims or defenses in this action, because relation back under Rule 15(c)(1)(C) concerns whether Plaintiff knew of the actions and conduct of the newly-added defendant, not its existence. ECF 395 at 13; <em>see Krupski</em>, 560 U.S. at 541, 550 ("plaintiff's knowledge of the existence of a</td>
<td></td>
</tr>
</table>

3

party does not foreclose the possibility that she has made a mistake of identity about which that party should have been aware"). Plaintiff objects to this Interrogatory as irrelevant, overly burdensome, harassing, and duplicative because the SAC alleges that the control allegations against DCVC Management Co., LLC are based upon information obtained in discovery in this matter, which did not commence until after the Court ruled upon the motions to dismiss the FAC. Plaintiff objects to this Interrogatory as burdensome and harassing because the individual knowledge of the Lead Plaintiff and Class Representative concerning the timing of naming any entity as a defendant is not relevant to any issue in dispute. Plaintiff objects to this Interrogatory as seeking information that is overbroad, unduly burdensome, and not proportional to the needs of the case. Plaintiff objects to this Interrogatory as compound and containing multiple subparts, each of which counts as an interrogatory toward the Defendants' total limit.

**Subject to the General and Specific Objections, Plaintiff responds that he has no relevant non-privileged information.**

<u>Supplemental Response:</u>

Subject to the General and Specific Objections set forth in Plaintiff's December 2, 2024 objections and responses, and in light of the parties' meet and confer and written communications, Plaintiff further responds: This Interrogatory is premised on faulty factual and legal constructions and conclusions, and the DCVC Defendants have repeatedly asked about Plaintiff's "mistake" in multiple different ways during Plaintiff's second deposition on December 23, 2024. Plaintiff directs DCVC Defendants to that

|  | transcript. Further, Plaintiff directs the DCVC Defendants to Supplemental Response to Interrogatory No. 4 which identifies by beginning Bates number the information learned in discovery prior to filing the SAC on March 3, 2024 which supports the allegations against DCVC Management Co., LLC, as well as to the dates on which those productions were made to Plaintiff. |  |
|---|---|---|
| **Interrogatory No. 4:**<br>Describe the nature of YOUR purported mistake in not naming DCVC Management Co, LLC as a defendant prior to the SECOND AMENDED COMPLAINT, including, but not limited to, why YOU did not name DCVC Management Co, LLC in any complaint in this ACTION prior to the SECOND AMENDED COMPLAINT, and what new information YOU learned RELATING TO DCVC Management Co, LLC, including, but not limited to its identity or role, between the filing of the FIRST AMENDED COMPLAINT and the filing of the SECOND AMENDED COMPLAINT. | Initial Response:<br><br>In addition to the objections and limitations set forth in §§I.-III., Plaintiff objects to this Interrogatory because the terms "nature of YOUR purported mistake," "new information," and "identity or role" are vague, ambiguous, and unintelligible. Plaintiff objects to this Interrogatory to the extent it seeks disclosure of information protected from disclosure by the attorney-client privilege, the work product doctrine, or any other applicable privilege or doctrine, in particular as the Interrogatory appears targeted at the mental impressions, conclusions, opinions, and legal theories of counsel concerning the discovery material obtained in this action, which formed the basis for the allegations of control against DCVC Management Co., LLC for the same conduct alleged against Data Collective II, L.P. and DCVC Opportunity Fund, L.P.. Plaintiff objects to this Interrogatory to the extent that it seeks information not relevant to the claims or defenses in this action, because relation back under Rule 15(c)(1)(C) depends on what Defendants knew or should have known. ECF 395 at 13; *see Krupski*, 560 U.S. at 541, 550 ("relation back under Rule 15(c)(1)(C) depends on what the party to be added knew or should have known."). Plaintiff objects to this Interrogatory to the extent that it seeks information not relevant to the claims or defenses in this action, because relation back under Rule 15(c)(1)(C) concerns whether |  |

Plaintiff knew of the actions and conduct of the newly-added defendant, not its existence. ECF 395 at 13; *see Krupski*, 560 U.S. at 541, 550 ("plaintiff's knowledge of the existence of a party does not foreclose the possibility that she has made a mistake of identity about which that party should have been aware"). Plaintiff objects to this Interrogatory as irrelevant, overly burdensome, harassing, and duplicative because the SAC alleges that the control allegations against DCVC Management Co., LLC are based upon information obtained in discovery in this matter, which did not commence until after the Court ruled upon the motions to dismiss the FAC. Plaintiff objects to this Interrogatory as burdensome and harassing because the individual knowledge of the Lead Plaintiff and Class Representative concerning the timing of naming any entity as a defendant is not relevant to any issue in dispute. Plaintiff objects to this Interrogatory as seeking information that is overbroad, unduly burdensome, and not proportional to the needs of the case. Plaintiff objects to this Interrogatory as compound and containing multiple subparts, each of which counts as an interrogatory toward the Defendants' total limit.

