**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017-2543 | TEL (213) 443-3000 FAX (213) 443-3100

WRITER'S DIRECT DIAL NO.
**213-443-3818**

WRITER'S EMAIL ADDRESS
**robertallen@quinnemanuel.com**

February 3, 2025

**VIA ECF**

The Honorable Susan Van Keulen
United States Magistrate Judge
United States District Court
for the Northern District of California
Courtroom 6, 4th Floor
280 South First Street
San Jose, CA 95113

Re:   *Biao Wang v. Zymergen Inc., et al.*, Case No. 21-cv-06028-PCP (SVK)

Dear Judge van Keulen:

Pursuant to Magistrate Judge Susan van Keulen's Civil and Discovery Referral Matters Standing Order ("Discovery Standing Order"), the SoftBank Defendants[1] and True Ventures Defendants[2] hereby jointly object to the Joint Discovery Statement filed by Plaintiffs and the DCVC Defendants[3] (ECF No. 495) (the "Joint Discovery Statement") and specifically to Plaintiffs' section of the Joint Discovery Statement, which improperly attempts to seek relief as to the Softbank and True Ventures Defendants in direct violation of this Court's Discovery Standing Order.

The relief that Plaintiffs seek as to the SoftBank and True Ventures Defendants should be summarily denied, first and foremost because Plaintiffs have failed to follow the procedures set forth in the Court's Discovery Standing Order.  Pursuant to that Order, "[f]or all discovery disputes, the parties must meet and confer to attempt to resolve the dispute," and, if unable to

---

[1]  The "SoftBank Defendants" refers to defendants SB Investment Advisers (US) Inc., SoftBank Vision Fund (AIV M1) L.P., SVF Endurance (Cayman) Ltd, and SVF Endurance (Cayman) Ltd.
[2]  The "True Ventures Defendants" refers to defendants True Ventures IV, L.P., True Ventures Select I, L.P., True Ventures Select II, L.P., True Ventures Select III, L.P., True Ventures Select IV, L.P., and True Venture Management, L.L.C.
[3]  The "DCVC Defendants" refers to defendants Data Collective II, L.P., DCVC Opportunity Fund, L.P., and DCVC Management Co, LLC.

reach a resolution, the parties must then file a ***joint*** statement.  Plaintiffs did nothing of the sort with respect to the Softbank and True Ventures Defendants.

After meeting and conferring <u>only</u> with the DCVC Defendants, Plaintiffs filed a Joint Discovery Statement with the DCVC Defendants.  But in that Joint Discovery Statement – without any attempt to meet and confer with the Softbank and True Ventures Defendants, much less their participation in the Joint Discovery Statement – Plaintiffs purported to seek relief not only as to the DCVC Defendants, but also as to the SoftBank and True Ventures Defendants.

To be clear, Plaintiffs did not include the SoftBank or True Ventures Defendants in any of the recent meet-and-confer calls with the DCVC Defendants, did not ask the SoftBank or True Ventures Defendants to participate in the Joint Discovery Statement, did not exchange a draft of the Joint Discovery Statement with the Softbank or True Ventures Defendants, and did not provide any notice to the Softbank or True Ventures Defendants prior to the filing.  The SoftBank and True Ventures Defendants were alerted to Plaintiffs' request for relief as to the SoftBank and True Ventures Defendants approximately three hours before the filing by counsel for the DCVC Defendants.  We understand that the DCVC Defendants asked Plaintiffs to remove any requests for relief as to defendants who were not part of the meet-and-confer process and Joint Discovery Statement, but Plaintiffs refused.

Plaintiffs' total disregard for the Discovery Standing Order alone is sufficient reason to deny the relief that Plaintiffs request as to the SoftBank and True Ventures Defendants.  This Court need not – and should not – go further.

Alternatively, if the Court is inclined to relieve Plaintiffs of the Discovery Standing Order's requirements, then the Softbank and True Ventures Defendants would like to be heard on the issues that Plaintiffs have improperly placed before the Court.  For this reason, they respectfully request forty-eight (48) hours to submit their position to the Court.


Respectfully jointly submitted,

<u>/s/ Robert E. Allen</u>

Robert E. Allen
Counsel for the SoftBank Defendants

<u>/s/ Jonathan A. Shapiro</u>

Jonathan A. Shapiro
Counsel for the True Ventures Defendants

cc:     Counsel of Record