UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BIAO WANG, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>ZYMERGEN INC., et al.,<br><br>    Defendants. | Case No. 21-cv-06028-PCP   (SVK)<br><br>**ORDER RE DISCOVERY DISPUTES BETWEEN LEAD PLAINTIFF AND DCVC DEFENDANTS**<br><br>Re: Dkt. No. 495 |

    Before the Court is the Joint Discovery Statement submitted by Lead Plaintiff ("Plaintiff") and the DCVC Defendants ("DCVC"), which include Defendants Data Collective II, L.P., DCVC Opportunity Fund, L.P., and DCVC Management Co., LLC.  Dkt. 495.  In particular, this dispute arises out of written discovery served by DCVC and Plaintiff on each other regarding the "relation back" doctrine addressed in the Order on Motions to Dismiss ("MTD Order"), issued by the Honorable P. Casey Pitts on August 14, 2024.  Dkt. 395.

    The MTD Order clearly identifies the relevant factual issues to be decided to determine whether Plaintiffs' claims as against DCVC Management Co., LLC ("DCVC Management") asserted in the Second Amended Complaint relate back to a prior complaint under Federal Rule of Civil Procedure ("Rule") 15(c)(1)(C):

> [R]elation back under Rule 15(c)(1)(C) depends not just on the pleadings but on questions of fact focused on the defendant, including whether the defendant had actual notice of the action and whether the defendant knew (or should have known) that it would have been named except for a mistake.

MTD Order at 12.

    Accordingly, relevant inquiries for discovery must be directed to notice of the prior complaint to DCVC Management and whether DCVC Management knew (or should have known)

that it would have been named in the prior complaint but for a mistake. *Krupski v. Costa Crociere S.p.A.*, 560 U.S. 538, 548 (2010). Under these parameters helpfully provided by the Supreme Court and appropriately adopted by Judge Pitts, the Court **ORDERS** as follows:

> The <u>only</u> relevant interrogatories and requests for production are DCVC's contention Interrogatory no. 5 and Request for Production no. 4 and Plaintiff's Request for Production no. 19. All other interrogatories or requests for production are either not relevant on their face or, even if arguably relevant, not proportional to the needs of the litigation as required by Rule 26.[1]

Having narrowed the number of disputed discovery requests, the Court turns to the Parties' squabble over whether or not they have provided the answers and documents that are available to them. Since both sides appear to be in the mode of "nothing the other side says or does will be sufficient," the Court **ORDERS** that **no later than February 20, 2025:**

- For DCVC Interrogatory no. 5, Plaintiff will identify, by paragraph number and complaint, the specific allegations in any complaint filed in this ACTION prior to the SECOND AMENDED COMPLAINT that YOU contend put DCVC Management Co, LLC on notice of the Action or on notice that it would have been named but for a mistake. Regardless of what Plaintiff has previously provided, it will provide a verified, supplemental response to Interrogatory no. 5 that conforms to this order.

- For DCVC Request for Production no. 4, Plaintiff will provide any document upon which Plaintiff intends to rely to demonstrate notice to DCVC Management regarding the Action prior to the Second Amended Complaint. Plaintiff will provide a supplemental response that identifies the document(s) and either produce the document(s) or provide the bates number if the document(s) has been previously produced.

---

[1] DCVC's argument that it cannot possibly proceed without knowing "what the mistake is" along with several requests directed to the who, what, where, why & how the mistake was made is both disingenuous and contrary to the authority cited in the MTD and this Order. DCVC knows perfectly well that the "mistake" was the omission of DCVC Management from the prior complaint. As Judge Pitts noted, "the pleadings and judicially noticeable materials at least suggest that the management companies knew or should have known that the action would have been brought against them but for <u>a mistake concerning their identity</u>." (Emphasis added); MTD at 12**.**

- For Plaintiff's Request for Production no. 19, DCVC will provide any document or communication upon which it intends to rely in support of its affirmative defense of statute of limitations. DCVC will provide a supplemental response that identifies the document(s) and either produce the document(s) or provide the bates number if the document(s) has been previously produced. If DCVC does not intend to rely on any documents in support of its affirmative defense, it must so state in its supplemental response.

Finally, the Court received a letter brief from the Softbank Defendants and the True Ventures Defendants objecting to any effort by Plaintiffs to have an order in this dispute with DCVC be binding on them. Dkt. 497. The objection is well taken, and this Order expressly applies only to the dispute as between Plaintiff and DCVC. However, to the extent there are similar discovery disputes at issue between Plaintiff and these other Defendants, the Court expects the Parties to utilize this Order in their robust meet and confer efforts and not to burden the Court with redundant disputes on which the Court's position is clear.

**SO ORDERED.**

Dated: February 10, 2025

SUSAN VAN KEULEN
United States Magistrate Judge