UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HARIRAM SHANKAR, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>ZYMERGEN INC., et al.,<br><br>Defendants. | Case No. 21-cv-06028-PCP  (SVK)<br><br>**ORDER RE DISCOVERY DISPUTE BETWEEN LEAD PLAINTIFF AND DCVC DEFENDANTS RE VALUATION DOCUMENTS**<br><br>Re: Dkt. No. 509 |

Before the Court is yet another dispute between Plaintiffs and the DCVC Defendants ("DCVC"). Dkt. 509. On its face, the dispute reflects the absence of meaningful meet and confer efforts. The Court **ADMONISHES** the Parties not to withhold facts or arguments from the other side during the meet and confer process, only to reveal them in the Joint Statement. The meet and confer process is where the Parties put all their cards on the table and negotiate towards common ground upon which the dispute can be resolved. However, after years-long litigation, the process can become rote, and as a result the Court becomes burdened with a parade of disputes for which a reasonable resolution is obvious. These Parties can and will do better.

Here Plaintiffs seek documents from DCVC regarding its valuation of Zymergen or of any investment in Zymergen. Dkt. 509, Ex. A. Plaintiffs complain about the lack of responsive documents and DCVC's unwillingness to provide Bates numbers of responsive documents already produced by DCVC. Dkt. 509 at 2. DCVC insists that it has produced "all responsive documents," and provides a "non-exhaustive list" of documents by Bates number in the Joint Statement. *Id*. at 3, fn. 6. DCVC also chides Plaintiffs for not learning more about DCVC's documents through deposition. *Id*. at 3.

It is unclear from the Joint Statement if the Bates numbers set forth in footnote 6 had been provided to Zymergen during the meet and confer process or, if not, if they now address

Zymergen's concern. Equally unclear is whether DCVC offered any explanation regarding its documents during the meet and confer process, notwithstanding the absence of formal inquiry via deposition. In short, the Parties have failed, on both sides, to do the obvious work necessary to resolve this dispute without burdening the Court.

Accordingly, the Court **ORDERS** as follows:

**No later than February 19, 2025**

1. DCVC will provide a supplemental response to Request for Production no. 6, stating that DCVC has conducted a diligent search and identifying ALL responsive documents by Bates numbers. The supplemental response must be VERIFIED by a client representative of DCVC.

2. If the diligent search identifies responsive documents in addition to those already produced in this action, DCVC will produce those documents at the time it serves its supplemental response.

**SO ORDERED.**

Dated: February 10, 2025

SUSAN VAN KEULEN
United States Magistrate Judge