KEVIN P. MUCK (SBN 120918)
kevin.muck@wilmerhale.com
SUSAN S. MUCK (SBN 126930)
susan.muck@wilmerhale.com
JESSICA L. LEWIS (SBN 302467)
jessica.lewis@wilmerhale.com
MELISSA A. MCCALL (SBN 335761)
melissa.mccall@wilmerhale.com
WILMER CUTLER PICKERING
   HALE AND DORR LLP
50 California Street, Suite 3600
San Francisco, CA 94111
Telephone: (628) 235-1000
Facsimile: (628) 235-1001

PETER J. KOLOVOS (appearance pro hac vice)
peter.kolovos@wilmerhale.com
WILMER CUTLER PICKERING
   HALE AND DORR LLP
60 State Street
Boston, MA 02109
Telephone: (617) 526 6000
Facsimile: (617) 526-5000

[Additional counsel omitted]

*Attorneys for Defendants Zymergen Inc., Steven Chu,
Jay T. Flatley, Christine M. Gorjanc, Travis Murdoch,
Matthew A. Ocko, Sandra E. Peterson,
Zach Serber, and Rohit Sharma*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| BIAO WANG, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>ZYMERGEN INC., et al.,<br><br>Defendants. | Case No. 5:21-cv-06028-PCP<br><br>**ZYMERGEN DEFENDANTS' REPLY BRIEF IN RESPONSE TO JANUARY 21, 2025 ORDER**<br><br>Judge: The Honorable Susan van Keulen |

The Zymergen Defendants respectfully submit this reply in response to the Plaintiffs' opening brief [ECF 500] regarding the issues the Court set forth in its Order dated January 21, 2025 [ECF 483].

**I.  Zymergen's Attorney-Client and Work Product Privileges Remain Viable.**

As the Zymergen Defendants demonstrated in their opening brief, the Liquidating Trust Agreement that the Bankruptcy Court approved in connection with the confirmation of Zymergen's plan of liquidation directly answers the Court's questions about the continued viability of Zymergen's privileges and who is entitled to invoke or waive those privileges. [ECF 501 at 4-6]. Despite Plaintiffs' active participation in Zymergen's bankruptcy proceeding and repeated citation to several other documents from that proceeding in their opening brief, Plaintiffs assiduously avoid any reference to the Liquidating Trust Agreement in their submission. Indeed, while Plaintiffs acknowledge that the liquidation plan "provided for the transfer of all of Zymergen's assets, such as any remaining cash and sale proceeds, to a liquidation trust" and that "***all of its assets and any corporate power*** is all vested in the Liquidating Trust," [ECF 500 at 2 (emphasis added)], Plaintiffs ignore the one document in the bankruptcy proceeding that directly answers the Court's questions, the Liquidating Trust Agreement, which states the following:

> Any documents or communications (whether written or oral, and including confidential information) transferred by the Debtors . . . to the Liquidating Trust shall vest, including all rights and privileges, ***including the attorney-client and work product privileges***, related thereto, in the Liquidating Trustee and its, his or her representatives, …. After the Effective Date, no person other than the Liquidating Trustee shall have the right to assert or waive any privilege of the Debtors or to make any admission or statement against interest respecting the Debtors.

[ECF 501-6, § 12.5 (emphasis added)]; *see also* Zymergen Bankruptcy Docket D.I. 365 (final form of Liquidating Trust Agreement that Bankruptcy Court approved).

Unable (or unwilling) to address the plain language of the Liquidating Trust Agreement, Plaintiffs resort to diversion, suggesting that because Zymergen is "defunct" it is not entitled to

1  invoke any evidentiary privileges. [ECF 500 at 1-2]. Because this argument is in direct conflict
2  with the Liquidating Trust Agreement, the inquiry can stop there. But in any event, Plaintiffs'
3  argument has no legal support. As explained in the Zymergen Defendants' opening brief, a
4  bankruptcy judge may authorize a bankruptcy trustee to carry out the company's affairs, and in
5  this situation the trustee controls the debtors' privilege. [ECF 501 at 4]; *see also CFTC v.*
6  *Weintraub*, 471 U.S. 343, 352-53, 356 (1985). None of Plaintiffs' cases stand for the proposition
7  that a company (or its liquidating trustee) loses the right to assert privilege during the liquidation
8  process. On the contrary, the court in *Trading Technologies Int'l, Inc. v. GL Consultants, Inc.*
9  found that "[a] company that has ceased normal business operations but is still going through the
10 windup process, which can involve pursuing claims, is not 'dead' for purposes of the privilege."
11 2012 WL 874322, at *4 (N.D. Ill. Mar. 14, 2012). The other cases Plaintiffs cite are also
12 distinguishable. Unlike the present case, where Zymergen's liquidation became effective less than
13 a year ago and the bankruptcy docket remains active [ECF 501-4], the company in *In re American*
14 *Medical Collection Agency, Inc., Customer Data Security Breach Litigation* had filed for
15 bankruptcy more than four years prior and failed to "submit any reliable evidence from which [the]
16 Court [could] conclude that it is anything other than a defunct organization unable to assert
17 privilege." 2023 WL 8595741, at *6 (D.N.J. Oct. 16, 2023). Similarly, in *United States v. Walters*,
18 the court found two non-party companies "defunct" because they were either formally dissolved
19 or administratively dissolved. 2020 WL 1934803, at *2 (S.D. Miss. Apr. 21, 2020).

