ROBBINS GELLER RUDMAN
  & DOWD LLP
SHAWN A. WILLIAMS (213113)
DANIEL J. PFEFFERBAUM (248631)
ALAINA L. GILCHRIST (335807)
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA 94104
Telephone: 415/288-4545
415/288-4534 (fax)
shawnw@rgrdlaw.com
dpfefferbaum@rgrdlaw.com
agilchrist@rgrdlaw.com
  – and –
JUAN CARLOS SANCHEZ (301834)
PATTON L. JOHNSON (320631)
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)
jsanchez@rgrdlaw.com
pjohnson@rgrdlaw.com

Counsel for Plaintiffs

[Additional counsel appear on signature page.]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| BIAO WANG, Individually and on Behalf of All Others Similarly Situated,<br><br>  Plaintiff,<br><br>  vs.<br><br>ZYMERGEN INC., et al.,<br><br>  Defendants. | Case No. 5:21-cv-06028-PCP<br><br>PLAINTIFF'S RESPONSE TO ZYMERGEN DEFENDANTS' BRIEF REGARDING ZYMERGEN'S PRIVILEGES (ECF 501) |

4906-3807-0809.v1

After more than a year of withholding thousands of relevant and responsive documents purportedly on the basis of "Zymergen's" attorney-client and work-product privileges, the Zymergen Defendants now admit that Zymergen Inc. ("Zymergen") cannot in fact assert any privilege at all.[1]  In yet another obfuscation, WilmerHale now asserts that all of Zymergen's privileges have been transferred to the Liquidation Trust, and that no person other than the Trustee can assert or waive those privileges.  The Court should not allow this shell game to continue.  There is no evidence presented showing that the Trustee is even asserting any privilege.  There is no declaration from the Trustee or any evidence showing WilmerHale's authority to assert the privilege on behalf of the Trustee.  Zymergen and the Director Defendants admit they have no standing to assert the privilege, and it seems that WilmerHale cannot represent both the Trustee and the Director Defendants as they are adversarial.  But this shift in position is also a strawman.  Whether or not the Trustee is asserting any privilege does not change the fact that Zymergen and the Liquidation Trust both do not function as a business, and thus, any prior privileges also cease to exist.  Zymergen Defendants' solution to have this issue decided at some future time is also just another ploy to prevent Plaintiff's access to relevant discovery material and should be rejected.  Accordingly, the Court must order Zymergen Defendants to produce all documents and information they are withholding on the basis of Zymergen's non-existent privileges.

**I.  Zymergen Has Admitted that it has No Attorney-Client or Work-Product Privileges and the Trustee Has Failed to Expressly Claim Any Privileges**

Now admitting that Zymergen has no privileges at all, in Zymergen Defendants' latest filing they claim that all Zymergen's privileges have been transferred to the Liquidation Trust, and "that ***no person other than the Trustee*** would have the right to assert or waive those privileges." ECF 501 at 4.  However, notably missing from Zymergen's latest position is whether or not the Trustee is actually asserting or waiving any purported privileges at all.  "[E]xpressly mak[ing] the claim" is a foundational step required when withholding information, but the Zymergen Defendants have provided no declaration, or indeed any other evidence, from the Trustee showing

---

[1] "Plaintiff" is Lead Plaintiff and Class Representative Biao Wang.  "Director Defendants" refers to Steven Chu, Jay T. Flatley, Christine M. Gorianc, Travis Murdoch, Matthew A. Ocko, Sandra E. Peterson, Zach Serber, and Rohit Sharma, and with Zymergen, "Zymergen Defendants."

PLAINTIFF'S RESPONSE TO ZYMERGEN DEFENDANTS' BRIEF REGARDING ZYMERGEN'S
PRIVILEGES (ECF 501) - 5:21-cv-06028-PCP                                                                     - 1 -
4906-3807-0809.v1

that he is asserting the privileges being argued for by WilmerHale. Fed. R. Civ. P. Rule 26(b)(5)(A)(i). Not waiving a privilege, as Zymergen Defendants argue the Trustee has not done, is not the same as affirmatively asserting it and satisfying the requisite burden. ECF 501 at 6. *Weil v. Inv./Indicators, Research & Mgmt., Inc.*, 647 F.2d 18, 25 (9th Cir. 1981) ("As with all evidentiary privileges, the burden of proving that the attorney-client privilege applies rests not with the party contesting the privilege, but with the party asserting it.").

