UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BIAO WANG et al.,<br><br>Plaintiffs,<br><br>v.<br><br>ZYMERGEN INC., et al.,<br><br>Defendants. | Case No. 21-cv-06028-PCP   (SVK)<br><br>**ORDER RE ZYMERGEN DEFENDANTS' PRIVILEGE ISSUES**<br><br>Re: Dkt. Nos. 452, 483, 500, 501 |

Before the Court is the issue of whether Zymergen, Inc., can assert attorney-client and work product privileges in the instant litigation. A brief review of the procedural path to this dispute provides helpful context. In December 2024, Plaintiffs raised several challenges to the Zymergen Defendants'[1] privilege log. Dkt. 452. The Court has addressed each challenge through a series of hearings and requests for supplemental briefing. *See* Dkt. 456, 458, 483, 484, 502. Some of the disputes have been resolved outright in prior Orders, and others were conditionally resolved pending the outcome of the dispute which is the primary subject of this Order. Dkt. 483, 502, 506. One dispute, regarding disclosures to the SEC, was taken under submission and is addressed at the end of this Order.

### I.     Zymergen's Ability to Assert Any Privilege

Late in the briefing process, Plaintiffs raised a challenge to Zymergen's ability to assert *any* privilege on the grounds that it is a "defunct" corporation. Dkt. 475-1. Obviously this challenge impacts all of the privilege issues that have been raised over the past several months. In support of this challenge, Plaintiffs put forth a variety of arguments, which the Court organizes as follows:

1. Zymergen no longer operates as a commercial enterprise and consequently has no privileges or protections to assert;

---

[1] "Zymergen Defendants" refers collectively to Zymergen, Inc. ("Zymergen" or the "Company") and eight of its former directors: Steven Chu, Jay T. Flatley, Christine M. Gorjanc, Travis Murdoch, Matthew A. Ocko, Sandra E. Peterson, Zach Serber, and Rohit Sharma (the "Director Defendants"). The Court distinguishes between Zymergen and the Director Defendants where necessary and refers to the collective Zymergen Defendants when appropriate.

2. If the privilege is held by the Liquidating Trustee, the Trustee has not asserted the privilege;
3. Zymergen has waived the attorney-client privilege by asserting a good faith defense;
4. Zymergen has waived the attorney-client privilege by working with the Director Defendants.

*See* Dkt. 500, 521.

The Court **OVERRULES** Plaintiffs objections, on the reasoning set forth below.

**A.      Zymergen's Ability to Assert Any Privilege in light of Bankruptcy Proceedings.**

In October 2023, Zymergen, Inc. filed for bankruptcy protection in U.S. Bankruptcy Court in Delaware. Dkt. 501 at 2. That proceeding, in which Plaintiffs participated, gave rise to a Liquidating Trust Agreement, which provides for a Trustee. *Id*. at 3, 5. The Liquidating Trust Agreement approved by the Bankruptcy Court provides in relevant part:

> **Any documents or communications** (whether written or oral, and including confidential information) **transferred by the Debtors … to the Liquidating Trust shall vest, including all rights and privileges, including the attorney-client and work product privileges, related thereto, in the Liquidating Trustee** and its, his or her representatives, …. After the Effective Date, no person other than the Liquidating Trustee shall have the right to assert or waive any privilege of the Debtors or to make any admission or statement against interest respecting the Debtors.

Dkt. 501 at 4, *citing*, Ex. 5, § 12.5(b) (emphasis added by Court). The Trustee is responsible for winding up Zymergen's affairs, "including taking any steps needed to dissolve, liquidate, and ultimately terminate Zymergen's corporate and organizational existence." Dkt. 501 at 3. The Trustee's work is underway, and nothing in the record indicates that Zymergen has been dissolved or otherwise terminated.

