ROBBINS GELLER RUDMAN
  & DOWD LLP
SHAWN A. WILLIAMS (213113)
DANIEL J. PFEFFERBAUM (248631)
ALAINA L. GILCHRIST (335807)
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA 94104
Telephone: 415/288-4545
415/288-4534 (fax)
shawnw@rgrdlaw.com
dpfefferbaum@rgrdlaw.com
agilchrist@rgrdlaw.com
  – and –
JUAN CARLOS SANCHEZ (301834)
PATTON L. JOHNSON (320631)
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)
jsanchez@rgrdlaw.com
pjohnson@rgrdlaw.com

Counsel for Plaintiffs

[Additional counsel appear on signature page.]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| BIAO WANG, Individually and on Behalf of All Others Similarly Situated,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>ZYMERGEN INC., et al.,<br><br>　　　　　Defendants. | Case No. 5:21-cv-06028-PCP<br><br>LEAD PLAINTIFF'S OPPOSITION TO THE DCVC DEFENDANTS' MOTION TO ENLARGE TIME UNDER CIVIL LOCAL RULE 6-3 |

4935-4493-1107.v1

I.  **INTRODUCTION**

Lead Plaintiff and Class Representative Biao Wang ("Plaintiff") hereby opposes the DCVC Defendants' Motion to Enlarge Time Under Civil Local Rule 6-3 (ECF 529) (the "Motion") on the grounds that DCVC fails to satisfy the good cause standard required to modify a scheduling order.[1]  DCVC purportedly seeks discovery from Baron Capital Management, Inc. ("Baron") related to Baron's purchases of Zymergen stock on behalf of named plaintiff West Palm Beach Firefighters Pension Fund ("West Palm").  Baron is well-known to DCVC and its controlling owner, Defendant Matt Ocko ("Ocko"): Baron was a pre-IPO investor in Zymergen along with DCVC and was identified as West Palm's investment manager in initial disclosures over two years ago.  The discovery sought does not pertain to whether DCVC controlled Zymergen under §15, as alleged in the complaint (ECF 321), and Ocko apparently did not believe the Baron discovery was sufficiently critical to pursue since discovery commenced in this action on December 15, 2022.

Good cause requires diligence, and DCVC does not, and cannot, demonstrate that it has been diligent.  First, DCVC allowed half of the discovery period to elapse before seeking discovery from Baron.  Then, after it canceled Baron's subpoenaed deposition date on December 18, 2024, it waited until eight days prior to the end of discovery to try to reschedule.  Even still, Plaintiff stated it would stipulate to a brief extension of time if DCVC would confirm that Baron would also comply with Plaintiff's outstanding subpoena and the deposition would not encroach on expert discovery.  DCVC declined.  DCVC then inexplicably failed to seek relief from the case schedule for a month after the January 31, 2025 fact discovery cut off.  DCVC's attempt to shift blame to Plaintiff for its own failure is baseless.  Plaintiff repeatedly advised DCVC that no party could conduct a post-discovery deposition without leave of Court and offered a reasonable compromise.  Having failed to show good cause, the Court should deny DCVC's Motion.

---

[1]  "DCVC Defendants" or "DCVC" refers to Defendants Data Collective II, L.P., DCVC Opportunity Fund, L.P., and DCVC Management Co, LLC.  "Ex." refers to Exhibits A-D attached to the Declaration of Daniel J. Pfefferbaum in Support of Lead Plaintiff's Opposition to the DCVC Defendants' Motion to Enlarge Time Under Civil Local Rule 6-3 filed concurrently herewith.

LEAD PLAINTIFF'S OPPOSITION TO THE DCVC DEFENDANTS' MOTION TO ENLARGE TIME
UNDER CIVIL LOCAL RULE 6-3 - 5:21-cv-06028-PCP                                                                                              - 1 -
4935-4493-1107.v1

## II.     RELEVANT PROCEDURAL HISTORY

On November 21, 2024, DCVC issued a subpoena for documents to Baron relating to its investment in Zymergen on behalf of itself and West Palm and its communications with Plaintiff's counsel.  ECF 529-2.  On December 3, 2024, DCVC then sought testimony on the same.  ECF 529-3.  On December 18, 2024, Plaintiff sought documents and testimony relating to all Baron's investments in Zymergen, and its communications and relationships with the other defendants in this action, including DCVC.  ECF 529-4.

