GIBSON, DUNN & CRUTCHER LLP
MICHAEL D. CELIO, SBN 197998
　MCelio@gibsondunn.com
ZANETA J. KIM, SBN 317844
　ZKim@gibsondunn.com
310 University Avenue
Palo Alto, California 94301-1744
Telephone: 650.849.5300
Facsimile: 650.849.5333

GIBSON, DUNN & CRUTCHER LLP
MICHAEL J. KAHN, SBN 303289
　MJKahn@gibsondunn.com
One Embarcadero Center, Suite 2600
San Francisco, California 94111-3715
Telephone: 415.393.8200
Facsimile: 415.393.8306

*Attorneys for Defendants Data Collective II, L.P., DCVC Opportunity Fund, L.P., and DCVC Management Co, LLC*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| BIAO WANG, Individually and on Behalf of All Others Similarly Situated,<br><br>　　　　Plaintiff,<br>　v.<br>ZYMERGEN INC., et al.,<br><br>　　　　Defendants. | CASE NO. 5:21-cv-06028-PCP<br><br>**DCVC DEFENDANTS' MOTION FOR LEAVE TO FILE A MOTION FOR RECONSIDERATION RE DKT. 536** |

**INTRODUCTION**

DCVC[1] respectfully requests that the Court grant DCVC leave to file a motion for reconsideration of the Court's order denying DCVC's motion to enlarge time to take the deposition of Baron Capital.[2] *See* Dkt. 536 (the "Order"). The Court denied the motion because it believed it would not be fair to allow DCVC to take discovery from Baron unless Plaintiff also could take discovery from Baron, notwithstanding the fact that only DCVC moved to compel discovery from Baron. However, the Court suggested it may reconsider its ruling if the Court's concerns were addressed. Since the Court issued the Order, **Plaintiff has elected not to pursue discovery from Baron**, thus mooting any concerns of prejudice this Court may have had at the time of its Order. As such, DCVC seeks reconsideration of the Court's March 6 Order denying DCVC's motion to enlarge time.

**RELEVANT BACKGROUND**

On February 28, 2025, DCVC filed a motion to enlarge time to allow DCVC to depose non-party Baron after the close of fact discovery, pursuant to a subpoena issued two months *before* the close of fact discovery—and a timely motion to compel. *See* Dkt. 529. Plaintiff opposed on March 4, 2025, claiming that he would suffer prejudice if DCVC was allowed to depose Baron because Baron was "refusing to engage with Plaintiff" (no doubt because, unlike DCVC, Plaintiff elected to stop pursuing discovery from Baron by failing to timely move to compel). Dkt. 535 at 5. On March 6, 2025, the Court denied DCVC's motion due to concerns of prejudice to Plaintiff who purportedly has been "unable" to get discovery from Baron. *See* Mar. 6, 2025 Status Conf. Tr. (Dkt. 538) at 12:14–22; 13:12–14; 23:5–11. Notwithstanding its denial, the Court stated that the Order "does not prevent the parties from . . . reach[ing] some agreement" regarding the remaining discovery and that such agreement may require the parties to "work[] with the third party themselves to get their commitments[.]" *Id.* at 25:8–18.

Following the Court's Order, DCVC reached out to both Baron and Plaintiff in efforts to reach an agreement on the remaining discovery Plaintiff purportedly was "unable" to get from Baron. Specifically, on March 26, 2025, DCVC asked Baron whether Plaintiff has made any attempt to obtain

---

[1] "DCVC" or "DCVC Defendants" refers to Defendants Data Collective II, L.P., DCVC Opportunity Fund, L.P., and DCVC Management Co, LLC.
[2] "Baron Capital" or "Baron" refers to Baron Capital Management, Inc.

Gibson, Dunn & Crutcher LLP

discovery from Baron and requested that Baron produce documents in response to Plaintiff's subpoena. Decl. of Zaneta Kim in Supp. of DCVC's Mot. for Leave to File Mot. for Recons. (the "Kim Decl."), ¶ 3. Baron refused to engage with DCVC and instead responded: "If you have questions for your adversary, ask them." *Id.* On March 27, 2025, DCVC asked Plaintiff whether he heard from Baron since the Court's Order and, if not, what steps he was planning to take to obtain discovery from Baron. *Id.* ¶ 4, Ex. A. Plaintiff did not respond, so DCVC followed up on April 1, 2025. *Id.* Plaintiff responded to that follow-up message—with a prominent use of the passive voice—stating that he had "*not been informed* of any change in Baron's position." *Id.* Because that response indicated that Plaintiff had not spoken to Baron since the Court's March 6 Order, DCVC asked Plaintiff to confirm that he had stopped making efforts to pursue discovery from Baron. *Id.* On April 7, 2025, Plaintiff responded, "it's unclear what the basis would be for [DCVC's] demand that plaintiff 'pursue discovery' after the discovery cutoff." *Id.* That same day, DCVC told Plaintiff that it intended to file this motion given that Plaintiff is not continuing to seek discovery from Baron while DCVC, on the other hand, is. *Id.* On April 8, 2025, Plaintiff notified DCVC that "[a]t [DCVC's] behest, [Plaintiff] re-engaged with counsel for Baron Capital" and that Baron "will not be producing further documents responsive to Plaintiff's document subpoena or making a deponent available on the topics that Plaintiff requested." *Id.* On April 9, 2025, DCVC offered to amend its motion to compel against Baron pending in the Southern District of New York or, alternatively, stipulate to allow Plaintiff to file a motion to compel against Baron past the fact discovery cutoff so that he may obtain his discovery. *Id.* As of the filing of this motion, Plaintiff has not responded to this offer. *Id.*

