GIBSON, DUNN & CRUTCHER LLP
MICHAEL D. CELIO, SBN 197998
    MCelio@gibsondunn.com
ZANETA J. KIM, SBN 317844
    ZKim@gibsondunn.com
310 University Avenue
Palo Alto, California 94301-1744
Telephone: 650.849.5300
Facsimile: 650.849.5333

GIBSON, DUNN & CRUTCHER LLP
MICHAEL J. KAHN, SBN 303289
    MJKahn@gibsondunn.com
One Embarcadero Center, Suite 2600
San Francisco, California 94111-3715
Telephone: 415.393.8200
Facsimile: 415.393.8306

*Attorneys for Defendants Data Collective II, L.P., DCVC Opportunity Fund, L.P., and DCVC Management Co, LLC*

[Additional counsel appear on signature page.]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| BIAO WANG, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>ZYMERGEN INC., et al.,<br><br>Defendants. | CASE NO. 5:21-cv-06028-PCP<br><br>**DCVC, TRUE VENTURES, AND SOFTBANK DEFENDANTS' NOTICE OF MOTION AND MOTION TO SET BRIEFING SCHEDULE; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>**Hearing:**<br>Date:      April 10, 2025<br>Time:     10:00 a.m.<br>Place:     Courtroom 8, 4th Floor<br>Judge:    Hon. P. Casey Pitts |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on April 10, 2025, at 10:00 a.m., or as soon thereafter as the matter may be heard, in the United States District Court for the Northern District of California, San Jose Courthouse, Courtroom 8, 4th Floor, located at 280 South First Street, San Jose, CA 95113, Defendants Data Collective II, L.P., DCVC Opportunity Fund, L.P., and DCVC Management Co, LLC (the "DCVC Defendants" or "DCVC"), Defendants True Ventures IV, L.P., True Ventures Select I, L.P., True Ventures Select II, L.P., True Ventures Select III, L.P., True Ventures Select IV, L.P., and True Venture Management, L.L.C. (the "True Ventures Defendants" or "True Ventures"), and Defendants SVF Excalibur (Cayman) Limited, SVF Endurance (Cayman) Limited, SoftBank Vision Fund (AIV M1) LP, and SB Investment Advisers (US) Inc. (the "SoftBank Defendants" or "SoftBank") (together with DCVC and True Ventures, the "VC Defendants"), through their undersigned counsel, will, and hereby do, move the Court to set a briefing schedule for any motion Plaintiffs plan to file seeking to certify a class against the VC Defendants.

This Motion is based on this Notice, the supporting Memorandum of Points and Authorities ("Memorandum"), the complete files and records in this action, and any additional material and arguments as may be considered in connection with the hearing on this Motion.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   INTRODUCTION

Over a year has passed since plaintiffs Biao Wang and West Palm Beach Firefighters' Pension Fund ("Plaintiffs") brought the VC Defendants into this case. However, Plaintiffs have never sought to certify any class against the VC Defendants, perhaps under an assumption that no additional motion for class certification is needed in light of the Court's previous order on class certification. Plaintiffs are entirely mistaken in their belief that nothing need be done. Due process—and common sense—requires that the issue of class certification as to the newly added VC Defendants must be briefed and decided.

The reason should be self-evident. The Court certified the class on August 11, 2023, approximately six months before the VC Defendants were named as defendants in this case. The VC Defendants were thus not provided an opportunity to contest whether Plaintiffs have sufficiently met

their burden for class certification under Rule 23 of the Federal Rules of Civil Procedure ("Rule 23"). Allowing this case to move forward as a class action against the VC Defendants would violate their due process rights; they have a right to be heard on this issue before they are subjected to any liability. The need for briefing is further heightened by the fact that the class was certified ***without opposition*** from the defendants in the case at the time, so the VC Defendants risk being bound by a tactical choice—rather than a judicial determination—made by others in their absence.

