MORGAN, LEWIS & BOCKIUS LLP
Charlene S. Shimada, Bar No. 91407
charlene.shimada@morganlewis.com
Joseph E. Floren, Bar No. 168292
joseph.floren@morganlewis.com
Kevin M. Papay, Bar No. 274161
kevin.papay@morganlewis.com
Alyse J. Rivett, Bar No. 287989
ali.rivett@morganlewis.com
Robert H. O'Leary, Bar No. 284879
bob.oleary@morganlewis.com
One Market, Spear Street Tower
San Francisco, CA 94105-1596
Tel:   +1.415.442.1000

Michael L. Kichline (*Pro Hac Vice*)
michael.kichline@morganlewis.com
2222 Market Street
Philadelphia, PA 19103-3007
Tel:   +1.215.963.5000

Attorneys for Defendants
*J.P. Morgan Securities LLC, Goldman Sachs & Co. LLC,
Cowen and Company, LLC, BofA Securities, Inc.,
UBS Securities LLC, and Lazard Frères & Co. LLC*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| BIAO WANG, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>ZYMERGEN, INC., et al.,<br><br>Defendant. | Case No. 5:21-CV-06028-PCP<br><br>**UNDERWRITER DEFENDANTS' MOTION TO STAY PROCEEDINGS PENDING APPEAL**<br><br>Date:   July 31, 2025<br>Time:   10:00 a.m.<br>Courtroom 8, 4th Floor |

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

CASE NO. 5:21-CV-06028-PCP

UNDERWRITER DEFENDANTS' MOTION TO STAY
PENDING APPEAL

**NOTICE OF MOTION AND MOTION**

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE THAT, on July 31, 2025 at 10:00 a.m., before the Honorable P. Casey Pitts in Courtroom 8 of the San Jose Courthouse, 280 South First Street, San Jose, CA 95113, defendants J.P. Morgan Securities LLC, Goldman Sachs & Co. LLC, Cowen and Company, LLC, BofA Securities, Inc., UBS Securities LLC, and Lazard Frères & Co. LLC (collectively, the "Underwriter Defendants"), will and hereby do move this Court to stay proceedings in this Action pending the Ninth Circuit's interlocutory review of the Court's class certification ruling under Federal Rule of Civil Procedure 23(f).

The Underwriter Defendants request that this Court exercise its discretion to impose a stay of proceedings until the Ninth Circuit's interlocutory review under Federal Rule of Civil Procedure 23(f) is complete. The Underwriter Defendants' motion is based on this notice, the following memorandum of points and authorities, the pleadings, papers, and documents on file in this Action and the Ninth Circuit Appeal, Case No. 25-1875, including the motion to stay filed by the VC Defendants on June 25, 2025 and supporting papers (ECF No. 553), and such other evidence and argument as may be presented to the Court at or prior to the hearing on this motion. The Underwriter Defendants are meeting and conferring with all parties and will respectfully seek expedited briefing and disposition of this motion pursuant to L.R. 6-2 or 6-3.

**STATEMENT OF THE ISSUE**

Whether proceedings in this Court should be stayed until after the Ninth Circuit rules on the pending Rule 23(f) appeal regarding class certification, which affects all parties in this case?

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I. INTRODUCTION

Now that the Ninth Circuit has granted the Rule 23(f) petition, this Court should stay all proceedings while the Ninth Circuit conducts its appellate review of the issues concerning class certification. The outcome of that appeal will influence whether the plaintiff class has been properly certified. When Rule 23(f) appellate review puts at issue the propriety of class certification, district courts regularly stay proceedings pending the Court of Appeals' directions, which necessarily may impact adjudicating the merits of the claims. This not only promotes efficiency, but also prevents the waste and prejudice that result from conducting duplicative or incomplete judicial proceedings.

Here, while only the VC Defendants are parties to the Rule 23(f) appeal,[1] the stay should extend to all defendants. The appeal affects the case as a whole, and the impending motion deadlines inextricably affect all parties.

