| | |
|---|---|
| 1 | SUSAN S. MUCK (SBN 126930)<br>susan.muck@wilmerhale.com |
| 2 | KEVIN P. MUCK (SBN 120918)<br>kevin.muck@wilmerhale.com |
| 3 | WILMER CUTLER PICKERING<br>   HALE AND DORR LLP |
| 4 | 50 California Street, 36th Floor<br>San Francisco, CA 94111 |
| 5 | Telephone: (628) 235-1000 |
| 6 | PETER J. KOLOVOS (admitted pro hac vice)<br>peter.kolovos@wilmerhale.com |
| 7 | WILMER CUTLER PICKERING<br>   HALE AND DORR LLP |
| 8 | 60 State Street<br>Boston, MA 02109 |
| 9 | Telephone: (617) 526-6000 |
| 10 | CHRISTOPHER W. JOHNSTONE (SBN 242152)<br>chris.johnstone@wilmerhale.com |
| 11 | WILMER CUTLER PICKERING<br>   HALE AND DORR LLP |
| 12 | 2600 El Camino Real, Suite 400<br>Palo Alto, CA 94306 |
| 13 | Telephone: (650) 858-6100 |

*Attorneys for Defendants Zymergen Inc., Steven Chu, Jay T. Flatley, Christine M. Gorjanc, Travis Murdoch, Matthew A. Ocko, Sandra E. Peterson, Zach Serber, and Rohit Sharma*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BIAO WANG, Individually and on Behalf of All Others Similarly Situated,<br><br>            Plaintiff,<br><br>v.<br><br>ZYMERGEN INC., et al.,<br><br>            Defendants. | Case No. 5:21-cv-06028-PCP<br><br>**NOTICE OF MOTION AND MOTION OF WILMER CUTLER PICKERING HALE AND DORR LLP FOR LEAVE TO WITHDRAW AS COUNSEL FOR ZYMERGEN INC.; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION**<br><br>Date:    August 7, 2025<br>Time:   10:00 a.m.<br>Place:   Courtroom 8, 4th Floor<br>Judge:  The Honorable P. Casey Pitts |

## **TABLE OF CONTENTS**

NOTICE OF MOTION AND MOTION ................................................................................... 1

ISSUE TO BE DECIDED ..................................................................................................... 1

MEMORANDUM OF POINTS AND AUTHORITIES .......................................................... 1

I. INTRODUCTION ....................................................................................................... 1

II. RELEVANT FACTUAL BACKGROUND ................................................................ 3

    A. Parties and Claims ............................................................................................ 3

    B. The Zymergen Bankruptcy Proceeding ............................................................ 5

        1. Zymergen's Chapter 11 Filing and Bankruptcy Court Authorization to Retain WilmerHale ............................................. 5

        2. Approval of the Bankruptcy Liquidation Plan ..................................... 6

    C. The Trust's Lawsuit in San Francisco Superior Court ..................................... 8

    D. Current Status of This Action ........................................................................... 8

    E. Communications With the Trust and the Parties to this Action Regarding WilmerHale's Proposed Withdrawal ............................................... 9

III. LEGAL STANDARD ............................................................................................... 10

IV. GOOD CAUSE EXISTS TO PERMIT WILMERHALE TO WITHDRAW AS ZYMERGEN'S COUNSEL ................................................................................. 12

    A. There Are Multiple Compelling Reasons Why WilmerHale Should Be Permitted to Withdraw from Representation of Zymergen ............................. 12

    B. The Proposed Withdrawal Will Not Prejudice Any Other Party ................... 15

    C. The Proposed Withdrawal Will Not Impair the Administration of Justice or Delay Resolution of the Case .......................................................... 17

V. CONCLUSION ......................................................................................................... 17

# TABLE OF AUTHORITIES

**Page(s)**
**Cases**

*Abdo v. Fitzsimmons*,
  2020 WL 4209246 (N.D. Cal. July 22, 2020) ............................................................. 11, 12, 14

*United States v. Carter*,
  560 F.3d 1107 (9th Cir. 2009) ......................................................................................... 11, 13

*Heifetz v. Nilkanth*,
  2019 WL 3457793 (N.D. Cal. July 31, 2019) ......................................................................... 13

*Hunter v. Sokoloff*,
  2019 WL 5655013 (N.D. Cal. Oct. 31, 2019) ......................................................................... 12

*SEC v. YouPlus, Inc.*,
  2024 WL 3906759 (N.D. Cal. Aug. 19, 2024) ......................................................................... 11

**Statutes and Rules**

Civ. L.R. 11-5 ................................................................................................................. 1, 10, 17

Cal. R. Ct. 3.3162(c) ............................................................................................................. 11

Cal. R. Prof. Conduct
  Rule 1.16(b) ............................................................................................................. 11, 12, 13
  Rule 1.7(a) ....................................................................................................................... 12, 16
  Rule 1.7(b) ....................................................................................................................... 12, 16

Securities Act of 1933
  Section 11 ................................................................................................................................ 4
  Section 15 ................................................................................................................................ 4

# NOTICE OF MOTION AND MOTION

**PLEASE TAKE NOTICE THAT**, on August 7, 2025, at 10:00 a.m. or as soon thereafter as the matter may be heard, in Courtroom 8 of the San Jose Courthouse, located at 280 South First Street, San Jose, CA, the law firm of Wilmer Cutler Pickering Hale and Dorr LLP ("WilmerHale" or the "Firm") will and hereby does move for leave of this Court to withdraw as counsel for defendant Zymergen Inc. ("Zymergen" or the "Company").

