GLENN AGRE BERGMAN & FUENTES LLP
Lyn R. Agre (SBN 178218)
Edward E. Shapiro (SBN 326182)
580 California Street, Suite 1420
San Francisco, California 94104
Telephone:   (415) 599-0880
Facsimile:   (415) 398-5030
lagre@glennagre.com
eshapiro@glennagre.com

*Attorneys for ZYM Liquidating Trust*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| BIAO WANG, Individually and on Behalf of All Others Similarly Situated,<br><br>                    Plaintiff,<br><br>     vs.<br><br>ZYMERGEN INC., *et al.*,<br><br>                    Defendants. | Case No.: 5:21-cv-06028-PCP<br><br>**NOTICE OF MOTION AND MOTION OF NON-PARTY ZYM LIQUIDATING TRUST TO INTERVENE; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date: August 28, 2025<br>Time: 10:00 a.m.<br>Place: Courtroom 8, 4th Floor<br>Judge: Hon. P. Casey Pitts |

**NOTICE OF MOTION**

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on August 28, 2025 at 10:00 a.m., or as soon thereafter as the matter may be heard in Courtroom 8 of the San Jose Courthouse located at 280 South First Street, San Jose, CA 95113 before the Honorable P. Casey Pitts, non-party ZYM Liquidating Trust (the "Trust"), as successor in interest to Zymergen Inc. ("Zymergen"), will and hereby does move the Court to allow the Trust to intervene in this action pursuant to Rules 24(a)(2) and/or 24(b) of the Federal Rules of Civil Procedure (each, a "Rule") for the limited and specific purpose of (i) opposing Plaintiff's Motion For Leave To Modify The Case Schedule (Dkt. No. 557, "Motion" or "Mtn."), and to the extent the Motion is granted, (ii) opposing any motion for reconsideration of the Court's denial of Plaintiff's challenge to Zymergen's privilege log (Dkt. No. 524). Upon intervention, if permitted, the Trust respectfully requests that the Court (a) accept for filing its Opposition to the Motion (the "Opposition"), which is annexed to the accompanying Declaration of Lyn R. Agre, dated July 10, 2025 ("Agre Declaration") as Exhibit A; and (b) allow the Opposition to be heard at the hearing set for August 28, 2025.

This motion is based upon this Notice of Motion, the following Memorandum of Points and Authorities in support thereof, and the Agre Declaration, all papers and pleadings from this case on file with the Court, any matters of which the Court may take judicial notice, and any arguments, evidence or other matters as may be presented at the hearing or that the Court otherwise may consider.

**STATEMENT OF ISSUES (CIVIL L.R. 7-4(a)(3))**

Whether the Trust should be permitted to intervene for the limited and specific purpose of (i) opposing the Motion and, to the extent the Motion is granted, (ii) opposing any motion for reconsideration of the Court's denial of Plaintiff's challenge to Zymergen's privilege log.

## MEMORANDUM OF POINTS AND AUTHORITIES
## INTRODUCTION

As shown below, the Trust, as the holder of Zymergen's attorney-client privilege, has sufficient interests at stake in this action to warrant intervention under Rule 24(a) and/or permissive intervention under Rule 24(b).

## BACKGROUND

On August 4, 2021, Plaintiff commenced this action against Zymergen and its former officers and directors for alleged violations of the U.S. securities laws.

On October 3, 2023, Zymergen filed a voluntary petition for relief under Chapter 11 of the U.S. Bankruptcy Code.

On February 24, 2024, the Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") entered an order (the "Confirmation Order") confirming the Plan of Liquidation for Zymergen Inc. (the "Plan"). Section 11.7 of the Plan includes an injunction (the "Plan Injunction") prohibiting any party from commencing or continuing any lawsuit, claim or other action against Zymergen or its successor in interest, the Trust. The Plan Injunction includes a limited exception relevant to this action. Specifically, Paragraph 42 of the Confirmation Order allows this action to proceed against Zymergen, *but only to the extent of any available insurance* that would cover Zymergen's liability to the Plaintiff and the class he/she represents. The available insurance has been exhausted. *See* Agre Declaration, Exhibit B (letter from Axis to Wilmer Hale, dated July 7, 2025). The claims asserted against Zymergen in this action are, therefore, subject to the Plan Injunction. Accordingly, the Trust has demanded that Plaintiff voluntarily dismiss Zymergen from this action promptly. *See* Agre Declaration, Exhibit C (letter from the Trust to the plaintiff, dated July 8, 2025). On July 10, 2025, Plaintiff filed a notice of intent to seek an order dismissing Zymergen. Dkt. No. 563.

On June 6, 2025 the Trust asserted claims against the Director Defendants in the California Superior Court. *ZYM Liquidating Trust, a Delaware company v. Josh Hoffman, et al.*, Super. Ct. S.F., 2025, No. 626071.

1

NOTICE OF MOTION AND MOTION OF NON-PARTY ZYM LIQUIDATING TRUST TO INTERVENE; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF
Case No.: 5:21-cv-06028-PCP

## ARGUMENT

Pursuant to Rules 24(a) and 24(b), the Court should permit the Trust to intervene.

## I. THE TRUST HAS THE RIGHT TO INTERVENE UNDER RULE 24(A)

The Trust has the right to intervene under Rule 24(a)(2), which requires courts to allow intervention by any party who "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Rule 24(a)(2). Pursuant to Rule 24(a)(2):

> Courts in this Circuit apply the following four-part test: (1) the motion must be timely; (2) the applicant must claim a "significantly protectable" interest relating to the property or transaction which is the subject of the action; (3) the applicant must be so situated that the disposition of the action may as a practical matter impair or impede its ability to protect that interest; and (4) the applicant's interest must be inadequately represented by the parties to the action.

