QUINN EMANUEL URQUHART & SULLIVAN, LLP
  Harry A. Olivar, Jr. (Bar No. 143089)
  harryolivar@quinnemanuel.com
  Robert E. Allen (Bar No. 314120)
  robertallen@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone:    (213) 443-3000
Facsimile:    (213) 443-3100

  Linda J. Brewer (Bar No. 217730)
  lindabrewer@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone:    (415) 875-6600
Facsimile:    (415) 875-6700

*Attorneys for SVF Endurance (Cayman) Ltd., SVF Excalibur (Cayman) Ltd., SoftBank Vision Fund (AIV M1) LP and SB Investment Advisers (US) Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BIAO WANG, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>ZYMERGEN INC., et al.,<br><br>Defendant. | Case No. 5:21-cv-06028-PCP<br><br>**VC DEFENDANTS' ADMINISTRATIVE MOTION TO FILE UNDER SEAL**<br><br>Filed/Lodged Concurrently herewith:<br>1. Declaration of Robert E. Allen<br>2. [Proposed] Order Granting Administrative Motion to File Under Seal<br>3. Redacted/Unredacted Versions |

Pursuant to Civil Local Rules 7-11 and 79-5, and in accordance with the Amended Stipulated Protective Order (ECF 445) ("Protective Order"), the VC Defendants[1] respectfully move this Court to seal portions of exhibits to the Declaration of Robert E. Allen filed concurrently herewith in support of the VC Defendants' Opposition to Motion to Modify the Case Schedule (the "Allen Opposition Declaration").

The VC Defendants request an order granting this Motion to Seal with respect to the following portions of exhibits attached to the Allen Opposition Declaration.

| Document Sought to Be Sealed | Portions to Be Filed Under Seal | Designating Party |
|---|---|---|
| Allen Opposition Declaration, Exhibit 1 | Yellow highlighted portions at Page 7:27-28 Page 8:1-11 Page 9: 25-28 Page 10:1-9 | SoftBank Defendants |
| Allen Opposition Declaration, Exhibit 2 | Yellow highlighted portions at Page 7:27-28 Page 8:1-11 Page 9: 25-28 Page 10:1-9 | SoftBank Defendants |
| Allen Opposition Declaration, Exhibit 3 | Yellow highlighted portions at Page 10:22-27 Page 11:2-7 Page 12: 17-27 Page 13: 1-2 | SoftBank Defendants |

---

[1] "VC Defendants" refers to Defendants SVF Excalibur (Cayman) Limited, SVF Endurance (Cayman) Limited, SoftBank Vision Fund (AIV M1) LP, SB Investment Advisers (US) Inc. (the "SoftBank Defendants"), Data Collective II, L.P., DCVC Opportunity Fund, L.P., DCVC Management Co, LLC (the "DCVC Defendants"), True Ventures IV, L.P., True Ventures Select I, L.P., True Ventures Select II, L.P., True Ventures Select III, L.P., True Ventures Select IV, L.P., and True Venture Management, L.L.C. (the "True Ventures Defendants").

| | | |
|---|---|---|
| Allen Opposition Declaration, Exhibit 4 | Yellow highlighted portions at Page 8:26-28 Page 9:1-10 Page 10:25-28 Page 11:1-9 | SoftBank Defendants |
| Allen Opposition Declaration, Exhibit 5 | Yellow highlighted portions at Page 12:20-24 Page 15:16 Page 18:8 Page 20:7-8, 25-26 Page 21:3-4, 16-17, 20-22 | True Ventures Defendants |
| Allen Opposition Declaration, Exhibit 6 | Yellow highlighted portions at Page 9: 7-24 Page 10:12-27 Page 11:1-2 Page 12:14-15 | True Ventures Defendants |
| Allen Opposition Declaration, Exhibit 7 | Yellow highlighted portions at Page 9:12-28 Page 10:1, 18-28 Page 11:1-7 Page 12:19-20 | True Ventures Defendants |
| Allen Opposition Declaration, Exhibit 8 | Yellow highlighted portions at Page 9:12-28 Page 10:1, 18-28 Page 11:1-7 Page 12:19-20 | True Ventures Defendants |

