RYAN M. KEATS (CA SBN 296463)
RKeats@mofo.com
DAVID J. WIENER (CA SBN 291659)
DWiener@mofo.com
MICHAEL KOMOROWSKI (CA SBN 323517)
MKomorowski@mofo.com
CHRISTINA DIEROLF (CA SBN 335258)
CDierolf@mofo.com
LARA ANDERS (CA SBN 340017)
LAnders@mofo.com
Morrison & Foerster LLP
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, CA 94105
Telephone: (415) 268-7000

*Attorneys for Defendant Enakshi Singh*

[Additional counsel appear on signature page.]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BIAO WANG, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>ZYMERGEN INC., et al.,<br><br>Defendants. | Case No. 5:21-cv-06028-PCP<br><br>**INDIVIDUAL DEFENDANTS' OPPOSITION TO LEAD PLAINTIFF'S MOTION FOR LEAVE TO MODIFY THE CASE SCHEDULE**<br><br>Date: July 31, 2025<br>Time: 10:00 a.m.<br>Place: Courtroom 8, 4th Floor<br>Judge: The Honorable P. Casey Pitts |

# TABLE OF CONTENTS

Page

I. INTRODUCTION ............................................................................................................. 1
II. STATEMENT OF RELEVANT FACTS .................................................................... 2
    A. Zymergen's Bankruptcy Proceedings. ................................................................. 2
    B. The Trust Notifies the Parties in July 2024 of the Trust's Intent to Pursue Claims Against the Individual Defendants. ............................................. 3
    C. The Trust's Complaint in San Francisco Superior Court. ................................... 4
    D. Plaintiffs Choose Not to Depose the Officer Defendants, All But One Director Defendant, and Any of the Defendants' Experts. ............................ 5
III. ARGUMENT .................................................................................................................... 6
    A. Lead Plaintiff Has Been Aware of the Trust's Potential Claims Against the Individual Defendants for Nearly a Year. ............................................ 6
    B. There Is No Basis to Modify the Case Schedule to Permit Further Discovery. ............................................................................................................ 6
        1. The Individual Defendants Do Not Need to Amend Pleadings or Supplement Discovery Responses in Response to the Trust Complaint. ............................................................................................. 6
        2. Nothing in the Trust Complaint Justifies Reopening Expert Discovery. .................................................................................................. 9
        3. The Filing of the Trust Complaint Is Not Grounds to Reconsider the Court's Decision on Attorney-Client Privilege. .................................... 9
IV. CONCLUSION ............................................................................................................... 11

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Cho v. UCBH Holdings, Inc.*,
  890 F. Supp. 2d 1190 (N.D. Cal. 2012) ................................................................. 7

*Higgins v. Farr Fin. Inc.*,
  No. C 07-02200 JSW, 2011 WL 13257721 (N.D. Cal. July 20, 2011) ................... 7

*Mejia v. Marauder Corp.*,
  No. C06-00520 HRL, 2007 WL 806486 (N.D. Cal. Mar. 15, 2007) ....................... 7

*In re Tenet Healthcare Corp. Sec. Litig.*,
  No. CV 02-8462-RSWL (RZx), 2007 WL 5673884 (C.D. Cal. Dec. 5, 2007) ........ 7

Defendants Josh Hoffman and Enakshi Singh (the "Officer Defendants"), Steven Chu, Jay T. Flatley, Christine M. Gorjanc, Travis Murdoch, Matthew A. Ocko, Sandra E. Peterson, Zach Serber and Rohit Sharma (the "Director Defendants" and, with the Officer Defendants, the "Individual Defendants") respectfully submit this Opposition to Lead Plaintiff's Motion for Leave to Modify the Case Schedule ("Motion to Amend").[1]

## I.  INTRODUCTION

For nearly four years, the parties have been litigating Lead Plaintiff's allegations that Zymergen's IPO registration statement contained material misrepresentations. Months after the close of fact discovery and just weeks before dispositive motions were due, Lead Plaintiff filed his Motion to Amend, seeking to reopen discovery. The sole basis for that request is the allegations in a complaint recently filed on behalf of Zymergen's creditors against the Individual Defendants. Those unverified and unproven allegations are no basis to reopen discovery into the same issues that the parties have been litigating in this case for years.

