QUINN EMANUEL URQUHART & SULLIVAN, LLP
  Harry A. Olivar, Jr. (Bar No. 143089)
  harryolivar@quinnemanuel.com
  Robert E. Allen (Bar No. 314120)
  robertallen@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone:    (213) 443-3000
Facsimile:    (213) 443-3100

  Linda J. Brewer (Bar No. 217730)
  lindabrewer@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone:    (415) 875-6600
Facsimile:    (415) 875-6700

*Attorneys for SVF Endurance (Cayman) Ltd., SVF Excalibur (Cayman) Ltd., SoftBank Vision Fund (AIV M1) LP, and SB Investment Advisers (US) Inc.*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BIAO WANG, Individually and on Behalf of All Others Similarly Situated,<br><br>        Plaintiffs,<br><br>vs.<br><br>ZYMERGEN INC., et al.,<br><br>        Defendant. | Case No. 5:21-cv-06028-PCP<br><br>**VC DEFENDANTS' OPPOSITION TO MOTION FOR LEAVE TO MODIFY THE CASE SCHEDULE**<br><br>Date:    July 31, 2025<br>Time:    10:00 a.m.<br>Place:    Courtroom 8, 4th Floor<br>Judge:    Honorable P. Casey Pitts |

# TABLE OF CONTENTS

| | | Page |
|---|---|---|
| I. | INTRODUCTION | 1 |
| II. | RELEVANT STATEMENT OF FACTS | 3 |
| | A. Case Schedule | 3 |
| | B. Factual Background | 4 |
| III. | ARGUMENT | 5 |
| | A. Whether Trial Is Imminent | 7 |
| | B. Whether the Request Is Opposed | 7 |
| | C. Whether the Non-Moving Party Would Be Prejudiced | 7 |
| | D. Whether the Moving Party Was Diligent in Obtaining Discovery Within the Guidelines Established by the Court | 8 |
| | E. The Foreseeability of the Need for Additional Discovery in Light of the Time Allowed for Discovery by the District Court | 10 |
| | F. The Likelihood That the Discovery Will Lead to Relevant Evidence | 10 |
| IV. | CONCLUSION | 12 |

# TABLE OF AUTHORITIES

**Page**

### Cases

*Anderson v. Loma Linda Cmty. Hosp.*,
   995 F.2d 1223 (9th Cir. 1993) ........................................................................... 5

*Barsegian v. Kessler & Kessler*
   215 Cal. App. 4th 446 (2013) ........................................................................... 11

*Bookhamer v. Sunbeam Prods., Inc.*,
   No. C-09-6027 EMC DMR, 2012 WL 5269677 (N.D. Cal. Oct. 23, 2012) ............... 6, 7, 8, 10

*Chiari v. Any & All Potential Claimants*,
   No. 19-CV-04748-JSW, 2023 WL 4936755 (N.D. Cal. July 31, 2023) ............... 6, 7

*City of Pomona v. SQM N. Am. Corp.*,
   866 F.3d 1060 (9th Cir. 2017) ........................................................................... 6

*Cornwell v. Electra Cent. Credit Union*,
   439 F.3d 1018 (9th Cir. 2006) ........................................................................... 6, 8

*Data Collective II L.P., et al. v. Wang*,
   No. 25-3857 (9th Cir.), Dkt. 1 ........................................................................... 3

*Fogarty v. HSM Elec. Prot. Servs.*,
   2008 WL 4078802 (E.D. Cal. 2008) ........................................................................... 8

*Maas v. Zymbe, LLC*,
   No. 19-CV-07945-JSC, 2020 WL 2793527 (N.D. Cal. May 29, 2020) ............... 11

*Moran v. Selig*,
   447 F.3d 748 (9th Cir. 2006) ........................................................................... 11

*Moriarty v. Am. Gen. Life Ins.*,
   2021 WL 6197289 (S.D. Cal. 2021) ........................................................................... 8

*Sentry Select Ins. v. Norcold*,
   No. 121CV00521JLTSAB, 2023 WL 9110983 (E.D. Cal. 2023) ............... 10

*Sun Grp. U.S.A. Harmony City, Inc. v. CRRC Corp. Ltd.*,
   No. 17-CV-02191-SK, 2024 WL 2193311 (N.D. Cal. May 14, 2024) ............... 6, 7, 10, 12

