QUINN EMANUEL URQUHART & SULLIVAN, LLP
  Harry A. Olivar, Jr. (Bar No. 143089)
  harryolivar@quinnemanuel.com
  Robert E. Allen (Bar No. 314120)
  robertallen@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone:     (213) 443-3000
Facsimile:     (213) 443-3100

  Linda J. Brewer (Bar No. 217730)
  lindabrewer@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone:     (415) 875-6600
Facsimile:     (415) 875-6700

*Attorneys for SVF Endurance (Cayman) Ltd., SVF Excalibur (Cayman) Ltd., SoftBank Vision Fund (AIV M1) LP, and SB Investment Advisers (US) Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BIAO WANG, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>ZYMERGEN INC., et al.,<br><br>Defendant. | Case No. 5:21-cv-06028-PCP<br><br>**DECLARATION OF ROBERT E. ALLEN IN SUPPORT OF VC DEFENDANTS' OPPOSITION TO MOTION FOR LEAVE TO MODIFY THE CASE SCHEDULE** |

| | |
|---|---|
| 1 | **DECLARATION OF ROBERT E. ALLEN** |
| 2 | I, Robert E. Allen declare: |
| 3 | 1. I am a member of the bar of the State of California and an attorney with Quinn |
| 4 | Emanuel Urquhart & Sullivan, LLP, counsel for defendants SVF Endurance (Cayman) Ltd., SVF |
| 5 | Excalibur (Cayman) Ltd., SoftBank Vision Fund (AIV M1) L.P., and SB Investment Advisers (US) |
| 6 | Inc. (the "SoftBank Defendants"). I offer this declaration in support of the VC Defendants' |
| 7 | Opposition to Plaintiff's Motion for Leave to Modify the Case Schedule and make this declaration |
| 8 | of my own personal, firsthand knowledge and, if called and sworn as a witness, I could and would |
| 9 | testify competently thereto. |
| 10 | 2. A true and correct copy of excerpts[1] of SVF Endurance (Cayman) Ltd.'s Objections |
| 11 | and Responses to Lead Plaintiff's First Set of Interrogatories is attached hereto as **Exhibit 1**. |
| 12 | 3. A true and correct copy of excerpts of SVF Excalibur (Cayman) Ltd.'s Objections |
| 13 | and Responses to Lead Plaintiff's First Set of Interrogatories is attached hereto as **Exhibit 2**. |
| 14 | 4. A true and correct copy of excerpts of SB Investment Advisers (US) Inc.'s |
| 15 | Supplemental Objections and Responses to Lead Plaintiff's First Set of Interrogatories is attached |
| 16 | hereto as **Exhibit 3**. |
| 17 | 5. A true and correct copy of excerpts of SoftBank Vision Fund (AIV M1) L.P.'s |
| 18 | Supplemental Objections and Responses to Lead Plaintiff's First Set of Interrogatories is attached |
| 19 | hereto as **Exhibit 4**. |
| 20 | 6. A true and correct copy of excerpts of True Venture Management L.L.C.'s |
| 21 | Supplemental Responses and Objections to Lead Plaintiff's First Set of Interrogatories, dated |
| 22 | February 21, 2025 is attached hereto as **Exhibit 5**. |
| 23 | 7. A true and correct copy of excerpts of True Ventures IV, L.P.'s Responses and |
| 24 | Objections to Lead Plaintiff's First Set of Interrogatories, dated January 30, 2025 is attached hereto |
| 25 | as **Exhibit 6**. |

---

[1] In an effort to reduce the total number of pages submitted to the Court, many of the exhibits attached hereto have been excerpted. Complete versions of any of the exhibits attached hereto will be made available to the Court upon request.

8. A true and correct copy of excerpts of True Ventures Select I, L.P.'s Responses and Objections to Lead Plaintiff's First Set of Interrogatories, dated January 30, 2025 is attached hereto as **Exhibit 7**.

