# EXHIBIT 2

1  QUINN EMANUEL URQUHART & SULLIVAN, LLP
      Harry A. Olivar, Jr. (Bar No. 143089)
2        harryolivar@quinnemanuel.com
   865 South Figueroa Street, 10th Floor
3  Los Angeles, California 90017-2543
   Telephone:   (213) 443-3000
4  Facsimile:   (213) 443-3100

5     Linda J. Brewer (Bar No. 217730)
         lindabrewer@quinnemanuel.com
6  50 California Street, 22nd Floor
   San Francisco, California 94111
7  Telephone:   (415) 875-6600
   Facsimile:   (415) 875-6700
8
   *Attorneys for SVF Endurance (Cayman) Ltd.,*
9  *SVF Excalibur (Cayman) Ltd., SoftBank Vision*
   *Fund (AIV M1) LP and SB Investment Advisers*
10 *(US) Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BIAO WANG, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> vs. <br><br> ZYMERGEN INC., et al., <br><br> Defendant. | Case No. 5:21-cv-06028-PCP <br><br> **SVF EXCALIBUR (CAYMAN) LTD'S OBJECTIONS AND RESPONSES TO LEAD PLAINTIFF'S FIRST SET OF INTERROGATORIES** |

Case No. 5:21-cv-06028-PCP
SVF Excalibur (Cayman) Ltd's Objections and Responses
to Plaintiffs' First Set of Interrogatories

outweighed by the burden of obtaining it. SVF Excalibur (Cayman) Ltd further objects to the Interrogatories to the extent they seek information that is not reasonably accessible because of undue burden or cost. SVF Excalibur (Cayman) Ltd will undertake a search for information that is reasonable under the circumstances.

10. SVF Excalibur (Cayman) Ltd objects to the Interrogatories to the extent they are not restricted to the time period relevant to the allegations in the case, or without reference to a reasonable and relevant time period, as overbroad, unduly burdensome, beyond the scope of the allegations in the case, not relevant to any claim or defense, and not proportional, material and necessary to the prosecution or defense of the case. Unless otherwise stated, SVF Excalibur (Cayman) Ltd's response to each Interrogatory will cover the time period of January 1, 2020 to November 30, 2021 (the "Relevant Period").

## OBJECTIONS TO DEFINITIONS & INSTRUCTIONS

1. SVF Excalibur (Cayman) Ltd objects to the definition of "You" and "your" to the extent the definition encompasses persons and entities other than SVF Excalibur (Cayman) Ltd and is overbroad, vague, and ambiguous with respect to which "parents, predecessors, other affiliates, successors, or subsidiaries, including officers, directors, employees, partners, agents, consultants, or any other person acting or purporting to act on behalf of such entities" it refers.

2. SVF Excalibur (Cayman) Ltd objects to the "Definitions" and "Instructions" to the extent they attempt to impose upon it obligations beyond those imposed or authorized by the Federal Rules of Civil Procedure, Northern District of California Local Rules, the Protective Order entered in this Action or any other applicable law, rule, or regulation.

## OBJECTIONS AND RESPONSES TO INTERROGATORIES

**INTERROGATORY NO. 1:**

For the period from December 1, 2020 through to April 22, 2021, for SVF Excalibur (Cayman) Ltd, identify each Partner, General Partner, Authorized Person, Managing Member, Member, Chairman, President, Vice President, Director, Secretary, General Counsel, Officer, and employee, and specify their capacity as such. For any person that has been identified that has multiple capacities, each capacity must be stated.

**RESPONSE TO INTERROGATORY NO. 1:**

SVF Excalibur (Cayman) Ltd incorporates by reference the foregoing General Objections and Objections to Definitions and Instructions. SVF Excalibur (Cayman) Ltd further objects to this Interrogatory as overly broad, unduly burdensome, not relevant to the claims or defenses of any party, and not proportional to the needs of the case because and to the extent it seeks information regarding individuals other than those who, by virtue of their position with SVF Excalibur (Cayman) Ltd, had the power to manage or direct the business of SVF Excalibur (Cayman) Ltd  SVF Excalibur (Cayman) Ltd further objects to this Interrogatory as unduly burdensome because it seeks information already produced by the SoftBank Defendants in response to Lead Plaintiff's document requests.

