# EXHIBIT 3

QUINN EMANUEL URQUHART & SULLIVAN, LLP
   Harry A. Olivar, Jr. (Bar No. 143089)
     harryolivar@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

   Linda J. Brewer (Bar No. 217730)
     lindabrewer@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

*Attorneys for SVF Endurance (Cayman) Ltd., SVF Excalibur (Cayman) Ltd., SoftBank Vision Fund (AIV M1) LP and SB Investment Advisers (US) Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BIAO WANG, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> vs. <br><br> ZYMERGEN INC., et al., <br><br> Defendant. | Case No. 5:21-cv-06028-PCP <br><br> **SB INVESTMENT ADVISERS (US) INC.'S SUPPLEMENTAL OBJECTIONS AND RESPONSES TO LEAD PLAINTIFF'S FIRST SET OF INTERROGATORIES** |

**OBJECTIONS TO DEFINITIONS & INSTRUCTIONS**

1. SBIA objects to the definition of "You" and "your" to the extent the definition encompasses persons and entities other than SB Investment Advisers (US) Inc. and is overbroad, vague, and ambiguous with respect to which "parents, predecessors, other affiliates, successors, or subsidiaries, including officers, directors, employees, partners, agents, consultants, or any other person acting or purporting to act on behalf of such entities" it refers.

2. SBIA objects to the "Definitions" and "Instructions" to the extent they attempt to impose upon it obligations beyond those imposed or authorized by the Federal Rules of Civil Procedure, Northern District of California Local Rules, the Protective Order entered in this Action or any other applicable law, rule, or regulation.

**OBJECTIONS AND RESPONSES TO INTERROGATORIES**

**INTERROGATORY NO. 1:**

For the period from December 1, 2020 through to April 22, 2021, for SB Investment Advisers (US) Inc., identify each Partner, General Partner, Authorized Person, Managing Member, Member, Chairman, President, Vice President, Director, Secretary, General Counsel, Officer, and employee, and specify their capacity as such. For any person that has been identified that has multiple capacities, each capacity must be stated.

**RESPONSE TO INTERROGATORY NO. 1:**

SBIA incorporates by reference the foregoing General Objections and Objections to Definitions and Instructions. SBIA further objects to this Interrogatory as overly broad, unduly burdensome, not relevant to the claims or defenses of any party, and not proportional to the needs of the case because and to the extent it seeks information regarding individuals other than those who, by virtue of their position with SBIA, had the power to manage or direct the business of SBIA. SBIA further objects to this Interrogatory as unduly burdensome because it seeks information already produced by the SoftBank Defendants in response to Lead Plaintiff's document requests.

Subject to and without waiver of its general or specific objections, SBIA identifies the following SBIA directors and/or officers for the period from December 1, 2020 through April 22, 2021:

Ronald Fisher (Director, Chairman of the Board)

| | |
|---|---|
| 1 | Navneet Govil (Director, Chief Financial Officer) |
| 2 | Rajeev Misra (President and Chief Executive Officer) |
| 3 | Aidan O'Connor (Chief Compliance Officer) |
| 4 | Brian Clayton Wheeler (General Counsel) |
| 5 | Spencer Collins (General Counsel) |

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 1:**

SBIA incorporates by reference the foregoing General Objections and Objections to Definitions and Instructions. SBIA further objects to this Interrogatory as overly broad, unduly burdensome, not relevant to the claims or defenses of any party, and not proportional to the needs of the case because and to the extent it seeks information regarding individuals other than those who, by virtue of their position with SBIA, had the power to manage or direct the business of SBIA. SBIA further objects to this Interrogatory as unduly burdensome because it seeks information already produced by the SoftBank Defendants in response to Lead Plaintiff's document requests.

