# EXHIBIT 5

| | |
|---|---|
| 1 | JONATHAN A SHAPIRO (SBN 257199)<br>*JShapiro@goodwinlaw.com*<br>**GOODWIN PROCTER LLP**<br>525 Market Street, Floor 32<br>San Francisco, California 94105<br>Tel. +1 415 733 6000<br>Fax: +1 415 677 9041 |
| 2 | |
| 3 | |
| 4 | |
| 5 | Attorneys for Defendants<br>TRUE VENTURES IV, L.P.; TRUE VENTURES SELECT I, L.P.; TRUE VENTURES SELECT II, L.P.; TRUE VENTURES SELECT III, L.P.; TRUE VENTURES SELECT IV, L.P.; AND TRUE VENTURE MANAGEMENT, L.L.C. |
| 6 | |
| 7 | |
| 8 | [Additional Counsel Listed On Signature Page] |

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| BIAO WANG, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>ZYMERGEN, INC., ET AL,<br><br>Defendants. | Case No. 5:21-cv-06028-PCP<br><br>**TRUE VENTURE MANAGEMENT L.L.C.'S SUPPLEMENTAL RESPONSES AND OBJECTIONS TO LEAD PLAINTIFF'S FIRST SET OF INTERROGATORIES**<br><br><u>**CONFIDENTIAL**</u> - Subject to Dec. 4, 2024 Amended Stipulated Protective Order |

all communications"; and "identify all documents." True Venture Management further objects to this Instruction as it purports to seek information subject to the attorney client privilege, work product doctrine, or other applicable privilege or reason for non-disclosure in that it seeks "all communications" and "all documents."

## SPECIFIC OBJECTIONS AND SUPPLEMENTAL RESPONSES TO INTERROGATORIES

True Venture Management incorporates by reference the above General Objections, Objections to Definitions, and Objections to Instructions in each of its Specific Objections and Supplemental Responses to Interrogatories below.

**INTERROGATORY NO. 1:**

For the period from December 1, 2020 through to April 22, 2021, for True Venture Management, L.L.C., identify each Partner, General Partner, Authorized Person, Managing Member, Member, Chairman, President, Vice President, Director, Secretary, General Counsel, Officer, and employee, and specify their capacity as such. For any person that has been identified that has multiple capacities, each capacity must be stated.

**RESPONSE TO INTERROGATORY NO. 1:**

In addition to the General Objections, Objections to Definitions, and Objections to Instructions above, True Venture Management objects to Interrogatory No. 1 as overly broad, unduly burdensome, and not proportionate to the needs of the case because it calls for the identification of all personnel in True Venture Management's entire organization, including persons not relevant to the claims or defenses in this action. Additionally, True Venture Management objects to the term "Authorized Person" as vague and ambiguous.

Subject to and without waiving the foregoing objections, True Venture Management responds as follows: For the period from December 1, 2020, through April 22, 2021, the following individuals were consulted on, or otherwise had involvement in, True Ventures' investment in Zymergen: Puneet Agarwal, a partner of True Ventures; Phil Black, a co-founding partner of True Ventures; Jon Callaghan, a co-founding partner of True Ventures; Ulrike

- 9 -

TRUE VENTURE MANAGEMENT'S SUPPLEMENTAL RESPONSES & OBJECTIONS TO LEAD PLAINTIFF'S FIRST SET OF ROGS    CASE NO. 5:21-cv-06028-PCP

GOODWIN PROCTER LLP
ATTORNEYS AT LAW

CONFIDENTIAL

Kellmereit, chief financial officer of True Ventures; Rohit Sharma, a partner of True Ventures; and Jim Stewart, a partner and chief operating officer of True Ventures.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 1:**

In addition to the General Objections, Objections to Definitions, and Objections to Instructions above, and the General Objections, Objections to Definitions, and Objections to Instructions in True Venture Management's initial Responses, True Venture Management objects to Interrogatory No. 1 as overly broad, unduly burdensome, and not proportionate to the needs of the case because it calls for the identification of all personnel in True Venture Management's entire organization, including persons not relevant to the claims or defenses in this action. Additionally, True Venture Management objects to the term "Authorized Person" as vague and ambiguous.

