# EXHIBIT 6

| | |
|---|---|
| 1 | JONATHAN A SHAPIRO (SBN 257199) |
| | JShapiro@goodwinlaw.com |
| 2 | **GOODWIN PROCTER LLP** |
| | 525 Market Street |
| 3 | San Francisco, California 94111 |
| | Tel. +1 415 733 6000 |
| 4 | Fax: +1 415 677 9041 |
| 5 | Attorneys for Defendants |
| | TRUE VENTURES IV, L.P.; TRUE VENTURES SELECT I, |
| 6 | L.P.; TRUE VENTURES SELECT II, L.P.; TRUE |
| | VENTURES SELECT III, L.P.; TRUE VENTURES SELECT |
| 7 | IV, L.P.; AND TRUE VENTURE MANAGEMENT, L.L.C. |
| 8 | [Additional Counsel Listed On Signature Page] |

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| BIAO WANG, Individually and On Behalf of All Others Similarly Situated, | Case No. 5:21-cv-06028-PCP |
| Plaintiffs, | **TRUE VENTURES IV, L.P.'S RESPONSES AND OBJECTIONS TO LEAD PLAINTIFF'S FIRST SET OF INTERROGATORIES** |
| v. | |
| ZYMERGEN, INC., ET AL, | **CONFIDENTIAL** - Subject to Dec. 4, 2024 Amended Stipulated Protective Order |
| Defendants. | |

impose a requirement for True Ventures IV to answer an Interrogatory beyond the requirements set forth by the Federal Rules of Civil Procedure 26, 33, 34, and 37 and Civil Local Rule 33. Specifically, True Ventures IV objects to the requirement for True Ventures IV to "(iii) the name and last known address of each person who prepared or participated in the preparation of the document(s); (iv) the name and last known address of each addressee or other person to whom the document(s), or any part thereof, was or were sent or to whom the document(s) or its/their contents, or any part thereof, was or were disclosed; (v) the name and last known address of any person not covered by items (iii) and (iv) of this Instruction No. 12 who had possession, custody, or control of the document(s) or a copy thereof."

8. True Ventures IV objects to Instruction No. 13 on the grounds that it is overbroad, unduly burdensome, and not proportionate to the needs of the case to the extent that it purports to require True Ventures IV to "state all facts"; "identify all persons"; "identify all communications"; and "identify all documents." True Ventures IV further objects to this Instruction as it purports to seek information subject to the attorney client privilege, work product doctrine, or other applicable privilege or reason for non-disclosure in that it seeks "all communications" and "all documents."

### SPECIFIC OBJECTIONS AND RESPONSES TO REQUESTS

True Ventures IV incorporates by reference the above General Objections, Objections to Definitions, and Objections to Instructions in each of its Specific Objections and Responses to Interrogatories below.

**INTERROGATORY NO. 1:**

For the period from December 1, 2020 through to April 22, 2021, separately for each of True Ventures IV, L.P. and True Venture Partners IV, L.L.C., identify each Partner, General Partner, Authorized Person, Managing Member, Member, Chairman, President, Vice President, Director, Secretary, General Counsel, Officer, and employee, and specify their capacity as such. For any person that has been identified that has multiple capacities, each capacity must be stated.

**RESPONSE TO INTERROGATORY NO. 1:**

In addition to the General Objections, Objections to Definitions, and Objections to

