# EXHIBIT 9

1  JONATHAN A SHAPIRO (SBN 257199)
   *JShapiro@goodwinlaw.com*
2  **GOODWIN PROCTER LLP**
   525 Market Street
3  San Francisco, California  94111
   Tel. +1 415 733 6000
4  Fax: +1 415 677 9041

5  Attorneys for Defendants
   TRUE VENTURES IV, L.P.; TRUE VENTURES SELECT I,
6  L.P.; TRUE VENTURES SELECT II, L.P.; TRUE
   VENTURES SELECT III, L.P.; TRUE VENTURES SELECT
7  IV, L.P.; AND TRUE VENTURE MANAGEMENT, L.L.C.

8  [Additional Counsel Listed On Signature Page]

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| BIAO WANG, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>ZYMERGEN, INC., ET AL,<br><br>Defendants. | Case No. 5:21-cv-06028-PCP<br><br>**TRUE VENTURES SELECT III, L.P.'S RESPONSES AND OBJECTIONS TO LEAD PLAINTIFF'S FIRST SET OF INTERROGATORIES**<br><br><u>CONFIDENTIAL</u> - Subject to Dec. 4, 2024 Amended Stipulated Protective Order |

**INTERROGATORY NO. 1:**

For the period from December 1, 2020 through to April 22, 2021, separately for each of True Ventures Select III, L.P. and True Venture Partners Select III, L.L.C., identify each Partner, General Partner, Authorized Person, Managing Member, Member, Chairman, President, Vice President, Director, Secretary, General Counsel, Officer, and employee, and specify their capacity as such. For any person that has been identified that has multiple capacities, each capacity must be stated.

**RESPONSE TO INTERROGATORY NO. 1:**

In addition to the General Objections, Objections to Definitions, and Objections to Instructions above, True Ventures Select III objects to Interrogatory No. 1 as it is overly broad, unduly burdensome, and not proportionate to the needs of the case because it calls for the identification of all personnel in True Ventures Select III's entire organization, including persons not relevant to the claims or defenses in this action. Additionally, True Ventures Select III objects to the term "Authorized Person" as vague and ambiguous.

Subject to and without waiving the foregoing objections, True Ventures Select III responds as follows: For the period from December 1, 2020, through April 22, 2021, True Ventures Select III ████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████. Further responding, True Ventures Select III notes that ████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████

Further responding, True Ventures Select III notes that ████████████████

- 9 -

1 ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

2 ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

3 ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

4 ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

5 ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

6 ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

7 ▓▓▓

**INTERROGATORY NO. 2:**

For the period from February 24, 2022 through to May 25, 2022, separately for each of True Ventures Select III, L.P. and True Venture Partners Select III, L.L.C., identify each Partner, General Partner, Authorized Person, Managing Member, Member, Chairman, President, Vice President, Director, Secretary, General Counsel, Officer, employee, and Legal Agent, and specify their capacity as such. For any person that has been identified that has multiple capacities, each capacity must be stated.

**RESPONSE TO INTERROGATORY NO. 2:**

In addition to the General Objections, Objections to Definitions, and Objections to Instructions above, True Ventures Select III objects to Interrogatory No. 2 as it is overly broad, unduly burdensome, and not proportionate to the needs of the case because it calls for the identification of all personnel in True Ventures Select III's entire organization, including persons not relevant to the claims or defenses in this action. Additionally, True Ventures Select III objects to the term "Authorized Person" as vague and ambiguous.

Subject to and without waiving the foregoing objections, True Ventures Select III responds as follows: For the period from February 24, 2022, through May 25, 2022, True Ventures Select III ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓. Further responding, True Ventures Select III notes that ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

1 ████████████████████████████████████████████████
2 ████████████████████████████████████████████████
3 ████████████████████████████████████████████████
4 ████████████████████████████████████████████████
5 ████████████████████████████████████████████████
6 ████████ Further responding, True Ventures Select III notes that ████
7 ████████████████████████████████████████████████
8 ████████████████████████████████████████████████
9 ████████████████████████████████████████████████
10 ████████████████████████████████████████████████
11 ████████████████████████████████████████████████
12 ████████████████████████████████████████████████
13 ████

**INTERROGATORY NO. 3:**

To the extent that your Answer denies the allegations in Paragraph 78 of the Second Amended Complaint, identify all facts and documents supporting your denials.

