# EXHIBIT 13

GIBSON, DUNN & CRUTCHER LLP
MICHAEL D. CELIO, SBN 197998
   MCelio@gibsondunn.com
ZANETA J. KIM, SBN 317844
   ZKim@gibsondunn.com
310 University Avenue
Palo Alto, California 94301-1744
Telephone: 650.849.5300
Facsimile: 650.849.5333

GIBSON, DUNN & CRUTCHER LLP
MICHAEL J. KAHN, SBN 303289
   MJKahn@gibsondunn.com
One Embarcadero Center, Suite 2600
San Francisco, California 94111-3715
Telephone: 415.393.8200
Facsimile: 415.393.8306

*Attorneys for DCVC Defendants*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| BIAO WANG, Individually and on Behalf of All Others Similarly Situated,<br><br>    Plaintiffs,<br><br>  v.<br><br>ZYMERGEN INC., et al.,<br><br>    Defendant. | CASE NO. 5:21-cv-06028-PCP<br><br>**DEFENDANT DCVC MANAGEMENT CO, LLC'S RESPONSES AND OBJECTIONS TO LEAD PLAINTIFF'S FIRST SET OF INTERROGATORIES**<br><br>**CONFIDENTIAL** |

**PROPOUNDING PARTIES:**     LEAD PLAINTIFF BIAO WANG AND PLAINTIFF WEST PALM BEACH FIREFIGHTERS' PENSION FUND

**RESPONDING PARTIES:**     DEFENDANT DCVC MANAGEMENT CO, LLC

**SET NUMBER:**     ONE

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, defendant DCVC Management Co, LLC ("Defendant"), by and through its attorneys, hereby responds and objects to Lead Plaintiff's First Set of Interrogatories to DCVC Management Co, LLC (the "Interrogatories") served by plaintiffs Biao Wang and West Palm Beach Firefighters' Pension Fund, ("Plaintiffs" and together with Defendant, the "Parties") on December 31, 2024. The following responses and objections are designated Confidential pursuant to the Parties' Amended Stipulated Protective Order entered on December 4, 2024, Dkt. 446.

## PRELIMINARY STATEMENT

These responses are made solely for the purpose of, and in relation to, this action. Defendant has not completed Defendant's investigation of the facts relating to this case and has not completed preparation for trial in this matter. Further, Plaintiffs have failed to respond adequately to Defendant's discovery requests to date and expert discovery is not yet complete. Thus, Defendant has an incomplete record of relevant documents, responses, and facts with which to answer these Interrogatories. These responses are based upon discovery conducted as of this date and information presently available to and located by Defendant. Defendant expressly reserves the right to supplement these responses and to assert any additional objections or responses to the Interrogatories deemed necessary or appropriate in light of any new facts, further review of documents, meet and confer conferences, informal discovery conferences, motions to compel further responses, or expert reports. Each response is given subject to all appropriate objections (including, but not necessarily limited to, objections concerning privilege, competency, relevancy, materiality, propriety, and admissibility). All objections are reserved and may be interposed at any time. Defendant's responses and objections are made without waiving or intending to waive, but instead preserving or intending to preserve, the right to question the competency, relevancy, materiality, privilege, and use as evidence for any purpose of the sought-after information in any subsequent proceeding or in the trial in this or any other action. No incidental or implied admissions are intended by the responses provided herein. The fact that Defendant has responded or objected to all or part of any Interrogatory is not intended to be and shall not be construed to be a waiver of all or any part of any objection or privilege applicable to any Interrogatory, an admission of any fact stated or assumed in the Interrogatory, or an admission that any information contained therein

2

Gibson, Dunn & Crutcher LLP

DEFENDANT DCVC MANAGEMENT CO, LLC'S RESPONSES AND OBJECTIONS TO LEAD PLAINTIFF'S FIRST SET OF INTERROGATORIES
CASE NO. 5:21-CV-06028-PCP

constitutes admissible evidence. In furnishing the responses herein, Defendant does not concede the truth of any factual assertion or implication contained in any of the Interrogatories.

**GENERAL OBJECTIONS**

The following general objections ("General Objections") are continuing objections that are incorporated into each and every one of the specific objections and responses set forth below, whether or not specifically referred to in the responses, and these responses are made subject to and without waiver thereof. From time to time, a specific response may repeat a General Objection for emphasis or some other reason. The failure to include a General Objection in any specific response shall not be interpreted as a waiver of such objection.

