MORGAN, LEWIS & BOCKIUS LLP
Charlene S. Shimada, Bar No. 91407
charlene.shimada@morganlewis.com
Joseph E. Floren, Bar No. 168292
joseph.floren@morganlewis.com
Kevin M. Papay, Bar No. 274161
kevin.papay@morganlewis.com
Alyse J. Rivett, Bar No. 287989
ali.rivett@morganlewis.com
Robert H. O'Leary, Bar No. 284879
bob.oleary@morganlewis.com
One Market, Spear Street Tower
San Francisco, CA 94105-1596
Tel: +1.415.442.1000

Michael L. Kichline (*Pro Hac Vice*)
michael.kichline@morganlewis.com
2222 Market Street
Philadelphia, PA 19103-3007
Tel: +1.215.963.5000

Attorneys for Defendants
*J.P. Morgan Securities LLC, Goldman Sachs & Co. LLC, Cowen and Company, LLC, BofA Securities, Inc., UBS Securities LLC, and Lazard Frères & Co. LLC*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| BIAO WANG, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>ZYMERGEN, INC., et al.,<br><br>Defendants. | Case No. 5:21-CV-06028-PCP<br><br>**UNDERWRITER DEFENDANTS' OPPOSITION TO LEAD PLAINTIFF'S MOTION FOR LEAVE TO MODIFY THE CASE SCHEDULE**<br><br>Date: July 31, 2025<br>Time: 10:00 a.m.<br>Courtroom 8, 4th Floor |

The Underwriters respectfully submit this Memorandum of Points and Authorities in Opposition to Lead Plaintiff's Motion for Leave to Modify the Case Schedule (the "Motion").[1]

## I. ARGUMENT

Plaintiff's Motion seeks to reopen fact and expert discovery as to the Underwriters based on purported matters that have no connection to the Underwriters. The state court lawsuit brought by the ZYM Liquidating Trust (the "Trust") at the direction of Zymergen's bankruptcy trustee (the "Trust Action") that is the basis of Plaintiff's Motion contains no allegations whatsoever regarding the Underwriters, who are not parties to that suit. *See* Trust Action Complaint (attached as Ex. 1 to the Declaration of Daniel J. Pfefferbaum, ECF No. 557-2). Whatever the arguments may be in Plaintiff's Motion as to the other defendants, it has nothing to do with the Underwriters and fails to demonstrate good cause under Fed. R. Civ. P. 16(b)(4) to support Plaintiff's requests for relief as to the Underwriters.[2] This is so for at least five reasons.

*First*, Plaintiff demands that "each Defendant," including the Underwriters, must supplement or amend its Answer. Mot. at 9. But the Underwriters' Answer reflects their *independent* responses based on their personal knowledge. Both when they filed their Answer and at the present, the admissions and denials in the Underwriters' Answer—including their denial that the Registration Statement was false or misleading—are *not* contingent on the admissions or denials of *other* parties in this action, let alone any allegations by the non-party Trust in the Trust Action.

*Second*, Plaintiff claims that "Defendants' existing discovery responses appear to require supplementation." Mot. at 10. The Motion, however, identifies *no* discovery responses from the

---

[1] The Underwriters are Defendants J.P. Morgan Securities LLC, Goldman Sachs & Co. LLC, Cowen & Company, LLC, BofA Securities, Inc., UBS Securities LLC, and Lazard Frères & Co. LLC. Mindful of the Court's urging that defendants file a joint opposition (which was not feasible in this instance), the Underwriters do not repeat points covered in other defendants' papers, which the Underwriters join to the extent they are applicable.

[2] As the Underwriters stated in their June 25, 2025, written response to Plaintiff's June 18, 2025, letter about this issue—which Plaintiff ignores in his Motion—Plaintiff "ha[s] not provided any legal basis for suggesting that the positions asserted by the Trust could somehow bind the Underwriters." *See* Declaration of Michael L. Kichline ("Kichline Decl."), ¶ 2, Ex. 1. Notwithstanding the Underwriters' request, and despite his burden to do so, Plaintiff offers no legal authority in his Motion for the proposition that the Underwriters are bound by allegations made by the non-party Trust in a separate action to which the Underwriters are not parties.