**Subject to the General and Specific Objections, Plaintiff responds that he has no relevant non-privileged information.**

Supplemental Response:

Subject to the General and Specific Objections set forth in Plaintiff's December 2, 2024 objections and responses, in accordance with Fed. R. Civ. P. 33(d), Plaintiff further responds that the following documents – and documents similar to them – produced in discovery between filing the FAC on February 24, 2022 (ECF 78), and SAC on March 3,

| | | |
|---|---|---|
| | 2024, identify the non-public facts learned after the filing the FAC and which support the allegations in the SAC against DCVC Management Co., LLC: *See* Exhibit 12. Plaintiff further incorporates the transcripts of the depositions taken in this action, the depositions taken by the SEC, and the exhibits to those depositions, in response to this Interrogatory. | |
| **Interrogatory No. 5:** <br><br> Identify—by paragraph number and complaint—the allegations in any complaint filed in this ACTION prior to the SECOND AMENDED COMPLAINT that YOU contend put DCVC Management Co, LLC on notice that YOU made a mistake in not naming DCVC Management Co, LLC as a defendant prior to the SECOND AMENDED COMPLAINT. | <u>Initial Response:</u> <br><br> In addition to the objections and limitations set forth in §§I.-III., Plaintiff objects to this Interrogatory as vague, ambiguous, lacking foundation, and unintelligible because the terms "YOU contend," "put DCVC Management Co, LLC on notice," and "YOU made a mistake," are premised on multiple unsubstantiated legal and factual assertions. Plaintiff objects to this Interrogatory as vague, ambiguous, confusing, and unintelligible because under Rule 15(c)(1)(C) Plaintiff does not have to plead that DCVC Management Co., LLC had notice of the action in the FAC. ECF 395 at 12. Plaintiff objects to this Interrogatory to the extent that it seeks information not relevant to the claims or defenses in this action, because relation back under Rule 15(c)(1)(C) depends on what Defendants knew or should have known. *Id.* at 13; *see Krupski*, 560 U.S. at 541, 550 ("relation back under Rule 15(c)(1)(C) depends on what the party to be added knew or should have known"). Plaintiff objects to this Interrogatory to the extent that it seeks information not relevant to the claims or defenses in this action, because relation back under Rule 15(c)(1)(C) concerns whether Plaintiff knew of the actions and conduct of the newly-added defendant, not its existence. ECF 395 at 13; *see Krupski*, , 560 U.S. at 541, 550 ("plaintiff's knowledge of the existence of a party does not foreclose the possibility that she has made a mistake of identity about which that party should have been | |

aware"). Plaintiff objects to this Interrogatory to the extent it seeks disclosure of information protected from disclosure by the attorney-client privilege, the work product doctrine, or any other applicable privilege or doctrine. Plaintiff objects to this Interrogatory as premature as discovery is ongoing, Defendants have not completed their production of documents and have refused to provide certain documents, and Plaintiff continues to analyze discovery material from parties and non-parties in support of its allegations, in particular, Defendants continue to withhold documents that bear upon the organization and corporate structure of the DCVC Defendants which are relevant to the issue of notice in the FAC. Plaintiff objects to this Interrogatory to the extent that it seeks information not relevant to the claims or defenses in this action. Plaintiff objects to this Interrogatory as seeking information that is overbroad, unduly burdensome, and not proportional to the needs of the case. Plaintiff objects to this Interrogatory as compound and containing multiple subparts, each of which counts as an interrogatory toward the Defendants' total limit.