20 **II.    Zymergen's Privileges Have Not Been Waived.**

21 The Court's January 21 Order sought supplemental briefing limited to discreet issues—the
22 viability of Zymergen's privileges in light of its plan of liquidation and who is authorized to waive
23 those privileges. [ECF 483]. Plaintiffs nonetheless used their opening brief to go well beyond that
24 direction and submit additional (and in some cases new) arguments regarding whether those
25 privileges have been waived. [ECF 500 at 3-6]. There is no merit to any of those arguments.
26 While Plaintiffs once again advance the argument that the assertion of due diligence and
27 good faith defenses requires a blanket waiver of Zymergen's privileges, the Court's subsequent
28

Order dated February 6, 2025 regarding the underwriter defendants' assertion of a due diligence defense [ECF 506] defeats Plaintiffs' claim. As the Court held, "if the [due diligence] defense is supported by counsel's participation in the investigation, then documents reflecting that participation, including communications with Defendants as to what they were learning in the investigation, are discoverable. However, this role does not necessarily give rise to a wider waiver of all attorney-client communications arising out of the investigation." [ECF 506 at 4; *id.* at 3 n.4 (noting that underwriter defendants described these communications with counsel regarding the due diligence investigation as "non-privileged" communications)]. The same analysis applies to Plaintiffs' claim that the assertion of a good faith defense requires a blanket waiver of privilege where, as here, the Zymergen Defendants intend at this time to rely upon their counsel's non-privileged involvement in the due diligence process (not counsel's legal advice) to support their due diligence and good faith defenses.[1]

Plaintiffs' other waiver arguments also fail. The suggestion that Zymergen has "selectively disclos[ed]" privileged materials to the Director Defendants [ECF 500 at 4-5] ignores that the communications at issue are pre-bankruptcy communications to which the Director Defendants were a party and/or had access *at the time of the communication* as members of Zymergen's board. This is not a situation (as Plaintiffs try to suggest) where one party disclosed privileged communications to another that did not already have access to those communications. *See, e.g., United States v. Sanmina Corp.*, 968 F.3d 1107, 1123-24 (9th Cir. 2020) ("[T]he focal point of our waiver inquiry is whether, under the totality of the circumstances, Sanmina acted in such a way that is inconsistent with the maintenance of secrecy against its adversary."). This also renders irrelevant Plaintiffs' strawman argument that the Zymergen Defendants cannot establish a "joint defense exception" to the sharing of privileged documents. There was no "sharing" that requires such an exception to preserve the privilege; again, the privileged communications at issue occurred

---

[1] *Sheet Metal Workers National Pension Fund v. Bayer Aktiengesellschaft*, 2024 WL 74928, at *2 (N.D. Cal. Jan. 5, 2024), which the Court cited in the February 6 Order [ECF 506 at 3], is not to the contrary. There, defendants asserted a good faith reliance defense and identified both their counsel and certain privileged documents as materials upon which they had relied for their defense, which (unlike here) put their counsel's legal advice at issue.

ZYMERGEN DEFS.' REPLY BRIEF IN
RESPONSE TO JAN. 21, 2025 ORDER - 3 - Case No. 5:21-cv-06028-PCP

at the time of the underlying events when the Director Defendants either received these communications or had access to them—Plaintiffs simply hypothesize a disclosure of privileged materials by Zymergen to the Director Defendants "in this litigation" that did not occur. [ECF 500 at 5-6].

Equally ludicrous is Plaintiffs' suggestion that there is something nefarious about Zymergen and the Director Defendants purportedly "working together in tandem" in this action to defend Zymergen's privileges. [ECF 500 at 3-4].[2] Even post-bankruptcy, *Zymergen and the Director Defendants remain as co-defendants in this litigation*. Indeed, Plaintiffs specifically advocated in Zymergen's bankruptcy proceeding that they should be able to continue to pursue their claims against Zymergen in this litigation post-bankruptcy to seek recovery from insurance funds. [ECF 501 at 5 n.4 & 501-6]. Nor do Plaintiffs explain why the Liquidating Trustee's effort to try to bring all relevant parties together for a global mediation of all potential matters [ECF 500 at 6] somehow renders Zymergen and the Director Defendants adversaries *in this litigation*—in which Plaintiffs are seeking to establish liability against, and obtain recovery from, both Zymergen and the Director Defendants. Plaintiffs offer no authority for this remarkable proposition, let alone for how any such "new" adversity between Zymergen and the Director Defendants should somehow allow third parties to access pre-existing privileged communications between Zymergen and its directors.