Zymergen Defendants admit that the Trustee is intimately aware of this litigation, and indeed, as Plaintiff noted, the Trustee even attempted to compel Plaintiff into a mediation of the Trustee's claims against the Director Defendants. *See* ECF 500 at 5. But the Trustee has still yet to ever make any submission to the Court that it is asserting privileges over Zymergen's documents. *See City of Rialto v. U.S. Dep't of Def.*, 492 F. Supp. 2d 1193, 1202 (C.D. Cal. 2007) (finding waiver because "[company that had privileges transferred to it following dissolution] has never itself asserted the attorney-client privilege"). Six months was enough for the Ninth Circuit to find waiver, but here it has been nearly a year since February 23, 2024, when all the purported privileges apparently transferred to the Liquidation Trust. *U.S. v. de la Jara*, 973 F.2d 746, 750 (9th Cir. 1992) ("we will deem the privilege to be waived if the privilege holder fails to pursue all reasonable means of preserving the confidentiality of the privileged matter").

With apparently neither Zymergen nor the Director Defendants having standing to assert the Liquidation Trust's privilege, who then is WilmerHale claiming has asserted privilege over these documents? *See In re Worlds of Wonder Sec. Litig.*, 147 F.R.D. 208, 210 (N.D. Cal. 1992) (finding that officer-defendants whose lawyers had access to company's documents do not have standing to assert privileges held by company or company's successor in interest). WilmerHale has presented no evidence that it represents the Trustee, or that the Trustee has authorized WilmerHale to act on its behalf. Indeed, it seems that WilmerHale cannot represent the Trustee because the Trustee appears to be in conflict with the Director Defendants. ECF 500 at 5.[2] If in

---

[2] To be sure, the Liquidation Trust Agreement states plainly that the Trustee believes there are "Causes of Action against directors and officers of the Debtors who served prior to October 19, 2022, including Josh Hoffman, Enakshi Singh, Steven Chu, Jay T. Flatley, Christine M. Gorjanc, Travis Murdoch, Matthew A. Ocko, Sandra E. Peterson, Zach Serber, and Rohit Sharma"—the

fact the Trustee is asserting privilege, then the Trustee must come forward and meet the burden of establishing that the privilege applies and has not been waived – for example, not waived by disclosure of the same information by the Trustee to a defendant or third-party.

Accordingly, because the Trustee has failed to expressly make its claim of privilege over Zymergen's documents, the Zymergen Defendants have failed to show that they are entitled to continue to withhold documents and information in this litigation.[3]

## II. That Privileges were Transferred to the Liquidation Trust does not Make the Privileges Exist

The Zymergen Defendants' new position that the Trustee is now the holder of the privileges does not alter that the privileges being asserted no longer exist. "The continued legal existence of a corporation under the wind-up provisions of Delaware law does not change the analysis for purposes of the attorney-client privilege because in determining whether a corporation still exists for privilege purposes, courts look to practical reality, not legal technicalities." *Jiaxing Super Lighting Elec. Appliance Co., v. Lunera Lighting, Inc.*, 2021 WL 2711229, at *2 (N.D. Cal. July 1, 2021). Zymergen Defendants' ignore the practical reality that Zymergen has no owners, no directors, no employees, and no intent to carry on as a business. *See* ECF 501 at 5. But it is not just Zymergen that has ceased to function as a business, the Liquidation Trust *was never* intended to function as a business. Zymergen's Plan of Liquidation states plainly that the Liquidation Trust's "primary purpose is liquidating the Liquidation Trust Assets, ***with no objective to continue or engage in the conduct of a trade or business***." BK Dkt. 372-1, ¶6.3(b). Thus, even if the Trustee now asserts that it is maintaining any privileges, it still must show that that the Liquidation Trust is in business—it cannot. *See Abdo v. Fitzsimmons*, 2019 WL 10910805, at *2 (N.D. Cal.

---

same Director Defendants in this litigation concerning the same events being litigated here. BK Dkt. 372-1, ¶1.61. The Liquidation Trust Agreement further defines this cause of action as ***an asset*** (*i.e.*, a "Liquidation Trust Asset") with the very purpose of the Liquidation Trust to "monetize the Liquidation Trust Assets (including though the assertion of Causes of Action)" in an effort to return money to creditors. *Id.*, ¶1.59. All references to "BK Dkt." are to Zymergen's bankruptcy docket, *In Re Zymergen Inc.*, 1:23-BK-11661 (Bankr. D. Del. 2024).