Against this backdrop, Plaintiffs argue that because Zymergen is no longer a going concern, it has no privileges to assert. Dkt. 500 at 2, citing *Abdo v. Fitzsimmons*, 2019 WL 10910805, at *1-2 (N.D. Cal. Oct. 2, 2019); Dkt. 521 at 3-4, citing *Jiaxing Super Lighting Elec. Appliance Co., v. Lunera Lighting, Inc.*, 2021 WL 2711229, at *2 (N.D. Cal. July 1, 2021) and *In re Am. Med. Collection Agency, Inc., Customer Data Sec. Breach Litig.*, 2023 WL 8595741, at

2

*6 (D.N.J. Oct. 16, 2023). However, none of the cases relied upon by Plaintiff address the situation at hand where a Bankruptcy Court took affirmative action to vest in the Trustee, whose express purpose is to wind up the company's affairs, "all rights and privileges, including the attorney-client and work product privileges."

A more instructive authority is *Commodities Futures Trading Comm'n v. Weintraub*, 471 U.S. 343, 105 S.Ct. 1986, 85 L.Ed.2d 372 (1985)**,** wherein the Supreme Court addressed the specific issue of who, as between the bankruptcy trustee or the former directors, had the right to waive the attorney-client privilege. Affirmed throughout the opinion is the premise that a bankruptcy trustee may have a privilege to waive. "We find no federal interests that would be impaired by the trustee's control of the corporation's attorney-client privilege with respect to pre-bankruptcy communications." *Id*. at 353. In sum, Plaintiffs' premise that a truly defunct corporation has no privilege to assert is not incorrect; it simply does not address the situation at hand where pre-bankruptcy documents and the privileges attached thereto have been transferred to a Trustee who is still managing the company's affairs prior to termination of the corporation.

### B. Zymergen's Counsel is Authorized to Assert Privilege on Behalf of the Trustee

Plaintiffs argue that even if there is a privilege to assert, there is nothing in the record that indicates the Trustee, the holder of the privilege, is asserting it in this case. Dkt. 521 at 1. To ensure a clear record, the Court requested and received confirmation that the Trustee acquiesces to the assertion in this instance. Dkt. 522, 523, 523-1. Perhaps anticipating such confirmation, Plaintiffs suggest that WilmerHale asserting the privilege on behalf of the Trustee gives rise to a conflict of interest. Dkt. 521 at 2. The suggestion, presented without legal support, unnecessarily reaches far beyond the bounds of the present discovery dispute. The record before the Court is that the Trustee has directed WilmerHale to assert the attorney-client privilege in this instance. Dkt. 523, 523-1. That is all the Court needs to give effect to the Bankruptcy Court's directive memorialized in the Liquidating Trust Agreement

**C. The Good Faith Defense Does Not Automatically Waive the Attorney-Client Privilege**

Plaintiffs assert that Zymergen has waived privileges by asserting the affirmative defense of "Good Faith." Dkt. 500 at 4, citing Dkt. 374 at 54. Plaintiffs argue, briefly, that the affirmative defense "is the classic waiver scenario where 'a litigant waives the attorney-client privilege by putting the lawyer's performance at issue during the course of litigation,'" citing *Bittaker v. Woodford*, 331 F.3d 715, 718 (9th Cir. 2003). Once again, Plaintiffs correctly state a legal precept but misapply it to the facts at hand. Key to waiver of the good faith defense is that the defendant has put "the lawyer's performance at issue during the course of the litigation." *See Sheet Metal Workers Nat'l Pension Fund v. Bayer Aktiengesellschaft*, 2024 WL 74928, at *2 (N.D. Cal. Jan. 5, 2024). Here Plaintiffs have made no showing that in asserting the defense, Zymergen is relying upon its lawyers' performance or communications, in sharp contrast to the defendants in *Sheet Metal Workers*. In oral argument, Plaintiff suggested that a waiver was implied because the Zymergen Defendants are "essentially saying that they, you know, acted in conformity with the law, the SEC rules and regulations. So, that squarely puts, you know, their communications with their counsel about how they acted in conformity with the law at issue." Dkt. 462 (12/17/24 Hearing Tr.) at 13. Still missing from this argument is evidence that these Defendants are relying on communications with counsel in support of this defense. On different facts, a good faith defense may well lead to waiver, but not on this record.