Plaintiff and Baron engaged in multiple meet and confers and Plaintiff proposed search terms, which Baron claimed returned 18,000 documents.  Plaintiff requested hit counts to narrow the search but Baron refused to provide this information and ceased negotiating with Plaintiff.

On December 18, 2024, DCVC canceled Baron's January 9, 2025 noticed deposition, and stated that it would reschedule.  Ex. A.  DCVC never re-subpoenaed Baron for a deposition during discovery, and instead on January 23, 2025, requested that Plaintiff stipulate to an extension of fact discovery for the Baron deposition.  Plaintiff agreed, provided that Baron produce the documents sought by Plaintiff's subpoena and prepare a deponent to testify on the topics identified by Plaintiff.  Plaintiff also insisted that Baron sign on to the stipulation and that the additional discovery be completed sufficiently in advance of expert discovery.  DCVC declined.  Ex. B.

After the fact discovery cut-off, on February 7, 2025, DCVC filed a motion in the Southern District of New York ("SDNY") to compel Baron's deposition despite "ongoing cooperation from Baron."  ECF 529-5 at 3.  On February 18, 2025, DCVC again asked Plaintiff for a stipulation to take Baron's deposition.  Plaintiff again sought Baron's compliance but Baron refused to produce further documents responsive to Plaintiff's subpoena and would not confirm that it would prepare a corporate representative to testify on Plaintiff's topics.  As a result, Plaintiff declined to enter a stipulation. Ex. C.  Plaintiff reiterated to DCVC that – whether by stipulation or motion – an order from this Court was necessary to take a deposition after the discovery cutoff.  DCVC did not bring this motion until February 28, 2025, one month past the fact discovery deadline and three weeks after the February 7, 2025 deadline for fact discovery motions.

**III.    ARGUMENT**

    **A.    DCVC Fails to Show Good Cause to Modify the Case Schedule**

This Court's standing order requires that "*[o]nce set, case schedules . . . will only be modified for good cause*" and requests must be made "at least 72 hours before the date at issue." Judge P. Casey Pitts Standing Order for Civil Cases at 4.  Further, Rule 16(b)(4) states that "[a] schedule may be modified *only for good cause and with the judge's consent*."  Fed. R. Civ. P. 16(b)(4).  "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).

        **1.    DCVC Sought to Reduce, Not Enlarge, the Time Available for Fact Discovery In This Action**

The first consideration is whether DCVC was diligent in "creat[ing] a workable schedule at the outset of litigation."  *Adobe Sys. Inc. v. Coffee Cup Partners, Inc.*, 2012 WL 3877783, at *6 (N.D. Cal. Sept. 6, 2012).  On February 26, 2024, the Court directed the existing defendants and proposed additional VC Defendants to propose a case schedule, including specifically "discovery cutoffs."  ECF 313 at 6.  Plaintiff proposed that fact discovery proceed for 180 days following resolution of any motions to dismiss.  Defendants, including DCVC and Ocko, countered with just 150 days.  Plaintiff agreed.  ECF 363 at 16.  The Court entered a date-certain fact discovery cut off of January 31, 2025, ultimately providing 170 days for discovery.  ECF 364.

When Ocko and DCVC proposed their 150-day discovery, they were well aware of Baron's role as an early Zymergen investor in the Series D financing round.  ECF 529 at 3.  As DCVC admits, DCVC and Baron were signatories to the same July 2020 Series D agreements.  ECF 529 at 3.  Ocko – who owns and controls DCVC (*see* ECF 395 at 20) – knew Baron was West Palm's investment manager from Plaintiff's January 18, 2023 initial disclosures.  And, on June 15, 2023, Ocko's counsel deposed West Palm, which addressed Baron's role as investment manager.  Thus, the duration of the discovery period is a product of DCVC's fully-informed litigation strategy.