## ARGUMENT

The Court should permit DCVC's motion for reconsideration because a "new material fact" has emerged since the Court's March 6 Order: namely, that Plaintiff **has not pursued and does not intend to pursue discovery from Baron**. Pursuant to Civil Local Rule 7-9, a motion for leave to file a motion for reconsideration requires a showing of (1) "reasonable diligence" in bringing the motion and (2) one of the following circumstances: (a) "a material difference in fact or law from that which was presented to the Court" to that which exists at the time of the motion for leave; (b) the "emergence of new material facts or a change of law occurring after the time of such order;" or (c) a "manifest failure by the Court

to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order." Civ. L.R. 7-9(b). Plaintiff's choice to abandon this discovery eliminates any concern about unequal treatment, which was his basis for opposing the extension.

Pursuant to the Court's March 6 Order, DCVC diligently attempted to work together with Plaintiff and Baron to ensure that "all of the parties that have an interest in getting this discovery from [Baron] . . . are able to do so." Dkt. 538 at 13:8–10. Specifically, DCVC reached out to Baron to request that Baron comply with Plaintiff's subpoena. Kim Decl. ¶ 3. When Baron refused to engage, DCVC reached out to Plaintiff to coordinate obtaining discovery from Baron. *Id.* ¶ 4, Ex. A. Plaintiff's response made clear he had made no effort to obtain discovery from Baron in the weeks since the Court's Order. Plaintiff "re-engaged" with Baron only after receiving multiple emails from DCVC, demonstrating that he has no interest in pursuing discovery from Baron. *Id.*

Plaintiff's abandonment of his discovery from Baron is a "new material fact" that warrants this Court's reconsideration of the March 6 Order. Plaintiff's lack of engagement with Baron since the March 6 Order, and his failure to respond to DCVC's offer to allow Plaintiff to file a motion to compel against Baron, make clear that he has no intention to pursue his discovery from Baron. It appears Plaintiff is using his discovery requests to Baron, and his "inability" to get discovery thereunder, merely as a strategic tool to prevent DCVC from obtaining discovery—not because Plaintiff is actually interested in getting information from Baron. This is a new material fact as it undermines the very reason this Court denied DCVC's motion. In light of Plaintiff's abandonment of his discovery from Baron, this Court should grant DCVC leave to file a motion for reconsideration of the Court's March 6 Order.

Alternatively, should the Court decide not to reconsider its March 6 Order and permit DCVC to take Baron's deposition, DCVC respectfully requests that the Court exclude any and all evidence Plaintiff obtained after the close of fact discovery. The Court refused to permit DCVC to take Baron's deposition after the close of fact discovery even though DCVC timely filed a motion to compel that deposition. Dkt. 538 at 14:17–24, 16:3–17. However, as DCVC pointed out at the March 6 hearing, Plaintiff similarly sought to obtain discovery after the fact discovery cutoff by filing motions to compel (or their equivalents under the magistrate judge's rules) without also seeking an order to extend the

case schedule.  *Id.* at 15:3–21; *see* Dkts. 499, 509, 511, 515, 532.  And Plaintiff obtained evidence in response to those motions.  Kim Decl. ¶ 5.  If DCVC is not permitted to obtain evidence after the close of discovery pursuant to a timely filed motion to compel, then Plaintiff should not be permitted to obtain such evidence either.  Any other result would result in unequal treatment of the parties, which the Court should not permit.

## CONCLUSION

For the foregoing reasons, DCVC respectfully requests that the Court grant it leave to file a motion to reconsider the Order on DCVC's motion to enlarge time (Dkt. 536), in the form attached hereto.

DATED: April 11, 2025                    Respectfully submitted,

**GIBSON, DUNN & CRUTCHER LLP**

*s/ Michael D. Celio*
MICHAEL D. CELIO (SBN 197998)
ZANETA J. KIM (SBN 317844)
310 University Avenue
Palo Alto, CA  94301-1744
Telephone: (650) 849-5300
Fax: (650) 849-5333
mcelio@gibsondunn.com
zkim@gibsondunn.com

**GIBSON, DUNN & CRUTCHER LLP**
MICHAEL J. KAHN (SBN 303289)
One Embarcadero Center, Suite 2600
San Francisco, CA  94111-3175
Telephone: (415) 393-8200
Fax: (415) 393-8306
mjkahn@gibsondunn.com

*Attorneys for Defendants Data Collective II, L.P., DCVC Opportunity Fund, L.P., and DCVC Management Co, LLC*