This is no mere academic concern. Recent fact discovery, including testimony provided by Plaintiffs in depositions taken by the VC Defendants, has revealed that there are serious issues with Plaintiffs' ability to satisfy the Rule 23 requirements. The VC Defendants have a due process right to be heard on these issues; denying them that opportunity will undermine the validity of any trial in this action. As such, the VC Defendants respectfully request that the Court set a briefing schedule for class certification, directing Plaintiffs to move to certify a class as to the VC Defendants should they wish to maintain this case as a class action against them.

## II.     BACKGROUND

The initial complaint in this class action was filed on August 4, 2021, asserting securities fraud claims under Sections 11 and 15 of the Securities Act of 1933 (the "Securities Act") against defendants Zymergen Inc. ("Zymergen" or the "Company"), Josh Hoffman, Enakshi Singh, Steven Chu, Jay T. Flatley, Christine M. Gorjanc, Travis Murdoch, Matthew A. Ocko, Sandra E. Peterson, Zach Serber, Rohit Sharma, J.P. Morgan Securities LLC, Goldman Sachs & Co. LLC, Cowen and Company, LLC, BofA Securities, Inc., UBS Securities LLC, and Lazard Frères & Co. LLC.[1]  Dkt. 1.  On October 4, 2021, six putative class members filed their motions for appointment as lead plaintiff and approval of lead counsel, including Plaintiffs.[2]  Dkt. Nos. 23, 27, 30, 35, 42, 49.  On December 20, 2021, the Court appointed Mr. Wang as Lead Plaintiff.  Dkt. 69.

---

[1] Defendants Chu, Flatley, Gorjanc, Murdoch, Ocko, Peterson, Serber, and Sharma are collectively referred to hereafter as the "Director Defendants." Defendants J.P. Morgan Securities LLC, Goldman Sachs & Co. LLC, Cowen and Company, LLC, BofA Securities, Inc., UBS Securities LLC, and Lazard Frères & Co. LLC are collectively referred to hereafter as the "Underwriter Defendants."

[2] On October 18, 2021, West Palm Beach Firefighters' Pension Fund ("WPBFPF") filed its Response to the Competing Lead Plaintiff Motions, acknowledging that Mr. Wang was the presumptive lead plaintiff because he claimed the largest loss. Nonetheless, WPBFPF stated that it "remains willing and

On February 24, 2022, Plaintiffs filed their first amended complaint (the "FAC"), adding as defendants Data Collective II, L.P., DCVC Opportunity Fund, L.P., SVF Excalibur (Cayman) Limited, SVF Endurance (Cayman) Limited, SoftBank Vision Fund (AIV M1) LP, True Ventures IV, L.P., True Ventures Select I, L.P., True Ventures Select II, L.P., True Ventures Select III, L.P., and True Ventures Select IV, L.P. (collectively, the "VC Funds") based on claims of Section 15 control person liability. Dkt. 78. The VC Funds moved to dismiss the claims against them on April 25, 2022. Dkt Nos. 134, 135, 137. On November 29, 2022, the Court granted the VC Funds' motions to dismiss, finding that Plaintiffs had not pled "sufficient allegations to suggest" that the VC Funds—none of which held a majority share of Zymergen—"acted in concert" to collectively "control" Zymergen. *Id.* Dkt. 162 at 4. The VC Funds were entirely dismissed from the case as a result. Plaintiffs were given 28 days to amend their complaint against the VC Funds. They elected not to do so; the VC Funds were thus no longer parties to the case. Until the Court granted leave to add them back into the case (discussed below), they did not participate in hearings, depositions, or party discovery.

On April 6, 2023, Lead Plaintiff filed a Motion to Certify Class, Appoint Class Representative, and Appoint Class Counsel ("Motion for Class Certification"). Dkt. 180. The defendants at the time (*i.e.,* Zymergen, Hoffman, Singh, the Director Defendants, and the Underwriter Defendants) did not oppose Lead Plaintiff's Motion for Class Certification and instead filed a Statement of Non-Opposition in response. Dkt. 188. The VC Funds, as non-parties, were not afforded an opportunity to oppose or otherwise respond to Lead Plaintiff's Motion for Class Certification. Declaration of Michael J. Kahn ("Kahn Decl.") in Support of Motion, ¶ 4. On August 11, 2023, the Court granted Lead Plaintiff's unopposed motion, defining the class as "persons and entities that purchased or otherwise acquired Zymergen Inc. common stock pursuant and/or traceable to the registration statement and prospectus issued in connection with Zymergen's April 2021 initial public offering." Dkt. 194 (the "Class Certification Order"). On September 27, 2023, the Notice Administrator commenced dissemination of notice to potential class members, which notified the potential class members of a class action pending against Zymergen, Hoffman, Singh, the Director Defendants, and the Underwriter Defendants. *See*