First, certification of the class affects all defendants alike, and the "serious questions" concerning class certification raised by the VC Defendants' Rule 23(f) petition are in no way unique to the claims against the VC Defendants. If appellate review leads this Court to revisit class certification, that impacts *all* defendants, not just the VC Defendants because certification ultimately is about the cohesiveness of the plaintiff class, not the lineup of the defendants. There is no conceivable future course of events that could result in the current class action being decertified or limited as to the VC Defendants only. Thus, the entirety of this case should be stayed until after the Ninth Circuit decides the current appeal.

Second, it makes no sense for this Court to proceed now with impending dispositive and evidentiary motions that would affect all parties and class members. Piecemeal adjudication of issues and critical motions as to fewer than all defendants or while serious questions exist as to who would be bound by them would be both inefficient and prejudicial. Here, the defendants are

---

[1] The "VC Defendants" are Defendants Data Collective II, L.P.; DCVC Opportunity Fund, L.P.; and DCVC Management Co., LLC, True Ventures IV, L.P.; True Ventures Select I, L.P.; True Ventures Select II, L.P.; True Ventures Select III, L.P.; True Ventures Select IV, L.P.; and True Venture Management, L.L.C., SVF Endurance (Cayman) Ltd.; SVF Excalibur (Cayman) Ltd.; SoftBank Vision Fund (AIV M1) L.P.; and SB Investment Advisers (US) Inc.

similarly or identically situated on many issues, including critically the elemental questions of falsity and causation that must be answered for all defendants in advance of any of defendants' unique defenses. No doubt were this Court to rule on those issues without the VC Defendants' involvement (and even though certain of their executives were Zymergen board members and defendants here), those parties would raise the same due process issues they are advancing in the Ninth Circuit with equal if not greater force.

These are not abstract problems here—the current schedule contemplates filing of summary judgment and *Daubert* motions by July 11, and the conduct of a jury trial in March 2026. All of the work attendant to those matters—both for the parties and the Court—could well be for nought. Decertification of the plaintiff class would drastically reduce the scope of the case (because the named plaintiffs together have less than $175,000 in claimed damages) and could very well be the death knell of this action (or result in individual claims being asserted). On the other side of the ledger, there will be no prejudice to plaintiffs or the presently certified class if proceedings are stayed pending the current appeal since they seek only money damages for past conduct. Indeed, a stay would benefit plaintiffs and the class by preserving their resources in the face of the uncertainties associated with the pending appeal and the propriety of class certification. A stay would also conserve Court and jury resources. In sum, the Underwriter Defendants respectfully submit that all deadlines should be stayed until the Ninth Circuit appeal is resolved.

## II. RELEVANT BACKGROUND

The relevant details underlying class certification and the Rule 23(f) petition are set forth in the VC Defendants' Motion and need not be repeated here. The parties have completed fact and expert discovery, in which all defendants shared a single expert witness on causation and damage issues, as did Plaintiffs. Summary judgment and *Daubert* motions are due in 15 days, and a jury trial is scheduled to start in less than nine months. The appeal will be fully briefed in October 2025 at the earliest and is highly likely to remain pending at the time of the currently scheduled trial where the VC Defendants' designated board members and other associates necessarily will be called as witnesses.

### III. ARGUMENT

This Court has broad discretion to stay proceedings when a Rule 23(f) interlocutory appeal is pending. Fed. R. Civ. P. 23(f); Fed. R. App. P. 8; *Landis v. N. American Co.*, 299 U.S. 248, 254 (1936). District courts routinely do so. *See, e.g.*, *Romero v. Securus Techs., Inc.*, 383 F. Supp. 3d 1069, 1072 (S.D. Cal. 2019); *Salhotra v. Simpson Strong-Tie Co., Inc.*, 2022 WL 1091799, at *3 (N.D. Cal. Apr. 12, 2022); *Brown v. Wal-Mart Stores, Inc.*, 2012 WL 5818300, at *5 (N.D. Cal. Nov. 15, 2012); *Todd v. Tempur-Sealy Int'l, Inc.*, 2016 WL 6082413, at *2 (N.D. Cal. Oct. 18, 2016); *Gray v. Golden Gate Nat. Recreational Area*, 2011 WL 6934433, at *3 (N.D. Cal. Dec. 29, 2011); *In re Lorazepam & Clorazepate Antitrust Litig.*, 208 F.R.D. 1, 1 (D.D.C. 2002); *Chavez v. IBP, Inc.*, 2002 WL 32145647, at *2 (E.D. Wash. Dec. 23, 2002).