WilmerHale moves pursuant to Civ. L.R. 11-5 and the California Rules of Professional Conduct on the grounds that it is no longer able to represent Zymergen consistent with the Firm's professional obligations, and that withdrawal is warranted pursuant to the terms of the Firm's engagement letter with Zymergen. WilmerHale's motion is based on this notice of motion and motion, the following memorandum of points and authorities, the Declaration of Susan S. Muck ("Muck Decl.") filed and served concurrently, the pleadings and records on file in this action, and on such further argument and evidence as may be presented to the Court at or prior to the hearing.

# ISSUE TO BE DECIDED

Whether WilmerHale should be permitted to withdraw from its representation of Zymergen Inc. in this action, while continuing to represent defendants Steven Chu, Jay T. Flatley, Christine M. Gorjanc, Travis Murdoch, Matthew A. Ocko, Sandra E. Peterson, Zach Serber, and Rohit Sharma.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

For nearly four years, WilmerHale has jointly represented Zymergen and certain of its former officers and directors in this securities class action and has defended those clients against Plaintiffs' claims that the Company's April 2021 initial public offering (IPO) registration statement was materially misleading. In October 2023, Zymergen filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. In February 2024, the Bankruptcy Court entered an order approving a liquidation plan which, among other things, (1) appointed a trustee, (2) approved the transfer of Zymergen's assets (including potential causes of action) to the ZYM Liquidating Trust (the "Trust"), and (3) provided that Plaintiffs in this case could only pursue

claims against Zymergen to the extent of available insurance. Significantly, the lead plaintiff in this case, Biao Wang, appeared in the bankruptcy action through counsel – and even more significantly, the limitation on the Company's potential liability and the prohibition on pursuing claims against it once applicable insurance was exhausted was specifically agreed to by him on behalf of the class he was appointed to represent in this action. Today, after nearly four years of vigorous litigation in this case and related matters, the insurance available to Zymergen has now been exhausted and Plaintiffs are thus barred from pursuing claims against the Company.

Since February 2024, the Trust (as Zymergen's successor-in-interest) has directed the defense of the Company in this litigation. The Trust has retained experienced litigation counsel, Glenn Agre Bergman & Fuentes LLP ("Glenn Agre"), and has also relied on bankruptcy counsel at Morris Nichols Arsht & Tunnell ("Morris Nichols"). Last month, the Trust (represented by Glenn Agre) filed suit in California state court against certain former officers and directors of Zymergen – including those represented by WilmerHale – and asserted claims related to the Zymergen IPO and registration statement. (WilmerHale has no involvement in that action.) Plaintiffs in this case quickly tried to use the Trust's filing to their advantage and assert that it creates a conflict between the Company and WilmerHale's individual clients.

Under these circumstances, it is no longer tenable for WilmerHale to remain as counsel for Zymergen. The Firm accordingly seeks to withdraw from that aspect of its representation while continuing to represent the eight former directors who (unlike the Company) still face theoretical exposure in this case and must defend themselves. WilmerHale has made repeated requests of the Trust and its counsel over the last three weeks to voluntarily agree to that change in representation, but those requests have been ignored. Indeed, that refusal to engage reflects a breakdown in the relationship between WilmerHale and the Company's successor-in-interest that itself provides grounds for withdrawal. Furthermore, Zymergen owes WilmerHale more than $350,000 for legal work on the Company's behalf – the vast majority of which was performed more than a year ago, and all of which was authorized by the Bankruptcy Court. Efforts to obtain payment have been unsuccessful. That is another basis for withdrawal under California law and the Engagement Letter.

Critically, Zymergen will not be prejudiced by WilmerHale's withdrawal. Not only can its successor-in-interest, the Trust, easily substitute excellent counsel (Glenn Agre, which has an office in San Francisco) already familiar with this litigation and the underlying facts, but the Company itself has no liability here. By contrast, the individual defendants who do face potential liability would be severely prejudiced if, at this late date, they were required to locate and retain new counsel to represent them. That would also inevitably result in substantial delays in this litigation and impair the administration of justice. Not surprisingly, then, the other defendants have all confirmed they do not oppose this motion. While Plaintiffs have ignored a request to state their position on this motion, their refusal to say that they will oppose – coupled with their insistence that there is a conflict between Zymergen and the individual defendants – indicates that they too realize it is appropriate for WilmerHale to withdraw from representing the Company. And the Trust itself has refused to say whether it opposes the motion. Consequently, WilmerHale respectfully submits that the Court should exercise its discretion to permit the Firm to withdraw from the representation of Zymergen, while continuing to represent its eight individual clients.

## II. RELEVANT FACTUAL BACKGROUND

### A. Parties and Claims

This securities class action was filed on August 4, 2021 against Zymergen, ten of its officers and directors, the underwriters of the Company's April 2021 IPO, and certain venture capital funds that had invested in Zymergen prior to its IPO. Lead Plaintiff Biao Wang, on behalf of himself and a class of Zymergen shareholders, and West Palm Beach Firefighters' Pension Fund (which sues solely on its own behalf), allege that the Company's April 2021 IPO Registration Statement was misleading. Plaintiffs assert claims under Sections 11 and 15 of the Securities Act of 1933.