*Finjan, Inc. v. Symantec Corp.,* 2017 WL 6610081, at *2 (N.D. Cal. Sept. 29, 2017) (granting motion to intervene as of right). The Ninth Circuit has recognized that "'Rule 24 traditionally has received a liberal construction in favor of applications for intervention.'" *Sagebrush Rebellion, Inc. v. Watt*, 713 F.2d 525, 527 (9th Cir. 1983) (quoting *Wash. State Bldg. & Constr. Trades Council, AFL-CIO v. Spellman*, 684 F.2d 627, 630 (9th Cir. 1982)). Courts "are guided primarily by practical and equitable considerations." *Donnelly*, 159 F.3d at 409. Because all four requirements have been met, the Trust has the right to intervene. *See Finjan*, 2017 WL 6610081, at *2.

### A. The Trust's Motion To Intervene Is Timely

The Trust's motion to intervene is timely because it was filed within the time allowed to oppose the Motion. *Hildes v. Andersen*, 2010 WL 2836769, at *6 (S.D. Cal. July 19, 2010) (former outside directors' motion to intervene pursuant to Rule 24(a) was timely as filed "within the time allowed for the named defendants to oppose Plaintiff's Motion to Amend and was filed at the first relevant opportunity") (reversed in part on other grounds).

### B. The Trust Has A Sufficient Interest To Warrant Intervention

"Whether an applicant for intervention demonstrates sufficient interest in an action is a practical, threshold inquiry. No specific legal or equitable interest need be established." *Greene v. United States*, 996 F.2d 973, 976 (9th Cir. 1993). Here, the Trust has a significant, protectable interest in Zymergen's attorney-client privilege. *See Commodities Futures Trading Comm'n v. Weintraub*, 471 U.S. 343, 353 (1985) (recognizing a bankruptcy "trustee's control of the [bankrupt] corporation's attorney-client privilege with respect to pre-bankruptcy communications"); *see also* Dkt. No. 524 at 3.

### C. The Trust's Ability To Protect Its Interest Would Be Impaired Absent Intervention

"If an absentee would be substantially affected in a practical sense by the determination made in an action, he should, as a general rule, be entitled to intervene." *Sw. Ctr. for Biological Diversity v. Berg*, 268 F.3d 810, 822 (9th Cir. 2001) (quoting Rule 24 advisory committee's notes). Here, the Trust's interest in protecting Zymergen's attorney-client privilege would be impaired if it is not permitted to be heard in opposition to the Motion, especially in light of Wilmer Cutler Pickering Hale and Dorr LLP's pending motion for leave to withdraw as counsel for Zymergen. *See* Dkt. No. 561.

### D. The Trust's Interests Will Not Be Adequately Represented By Existing Parties

In determining whether the existing parties would adequately represent the Trust's interests, courts considers: (i) whether the interest of a present party is such that it will undoubtedly make all the intervenor's arguments; (ii) whether the present party is capable and willing to make such arguments; and (iii) whether the would-be intervenor would offer any necessary elements to the proceedings that other parties would neglect. *LG Elecs. v. Q-Lity Comput. Inc.*, 211 F.R.D. 360, 365 (N.D. Cal. 2002). "The burden of showing inadequacy is minimal, and the applicant need only show that representation of its interests by existing parties may be inadequate." *Id.* Here, to the extent the Trust's interests were adequately represented by Zymergen to date, that is no longer the case because (a) all claims against Zymergen should be dismissed promptly pursuant to the Plan Injunction (*see* Agre Declaration, Exhibits B and C), and (b) Zymergen's counsel has moved to

withdraw (*see* Dkt. No. 561); *see also* Dkt. No. 563. With respect to Zymergen's attorney client privilege, the Individual Defendants' interests and incentives in this action are potentially adverse to those of the Trust, and the Plaintiff's interests in this action are plainly adverse to those of the Trust.

## II.     THE TRUST SHOULD BE PERMITTED TO INTERVENE UNDER RULE 24(B)

In the alternative, the Court should exercise its discretion to permit the Trust to intervene pursuant to Rule 24(b)(1). "In exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Rule 24(b)(3). Here, the Trust seeks to intervene for the limited and specific purpose of opposing Plaintiff's Motion, which has not yet been fully briefed. Accordingly, permitting the Trust to intervene for this limited purpose will not delay or prejudice the rights of the existing parties.

## CONCLUSION

Accordingly, pursuant to Rule 24(a)(2) and Rule 24(b), the Trust respectfully requests that this Court grant its motion to intervene for the limited and specific purpose of (i) opposing the Motion and, to the extent the Motion is granted, (ii) opposing any motion for reconsideration of the Court's denial of Plaintiff's challenge to Zymergen's privilege log.

Dated: July 10, 2025

Respectfully submitted,
By: _*/s/ Lyn Agre*_
Lyn R. Agre (Cal. Bar No. 178218)
Edward E. Shapiro (Cal. Bar No. 326182)
Glenn Agre Bergman & Fuentes LLP
580 California Street, Suite 1420
San Francisco, CA 94104
Telephone: (415) 599-0880
lagre@glennagre.com
eshapiro@glennagre.com

*Attorneys for ZYM Liquidating Trust*

## CERTIFICATE OF SERVICE

I, Edward Lee, hereby certify that I electronically filed the foregoing with the clerk of the court for the United States District Court for the Northern District of California by using the CM/ECF system on July 10, 2025.  I further certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system. I certify under penalty of perjury that the foregoing is true and correct.

Executed:  July 10, 2025                                      */s/ Edward Lee*
                                                                                    Edward Lee

5

NOTICE OF MOTION AND MOTION OF NON-PARTY ZYM LIQUIDATING TRUST TO INTERVENE; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF
Case No.: 5:21-cv-06028-PCP