| | | |
|---|---|---|
| Allen Opposition Declaration, Exhibit 9 | Yellow highlighted portions at Page 9:17-28 Page 10:1-7, 24-28 Page 11:1-13 Page 12:26-27 | True Ventures Defendants |
| Allen Opposition Declaration, Exhibit 10 | Yellow highlighted portions at Page 9:12-28 Page 10:1, 18-28 Page 11:1-7 Page 12:20-21 | True Ventures Defendants |
| Allen Opposition Declaration, Exhibit 11 | Yellow highlighted portions at Page 10:24-28 Page 11:1-10 | DCVC Defendants |
| Allen Opposition Declaration, Exhibit 12 | Yellow highlighted portions at Page 11:2-16 | DCVC Defendants |
| Allen Opposition Declaration, Exhibit 13 | Yellow highlighted portions at Page 8:4-25 Page 11:7-21 | DCVC Defendants |
| Allen Opposition Declaration, Exhibit 14 | Yellow highlighted portions at Page 8:4-25 Page 10:6-28 Page 11:1-2 Page 12:10-24 | DCVC Defendants |

In making this request, the VC Defendants have carefully considered the legal standard in determining which information would be the subject of the present request to seal. The VC Defendants make this request with the good faith belief that the information sought to be sealed consists of information designated as confidential under the Protective Order, such as information

regarding the internal organization and investment management of the VC Defendants, the public disclosure of which could cause competitive harm. The VC Defendants' request is narrowly tailored to only those portions of these documents containing the sensitive information.

Courts "recognize a general right to inspect and copy public records and documents, including judicial records and documents" and "start with a strong presumption in favor of access to court records." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016). Quoting the Supreme Court's decision in *Nixon v. Warner Communications*, however, the Ninth Circuit has noted that examples of what might constitute a compelling reason include "'sources of business information that might harm a litigant's competitive standing.'" *Ctr. for Auto Safety*, 809 F.3d at 1097 (quoting 435 U.S. 589, 598-99 (1978)). Moreover, the Ninth Circuit has carved out an exception to the preference for public access for motions that are "unrelated, or only tangentially related, to the underlying cause of action." *Id.* at 1098 (citation omitted). Rather, such motions are subject to the lesser "good cause" standard, which requires only "a 'particularized showing' that 'specific prejudice or harm will result' if the information is disclosed." *Finjan, Inc. v. Check Point Software Techs., Inc.*, No. 18-CV-02621- WHO, 2020 WL 597630, at *21 (N.D. Cal. Jan. 17, 2020) (quoting *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002)); *see also Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006) (A "good cause" showing … will suffice to keep sealed records attached to non-dispositive motions."). Plaintiff's Motion to Modify the Case Schedule is not a dispositive motion, and is therefore subject to the lesser "good cause" standard. *Dunbar v. Google, Inc.*, No. 5:12-cv-003305-LHK, 2012 WL 6202719, at *2 (N.D. Cal. Dec. 12, 2012) ("Plaintiff's Motion for Leave to Amend is a non-dispositive motion. Therefore, the parties need only demonstrate 'good cause' in order to support their requests to seal.").