Lead Plaintiff's pretexts for reopening discovery are baseless. As an initial matter, Lead Plaintiff learned ***nearly a year ago***—during the fact discovery period—that the liquidating trustee was threatening to pursue claims against the Individual Defendants on behalf of Zymergen's creditors. Lead Plaintiff had the opportunity to take discovery on that issue then, but he chose not to. Instead, Lead Plaintiff now argues (without supporting authority) that defendants must update their pleadings, discovery responses, and expert reports in response to the liquidating trustee's allegations. Those allegations are not binding admissions as to any of the Individual Defendants, and Lead Plaintiff offers no basis for why any of the Individual Defendants would change their defenses based on allegations similar to those that Plaintiffs first alleged in this case years ago. Lead Plaintiff also asserts that adversity between Zymergen and the Individual Defendants has

---

[1] On July 3, 2025, Wilmer Cutler Pickering Hale and Dorr LLP ("WilmerHale") filed a Motion to Withdraw as Counsel for Defendant Zymergen Inc. ("Zymergen") in this action. (Dkt. No. 561.) WilmerHale submits this Opposition on behalf of the other clients it represents in this litigation, the Director Defendants, but not Zymergen. WilmerHale has informed Zymergen's post-bankruptcy successor-in-interest, ZYM Liquidating Trust (the "Trust"), that it is submitting this Opposition on behalf of the Director Defendants but not Zymergen.

resulted in a privilege waiver, but he ignores that the Court has already squarely rejected that argument. Lead Plaintiff's Motion to Amend should be denied.

## II. STATEMENT OF RELEVANT FACTS

### A. Zymergen's Bankruptcy Proceedings.

Zymergen and three related entities (collectively, the "Debtors") filed for bankruptcy protection in the United States Bankruptcy Court for the District of Delaware ("Bankruptcy Court") on October 3, 2023, in the bankruptcy matter captioned *In re Zymergen Inc.*, Case No. 23-11661 (KBO) (Bankr. D. Del.). (Second Amended Complaint ("SAC" [Dkt. No. 321]) ¶ 5.) On October 4, 2023, the Debtors filed an initial proposed Joint Chapter 11 Plan of Liquidation which, among other things, would establish a liquidating trust to hold certain assets of the Debtors. (Dkt. No. 501-2.)

As part of the bankruptcy plan approval process, Zymergen's creditors, **including the Lead Plaintiff in this case**, were afforded an opportunity to raise objections to the proposed plan. On December 12, 2023, Lead Plaintiff (on behalf of the class certified in this action) filed an objection concerning, *inter alia*, whether Plaintiffs could continue to pursue their claims against Zymergen in this action to seek recovery solely from available insurance funds. (Dkt. No. 501-7.) Lead Plaintiff's objection was resolved to his satisfaction in connection with the approval of the Debtors' final plan of liquidation, which permits Plaintiffs to continue to pursue their claims against Zymergen in this action "solely to the extent of available insurance." (Dkt. No. 561-9 at 28.) In particular, the Debtors filed their First Amended Joint Chapter 11 Plan of Liquidation (the "Plan") on February 1, 2024. (Ex. A.)[2] The Bankruptcy Court held a Confirmation Hearing on February 5, 2024, during which counsel for Lead Plaintiff confirmed on the record that the Plan submitted for the Court's approval "accurately reflects our resolution and we have no further concerns." (*See* Dkt. No. 501-4 at 10:9-15.) As the Debtors also informed the Bankruptcy Court, the final Plan language was the product of "arm's-length negotiations" with, and "supported by,"

---

[2] All exhibits referenced herein ("Ex.") are attached to the Declaration of Ryan M. Keats in Support of the Individual Defendants' Opposition to Lead Plaintiff's Motion for Leave to Modify the Case Schedule ("Keats Decl.")

the Lead Plaintiff, among other constituencies. (Dkt. No. 561-8 at 21, 28.) The Bankruptcy Court entered its Order confirming the Plan (the "Confirmation Order") on February 5, 2024, which itself states that "any objections to the Plan hav[e] been resolved and/or overruled by this Court pursuant to this Confirmation Order." (Dkt. No. 561-9 at 2.)