*Williams v. Gomez*,
   No. C 15-2967 NC (PR), 2016 WL 2996937 (N.D. Cal. May 25, 2016) ............... 11

**Rules**

Fed. R. Civ. P 16 .................................................................................................................. 6

Fed. R. Civ. P 23(f) ..................................................................................................... 1, 3, 4, 7

**Statutes**

Securities Act § 11 ................................................................................................................ 10

## I. INTRODUCTION

Even if there was merit to Plaintiff's sweeping request to re-open both fact and expert discovery—there is none—the request provides no justification for re-opening discovery as to the VC Defendants.[1] Plaintiff's motion is predicated on the erroneous assumption that the unadjudicated allegations in the ZYM Liquidating Trust Complaint (the "Trustee Complaint") somehow establish falsity as to all defendants in this action. But the Trustee Complaint does not name any of the VC Defendants; indeed, they are hardly discussed in that Complaint at all, and there are certainly no "new" allegations against them. This alone is fatal to any attempt to re-open discovery as to the VC Defendants. But the case is even clearer that there should be no re-opening of discovery with respect to the VC Defendants because, as set forth in the VC Defendants' Motion to Stay Pending Appeal (the "Motion to Stay") (ECF 553), a stay is warranted pending resolution of the VC Defendants' Rule 23(f) appeal before the Ninth Circuit. Plaintiff's motion was filed *after* the VC Defendants obtained relief from the Ninth Circuit and sought a stay in this Court (and perhaps in response to those events). Forcing the VC Defendants to engage in further discovery while the Ninth Circuit considers their pending appeal would be prejudicial.

Even without all of this background, Plaintiff identifies no new information in the Trustee Complaint that he could not have requested and obtained from the VC Defendants during the prior discovery period. Plaintiff had a lengthy discovery period to seek documents, information, and deposition testimony on the disputed issue of falsity—the exact issue he now points to in the Trustee Complaint. And to the extent Plaintiff failed to obtain certain fact or expert discovery, that is a problem of his own making: Plaintiff deliberately decided not to pursue such discovery. Plaintiff's request to re-open expert discovery is particularly egregious given his prior election not to take the

---

[1] The "VC Defendants" consist of three groups of unaffiliated venture capital investors, including SVF Excalibur (Cayman) Limited, SVF Endurance (Cayman) Limited, and SoftBank Vision Fund (AIV M1) L.P. (collectively, the "SoftBank Funds,"), and SB Investment Advisers (US) Inc. (together with the SoftBank Funds, the "SoftBank Defendants"); True Ventures IV, L.P., True Ventures Select I, L.P., True Ventures Select II, L.P., True Ventures Select III, L.P., and True Ventures Select IV, L.P. (collectively, the "True Ventures Funds"), and True Venture Management, L.L.C. (together with the True Ventures Funds, the "True Ventures Defendants"), and Data Collective II, L.P. and DCVC Opportunity Fund, L.P. (together, the "DCVC Funds") and DCVC Management Co, LLC (together with the DCVC Funds, the "DCVC Defendants").

deposition of a single one of defendants' experts in the five weeks after all reports had been served, even going so far as to abandon two of the depositions Plaintiff had requested after the experts provided their availability.² The Court could not have been clearer, when denying prior discovery requests from defendants, that the Court expects all of the parties to abide by the case schedule. *See* Mar. 6, 2025 Status Conf., Tr. 25:2-18 (denying defendants' request to modify case schedule to allow third party deposition). Those rules apply to both sides, and the Court should not indulge Plaintiff's request for asymmetrical relief from his litigation obligations.

Moreover, Plaintiff's claim that defendants' experts relied on denials of the alleged falsity is wrong. None of defendants' experts opined as to the truth or falsity of the alleged misstatements and/or omissions in the Registration Statement. And with respect to the experts proffered by the VC Defendants, the alleged falsity of certain statements in the Registration Statement was not relevant to the subject matter of their opinions—at all.