9. A true and correct copy of excerpts of True Ventures Select II, L.P.'s Responses and Objections to Lead Plaintiff's First Set of Interrogatories, dated January 30, 2025 is attached hereto as **Exhibit 8**.

10. A true and correct copy of excerpts of True Ventures Select III, L.P.'s Responses and Objections to Lead Plaintiff's First Set of Interrogatories, dated January 30, 2025 is attached hereto as **Exhibit 9**.

11. A true and correct copy of excerpts of True Ventures Select IV, L.P.'s Responses and Objections to Lead Plaintiff's First Set of Interrogatories, dated January 30, 2025 is attached hereto as **Exhibit 10**.

12. A true and correct copy of excerpts of Defendant Data Collective II, L.P.'s Responses and Objections to Lead Plaintiff's First Set of Interrogatories, dated January 30, 2025 is attached hereto as **Exhibit 11**.

13. A true and correct copy of excerpts of Defendant DCVC Opportunity Fund, L.P.'s Responses and Objections to Lead Plaintiff's First Set of Interrogatories, dated January 30, 2025 is attached hereto as **Exhibit 12**.

14. A true and correct copy of excerpts of Defendant DCVC Management Co, LLC's Responses and Objections to Lead Plaintiff's First Set of Interrogatories, dated January 30, 2025 is attached hereto as **Exhibit 13**.

15. A true and correct copy of excerpts of Defendant DCVC Management Co, LLC's Supplemental Responses and Objections to Plaintiffs' First Set of Interrogatories, dated February 21, 2025 is attached hereto as **Exhibit 14**.

16. One June 18, 2025, I received a letter from Plaintiff's counsel via email demanding additional discovery from all defendants in light of a complaint filed in California Superior Court for the County of San Francisco by the ZYM Liquidating Trust on June 6, 2025 (the "Trustee Complaint"). A true and correct copy of Plaintiff's letter is attached hereto as **Exhibit 15**.

17. On June 26, 2025, I sent an email response to Plaintiff's letter, informing him that the SoftBank Defendants had satisfied their discovery obligations, that the filing of the Trustee Complaint did not require any pleading amendments or supplemental discovery responses, that the SoftBank Defendants had not withheld any documents on the basis of Zymergen's attorney-client or work product privileges, and that there were no expert reports served on behalf of the SoftBank Defendants that needed to be withdrawn or modified in any respect. On June 27, 2025, the True Ventures Defendants and DCVC Defendants provided similar responses. A true and correct copy of the email chain containing each of these responses is attached hereto as **Exhibit 16**.

18. A true and correct copy of the shareholder derivative complaint filed in the case captioned *Mellor v. Hoffman, et al.*, Case No. 5:21-cv-08723 (N.D. Cal. Nov. 9, 2021) is attached hereto as **Exhibit 17**.

19. A true and correct copy of excerpts of the March 14, 2025 Expert Report of Professor Charles K. Whitehead is attached hereto as **Exhibit 18**.

20. A true and correct copy excerpts of the March 14, 2025 Expert Report of Yael Hochberg, Ph.D. is attached hereto as **Exhibit 19**.

21. A true and correct copy of excerpts of the March 14, 2025 Expert Report of Professor Ilya A. Strebulaev is attached hereto as **Exhibit 20**.

22. A true and correct copy of excerpts of the April 25, 2025 Expert Rebuttal Report of Professor Ilya A. Strebulaev is attached hereto as **Exhibit 21**.

23. A true and correct copy of excerpts of the March 14, 2025 Expert Report of David J. Denis is attached hereto as **Exhibit 22**.

24. A true and correct copy of excerpts of the April 25, 2025 Expert Rebuttal Report of David J. Denis is attached hereto as **Exhibit 23**.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed this 10th day of July, 2025, at Los Angeles, California.

          */s/ Robert E. Allen*
          Robert E. Allen