Subject to and without waiver of its general or specific objections, SVF Excalibur (Cayman) Ltd identifies the following SVF Excalibur (Cayman) Ltd directors and/or officers for the period from December 1, 2020 through April 22, 2021:

Kokoro Motegi (Director)

Karen Ellerbe (Director)

Metesh Vara (Director)

Brian Wheeler (Director)

Mariko Tran (Alternate Director to Kokoro Motegi)

**INTERROGATORY NO. 2:**

For the period from February 24, 2022 through to May 25, 2022, for SVF Excalibur (Cayman) Ltd, identify each Partner, General Partner, Authorized Person, Managing Member, Member, Chairman, President, Vice President, Director, Secretary, General Counsel, Officer, employee, and Legal Agent, and specify their capacity as such. For any person that has been identified that has multiple capacities, each capacity must be stated.

**RESPONSE TO INTERROGATORY NO. 2:**

SVF Excalibur (Cayman) Ltd incorporates by reference the foregoing General Objections and Objections to Definitions and Instructions. SVF Excalibur (Cayman) Ltd further objects to this Interrogatory as overly broad, unduly burdensome, not relevant to the claims or defenses of any party, and not proportional to the needs of the case because and to the extent it seeks information regarding

-5-  Case No. 5:21-cv-06028-PCP
SVF Excalibur (Cayman) Ltd's Objections and Responses
to Plaintiffs' First Set of Interrogatories

individuals other than those who, by virtue of their position with SVF Excalibur (Cayman) Ltd, had the power to manage or direct the business of SVF Excalibur (Cayman) Ltd during the Relevant Period.

**INTERROGATORY NO. 3:**

To the extent that your Answer denies the allegations in Paragraph 78 of the Second Amended Complaint, identify all facts and documents supporting your denials.

**RESPONSE TO INTERROGATORY NO. 3:**

SVF Excalibur (Cayman) Ltd incorporates by reference the foregoing General Objections and Objections to Definitions and Instructions. SVF Excalibur (Cayman) Ltd objects to this Interrogatory to the extent it seeks information relating to the alleged control over Zymergen by any defendant other than SVF Excalibur (Cayman) Ltd  SVF Excalibur (Cayman) Ltd further objects to this Interrogatory to the extent it refers to the SoftBank Defendants as "Controlling Stockholders," which mischaracterizes the SoftBank Defendants, the DCVC Defendants, and the True Venture Defendants as controlling stockholders when none of the stockholders identified is a controlling stockholder of Zymergen. SVF Excalibur (Cayman) Ltd further objects to this Interrogatory to the extent it seeks legal conclusions and/or legal argument regarding whether SVF Excalibur (Cayman) Ltd possessed or exercised the power to "control" Zymergen. SVF Excalibur (Cayman) Ltd further objects to this Interrogatory as overly broad and unduly burdensome to the extent it seeks identification of every fact and every document, rather than certain principal or material facts and documents, and to the extent it seeks to require SVF Excalibur (Cayman) Ltd to parse through millions of pages of documents that have been produced to Plaintiffs and that Plaintiffs are in an equal position to review. SVF Excalibur (Cayman) Ltd further objects to this Interrogatory to the extent it requests that SVF Excalibur (Cayman) Ltd identify all responsive facts while (i) discovery remains ongoing and may reveal additional facts that support SVF Excalibur (Cayman) Ltd's denial of the allegations in Paragraph 78 of the Second Amended Complaint; and (ii) because expert discovery has yet to take place. SVF Excalibur (Cayman) Ltd reserves the right to supplement or amend this response consistent with Federal Rule of Civil Procedure 26(e).