Subject to and without waiver of its general or specific objections, SBIA identifies the following SBIA board directors and/or officers for the period from December 1, 2020 through April 22, 2021[1]:

Ronald Fisher (Director, Chairman of the Board)

Navneet Govil (Director, Chief Financial Officer)

Rajeev Misra (President and Chief Executive Officer)[2]

Aidan O'Connor (Chief Compliance Officer)[3]

Brian Clayton Wheeler (General Counsel)

Additionally, SBIA identifies the following SBIA employees who are listed as authors and/or recipients on documents produced in discovery by the SoftBank Defendants for the period of December 1, 2020 through April 22, 2021:

---

[1] Spencer Collins was identified in SBIA's initial responses as SBIA General Counsel during the period from December 1, 2020 through April 22, 2021. Mr. Collins has been removed from this supplemental response, as he did not become SBIA General Counsel until August 2021.
[2] During this period, Mr. Misra was employed by SB Investment Advisers (UK) Limited.
[3] During this period, Mr. O'Connor acted as Chief Compliance Officer for both SBIA and SB Investment Advisers (UK) Limited.

-5- Case No. 5:21-cv-06028-PCP

1. Alex Fulk (Director[4])
2. Andrew Kofman (Managing Partner, Head of Asset Management Group)
3. Angela Shi (Principal and Director of FP&A)
4. Brennan Woodruff (Vice President)
5. Casey Rogers (Chief Compliance Officer (US); US Regulatory Counsel)
6. Charles Guo (Vice President)
7. Chris Placencia (Vice President, Legal)
8. Colin Fan (Managing Partner)
9. Daniel Elefant (Director, Senior Counsel)
10. Deep Nishar (Senior Managing Partner)
11. Denise Ho (Partner, Deputy General Counsel)
12. Elena Viboch (Investment Director)
13. Eunice Simmons (Investment Operations and Fund Management Director)
14. Evelyn Duan (Associate, Growth Equity)
15. Gregory Puff (Partner, Deputy General Counsel)
16. Ian McLean (Director, Senior Counsel)
17. Ivor van Esch (Director, Head of US Valuations)
18. Jack Liu (Vice President)
19. Janet Kwok (Director)
20. Jeffrey Housenbold (Managing Partner and Senior Adviser)
21. Jonathan Duckles (Partner, Deputy General Counsel, Head of Fund Transactions)
22. Justin Nam (Investment Director)
23. Kei Wakabayashi (Associate, Legal)
24. Kevin O'Connor (Partner, Investment Risk)
25. Kokoro Motegi (Director)
26. Kristin Schwarz (Global Co-Head of Communications and Marketing)

---

[4] References to Directors among this list of SBIA employees refers to an employment title and does not denote membership on the SBIA board of directors.

Lauren Mike (Director, Compliance)

Louis Chuo (Partner, Global Head of Portfolio Valuations & Monitoring, Head of Investment Risk)

Matthew Johnson (Partner, Senior Tax Counsel)

Metesh Vara (Director, Controller)

Mohita Anand (Vice President, Global Tax)

Nagraj Kashyap (Managing Partner)

Nahal Metanat (Director, Head of Fund Portfolio Management (Legal))

Nikhil Mallipeddi (Investor)

Paul Alade (CFO Office)

Phil Shields (Director, Treasury)

Pratusha Erraballi (Vice President, Legal)

Rhonda Gornitsky (Director, Senior Legal Counsel)

Saba Ahmed (Finance Director)

Sam Kamara (CFO Office)

Sivella Smith (Vice President, CFO Office)

Steve Oh (Vice President, Legal)

Sugeet Madan (Investment Risk)

Tania Alvarez (Executive Assistant)

Travis Murdoch (Investment Director)

Trish Tinitigan (VP, Marketing and Communications)

Tye Merlo (Manager, Compliance)

Victoria Fredericks (Executive Assistant)

Vikas Parekh (Managing Partner)

**INTERROGATORY NO. 2:**

For the period from February 24, 2022 through to May 25, 2022, for SB Investment Advisers (US) Inc., identify each Partner, General Partner, Authorized Person, Managing Member, Member, Chairman, President, Vice President, Director, Secretary, General Counsel, Officer, employee, and Legal Agent, and

specify their capacity as such. For any person that has been identified that has multiple capacities, each capacity must be stated.