Subject to and without waiving the foregoing objections, True Venture Management responds as follows: For the period from December 1, 2020, through April 22, 2021, the following individuals, who were each employed by True Venture Management, were consulted on, or otherwise had involvement in, True Ventures' investment in Zymergen: Puneet Agarwal, a partner of True Ventures; Phil Black, a co-founding partner of True Ventures; Jon Callaghan, a co-founding partner of True Ventures; Ulrike Kellmereit, chief financial officer of True Ventures; Rohit Sharma, a partner of True Ventures; and Jim Stewart, a partner and chief operating officer of True Ventures. Further responding, while Dr. Sharma was an employee of True Venture Management during the period from December 1, 2020, through April 22, 2021, this employment was separate and apart from his role as a Zymergen Board Member and independent of his duties to Zymergen. Further responding, for the period from December 1, 2020, through April 22, 2021, it is possible that additional individuals who were employed by True Venture Management in a non-executive finance and/or administrative role may also have sent, received, or been copied on correspondence regarding True Ventures' investment in Zymergen, though these individuals would not have had decision-making authority over, or otherwise have had substantive involvement in, True Ventures' investment in Zymergen.

CONFIDENTIAL

**INTERROGATORY NO. 2:**

For the period from February 24, 2022 through to May 25, 2022, for True Venture Management, L.L.C., identify each Partner, General Partner, Authorized Person, Managing Member, Member, Chairman, President, Vice President, Director, Secretary, General Counsel, Officer, employee, and Legal Agent, and specify their capacity as such. For any person that has been identified that has multiple capacities, each capacity must be stated.

**RESPONSE TO INTERROGATORY NO. 2:**

In addition to the General Objections, Objections to Definitions, and Objections to Instructions above, True Venture Management objects to Interrogatory No. 2 as overly broad, unduly burdensome, and not proportionate to the needs of the case because it calls for the identification of all personnel in True Venture Management's entire organization, including persons not relevant to the claims or defenses in this action. Additionally, True Venture Management objects to the term "Authorized Person" as vague and ambiguous.

Subject to and without waiving the foregoing objections True Venture Management responds as follows: For the period from February 24, 2022, through May 25, 2022, the following individuals were consulted on, or otherwise had involvement in True Ventures' investment in Zymergen: Puneet Agarwal, a partner of True Ventures; Phil Black, a co-founding partner of True Ventures; Jon Callaghan, a co-founding partner of True Ventures; Ulrike Kellmereit, chief financial officer of True Ventures; Rohit Sharma, a partner of True Ventures; and Jim Stewart, a partner and chief operating officer of True Ventures.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 2:**

In addition to the General Objections, Objections to Definitions, and Objections to Instructions above, and the General Objections, Objections to Definitions, and Objections to Instructions in True Venture Management's initial Responses, True Venture Management objects to Interrogatory No. 2 as overly broad, unduly burdensome, and not proportionate to the needs of the case because it calls for the identification of all personnel in True Venture Management's entire organization, including persons not relevant to the claims or defenses in this action.

CONFIDENTIAL

1 Additionally, True Venture Management objects to the term "Authorized Person" as vague and
2 ambiguous.
3     Subject to and without waiving the foregoing objections True Venture Management
4 responds as follows: For the period from February 24, 2022, through May 25, 2022, the
5 following individuals, who were each employed by True Venture Management, were consulted
6 on, or otherwise had involvement in, True Ventures' investment in Zymergen: Puneet Agarwal, a
7 partner of True Ventures; Phil Black, a co-founding partner of True Ventures; Jon Callaghan, a
8 co-founding partner of True Ventures; Molly (Pon) DiIorio, legal counsel of True Ventures;
9 Ulrike Kellmereit, chief financial officer of True Ventures; Rohit Sharma, a partner of True
10 Ventures; and Jim Stewart, a partner and chief operating officer of True Ventures. Further
11 responding, while Dr. Sharma was an employee of True Venture Management during the period
12 from February 24, 2022, through May 25, 2022, this employment was separate and apart from his
13 role as a Zymergen Board Member and independent of his duties to Zymergen. Further
14 responding, for the period from February 24, 2022, through May 25, 2022, it is possible that
15 additional individuals who were employed by True Venture Management in a non-executive
16 finance and/or administrative role may also have sent, received, or been copied on
17 correspondence regarding True Ventures' investment in Zymergen, though these individuals
18 would not have had decision-making authority over, or otherwise have had substantive
19 involvement in, True Ventures' investment in Zymergen. Further responding, True Venture
20 Management states that ███████████████████████████████
21 ███████████████████████████████████████████████
22 ███████████████████████████████████████████
23 ███████████████████████████████████████████████
24 ████████████████████████████████████████.