GOODWIN PROCTER LLP
ATTORNEYS AT LAW

TRUE VENTURES IV, L.P.'S RESPONSES & OBJECTIONS TO LEAD
PLAINTIFF'S FIRST SET OF ROGS

CASE NO. 5:21-cv-06028-PCP

CONFIDENTIAL

| | |
|---|---|
| 1 | Instructions above, True Ventures IV objects to Interrogatory No. 1 as it is overly broad, unduly |
| 2 | burdensome, and not proportionate to the needs of the case because it calls for the identification |
| 3 | of all personnel in True Ventures IV's entire organization, including persons not relevant to the |
| 4 | claims or defenses in this action. Additionally, True Ventures IV objects to the term "Authorized |
| 5 | Person" as vague and ambiguous. |
| 6 | Subject to and without waiving the foregoing objections, True Ventures IV responds as |
| 7 | follows: For the period from December 1, 2020, through April 22, 2021, True Ventures IV ███ |
| 8 | ████████████████████████████████████████████████████████████████████ |
| 9 | ████████████████████████████████████████████████████████████████████ |
| 10 | ████████████████████████████████████████████████████████████████ |
| 11 | ████████████████████████. Further responding, True Ventures IV notes that ████ |
| 12 | ████████████████████████████████████████████████████████████████████ |
| 13 | ████████████████████████████████████████████████████████████ |
| 14 | ████████████████████████████████████████████████████████████████ |
| 15 | ████████████████████████████████████████████████████████████████████ |
| 16 | ████████████████████████████████████████████████████████████████████ |
| 17 | ████████████████████████████████████████████████████████████ |
| 18 | ████ Further responding, ████████████████████████████████████████ |
| 19 | ████████████████████████████████████████████████████████████ |
| 20 | ██████████████████████████████████████████████████████████ |
| 21 | ████████████████████████████████████████████████████████████ |
| 22 | ████████████████████████████████████████████████████████████████ |
| 23 | ████████████████████████████████████████████████████████████████ |
| 24 | ████████████████████████████████████████████████████████████ |
| 25 | **INTERROGATORY NO. 2:** |
| 26 | For the period from February 24, 2022 through to May 25, 2022, separately for each of |
| 27 | True Ventures IV, L.P. and True Venture Partners IV, L.L.C., identify each Partner, General |
| 28 | Partner, Authorized Person, Managing Member, Member, Chairman, President, Vice President, |

1  Director, Secretary, General Counsel, Officer, employee, and Legal Agent, and specify their
2  capacity as such. For any person that has been identified that has multiple capacities, each capacity
3  must be stated.

4  **RESPONSE TO INTERROGATORY NO. 2:**

5      In addition to the General Objections, Objections to Definitions, and Objections to
6  Instructions above, True Ventures IV objects to Interrogatory No. 2 as it is overly broad, unduly
7  burdensome, and not proportionate to the needs of the case because it calls for the identification of
8  all personnel in True Ventures IV's entire organization, including persons not relevant to the claims
9  or defenses in this action. Additionally, True Ventures IV objects to the term "Authorized Person"
10 as vague and ambiguous.

11     Subject to and without waiving the foregoing objections, True Ventures IV responds as
12 follows: For the period from February 24, 2022, through May 25, 2022, True Ventures IV ▮
13 ▮
14 ▮
15 ▮
16 ▮. Further responding, True Ventures IV notes that ▮
17 ▮
18 ▮
19 ▮
20 ▮
21 ▮
22 ▮ Further
23 responding, True Ventures IV notes that ▮
24 ▮
25 ▮
26 ▮
27 ▮
28

GOODWIN PROCTER LLP
ATTORNEYS AT LAW

- 10 -

TRUE VENTURES IV, L.P.'S RESPONSES & OBJECTIONS TO LEAD
PLAINTIFF'S FIRST SET OF ROGS

CASE NO. 5:21-cv-06028-PCP

CONFIDENTIAL

███████████████████████████████████
█████████████████████████████

**INTERROGATORY NO. 3:**

To the extent that your Answer denies the allegations in Paragraph 78 of the Second Amended Complaint, identify all facts and documents supporting your denials.

**RESPONSE TO INTERROGATORY NO. 3:**

In addition to the General Objections, Objections to Definitions, and Objections to Instructions above, True Ventures IV objects to Interrogatory No. 3 as overly broad, unduly burdensome, and not proportionate to the needs of the case because it calls for the identification of all facts and documents that support True Ventures IV's denial.