**RESPONSE TO INTERROGATORY NO. 3:**

In addition to the General Objections, Objections to Definitions, and Objections to Instructions above, True Ventures Select III objects to Interrogatory No. 3 as overly broad, unduly burdensome, and not proportionate to the needs of the case because it calls for the identification of all facts and documents that support True Ventures Select III's denial.

Subject to and without waiving the foregoing objections, True Ventures Select III responds as follows: Paragraph 78 states a legal conclusion, to which no factual response is required. *See Guifu Li v. A Perfect Franchise, Inc.*, No. 2011 WL 2971046, at *3 (N.D. Cal. July 21, 2011).

To the extent that the allegation in Paragraph 78 is viewed as a factual allegation to which a response is required, True Ventures Select III denies the allegation in Paragraph 78 because it is a false assertion. There was no possession or exercise of control over Zymergen by True

- 11 -

TRUE VENTURES SELECT III, L.P.'S RESPONSES & OBJECTIONS TO LEAD PLAINTIFF'S FIRST SET OF ROGS    CASE NO. 5:21-CV-06028-PCP

CONFIDENTIAL

GOODWIN PROCTER LLP
ATTORNEYS AT LAW

Ventures Select III, including over Zymergen's day-to-day management and operations, over Zymergen's IPO, or over the contents of Zymergen's Registration Statement. Further responding, the Interrogatory is asking for "facts and documents" supporting a denial of a false claim, which does not make sense because there are not documents to support a non-existent fact, nor are there facts to support a conclusion that is wrong because it lacks a factual basis or support. For this reason, True Ventures Select III's denial of the allegation in Paragraph 78 is based on the *absence* of any "facts and documents" to support such control. Further responding, the Interrogatory impermissibly seeks information from True Ventures Select III on a question as to which Plaintiff bears the burden of proof, and True Ventures Select III reserves its right to identify record evidence that supports True Ventures Select III's contention that there was no possession or exercise of control over Zymergen by True Ventures Select III including, but not limited to, by responding to Plaintiffs' characterizations of the record evidence.

**INTERROGATORY NO. 4:**

To the extent that your Answer denies the allegations in Paragraph 120 of the Second Amended Complaint, identify all facts and documents supporting your denials.

**RESPONSE TO INTERROGATORY NO. 4:**

In addition to the General Objections, Objections to Definitions, and Objections to Instructions above, True Ventures Select III objects to Interrogatory No. 4 as overly broad, unduly burdensome, and not proportionate to the needs of the case because it calls for the identification of all facts and documents that support True Ventures Select III's denial.

Subject to and without waiving the forgoing objections, True Ventures Select III responds as follows: Paragraph 120 contains legal conclusions to which no factual response is required. *See Guifu Li v. A Perfect Franchise, Inc.*, No. 2011 WL 2971046, at *3 (N.D. Cal. July 21, 2011).

To the extent that the allegations in Paragraph 120 are viewed as factual allegations to which a response is required, True Ventures Select III denies certain allegations in Paragraph 120 because they contain false assertions. Dr. Sharma ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. He is not an employee of True Ventures Select III, and does not have an employer-employee relationship with True Ventures

Select III. True Ventures Select III therefore did not control Dr. Sharma through an employer-employee relationship or by providing a salary to work in the interest of True Ventures Select III. Further responding, the Interrogatory is asking for "facts and documents" supporting a denial of a false claim, which does not make sense because there are not documents to support a non-existent fact, nor are there facts to support a conclusion that is wrong because it lacks a factual basis or support. For this reason, True Ventures Select III's denial of certain allegations in Paragraph 120 is based on the *absence* of any "facts and documents" to support such control. Further responding, the Interrogatory impermissibly seeks information from True Ventures Select III on a question as to which Plaintiff bears the burden of proof, and True Ventures Select III reserves its right to identify record evidence that supports True Ventures Select III's contention that True Ventures Select III did not control Dr. Sharma's activities as a Zymergen Board member including, but not limited to, by responding to Plaintiffs' characterizations of the record evidence.