1. Defendant objects to each Interrogatory to the extent it purports to impose obligations upon Defendant greater than or inconsistent with those allowed by the Federal Rules of Civil Procedure, the Local Rules of this Court, the standing orders of this Court, any order entered in or applicable to this action, or any other applicable law or rule.

2. Defendant objects to each Interrogatory to the extent that it seeks information protected by the attorney-client privilege, the work product doctrine, the joint defense privilege, the common-interest privilege, or any other applicable privilege or immunities. To the extent that an Interrogatory may be construed as seeking such privileged or protected information or documents, Defendant hereby claims such privileges and invokes such protections.

3. Defendant objects to each Interrogatory to the extent that it seeks confidential and/or proprietary documents or competitively sensitive information, including trade secrets. Defendant further objects to each Interrogatory to the extent that it seeks documents or information that Defendant is restricted from disclosing by law, contract, confidentiality agreement, or order. Defendant's responses to these Interrogatories are subject to the applicable terms of the stipulated protective order entered in this action.

4. Defendant objects to each and every Interrogatory to the extent that it seeks information that is publicly available or equally available to Plaintiffs from sources other than Defendant, including Plaintiffs, other named defendants, or third parties.

5. Defendant objects to each and every Interrogatory to the extent it seeks information that is not within the Defendant's possession, custody, or control.

6. Defendant objects to each and every Interrogatory to the extent that it is vague and ambiguous as to the specific information sought, and on the ground and to the extent that it is overbroad, compound, disjunctive, duplicative, unduly burdensome, and/or oppressive, and calls for documents and information outside of the relevant time period or subject matter for this litigation. Defendant will respond to any vague or ambiguous Interrogatory based on its reasonable interpretation of such Interrogatory.

7. Defendant objects to each and every Interrogatory to the extent that it calls for speculation or legal conclusions. Any response by Defendant to an Interrogatory or any indication that Defendant will provide a response to a particular Interrogatory is not intended to indicate that Defendant agrees with the characterization of facts and events set forth in the Interrogatory. To the contrary, Defendant expressly objects to each and every Interrogatory to the extent that it relies on definitions that are based on factual premises that are inaccurate or incomplete, or purport to incorporate individuals and entities that are not readily identifiable.

8. Defendant objects to each and every Interrogatory to the extent that it seeks information concerning Plaintiffs' secondary liability claims against DCVC based on *respondeat superior* and/or Defendant's alleged control of Matt Ocko as those claims have been dismissed from this action. *See* Dkt. 395; Dkt. 460 ("[T]here will be no further discovery, motions practice, or merits questions involving DCVC's liability under Section 11."); *In re German Auto. Mfrs. Antitrust Litig.*, 335 F.R.D. 407, 409 (N.D. Cal. 2020) ("Supreme Court and Ninth Circuit precedent prevents this Court from allowing discovery related to dismissed claims."); *In re Clorox Co. Sec. Litig.*, 238 F. Supp. 2d 1139, 1143 (N.D. Cal. 2002) (denying discovery into allegations that were already dismissed).

**OBJECTIONS TO DEFINITIONS**

1. Defendant objects to the definitions incorporated in the Interrogatories as unduly burdensome to the extent that they impose any requirement or discovery obligation other than or beyond that set forth in the Federal Rules of Civil Procedure, the Local Rules of this Court, or any other applicable rules.

2. Defendant objects to the definitions contained in the Interrogatories to the extent they purport to define words or phrases to have a meaning different from their commonly understood meaning, or to include more than their commonly understood definitions. Defendant will interpret any objectionable definition by using its commonly understood meaning.

3. Defendant objects to the definition of "Identify" to the extent it seeks to impose an obligation on Defendant to identify the authors or recipients of any Document beyond what is on the face of the Document or readily available in Document metadata.

4. Defendant objects to the definition of "Registration Statement" as vague, ambiguous, and unduly burdensome. Defendant will interpret "Registration Statement" to mean the prospectus on Form424B4 filed by Zymergen on April 23, 2021.