Underwriters that are contingent in any way on Zymergen's (or any other Defendants') positions regarding the alleged falsity of the challenged statements.

*Third*, Plaintiff contends that "the basis and credibility of each expert opinion appears to be now" in doubt in light of the Trust Action, and thus Plaintiff seeks to depose each expert. Mot. at 11. The request to depose the Underwriters' expert, Gary Lawrence, is baseless, and Plaintiff's suggestion that any portion of Mr. Lawrence's report and opinions are "premised on the accuracy of the Registration Statement" (Mot. at 6) is misleading. As a matter of law, and as stated in Mr. Lawrence's report, the Underwriters' due diligence defense operates *independently* of falsity; it is based on whether the Underwriters had reasonable grounds to believe and did believe *when the Registration Statement became effective* (*i.e.*, at the time of the Zymergen IPO in April 2021, not today) that the challenged statements were true and not misleading. *See* 15 U.S.C. § 77k(b)(3); *In re Software Toolworks Inc.*, 50 F.3d 615, 621 (9th Cir. 1994) ("Underwriters . . . may absolve themselves from liability by establishing a 'due diligence' defense"); Kichline Decl. ¶ 3 (Mr. Lawrence's report states, in relevant part, that "whether an underwriter's due diligence was statutorily reasonable is a separate and distinct question from whether offering documents contain material misstatements and omissions," and he does not "express any opinion regarding the adequacy of the disclosures"). That is to say, it is irrelevant to Mr. Lawrence's opinions supporting the Underwriters' affirmative due diligence defense whether the Trust now contends, four years *after* the IPO, that any of the challenged statements were false or misleading. Notably, Plaintiff had an opportunity to depose Mr. Lawrence about his opinions during expert discovery, and chose *not* to do so. For these reasons, Plaintiff has no good cause to depose Mr. Lawrence "about the allegations in the [Trust Action]," and they certainly lack good cause to depose him now about "[his] opinions" more broadly. Mot. at 14.

*Fourth*, to the extent that Plaintiff raises issues concerning "Zymergen's [alleged] continued withholding (and instructions to other Defendants to withhold) documents on the basis of attorney client and/or work product privilege" (Mot. at 6) and the need to reconsider the Court's earlier ruling on Zymergen's privileges (Mot. at 14-15), those issues have nothing to do with the Underwriters. The Underwriters have not asserted any claims of attorney-client privilege

or work product that are premised on any privilege between Zymergen and its counsel or the Individual Defendants and their counsel.

*Finally*, this action was commenced on August 4, 2021 and discovery began in 2022. Fact discovery and expert discovery closed more than *two years* later, on January 31 and May 30, 2025, respectively, and the discovery schedule has already been extended twice. *See* ECF No. 242; ECF No. 364. Plaintiff has had ample opportunities to explore the bases for (i) the Underwriters' factual and legal contentions and (ii) the opinions of Gary M. Lawrence.[3] The fact that the Trust now alleges in a separate action that the Individual Defendants breached fiduciary duties and misled Zymergen's investors—the sole basis for Plaintiff's Motion—does not justify reopening discovery as to the Underwriters or their expert, nor any of the other relief Plaintiff seeks.

## II. CONCLUSION

For all of these reasons, the Court should deny Plaintiff's motion to the extent that it (i) seeks to reopen fact or expert discovery as to the Underwriters or (ii) seeks an order compelling the Underwriters to supplement or amend their Answer or their discovery responses.

Dated: July 10, 2025

MORGAN, LEWIS & BOCKIUS LLP

By */s/ Joseph E. Floren*
    Joseph E. Floren

Attorneys for Defendants
*J.P. Morgan Securities LLC, Goldman Sachs & Co. LLC, Cowen and Company, LLC, BofA Securities, Inc., UBS Securities LLC, and Lazard Frères & Co. LLC*

---

[3] As described in the other defendants' papers, Plaintiffs elected to depose only one Underwriter witness (in an individual capacity) during the discovery period, in addition to taking limited depositions of certain other defendants.