**Plaintiff is willing to meet and confer to allow the DCVC Defendants to clarify the information sought by this Interrogatory.**

Supplemental Response:

In light of the parties' meet and confer and subsequent correspondence concerning this Interrogatory in which counsel for the DCVC Defendants sought to clarify this Interrogatory, subject to the General and Specific Objections set forth in Plaintiff's December 2, 2024 objections and responses, Plaintiff supplements its objection as follows: As previously explained, Plaintiff objects to this Interrogatory as

vague, confusing, incomprehensible, and irrelevant because it is unrelated to the issues in dispute. Under Fed. R. Civ. P. 15(c)(1)(C)(i), whether DCVC Management Co., LLC "received . . . notice of the action" (*id.*) concerns its receipt or awareness of the FAC, in particular those claims brought against the DCVC Funds, not any particular paragraph contained therein. The issue of DCVC Management Co., LLC's "notice" will be established by documents and communications related to their receipt or awareness of the claims in the FAC, including through responses to Plaintiff's outstanding interrogatories. Whether DCVC Management Co., LLC "knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity" (*id.*) concerns whether DCVC Management Co., LLC knew or should have known that the control claims brought against the DCVC Funds in the FAC would have also been brought against DCVC Management Co., LLC had Plaintiff been aware of the role and conduct of DCVC Management Co., LLC in the claims alleged which, as explained in the meet and confer, was unknown to Plaintiff at the time it filed the FAC as discovery had not provided Plaintiff with access to the non-public information subsequently alleged in the SAC. As explained, when the issues are properly addressed under the relevant case law and the Court's Orders, the Interrogatory's request to identify paragraphs in the FAC which put DCVC Management Co., LLC on notice of mistake is misguided and erroneous. *See* ECF 395 at 13 ("the pleadings suggest that the management companies should have known that the action would have been brought against them but for a mistake concerning the role the management companies played in the conduct, transaction, or occurrence giving rise to Mr. Wang's claims"). Plaintiff has sought discovery of documents that

| | would evidence whether DCVC Management Co., LLC, knew or should have known that it would have been named in the FAC but for Plaintiff's lack of knowledge. DCVC Management Co., LLC has refused to conduct an appropriate search for such information at this time.<br><br>Subject to the foregoing objections, Plaintiff identifies the FAC. | |
|---|---|---|
| **Request for Production No. 3:**<br>All DOCUMENTS CONCERNING PLAINTIFFS' purported mistake in not naming DCVC Management Co, LLC as a defendant prior to the SECOND AMENDED COMPLAINT, including, but not limited to, DOCUMENTS CONCERNING when PLAINTIFFS discovered this purported mistake, the nature of PLAINTIFFS' purported mistake about, and what new information PLAINTIFFS learned RELATING TO, DCVC Management Co, LLC between the filing of the FIRST AMENDED COMPLAINT and the filing of the SECOND AMENDED COMPLAINT. | Plaintiffs incorporate their General Objections and Objections to the Definitions and Instructions as if fully set forth herein. Plaintiffs object to this Request because the terms "nature of PLAINTIFFS' purported mistake," and "new information" are vague, ambiguous, and unintelligible. Plaintiffs object to this Request to the extent it seeks disclosure of information protected from disclosure by the attorney-client privilege, the work product doctrine, or any other applicable privilege or doctrine, in particular this Request appears targeted at the mental impressions, conclusions, opinions, and legal theories of counsel concerning the analysis of discovery material obtained in this action. Plaintiffs object to this Request on the grounds that it is vague, overbroad, unduly burdensome, not proportional to the needs of the case, and not relevant to either party's claim or defense. Plaintiffs object to this Request to the extent that it seeks documents not relevant to the claims or defenses in this action, because relation back under Rule 15(c)(1)(C) depends on what Defendants knew or should have known. ECF 395 at 13. Plaintiffs object to this Request to the extent that it seeks information that is publicly available or judicially noticeable (including the docket in this action), and therefore, this Request is unduly burdensome, cumulative, and harassing. Plaintiffs object to this Request as irrelevant, overly burdensome, harassing, and duplicative because the | |

| | | |
|---|---|---|
| | SAC alleges that the control allegations against DCVC Management Co., LLC are based upon information obtained in discovery in this matter, which did not commence until after the Court ruled upon the motions to dismiss the FAC. Plaintiffs object to this Request to the extent it improperly seeks discovery on discovery without a basis or need and thus is not proportional to the needs of this case. Plaintiffs object to this Request as duplicative and unduly burdensome because the documents sought are already in the DCVC Defendants' possession, custody, or control, including all documents produced and developed in this action which have been provided to the DCVC Defendants.<br><br>**Subject to each of the objections set forth above, Plaintiffs have produced all relevant nonprivileged documents in their possession, custody, or control.** | |
| **Request for Production No. 4:**<br>All DOCUMENTS CONCERNING the notice DCVC Management Co, LLC received regarding this ACTION prior to PLAINTIFFS filing the SECOND AMENDED COMPLAINT. | Plaintiffs incorporate their General Objections and Objections to the Definitions and Instructions as if fully set forth herein. Plaintiffs object to this Request to the extent it seeks disclosure of information protected from disclosure by the attorney-client privilege, the work product doctrine, or any other applicable privilege or doctrine, in particular this Request appears targeted at the mental impressions, conclusions, opinions, and legal theories of counsel concerning the analysis of discovery material obtained in this action. Plaintiffs object to this Request on the grounds that it is vague, overbroad, unduly burdensome, not proportional to the needs of the case, and not relevant to either party's claim or defense. Plaintiffs object to this Request to the extent that it seeks documents not relevant to the claims or defenses in this action, because relation back under Rule 15(c)(1)(C) depends on what Defendants knew or should have known. ECF 395 at 13. Plaintiffs | |