### III. Plaintiffs Provide No Basis to Strike Any Affirmative Defense.

The Court's February 6 Order renders moot Plaintiffs' argument that the Court should strike the Zymergen Defendants' affirmative defenses. In its Order, the Court indicated that it would hold the Zymergen Defendants to the same standard as the underwriter defendants: "they

---

[2] There has been no "obfuscation" of which defendants are protecting the privilege or asserting which affirmative defenses. [ECF 500 at 3-4]. All submissions in support of Zymergen's privileges have been submitted by all of the Zymergen Defendants, and the Zymergen Defendants' Answer to Plaintiffs' Second Amended Class Action Complaint [ECF 374] makes clear that the *Individual* Defendants are asserting a due diligence defense and that the *Zymergen* Defendants (defined to include both the Individual Defendants and Zymergen) are asserting a good faith defense. [*Id.* at 53, 54].

must demonstrate a rigorous review of their purportedly privileged documents, production of 'non-privileged' communications with counsel regarding the investigation and discrete redactions limited to legal advice." [ECF 506 at 5]. In accordance with the Court's guidance, including the guidance the Court provided regarding the "lines of demarcation" that the underwriter defendants drew in connection with their production, the Zymergen Defendants are conducting a re-review of the documents on their privilege log that fall into this category of the parties' dispute to de-designate and produce to Plaintiffs those non-privileged documents "reflecting [counsel's] participation" in the due diligence process, "including communications with Defendants as to what they were learning in the investigation." *Id.* at 4.

Although the Court's February 6 Order moots Plaintiffs' request to strike affirmative defenses, the cases Plaintiffs cite further demonstrate that it would be premature to do so at this stage of the litigation, as the Zymergen Defendants argued in their opening brief. [ECF 501 at 608]. For example, in *Brice v. Haynes Investments LLC.*, the court addressed whether a privilege assertion should preclude the defendants' good faith defense through a motion *in limine*. 2021 WL 9860718 at *4 (N.D. Cal. Aug. 10, 2021). Similarly, in *Shenwick v. Twitter, Inc.*, the court resolved a purported conflict between an assertion of privilege and the reliance on counsel defense at the motion *in limine* stage. 2021 WL 1232451 at *4 (N.D. Cal. Mar. 31, 2021). And *United States v. Wells Fargo Bank, N.A.* involved an advice of counsel defense that turned entirely on the privileged communications at issue. 132 F. Supp. 3d 558, 566 (S.D.N.Y. 2015).

| | |
|---|---|
| DATED: February 11, 2025 | WILMER CUTLER PICKERING<br>    HALE AND DORR LLP<br><br>By:  /s/ *Peter J. Kolovos*<br>      Peter J. Kolovos<br><br>KEVIN P. MUCK (SBN 120918)<br>kevin.muck@wilmerhale.com<br>SUSAN S. MUCK (SBN 126930)<br>susan.muck@wilmerhale.com<br>JESSICA L. LEWIS (SBN 302467)<br>jessica.lewis@wilmerhale.com<br>GIAN P. GUALCO-NELSON (SBN 337284)<br>gian.gualco-nelson@wilmerhale.com<br>MELISSA A. MCCALL (SBN 335761)<br>melissa.mccall@wilmerhle.com<br>WILMER CUTLER PICKERING<br>   HALE AND DORR LLP<br>50 California Street, Suite 3600<br>San Francisco, CA 94111<br>Telephone: (628) 235-1000<br>Facsimile: (628) 235-1001<br><br>PETER J. KOLOVOS (appearance *pro hac vice*)<br>peter.kolovos@wilmerhale.com<br>BETH E. BOOKWALTER (appearance *pro hac vice*)<br>beth.bookwalter@wilmerhale.com<br>JOCELYN M. KEIDER (appearance *pro hac vice*)<br>jocelyn.keider@wilmerhale.com<br>WILMER CUTLER PICKERING<br>   HALE AND DORR LLP<br>60 State Street<br>Boston, MA 02109<br>Telephone: (617) 526 6000<br>Facsimile: (617) 526-5000<br><br>*Attorneys for Defendants Zymergen Inc., Steven Chu, Jay T. Flatley, Christine M. Gorjanc, Travis Murdoch, Matthew A. Ocko, Sandra E. Peterson, Zach Serber, and Rohit Sharma* |