[3] Zymergen's contention that Plaintiff's objection in bankruptcy court in order to preserve Zymergen's documents from being destroyed somehow results in a punishment that Plaintiff "should not be heard now" is nonsense. ECF 501 at 5. It is the Zymergen Defendants that have the burden of proving the privileges exist and are not waived, not Plaintiff.

PLAINTIFF'S RESPONSE TO ZYMERGEN DEFENDANTS' BRIEF REGARDING ZYMERGEN'S
PRIVILEGES (ECF 501) - 5:21-cv-06028-PCP                                                                                                  - 3 -
4906-3807-0809.v1

Oct. 2, 2019) ("Trustee indicated he does not intend to waive any applicable privilege held by the company [but] he has failed to provide any basis for why such a privilege exists.").

Zymergen Defendants ignore this reality and argue that the Trustee can still "carry out the company's affairs." ECF 501 at 4. Some bankruptcy trusts might carry on a debtor's actual business, but the "affairs" that the Zymergen Defendants claim the Trustee can carry out are all with no objective to continue or engage in the conduct of trade or business. Thus, the insertion of a Trustee does not change that "[t]he business is dead, and it no longer possesses the attorney-client privilege." *Lunera Lighting*, 2021 WL 2711229, at *3; *In re Am. Med. Collection Agency, Inc., Customer Data Sec. Breach Litig.*, 2023 WL 8595741, at *6 (D.N.J. Oct. 16, 2023) ("The Court cannot agree that simply discharging certain bankruptcy requirements, without any evidence of ongoing commercial activity or viability, permits the conclusion that AMCA is something more than a defunct corporation for purposes of a privilege analysis.").

### III. The Court Should not Allow Zymergen Defendants' Shifting Position to Continue to Trial

As the Zymergen Defendants have failed to show that the Trustee is asserting any privilege and the attorney-client and work-product privileges not waived, Zymergen Defendants now argue that the Court should punt on the issue as not ripe. ECF 501 at 7. They claim that the issue should be decided "through motions *in limine* or other mechanisms at trial." *Id*. But "[t]he fact that information might ultimately be excluded at trial is not a basis for refusing to grant discovery." *Le Baron's Estate v. Rohm & Haas Co.*, 441 F.2d 575, 578 (9th Cir. 1971). The Ninth Circuit clearly contemplated that this issue be resolved at discovery, saying that in imposing an implied waiver "***the court directs the party holding the privilege to produce the privileged materials*** if it wishes to go forward with its claims implicating them." *Bittaker v. Woodford*, 331 F.3d 715, 720 (9th Cir. 2003). Forcing Plaintiff to proceed through the conclusion of fact discovery, expert discovery, and dispositive motions, only to file a motion *in limine* or to wait until trial is at hand, contravenes Zymergen Defendants' burden to show the privileges exist. They are the ones that are implicating waiver in discovery, with the choice to produce the privileged materials or drop the defenses.

Citation to cases concerning motions *in limine* also do not show that this issue is not ripe. In fact, the Court made findings in *Charles Schwab* and *Lending Club* at discovery and ordered production of documents. *See In re Charles Schwab Corp. Sec. Litig.*, 3:08-cv-02983, ECF 21 (N.D. Cal. Feb. 23, 2010); *In re Lending Club Sec. Litig.*, 3:16-cv-02670, ECF 62 (N.D. Cal. Sept. 8, 2017). And *Twitter* is squarely in step with the implied waiver choice given to defendants in discovery. *Shenwick v. Twitter, Inc.*, 2021 WL 1232451, at *4 (N.D. Cal. Mar. 31, 2021) ("Having withheld documents on the subjects of its public statements on the grounds of privilege, fairness dictates that Defendants not be able to introduce evidence implying that its lawyers passed on the adequacy of Defendants' communications."). Indeed, fairness dictates that the Court weigh in now, instead of having disruptions closer to trial.