**D. Argument that Zymergen has waived the attorney-client privilege by working with the Director Defendants**

The final argument is premised on two grounds. First, Plaintiffs argue that assertion of the good faith and due diligence defense by the Director Defendants gives rise to an implied waiver of the attorney-client privilege and also presents an issue of fundamental unfairness.[2] Dkt. 500 at 4. The Court addresses the good faith defense above. *See* Section I.C. As for the due diligence defense, in a similar dispute between the Plaintiffs and the Underwriter Defendants, the Court

---

[2] Plaintiffs' complaint that they cannot tell which Defendants are asserting which affirmative defenses is not well taken. Dkt. 500 at 4. In the Answer to the Second Amended Complaint, the Zymergen Defendants distinguish when an affirmative defense is asserted solely by Zymergen or solely by the Director Defendants where appropriate. Dkt. 374 at 53-54.

4

1  found that there is no automatic implied waiver from asserting the due diligence defense where the
2  assertion of privilege is narrowly drawn to protect only communications of legal advice as
3  distinguished from counsel's non-privileged participation in the due diligence process.  Dkt. 506.
4  As a result of this ruling, as of February 11, 2025, the Zymergen Defendants were re-evaluating
5  their privilege log for over-assertion of the attorney-client privilege.  Dkt. 520 at 5.  Accordingly,
6  the Court **ORDERS** as follows:  The Zymergen Defendants' re-review and subsequent production
7  of non-privileged documents, if not yet completed, must be completed and the non-privileged
8  documents produced **no later than February 28, 2025.**

The second argument is that Zymergen's disclosure of documents to the Director Defendants "is a selective waiver to an adversary that destroyed any privileges."  Dkt. 500 at 4. First, while it is conceivable that an action may arise from the bankruptcy proceedings that puts Zymergen and the Director Defendants in an adversarial posture, there is no such action at this time, and these Parties are co-defendants in this present litigation.  Moreover, although Plaintiffs do not elaborate as to what specific disclosures they are relying upon, Defendants appropriately point out that "the communications at issue are pre-bankruptcy communications to which the Director Defendants were a party and/or had access *at the time of the communication* as members of Zymergen's board."  Dkt. 520 at 3 (emphasis in original).  The facts at hand simply do not support Plaintiffs' waiver argument.  The Court further agrees with Defendants that Plaintiffs' argument regarding the joint defense privilege is merely a strawman and not sustainable on this record.  Dkt. 500 at 5;  Dkt. 520 at 3.

**II.     Zymergen Disclosures to the SEC Did Not Waive the Attorney-Client Privilege or Work Product Protection.**

In the Parties' original Joint Submission and subsequent briefing, Plaintiffs challenged Zymergen's assertion of privilege in light of certain disclosures to the SEC.  The Court issued a tentative ruling at the January 21, 2025 hearing, and heard further argument.  Having reviewed further the relevant briefs and exhibits as well as the presentations of counsel, the Court stands by its tentative ruling of no waiver by the described disclosures.  Dkt. 489 (1/21/25 Hearing Tr.) at 51.

### III. CONCLUSION

As a result of the foregoing, all of Plaintiffs' outstanding privilege challenges to the Zymergen Defendants' privilege log have been resolved. The Orders set forth in Dkt. 483 that were contingent upon a finding that Zymergen could assert privileges are now final.

Plaintiffs' request for relief to strike affirmative defenses is **DENIED** without prejudice to raising other appropriate grounds before the Presiding Judge.

**SO ORDERED.**

Dated: February 21, 2025

SUSAN VAN KEULEN
United States Magistrate Judge