        **2.    DCVC and Ocko Failed to Timely Pursue Baron Discovery**

DCVC has made no showing "that the scheduling order imposes deadlines that have become unworkable notwithstanding its diligent efforts to comply with the schedule."  *Adobe*,

1  2012 WL 3877783, at *6.  DCVC allowed 100 out of 170 days of the discovery period to elapse
2  before seeking discovery from Baron.  DCVC does not provide any explanation for this delay, nor
3  do they point to any relevant factual development or evidentiary discoveries that would justify it.
4  DCVC's cries that discovery from Baron is "critical" does not satisfy the good cause standard.  *See*
5  *GERS, Inc. v. Atl. Mut. Ins. Co.*, 2004 WL 7338843, at *2 (S.D. Cal. Mar. 5, 2004) ("[T]his is a
6  problem of Defendant's own making" and "[t]he facts surrounding the late notice of Mr. Gates'
7  deposition belie Atlantic Mutual's insistence that his deposition is critical.").  Notably, the
8  discovery sought is not unique to the §15 claims against DCVC, *i.e.*, the issues concerning its
9  control over Zymergen.  As DCVC admits, the discovery sought concerns whether Baron had
10 inside information about Zymergen which could purportedly lead to West Palm's claims being
11 "barred."  ECF 529 at 3.  But, because West Palm is not a Class Representative, even if DCVC
12 proved its speculative theory, Plaintiff's and the Class' claims would continue.  This is likely why
13 neither Ocko, nor any other defendant, has pursued this discovery for the last two years and do not
14 join DCVC in claiming they will suffer prejudice without it.

**3.    DCVC Was Not Diligent In Seeking the Necessary Extension**

16 DCVC has failed to show that "it was diligent in seeking the amendment once it became
17 apparent that extensions were necessary." *Adobe*, 2012 WL 3877783, at *6.  This Court's standing
18 order requires that any motion to extend fact discovery is filed ***72 hours before*** the deadline, but
19 DCVC waited over ***a month after*** the discovery cut-off and three weeks after the last day to file
20 discovery motions.[2]  Judge P. Casey Pitts Standing Order for Civil Cases; L.R. 37-3.  DCVC had
21 ample opportunity to timely seek an extension but did not.  On December 18, 2024, DCVC stated
22 it intended to reschedule the Baron deposition, but then waited until January 23, 2025 to ask
23 Plaintiff to enter a stipulation.  Plaintiff agreed on the condition that Baron join the stipulation and
24 comply with Plaintiff's subpoena.  DCVC refused this proposal.

---

[2]  DCVC moves pursuant to Local Rule 6-3, which is not the appropriate mechanism to alter the case schedule, but even if it were, DCVC did not timely file as a motion enlarging time "must be filed no later than ***14 days before*** the scheduled event," *i.e.*, ***January 17, 2025***.  L.R. 6-1(b).

LEAD PLAINTIFF'S OPPOSITION TO THE DCVC DEFENDANTS' MOTION TO ENLARGE TIME
UNDER CIVIL LOCAL RULE 6-3 - 5:21-cv-06028-PCP                                                                - 4 -
4935-4493-1107.v1

Instead of timely seeking relief from this Court, on February 7, 2025, DCVC filed a motion to compel Baron in SDNY. DCVC's election to file a motion to compel in another court does not excuse its failure to seek leave *in this Court*, as required by the Federal Rules, the Local Rules, and this Court's standing orders. Indeed, DCVC's motion to compel in SDNY acknowledges that Baron was cooperating but claimed that "a court order is necessary to preserve DCVC's rights" because Plaintiff did not "stipulate to an extension of fact discovery." ECF 529-5 at 3. This suggests that Baron did not need to be compelled, but rather, DCVC needed a timely mechanism to extend discovery – which its SDNY motion does not satisfy.

Then, in violation of this Court's Order and applicable Rules, on February 24, 2025, DCVC issued a subpoena to Baron under the authority of this Court, which it did not have, for a deposition to occur on March 12, 2025. Ex. D; ECF 364 at 2; L.R. 37-3 ("'discovery cut-off' is the date . . . by which all depositions must be concluded"); Fed. R. Civ. P. 45(a)(D)(2). This is not diligence and does not meet the good cause standard.