---

able to serve as lead plaintiff" should Mr. Wang be found "incapable or inadequate to represent the class." Dkt. 61.

Dkt. 229, Ex. A. As all claims against the VC Funds had been dismissed, the notice did not list the VC Funds as defendants. *See id.*

Four months after the class was certified, Plaintiffs filed a motion for leave to amend the FAC to, *inter alia*, (1) re-add the VC Funds as defendants and (2) add entirely new defendants, DCVC Management Co, LLC, SB Investment Advisers (US) Inc., and True Venture Management, L.L.C. Dkt. 234. On February 26, 2024, the Court granted Plaintiffs' motion for leave to file their second amended complaint (the "SAC") and deemed the SAC filed on that date. Dkt. 313. The VC Defendants moved to dismiss on April 4, 2024, Dkt. Nos. 370, 371, 372, and the Court denied those motions on August 14, 2024, Dkt. 395.[3]

As of the date of this motion, Plaintiffs have not sought to certify any class against the VC Defendants. Kahn Decl. ¶ 8. Instead, Plaintiffs stated in a September 2024 Joint Case Management Statement that no additional motion for class certification as to the VC Defendants was necessary or justified. Dkt. 400.

### III. ARGUMENT

#### A. Due Process Guarantees the VC Defendants an Opportunity to Be Heard on Class Certification.

Class action defendants have a due process right to contest that plaintiffs have met their burden for class certification under Rule 23. *See In re Am. Med. Sys., Inc.*, 75 F.3d 1069, 1086 (6th Cir. 1996) (holding that class certification violated defendant's due process rights because defendant had no opportunity to conduct discovery or contest it); *see also Palana v. Mission Bay Inc.*, No. 13-CV-05235-SI, 2016 WL 107487, at *4 (N.D. Cal. Jan. 11, 2016) (declining post-certification motion to amend complaint to add new defendants due to prejudice to proposed defendants); *cf. Weathers v. Peters Realty Corp.*, 499 F.2d 1197, 1200 (6th Cir. 1974) ("[t]he parties should be afforded an opportunity to present evidence on maintainability of class action"); *Walker v. World Tire Corp.*, 563 F.2d 918, 921 (8th Cir. 1977) (explaining that courts may not "rule on the class action question without affording the parties notice and an opportunity to make a record on the issue"). As such, defendants ***must*** be given

---

[3] The Court granted in part DCVC's motion to dismiss as to the Section 15 claim based on DCVC's alleged control of Matt Ocko and the secondary liability claims based on *respondeat superior*. Dkt. 395.

an opportunity to contest that the prerequisites to class certification under Rule 23 have been met. *In re Am. Med. Sys., Inc.*, 75 F.3d at 1079.

The VC Defendants have not yet been provided an opportunity to contest whether Plaintiffs have met the requirements for class certification under Rule 23. By this Motion, they seek that opportunity. Under the present circumstances, allowing this case to proceed as a class action pursuant to the Court's Class Certification Order—***issued before the VC Defendants became parties to this case and without any opposition from other defendants***—would violate their constitutional due process rights. The Sixth Circuit's decision in *In re American Medical Systems* is instructive. There, the plaintiff added Pfizer as a new defendant after the district judge had issued an order certifying a class. *In re Am. Med. Sys., Inc.*, 75 F.3d 1069 at 1075–76. Just three days after Pfizer was served, the district judge entered an amended class certification order without any further discovery, briefing, or argument. *Id.* at 1076. The defendants, including Pfizer, sought a writ of mandamus from the Sixth Circuit, directing the district court to vacate its amended class certification order. *Id.* at 1074. Specifically, Pfizer argued that the district judge's "precipitous certification of the class" without affording Pfizer any opportunity for briefing or argument violated due process. *Id.* at 1086. The Sixth Circuit agreed and ordered the district judge to decertify the class. *Id.* at 1086, 1090. Indeed, other courts have gone so far as to deny a plaintiff's request for leave to add new defendants to a case where the proposed defendants had no "opportunity to defend themselves at class certification." *Palana,* 2016 WL 107487, at *4.