While district courts in this Circuit have invoked two modestly different tests for consideration of a stay application, both support this Court granting a case-wide stay here.[2] First, the action should be stayed as to all parties under the bedrock principle announced in *Landis*, 299 U.S. at 254, which recognizes a district court's discretion to stay proceedings if the stay would "promote economy of time and effort for itself, for counsel, and for litigants." *Filtrol Corp. v. Kelleher*, 467 F.2d 242, 244 (9th Cir. 1972); *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962); *Kuang v. United States Dep't of Def.*, 2019 WL 1597495, at *3 (N.D. Cal. Apr. 15, 2019) (applying *Landis* test and granting motion to stay proceedings during interlocutory appeal); *Finder v. Leprino Foods Co.*, 2017 WL 1355104, at *3 (E.D. Cal. Jan. 20, 2017) (same). The factors to consider under *Landis* are "[(1)] the possible damage which may result from the granting of a stay, [(2)] the hardship or inequity which a party may suffer in being required to go forward, and [(3)] the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *CMAX*, 300 F.2d at 268; *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005) (same). Second, a stay of proceedings is likewise proper under the four-factor test that some

---

[2] District courts differ as to whether *Landis* or *Nken v. Holder*, 556 U.S. 418, 433 (2009), supplies the relevant test. *See Finder*, 2017 WL 1355104, at *2-3 (noting and describing this division in the decisional case law); *see also Kuang*, 2019 WL 1597495, at *3 (same; applying *Landis* test to grant stay pending interlocutory appeal). Here, a stay of the action is warranted under either or both standards, so the selection of the controlling test makes no difference.

courts derive from *Nken v. Holder*, 556 U.S. 418, 433 (2009), which considers (i) likelihood of success on the merits of the appeal; (ii) injury to the movants absent a stay; (iii) injury to non-moving parties from a stay; and (iv) the public interest. *E.g.*, *Romero*, 383 F. Supp. 3d at 1072–73. The "proponent of a stay bears the burden of establishing its need." *Clinton v. Jones*, 520 U.S. 681, 708 (1997) (citing *Landis*, 299 U.S. at 255). The record clearly demonstrates that need here under both the *Landis* and *Nken* standards.

### A. Plaintiffs and the Class Will Not Be Injured by a Stay Pending Appellate Review.

As the VC Defendants' Motion shows, plaintiffs will not be injured by a stay. Indeed, this is a particularly opportune time for a stay because fact and expert discovery is complete. It is hard to see how plaintiffs could even claim prejudice. Where, as here, plaintiffs seek money damages rather than injunctive or declaratory relief, delay in reaching a final resolution is not irreparable prejudice that can justify denying a stay. *See Pena v. Taylor Farms Pacific, Inc.*, 2015 WL 5103157, at *6 (E.D. Cal., Aug. 31, 2015) (granting stay, reasoning that "plaintiffs seek only damages, not an injunction, and appropriate relief can offset any harm arising from delayed monetary payments").

Further, because "[d]elay inherently results from the issuance of a stay," "mere delay does not, without more, necessitate a finding of undue prejudice and clear tactical disadvantage." *Akishev v. Kapustin*, 23 F. Supp. 3d 440, 447 (D.N.J. 2014); *Brown*, 2012 WL 5818300, at *4 ("The potential delay in Plaintiff's ability to recover penalties [ ] does not constitute a substantial injury."); *Nieberding v. Barrette Outdoor Living, Inc.*, 2014 WL 5817323, at *5 (D. Kan. Nov. 10, 2014) (staying case because "Plaintiffs' argument relates merely to delay, but they fail to show how the delay will seriously and negatively impact Plaintiffs or the outcome of this case.").