WilmerHale initially was retained to jointly represent Zymergen and the individual officers and directors in this litigation, with the terms of that representation memorialized in the November 4, 2021 Engagement Letter. Muck Decl., ¶ 2. In August 2023, Joshua Hoffman (Zymergen's former CEO) substituted Ehrlich & Craig LLP as his counsel in place of WilmerHale, and Enakshi Singh (Zymergen's former CFO) substituted Morrison & Foerster LLP

for WilmerHale. [Dkt. Nos. 195, 196.] Thus, at present, WilmerHale represents Zymergen and eight of its former directors: Dr. Steven Chu, a Nobel laureate, Professor of Physics and Professor of Molecular & Cellular Physiology in the Medical School at Stanford University, and former U.S. Secretary of Energy; Jay T. Flatley, former CEO and Chairman of Illumina, Inc., who was Zymergen's Chairman and became Acting CEO in August 2021; Christine M. Gorjanc, former CFO of Arlo Technologies, Inc. and NETGEAR, Inc.; Dr. Travis Murdoch, former investment Director at Softbank Investment Advisers; Matthew Ocko, co-founder and Managing Partner of DCVC (a venture capital firm); Sandra E. Peterson, an operating partner at Clayton, Dubilier & Rice, a private investment firm; Dr. Zach Serber, co-founder and former Chief Science Officer of Zymergen; and Dr. Rohit Sharma, a partner at True Ventures (a venture capital firm). [Dkt. No. 134-2 at pp. 134-136.] Defense fees and costs incurred by Zymergen and its individual officers and directors in this action, as well as in related actions and proceedings, were all within the scope of the same directors' and officers' (D&O) liability insurance policies. Muck Decl., ¶ 14.

Zymergen and the individual officers and directors filed a motion to dismiss on April 25, 2022 [Dkt. No. 134], which was denied on November 29, 2022. [Dkt. No. 162]. Zymergen and the individual officers and directors thereafter filed answers which, among other things, deny that the Registration Statement was misleading, assert various defenses (including the statutory "due diligence" defense under Section 11(c) of the 1933 Act), and deny that there is any liability under Section 11 or Section 15. [Dkt. Nos. 170, 374.] The other defendants[1] have also filed answers denying all liability and asserting affirmative defenses. [Dkt. Nos. 171, 268, 368, 369, 373, 423, 424, 426].

---

[1] The "Underwriter Defendants" are J.P. Morgan Securities LLC, Goldman Sachs & Co. LLC, Cowen and Company, LLC, BofA Securities, Inc., UBS Securities LLC, and Lazard Frères & Co. LLC. The "VC Defendants" consist of three groups of funds that were (or were affiliated with) minority investors in Zymergen prior to its IPO: (i) SVF Excalibur (Cayman) Limited, SVF Endurance (Cayman) Limited, SoftBank Vision Fund (AIV M1) LP, and SB Investment Advisers (US) Inc. (collectively, "SoftBank"); (ii) Data Collective II, L.P., DCVC Opportunity Fund, L.P., and DCVC Management Co, LLC (collectively, "DCVC"); and (iii) True Ventures IV, L.P., True Ventures Select I, L.P., True Ventures Select II, L.P., True Ventures Select III, L.P., True Ventures Select IV, L.P., and True Venture Management, L.L.C. (collectively, "True Ventures").

On August 11, 2023, the Court certified a plaintiff class with respect to the claims asserted against Zymergen, the individual defendants and the Underwriter Defendants,[2] with Lead Plaintiff Wang as the sole class representative. [Dkt. No. 194.]

**B.     The Zymergen Bankruptcy Proceeding**

    **1.     Zymergen's Chapter 11 Filing and Bankruptcy Court Authorization to Retain WilmerHale**

On July 24, 2022, Zymergen and Ginkgo Bioworks, Inc. ("Ginkgo") entered into a definitive agreement whereby Ginkgo would acquire Zymergen in an all-stock transaction valuing the Company at about $300 million. Second Amended Complaint ("SAC" [Dkt. No. 321]), ¶ 55. Following shareholder approval, the transaction closed on October 19, 2022 and Zymergen became a wholly owned subsidiary of Ginkgo. *Id*.

On October 3, 2023, Zymergen filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware. Ex. B; SAC ¶ 5. Through its bankruptcy counsel, Morris Nichols, Zymergen sought approval to retain WilmerHale to (1) continue defending the claims asserted against the Company (and individual former directors) in this class action, (2) defend a separate action against Zymergen in Delaware Superior Court, and (3) represent the Company in an SEC investigation. Ex. C, ¶ 23 (p. 10 of 15).[3] The Bankruptcy Court approved those retentions, in accordance with the terms of the November 2021 Engagement Letter. Ex. D.[4]

WilmerHale is currently owed approximately $358,000 for fees and expenses incurred in connection with its Court-authorized representation of Zymergen in the SEC investigation. Muck Decl., ¶ 5. Those fees and costs were incurred between May 2024 and September 2024. *Id*. Despite multiple requests for payment by Zymergen, those amounts remain unpaid. *Id*.

---

[2] The VC Defendants were not parties to the case at that time.

[3] Plaintiff in the Delaware Superior Court later chose not to pursue its claims against Zymergen, and the SEC investigation has since been resolved. Muck. Decl., ¶ 5.