Additionally, as explained in additional detail in the accompanying Declaration of Robert E. Allen ("Allen Decl.") in support of this administrative motion, the material identified for sealing meets the "good cause" standard. *See* Allen Decl., ¶¶ 4-5. Specifically, public disclosure of the commercially sensitive information contained in the indicated portions of the exhibits to the Allen Opposition Declaration would cause harm to the VC Defendants' commercial, competitive,

and financial interests.  *Id.*  If such information were made public, the VC Defendants' competitors, affiliates, and others would gain access to confidential information regarding operations, investment management, and organization structure of the VC Defendants.  Disclosure of this information would cause competitive harm to the VC Defendants.  *See Nixon*, 435 U.S. at 598; *Barnett v. Cass*, No. CV 20-00440 JMS-RT, 2021 WL 10141422, at *3 (D. Haw. Feb. 22, 2021) (granting request to maintain insurance documents under seal); *Dickerson v. MacMillan, et al.*, No. 23-CV-01320-AMO, 2024 WL 4219988, at *5 (N.D. Cal. Sept. 16, 2024) (granting motion to seal "sensitive financial and business information").  For these reasons, less restrictive alternatives to sealing are not sufficient, and the information the VC Defendants seek to redact is narrowly tailored.  Allen Decl., ¶ 5.

For the reasons stated above, and in the accompanying Allen Declaration, the VC Defendants respectfully requests that the Court grant the Sealing Motion and enter the proposed order attached hereto.

Dated:  July 10, 2025

**QUINN EMANUEL URQUHART & SULLIVAN LLP**

By: _____*/s/ Linda J. Brewer*_____
LINDA J. BREWER
lindabrewer@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, CA 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

HARRY A. OLIVAR, JR.
harryolivar@quinnemanuel.com
ROBERT E. ALLEN
robertallen@quinnemanuel.com
865 South Figueroa Street
Los Angeles, CA 90017-5003
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

*Attorneys for Defendants SVF Endurance (Cayman) Ltd.; SVF Excalibur (Cayman) Ltd.; SoftBank Vision Fund (AIV M1) LP; and SB Investment Advisers (US) Inc.*

Dated: July 10, 2025                    **GOODWIN PROCTER LLP**

                                        By:      /s/ Jonathan A. Shapiro
                                            JONATHAN A. SHAPIRO (SBN 257199)
                                            JShapiro@goodwinlaw.com
                                            525 Market Street
                                            San Francisco, CA 94105
                                            Telephone: (415) 733-6000
                                            Facsimile: (415) 677-9041

                                            DANIEL ROESER *(Pro Hac Vice)*
                                            DRoeser@goodwinlaw.com
                                            VALERIE A. HAGGANS *(Pro Hac Vice)*
                                            VHaggans@goodwinlaw.com
                                            The New York Times Building
                                            620 Eighth Avenue
                                            New York, NY 10018
                                            Telephone: (212) 813-8800
                                            Facsimile: (212) 355-3333

                                            *Attorneys for Defendants True Ventures IV, L.P.; True Ventures Select I, L.P.; True Ventures Select II, L.P.; True Ventures Select III, L.P.; True Ventures Select IV, L.P.; and True Venture Management, L.L.C*

Dated: July 10, 2025                    **GIBSON, DUNN & CRUTCHER LLP**

                                        By:      /s/ Michael D. Celio
                                            MICHAEL D. CELIO
                                            MCelio@gibsondunn.com
                                            ZANETA J. KIM
                                            ZKim@gibsondunn.com
                                            310 University Avenue
                                            Palo Alto, CA 94301
                                            Telephone: (650) 849-5300
                                            Facsimile: (650) 849-5333

                                            MICHAEL J. KAHN
                                            MJKahn@gibsondunn.com
                                            One Embarcadero Center, Suite 2600
                                            San Francisco, CA 94111
                                            Telephone: (415) 393-8200
                                            Facsimile: (415) 393-8306

                                            *Attorneys for Data Collective II, L.P.; DCVC Opportunity Fund, L.P.; and DCVC Management Co, LLC*

**ATTESTATION PURSUANT TO LOCAL RULE 5-1(I)**

I, Robert. E. Allen, am the ECF user whose identification and password are being used to file this **VC DEFENDANTS' ADMINISTRATIVE MOTION TO FILE UNDER SEAL**. Pursuant to Local Rule 5-1(i)(3), I hereby attest that the signatories listed above have concurred in this filing.

Dated: July 10, 2025 By: /s/ _Robert E. Allen_