The Plan became effective on February 23, 2024. (Ex. B.) The Plan established a liquidating trust (ZYM Liquidating Trust (the "Trust")), the purpose of which is to, among other things, hold and liquidate certain assets of the Debtors, administer the responsibilities of the Debtors after the effective date of the Plan, recover assets to be liquidated in accordance with the terms of the Plan, and wind down the affairs of the Debtors. (*See* Dkt. No. 561-9 at 19-21.) The Bankruptcy Court also approved the form of, and authorized the entry into, a Liquidating Trust Agreement that governs the rights, powers, and obligations of the Trust. (Dkt. No. 501-6.) Among other things, that agreement provides that all of Zymergen's books and records are transferred or deemed assigned to the Trust, that all rights and privileges associated with documents or communications transferred to the Trust would vest in the Trustee (including the attorney-client and work product privileges), and that no person other than the Trustee would have the right to assert or waive those privileges. (Dkt. No. 561-9 at 17-18; Dkt. No. 501-6 § 12.5.)[3]

### B. The Trust Notifies the Parties in July 2024 of the Trust's Intent to Pursue Claims Against the Individual Defendants.

Among the assets vested in the Trust pursuant to the Plan are Zymergen's actual or potential causes of action against its former officers and directors, including the Individual Defendants. (Dkt. No. 561-10 at 3, 7, 19.) On July 26, 2024—just five months after Plan confirmation—the Trust filed a motion in the Bankruptcy Court seeking to compel the Lead Plaintiff, the Individual Defendants and their insurers, and the other parties to this action (among others) to participate in mediation of various then-pending and potential claims. (Ex. C.) The premise of the Trust's motion was that, although the Trust intended to pursue claims against the

---
[3] The Confirmation Order appointed an individual (Neal Goldman) to serve as the trustee of the Trust (the "Trustee"). (Dkt. No. 561-9 at 17-18.)

Individual Defendants, it also recognized that Zymergen's directors and officers liability insurance policies ("D&O Policies") were a common (but quickly eroding) source of possible recovery for both the Trust's anticipated claims and Plaintiffs' claims in this action, among other claims. (*Id.* at 7-11.) That is because, even though Plaintiffs are only permitted to pursue their claims against Zymergen to the extent of the insurance available to Zymergen (*see* Dkt. No. 561-9 at 28), additional insurance is available to the Individual Defendants (but not Zymergen) that could be a source of recovery for both the Plaintiffs here and the Trust. (Ex. C at 7-10.)[4] The Trust therefore argued that "mediation provides the best opportunity to preserve and maximize the benefit from remaining D&O Policy proceeds," and that if "the D&O Policies continue to be eroded and ultimately are exhausted, the Trust's beneficiaries, the investor plaintiffs in [this action], and the D&O Defendants will all be worse off as a result." (*Id.*)

The Trust provided notice of its motion to compel mediation to Lead Plaintiff. (*Id.* at 11.) Lead Plaintiff filed an objection to the Trust's motion, arguing *inter alia* that the Trust had not yet formally commenced any action or asserted any claim against the Individual Defendants. (Ex. D at 2, 7.) On December 11, 2024, the Trust withdrew its motion to compel mediation. (Ex. E.)

### C. The Trust's Complaint in San Francisco Superior Court.

On June 6, 2025, the Trust filed an action in California Superior Court, County of San Francisco (the "Trust Complaint"), alleging claims for breach of fiduciary duty, unjust enrichment, and waste against certain Individual Defendants. (Dkt. No. 557-2.)[5] The Trust alleges, among other things, that it brings its claims as "the successor in interest to Zymergen," pursuant to the Plan, which vested in the Trust "all of the Debtors' claims and causes of action, including the claims and causes of action brought in [the] Complaint." (*Id.* ¶¶ 43, 93.)