Finally, even if Plaintiff's requested modification of the case schedule had merit—and it does not—Plaintiff's request for further written discovery from the VC Defendants would be unjustified. Plaintiff identifies no response by any VC Defendant to his interrogatories or requests for production that relates to the issue of falsity of the Registration Statement or the subject matters alleged in the Trustee Complaint, and none of the VC Defendants has withheld any documents on the basis of Zymergen's attorney-client or work product privileges. The VC Defendants have withheld documents based solely on their own individual privileges, which are in no way implicated by the Trustee Complaint or Plaintiff's privilege waiver argument. And the VC Defendants' answers and affirmative defenses do not require supplementation merely because the ZYM Liquidating Trust has filed an unverified complaint.³

---

² Nor did Plaintiff diligently pursue deposition testimony from the individual or corporate defendants. Plaintiff deposed only one witness employed by an Underwriter defendant (but not a corporate representative), did not depose any corporate representatives of the VC Defendants, did not depose any of the officer defendants, and deposed only one of the director defendants.

³ The VC Defendants do not address Plaintiff's request for an order extending the dispositive motion deadline, as this request was rendered moot by the Court's June 27, 2025 Order Amending Case Schedule (ECF 559).

For the foregoing reasons and those set forth more fully below, the Court should deny Plaintiff's motion in full.

## II. RELEVANT STATEMENT OF FACTS

### A. Case Schedule

Plaintiff filed the initial complaint in this action on August 4, 2021 (ECF 1) and an amended complaint on February 24, 2022 (ECF 78). On April 1, 2024, following the filing of the operative Second Amended Complaint (ECF 321), the Court entered a Case Management Order setting deadlines for this action (ECF 364). Consistent with that order, fact discovery closed on January 31, 2025, and expert discovery closed on May 30, 2025. Although the VC Defendants stipulated to Plaintiff's request to take the depositions of Matt Ocko and Rohit Sharma after the close of fact discovery, Plaintiff abruptly canceled both depositions without explanation, and then opposed the only request by a defendant to take a deposition after the January 31, 2025 fact discovery cutoff. *See* ECF 491; ECF 529; ECF 535.[4] The Court could not have been clearer when denying the defendants' request that the Court expects all of the parties to abide by the case schedule. *See* Mar. 6, 2025 Status Conf., Tr. 25:2-18 (denying request to modify case schedule to allow third party deposition).

On March 20, 2025, the VC Defendants filed a petition to appeal under Rule 23(f) in the United States Court of Appeals for the Ninth Circuit (*Data Collective II L.P., et al. v. Wang*, No. 25-3857 (9th Cir.), Dkt. 1), seeking review of this Court's order denying the VC Defendants' Motion to Set Briefing Schedule and holding that the first class certification order extended to the VC Defendants (ECF 536). On June 18, 2025, the Ninth Circuit granted the VC Defendants' Rule 23(f) Petition (ECF 550). The following day, the Ninth Circuit issued a scheduling order with appellate briefing set to end on October 24, 2025, absent extensions (ECF 551). On June 25, 2025, the VC

---

[4] Plaintiff opposed the DCVC Defendants' request to take an out-of-time deposition of Baron Capital Management, Inc. ("Baron")—the one third party deposition noticed by any of the VC Defendants. The DCVC Defendants had timely served a deposition subpoena before the fact discovery cutoff, and Baron had provided dates for a deposition to moot the DCVC Defendants' motion to compel and avoid burdening the Court with the dispute. Nonetheless, the Court denied the DCVC Defendants' motion and advised the parties that the Court expected strict compliance with the discovery cutoff in the case schedule. *See* Mar. 6, 2025 Status Conf., Tr. 25:2-18.

Defendants filed a motion to stay this action pending the resolution of their Rule 23(f) appeal, which is to be heard on July 31, 2025 at 10:00 a.m. before this Court. The next day, on June 26, 2025, Plaintiff filed his motion (ECF 557).

On June 27, 2025, the Court entered an Order Amending Case Schedule (ECF 559) that continued the deadline for dispositive and *Daubert* motions to August 29, 2025, vacated the existing trial date, and instructed the Clerk to convert the February 10, 2026 pretrial conference to a trial-setting conference.

### B. Factual Background

Plaintiff's claims relate to the contents of the Registration Statement filed by Zymergen in connection with its April 2021 initial public offering ("IPO"), which Plaintiff alleges contained certain misstatements and/or omissions. The VC Defendants consist of three groups of distinct, unaffiliated entities (the DCVC, True Ventures, and SoftBank Defendants). Plaintiff seeks to hold the VC Defendants liable not for any primary violation of the securities laws, but either (1) as entities that purportedly controlled Zymergen or controlled certain individuals who signed the Registration Statement; or (2) under the doctrine of *respondeat superior*.