Subject to and without waiver of its general or specific objections, SVF Excalibur (Cayman) Ltd intends to show at trial through fact and expert witness testimony, whether live or deposition testimony, and through documents produced in discovery in this case (or which are otherwise publicly available),

that SVF Excalibur (Cayman) Ltd did not possess or exercise the power to control Zymergen, including day-to-day management and operations of Zymergen, the IPO, or contents of the Registration Statement, including by, but not limited to, reference to:

- Deposition of Travis Murdoch and exhibits thereto;
- Deposition of Lead Plaintiff Biao Wang and exhibits thereto;
- Deposition of David Merrell, Corporate Designee for plaintiff West Palm Beach Firefighters' Pension Fund and exhibits thereto;
- Deposition of Richard Pieters and exhibits thereto;
- SBIA_ZY_0000014133;
- SBIA_ZY_0000028098 - SBIA_ZY_0000028281;
- SBIA_ZY_0000028282 – SBIA_ZY_0000028636;
- The Zymergen Inc. SEC Form 424(b)(4) Prospectus filed April 21, 2021 (the "Prospectus");
- The Zymergen Inc. SEC Form S-1 and all amendments thereto (together with the Prospectus, the "Registration Statement");
- The Form 3 filed with the SEC on April 21, 2021 on behalf of SVF Excalibur (Cayman) Ltd, SVF Endurance (Cayman) Ltd, SoftBank Vision Fund (AIV M1) L.P. and SB Investment Advisers (UK) Ltd;
- The Form 4 filed with the SEC on April 28, 2021 on behalf of SVF Excalibur (Cayman) Ltd, SVF Endurance (Cayman) Ltd, SoftBank Vision Fund (AIV M1) L.P. and SB Investment Advisers (UK) Ltd;
- The Form ADV filed with the SEC on June 29, 2020 on behalf of SB Investment Advisers (US) Inc.

SVF Excalibur (Cayman) Ltd also incorporates by reference any documents and facts to be identified by the DCVC Defendants or True Venture Defendants in their forthcoming responses to Lead Plaintiff's First Set of Interrogatories.

[REDACTED]

1 ███████████████████████████████████████████████
2 ███████████████████████████████████████████████
3 ███████████████████████████████████████████████
4 ██████

5  Defendants SVF Excalibur (Cayman) Ltd, SVF Endurance (Cayman) Ltd, and SoftBank Vision
6 Fund (AIV M1) L.P. are managed by SB Investment Advisers (UK) Ltd and ████████████████
7 ███████████████████████████████████████████████
8 ████████████████████████████████████████. During the Relevant Period, defendant
9 SB Investment Advisers (US) Inc. provided certain management services to SB Investment Advisers (UK)
10 Limited as fund manager ██████████████████████████████████████
11 ███████████████████████████████████████.

**INTERROGATORY NO. 4:**

To the extent that your Answer denies the allegations in Paragraph 119 of the Second Amended Complaint, identify all facts and documents supporting your denials.

**RESPONSE TO INTERROGATORY NO. 4:**

SVF Excalibur (Cayman) Ltd incorporates by reference the foregoing General Objections and Objections to Definitions and Instructions. SVF Excalibur (Cayman) Ltd objects to this Interrogatory to the extent it calls for legal conclusions and/or legal argument regarding the alleged "control" exercised by the SoftBank Defendants over Dr. Murdoch. SVF Excalibur (Cayman) Ltd further objects to this Interrogatory as compound because Paragraph 119 of the Second Amended Complaint contains multiple distinct factual and legal allegations. SVF Excalibur (Cayman) Ltd further objects to this Interrogatory as vague and ambiguous as to the allegation that Dr. Murdoch was provided financial incentives "to work in the interest of the SoftBank Defendants." SVF Excalibur (Cayman) Ltd interprets that phrase to refer to compensation paid to Dr. Murdoch in exchange for his services as an Investment Director or non-employee advisor to SB Investment Advisers (US) Inc. SVF Excalibur (Cayman) Ltd further objects to this Interrogatory as overly broad and unduly burdensome to the extent it seeks identification of every fact and document, rather than certain principal or material facts and documents, and to the extent it seeks to require SVF Excalibur (Cayman) Ltd to parse through millions of pages of documents that have been