**RESPONSE TO INTERROGATORY NO. 2:**

SBIA incorporates by reference the foregoing General Objections and Objections to Definitions and Instructions. SBIA further objects to this Interrogatory as overly broad, unduly burdensome, not relevant to the claims or defenses of any party, and not proportional to the needs of the case because and to the extent it seeks information regarding individuals other than those who, by virtue of their position with SBIA, had the power to manage or direct the business of SBIA during the Relevant Period.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 2:**

SBIA incorporates by reference the foregoing General Objections and Objections to Definitions and Instructions. SBIA further objects to this Interrogatory as overly broad, unduly burdensome, not relevant to the claims or defenses of any party, and not proportional to the needs of the case because and to the extent it seeks information regarding individuals other than those who, by virtue of their position with SBIA, had the power to manage or direct the business of SBIA during the Relevant Period. SBIA further objects to this Interrogatory as unduly burdensome because it seeks information already produced by the SoftBank Defendants in response to Lead Plaintiff's document requests.

Subject to and without waiver of its general or specific objections, SBIA identifies the following SBIA directors and/or officers for the period from February 24, 2022 through to May 25, 2022:

Ronald Fisher (Director, Chairman of the Board), through April 14, 2022

Andrew Kofman (Director, Chairman of the Board), appointed April 14, 2022

Navneet Govil (Director, Chief Financial Officer)

Rajeev Misra (President and Chief Executive Officer)[5]

Aidan O'Connor (Chief Compliance Officer)[6]

Spencer Collins (General Counsel)

---

[5] During this period, Mr. Misra was employed by SB Investment Advisers (UK) Limited.
[6] During this period, Mr. O'Connor acted as Chief Compliance Officer for both SBIA and SB Investment Advisers (UK) Limited.

**INTERROGATORY NO. 3:**

To the extent that your Answer denies the allegations in Paragraph 78 of the Second Amended Complaint, identify all facts and documents supporting your denials.

**RESPONSE TO INTERROGATORY NO. 3:**

SBIA incorporates by reference the foregoing General Objections and Objections to Definitions and Instructions. SBIA objects to this Interrogatory to the extent it seeks information relating to the alleged control over Zymergen by any defendant other than SBIA. SBIA further objects to this Interrogatory to the extent it refers to the SoftBank Defendants as "Controlling Stockholders," which mischaracterizes the SoftBank Defendants, the DCVC Defendants, and the True Venture Defendants as controlling stockholders when none of the stockholders identified is a controlling stockholder of Zymergen. SBIA further objects to this Interrogatory to the extent it seeks legal conclusions and/or legal argument regarding whether SBIA possessed or exercised the power to "control" Zymergen. SBIA further objects to this Interrogatory as overly broad and unduly burdensome to the extent it seeks identification of every fact and every document, rather than certain principal or material facts and documents, and to the extent it seeks to require SBIA to parse through millions of pages of documents that have been produced to Plaintiffs and that Plaintiffs are in an equal position to review. SBIA further objects to this Interrogatory to the extent it requests that SBIA identify all responsive facts while (i) discovery remains ongoing and may reveal additional facts that support SBIA's denial of the allegations in Paragraph 78 of the Second Amended Complaint; and (ii) because expert discovery has yet to take place. SBIA reserves the right to supplement or amend this response consistent with Federal Rule of Civil Procedure 26(e).

Subject to and without waiver of its general or specific objections, SBIA intends to show at trial through fact and expert witness testimony, whether live or deposition testimony, and through documents produced in discovery in this case (or which are otherwise publicly available), that SBIA was not a beneficial owner of Zymergen, and did not possess or exercise the power to control Zymergen, including day-to-day management and operations of Zymergen, the IPO, or contents of the Registration Statement, including by, but not limited to, reference to:

- Deposition of Travis Murdoch and exhibits thereto;