**INTERROGATORY NO. 3:**

To the extent that your Answer denies the allegations in Paragraph 78 of the Second Amended Complaint, identify all facts and documents supporting your denials.

CONFIDENTIAL

**RESPONSE TO INTERROGATORY NO. 3:**

In addition to the General Objections, Objections to Definitions, and Objections to Instructions above, True Venture Management objects to Interrogatory No. 3 as overly broad, unduly burdensome, and not proportionate to the needs of the case because it calls for the identification of all facts and documents that support True Venture Management's denial.

Subject to and without waiving the foregoing objections, True Venture Management responds as follows: Paragraph 78 states a legal conclusion, to which no factual response is required. *See Guifu Li v. A Perfect Franchise, Inc.*, No. 2011 WL 2971046, at *3 (N.D. Cal. July 21, 2011).

To the extent that the allegation in Paragraph 78 is viewed as a factual allegation to which a response is required, True Venture Management denies the allegation in Paragraph 78 because it is a false assertion. There was no possession or exercise of control over Zymergen by True Venture Management, including over Zymergen's day-to-day management and operations, over Zymergen's IPO, or over the contents of Zymergen's Registration Statement. Further responding, the Interrogatory is asking for "facts and documents" supporting a denial of a false claim, which does not make sense because there are not documents to support a non-existent fact, nor are there facts to support a conclusion that is wrong because it lacks a factual basis or support. For this reason, True Venture Management's denial of the allegation in Paragraph 78 is based on the *absence* of any "facts and documents" to support such control. Further responding, the Interrogatory impermissibly seeks information from True Venture Management on a question as to which Plaintiff bears the burden of proof, and True Venture Management reserves its right to identify record evidence that supports True Venture Management's contention that there was no possession or exercise of control over Zymergen by True Venture Management including, but not limited to, by responding to Plaintiffs' characterizations of the record evidence.

**INTERROGATORY NO. 4:**

To the extent that your Answer denies the allegations in Paragraph 120 of the Second Amended Complaint, identify all facts and documents supporting your denials.

CONFIDENTIAL

**RESPONSE TO INTERROGATORY NO. 4:**

In addition to the General Objections, Objections to Definitions, and Objections to Instructions above, True Venture Management objects to Interrogatory No. 4 as overly broad, unduly burdensome, and not proportionate to the needs of the case because it calls for the identification of all facts and documents that support True Venture Management's denial.

Subject to and without waiving the forgoing objections, True Venture Management responds as follows: Paragraph 120 contains legal conclusions to which no factual response is required. *See Guifu Li v. A Perfect Franchise, Inc.*, No. 2011 WL 2971046, at *3 (N.D. Cal. July 21, 2011).