Subject to and without waiving the foregoing objections, True Ventures IV responds as follows: Paragraph 78 states a legal conclusion, to which no factual response is required. *See Guifu Li v. A Perfect Franchise, Inc.*, No. 2011 WL 2971046, at *3 (N.D. Cal. July 21, 2011).

To the extent that the allegation in Paragraph 78 is viewed as a factual allegation to which a response is required, True Ventures IV denies the allegation in Paragraph 78 because it is a false assertion. There was no possession or exercise of control over Zymergen by True Ventures IV, including over Zymergen's day-to-day management and operations, over Zymergen's IPO, or over the contents of Zymergen's Registration Statement. Further responding, the Interrogatory is asking for "facts and documents" supporting a denial of a false claim, which does not make sense because there are not documents to support a non-existent fact, nor are there facts to support a conclusion that is wrong because it lacks a factual basis or support. For this reason, True Ventures IV's denial of the allegation in Paragraph 78 is based on the *absence* of any "facts and documents" to support such control. Further responding, the Interrogatory impermissibly seeks information from True Ventures IV on a question as to which Plaintiff bears the burden of proof, and True Ventures IV reserves its right to identify record evidence that supports True Ventures IV's contention that there was no possession or exercise of control over Zymergen by True Ventures IV including, but not limited to, by responding to Plaintiffs' characterizations of the record evidence.

GOODWIN PROCTER LLP
ATTORNEYS AT LAW

- 11 -

TRUE VENTURES IV, L.P.'S RESPONSES & OBJECTIONS TO LEAD
PLAINTIFF'S FIRST SET OF ROGS

CASE NO. 5:21-CV-06028-PCP

CONFIDENTIAL

**INTERROGATORY NO. 4:**

To the extent that your Answer denies the allegations in Paragraph 120 of the Second Amended Complaint, identify all facts and documents supporting your denials.

**RESPONSE TO INTERROGATORY NO. 4:**

In addition to the General Objections, Objections to Definitions, and Objections to Instructions above, True Ventures IV objects to Interrogatory No. 4 as overly broad, unduly burdensome, and not proportionate to the needs of the case because it calls for the identification of all facts and documents that support True Ventures IV's denial.

Subject to and without waiving the forgoing objections, True Ventures IV responds as follows: Paragraph 120 contains legal conclusions to which no factual response is required. *See Guifu Li v. A Perfect Franchise, Inc.*, No. 2011 WL 2971046, at *3 (N.D. Cal. July 21, 2011).

To the extent that the allegations in Paragraph 120 are viewed as factual allegations to which a response is required, True Ventures IV denies certain allegations in Paragraph 120 because they contain false assertions. Dr. Sharma ████████████████████████████████████████████████████████████. He is not an employee of True Ventures IV, and does not have an employer-employee relationship with True Ventures IV. True Ventures IV therefore did not control Dr. Sharma through an employer-employee relationship or by providing a salary to work in the interest of True Ventures IV. Further responding, the Interrogatory is asking for "facts and documents" supporting a denial of a false claim, which does not make sense because there are not documents to support a non-existent fact, nor are there facts to support a conclusion that is wrong because it lacks a factual basis or support. For this reason, True Ventures IV's denial of certain allegations in Paragraph 120 is based on the *absence* of any "facts and documents" to support such control. Further responding, the Interrogatory impermissibly seeks information from True Ventures IV on a question as to which Plaintiff bears the burden of proof, and True Ventures IV reserves its right to identify record evidence that supports True Ventures IV's contention that True Ventures IV did not control Dr. Sharma's activities as a Zymergen Board member including, but not limited to, by responding to Plaintiffs' characterizations of the record evidence.

GOODWIN PROCTER LLP
ATTORNEYS AT LAW

TRUE VENTURES IV, L.P.'S RESPONSES & OBJECTIONS TO LEAD PLAINTIFF'S FIRST SET OF ROGS

CASE NO. 5:21-CV-06028-PCP

CONFIDENTIAL

**INTERROGATORY NO. 5:**

To the extent that your Answer denies the allegations in Paragraph 129 of the Second Amended Complaint, identify all facts and documents supporting your denials.