**INTERROGATORY NO. 5:**

To the extent that your Answer denies the allegations in Paragraph 129 of the Second Amended Complaint, identify all facts and documents supporting your denials.

**RESPONSE TO INTERROGATORY NO. 5:**

In addition to the General Objections, Objections to Definitions, and Objections to Instructions above, True Ventures Select III objects to Interrogatory No. 5 as overly broad, unduly burdensome, and not proportionate to the needs of the case because it calls for the identification of all facts and documents that support True Ventures Select III's denial.

Subject to and without waiving the foregoing objections, True Ventures Select II responds as follows: Paragraph 129 states a legal conclusion, to which no factual response is required. *See Guifu Li v. A Perfect Franchise, Inc.*, No. 2011 WL 2971046, at *3 (N.D. Cal. July 21, 2011).

To the extent that the allegations in Paragraph 129 are viewed as factual allegations to which a response is required, True Ventures Select III denies the allegations in Paragraph 129 because they contain false assertions. True Ventures Select III further refers Plaintiffs to True Ventures Select III's response to Interrogatory No. 4. Further responding, Dr. Sharma's activities as a Zymergen Board member were for the benefit of Zymergen and its shareholders, and Dr.

Sharma was accountable to Zymergen and its shareholders. Further responding, the Interrogatory is asking for "facts and documents" supporting a denial of a false claim, which does not make sense because there are not documents to support a non-existent fact, nor are there facts to support a conclusion that is wrong because it lacks a factual basis or support. For this reason, True Ventures Select III's denial of the allegations in Paragraph 129 is based on the *absence* of any "facts and documents" to support the contrary claim that any action taken by Dr. Sharma in his capacity as a Zymergen Board member was taken at the direction of True Ventures, as opposed to in the exercise of his judgment and authority as a Zymergen Board member. Further responding, the Interrogatory impermissibly seeks information from True Ventures Select III on a question as to which Plaintiff bears the burden of proof, and True Ventures Select III reserves its right to identify record evidence that supports True Ventures Select III's contention that any action taken by Dr. Sharma in his capacity as a Zymergen Board member was taken in the exercise of his judgment and authority as a Zymergen Board member including, but not limited to, by responding to Plaintiffs' characterizations of the record evidence.

Dated: January 30, 2025

|   |   |
|---|---|
| 1 | By: */s/ Jonathan A. Shapiro* |
| 2 | JONATHAN A. SHAPIRO (SBN 257199) |
|   | *JShapiro@goodwinlaw.com* |
| 3 | **GOODWIN PROCTER LLP** |
|   | 525 Market Street |
| 4 | San Francisco, California 94105 |
| 5 | DAN ROESER (pro hoc vice) |
|   | *DRoeser@goodwinlaw.com* |
| 6 | VALERIE A. HAGGANS (pro hoc vice) |
|   | *VHaggans@goodwinlaw.com* |
| 7 | **GOODWIN PROCTER LLP** |
|   | The New York Times Building |
| 8 | New York, New York 10018 |
| 9 | Attorneys for Defendants |
| 10 | TRUE VENTURES IV, L.P.; TRUE VENTURES SELECT I, L.P.; TRUE VENTURES SELECT II, L.P.; TRUE VENTURES SELECT III, L.P.; TRUE VENTURES SELECT IV, L.P.; and TRUE VENTURE MANAGEMENT, L.L.C. |

CONFIDENTIAL

# VERIFICATION

I, Jim Stewart, am a partner and chief operating officer of True Ventures. I am authorized to make this verification for and on behalf of True Ventures Select III, L.P. I have read True Ventures Select III, L.P.'s Responses and Objections to Lead Plaintiffs First Set of Interrogatories, and know the contents of the document. I hereby verify, upon information and belief, that the matters stated therein are true and correct.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct to the best of my knowledge and belief.

Executed this 30th day of January 2025, in Palo Alto, California.

True Ventures Select III, L.P.

By: True Venture Partners Select III, L.L.C.
Its: General Partner

By: /s/ James G. Stewart
Name: James G. Stewart
Title: Chief Operating Officer

GOODWIN PROCTER LLP
ATTORNEYS AT LAW

CONFIDENTIAL