5. Defendant objects to the definition of "you" or "your" on the ground that it is unduly burdensome to the extent it seeks to impose an obligation on Defendant to conduct an inquiry to determine its "parents, predecessors, other affiliates, successors, or subsidiaries, including officers, directors, employees, partners, agents, consultants, or any other person acting or purporting to act on behalf of such entities." Defendant will interpret "you" or "your" to refer to DCVC Management Co, LLC.

6. Defendant objects to the definition of "Zymergen" or the "Company" on the ground that it is unduly burdensome to the extent it seeks to impose an obligation on Defendant to conduct an inquiry to determine any entity's "direct or indirect subsidiaries, divisions, affiliates, predecessors, successors, present and former officers, directors, employees, agents, accountants, and advisors, and all other persons (defined below) acting, purporting to act, and/or authorized to act on its behalf." Defendant will interpret "Zymergen" and "Company" to mean Zymergen, Inc. and any employee or director that Defendant knows to be acting on behalf of Zymergen.

## OBJECTIONS TO INSTRUCTIONS

1. Defendant objects to the Instructions to the extent they purport to impose an ongoing obligation on Defendant not required by applicable law.

2. Defendant objects to the Instructions as unduly burdensome to the extent that they impose any requirement or discovery obligation other than or beyond that set forth in the Federal Rules of Civil Procedure, the Local Rules of this Court, or any other applicable rules.

3. Defendant objects to the Instructions to the extent they seek the identification of "all information" or "all documents," or a variation of any phrase requesting "all," concerning a particular subject on the grounds that Defendant could not possibly represent that their responses reflect or include "all" potentially responsive information located anywhere within their possession, custody, or control, as that would require Defendant to conduct an unreasonably broad search. Defendant objects to performing searches and providing responses of such breadth on the grounds of undue burden and expense.

4. Defendant specifically objects to Instructions 6, 7, and 11 to the extent that they seek to impose discovery obligations on Defendant that exceed or are inconsistent with the Federal Rules of Civil Procedure, the Local Rules, the Standing Orders of this Court, and/or any other applicable rules, statutes, or agreements. To the extent that information protected by the attorney-client privilege, the attorney work-product doctrine, and/or any other applicable privileges, protections, or immunities is withheld from Defendant's responses to the Interrogatories, Defendant will follow the requirements set forth in the Federal Rules of Civil Procedure, the Local Rules, and the Standing Orders of this Court.

5. Defendant specifically objects to Instruction 12 as unduly burdensome and disproportionate to the needs of the case to the extent that it purports to require Defendant to account for any Document(s) that "has or have been destroyed or discarded or otherwise are not capable of being produced." In responding to the Interrogatories, Defendant will comply with its obligations under the Federal Rules of Civil Procedure, the Local Rules of this Court, and any other applicable rules.

6. Defendant specifically objects to Instruction 13 as overbroad and unduly burdensome. Defendant will provide only responsive information specifically requested by the Interrogatories.

7. Defendant specifically objects to Instruction 14 to the extent it imposes any continuing duty to supplement or provide further responses, or otherwise seeks to impose on Defendant discovery obligations exceeding or inconsistent with the scope of the Federal Rules of Civil Procedure, the Local

Gibson, Dunn & Crutcher LLP

Rules, and/or the Standing Orders of this Court. Defendant reserves the right to revise, supplement, withdraw, or modify its response in accordance with the Federal Rules of Civil Procedure and Local Rules.

## SPECIFIC OBJECTIONS AND RESPONSES

**INTERROGATORY NO. 1:**

For the period from December 1, 2020 through to April 22, 2021, for DCVC Management Co, LLC, identify each Partner, General Partner, Authorized Person, Managing Member, Member, Chairman, President, Vice President, Director, Secretary, General Counsel, Officer, and employee, and specify their capacity as such. For any person that has been identified that has multiple capacities, each capacity must be stated.