11

| | |
|---|---|
| | object to this Request to the extent that it seeks information already in Defendants' possession, including that the DCVC Defendants were the ones to receive notice (not Plaintiffs) and have information or access to information which is publicly available or judicially noticeable (including on the docket in this action), and therefore, this Request is unduly burdensome, cumulative, and harassing. Plaintiffs object to this Request to the extent it improperly seeks discovery on discovery without a basis or need and thus is not proportional to the needs of this case. Plaintiffs objects to this request as duplicative and unduly burdensome because the documents sought are already in the DCVC Defendants' possession, custody, or control, including all documents produced and developed in this action which have been provided to the DCVC Defendants.<br><br>**Subject to each of the objections set forth above, Plaintiffs have produced all relevant nonprivileged documents in their possession, custody, or control.** |
| **Request for Production No. 5:** All DOCUMENTS RELATED TO PLAINTIFFS' assertion that, prior to the filing of the SECOND AMENDED COMPLAINT, DCVC Management Co, LLC knew or should have known PLAINTIFFS would have brought this ACTION against it but for PLAINTIFFS' purported mistake. | Plaintiffs incorporate their General Objections and Objections to the Definitions and Instructions as if fully set forth herein. Plaintiffs object to this Request to the extent it seeks disclosure of information protected from disclosure by the attorney-client privilege, the work product doctrine, or any other applicable privilege or doctrine, in particular this Request appears targeted at the mental impressions, conclusions, opinions, and legal theories of counsel concerning the analysis of discovery material obtained in this action. Plaintiffs object to this Request on the grounds that it is vague, overbroad, unduly burdensome, not proportional to the needs of the case, and not relevant to either party's claim or defense. Plaintiffs object to this Request to the extent that it seeks documents not relevant to the claims or |

12

| | | |
|---|---|---|
| | defenses in this action, because relation back under Rule 15(c)(1)(C) depends on what Defendants knew or should have known. ECF 395 at 13. Plaintiffs object to this Request to the extent that it seeks information that is publicly available or judicially noticeable (including the docket in this action), and therefore, this Request is unduly burdensome, cumulative, and harassing. Plaintiffs object to this Request as seeking information that is overbroad, unduly burdensome, and not proportional to the needs of the case. Plaintiffs object to this Request to the extent it improperly seeks discovery on discovery without a basis or need and thus is not proportional to the needs of this case. Plaintiffs object to this Request as duplicative and unduly burdensome because the documents sought are already in the DCVC Defendants' possession, custody, or control, including all documents produced and developed in this action which have been provided to the DCVC Defendants.<br><br>**Subject to each of the objections set forth above, Plaintiffs have produced all relevant nonprivileged documents in their possession, custody, or control.** | |
| **Request for Production No. 6:** All DOCUMENTS CONCERNING PLAINTIFFS' understanding of the role of DCVC Management Co, LLC in the events or transactions alleged in this ACTION. | Plaintiffs incorporate their General Objections and Objections to the Definitions and Instructions as if fully set forth herein. Plaintiffs object to this Request to the extent it seeks disclosure of information protected from disclosure by the attorney-client privilege, the work product doctrine, or any other applicable privilege or doctrine, in particular this request appears targeted at the mental impressions, conclusions, opinions, and legal theories of counsel concerning the analysis of discovery material obtained in this action. Plaintiffs object to this Request on the grounds that it is vague, overbroad, unduly burdensome, not proportional to the needs of | |

the case, and not relevant to either party's claim or defense. Plaintiffs object to this Request to the extent that it seeks documents not relevant to the claims or defenses in this action, because relation back under Rule 15(c)(1)(C) depends on what Defendants knew or should have known. ECF 395 at 13. Plaintiffs object to this Request to the extent that it seeks information already in Defendants' possession, including that the DCVC Defendants were the ones to receive notice (not Plaintiffs), have received all discovery matter produced or developed in this action, and have information or access to information which is publicly available or judicially noticeable (including the docket in this action), and therefore this Request is unduly burdensome, cumulative, and harassing. Plaintiffs object to this Request as seeking information that is overbroad, unduly burdensome, and not proportional to the needs of the case. Plaintiffs object to this Request to the extent it improperly seeks discovery on discovery without a basis or need and thus is not proportional to the needs of this case. Plaintiffs object to this Request as duplicative and unduly burdensome because the documents sought are already in the DCVC Defendants' possession, custody, or control, including all documents produced in this action which have been provided to the DCVC Defendants.