Furthermore, the burden of showing that the privileges are not waived is applicable now, not later as the Zymergen Defendants prefer. ECF 501 at 6; *Weil*, 647 F.2d at 25 ("One of the elements that the asserting party must prove is that it has not waived the privilege."). As discussed already by Plaintiff in its supplemental brief to the Court, it appears that the Trustee on one side, and the Director Defendants on the other, are adversaries. ECF 500 at 6-7 (Plaintiff's discussion of the unfairness of Zymergen and Director Defendants' working in tandem together and waiver). While both are simultaneously being represented by WilmerHale in this litigation, sharing Zymergen's privileged documents and attorney work-product with the Director Defendants' waives the protections and has already caused significant unfairness in discovery. *See State Comp. Ins. Fund v. Drobot*, 192 F. Supp. 3d 1080, 1090 (C.D. Cal. 2016) (discussing how "conflict [where fraud victim (company) and perpetrator represented by the same law firm] had already impacted discovery," such as plaintiff not knowing who was answering interrogatories and raising privilege "without identifying who held that privilege").

In sum, if the Zymergen Defendants continue to withhold information, the Court should strike their good faith and due diligence affirmative defenses. *See* ECF 500 at 6-7.

DATED: February 11, 2025

                                                   s/ Patton L. Johnson
                                              PATTON L. JOHNSON

| | |
|---|---|
| 1 | |
| 2 | ROBBINS GELLER RUDMAN |
| |   & DOWD LLP |
| | JUAN CARLOS SANCHEZ |
| 3 | PATTON L. JOHNSON |
| | 655 West Broadway, Suite 1900 |
| 4 | San Diego, CA 92101 |
| | Telephone: 619/231-1058 |
| 5 | 619/231-7423 (fax) |
| | jsanchez@rgrdlaw.com |
| 6 | pjohnson@rgrdlaw.com |
| 7 | ROBBINS GELLER RUDMAN |
| |   & DOWD LLP |
| 8 | SHAWN A. WILLIAMS |
| | DANIEL J. PFEFFERBAUM |
| 9 | ALAINA L. GILCHRIST |
| | Post Montgomery Center |
| 10 | One Montgomery Street, Suite 1800 |
| | San Francisco, CA 94104 |
| 11 | Telephone: 415/288-4545 |
| | 415/288-4534 (fax) |
| 12 | shawnw@rgrdlaw.com |
| | dpfefferbaum@rgrdlaw.com |
| 13 | agilchrist@rgrdlaw.com |
| 14 | Counsel for Plaintiffs |
| 15 | |
| | BERMAN TABACCO |
| 16 | NICOLE LAVALLEE (SBN 165755) |
| | KRISTIN J. MOODY (SBN 206326) |
| 17 | CHRISTINA M. SARRAF (SBN 328028) |
| | 425 California Street, Suite 2300 |
| 18 | San Francisco, CA 94104 |
| | Telephone: 415/433-3200 |
| 19 | 415/433-6382 (fax) |
| | nlavallee@bermantabacco.com |
| 20 | kmoody@bermantabacco.com |
| | csarraf@bermantabacco.com |
| 21 | |
| | BERMAN TABACCO |
| 22 | LESLIE R. STERN |
| | PATRICK T. EGAN |
| 23 | One Liberty Square |
| | Boston, MA 02109 |
| 24 | Telephone: 617/542-8300 |
| | 617/542-1194 (fax) |
| 25 | lstern@bermantabacco.com |
| | pegan@bermantabacco.com |
| 26 | |
| | Counsel for Plaintiff West Palm Beach |
| 27 | Firefighters' Pension Fund |
| 28 | |

PLAINTIFF'S RESPONSE TO ZYMERGEN DEFENDANTS' BRIEF REGARDING ZYMERGEN'S
PRIVILEGES (ECF 501) - 5:21-cv-06028-PCP - 6 -
4906-3807-0809.v1

| | |
|---|---|
| 1 | |
| 2 | KLAUSNER, KAUFMAN, JENSEN<br>  & LEVINSON |
| 3 | ROBERT D. KLAUSNER<br>BONNI S. JENSEN |
| 4 | 7080 NW 4th Street<br>Plantation, FL  33317 |
| 5 | Telephone:  954/916-1202<br>954/916-1232 (fax) |
| 6 | bob@robertdklausner.com<br>bonni@robertdklausner.com |
| 7 | Board Counsel for Plaintiff West Palm Beach<br>Firefighters' Pension Fund |