### 4. Plaintiff Will Suffer Prejudice if the Deposition is Allowed

"[T]he existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion." *Johnson*, 975 F.2d at 609. Here it is Plaintiff, not DCVC, that will suffer prejudice if Baron's deposition is allowed to proceed, as the parties are preparing to exchange expert reports next week. ECF 529 at 3. Plaintiff first learned DCVC's theory of why Baron's testimony was relevant from its SDNY motion, but, as discovery has ended, Plaintiff will be unable to develop facts to counter this narrative. Further, Baron is apparently cooperating with DCVC while refusing to engage with Plaintiff, suggesting that Baron – an early stage investor like the other defendants – may be seeking to protect its current and future business interests.

## IV. CONCLUSION

The Court should deny DCVC's Motion for failure to demonstrate good cause.

DATED: March 4, 2025                     ROBBINS GELLER RUDMAN
                                         & DOWD LLP

                                         s/ Daniel J. Pfefferbaum
                                         DANIEL J. PFEFFERBAUM

LEAD PLAINTIFF'S OPPOSITION TO THE DCVC DEFENDANTS' MOTION TO ENLARGE TIME
UNDER CIVIL LOCAL RULE 6-3 - 5:21-cv-06028-PCP                                - 5 -
4935-4493-1107.v1

|   |   |
|---|---|
| 1 |  |
| 2 | SHAWN A. WILLIAMS<br>DANIEL J. PFEFFERBAUM |
| 3 | ALAINA L. GILCHRIST<br>Post Montgomery Center |
| 4 | One Montgomery Street, Suite 1800<br>San Francisco, CA 94104 |
| 5 | Telephone: 415/288-4545<br>415/288-4534 (fax) |
| 6 | shawnw@rgrdlaw.com<br>dpfefferbaum@rgrdlaw.com |
| 7 | agilchrist@rgrdlaw.com |
| 8 | ROBBINS GELLER RUDMAN<br>  & DOWD LLP |
| 9 | JUAN CARLOS SANCHEZ<br>PATTON L. JOHNSON |
| 10 | 655 West Broadway, Suite 1900<br>San Diego, CA 92101 |
| 11 | Telephone: 619/231-1058<br>619/231-7423 (fax) |
| 12 | jsanchez@rgrdlaw.com<br>pjohnson@rgrdlaw.com |
| 13 | Counsel for Plaintiffs |
| 14 |  |
| 15 | BERMAN TABACCO<br>NICOLE LAVALLEE (SBN 165755) |
| 16 | KRISTIN J. MOODY (SBN 206326)<br>CHRISTINA M. SARRAF (SBN 328028) |
| 17 | 425 California Street, Suite 2300<br>San Francisco, CA 94104 |
| 18 | Telephone: 415/433-3200<br>415/433-6382 (fax) |
| 19 | nlavallee@bermantabacco.com<br>kmoody@bermantabacco.com |
| 20 | csarraf@bermantabacco.com |
| 21 | BERMAN TABACCO<br>LESLIE R. STERN |
| 22 | PATRICK T. EGAN<br>One Liberty Square |
| 23 | Boston, MA 02109<br>Telephone: 617/542-8300 |
| 24 | 617/542-1194 (fax)<br>lstern@bermantabacco.com |
| 25 | pegan@bermantabacco.com |
| 26 | Counsel for Plaintiff West Palm Beach<br>Firefighters' Pension Fund |
| 27 |  |
| 28 |  |

LEAD PLAINTIFF'S OPPOSITION TO THE DCVC DEFENDANTS' MOTION TO ENLARGE TIME
UNDER CIVIL LOCAL RULE 6-3 - 5:21-cv-06028-PCP                                                                    - 6 -

4935-4493-1107.v1

| | |
|---|---|
| 1 | |
| 2 | KLAUSNER, KAUFMAN, JENSEN   & LEVINSON |
| 3 | ROBERT D. KLAUSNER<br>BONNI S. JENSEN |
| 4 | 7080 NW 4th Street<br>Plantation, FL  33317 |
| 5 | Telephone:  954/916-1202<br>954/916-1232 (fax) |
| 6 | bob@robertdklausner.com<br>bonni@robertdklausner.com |
| 7 | Board Counsel for Plaintiff West Palm Beach Firefighters' Pension Fund |

LEAD PLAINTIFF'S OPPOSITION TO THE DCVC DEFENDANTS' MOTION TO ENLARGE TIME UNDER CIVIL LOCAL RULE 6-3 - 5:21-cv-06028-PCP   - 7 -

4935-4493-1107.v1