At present, there is no class certified against the VC Defendants, the Court's Class Certification Order notwithstanding. This is an objective fact; the VC Defendants are not mentioned in the Class Certification Order, in the notice to the class, or anywhere else. The reason is obvious: They were not part of the case when the issue was decided. It cannot be the case that the Class Certification Order applies to them when they had no opportunity to contest its entry. And this is all the more true because the defendants at the time did not contest class certification at all. As a result, the class certification issues that the VC Defendants intend to raise have never been briefed, much less decided. Such an outcome is utterly inconsistent with basic notions of due process.

The remedy is a modest one: This Court should set a briefing schedule for any motion that Plaintiffs plan to file to certify a class as to the VC Defendants. Plaintiffs will no doubt argue that class certification is appropriate as to the VC Defendants. They are free to file a motion seeking such a ruling. That is not the issue for today, because the Court has never made that ruling. The only issue for today is whether the VC Defendants have the right to be heard on class certification. To date, they have not been given that opportunity. That is unacceptable and risks invalidating any judgment in the case.

### B. The VC Defendants Have Legitimate Concerns about Plaintiffs' Ability to Satisfy the Class Certification Requirements of Rule 23.

Class certification is no mere formality in this case. In their relatively short time in this case, the VC Defendants have already uncovered facts and testimony that strongly suggest that Plaintiffs may not be able to satisfy the class certification requirements of Rule 23. As only one example: In early 2020, more than one year before Zymergen's April 2021 IPO, Zymergen acquired enEvolv, Inc., in which the Company paid 1,082,747 shares of Zymergen common stock as part of the deal (the "enEvolv Deal"). *See* Kahn Decl. ¶ 9, Ex. A. Then, on May 16, 2021, following Zymergen's April 2021 IPO, Zymergen completed a stock-for-stock acquisition in which the Company acquired Lodo Therapeutics Corporation in exchange for 774,402 shares of Zymergen common stock (the "Lodo Deal"). *See* Kahn Decl. ¶ 10, Ex. B.

As currently defined, the class may be comprised of two distinct categories of individual class members: those whose shares in Zymergen are "traceable to the allegedly defective registration statement" and those whose shares are not. *See Slack Techs., LLC v. Pirani*, 143 S. Ct. 1433, 1442 (2023). And only the former category—those whose shares are traceable to the registration statement—can satisfy the tracing requirement under § 11(a) of the Securities Act. *Id.* Yet, given the Company's more than 1.85 million shares of Zymergen common stock involved in the enEvolv Deal and the Lodo Deal, there are almost certainly members of the purported class who acquired shares that did not originate from the allegedly defective registration statement. This raises legitimate concerns

as to whether Plaintiffs can satisfy Rule 23's class certification requirements that have never been heard by this Court.[4]

In light of these concerns—bolstered by the fact that these issues have never been briefed because the other defendants did not oppose class certification—the VC Defendants must be afforded an opportunity to be heard on class certification.

## IV.   CONCLUSION

For the reasons stated above, the VC Defendants respectfully request that the Court set a briefing schedule for class certification, directing Plaintiffs to move to certify a class as to the VC Defendants should they wish to maintain this case as a class action against them.