Moreover, plaintiffs cannot credibly contend that delay will be prejudicial, since they previously sought extension of all case deadlines when they sought leave to file an amended pleading in December 2023, more than a year after the Court granted them leave to amend in November 2022. In the interim, this Court certified the plaintiff class before plaintiffs brought

the VC Defendants back into the case, and the VC Defendants have relied on their absence from that process as grounds for appellate review.

Indeed, plaintiffs will be prejudiced *without* a stay. "*[B]oth* Plaintiffs and Defendants" will "suffer substantial harm if this action is not stayed pending appeal and the Court is later reversed on the issue of class certification, resulting in substantial time and resources being spent on this litigation, particularly expert discovery, dispositive motions and trial preparation." *Todd*, 2016 WL 6082413, at *1 (emphasis added).

### B. The Underwriter Defendants Would Be Harmed Without a Stay.

The VC Defendants' Rule 23(f) appeal puts into play whether the class should be decertified. While the due process issues raised by the VC Defendants as a basis to revisit certification are unique to them, the reasons the VC Defendants have advanced for challenging class certification—*i.e.*, tracing and class members' knowledge—apply to the propriety of the class writ large. The resolution of these issues, if allowed by the Ninth Circuit, could lead to the class being decertified entirely or substantially limited, and there is also little question that decertification of the class would be a virtual "death knell" for the case, in which each of the two named plaintiffs seeks to recover losses of less than $90,000. (ECF No. 61, at 2.) As such, the Underwriter Defendants should not be forced to spend significant time and resources on summary judgment and *Daubert* motions as well as a merits trial, which represent exactly the type of harm that courts have found supports imposition of a stay pending resolution of a Rule 23(f) appeal. *See Romero*, 383 F. Supp. 3d at 1075 (holding "District courts have found irreparable harm probable where an appeal may result in decertification of the class, thereby resulting in a substantial waste of time and resources"; quoting authorities). The decision in *Senne v. Kansas City Royals Baseball Corp.*, 2017 WL 5973487 at *3 (N.D. Cal. May 5, 2017), is instructive. There the court held:

> Should the Ninth Circuit reverse this Court's March 7, 2017 Order on certification of the … Class, Defendants will suffer substantial harm if this action is not stayed pending appeal as they will have devoted very substantial time and resources on the litigation, particularly with respect to the completion of discovery, dispositive motions and trial preparation on the class claims.

*Id*. The Underwriter Defendants face the prospect of similar harms without a stay.[3]

An effective stay must be a complete stay. The Court cannot realistically conduct upcoming proceedings piecemeal, because all defendants will necessarily be affected by them. All claims against all defendants are predicated on the same cause of action under Section 11 of the Securities Act of 1933 ("Securities Act") and the same alleged misstatements and omissions in Zymergen's IPO registration statement—for which plaintiffs claim all defendants are jointly and severally liable, either directly or under Securities Act Section 15. Second Amended Complaint (ECF No. 321) ¶¶ 246-260. The same issues, facts, evidence, and witnesses will be required to adjudicate the Section 11 claim against the different groups of defendants. *See Power Integrations, Inc. v. Chan-Woong Park*, 2019 WL 119969 at *2-3 (N.D. Cal. Jan. 7, 2019) (holding that it was necessary to try actions together where there was a substantial overlap in the underlying facts and legal issues, in order to avoid unnecessary delay and reduce the burden on the parties, witnesses, and judicial resources) (citing *Investors Research Co. v. U.S. Dist. Court for Cent. Dist. of California*, 877 F.2d 777, 777 (9th Cir. 1989)); *see also Eghnayem v. Boston Sci. Corp.*, 873 F.3d 1304, 1314 (11th Cir. 2017) (district courts "have been urged" to try defendants together when "there is clearly substantial overlap in the issues, facts, evidence, and witnesses required for claims against multiple defendants"). Courts should not use bifurcation (such as would occur with anything less than a stay as to all parties) to create "the risk of inconsistent adjudications of common factual and legal issues," and remain mindful of "the costs and burdens on parties, witnesses, and judicial resources posed by multiple lawsuits." *SEC v. Avent*, 2017 WL 6460243, at *1 (N.D. Ga. Dec. 15, 2017) (quoting *Allstate Ins Co. v. Vizcay*, 826 F.3d 1326, 1333 (11th Cir. 2016)). As Plaintiffs contended, the VC Defendants are "intertwined with the existing allegations, claims, and parties in this action" as to other defendants. (ECF No. 276, at 13 (quotation marks omitted); *see also id.* at 2 (addition of VC Defendants makes others