[4] The Bankruptcy Court was not requested to, and did not, authorize Zymergen to retain WilmerHale for purposes of a putative derivative action (the "Mellor action") purporting to assert claims on the Company's behalf against individual officers and directors.

## 2. Approval of the Bankruptcy Liquidation Plan

Lead Plaintiff appeared (through counsel) in the bankruptcy action purporting to represent the interests of the alleged class with respect to claims against Zymergen. *See* Exs. E, F. The Bankruptcy Court confirmed Zymergen's Plan of Liquidation ("Liquidation Plan") on February 5, 2024 and, pursuant to the Liquidation Plan, Zymergen's assets (including potential causes of action) were transferred to the Trust. *See* Ex. H ("Liquidation Order") ¶¶ 10, 11, 13; Ex. I ("Liquidation Plan") ¶ 1.61. Neal Goldman was appointed to serve as Trustee (Liquidation Order [Ex. H], ¶¶ 11, 12) and the Trust is represented by Glenn Agre. Muck Decl., ¶ 11.

As part of the Liquidation Plan approved by the Bankruptcy Court, Plaintiffs are *only* permitted to pursue claims against Zymergen to the extent of any available insurance. *See* Liquidation Order (Ex. H), ¶ 42. Specifically, Paragraph 42 of the Bankruptcy Court's February 5, 2024 Liquidation Order (Ex. H) provides as follows:

> Notwithstanding anything to the contrary in the Plan or this Confirmation Order, nothing herein or in the Plan shall preclude the Lead Plaintiff from pursuing, on behalf of himself and the certified class he represents (the "Class"), the claims now or hereafter asserted in the Securities Litigation against the Debtor(s), *solely to the extent of available insurance*. *Solely for purposes of potentially accessing the Debtors' available insurance*, such claims are preserved and not discharged by the Plan. For the avoidance of doubt, *other than through available insurance*, *the Class Representative and Class shall not be entitled to any distributions from the Debtors or the Liquidation Trust on account of proofs of claim numbers 10078 and 10080, or any other claims filed by the Class Representative or Class (or any member thereof) relating to or arising from the claims or causes of action asserted in the Securities Litigation*.

*Id*. (emphasis added).[5] Importantly, as the Debtors informed the Bankruptcy Court, this provision was the product of "arm's-length negotiations" with Lead Plaintiff Wang. Ex. G, ¶ 59 (p. 28); *see also id*. ¶ 46 (p. 21) ("The Debtor Releases are supported by all constituencies in these cases, including the … Securities Litigation Class Representative").

As a result of nearly four years of attorneys' fees, expert fees, and other defense costs incurred by multiple law firms representing Zymergen, its officers, its directors, and other

---

[5] The term "Debtors" refers to Zymergen and three of its subsidiaries. Liquidation Order (Ex. H) at 1 n.1. The terms "Lead Plaintiff" and "Class Representative" refer to Plaintiff Wang. *Id*. ¶¶ 41, 42.

employees in this class action, as well as in related shareholder derivative litigation, a separate SEC investigation and other shareholder litigation, all D&O insurance available to Zymergen has now been exhausted. Muck Decl., ¶16.[6] Both the Trust (*id.*) and Plaintiffs [Dkt. No. 557-4] have been advised of that fact. Consequently, the Liquidation Plan's injunction – which, again, Lead Plaintiff Wang agreed to on behalf of the class in this case – precludes further litigation against Zymergen in this action. *See* Liquidation Order (Ex. H) at p.7 & ¶ 42; *see also* Liquidation Plan (Ex. I), ¶ 11.7. And as Plaintiffs concede, they know that "it is the position of the … Trust that the plan injunction precludes further litigation against Zymergen … such that Zymergen has no further obligation to participate in the litigation." [Dkt. 557-4.]

Since approval of the Liquidation Plan, WilmerHale has consistently provided the Trustee and Trust (through their counsel, Glenn Agre) with status reports and updates on developments in this action, and has regularly consulted with and taken direction from Glenn Agre and the Trustee on matters involving Zymergen in this case – including, for example, the assertion of attorney-client privilege, responding to discovery directed to Zymergen, and mediation issues. Muck Decl., ¶ 12.[7] For example, on February 21, 2025, the Trustee submitted a declaration in connection with a then-ongoing discovery dispute in which he indicated that WilmerHale had provided him contemporaneous updates on the challenges that the Plaintiffs had made in this case regarding Zymergen's privileges (including a dispute that the parties submitted to the Court in September 2024 regarding Plaintiffs' request for a redaction log and the additional privilege disputes that the parties submitted to the Court in December 2024) and advised the Court that he had directed WilmerHale to continue to assert Zymergen's attorney-client and work product privileges in this litigation and to defend Zymergen's attorney-client and work product privileges in response to Plaintiffs' challenges in this case. [Dkt. No. 523-1.]

---

[6] There is, however, still "Side A" insurance available to the individual officers and directors (but *not* the Company). Muck Decl., ¶ 16.

[7] Many of these communications have also involved Morris Nichols, which remains counsel to the Debtors in the bankruptcy proceeding. Muck Decl., ¶ 12.