---

[4] Lead Plaintiff acknowledges the Trust's position that because the insurance available to Zymergen has now been exhausted, the terms of the Plan "preclude[] further litigation against Zymergen . . . such that Zymergen has no further obligation to participate in the litigation." (Dkt. No. 557 at 6.) In addition, on July 10, 2025, Lead Plaintiff filed a Notice of Intent to Seek an Order Pursuant to Fed. R. Civ. P. 23(e), acknowledging the exhaustion of "all potentially accessible insurance proceeds that could have contributed to the satisfaction of Plaintiffs' claim against Zymergen Inc. in this case" and that Zymergen's Plan of Liquidation therefore precludes further litigation against the company in this action. (Dkt. No. 563.)

[5] The named defendants in the Trust Complaint are Mr. Hoffman, Ms. Singh, Dr. Chu, Mr. Flatley, Ms. Gorjanc, Dr. Serber, Dr. Murdoch, Mr. Ocko and Dr. Sharma.

### D. Plaintiffs Choose Not to Depose the Officer Defendants, All But One Director Defendant, and Any of the Defendants' Experts.

The parties have litigated this action vigorously for nearly four years. Fact discovery closed on February 28, 2025. Despite the parties' agreement at the outset of discovery to expand deposition limits (Dkt. No. 165) and Plaintiffs alerting the Court in September 2024 "that additional depositions might be needed in light of the fact that [the VC Defendants] have been added to the case" (Dkt. No. 400), Plaintiffs failed to depose either of the Officer Defendants and deposed *only one* of the Director Defendants (Dr. Murdoch)—*nearly two years ago*. (Keats Decl. ¶ 2.) This is despite obtaining the Court's approval in late January 2025 to depose two of the Director Defendants on dates certain in February 2025, after the then-current close of fact discovery—depositions Plaintiffs chose to cancel. (Dkt. No. 492.) Indeed, Plaintiffs deposed only one representative of the Underwriter Defendants, did not depose any current or former employee of the SoftBank Defendants other than Director Defendant Murdoch, and did not depose any current or former employee of the DCVC or True Ventures Defendants. (Keats Decl. ¶¶ 3-4.)[6]

Expert discovery closed on May 30, 2025. As Plaintiffs note in in their Motion to Amend (Dkt. No. 557 at 8-11), one or more Defendants submitted opening and/or rebuttal reports authored by five expert witnesses. Although Plaintiffs ask the Court to reopen discovery in order to permit them to depose Defendants' experts regarding the allegations in the Trust Complaint (*id.*), they fail to inform the Court that Plaintiffs chose not to depose *any* of the experts designated by the Defendants before the close of expert discovery. (Keats Decl. ¶ 6.)[7]

---

[6] In addition to Zymergen and the Individual Defendants, the Defendants in this action include J.P. Morgan Securities LLC, Goldman Sachs & Co. LLC, Cowen and Company, LLC, BofA Securities, Inc., UBS Securities LLC, and Lazard Frères & Co. LLC) (collectively, the "Underwriter Defendants"); and (i) SVF Excalibur (Cayman) Limited, SVF Endurance (Cayman) Limited, SoftBank Vision Fund (AIV M1) LP, and SB Investment Advisers (US) Inc. (collectively, "SoftBank Defendants"); (ii) Data Collective II, L.P., DCVC Opportunity Fund, L.P., and DCVC Management Co, LLC (collectively, "DCVC Defendants"); and (iii) True Ventures IV, L.P., True Ventures Select I, L.P., True Ventures Select II, L.P., True Ventures Select III, L.P., True Ventures Select IV, L.P., and True Venture Management, L.L.C. (collectively, "True Ventures Defendants" and together with SoftBank Defendants and DCVC Defendants, the "VC Defendants").

[7] Unlike Plaintiffs, the Defendants did conduct the depositions of all four individuals who

## III. ARGUMENT

### A. Lead Plaintiff Has Been Aware of the Trust's Potential Claims Against the Individual Defendants for Nearly a Year.