Unsurprisingly, Plaintiff's interrogatories served on the VC Defendants were focused on information relevant to Plaintiff's control and *respondeat superior* allegations; the interrogatories did not relate to whether the statements in the Registration Statement were true or false. (Declaration of Robert E. Allen ("Allen Decl."), Exs. 1-14.) Nor did the VC Defendants' responses to those interrogatories address the issue of falsity. *Id.*

Despite having years to conduct fact discovery, Plaintiff took only a handful of depositions. Plaintiff deposed only one of the three directors appointed by a VC Defendant: Dr. Travis Murdoch. Plaintiff did not depose Mr. Ocko or Dr. Sharma, but instead canceled their depositions after successfully seeking leave to take their depositions after the close of fact discovery. Plaintiff did not depose any of the Zymergen officers named as defendants, including either Zymergen's CEO or CFO at the time of the IPO, or any of the other Zymergen directors. With respect to expert discovery, Plaintiff elected to take no depositions whatsoever. Indeed, although the defendants

provided dates in response to Plaintiff's request to depose two of defendants' experts, Plaintiff never scheduled the depositions.

On June 6, 2025, the ZYM Liquidating Trust, as successor in interest to Zymergen, filed an action against certain of Zymergen's former officers and directors in San Francisco Superior Court. That Trustee Complaint includes many of the same alleged facts that Plaintiff has asserted in this case. Indeed, Plaintiff concedes "the [Trustee] Complaint identifies many misrepresentations in the Registration Statement that are also identified as false and misleading in this action." Mot. at 4. The Trustee Complaint does not name any of the VC Defendants. They are mentioned only in passing. As there are no allegations against any VC Defendant, there is certainly nothing new and material that would warrant re-opening discovery as to the VC Defendants.

On June 18, 2025, Plaintiff wrote to counsel for all defendants, demanding that defendants supplement their discovery responses and amend their answers based on the erroneous belief that the allegations in the Trustee's unverified complaint somehow precluded the defendants in this action from maintaining that the statements in the Registration Statement were not false. (Allen Decl., ¶ 16 & Ex. 15.) On June 26, 2025, counsel for the SoftBank Defendants responded to make clear that the SoftBank Defendants had satisfied their discovery obligations, that the filing of the Trustee Complaint did not require any pleading amendments or supplemental discovery responses, that the SoftBank Defendants had not withheld any documents on the basis of Zymergen's attorney-client or work product privileges, and that there were no expert reports served on behalf of the SoftBank Defendants that needed to be withdrawn or modified in any respect. (Allen Decl., ¶ 17 & Ex. 16.) Plaintiff nonetheless filed this motion the same day, failing to disclose the SoftBank Defendants' response. The DCVC and True Ventures Defendants provided similar responses. (Allen Decl. ¶ 17 & Ex. 16.)

### III. ARGUMENT

The Court's standing order makes clear that the Court will not modify the case schedule unless a party can establish good cause to do so. Judge P. Casey Pitts Standing Order for Civil Cases at 2 ("Once set, case schedules . . . will only be modified for good cause."). In this Circuit, it is "significantly harder" to reopen discovery once it has closed than to extend a discovery deadline.

*Anderson v. Loma Linda Cmty. Hosp.*, 995 F.2d 1223 (9th Cir. 1993) (holding district court did not err in refusing to reopen discovery). And the Ninth Circuit has made clear that "[a]ttempting to secure discovery after a discovery cutoff date does not cure a party's failure to conduct diligent discovery beforehand." *Cornwell v. Electra Cent. Credit Union*, 439 F.3d 1018, 1027 (9th Cir. 2006) (holding district court was well within its discretion when it denied motion to reopen discovery).