-8- Case No. 5:21-cv-06028-PCP
SVF Excalibur (Cayman) Ltd's Objections and Responses
to Plaintiffs' First Set of Interrogatories

produced to Plaintiffs and that Plaintiffs are in an equal position to review. SVF Excalibur (Cayman) Ltd further objects to this Interrogatory to the extent it requests that SVF Excalibur (Cayman) Ltd identify all responsive facts while (i) discovery remains ongoing and may reveal additional facts that support SVF Excalibur (Cayman) Ltd's denial of the allegations in Paragraph 119 of the Second Amended Complaint; and (ii) because expert discovery has yet to take place. SVF Excalibur (Cayman) Ltd reserves the right to supplement or amend this response consistent with Federal Rule of Civil Procedure 26(e).

Subject to and without waiver of its general or specific objections, SVF Excalibur (Cayman) Ltd intends to show at trial through fact and expert witness testimony, whether live or deposition testimony, and through documents produced in discovery in this case (or which are otherwise publicly available), that Travis Murdoch was never an employee of defendants SVF Excalibur (Cayman) Ltd, SVF Endurance (Cayman) Ltd, or SoftBank Vision Fund (AIV M1) L.P. and that SB Investment Advisers (US) Inc. did not control Dr. Murdoch in his capacity as a director of Zymergen through any employer-employee relationship between SB Investment Advisers (US) Inc. and Dr. Murdoch (or any financial incentives attendant thereto), including by, but not limited to, reference to:

- Deposition of Travis Murdoch and exhibits thereto;
- SBIA_ZY_0000028098 – SBIA_ZY_0000028281;
- SBIA_ZY_0000028282 - SBIA_ZY_0000028636;
- Individual Defendants' Objections and Responses to Lead Plaintiff's First Set of Interrogatories to Individual Defendants; and
- Director Defendants' Objections and Responses to Lead Plaintiff's Second Set of Interrogatories to Individual Defendants.

SVF Excalibur (Cayman) Ltd also incorporates by reference any documents and facts identified by the DCVC Defendants or True Venture Defendants in their forthcoming responses to Lead Plaintiff's First Set of Interrogatories.

[lines 25–28 redacted]

1 ██████████████████████████████████████████████████████████████
2 ███████
3        Defendants SVF Excalibur (Cayman) Ltd, SVF Endurance (Cayman) Ltd, and SoftBank Vision
4 Fund (AIV M1) L.P. are managed by SB Investment Advisers (UK) Ltd and ████████████
5 ██████████████████████████████████████████████████████████████
6 ████████████████████████████████████████. During the Relevant Period, defendant
7 SB Investment Advisers (US) Inc. provided certain management services to SB Investment Advisers (UK)
8 Limited as fund manager █████████████████████████████████████████
9 ████████████████████████████████████████

**INTERROGATORY NO. 5:**

To the extent that your Answer denies the allegations in Paragraph 129 of the Second Amended Complaint, identify all facts and documents supporting your denials.

**RESPONSE TO INTERROGATORY NO. 5:**

SVF Excalibur (Cayman) Ltd incorporates by reference the foregoing General Objections and Objections to Definitions and Instructions. SVF Excalibur (Cayman) Ltd objects to this Interrogatory to the extent it seeks information relating to the alleged control over defendants Matthew Ocko or Rohit Sharma or by any defendant other than SVF Excalibur (Cayman) Ltd  SVF Excalibur (Cayman) Ltd further objects to this Interrogatory to the extent it refers to the SoftBank Defendants as "Controlling Stockholders," which mischaracterizes the SoftBank Defendants, the DCVC Defendants, and the True Venture Defendants as controlling stockholders when none of the stockholders identified is a controlling stockholder of Zymergen.  SVF Excalibur (Cayman) Ltd further objects to this Interrogatory to the extent it calls for legal conclusions and/or legal argument regarding whether an agency relationship existed between Dr. Murdoch and each of the SoftBank Defendants, and regarding whether Dr. Murdoch's work as a Zymergen director fell within the scope of an alleged agency relationship between Dr. Murdoch and any of the SoftBank Defendants.  SVF Excalibur (Cayman) Ltd further objects to this Interrogatory as compound because Paragraph 129 of the Second Amended Complaint contains multiple distinct factual and legal allegations, including against multiple defendants with no legal relationship to one another. SVF Excalibur (Cayman) Ltd further objects to this Interrogatory as vague and ambiguous with respect to