- Deposition of Lead Plaintiff Biao Wang and exhibits thereto;
- Deposition of David Merrell, Corporate Designee for plaintiff West Palm Beach Firefighters' Pension Fund and exhibits thereto;
- Deposition of Richard Pieters and exhibits thereto;
- SBIA_ZY_0000014133;
- SBIA_ZY_0000028098 - SBIA_ZY_0000028281;
- SBIA_ZY_0000028282 – SBIA_ZY_0000028636;
- The Zymergen Inc. SEC Form 424(b)(4) Prospectus filed April 21, 2021 (the "Prospectus");
- The Zymergen Inc. SEC Form S-1 and all amendments thereto (together with the Prospectus, the "Registration Statement");
- The Form 3 filed with the SEC on April 21, 2021 on behalf of SVF Excalibur (Cayman) Ltd, SVF Endurance (Cayman) Ltd, SoftBank Vision Fund (AIV M1) L.P. and SB Investment Advisers (UK) Ltd;
- The Form 4 filed with the SEC on April 28, 2021 on behalf of SVF Excalibur (Cayman) Ltd, SVF Endurance (Cayman) Ltd, SoftBank Vision Fund (AIV M1) L.P. and SB Investment Advisers (UK) Ltd;
- The Form ADV filed with the SEC on June 29, 2020 on behalf of SB Investment Advisers (US) Inc.

SBIA also incorporates by reference any documents and facts identified by the DCVC Defendants or True Venture Defendants in their forthcoming responses to Lead Plaintiff's First Set of Interrogatories.

[redacted]

Defendants SVF Excalibur (Cayman) Ltd, SVF Endurance (Cayman) Ltd and SoftBank Vision Fund (AIV M1) L.P. are managed by SB Investment Advisers (UK) Ltd and ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ During the Relevant Period, SBIA provided certain management services to SB Investment Advisers (UK) Limited as fund manager ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮.

**INTERROGATORY NO. 4:**

To the extent that your Answer denies the allegations in Paragraph 119 of the Second Amended Complaint, identify all facts and documents supporting your denials.

**RESPONSE TO INTERROGATORY NO. 4:**

SBIA incorporates by reference the foregoing General Objections and Objections to Definitions and Instructions. SBIA objects to this Interrogatory to the extent it calls for legal conclusions and/or legal argument regarding the alleged "control" exercised by the SoftBank Defendants over Dr. Murdoch. SBIA further objects to this Interrogatory as compound because Paragraph 119 of the Second Amended Complaint contains multiple distinct factual and legal allegations. SBIA further objects to this Interrogatory as vague and ambiguous as to the allegation that Dr. Murdoch was provided financial incentives "to work in the interest of the SoftBank Defendants." SBIA interprets that phrase to refer to compensation paid to Dr. Murdoch in exchange for his services as an Investment Director or non-employee advisor to SBIA. SBIA further objects to this Interrogatory as overly broad and unduly burdensome to the extent it seeks identification of every fact and document, rather than certain principal or material facts and documents, and to the extent it seeks to require SBIA to parse through millions of pages of documents that have been produced to Plaintiffs and that Plaintiffs are in an equal position to review. SBIA further objects to this Interrogatory to the extent it requests that SBIA identify all responsive facts while (i) discovery remains ongoing and may reveal additional facts that support SBIA's denial of the allegations in Paragraph 119 of the Second Amended Complaint; and (ii) because expert discovery has yet to take place. SBIA reserves the right to supplement or amend this response consistent with Federal Rule of Civil Procedure 26(e).

Subject to and without waiver of its general or specific objections, SBIA intends to show at trial through fact and expert witness testimony, whether live or deposition testimony, and through documents produced in discovery in this case (or which are otherwise publicly available), that Travis Murdoch was never an employee of defendants SVF Excalibur (Cayman) Ltd, SVF Endurance (Cayman) Ltd, or SoftBank Vision Fund (AIV M1) L.P. and that SBIA did not control Dr. Murdoch in his capacity as a director of Zymergen through any employer-employee relationship between SBIA and Dr. Murdoch (or any financial incentives attendant thereto), including by, but not limited to, reference to:

- Deposition of Travis Murdoch and exhibits thereto;
- SBIA_ZY_0000028098 – SBIA_ZY_0000028281;
- SBIA_ZY_0000028282 - SBIA_ZY_0000028636;
- Individual Defendants' Objections and Responses to Lead Plaintiff's First Set of Interrogatories to Individual Defendants; and
- Director Defendants' Objections and Responses to Lead Plaintiff's Second Set of Interrogatories to Individual Defendants.