To the extent that the allegations in Paragraph 120 are viewed as factual allegations to which a response is required, True Venture Management denies the allegation in the third sentence of 120 because it is a false assertion. Further responding, the Interrogatory is asking for "facts and documents" supporting a denial of a false claim, which does not make sense because there are not documents to support a non-existent fact, nor are there facts to support a conclusion that is wrong because it lacks a factual basis or support. For this reason, True Venture Management's denial of the allegation in the third sentence of Paragraph 120 is based on the *absence* of any "facts and documents" to support such control. Further responding, the Interrogatory impermissibly seeks information from True Venture Management on a question as to which Plaintiff bears the burden of proof, and True Venture Management reserves its right to identify record evidence that supports True Venture Management's contention that True Ventures did not control Dr. Sharma's activities as a Zymergen Board member including, but not limited to, by responding to Plaintiffs' characterizations of the record evidence.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 4:**

In addition to the General Objections, Objections to Definitions, and Objections to Instructions above, and the General Objections, Objections to Definitions, and Objections to Instructions in True Venture Management's initial Responses, True Venture Management objects to Interrogatory No. 4 as overly broad, unduly burdensome, and not proportionate to the needs of

the case because it calls for the identification of all facts and documents that support True Venture Management's denial.

Subject to and without waiving the forgoing objections, True Venture Management responds as follows: Paragraph 120 contains legal conclusions to which no factual response is required. *See Guifu Li v. A Perfect Franchise, Inc.*, No. 2011 WL 2971046, at *3 (N.D. Cal. July 21, 2011).

To the extent that the allegations in Paragraph 120 are viewed as factual allegations to which a response is required, with respect to the first and second sentences of Paragraph 120, True Venture Management denies that Dr. Sharma is a "True Venture employee" and that "[h]e received a salary and carried interest in the True Venture Funds that invested in Zymergen" because the Second Amended Complaint interchangeably uses the defined term "True Venture" or "True Ventures" to refer to True Venture Management, L.L.C. and/or all True Ventures entities named as defendants in this action. Further responding, True Venture Management states that Dr. Sharma is not an employee of any of True Ventures IV, L.P., True Ventures Select I, L.P., True Ventures Select II, L.P., True Ventures Select III, L.P., or True Ventures Select IV, L.P., ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇, and therefore he did not receive a "salary" from any of those entities. Further responding, True Venture Management states that Dr. Sharma is an employee of True Venture Management and that he received a salary from True Venture Management. Further responding, while Dr. Sharma is an employee of True Venture Management, this employment has always been separate and apart from his role as a Zymergen Board Member and independent of his duties to Zymergen.

Further responding, True Venture Management denies the allegation in the third sentence of Paragraph 120 because it is a false assertion. Further responding, the Interrogatory is asking for "facts and documents" supporting a denial of a false claim, which does not make sense because there are not documents to support a non-existent fact, nor are there facts to support a conclusion that is wrong because it lacks a factual basis or support. For this reason, True Venture Management's denial of the allegation in the third sentence of Paragraph 120 is based on the

CONFIDENTIAL

*absence* of any "facts and documents" to support such control. Further responding, the Interrogatory impermissibly seeks information from True Venture Management on a question as to which Plaintiff bears the burden of proof. Further responding, True Venture Management states that the following, non-exhaustive list of documents produced in this litigation support its denial of the allegation in the third sentence of Paragraph 120: ZYMERGEN_NDCAL_000747192; TV00016375; and TV00004738. True Venture Management reserves its right to identify further record evidence that supports True Venture Management's contention that True Ventures did not control Dr. Sharma's activities as a Zymergen Board member including, but not limited to, by responding to Plaintiffs' characterizations of the record evidence.

**INTERROGATORY NO. 5:**

To the extent that your Answer denies the allegations in Paragraph 129 of the Second Amended Complaint, identify all facts and documents supporting your denials.

**RESPONSE TO INTERROGATORY NO. 5:**

In addition to the General Objections, Objections to Definitions, and Objections to Instructions above, True Venture Management objects to Interrogatory No. 5 as overly broad, unduly burdensome, and not proportionate to the needs of the case because it calls for the identification of all facts and documents that support True Venture Management's denial.

Subject to and without waiving the foregoing objections, True Venture Management responds as follows: Paragraph 129 states a legal conclusion, to which no factual response is required. *See Guifu Li v. A Perfect Franchise, Inc.*, No. 2011 WL 2971046, at *3 (N.D. Cal. July 21, 2011).