**RESPONSE TO INTERROGATORY NO. 5:**

In addition to the General Objections, Objections to Definitions, and Objections to Instructions above, True Ventures IV objects to Interrogatory No. 5 as overly broad, unduly burdensome, and not proportionate to the needs of the case because it calls for the identification of all facts and documents that support True Ventures IV's denial.

Subject to and without waiving the foregoing objections, True Ventures IV responds as follows: Paragraph 129 states a legal conclusion, to which no factual response is required. *See Guifu Li v. A Perfect Franchise, Inc.*, No. 2011 WL 2971046, at *3 (N.D. Cal. July 21, 2011).

To the extent that the allegations in Paragraph 129 are viewed as factual allegations to which a response is required, True Ventures IV denies the allegations in Paragraph 129 because they contain false assertions. True Ventures IV further refers Plaintiffs to True Ventures IV's response to Interrogatory No. 4. Further responding, Dr. Sharma's activities as a Zymergen Board member were for the benefit of Zymergen and its shareholders, and Dr. Sharma was accountable to Zymergen and its shareholders. Further responding, the Interrogatory is asking for "facts and documents" supporting a denial of a false claim, which does not make sense because there are not documents to support a non-existent fact, nor are there facts to support a conclusion that is wrong because it lacks a factual basis or support. For this reason, True Ventures IV's denial of the allegations in Paragraph 129 is based on the *absence* of any "facts and documents" to support the contrary claim that any action taken by Dr. Sharma in his capacity as a Zymergen Board member was taken at the direction of True Ventures, as opposed to in the exercise of his judgment and authority as a Zymergen Board member. Further responding, the Interrogatory impermissibly seeks information from True Ventures IV on a question as to which Plaintiff bears the burden of proof, and True Ventures IV reserves its right to identify record evidence that supports True Ventures IV's contention that any action taken by Dr. Sharma in his capacity as a Zymergen Board member was taken in the exercise of his judgment and authority as a Zymergen

CONFIDENTIAL

Board member including, but not limited to, by responding to Plaintiffs' characterizations of the record evidence.

Dated: January 30, 2025

By: /s/ *Jonathan A. Shapiro*
JONATHAN A. SHAPIRO (SBN 257199)
*JShapiro@goodwinlaw.com*
**GOODWIN PROCTER LLP**
525 Market Street
San Francisco, California 94105

DAN ROESER (pro hoc vice)
*DRoeser@goodwinlaw.com*
VALERIE A. HAGGANS (pro hoc vice)
*VHaggans@goodwinlaw.com*
**GOODWIN PROCTER LLP**
The New York Times Building
New York, New York 10018

Attorneys for Defendants
TRUE VENTURES IV, L.P.; TRUE VENTURES SELECT I, L.P.; TRUE VENTURES SELECT II, L.P.; TRUE VENTURES SELECT III, L.P.; TRUE VENTURES SELECT IV, L.P.; and TRUE VENTURE MANAGEMENT, L.L.C.

GOODWIN PROCTER LLP
ATTORNEYS AT LAW

# VERIFICATION

I, Jim Stewart, am a partner and chief operating officer of True Ventures. I am authorized to make this verification for and on behalf of True Ventures IV, L.P. I have read True Ventures IV, L.P.'s Responses and Objections to Lead Plaintiffs First Set of Interrogatories, and know the contents of the document. I hereby verify, upon information and belief, that the matters stated therein are true and correct.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct to the best of my knowledge and belief.

Executed this 30th day of January 2025, in Palo Alto, California.

True Ventures IV, L.P.

By: True Venture Partners IV, L.L.C.
Its: General Partner

By: _____
Name: James G. Stewart
Title: Chief Operating Officer