**RESPONSE TO INTERROGATORY NO. 1:**

Defendant incorporates by reference its General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein. Defendant objects to this Interrogatory as vague, overbroad, and ambiguous as to its use of undefined terms "Partner," "General Partner," "Authorized Person," "Managing Member," "Member," "Chairman," "President," "Vice President," "Director," "Secretary," "General Counsel," and "Officer." Defendant further objects to this Interrogatory as overbroad and unduly burdensome on the ground that it requires Defendant to identify every change in its personnel in a five-month period. Defendant further objects to this Interrogatory to the extent it seeks information concerning Plaintiffs' Section 15 claim as well as the secondary liability claims based on *respondeat superior* against Data Collective II, L.P., DCVC Opportunity Fund, L.P., and DCVC Management Co, LLC ("DCVC Defendants" or "DCVC") based on their alleged control of Matt Ocko, which have been dismissed from this action. *See* Dkt. 395; *see also* Dkt. 460 ("[T]here will be no further discovery, motions practice, or merits questions involving DCVC's liability under Section 11."); *In re German Auto. Mfrs. Antitrust Litig.*, 335 F.R.D. 407, 409 (N.D. Cal. 2020) ("Supreme Court and Ninth Circuit precedent prevents this Court from allowing discovery related to dismissed claims."); *In re Clorox Co. Sec. Litig.*, 238 F. Supp. 2d 1139, 1143 (N.D. Cal. 2002) (denying discovery into allegations that were already dismissed). Defendant further objects to this request as impermissibly compound as it requires Defendant to answer two different questions in a single request.

Gibson, Dunn & Crutcher LLP

Subject to the foregoing general and specific objections, and reserving all rights to amend or supplement the response to Interrogatory No. 1, Defendant responds as follows: DCVC Management Co, LLC had the following personnel as of April 15, 2021:

- ███████████████████████████████
- ███████████████████
- ████████████████████████████████
- ██████████
- █████████████████████
- ████████████████
- ██████████████████████████
- ███████████████
- █████████████████████
- █████████████████████████████████
- ██████████████████████
- ████████████████████████████
- ████████████████████
- █████████████████████████████
- █████████████████████████████████
- ██████████████████████
- ████████████████
- ██████████████████████████
- █████████████████
- ██████████████
- ███████████████
- █████████████████

Gibson, Dunn &
Crutcher LLP

**INTERROGATORY NO. 2:**

For the period from February 24, 2022 through to May 25, 2022, for DCVC Management Co, LLC, identify each Partner, General Partner, Authorized Person, Managing Member, Member, Chairman, President, Vice President, Director, Secretary, General Counsel, Officer, employee, and Legal Agent, and specify their capacity as such. For any person that has been identified that has multiple capacities, each capacity must be stated.

**RESPONSE TO INTERROGATORY NO. 2:**

Defendant incorporates by reference its General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein. Defendant objects to this Interrogatory as vague, overbroad, and ambiguous as to its use of undefined terms "Partner," "General Partner," "Authorized Person," "Managing Member," "Member," "Chairman," "President," "Vice President," "Director," "Secretary," "General Counsel," and "Officer." Defendant further objects to this Interrogatory as seeking irrelevant information, overbroad, and unduly burdensome on the ground that it requires Defendant to identify every change in its personnel in a three-month period, and to the extent it seeks information that has no bearing on (1) Plaintiffs' claim that Defendant controlled Zymergen *at the time of its IPO* or (2) Plaintiffs' purported mistake in failing to name DCVC Management Co, LLC as a defendant in the first amended complaint filed February 24, 2022, Dkt. 78. Defendant further objects to this Interrogatory to the extent it seeks information concerning Plaintiffs' Section 15 claim as well as the secondary liability claims based on *respondeat superior* against DCVC Defendants based on their alleged control of Matt Ocko, which have been dismissed from this action. *See* Dkt. 395; *see also* Dkt. 460 ("[T]here will be no further discovery, motions practice, or merits questions involving DCVC's liability under Section 11."); *In re German Auto. Mfrs. Antitrust Litig.*, 335 F.R.D. 407, 409 (N.D. Cal. 2020) ("Supreme Court and Ninth Circuit precedent prevents this Court from allowing discovery related to dismissed claims."); *In re Clorox Co. Sec. Litig.*, 238 F. Supp. 2d 1139, 1143 (N.D. Cal. 2002) (denying discovery into allegations that were already dismissed). Defendant further objects to this request as impermissibly compound as it requires Defendant to answer two different questions in a single request.

Gibson, Dunn & Crutcher LLP

**INTERROGATORY NO. 3:**

To the extent that your Answer denies the allegations in Paragraph 78 of the Second Amended Complaint, identify all facts and documents supporting your denials.