**Subject to each of the objections set forth above, Plaintiffs have produced all relevant nonprivileged documents in their possession, custody, or control.**

# Exhibit B

| Disputed Request | DCVC Defendants' Response | For Court's Use |
|---|---|---|
| REQUEST FOR PRODUCTION NO. 11: All documents and communications concerning any discussions with any other Defendant or agent of any other Defendant concerning Zymergen. | DCVC incorporates by reference its General Objections, Objections to Definitions, Objections to Instructions, and Objections to the "Relevant Time Period" as if fully set forth herein. DCVC objects to this Request as overbroad, unduly burdensome, seeking irrelevant information, and/or not proportional to the needs of the case to the extent it seeks (1) documents and communication unrelated to DCVC's alleged control of Zymergen at the time of the IPO and (2) "all" documents and communications. DCVC further objects to this Request as unduly burdensome to the extent it seeks documents and communications that are (i) public or otherwise available from sources to which Plaintiffs also have access; (ii) already in the possession of Plaintiffs; (iii) already produced by or requested from other parties or nonparties in this action; and/or (iv) equally available from parties to this action. Subject to and without waiving the foregoing objections, DCVC will produce relevant, nonprivileged documents about Zymergen, if any, located after a reasonable and diligent search, to the extent they have not already been produced in this action. | |

| | | |
|---|---|---|
| REQUEST FOR PRODUCTION NO. 19: All documents and communications concerning or supporting any affirmative defenses asserted in your Answer in this Action, including all documents and communications concerning any individual or entity you claim to have relied on or who provided you with information related to any good faith or due diligence defense. | DCVC incorporates by reference its General Objections, Objections to Definitions, Objections to Instructions, and Objections to the "Relevant Time Period" as if fully set forth herein. DCVC objects to this Request to the extent it seeks confidential or proprietary information or information protected from disclosure by the attorney-client privilege or work product doctrine. DCVC further objects to this Request as premature as discovery is ongoing and DCVC has not yet served its answer. DCVC further objects to this Request as overbroad and unduly burdensome by seeking "all documents and communications concerning or supporting" DCVC's pleading. DCVC further objects to this Request as unduly burdensome to the extent it seeks documents and communications that are (i) public or otherwise available from sources to which Plaintiffs also have access; (ii) already in the possession of Plaintiffs; (iii) already produced by or requested from other parties or nonparties in this action; and/or (iv) equally available from parties to this action. Subject to and without waiving the foregoing objections, DCVC will produce non-privileged, responsive documents it | |

| | intends to use to support its defense in this litigation. | |
|---|---|---|
| REQUEST FOR PRODUCTION NO. 23: To the extent not captured by the above requests, without limitations as to time, all documents or communications you know to be relevant to the Action. | DCVC incorporates by reference its General Objections, Objections to Definitions, Objections to Instructions, and Objections to the "Relevant Time Period" as if fully set forth herein. DCVC objects to this Request as overbroad, unduly burdensome, seeking irrelevant information, and not proportional to the needs of the case to the extent it seeks (1) documents and communications "without limitation[] as to time"; and (2) "all" documents and communications. DCVC further objects to this Request to the extent it seeks confidential or proprietary information or information protected from disclosure by the attorney-client privilege or work product doctrine. DCVC further objects to this Request as unduly burdensome to the extent it seeks documents and communications that are (i) public or otherwise available from sources to which Plaintiffs also have access; (ii) already in the possession of Plaintiffs; (iii) already produced by or requested from other parties or nonparties in this action; and/or (iv) equally available from parties to this action. Subject to and without waiving the foregoing objections, DCVC will produce responsive, | |

| | nonprivileged documents it intends to use to support its defenses in this litigation, and relevant, nonprivileged documents about Zymergen, if any, located after a reasonable and diligent search, to the extent they have not already been produced in this action. | |
|---|---|---|