DATED: February 28, 2025          Respectfully submitted,

**GIBSON, DUNN & CRUTCHER LLP**

*s/ Michael D. Celio*
MICHAEL D. CELIO (SBN 197998)
ZANETA J. KIM (SBN 317844)
310 University Avenue
Palo Alto, CA  94301-1744
Telephone: (650) 849-5300
Fax: (650) 849-5333
mcelio@gibsondunn.com
zkim@gibsondunn.com

**GIBSON, DUNN & CRUTCHER LLP**
MICHAEL J. KAHN (SBN 303289)
One Embarcadero Center, Suite 2600
San Francisco, CA  94111-3175
Telephone: (415) 393-8200
Fax: (415) 393-8306
mjkahn@gibsondunn.com

---

[4] Nor is tracing the only issue that may preclude class certification.  There also are issues concerning typicality and adequacy in light of Lead Plaintiff's Zymergen job application (and rejection) prior to the IPO (*see* Kahn Decl. ¶ 11, Ex. C.) and his refusal to appear for his deposition, which required a court order (*see* Dkt. 441).  Moreover, WPBFPF may be subject to unique defenses as it purchased its shares through its investment manager, Baron Capital Management, Inc. ("Baron") (*see* Kahn Decl. ¶ 12, Ex. D), whose funds participated in Zymergen's Series D financing and received myriad inside information about Zymergen as a pre-IPO investor.  As a Series D investor, certain of Baron's funds, ***along with the VC Defendants***, were signatories to the investors' rights agreement and the voting agreement (*see* Kahn Decl. ¶¶ 13–14, Exs. E, F), which Plaintiffs cite as evidence of the VC Defendants' alleged control of Zymergen (*see* Dkt. 321, ¶ 88).

*Attorneys for Defendants Data Collective II, L.P., DCVC Opportunity Fund, L.P., and DCVC Management Co, LLC*

DATED: February 28, 2025

**GOODWIN PROCTER LLP**

*s/ Jonathan A. Shapiro*
Jonathan A. Shapiro (SBN 257199)
*JShapiro@goodwinlaw.com*
Three Embarcadero Center, Suite 2800
San Francisco, CA 94111
Tel.: +1 415 733 6000
Fax: +1 415 677 9041

**GOODWIN PROCTER LLP**
DANIEL ROESER (*Pro Hac Vice*)
*DRoeser@goodwinlaw.com*
Valerie A. Haggans (*Pro Hac Vice*)
*VHaggans@goodwinlaw.com*
The New York Times Building
620 Eighth Avenue
New York, New York 10018
Tel.: +1 212 813 8800
Fax: +1 212 355 3333

**GOODWIN PROCTER LLP**
Nicole J. Kim (SBN 324698)
*NicoleKim@goodwinlaw.com*
601 South Figueroa Street, Suite 4100
Los Angeles, CA 90017
Tel.: +1 213 426 2495
Fax: +1 213 947 1279

*Attorneys for Defendants True Ventures IV, L.P.; True Ventures Select I, L.P.; True Ventures Select II, L.P.; True Ventures Select III, L.P.; True Ventures Select IV, L.P.; and True Venture Management, L.L.C.*

DATED: February 28, 2025

**QUINN EMANUEL URQUHART & SULLIVAN, LLP**

*s/ Linda J. Brewer*
LINDA J. BREWER (SBN 217730)
50 California Street, 22nd Floor
San Francisco, CA 94111
Telephone: (415) 875-6600
Fax: (650) 875-6700
lindabrewer@quinnemanuel.com

**QUINN EMANUEL URQUHART & SULLIVAN, LLP**

HARRY A. OLIVAR, JR. (SBN 143089)
ROBERT E. ALLEN (SBN 314120)
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Fax: (213) 443-3100
harryolivar@quinnemanuel.com
robertallen@quinnemanuel.com

*Attorneys for Defendants SVF Excalibur (Cayman) Limited, SVF Endurance (Cayman) Limited, SoftBank Vision Fund (AIV M1) LP, and SB Investment Advisers (US) Inc.*

## FILER ATTESTATION

I, Michael D. Celio, am the ECF user whose identification and password are being used to file DCVC, TRUE VENTURES, AND SOFTBANK DEFENDANTS' MOTION TO SET A BRIEFING SCHEDULE. Pursuant to Local Rule 5-1(i)(3), I hereby attest that Jonathan Shapiro and Linda Brewer have concurred in this filing.

DATED: February 28, 2025

*s/ Michael D. Celio*
Michael D. Celio