---

[3] Although the Underwriter Defendants did not oppose class certification in 2023 "in light of the factual record developed as of [that] date," they expressly reserved the right to revisit class certification, including to seek decertification or limitation of the class as warranted by later developments. (ECF No. 188, at 1.)

CASE NO. 5:21-CV-06028-PCP                                    UNDERWRITER DEFENDANTS' MOTION TO STAY
6                                                                PENDING APPEAL

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1  subject to "less liability"); ECF. No. 234, at 12 (allegations as to VC Defendants all "relate back
2  to the same common nucleus of facts" as those against other defendants).)

### C. The Orderly Course of Justice Requires A Stay.

The third *Landis* factor, which focuses on the orderly course of justice, also strongly weighs in favor of a complete stay. The Federal Rules require that class certification be resolved before judgment on the merits. Federal Rule 23(c) provides that "[A]t an early practicable time . . . the court must determine by order whether to certify the action as a class action." The rule provides further that, "[a]n order that grants or denies class certification may be altered or amended before final judgment." This means that certification must be settled before judgment. *See Schwarzschild v. Tse*, 69 F.3d 293, 295 (9th Cir. 1995) ("The purpose of Rule 23(c)(2) is to ensure that the plaintiff class receives notice of the action well *before* the merits of the case are adjudicated."). For this reason, district courts as a matter of course resolve class certification before motions for summary judgment and trial.

Importantly, the Ninth Circuit's Order granting Rule 23(f) review reflects, at minimum, that there is a serious question about the propriety of class certification. This is unequivocal from the Ninth Circuit's reliance on *Chamberlan v. Ford Motor Co.*, 402 F.3d 952, 959-60 (9th Cir. 2005) (*see* ECF No. 550), in which the Court held that Rule 23(f) review of a class certification order is "most appropriate when: (1) there is a death-knell situation for either the plaintiff or defendant that is independent of the merits of the underlying claims, coupled with a class certification decision by the district court that is questionable; (2) the certification decision presents an unsettled and fundamental issue of law relating to class actions, important both to the specific litigation and generally, that is likely to evade end-of-the-case review; or (3) the district court's class certification decision is manifestly erroneous." *Chamberlan*, 402 F.3d at 959. By relying on *Chamberlan* and accepting review, the Ninth Circuit necessarily concluded that this Court's class certification decisions present at least serious legal questions. *See Romero*, 383 F. Supp. 3d at 1074 (granting stay based on Rule 23(f) grant citing *Chamberlan*). It would make no sense to proceed to dispositive and *Daubert* motions now that these serious questions exist as to who would be bound by those motions.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

CASE NO. 5:21-CV-06028-PCP        7        UNDERWRITER DEFENDANTS' MOTION TO STAY
                                                                PENDING APPEAL

1    A partial stay is no solution, not only because the substantive certification questions affect all parties alike, but also because the VC Defendants are inextricably bound up in the issues that will be the subject of imminent dispositive and evidentiary motion practice.  On the merits, the VC Defendants are alleged to stand in the shoes of the issuer, Zymergen, under Securities Act Section 15, and therefore face the same question as all other defendants: whether (or to what extent) there are triable issues concerning the various alleged misrepresentations or omissions in the registration statement.  Second Amended Complaint ¶¶ 247, 249, 252, 257, 260.  And the VC Defendants presented joint experts with other defendants on crucial issues including damages; rebuttal to Plaintiffs' damages expert; the IPO process and preparation of the registration statement; and the nature of Zymergen's platform-based business and how investors understood its risks and the August 3, 2021 disclosure on which plaintiffs predicate their claims.  The VC Defendants also participated with the other defendants in questioning plaintiffs' expert witnesses at their depositions and developing the record to support *Daubert* challenges.  It would be impossible to resolve *Daubert* motions fairly or reasonably as to fewer than all defendants.  And were those motions unsuccessful, and a trial were to proceed, the VC Defendants necessarily would be called as witnesses as well.