### C. The Trust's Lawsuit in San Francisco Superior Court

On June 6, 2025, the Trust filed an action in California Superior Court, County of San Francisco (the "San Francisco Action"), alleging claims for breach of fiduciary duty, unjust enrichment, and waste against certain former officers and directors of Zymergen. [Dkt. 557-2.][8] Glenn Agre represents the Trust in that matter. *See id*. The Trust alleges, among other things, that it brings suit as "the successor in interest to Zymergen," pursuant to the Liquidation Plan, which vested in the Trust "all of the Debtors' claims and causes of action, including the claims and causes of action brought in [the] Complaint." *Id*. ¶¶ 43, 93. WilmerHale does not, and will not, represent any party in connection with the San Francisco Action or the claims asserted therein, had no knowledge that the action had been filed until after the fact, and understands that no defendant has yet responded to the complaint in that case. Muck Decl., ¶ 18.

### D. Current Status of This Action

This action has been litigated vigorously for nearly four years. Fact discovery closed on February 28, 2025 and expert discovery closed on May 30, 2025. Notwithstanding the clear language of the Liquidation Plan, however, Plaintiffs have not dismissed Zymergen from this action, despite acknowledging [Dkt. No. 557 at 6] that they have been informed there is no insurance available to Zymergen, and that the Trust's position is that the Liquidation Plan accordingly precludes further litigation against Zymergen.[9]

On June 18, 2025, the Ninth Circuit granted the VC Defendants' Rule 23(f) petition for permission to appeal from a ruling by this Court that the August 2023 class certification ruling applied to the VC Defendants. The following week, all Defendants moved to stay proceedings pending completion of the Ninth Circuit's interlocutory review. [Dkt. Nos. 553, 555, 556.] Shortly thereafter, Plaintiffs moved for an order permitting them to reopen discovery, purportedly based on allegations in the San Francisco Action and the existence of what Plaintiffs assert is a

---

[8] The named defendants in the San Francisco Action are Mr. Hoffman, Ms. Singh, Dr. Chu, Mr. Flatley, Ms. Gorjanc, Dr. Serber, Dr. Murdoch, Mr. Ocko and Dr. Sharma.

[9] Notably, Plaintiffs' counsel recently dismissed a bankrupt corporate defendant in another pending securities class action. *See* Ex. K (Plaintiffs' Motion for Dismissal of Defendant SmileDirectClub, Inc. Without Prejudice, filed Feb. 13, 2025 in *Franchi v. SmileDirectClub, Inc., et al.*, No. 3:19-cv-00962 (M.D. Tenn.)).

resulting "conflict" between Zymergen (on the one hand) and the former officers and directors (on the other). [Dkt. No. 557.] For both Defendants' and Plaintiffs' motions, opposition briefs are currently due by July 10, reply briefs are due by July 17, and a hearing is scheduled for July 31, 2025. [Dkt. No. 559.] The Court has moved the deadline for the parties to file dispositive motions and *Daubert* motions to August 29, 2025, vacated the previously set trial date, and scheduled a trial setting conference for February 10, 2026. *Id*.

### E. Communications With the Trust and the Parties to this Action Regarding WilmerHale's Proposed Withdrawal

In September 2024, as part of its ongoing dialog (both written and oral) with Glenn Agre and the Trustee regarding this litigation, WilmerHale raised concerns regarding its continued joint representation of Zymergen and the individual directors and suggested that Glenn Agre replace WilmerHale as the Company's counsel, particularly given the possibility that the interests of the Company and the individual directors might no longer be aligned. Muck Decl., ¶ 13. That suggestion was rebuffed by the Trust's counsel. *Id*. Over the succeeding months, WilmerHale focused its efforts on defending the claims against the Company and the individual directors, which included (among other things) completing document discovery, completing privilege logs, addressing discovery disputes, preparing for and participating in depositions, addressing mediation issues, working with experts, working on summary judgment motions, and preparing for trial. *Id*.

The Trust filed the San Francisco Action on June 6, 2025, and WilmerHale learned of that filing early the following week. On June 13, WilmerHale sent a letter to Glenn Agre and Morris Nichols by email, explaining that it was appropriate for the Firm to withdraw from its representation of Zymergen and asking if the Trust had a preference as to the best means of effectuating that (*e.g.*, whether the Trust wished to substitute Glenn Agre or another counsel). Muck Decl., ¶ 19. Having received no response, WilmerHale sent another letter to Glenn Agre and Morris Nichols by email on June 19, reiterating the earlier request and asking for guidance on the Trust's preferences for effectuating the withdrawal of counsel for Zymergen. *Id*. ¶ 20. Although the Trust's counsel responded to a portion of the June 19 letter, there was no response regarding the request to withdraw from representing Zymergen. *Id.* WilmerHale sent another

email on June 23. *Id.* ¶ 21. The Trust's counsel responded in part to the June 23 email but did not address the withdrawal issue. *Id.* In a June 24 email, WilmerHale again asked the Trust to state whether it was willing to substitute Glenn Agre (or another firm) as counsel for Zymergen, or if it would be necessary for WilmerHale to file a motion. *Id.* ¶ 22. On June 27, WilmerHale followed up once more, reiterated that (absent the Trust's consent) it would need to move for permission to withdraw the following week, and asked for a response by 12:00 noon PST on Monday, June 30, 2025. *Id.* ¶ 23. As before, there was no response. *Id.*