Lead Plaintiff argues that he has been diligent because the "facts prompting the instant request did not begin to materialize until June 16, 2025, when Plaintiff discovered that the trustee for the ZYM Liquidating Trust" filed the Trust Complaint. (Motion to Amend at 5.) But the Trust advised the Bankruptcy Court and Lead Plaintiff nearly a year ago—*in July 2024*—that the Trust intended to pursue such claims. (Ex. C.) In its motion to compel mediation, the Trust represented that it "will be ready to file a complaint with [its] Potential Claims [against the Individual Defendants] in the absence of a successful mediation." (*Id.* at 8.) The Trust provided notice of that motion to Lead Plaintiff, who then filed an objection. (Ex. D at 2, 7.) Accordingly, ***Lead Plaintiff learned of the Trust's potential claims nearly a year ago***.

At that time, fact discovery in this case was open, giving Lead Plaintiff the ability to seek discovery on the Trust's potential claims. Nothing prevented Plaintiffs from serving third-party requests to obtain documents from the Trust and/or seeking to take the deposition of the Trustee or a 30(b)(6) deposition of the Trust itself to discover the basis for its potential claims. But Lead Plaintiff did nothing to obtain such discovery.

### B. There Is No Basis to Modify the Case Schedule to Permit Further Discovery.

#### 1. The Individual Defendants Do Not Need to Amend Pleadings or Supplement Discovery Responses in Response to the Trust Complaint.

Lead Plaintiff cites no authority for his bald assertion that the Trust's allegations should be treated as admissions by Zymergen in this action. (Motion to Amend at 6.) As an initial matter, the entity that filed the Trust Complaint—ZYM Liquidating Trust—is not Zymergen. The Trust brings its claims "on behalf of and as successor in interest to Zymergen Inc." (Dkt. No. 557-2 at 1), but the Trust is a distinct corporate entity that was formed in connection with the approval of Zymergen's bankruptcy liquidation plan to act for the benefit of Zymergen's creditors. (*See*

---

submitted expert reports on behalf of Plaintiffs. (Keats Decl. ¶ 5.)

Dkt. No. 561-9 at 7, 19-21.) Lead Plaintiff simply disregards this distinction, repeatedly referring to the complaint the Trust filed as the "Zymergen Complaint" and erroneously recharacterizing the allegations made by the Trust in the Trust Complaint as allegations made by Zymergen. (*See, e.g.*, Motion to Amend at 2-3 ("Zymergen alleges . . .").)

What's more, any allegations made by the Trust (or even admissions by Zymergen) are not binding on the Individual Defendants in this action. *See Higgins v. Farr Fin. Inc.*, 2011 WL 13257721, at *2 (N.D. Cal. July 20, 2011) ("[A]dmissions by one party are not binding on other parties.") (collecting cases); *Mejia v. Marauder Corp.*, 2007 WL 806486, at *4 (N.D. Cal. Mar. 15, 2007) (corporate defendant's admission did not bind an officer and director). As such, the allegations of the Trust Complaint—comprised entirely of unverified and untested allegations made by a liquidating trustee who is seeking to obtain recovery against the Individual Defendants for the benefit of Zymergen's creditors—provide no reason to believe that any Individual Defendant might change any position asserted, let alone withdraw any defense, in this case. There is no basis to require the Individual Defendants to amend their answers or supplement their discovery responses, and Lead Plaintiff identifies none.[8]

Lead Plaintiff does not expressly seek permission to reopen discovery to conduct the depositions of the Individual Defendants (as opposed to the depositions of certain experts, *see* Motion to Amend at 8-11). But his request for "limited fact discovery" vaguely seeks "an opportunity to assess any new position (or maintained position in light of new facts) through