When ruling on a motion to amend a Rule 16 scheduling order to reopen discovery, district courts are required to consider: (1) whether trial is imminent; (2) whether the request is opposed; (3) whether the non-moving party would be prejudiced; (4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court; (5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court; and (6) the likelihood that the discovery will lead to relevant evidence. *City of Pomona v. SQM N. Am. Corp.*, 866 F.3d 1060, 1066 (9th Cir. 2017); *see also Sun Grp. U.S.A. Harmony City, Inc. v. CRRC Corp. Ltd.*, No. 17-CV-02191-SK, 2024 WL 2193311, at *5 (N.D. Cal. May 14, 2024) (denying request to reopen discovery where need for discovery into the alter ego doctrine was foreseeable, movant did not offer anything other than speculation to show that more discovery would lead to evidence demonstrating alter ego, and movant did not ask for an extension of time before the discovery deadline passed); *Chiari v. Any & All Potential Claimants*, No. 19-CV-04748-JSW, 2023 WL 4936755, at *3 (N.D. Cal. July 31, 2023) (denying motion for failure to show good cause where movant failed to demonstrate diligence in seeking to reopen discovery); *Bookhamer v. Sunbeam Prods., Inc.*, No. C-09-6027 EMC DMR, 2012 WL 5269677, at *8 (N.D. Cal. Oct. 23, 2012) (denying motion for failure to show good cause where movant failed to demonstrate diligence in seeking to reopen discovery, need for discovery was entirely foreseeable, and the parties had ample time for discovery).

Here, Plaintiff falls far short of establishing any good cause to modify the case schedule, under the relevant factors or otherwise, much less to reopen discovery that has already closed.

### A. Whether Trial Is Imminent

This advanced-stage case has been pending for nearly four years. When Plaintiff filed his motion, trial was set for March 16, 2026, with dispositive motions due July 11, 2025. Although the Court has since vacated the trial date following the parties' stipulated request to extend the dispositive motion deadline to August 29, 2025, a trial-setting conference remains scheduled for February 10, 2026. The prolonged pendency of this case and the late stage of the proceedings weigh against reopening discovery.

### B. Whether the Request Is Opposed

Every defendant opposes Plaintiff's request to reopen discovery. The VC Defendants oppose Plaintiff's request not only because it is unjustified, but also because a stay of this action is warranted pending resolution of the VC Defendants' Rule 23(f) appeal. Defendants' unanimous opposition weighs against reopening discovery. *See Sun Grp. U.S.A.,* 2024 WL 2193311, at *5; *Chiari*, 2023 WL 4936755, at *3; *Bookhamer*, 2012 WL 5269677, at *8.

### C. Whether the Non-Moving Party Would Be Prejudiced

The VC Defendants will suffer substantial prejudice if discovery is reopened, particularly given the extraordinary nature of the relief Plaintiff seeks: the ability to pursue discovery he deliberately chose not to pursue. This prejudice manifests in several critical ways.

First, the prejudice is particularly acute here given the pending Rule 23(f) appeal, as detailed in the VC Defendants' Motion to Stay (ECF 553). If discovery is reopened and proceeds while the appeal remains unresolved, the VC Defendants face the prospect of incurring substantial additional expenses associated with discovery that may ultimately prove moot should the Rule 23(f) appeal succeed. Plaintiff's motion undermines the appellate process by forcing the VC Defendants to litigate in two forums while also requiring the VC Defendants to bear costs that may ultimately be unnecessary. Further, even if the case is stayed as to the VC Defendants, permitting discovery to proceed as to other parties while the matter is stayed as to the VC Defendants nonetheless prejudices the VC Defendants, as the stay would prevent the VC Defendants from participating in that discovery or else would be rendered meaningless.

Second, the discovery phase has already closed. All of the opening and rebuttal expert reports have been served. The defendants, including the VC Defendants, spent substantial time and resources in responding to Plaintiff's expert reports in April 2025 and deposing all of Plaintiff's experts in May 2025. Reopening discovery at this late juncture would disrupt the orderly progression of litigation and undermine the finality that the discovery cutoff was designed to provide. As the district court recognized in *Bookhamer*, 2012 WL 5269677, at *7, the third factor weighs heavily against schedule modifications where expert reports have already been exchanged, as any reopening of discovery would upset the carefully balanced evidentiary record.

### D. Whether the Moving Party Was Diligent in Obtaining Discovery Within the Guidelines Established by the Court

Even if all of the other factors weighed in Plaintiff's favor—which they do not—Plaintiff's request should still be denied based on his complete failure to pursue the requested discovery diligently during the discovery period. *Moriarty v. Am. Gen. Life Ins.*, 2021 WL 6197289, *9 (S.D. Cal. 2021) (plaintiff "was not diligent to any extent" and "for that reason alone, Plaintiff's request to reopen discovery merits dismissal"). Plaintiff's failure to pursue certain fact discovery after adding the VC Defendants to the case was a deliberate strategic choice, not an oversight or a newly discovered need.