-10-    Case No. 5:21-cv-06028-PCP
SVF Excalibur (Cayman) Ltd's Objections and Responses
to Plaintiffs' First Set of Interrogatories

the terms "managing Zymergen" and "doing what is necessary to carry out the IPO." SVF Excalibur (Cayman) Ltd interprets these terms to Dr. Murdoch's service as a Zymergen director as it relates to the Zymergen IPO and the signing of the Registration Statement. SVF Excalibur (Cayman) Ltd further objects to this Interrogatory as overly broad and unduly burdensome to the extent it seeks identification of every fact and document, rather than certain principal or material facts and documents, and to the extent it seeks to require SVF Excalibur (Cayman) Ltd to parse through millions of pages of documents that have been produced to Plaintiffs and that Plaintiffs are in an equal position to review. SVF Excalibur (Cayman) Ltd further objects to this Interrogatory to the extent it requests that SVF Excalibur (Cayman) Ltd identify all responsive facts while (i) discovery remains ongoing and may reveal additional facts that support SVF Excalibur (Cayman) Ltd's denial of the allegations in Paragraph 129 of the Second Amended Complaint; and (ii) because expert discovery has yet to take place. SVF Excalibur (Cayman) Ltd reserves the right to supplement or amend this response consistent with Federal Rule of Civil Procedure 26(e).

Subject to and without waiver of its general or specific objections, SVF Excalibur (Cayman) Ltd intends to show at trial through fact and expert witness testimony, whether live or deposition testimony, and through documents produced in discovery in this case (or which are otherwise publicly available), that Travis Murdoch was never an employee of defendants SVF Excalibur (Cayman) Ltd, SVF Endurance (Cayman) Ltd, or SoftBank Vision Fund (AIV M1) L.P. and that SB Investment Advisers (US) Inc. did not control Dr. Murdoch in his capacity as a director of Zymergen through any employer-employee or other agency relationship between SB Investment Advisers (US) Inc. and Dr. Murdoch, including by, but not limited to, reference to:

- Deposition of Travis Murdoch and exhibits thereto;
- Deposition of Lead Plaintiff Biao Wang and exhibits thereto;
- Deposition of David Merrell, Corporate Designee for plaintiff West Palm Beach Firefighters' Pension Fund and exhibits thereto;
- Deposition of Richard Pieters and exhibits thereto;
- SBIA_ZY_0000014133;
- SBIA_ZY_0000028098 – SBIA_ZY_0000028281;

- SBIA_ZY_0000028282 – SBIA_ZY_0000028636;

- The Registration Statement;

- The Form 3 filed with the SEC on April 21, 2021 on behalf of SVF Excalibur (Cayman) Ltd, SVF Endurance (Cayman) Ltd, SoftBank Vision Fund (AIV M1) L.P. and SB Investment Advisers (UK) Ltd;

- The Form 4 filed with the SEC on April 28, 2021 on behalf of SVF Excalibur (Cayman) Ltd, SVF Endurance (Cayman) Ltd, SoftBank Vision Fund (AIV M1) L.P. and SB Investment Advisers (UK) Ltd;

- The Form ADV filed with the SEC on June 29, 2020 on behalf of SB Investment Advisers (US) Inc.

SVF Excalibur (Cayman) Ltd also incorporates by reference any documents and facts identified by the DCVC Defendants or True Venture Defendants in their forthcoming responses to Lead Plaintiff's First Set of Interrogatories.

DATED: January 30, 2025

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By  /s/ Harry A. Olivar, Jr.
HARRY A. OLIVAR, JR.
LINDA J. BREWER
*Attorneys for SVF Endurance (Cayman) Ltd., SVF Excalibur (Cayman) Ltd., SoftBank Vision Fund (AIV M1) LP and SB Investment Advisers (US) Inc.*