SBIA also incorporates by reference any documents and facts identified by the DCVC Defendants or True Venture Defendants in their forthcoming responses to Lead Plaintiff's First Set of Interrogatories

████████████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████████
██████████

Defendants SVF Excalibur (Cayman) Ltd, SVF Endurance (Cayman) Ltd and SoftBank Vision Fund (AIV M1) L.P. are managed by SB Investment Advisers (UK) Ltd and ████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████ During the Relevant Period, SBIA provided certain management services to SB Investment Advisers (UK) Limited as fund manager████

**INTERROGATORY NO. 5:**

To the extent that your Answer denies the allegations in Paragraph 129 of the Second Amended Complaint, identify all facts and documents supporting your denials.

**RESPONSE TO INTERROGATORY NO. 5:**

SBIA incorporates by reference the foregoing General Objections and Objections to Definitions and Instructions. SBIA objects to this Interrogatory to the extent it seeks information relating to the alleged control over defendants Matthew Ocko or Rohit Sharma or by any defendant other than SBIA. SBIA further objects to this Interrogatory to the extent it refers to the SoftBank Defendants as "Controlling Stockholders," which mischaracterizes the SoftBank Defendants, the DCVC Defendants, and the True Venture Defendants as controlling stockholders when none of the stockholders identified is a controlling stockholder of Zymergen. SBIA further objects to this Interrogatory to the extent it calls for legal conclusions and/or legal argument regarding whether an agency relationship existed between Dr. Murdoch and each of the SoftBank Defendants, and regarding whether Dr. Murdoch's work as a Zymergen director fell within the scope of an alleged agency relationship between Dr. Murdoch and any of the SoftBank Defendants. SBIA further objects to this Interrogatory as compound because Paragraph 129 of the Second Amended Complaint contains multiple distinct factual and legal allegations, including against multiple defendants with no legal relationship to one another. SBIA further objects to this Interrogatory as vague and ambiguous with respect to the terms "managing Zymergen" and "doing what is necessary to carry out the IPO." SBIA interprets these terms to Dr. Murdoch's service as a Zymergen director as it relates to the Zymergen IPO and the signing of the Registration Statement. SBIA further objects to this Interrogatory as overly broad and unduly burdensome to the extent it seeks identification of every fact and document, rather than certain principal or material facts and documents, and to the extent it seeks to require SBIA to parse through millions of pages of documents that have been produced to Plaintiffs and that Plaintiffs are in an equal position to review. SBIA further objects to this Interrogatory to the extent it requests that SBIA identify all responsive facts while (i) discovery remains ongoing and may reveal additional facts that support SBIA's denial of the allegations in Paragraph 129 of the Second Amended

Complaint; and (ii) because expert discovery has yet to take place. SBIA reserves the right to supplement or amend this response consistent with Federal Rule of Civil Procedure 26(e).

Subject to and without waiver of its general or specific objections, SBIA intends to show at trial through fact and expert witness testimony, whether live or deposition testimony, and through documents produced in discovery in this case (or which are otherwise publicly available), that Travis Murdoch was never an employee of defendants SVF Excalibur (Cayman) Ltd, SVF Endurance (Cayman) Ltd, or SoftBank Vision Fund (AIV M1) L.P. and that SBIA did not control Dr. Murdoch in his capacity as a director of Zymergen through any employer-employee or other agency relationship between SBIA and Dr. Murdoch, including by, but not limited to, reference to:

- Deposition of Travis Murdoch and exhibits thereto;
- Deposition of Lead Plaintiff Biao Wang and exhibits thereto;
- Deposition of David Merrell, Corporate Designee for plaintiff West Palm Beach Firefighters' Pension Fund and exhibits thereto;
- Deposition of Richard Pieters and exhibits thereto;
- SBIA_ZY_0000014133;
- SBIA_ZY_0000028098 – SBIA_ZY_0000028281;
- SBIA_ZY_0000028282 – SBIA_ZY_0000028636;
- The Registration Statement;
- The Form 3 filed with the SEC on April 21, 2021 on behalf of SVF Excalibur (Cayman) Ltd, SVF Endurance (Cayman) Ltd, SoftBank Vision Fund (AIV M1) L.P. and SB Investment Advisers (UK) Ltd;
- The Form 4 filed with the SEC on April 28, 2021 on behalf of SVF Excalibur (Cayman) Ltd, SVF Endurance (Cayman) Ltd, SoftBank Vision Fund (AIV M1) L.P. and SB Investment Advisers (UK) Ltd;
- The Form ADV filed with the SEC on June 29, 2020 on behalf of SB Investment Advisers (US) Inc.