To the extent that the allegations in Paragraph 129 are viewed as factual allegations to which a response is required, True Venture Management denies the allegations in Paragraph 129 because they contain false assertions. True Venture Management further refers Plaintiffs to True Venture Management's response to Interrogatory No. 4. Further responding, Dr. Sharma's activities as a Zymergen Board member were for the benefit of Zymergen and its shareholders,

- 16 -

GOODWIN PROCTER LLP
ATTORNEYS AT LAW

CONFIDENTIAL

and Dr. Sharma was accountable to Zymergen and its shareholders. Further responding, the Interrogatory is asking for "facts and documents" supporting a denial of a false claim, which does not make sense because there are not documents to support a non-existent fact, nor are there facts to support a conclusion that is wrong because it lacks a factual basis or support. For this reason, True Venture Management's denial of the allegations in Paragraph 129 is based on the *absence* of any "facts and documents" to support the contrary claim that any action taken by Dr. Sharma in his capacity as a Zymergen Board member was taken at the direction of True Ventures, as opposed to in the exercise of his judgment and authority as a Zymergen Board member. Further responding, the Interrogatory impermissibly seeks information from True Venture Management on a question as to which Plaintiff bears the burden of proof, and True Venture Management reserves its right to identify record evidence that supports True Venture Management's contention that any action taken by Dr. Sharma in his capacity as a Zymergen Board member was taken in the exercise of his judgment and authority as a Zymergen Board member including, but not limited to, by responding to Plaintiffs' characterizations of the record evidence.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 5:**

In addition to the General Objections, Objections to Definitions, and Objections to Instructions above, and the General Objections, Objections to Definitions, and Objections to Instructions in True Venture Management's initial Responses, True Venture Management objects to Interrogatory No. 5 as overly broad, unduly burdensome, and not proportionate to the needs of the case because it calls for the identification of all facts and documents that support True Venture Management's denial.

Subject to and without waiving the foregoing objections, True Venture Management responds as follows: Paragraph 129 states a legal conclusion, to which no factual response is required. *See Guifu Li v. A Perfect Franchise, Inc.*, No. 2011 WL 2971046, at *3 (N.D. Cal. July 21, 2011).

To the extent that the allegations in Paragraph 129 are viewed as factual allegations to which a response is required, with respect to the second and third sentences of Paragraph 129,

- 17 -

CONFIDENTIAL

True Venture Management denies that Dr. Sharma was an "employee[] or agent[] of the Controlling Stockholders" and further denies that Dr. Sharma was an "employee[] of the . . . True Venture Defendants," because the Second Amended Complaint uses the defined terms "Controlling Stockholders" and "True Venture Defendants" to refer to all of the True Ventures entities named as defendants in this action. Further responding, True Venture Management states that Dr. Sharma is not an employee or agent of any of True Ventures IV, L.P., True Ventures Select I, L.P., True Ventures Select II, L.P., True Ventures Select III, L.P., or True Ventures Select IV, L.P., ███████████████████████████. Further responding, True Venture Management states that Dr. Sharma is an employee of True Venture Management. Further responding, while Dr. Sharma is an employee of True Venture Management, this employment has always been separate and apart from his role as a Zymergen Board Member and independent of his duties to Zymergen.

Further responding, True Venture Management denies the allegations in Paragraph 129 because they contain false assertions. Further responding, Dr. Sharma's activities as a Zymergen Board member were for the benefit of Zymergen and its shareholders, and Dr. Sharma was accountable to Zymergen and its shareholders. Further responding, the Interrogatory is asking for "facts and documents" supporting a denial of a false claim, which does not make sense because there are not documents to support a non-existent fact, nor are there facts to support a conclusion that is wrong because it lacks a factual basis or support. For this reason, True Venture Management's denial of the allegations in Paragraph 129 is based on the *absence* of any "facts and documents" to support the contrary claim that any action taken by Dr. Sharma in his capacity as a Zymergen Board member was taken at the direction of True Ventures, as opposed to in the exercise of his judgment and authority as a Zymergen Board member. Further responding, the Interrogatory impermissibly seeks information from True Venture Management on a question as to which Plaintiff bears the burden of proof, and True Venture Management reserves its right to identify record evidence that supports True Venture Management's contention that any action taken by Dr. Sharma in his capacity as a Zymergen Board member was taken in the exercise of

- 18 -

his judgment and authority as a Zymergen Board member including, but not limited to, by responding to Plaintiffs' characterizations of the record evidence.