**RESPONSE TO INTERROGATORY NO. 3:**

Defendant incorporates by reference its General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein. Defendant objects to this Interrogatory because it seeks Defendant's contentions on issues for which it does not bear the burden of proof; it is Plaintiffs who are alleging that Defendant "controlled" Zymergen, not Defendant. Defendant will provide evidence refuting Plaintiffs' contentions in this action at summary judgment, trial, or other time and manner as required by the applicable sections of the Federal Rules of Civil Procedure, or any other laws, rules, or orders that may apply to this action. In addition, Defendant objects to this Interrogatory on the ground that it has already stated the reasons why Defendant cannot be said to have "controlled" Zymergen in its motion to dismiss filed on April 4, 2024, Dkt. 371. Defendant additionally objects to this Interrogatory on the basis that it is not a properly formed contention interrogatory because it asks Defendant to "prove a negative" by refuting Plaintiffs' allegations. Defendant further objects to this Interrogatory as it calls for legal conclusions and attorney work product regarding what does and does not establish "control." Defendant further objects to this Interrogatory as overbroad and unduly burdensome on the ground that it requires Defendant to identify all reasons and facts as to why it did not control Zymergen. Defendant further objects to this Interrogatory to the extent it seeks information that is the subject of expert discovery, which has not yet occurred. Defendant reserves its right to supplement any response, including based on any opinions and/or testimony by an expert witness.

Subject to the foregoing general and specific objections, and reserving all rights to amend or supplement the response to Interrogatory No. 3, Defendant responds as follows: Defendant did not control Zymergen. Defendant had no ownership stake in Zymergen. Defendant was not a party to the agreements that Plaintiffs allege support their control claims against other defendants. *See, e.g.*, DCVC_0004001; DCVC_0003967. Defendant did not have the power to compel Zymergen to take (or refrain from taking) any actions. Defendant neither ran the day-to-day affairs of Zymergen, nor dictated Zymergen's business decisions. Matthew Ocko, the co-founder of DCVC, was one of the nine

Gibson, Dunn & Crutcher LLP

DEFENDANT DCVC MANAGEMENT CO, LLC'S RESPONSES AND OBJECTIONS TO LEAD PLAINTIFF'S
FIRST SET OF INTERROGATORIES
CASE NO. 5:21-CV-06028-PCP

members of Zymergen's board of directors. However, as the Court held in its order regarding Defendant's motion to dismiss the SAC, Dkt. 395, Mr. Ocko did not operate as an agent of Defendant, and Mr. Ocko's actions and knowledge cannot be imputed to Defendant. In any event, Mr. Ocko did not control Zymergen either. Mr. Ocko diligently performed his fiduciary obligations as an independent Zymergen board member, including regularly attending board meetings, requesting information from Zymergen's corporate officers, and exercising oversight of corporate decision-making. Mr. Ocko did not control the management of Zymergen. ▮▮▮▮▮▮▮▮

[Lines 8–21 redacted]

**INTERROGATORY NO. 4:**

To the extent that your Answer denies the allegations in Paragraph 121 of the Second Amended Complaint, identify all facts and documents supporting your denials.

**RESPONSE TO INTERROGATORY NO. 4:**

Defendant incorporates by reference its General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein. Defendant objects to this Interrogatory because

11

DEFENDANT DCVC MANAGEMENT CO, LLC'S RESPONSES AND OBJECTIONS TO LEAD PLAINTIFF'S
FIRST SET OF INTERROGATORIES
CASE NO. 5:21-CV-06028-PCP

Gibson, Dunn &
Crutcher LLP

it seeks information concerning claims that have been dismissed from this action. *See* Dkt. 395. The Court dismissed Plaintiffs' Section 15 claim against Defendant "to the extent it was premised on Mr. Ocko" as well as Plaintiffs' Section 11 claims under a theory of *respondeat superior*. Dkt. 460. The court has made clear that Defendant is "out" of this case on Plaintiffs' Section 15 theory that DCVC controlled Mr. Ocko and that "there is no live allegation that DCVC is liable for any underlying Section 11 violations." Dkt 445. Consistent with "Supreme Court and Ninth Circuit precedent [that] prevents . . . discovery related to dismissed claims," *In re German Auto. Mfrs. Antitrust Litig.*, 335 F.R.D. 407, 409 (N.D. Cal. 2020), *see also In re Clorox Co. Sec. Litig.*, 238 F. Supp. 2d 1139, 1143 (N.D. Cal. 2002) (denying discovery into allegations that were already dismissed), the Court in this action has ordered that "there will be no further discovery, motions practice, or merits questions involving DCVC's liability under Section 11" and, by implication, Plaintiffs' Section 15 claim against DCVC "to the extent it was premised on Mr. Ocko." *See* Dkt. 460.