What all of this means is that the orderly course of justice requires a stay of the imminent dispositive and *Daubert* motions as well as the scheduled jury trial.

### D.   A Stay Is Also Warranted Under the *Nken* Factors.

The *Nken* factors that some courts apply when considering stays pending a Rule 23(f) appeal largely overlap with the *Landis* factors.  *See, e.g.*, *Romero*, 383 F. Supp. 3d at 1073 (applying *Nken* factors); *ante* at pp. 3-4 & n.3.  In addition to injury to the moving and non-moving parties (which favor a stay, *see* Sections II.A-B above), the *Nken* test considers likelihood of success on the merits and the public interest, each of which also strongly supports a stay here.

Likelihood of Success.  As explained in the VC Defendants' Motion, the likelihood of success on the pending appeal is established here because the Ninth Circuit granted the Rule 23(f) petition and did so in express reliance upon *Chamberlan*, 402 F.3d at 959-60, reflecting that this Court's class certification decisions present at least serious legal questions.  This squarely

satisfies the likelihood of success element. *See Leiva-Perez v. Holder*, 640 F.3d 962, 966-67 (9th Cir. 2011). District courts routinely hold that this is sufficient reason to grant a stay. *See Romero*, 383 F. Supp. 3d at 1074; *Reyes v. Educ. Credit Mgmt. Corp.*, 2018 WL 1316129, at *1 (S.D. Cal. Mar. 13, 2018).

This likelihood extends to all defendants, regardless of whether they are parties to the Rule 23(f) petition or affected by the procedural arguments pertaining to the timing and content of class certification order. The clear potential consequences of Ninth Circuit review include reopening consideration of class certification issues and even decertification, which will impact all defendants—all of whom have the right to address certification questions and may join in the VC Defendants' arguments. As the Court explained in *In re Lorazepam*, 208 F.R.D. at 4, when a Rule 23(f) petition is granted it is "extremely difficult, to say the least, for th[e District] Court to speculate about the outcomes"; "[a]ttempting to discern the likely outcome of the underlying merits of [the District] Court's class certification is similarly intractable." *Id.* at 5-6. Given this, "[b]ecause partial reversal is a plausible outcome and the impact of such a reversal is potentially dispositive," these factors "ultimately weigh[] in favor of a stay largely for the sake of preserving the resources of the parties and this Court." *Id.* at 6.

The Public Interest. Finally, the public interest strongly favors a stay to preserve judicial and jury resources and avoid waste, as explained in the VC Defendants' Motion, *see also Romero*, 383 F. Supp. 3d at 1076, and also because the public's interest in the proper resolution of class certification questions are best served by a modest stay until the Ninth Circuit completes its review and the substantial questions concerning class certification are resolved. As the courts have recognized, "the public interest really is rooted in the *proper* resolution of the important issues raised in this case[.]" *In re Lorazepam*, 208 F.R.D. at 6.

## IV.   CONCLUSION

For these reasons, all proceedings should be stayed pending the conclusion of the currently pending Ninth Circuit appeal.

Dated: June 26, 2025

Respectfully submitted,

MORGAN, LEWIS & BOCKIUS LLP

By /s/ *Joseph E. Floren*
Joseph E. Floren
Attorneys for Defendants *J.P. Morgan Securities LLC, Goldman Sachs & Co. LLC, Cowen and Company, LLC, BofA Securities, Inc., UBS Securities LLC, and Lazard Frères & Co. LLC*