Accordingly, on June 30, 2025, WilmerHale provided written notice (via email) to the Trustee, Glenn Agre (as counsel for the Trustee and Trust) and Morris Nichols (as counsel to the Debtors in the bankruptcy proceeding) of the Firm's intent to file this motion, asking if the Trust (as Zymergen's successor-in-interest) would consent to WilmerHale's withdrawal, and requesting a response by Wednesday, July 2, 2025 at 5:00 p.m. PDT. Muck Decl., ¶ 24. There was no response. *Id.* WilmerHale followed up on July 2, 2025 by asking the Trust and its counsel if they could indicate whether an August 7, 2025 hearing date was acceptable, and requesting a response by July 3 at noon PDT. *Id.* There was no response. *Id.*

Also on June 30, WilmerHale notified counsel for all parties to this action that the Firm would seek the Court's permission to withdraw as counsel for Zymergen and, pursuant to Civ. L.R. 11-5, asked whether they consent to or oppose the proposed withdrawal, and further requested responses by July 2, 2025 at 5:00 p.m. PDT. Counsel for Mr. Hoffman, Ms. Singh, the Underwriter Defendants and the VC Defendants all confirmed that they have no objection to WilmerHale's withdrawal as counsel for Zymergen, and the former directors who are represented by WilmerHale have all consented as well. Muck Decl., ¶ 25. Plaintiffs ignored that request, however, even after confirming (in response to a subsequent email on July 2, 2025) that they are available for a hearing on August 7, 2025. *Id.*

### III. LEGAL STANDARD

Civil Local Rule 11-5(a) provides that "[c]ounsel may not withdraw from an action until relieved by order of the Court after written notice has been provided, reasonably in advance, to the client and to all other parties who have appeared in the case." Civ. L.R. 11-5(b) provides that,

"[w]hen withdrawal by an attorney from an action is not accompanied by simultaneous appearance of substitute counsel or agreement of the party to appear pro se, leave to withdraw may be subject to the condition that papers may continue to be served on counsel for forwarding purposes, unless and until the client appears by other counsel or pro se."

A motion to withdraw is "governed by the State Bar of California's standards of professional conduct." *SEC v. YouPlus, Inc.*, 2024 WL 3906759, at *1 (N.D. Cal. Aug. 19, 2024). Attorneys must adhere to confidentiality and privilege restrictions when filing such a motion, Cal. R. Ct. 3.3162(c), and take "reasonable steps to avoid [] foreseeable prejudice to the rights of the client, such as giving the client sufficient notice to permit the client to retain other counsel," and complying with other applicable requirements (*e.g.*, promptly releasing client papers). Cal. R. Prof. Conduct 1-16(d), 1-16(e)(1). Courts permit withdrawal for a variety of reasons, including where continued representation would entail conflicts with other represented clients, *Abdo v. Fitzsimmons*, 2020 WL 4209246, at *2 (N.D. Cal. July 22, 2020), where the "client … renders it unreasonably difficult for the lawyer to carry out the representation effectively," Cal. R. Prof. Conduct 1.16(b)(4), where a client has not complied with its obligation to pay counsel's fees, *id.* 1.16(b)(5), and where "the lawyer believes in good faith, in a proceeding pending before a tribunal, that the tribunal will find the existence of other good cause for withdrawal." *Id*. 1.16(b)(10).

Permission to withdraw is entrusted to the sound discretion of the trial court. *See United States v. Carter*, 560 F.3d 1107, 1113 (9th Cir. 2009). The factors considered by courts in exercising that discretion include: "(1) the reasons counsel seeks to withdraw; (2) the possible prejudice that withdrawal might cause to other litigants; (3) the harm that withdrawal might cause to the administration of justice; and (4) the extent to which withdrawal will delay resolution of the case." *YouPlus,* 2024 WL 3906759, at *1. As discussed below, these factors all militate in favor of permitting WilmerHale to withdraw from its representation of Zymergen.

## IV. GOOD CAUSE EXISTS TO PERMIT WILMERHALE TO WITHDRAW AS ZYMERGEN'S COUNSEL

### A. There Are Multiple Compelling Reasons Why WilmerHale Should Be Permitted to Withdraw from Representation of Zymergen

The Engagement Letter provides that WilmerHale "may be required to withdraw from this representation if continuing with it would become unethical." Ex. A at § 7 (p. 6 of 16). Given the recently filed San Francisco Action and the allegations and claims against the individual defendants in that case (some of whom WilmerHale represents in this action), Plaintiffs' assertion that there is now a conflict between Zymergen and the individual defendants [*see, e.g.*, Dkt. No. 557 at 6, 11-12], and Plaintiffs' efforts to use the Trust's allegations against the individual defendants in this action (*id*. at 6-7), it is untenable for WilmerHale – or any other law firm – to jointly represent the Company and its former directors. *See* Cal. R. Prof. Conduct 1.7(a) ("A lawyer shall not, without informed written consent from each client and compliance with paragraph (d), represent a client if the representation is directly adverse to another client in the same or a separate matter"); *id*. 1.7(b) ("A lawyer shall not, without informed written consent from each affected client and compliance with paragraph (d), represent a client if there is a significant risk the lawyer's representation of the client will be materially limited by the lawyer's responsibilities to or relationships with another client"); *id*. 1.16(b)(4) (withdrawal proper if a "client by other conduct renders it unreasonably difficult for the lawyer to carry out the representation effectively"); *id*. 1.16(b)(9) (withdrawal proper where "a continuation of the representation is likely to result in a violation of these rules or the State Bar Act"); *Abdo*, 2020 WL 4209246, at *3 ("[T]he California Rules of Professional Conduct prohibit attorneys from representing a client if there is a significant risk their representation of the client will be materially limited by the lawyer's responsibilities to or relationships with another client.").