---

[8] Lead Plaintiff contends that there is "no credible dispute that the Registration Statement was materially false and misleading" and cites the SEC's settled resolution of its investigation of Zymergen in support of this claim. (*See* Motion to Amend at 2.) Although it is beyond the scope of this Opposition, to be clear, the Individual Defendants deny that any challenged statement was materially false or misleading. Putting aside that the SEC Cease and Desist Order and its contents are inadmissible to establish falsity (*see, e.g.*, *In re Tenet Healthcare Corp. Sec. Litig.*, 2007 WL 5673884, at *2 (C.D. Cal. Dec. 5, 2007)), the Individual Defendants are not parties to the SEC settlement, the assertions in the SEC's Order are not binding on the Individual Defendants, and the SEC's Order itself states that Zymergen neither admits nor denies the findings therein. *See* https://www.sec.gov/files/litigation/admin/2024/33-11303.pdf (last accessed 7/10/2025); *see also Cho v. UCBH Holdings, Inc.*, 890 F. Supp. 2d 1190, 1203 (N.D. Cal. 2012) (plaintiffs unable to rely on SEC consent judgments to support claim because allegations were "neither admitted nor denied"). Indeed, the SEC's Order did not assert claims against any individuals, did not allege that anyone at Zymergen acted intentionally or in bad faith, and did not even mention the Individual Defendants—let alone suggest that any of them engaged in misconduct.

discovery, as necessary, prior to summary judgment." (*Id.* at 6-8.) He also suggests he might propound new discovery requests. (*Id.* at 12.) However, nothing in the Trust Complaint warrants granting Lead Plaintiff permission to conduct any new discovery, including fact depositions that Plaintiffs chose to forgo during the discovery period. For example, while the Trust Complaint alleges that the Officer Defendants have "acknowledged" certain purported facts (*e.g.*, Dkt. No. 557-2 ¶¶ 120-134), Plaintiffs could have deposed Mr. Hoffman or Ms. Singh at any time during the discovery period to seek to obtain the same purported information. Plaintiffs also could have taken discovery of the Trust. They chose not to do so. While Lead Plaintiff may now regret his strategic decision to depose only one of the Individual Defendants, nothing in the Trust Complaint warrants giving Plaintiffs a do-over.

The Trust Complaint also purports to attribute certain statements to four other former officers or employees of Zymergen who are not parties to this action. (Dkt. No. 557-2 ¶¶ 135-158.) These four individuals have been known to Plaintiffs since the outset of discovery, as all four were identified in various parties' initial disclosures in early 2023. (Keats Decl. ¶ 7.) Indeed, Plaintiffs served third-party document requests and noticed the depositions of two of these individuals (Messrs. Lomeli and Manchester); they deposed Mr. Lomeli in November 2024 but chose not to depose Mr. Manchester. (*Id.* ¶ 8.) In August 2024, Lead Plaintiff provided notice to all Defendants that he intended to serve a document subpoena on one of the other individuals identified in the Trust Complaint (Mr. Chiang), among many other former Zymergen employees identified in Lead Plaintiff's notice. (*Id.* ¶ 9.) And Zymergen's counsel informed Lead Plaintiff in September 2024 that he could contact the fourth individual (Ms. Campbell) through her counsel and provided the contact information for her counsel. (*Id.* ¶ 10.)

This record only further demonstrates the pretextual nature of Lead Plaintiff's arguments for reopening discovery. The mere fact that the Trust is now attributing certain statements to four individuals who have been known to Plaintiffs since at least January 2023—one of whom Plaintiffs have already deposed and all of whom Plaintiffs already sought documents and/or deposition testimony—provides no basis for Lead Plaintiff to reopen discovery to depose (or re-depose) these four individuals or anyone else, or to pursue any other depositions or other

discovery that Lead Plaintiff chose to forego during the discovery period.

### 2. Nothing in the Trust Complaint Justifies Reopening Expert Discovery.

Lead Plaintiff's Motion to Amend provides an overview of certain topics addressed by five defense experts in their expert reports and seeks to reopen discovery to depose those experts "on the implications" of the allegations of the Trust Complaint. (Motion to Amend at 8-11.) Lead Plaintiff fails to inform the Court that *Plaintiffs elected not to depose any of the Defendants' experts during the expert discovery period.* In any event, Lead Plaintiff has known that the Trust intended to pursue claims against the Individual Defendants for nearly a year. Had Lead Plaintiff chosen to depose Defendants' experts, he could have asked them about the Trustee's potential claims. Moreover, the Trust's assertions fundamentally stand on the same footing as Plaintiffs' claims in this case. Much like Plaintiffs' claims, the claims in the Trust Complaint are based on untested allegations made by an entity (the Trust) that does not have firsthand knowledge of any of the relevant facts and events. Lead Plaintiff offers no reason to expect that any expert would need to amend his or her opinions, let alone abandon them, based on those allegations.