The Ninth Circuit has held unequivocally that "[a]ttempting to secure discovery after a discovery cutoff date does not cure a party's failure to conduct diligent discovery beforehand." *Cornwell v. Electra Cent. Credit Union*, 439 F.3d 1018, 1027 (9th Cir. 2006). This important principle prevents parties from circumventing discovery deadlines through strategic inaction followed by belated requests for additional time. Granting Plaintiff's requested relief would effectively reward Plaintiff's lack of prior diligence and create a dangerous precedent by allowing parties to circumvent discovery deadlines through strategic inaction followed by eleventh-hour motions.

*Fogarty v. HSM Elec. Prot. Servs.*, 2008 WL 4078802 (E.D. Cal. 2008), provides directly analogous guidance. In *Fogarty*, the defendant waited until after the discovery cut-off to seek to reopen discovery to conduct physical and mental examinations of the plaintiff. The court rejected

-8- Case No. 5:21-cv-06028-PCP
VC DEFENDANTS' OPPOSITION TO MOTION FOR LEAVE TO MODIFY THE CASE SCHEDULE

the defendant's motion despite "new" information, holding that the defendant was already on notice of the plaintiff's claims from the original complaint and that "[t]he fact that Defendant failed to fully explore these claims in discovery does not satisfy the good cause requirement to re-open discovery." *Id.* at *2; *see also Moriarty*, 2021 WL 6197289 (S.D. Cal. 2021) (emphasizing that "adding color to existing discovery should not be conflated with the surprise of new, material facts" and that all witnesses plaintiff sought to depose were previously known or discoverable during the original discovery period).

Here, Plaintiff has been "on notice" of the claims in the Trustee Complaint for years; the underlying factual allegations in the Trustee Complaint are the same as those in Plaintiff's original and amended complaints, and in a shareholder derivative complaint filed in the Northern District of California in 2021, which has been stayed for several years. (*See* ECF 1, 78, 321; Allen Decl., Ex. 17.) Throughout this case, Plaintiff has consistently alleged that the Zymergen Registration Statement contained material misstatements and/or omissions and that Zymergen's officers and directors were aware of those alleged misstatements and/or omissions.

Despite these allegations, and despite having over three years to pursue discovery in the case overall, Plaintiff's discovery efforts were remarkably limited:

- **Officer Defendants**: Plaintiff elected not to depose any of the officers named as defendants, including Zymergen's former CEO or CFO at the time of the IPO.

- **Outside Board Members**: Plaintiff deposed only one outside board member, Dr. Travis Murdoch, despite having the ability to depose all of the board members. Plaintiff did not focus his questions of Dr. Murdoch on the truth or falsity of the statements made in the Registration Statement.

- **VC Defendant Representatives:** Plaintiff elected not to depose any corporate representatives of the VC Defendants.

- **Underwriters**: Plaintiff deposed one individual employed by an Underwriter Defendant; Plaintiff elected not to depose any corporate representatives of any of the Underwriter Defendants.

- **Expert Witnesses**: Plaintiff elected not to depose any of defendants' experts.

The record speaks for itself: Plaintiff squandered years of discovery opportunities and now seeks a judicial "do-over." The Court should not reward strategic delay with second chances.

Having failed to demonstrate even minimal diligence during the discovery period, Plaintiff cannot meet the threshold requirement for reopening discovery. The diligence factor alone mandates denial of Plaintiff's motion.

### E. The Foreseeability of the Need for Additional Discovery in Light of the Time Allowed for Discovery by the District Court

In a case alleging violations of Section 11 of the Securities Act, there is no more foreseeable need for discovery than the need to take discovery into the alleged misstatements and/or omissions in the Registration Statement. Plaintiff had over three years to conduct that discovery, including a five-month period after the VC Defendants were added back to the case. His suggestion that the issues in this case "changed dramatically" after the Trustee Complaint was filed is demonstrably false. As described above, the allegations in the Trustee Complaint regarding the purported misstatements and/or omissions in the Registration Statement are substantially the same as the allegations that Plaintiff has raised in this action all along.