SBIA also incorporates by reference any documents and facts identified by the DCVC Defendants or True Venture Defendants in their forthcoming responses to Lead Plaintiff's First Set of Interrogatories

**INTERROGATORY NO. 6:**

For each person identified in response to Interrogatory No. 2, if such person received a copy of the First Amended Complaint, identify the date on which such person first received a copy of the First Amended Complaint.

**RESPONSE TO INTERROGATORY NO. 6:**

SBIA incorporates by reference the foregoing General Objections and Objections to Definitions and Instructions. SBIA objects to the Interrogatory to the extent that it seeks information protected by the attorney-client privilege and/or work-product doctrine. SBIA further objects to this Interrogatory as overly broad, unduly burdensome, not relevant to the claims or defenses of any party, and not proportional to the needs of the case because the information sought relates exclusively to Plaintiffs' purported "mistake" in failing to name SBIA in the First Amended Complaint. Plaintiffs have failed to substantiate any such "mistake" or even identify, in their written discovery responses or in their depositions, any specific purported mistake on their part that they could claim caused them not to name SBIA in the First Amended Complaint. This is not surprising, because no mistake can be established, given that all relevant facts concerning SBIA were publicly available in documents that are explicitly referenced by Plaintiffs in the First Amended Complaint, including that (1) that SB Investment Advisers (UK) Ltd—not SBIA—is the fund manager for the SoftBank Fund defendants; (2) that SB Investment Advisers (UK) Ltd—not SBIA—was exclusively responsible for making all final decisions related to the acquisition, financing, voting and disposal of SoftBank Vision Fund's investments; and (3) that Dr. Murdoch's employer was SBIA, where he served as an Investment Director. Because Plaintiffs have failed to meet their burden of establishing any factual predicate for any reliance on the "relation back" doctrine, they may not rely on that doctrine with respect to SBIA's statute of limitations defense and it certainly does not provide a basis for Plaintiff to seek to invade Defendants' privileges.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 6:**

SBIA incorporates by reference the foregoing General Objections and Objections to Definitions and Instructions. SBIA objects to the Interrogatory to the extent that it seeks information protected by the attorney-client privilege and/or work-product doctrine. SBIA further objects to this Interrogatory as overly broad, unduly burdensome, not relevant to the claims or defenses of any party, and not

proportional to the needs of the case because the information sought relates exclusively to Plaintiffs' purported "mistake" in failing to name SBIA in the First Amended Complaint. Plaintiffs have failed to substantiate any such "mistake" or even identify, in their written discovery responses or in their depositions, any specific purported mistake on their part that they could claim caused them not to name SBIA in the First Amended Complaint. This is not surprising, because no mistake can be established, given that all relevant facts concerning SBIA were publicly available in documents that are explicitly referenced by Plaintiffs in the First Amended Complaint, including that (1) that SB Investment Advisers (UK) Ltd—not SBIA—is the fund manager for the SoftBank Fund defendants; (2) that SB Investment Advisers (UK) Ltd—not SBIA—was exclusively responsible for making all final decisions related to the acquisition, financing, voting and disposal of SoftBank Vision Fund's investments; and (3) that Dr. Murdoch's employer was SBIA, where he served as an Investment Director. Because Plaintiffs have failed to meet their burden of establishing any factual predicate for any reliance on the "relation back" doctrine, they may not rely on that doctrine with respect to SBIA's statute of limitations defense and it certainly does not provide a basis for Plaintiff to seek to invade Defendants' privileges.