**INTERROGATORY NO. 6:**

For each person identified in response to Interrogatory No. 2, if such person received a copy of the First Amended Complaint, identify the date on which such person first received a copy of the First Amended Complaint.

**RESPONSE TO INTERROGATORY NO. 6:**

In addition to the General Objections, Objections to Definitions, and Objections to Instructions above, True Venture Management incorporates its objections to Interrogatory No. 2 above.

Subject to and without waiving the foregoing objections, True Venture Management responds as follows: Dr. Sharma became aware of the First Amended Complaint on or about the date that it was served on his counsel, and the date that copies of the First Amendment Complaint and other documents served in this case were provided to him in his capacity as a then-Zymergen Board member who was sued in that capacity. Further responding, upon inquiry, True Venture Management believes that certain other individuals identified in response to Interrogatory No. 2, who have never been Zymergen Board members, also may have received a copy of the First Amended Complaint on or about this same date. Further responding, upon inquiry, True Venture Management states that, during the period from February 24, 2022, through May 25, 2022, none of the individuals identified in response to Interrogatory No. 2 even considered, much less understood, that Plaintiff made a purported "mistake" in failing to name True Venture Management as a defendant in the First Amended Complaint.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 6:**

In addition to the General Objections, Objections to Definitions, and Objections to Instructions above, and the General Objections, Objections to Definitions, and Objections to Instructions in True Venture Management's initial Responses, True Venture Management incorporates its objections to Interrogatory No. 2 above.

GOODWIN PROCTER LLP
ATTORNEYS AT LAW

TRUE VENTURE MANAGEMENT'S SUPPLEMENTAL RESPONSES & OBJECTIONS TO LEAD PLAINTIFF'S FIRST SET OF ROGS

CASE NO. 5:21-CV-06028-PCP

CONFIDENTIAL

Subject to and without waiving the foregoing objections, True Venture Management responds as follows: Dr. Sharma became aware of the First Amended Complaint on or about the date that it was served on his counsel on or about February 25, 2022, and the date that copies of the First Amendment Complaint and other documents served in this case were provided to him in his capacity as a then-Zymergen Board member who was sued in that capacity. Further responding, upon inquiry, True Venture Management believes that certain other individuals identified in response to Interrogatory No. 2, ███████████████████████ ███████████, who have never been Zymergen Board members, also may have received a copy of the First Amended Complaint on or about this same date. Further responding, upon inquiry, True Venture Management states that, during the period from February 24, 2022, through May 25, 2022, none of the individuals identified in response to Interrogatory No. 2 even considered, much less understood, that Plaintiff made a purported "mistake" in failing to name True Venture Management as a defendant in the First Amended Complaint.

**INTERROGATORY NO. 7:**

For each person identified in response to Interrogatory No. 2, if such person was notified or otherwise became aware of any claim contained in the First Amended Complaint, identify the date on which such person was first notified or otherwise became aware of any claim contained in the First Amended Complaint.

**RESPONSE TO INTERROGATORY NO. 7:**

In addition to the General Objections, Objections to Definitions, and Objections to Instructions above, True Venture Management incorporates its objections to Interrogatory No. 2 above. Additionally, True Venture Management objects to the term "otherwise became aware" as vague and ambiguous.

Subject to and without waiving the foregoing objections, True Venture Management responds as follows: Dr. Sharma ████████████████████████████████████ ████████████████████████████ on or about February 25, 2022, as this information was conveyed to him in his capacity as a then-Zymergen Board member who was sued in that

- 20 -

CONFIDENTIAL

1  capacity. Further responding, upon inquiry, True Venture Management believes that certain other
2  individuals identified in response to Interrogatory No. 2 who have never been Zymergen Board
3  members, ▮
4  ▮. Further responding, upon inquiry, True
5  Venture Management states that, during the period from February 24, 2022, through May 25,
6  2022, none of the individuals identified in response to Interrogatory No. 2 even considered, much
7  less understood, that Plaintiff made a purported "mistake" in failing to name True Venture
8  Management as a defendant in the First Amended Complaint.