### INTERROGATORY NO. 5:

To the extent that your Answer denies the allegations in Paragraph 129 of the Second Amended Complaint, identify all facts and documents supporting your denials.

### RESPONSE TO INTERROGATORY NO. 5:

Defendant incorporates by reference its General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein. Defendant objects to this Interrogatory because it seeks information concerning claims that have been dismissed from this action. *See* Dkt. 395. The Court dismissed Plaintiffs' Section 15 claim against Defendant "to the extent it was premised on Mr. Ocko" as well as Plaintiffs' Section 11 claims under a theory of *respondeat superior*. Dkt. 460. The court has made clear that Defendant is "out" of this case on Plaintiffs' Section 15 theory that DCVC controlled Mr. Ocko and that "there is no live allegation that DCVC is liable for any underlying Section 11 violations." Dkt 445. Consistent with "Supreme Court and Ninth Circuit precedent [that] prevents . . . discovery related to dismissed claims," *In re German Auto. Mfrs. Antitrust Litig.*, 335 F.R.D. 407, 409 (N.D. Cal. 2020), *see also In re Clorox Co. Sec. Litig.*, 238 F. Supp. 2d 1139, 1143 (N.D. Cal. 2002) (denying discovery into allegations that were already dismissed), the Court in this action has

Gibson, Dunn & Crutcher LLP

ordered that "there will be no further discovery, motions practice, or merits questions involving DCVC's liability under Section 11" and, by implication, Plaintiffs' Section 15 claim against DCVC "to the extent it was premised on Mr. Ocko." *See* Dkt. 460.

**INTERROGATORY NO. 6:**

For each person identified in response to Interrogatory No. 2, if such person received a copy of the First Amended Complaint, identify the date on which such person first received a copy of the First Amended Complaint.

**RESPONSE TO INTERROGATORY NO. 6:**

Defendant incorporates by reference its General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein. Defendant objects to this Interrogatory as seeking irrelevant information, overbroad, and unduly burdensome on the ground that it seeks information that has no bearing on Plaintiffs' claim that Defendant controlled Zymergen *at the time of its IPO*. Defendant understands this Interrogatory to seek information related to Plaintiffs' purported mistake in failing to name DCVC Management Co, LLC as a defendant in the first amended complaint filed February 24, 2022, Dkt. 78, and specifically when DCVC Management Co, LLC received notice of the First Amended Complaint. This Interrogatory seeks information beyond what is needed to answer that question, and Defendant thus objects to this Interrogatory as overbroad and unduly burdensome.

Subject to the foregoing general and specific objections, and reserving all rights to amend or supplement the response to Interrogatory No. 6, Defendant responds as follows: Matthew A. Ocko, Co-Founder and Managing Partner of DCVC Management Co, LLC, and Spencer C. Punter, Partner and Chief Operating Officer of DCVC Management Co, LLC, received a copy of the first amended complaint on February 25, 2022.

**INTERROGATORY NO. 7:**

For each person identified in response to Interrogatory No. 2, if such person was notified or otherwise became aware of any claim contained in the First Amended Complaint, identify the date on which such person was first notified or otherwise became aware of any claim contained in the First Amended Complaint.

**RESPONSE TO INTERROGATORY NO. 7:**

Defendant incorporates by reference its General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein. Defendant objects to this Interrogatory as seeking irrelevant information, overbroad, and unduly burdensome on the ground that it seeks information that has no bearing on Plaintiffs' claim that Defendant controlled Zymergen at the time of its IPO. Defendant understands this Interrogatory to seek information related to Plaintiffs' purported mistake in failing to name DCVC Management Co, LLC as a defendant in the first amended complaint filed February 24, 2022, Dkt. 78, and specifically when DCVC Management Co, LLC received notice of the First Amended Complaint. This Interrogatory seeks information beyond what is needed to answer that question, and Defendant thus objects to this Interrogatory as overbroad and unduly burdensome.