Moreover, as demonstrated by the Trust's refusal to respond to repeated correspondence from WilmerHale since the filling of the San Francisco Action, including the Trust's refusal to even state whether it opposes this motion (Muck Decl., ¶¶ 20-24), it is evident that there has been a breakdown in the relationship between the Firm and Zymergen. This is another basis for permitting WilmerHale to withdraw from representing the Company. *See, e.g., Hunter v.*

*Sokoloff*, 2019 WL 5655013, at *3 (N.D. Cal. Oct. 31, 2019) ("It appears that a breakdown in the attorney-client relationship has occurred that renders it unreasonably difficult for [the firm] to carry out the representation of [the client] effectively."); *see also* Engagement Letter (Ex. A) at § 7 (p. 6 of 16) (providing that WilmerHale "may also withdraw, after consultation with you, in the event that the Clients do not cooperate fully with us").

In addition, Zymergen has not paid more than $358,000 in fees and costs owing to WilmerHale, even though the vast majority of that amount relates to work performed more than a year ago and remains outstanding despite requests for payment. Muck Decl., ¶ 5. That is another independent basis for withdrawal. *See* Engagement Letter (Ex. A) at § 2 (p. 3 of 16) ("The Company is responsible for paying our fees and expenses incurred in representing all of the Clients in the Matters."); *id*. at § 7 (p. 6 of 16) (permitting withdrawal if "our invoices are not paid in accordance with this agreement"); *Heifetz v. Nilkanth*, 2019 WL 3457793, at *2 (N.D. Cal. July 31, 2019) ("Failure to pay attorney's fees provides a sufficient basis on which to grant a request to withdraw.") (citing authorities); Cal. R. Prof. Conduct 1.16(b)(5) (permitting withdrawal if "the client breaches a material term of an agreement with, or obligation, to the lawyer relating to the representation").

WilmerHale recognizes that the Engagement Letter contains language contemplating a scenario in which, as a result of a conflict among joint clients, the Firm might withdraw from representing individuals while continuing to represent the Company. Ex. A at § 4 (pp. 4-5 of 16). We submit, however, that this language is not exclusive: it does not purport to set forth the only circumstance in which WilmerHale can withdraw from representing one jointly represented client while continuing as counsel for the remainder. Put another way, there is nothing in the Engagement Letter that prohibits the Court from exercising its discretion to permit the Firm to withdraw from representation of the Company alone. *See Carter*, 560 F.3d at 1113. Nor does it prevent Zymergen from agreeing that WilmerHale may continue to represent the individual defendants. And there are multiple reasons why the only logical result is for WilmerHale to continue representing the individual directors but not Zymergen.

First, to the extent that there is now a conflict between Zymergen and the director defendants (as Plaintiffs insist), it was prompted by the Trust's decision to file the San Francisco Action. Second, while there has been a breakdown in the relationship between WilmerHale and Zymergen, there is no similar issue with respect to the individual clients. Third, it is Zymergen (as opposed to any individual client) which has failed to comply with the terms of the Engagement Letter regarding payment of fees and costs.

Critically, Zymergen will not be prejudiced if WilmerHale is permitted to withdraw. As noted above, WilmerHale has afforded the Trust and its attorneys ample notice of the Firm's intent to withdraw and the need to substitute new counsel for the Company. Indeed, the Trust has already retained Glenn Agre to represent it in matters relating to the same underlying legal and factual issues as this case, including the San Francisco Action. Given Glenn Agre's relationship with the Trustee and Trust, its familiarity with the relevant facts and issues, its San Francisco office, its representation of the Trust in a related matter pending within the boundaries of the Northern District of California, and its excellent reputation for handling complex litigation matters,[10] that firm is well situated to represent Zymergen in this action. *See, e.g., Abdo*, 2020 WL 4209246, at *4 (granting motion to withdraw and finding no prejudice where, among other things, "Counsel gave sufficient written notice of their intent to withdraw and … sufficient time has passed during which [the client] has been on notice and had opportunity to find other counsel," and the case schedule meant that there was "sufficient time remaining for [the client] to obtain separate counsel and for that counsel to participate meaningfully in [the] litigation"). In that regard, it is also relevant that the Trust and its counsel have not even stated that they intend to oppose this motion.

Moreover, Zymergen will not be prejudiced for another reason: pursuant to the Liquidation Plan and the Bankruptcy Court's order and injunction, it faces no liability in this

---

[10] Glenn Agre has two offices, in New York and San Francisco, and describes itself as "dedicated to the craft of trial lawyering," with experience in "challenging bankruptcy, white-collar and litigation matters." Ex. J.

action. *See* Ex. I.[11] Significantly, when Zymergen (through its bankruptcy counsel, Morris Nichols) sought Bankruptcy Court approval to retain WilmerHale, it did so for the specific purpose of enabling WilmerHale to represent the Company in defending claims (or, potentially, pursuing counterclaims) in the class action. Ex. C, ¶ 23 (p. 10 of 15). Now that Plaintiffs are prohibited by the Bankruptcy Court's order from seeking anything from the Company (something Lead Plaintiff agreed to on behalf of the certified class), and because there are no counterclaims in this action, the stated rationale for WilmerHale's retention of Zymergen is no longer present.