### 3. The Filing of the Trust Complaint Is Not Grounds to Reconsider the Court's Decision on Attorney-Client Privilege.

Finally, nothing in the Trust Complaint warrants revisiting Magistrate Judge Van Keulen's February 21, 2025 ruling regarding the assertion of attorney-client privilege and work product protection by Zymergen and/or the Director Defendants. (Dkt. No. 524.) In her order, Judge Van Keulen rejected the very argument that Lead Plaintiff now suggests the Court should reconsider based on the filing of the Trust Complaint: that adversity between Zymergen and the Director Defendants gives rise to a waiver of Zymergen's pre-existing privileges. (*Id.* at 4-5.)[9]

---

[9] Although Lead Plaintiff suggests that the "perceived non-adversarial posture" of Zymergen and the Director Defendants "was critical to the Magistrate Judge's finding that the attorney-client privilege remained intact despite Zymergen's bankruptcy" (Motion to Amend at 2), the Court's ruling regarding the continued viability of Zymergen's privileges was based on the language of the Liquidating Trust Agreement which vested those privileges in the Trustee—not the absence of adversity between Zymergen and its former officers and directors. (Dkt. No. 524 at 2-3.) On July 10, 2025, the Trustee filed a Proposed Memorandum of Points and Authorities in Opposition to Plaintiff's Motion for Leave to Modify the Case Schedule, in which the Trustee makes clear that

Tellingly, in arguing that "changed circumstances" require reconsideration of this decision, Lead Plaintiff selectively quotes only a portion of Judge Van Keulen's discussion of this issue. ***The very next sentences in the Court's Order,*** which Lead Plaintiff omits, demonstrate that ***Judge Van Keulen already considered and rejected the argument Lead Plaintiff advances now***.[10]

Specifically, as Judge Van Keulen recognized, Plaintiffs argued that Zymergen and the Director Defendants were already adversaries given the Trust's statements to the Bankruptcy Court that it intended to pursue claims against Zymergen, and that because Zymergen had purportedly disclosed "protected material to the Director Defendants in this litigation," that alleged disclosure was a "selective waiver to an adversary that destroyed any privileges." (Dkt. No. 500 at 4-5.) In response, Zymergen and the Director Defendants pointed out the obvious flaws in Plaintiffs' argument: (1) the privileged communications at issue were pre-bankruptcy communications to which the Director Defendants were a party and/or had access at the time of those communications as members of Zymergen's Board and (2) any post-bankruptcy adversity between Zymergen and the Director Defendants would not allow third parties to access pre-existing privileged communications between Zymergen and its directors. (Dkt. No. 520 at 3-4.)

Judge Van Keulen rejected Plaintiffs' waiver argument. (Dkt. No. 524 at 4-5.) Although Judge Van Keulen noted that there was only *potential* adversity between Zymergen and the Director Defendants at the time of her ruling, the analysis that immediately follows—which ***Lead Plaintiff fails to acknowledge in his Motion to Amend***—explains that even *actual* adversity between Zymergen and the Director Defendants would not waive Zymergen's privilege here. The entirety of Judge Van Keulen's discussion of this issue, including the portion Lead Plaintiff omits (from "Moreover" to the end of the paragraph), is as follows:

> The second argument is that Zymergen's disclosure of documents to the Director Defendants "is a selective waiver to an adversary that destroyed any privileges." Dkt. 500 at 4. First, while it is conceivable that an action may arise from the bankruptcy

---

"The Trust continues to assert the attorney-client privilege." (Dkt. No. 564-2 at 3.)