Given Plaintiff's failure to pursue obviously foreseeable discovery prior to the cutoff (including deposition testimony from experts), discovery should not be reopened. *See Sun Grp. U.S.A.*, 2024 WL 2193311, at *5 (fifth factor weighed heavily against movant where it was foreseeable that alter ego was a threshold issue on which movant bore the burden of proof, but movant did not ask for an extension of time before the discovery deadline passed and offered nothing but speculation to show that more discovery would lead to evidence demonstrating alter ego); *see also Sentry Select Ins. v. Norcold*, No. 121CV00521JLTSAB, 2023 WL 9110983, at *2 (E.D. Cal. 2023) ("[F]oreseeability of the need for the expert depositions was clearly present at earlier points."); *Bookhamer*, 2012 WL 5269677, at *8 (need to depose witness "was entirely foreseeable . . . and the parties had ample time for discovery").

### F. The Likelihood That the Discovery Will Lead to Relevant Evidence

Plaintiff's motion also fails to demonstrate that the additional discovery he proposes to take would yield relevant evidence with respect to the VC Defendants.

First, there is nothing in the Trustee Complaint about the VC Defendants. That alone ought to be dispositive. There is no possible chance it will lead to anything new because it does not purport to allege anything new about the VC Defendants.

Second, the filing of the Trustee Complaint is irrelevant to the VC Defendants' answers in this case because an unverified, state court complaint does not establish falsity. Contrary to Plaintiff's unsupported assertion,[5] mere allegations in an unverified complaint do not constitute judicial admissions, nor do they establish any disputed fact—much less in an unrelated action. *See Moran v. Selig*, 447 F.3d 748, 759 (9th Cir. 2006) (noting that an unverified complaint "cannot be considered as evidence at the summary judgment stage"); *Maas v. Zymbe, LLC*, No. 19-CV-07945-JSC, 2020 WL 2793527, at *3 (N.D. Cal. May 29, 2020) (allegations in unverified complaint do not constitute evidence for purposes of summary judgment); *Williams v. Gomez*, No. C 15-2967 NC (PR), 2016 WL 2996937, at *2 (N.D. Cal. May 25, 2016) (same); *see also Barsegian v. Kessler & Kessler* (2013) 215 Cal. App. 4th 446, 452 ("not every factual allegation in a complaint automatically constitute a judicial admission").

Third, the VC Defendants have not withheld any documents on the basis of Zymergen's attorney-client privilege or work product protections. Thus, even if the Court were to accept Plaintiff's argument about privilege waiver, there is no need to reopen fact discovery as to the VC Defendants to supplement the record, as there is nothing more for the VC Defendants to produce. Nor are there any outstanding interrogatory responses that require supplementation or depositions that need to be reopened. This is because Plaintiff elected not to pursue discovery from the VC Defendants related to the truth or falsity of the Registration Statement and made an intentional decision not to depose the VC Defendants at all. Plaintiff should be held to these strategic decisions.

Nor would reopening expert discovery lead to relevant evidence, as the Trustee Complaint does not impact any of the opinions of experts offered by the VC Defendants:

- Professor Whitehead's opinion focuses on the industry standard processes and procedures for drafting a registration statement and for participating in an IPO. He

---

[5] Notably absent from Plaintiff's motion is any authority supporting his argument that the allegations in the Trustee Complaint constitute judicial admissions in this case; Defendants' cited authority shows they do not.

does not opine on the truth or falsity of the statements contained in the Zymergen Registration Statement. (Allen Decl., Ex. 18.)

- Professor Hochberg's opinions relate to the risks associated with venture capital firms investing in platform companies. (Allen Decl., Ex. 19.) Her opinions regarding the risks disclosures in the Registration Statement do not rely on the truth or falsity of the statements contained within it, and her opinions are not otherwise implicated by the allegations in the Trustee Complaint. (*Id.*)

- Professor Strebulaev's opinions related to the roles and responsibilities of minority shareholder venture capital firms are not implicated by the allegations in the Trustee Complaint. (Allen Decl., Exs. 20-21.)

- Professor Denis's damages and loss causation opinions are not contingent on whether statements in the Registration Statement are accurate. (Allen Decl., Exs. 22-23.)

Regardless, Plaintiff had every opportunity to depose the VC Defendants' experts in May 2025 and could have used that opportunity to ask whether and how the alleged misstatements and/or omissions, if proved to be false or misleading, would impact their opinions. But Plaintiff chose not to depose any expert, even going so far as to abandon two of the depositions Plaintiff had requested after the experts provided their availability. The Trustee Complaint does not excuse Plaintiff's failure to pursue discovery before the cutoff in the Court's case schedule.