Subject to and without waiver of its general or specific objections, SBIA responds as follows: Aidan O'Connor (Chief Compliance Officer for SBIA and SB Investment Advisers (UK) Limited) had notice of the First Amended Complaint as of April 6, 2022.

**INTERROGATORY NO. 7:**

For each person identified in response to Interrogatory No. 2, if such person was notified or otherwise became aware of any claim contained in the First Amended Complaint, identify the date on which such person was first notified or otherwise became aware of any claim contained in the First Amended Complaint.

**RESPONSE TO INTERROGATORY NO. 7:**

SBIA incorporates by reference the foregoing General Objections and Objections to Definitions and Instructions. SBIA objects to the Interrogatory to the extent that it seeks information protected by the attorney-client privilege and/or work-product doctrine. SBIA further objects to this Interrogatory as overly broad, unduly burdensome, not relevant to the claims or defenses of any party, and not proportional to the needs of the case because the information sought relates exclusively to Plaintiffs' purported

"mistake" in failing to name SBIA in the First Amended Complaint. Plaintiffs have failed to substantiate any such "mistake" or even identify, in their written discovery responses or in their depositions, any specific purported mistake on their part that they could claim caused them not to name SBIA in the First Amended Complaint. This is not surprising, because no mistake can be established, given that all relevant facts concerning SBIA were publicly available in documents that are explicitly referenced by Plaintiffs in the First Amended Complaint, including that (1) that SB Investment Advisers (UK) Ltd—not SBIA—is the fund manager for the SoftBank Fund defendants; (2) that SB Investment Advisers (UK) Ltd—not SBIA—was exclusively responsible for making all final decisions related to the acquisition, financing, voting and disposal of SoftBank Vision Fund's investments; and (3) that Dr. Murdoch's employer was SBIA, where he served as an Investment Director. Because Plaintiffs have failed to meet their burden of establishing any factual predicate for any reliance on the "relation back" doctrine, they may not rely on that doctrine with respect to SBIA's statute of limitations defense and it certainly does not provide a basis for Plaintiff to seek to invade Defendants' privileges.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 7:**

SBIA incorporates by reference the foregoing General Objections and Objections to Definitions and Instructions. SBIA objects to the Interrogatory to the extent that it seeks information protected by the attorney-client privilege and/or work-product doctrine. SBIA further objects to this Interrogatory as overly broad, unduly burdensome, not relevant to the claims or defenses of any party, and not proportional to the needs of the case because the information sought relates exclusively to Plaintiffs' purported "mistake" in failing to name SBIA in the First Amended Complaint. Plaintiffs have failed to substantiate any such "mistake" or even identify, in their written discovery responses or in their depositions, any specific purported mistake on their part that they could claim caused them not to name SBIA in the First Amended Complaint. This is not surprising, because no mistake can be established, given that all relevant facts concerning SBIA were publicly available in documents that are explicitly referenced by Plaintiffs in the First Amended Complaint, including that (1) that SB Investment Advisers (UK) Ltd—not SBIA—is the fund manager for the SoftBank Fund defendants; (2) that SB Investment Advisers (UK) Ltd—not SBIA—was exclusively responsible for making all final decisions related to the acquisition, financing, voting and disposal of SoftBank Vision Fund's investments; and (3) that Dr.

Murdoch's employer was SBIA, where he served as an Investment Director. Because Plaintiffs have failed to meet their burden of establishing any factual predicate for any reliance on the "relation back" doctrine, they may not rely on that doctrine with respect to SBIA's statute of limitations defense and it certainly does not provide a basis for Plaintiff to seek to invade Defendants' privileges.

Subject to and without waiver of its general or specific objections, SBIA responds as follows: Aidan O'Connor (Chief Compliance Officer for SBIA and SB Investment Advisers (UK) Limited) had notice of the First Amended Complaint as of April 6, 2022.

DATED: February 13, 2025

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By     /s/ Linda J. Brewer
HARRY A. OLIVAR, JR.
LINDA J. BREWER
*Attorneys for SVF Endurance (Cayman) Ltd., SVF Excalibur (Cayman) Ltd., SoftBank Vision Fund (AIV M1) LP and SB Investment Advisers (US) Inc.*