9  <u>**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 7:**</u>

10  In addition to the General Objections, Objections to Definitions, and Objections to
11  Instructions above, and the General Objections, Objections to Definitions, and Objections to
12  Instructions in True Venture Management's initial Responses, True Venture Management
13  incorporates its objections to Interrogatory No. 2 above. Additionally, True Venture Management
14  objects to the term "otherwise became aware" as vague and ambiguous.

15  Subject to and without waiving the foregoing objections, True Venture Management
16  responds as follows: Dr. Sharma ▮
17  ▮ on or about February 25, 2022, as this information was
18  conveyed to him in his capacity as a then-Zymergen Board member who was sued in that
19  capacity. Further responding, upon inquiry, True Venture Management believes that certain other
20  individuals identified in response to Interrogatory No. 2, including ▮
21  ▮, who have never been Zymergen Board members, ▮
22  ▮
23  on or about this same date. Further responding, upon inquiry, True Venture Management states
24  that, during the period from February 24, 2022, through May 25, 2022, none of the individuals
25  identified in response to Interrogatory No. 2 even considered, much less understood, that Plaintiff
26  made a purported "mistake" in failing to name True Venture Management as a defendant in the
27  First Amended Complaint.

TRUE VENTURE MANAGEMENT'S SUPPLEMENTAL RESPONSES &
OBJECTIONS TO LEAD PLAINTIFF'S FIRST SET OF ROGS

CASE NO. 5:21-CV-06028-PCP

GOODWIN PROCTER LLP
ATTORNEYS AT LAW

Dated: February 21, 2025

By: /s/ *Jonathan A. Shapiro*
JONATHAN A. SHAPIRO (SBN 257199)
*JShapiro@goodwinlaw.com*
**GOODWIN PROCTER LLP**
525 Market Street, Floor 32
San Francisco, California 94105

DANIEL ROESER (pro hac vice)
*DRoeser@goodwinlaw.com*
VALERIE A. HAGGANS (pro hac vice)
*VHaggans@goodwinlaw.com*
**GOODWIN PROCTER LLP**
The New York Times Building
620 8th Avenue
New York, New York 10018

SYLVIA EWALD (SBN 300267)
*SEwald@goodwinlaw.com*
**GOODWIN PROCTER LLP**
520 Broadway, Suite 500
Santa Monica, California 90401

Attorneys for Defendants
TRUE VENTURES IV, L.P.; TRUE VENTURES SELECT I, L.P.; TRUE VENTURES SELECT II, L.P.; TRUE VENTURES SELECT III, L.P.; TRUE VENTURES SELECT IV, L.P.; and TRUE VENTURE MANAGEMENT, L.L.C.

TRUE VENTURE MANAGEMENT'S SUPPLEMENTAL RESPONSES & OBJECTIONS TO LEAD PLAINTIFF'S FIRST SET OF ROGS

CASE NO. 5:21-CV-06028-PCP

GOODWIN PROCTER LLP
ATTORNEYS AT LAW

CONFIDENTIAL

## **VERIFICATION**

I, Jim Stewart, am a partner and chief operating officer of True Ventures. I am authorized to make this verification for and on behalf of True Venture Management, L.L.C. I have read True Venture Management, L.L.C.'s Supplemental Responses and Objections to Lead Plaintiffs First Set of Interrogatories, and know the contents of the document. I hereby verify, upon information and belief, that the matters stated therein are true and correct.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct to the best of my knowledge and belief.

Executed this 21st day of February 2025, in Palo Alto, California.

True Venture Management, L.L.C.

*/s/ James G. Stewart*

James G. Stewart
Chief Operating Officer
True Ventures

CONFIDENTIAL