Subject to the foregoing general and specific objections, and reserving all rights to amend or supplement the response to Interrogatory No. 7, Defendant responds as follows: Matthew A. Ocko, Co-Founder and Managing Partner of DCVC Management Co, LLC, and Spencer C. Punter, Partner and Chief Operating Officer of DCVC Management Co, LLC, received a copy of the first amended complaint on February 25, 2022.

DATED: January 30, 2025

GIBSON, DUNN & CRUTCHER LLP

By: */s/ Michael D. Celio*
    Michael D. Celio
    Michael J. Kahn

*Attorneys for Defendant Data Collective II, L.P., DCVC Opportunity Fund, L.P., and DCVC Management Co, LLC*

# VERIFICATION

I, Spencer Punter, Partner and Chief Operating Officer of DCVC Management Co, LLC, have read the foregoing interrogatories and the answers to those interrogatories. I declare under penalty of perjury that the factual assertions in the following responses are true and correct according to the best of my knowledge, information, and belief: Response to Interrogatory No. 1, Paragraph 2; Response to Interrogatory No. 3, Paragraph 2; Response to Interrogatory No. 6, Paragraph 2; and Response to Interrogatory No. 7, Paragraph 2.

Executed this 30th day of January, 2025, at Palo Alto, California.

_____
Spencer Punter

15

DEFENDANT DCVC MANAGEMENT CO, LLC'S RESPONSES AND OBJECTIONS TO LEAD PLAINTIFF'S FIRST SET OF INTERROGATORIES
CASE NO. 5:21-CV-06028-PCP

# PROOF OF SERVICE

I, Molly O'Neil, declare as follows:

I am employed in the County of Santa Clara, State of California. I am over the age of eighteen years and am not a party to this action; my business address is 310 University Avenue, Palo Alto, California 94301-1744, in said County and State. On January 30, 2025, I served the following document(s):

**DEFENDANT DCVC MANAGEMENT CO, LLC'S RESPONSES AND OBJECTIONS TO LEAD PLAINTIFF'S FIRST SET OF INTERROGATORIES**

on the parties stated below, by the following means of service:

[*See Service List on Following Page(s)*]

☒ **BY ELECTRONIC SERVICE**: On the above-mentioned date, based on a court order or an agreement of the parties to accept service by electronic transmission, I caused the document(s) to be sent to the persons at the electronic notification addresses as shown on the service list attached. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on January 30, 2025.

                                                  */s/ Molly O'Neil*
                                                   Molly O'Neil

Gibson, Dunn & Crutcher LLP

16

DEFENDANT DCVC MANAGEMENT CO, LLC'S RESPONSES AND OBJECTIONS TO LEAD PLAINTIFF'S FIRST SET OF INTERROGATORIES
CASE NO. 5:21-CV-06028-PCP

| | |
|---|---|
| Counsel for Lead Plaintiff Biao Wang<br>**ROBBINS GELLER RUDMAN & DOWD LLP**<br><br>Daniel S. Myers<br>Jennifer N. Caringal<br>Shawn A. Williams<br>Daniel J. Pfefferbaum<br>Alaina L. Gilchrist<br>Juan Carlos Sanchez<br>Patton L. Johnson<br>Michael Albert | dmyers@rgrdlaw.com<br>Jcaringal@rgrdlaw.com<br>shawnw@rgrdlaw.com<br>dpfefferbaum@rgrdlaw.com<br>agilchrist@rgrdlaw.com<br>jsanchez@rgrdlaw.com<br>pjohnson@rgrdlaw.com<br>malbert@rgrdlaw.com |
| Board Counsel for Plaintiff West Palm Beach Firefighters' Pension Fund<br>**KLAUSNER, KAUFMAN, JENSEN & LEVINSON**<br><br>Robert D. Klausner<br>Bonni S. Jensen | bob@robertdklausner.com<br>bonni@robertdklausner.com |
| Counsel for Plaintiffs West Palm Beach Firefighters' Pension Fund<br>**BERMAN TABACCO**<br><br>Nicole Lavallee<br>Kristin J. Moody<br>Jeffrey V. Rocha<br>Leslie R. Stern | nlavallee@bermantabacco.com<br>kmoody@bermantabacco.com<br>jrocha@bermantabacco.com<br>lstern@bermantabacco.com |
| Counsel for Plaintiff Hariram Shankar<br>**GLANCY PRONGAY & MURRAY LLP**<br><br>Charles Henry Linehan<br>Robert Vincent Prongay<br>Pavithra Rajesh | clinehan@glancylaw.com<br>rprongay@glancylaw.com<br>prajesh@glancylaw.com |
| Counsel for Zymergen and Director Defendants<br>**WILMER CUTLER PICKERING HALE AND DORR LLP**<br><br>Susan S. Muck<br>Kevin P. Muck<br>Peter J. Kolovos<br>Erika Schutzman<br>Gian P. Gualco-Nelson<br>Beth E. Brookwalter<br>Jeremy T. Adler<br>Jocelyn Marie Keider<br>Jessica L. Lewis<br>Christopher William Johnstone | susan.muck@wilmerhale.com<br>kevin.muck@wilmerhale.com<br>peter.kolovos@wilmerhale.com<br>erika.schutzman@wilmerhale.com<br>gian.gualco-nelson@wilmerhale.com<br>beth.bookwalter@wilmerhale.com<br>jeremy.adler@wilmerhale.com<br>jocelyn.keider@wilmerhale.com<br>jessica.lewis@wilmerhale.com<br>chris.johnstone@wilmerhale.com |
| Counsel for Underwriter Defendants<br>**MORGAN, LEWIS & BOCKIUS LLP** | |