On the other hand, the individual directors represented by WilmerHale – who, unlike Zymergen, must still defend themselves and face potential exposure from Plaintiffs' claims in this action – would be severely prejudiced if required to retain new counsel at this late date. WilmerHale has represented those individuals for nearly four years, is intimately familiar with the underlying facts, documents and legal issues, has been involved in the retention of experts on their behalf, has spent substantial time preparing summary judgment motions on the directors' behalf, and (if the claims survive summary judgment) is prepared to demonstrate at trial why the claims against the directors are without merit. Muck Decl., ¶ 28. Forcing those individuals to find new counsel at this point and bring those new lawyers up to speed would be extraordinarily expensive, needlessly erode the remaining "Side A" insurance, and undoubtedly delay the proceedings in this case substantially. *Id*. The Court should exercise its discretion to prevent such prejudice and delay.

**B.     The Proposed Withdrawal Will Not Prejudice Any Other Party**

No other party will be prejudiced by WilmerHale's withdrawal from its representation of Zymergen. The current status of the case precludes any suggestion of prejudice if the motion is granted, particularly inasmuch as: (1) there is at present no trial date, with the prior date having been vacated by the Court and a trial setting conference scheduled for February 10, 2026; (2) the current deadline for dispositive motions is approximately eight weeks away and may be further extended in light of the motions to stay and motion to reopen discovery set for hearing on July 31,

---

[11] The Trust agrees with that conclusion, and its position has been conveyed to Plaintiffs. [Dkt. No. 557-4.]

2025 [Dkt. Nos. 553, 555, 556, 557]; (3) WilmerHale does not seek to withdraw from its representation of the eight individual directors; and (4) as discussed above, Plaintiffs are now (by virtue of the exhaustion of insurance available to the Company) precluded by the Liquidation Order from pursuing claims against Zymergen.

In light of these facts, it is unsurprising that none of the other Defendants opposes WilmerHale's motion. *See* Muck Decl., ¶ 25.

While Plaintiffs have ignored a request to state their position on the motion, it is significant that they have not indicated an intent to oppose. Presumably, that is because they know that WilmerHale's withdrawal from representing Zymergen is proper, will result in no prejudice to anyone, and will avoid the delays that would be caused by not permitting the Firm to withdraw from representation of the Company. Plaintiffs have told the Court that there is a conflict between Zymergen and the individual defendants, including the directors represented by WilmerHale. [Dkt. No. 557 at 6, 11-12.] Based on Plaintiffs' own position, it would undeniably be necessary for at least some of WilmerHale's existing clients – Zymergen, the directors, or both – to retain new counsel, because no lawyer could represent all of those clients in the face of such a conflict. *See* Cal. R. Prof. Conduct 1.7(a)-(b).[12] Plaintiffs undoubtedly recognize that requiring the individual directors to retain new counsel at this date would result in substantial delays, not to mention needless expenditure of assets. And, of course, Plaintiffs know that the Liquidation Order precludes them from pursuing any claims against Zymergen at this point – and that if Plaintiffs would dismiss the Company, as their counsel did recently with a bankrupt corporate defendant in another securities class action (Ex. K), this motion would likely not have been necessary. Furthermore, the fact that WilmerHale only seeks to withdraw from representation of an entity that is technically a defendant but faces no liability, and that the Trust (Zymergen's successor-in-interest) has already retained Glenn Agre to represent it in related litigation in San Francisco, underscores that Plaintiffs have no basis to oppose this motion.

---

[12] In fact, Plaintiffs seemingly criticize WilmerHale for not yet having "withdrawn its appearance on behalf of Zymergen." [Dkt. No. 557 at 6.]

### C. The Proposed Withdrawal Will Not Impair the Administration of Justice or Delay Resolution of the Case

For the reasons already discussed, permitting WilmerHale to withdraw from representing Zymergen at this point will neither impair the administration of justice nor delay resolution of the case – particularly in light of the current case schedule and deadlines, the Liquidation Order's prohibition against Plaintiffs pursuing claims against Zymergen, the resulting limited role that would be required of the Company's new counsel, and Glenn Agre's involvement. *See* Secs. IV.A-B, *supra*. By contrast, requiring the directors to retain new counsel – which is the only alternative if the Court does not grant WilmerHale's motion – would entail an enormous expenditure of time and money as new lawyers try to get up to speed, and would necessarily delay proceedings substantially. *See id.*[13]

## V. CONCLUSION

For the foregoing reasons, WilmerHale's motion for leave to withdraw as counsel for Zymergen should be granted.

Dated: July 3, 2025

Respectfully submitted,

WILMER CUTLER PICKERING
HALE AND DORR LLP

By: */s/ Peter J. Kolovos*
Peter J. Kolovos

*Attorneys for Defendants Zymergen Inc., Steven Chu, Jay T. Flatley, Christine M. Gorjanc, Travis Murdoch, Matthew A. Ocko, Sandra E. Peterson, Zach Serber and Rohit Sharma*

---

[13] As noted above, where new counsel has not yet appeared for the client in question, the Court "may" (but is not required to) grant a motion to withdraw "subject to the condition that papers may continue to be served on counsel for forwarding purposes." Civ. L.R. 11-5(b). While WilmerHale will of course comply with that condition if the Court deems it appropriate, we submit that it is not necessary here because (1) the Liquidation Order mandates the conclusion that Zymergen should no longer be a defendant, and (2) Glenn Agre is already actively involved in representing the Trust (and, to the extent anything needs to be served on Zymergen, the parties can serve that firm instead).