[10] Lead Plaintiff does not argue that anything in the Trust Complaint is itself privileged information, the disclosure of which in a public filing could waive Zymergen's privileges. Rather, Lead Plaintiff's argument is limited to his suggestion that Judge Van Keulen's decision was based on the absence of actual (as opposed to potential) adversity between Zymergen and the Director Defendants. (*See* Motion to Amend at 11-12.)

> proceedings that puts Zymergen and the Director Defendants in an adversarial posture, there is no such action at this time, and these Parties are co-defendants in this present litigation. Moreover, although Plaintiffs do not elaborate as to what specific disclosures they are relying upon, Defendants appropriately point out that "the communications at issue are pre-bankruptcy communications to which the Director Defendants were a party and/or had access *at the time of the communication* as members of Zymergen's board." Dkt. 520 at 3 (emphasis in original). The facts at hand simply do not support Plaintiffs' waiver argument. The Court further agrees with Defendants that Plaintiffs' argument regarding the joint defense privilege is merely a strawman and not sustainable on this record. Dkt. 500 at 5; Dkt. 520 at 3.

(Dkt. No. 524 at 5 (emphasis in original).) As it is evident that the presence of *actual* adversity (as opposed to potential adversity) between Zymergen and the Director Defendants would not have changed Judge Van Keulen's decision, nothing about the filing of the Trust Complaint warrants a modification of the case schedule to permit reconsideration of the Court's Order on this issue.[11]

## IV. CONCLUSION

For the foregoing reasons, the Court should deny Lead Plaintiff's Motion to Amend. However, even if Lead Plaintiff had shown (and he has not) any basis to reopen fact or expert discovery, the Court should not permit any supplemental discovery to begin, as to any party, until after the expiration of any stay the Court might impose (including a partial stay) upon its consideration of the pending motions to stay. (Dkt. Nos. 553, 555.) The alternative—allowing discovery to begin as to some parties when the action is stayed as to others—would necessarily require all Defendants to engage in duplicative discovery and bear the attendant costs. Thus, even if Lead Plaintiff could establish good cause to reopen discovery, no discovery should commence as against any party until after the expiration of any stay.

---

[11] Of course, the entity that filed the Trust Complaint is the Trust (not Zymergen), so the "new" adversity Plaintiffs proffer as a purported basis for reconsideration is the adversity between *the Trust* and the Individual Defendants. But even assuming this adversity can be construed to give rise to adversity between *Zymergen* and the Individual Defendants, as explained above, that would not provide a basis for reconsideration of Judge Van Keulen's decision.

| | |
|---|---|
| Dated: July 10, 2025 | MORRISON & FOERSTER LLP |
| | By:   */s/ Ryan M. Keats* |
| |       Ryan M. Keats |
| | *Attorneys for Defendant Enakshi Singh* |
| | EHRLICH & CRAIG LLP |
| | By:   */s/ Amy E. Craig* |
| |       Amy E. Craig |
| | *Attorneys for Defendant Josh Hoffman* |
| | WILMER CUTLER PICKERING HALE AND DORR LLP |
| | By:   */s/ Peter J. Kolovos* |
| |       Peter J. Kolovos |
| | *Attorneys for Defendants Steven Chu, Jay T. Flatley, Christine M. Gorjanc, Travis Murdoch, Matthew A. Ocko, Sandra E. Peterson, Zach Serber and Rohit Sharma* |

| | |
|---|---|
| 1 | **ECF ATTESTATION** |
| 2 | I, Ryan M. Keats, am the ECF User whose ID and password are being used to file this |
| 3 | **INDIVIDUAL DEFENDANTS' OPPOSITION TO LEAD PLAINTIFF'S MOTION FOR** |
| 4 | **LEAVE TO MODIFY THE CASE SCHEDULE**. In accordance with Civil Local Rule 5-1, |
| 5 | concurrence in the filing of this document has been obtained from each of the other signatories, |
| 6 | and I shall maintain records to support this concurrence for subsequent production for the Court if |
| 7 | so ordered or for inspection upon request by a party |

Date: July 10, 2025

*/s/ Ryan M. Keats*
RYAN M. KEATS