As Plaintiff has offered nothing but mere speculation to support his argument that additional discovery would lead to "relevant" evidence, the sixth factor also weighs strongly against re-opening discovery. *Sun Grp. U.S.A.*, 2024 WL 2193311, at * 5.

None of the six factors supports Plaintiff's requested relief, and his motion should be denied.

## IV. CONCLUSION

The VC Defendants respectfully request that the Court deny Plaintiff's motion in full. If, however, the Court is inclined to reopen discovery in any respect, the VC Defendants respectfully request that any further discovery be limited to the defendants, documents, and information actually impacted by the filing of the Trustee Complaint, which do not include the VC Defendants.

| | | |
|---|---|---|
| 1 | Dated: July 10, 2025 | **QUINN EMANUEL URQUHART & SULLIVAN LLP** |
| 2 | | |
| 3 | | By: _/s/ Linda J. Brewer_ |
| 4 | | LINDA J. BREWER
lindabrewer@quinnemanuel.com |
| 5 | | 50 California Street, 22nd Floor
San Francisco, CA 94111 |
| 6 | | Telephone: (415) 875-6600
Facsimile: (415) 875-6700 |
| 7 | | |
| 8 | | HARRY A. OLIVAR, JR.
harryolivar@quinnemanuel.com |
| 9 | | ROBERT E. ALLEN
robertallen@quinnemanuel.com |
| 10 | | 865 South Figueroa Street
Los Angeles, CA 90017-5003 |
| 11 | | Telephone: (213) 443-3000
Facsimile: (213) 443-3100 |
| 12 | | |
| 13 | | *Attorneys for Defendants SVF Endurance (Cayman) Ltd.; SVF Excalibur (Cayman) Ltd.;* |
| 14 | | *SoftBank Vision Fund (AIV M1) LP; and SB Investment Advisers (US) Inc.* |
| 15 | Dated: July 10, 2025 | **GOODWIN PROCTER LLP** |
| 16 | | |
| 17 | | By: _/s/ Jonathan A. Shapiro_
JONATHAN A. SHAPIRO (SBN 257199) |
| 18 | | JShapiro@goodwinlaw.com
525 Market Street |
| 19 | | San Francisco, CA 94105
Telephone: (415) 733-6000 |
| 20 | | Facsimile: (415) 677-9041 |
| 21 | | DANIEL ROESER *(Pro Hac Vice)*
DRoeser@goodwinlaw.com |
| 22 | | VALERIE A. HAGGANS *(Pro Hac Vice)*
VHaggans@goodwinlaw.com |
| 23 | | The New York Times Building
620 Eighth Avenue |
| 24 | | New York, NY 10018
Telephone: (212) 813-8800 |
| 25 | | Facsimile: (212) 355-3333 |
| 26 | | *Attorneys for Defendants True Ventures IV, L.P.; True Ventures Select I, L.P.; True Ventures Select* |
| 27 | | *II, L.P.; True Ventures Select III, L.P.; True Ventures Select IV, L.P.; and True Venture* |
| 28 | | *Management, L.L.C* |

| | |
|---|---|
| Dated: July 10, 2025 | **GIBSON, DUNN & CRUTCHER LLP**<br><br>By: ___*/s/ Michael D. Celio*___<br>MICHAEL D. CELIO<br>MCelio@gibsondunn.com<br>ZANETA J. KIM<br>ZKim@gibsondunn.com<br>310 University Avenue<br>Palo Alto, CA 94301<br>Telephone: (650) 849-5300<br>Facsimile: (650) 849-5333<br><br>MICHAEL J. KAHN<br>MJKahn@gibsondunn.com<br>One Embarcadero Center, Suite 2600<br>San Francisco, CA 94111<br>Telephone: (415) 393-8200<br>Facsimile: (415) 393-8306<br><br>*Attorneys for Data Collective II, L.P.; DCVC Opportunity Fund, L.P.; and DCVC Management Co, LLC* |

**ATTESTATION PURSUANT TO LOCAL RULE 5-1(I)**

I, Robert. E. Allen, am the ECF user whose identification and password are being used to file this **VC DEFENDANTS' OPPOSITION TO MOTION FOR LEAVE TO MODIFY THE CASE SCHEDULE**. Pursuant to Local Rule 5-1(i)(3), I hereby attest that the signatories listed above have concurred in this filing.

Dated: July 10, 2025                  By: /s/     *Robert E. Allen*