Gibson, Dunn & Crutcher LLP

DEFENDANT DCVC MANAGEMENT CO, LLC'S RESPONSES AND OBJECTIONS TO LEAD PLAINTIFF'S FIRST SET OF INTERROGATORIES
CASE NO. 5:21-CV-06028-PCP

| | |
|---|---|
| Charlene S. Shimada<br>Kevin M. Papay<br>Alyse J. Rivett<br>Robert H. O'Leary<br>Michael L. Kichline | charlene.shimada@morganlewis.com<br>kevin.papay@morganlewis.com<br>ali.rivett@morganlewis.com<br>bob.oleary@morganlewis.com<br>michael.kichline@morganlewis.com |
| Counsel for Defendant Enakshi Singh<br>**MORRISON & FOERSTER LLP**<br><br>Ryan M. Keats<br>Michael Komorowski<br>Christina Dierolf<br>David J. Wiener<br>Lara McDonough | <br><br><br>rkeats@mofo.com<br>mkomorowski@mofo.com<br>cdierolf@mofo.com<br>dwiener@mofo.com<br>lmcdonough@mofo.com |
| Counsel for Defendant Josh Hoffman<br>**EHRLICH & CRAIG LLP**<br><br>Miles Ehrlich<br>Amy Craig<br>Emily Berry<br>Alexander Setzepfandt | <br><br><br>miles@ehrlich-craig.com<br>amy@ehrlich-craig.com<br>emily@ehrlich-craig.com<br>alex@ehrlich-craig.com |
| Counsel for Defendants SVF Endurance (Cayman) Ltd., SVF Excalibur (Cayman) Ltd., SoftBank Vision Fund (AIV M1) LP and SB Investment Advisers (US) Inc.<br>**QUINN EMANUEL URQUHART & SULLIVAN, LLP**<br><br>Linda Brewer<br>Vicki Parker<br>Harry Olivar | <br><br><br><br><br><br>lindabrewer@quinnemanuel.com<br>vickiparker@quinnemanuel.com<br>harryolivar@quinnemanuel.com |
| Counsel for Defendants True Ventures IV, L.P.; True Ventures Select I, L.P.; True Ventures Select II, L.P.; True Ventures Select III, L.P.; True Ventures Select IV, L.P.; and True Venture Management, L.L.C.<br>**GOODWIN PROCTER LLP**<br><br>Jonathan A. Shapiro<br>Daniel P. Roeser<br>Valerie A. Haggans<br>Nicole Kim | <br><br><br><br><br><br>JShapiro@goodwinlaw.com<br>DRoeser@goodwinlaw.com<br>VHaggans@goodwinlaw.com<br>NicoleKim@goodwinlaw.com |

Gibson, Dunn & Crutcher LLP

18

DEFENDANT DCVC MANAGEMENT CO, LLC'S RESPONSES AND OBJECTIONS TO LEAD PLAINTIFF'S
FIRST SET OF INTERROGATORIES
CASE NO. 5:21-CV-06028-PCP