UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BIAO WANG, et al.,<br><br>            Plaintiffs,<br><br>     v.<br><br>ZYMERGEN INC., et al.,<br><br>            Defendants. | Case No.  21-cv-06028-PCP<br><br>**ORDER RE: MOTIONS TO STAY, MOTION TO REOPEN DISCOVERY, SEALING MOTIONS**<br><br>Dkt. Nos. 553, 554, 555, 557, 561, 564, 566 |

Pending before the Court are five substantive motions that the Court heard on July 31, 2025 and two related sealing motions. At the hearing, the Court orally granted Wilmer Hale's motion to withdraw as counsel for defendant Zymergen Inc. and the ZYM Liquidating Trust's motion to intervene. This order addresses the remaining three motions.

## BACKGROUND

On June 18, 2025, the Ninth Circuit granted the VC defendants Rule 23(f) petition, which relates to this Court's denial of their request that the Court compel plaintiffs to move for class certification as to the VC defendants. In light of the Ninth Circuit's grant of the VC defendants' petition, the VC defendants now seek a stay of the case as it relates to them. The underwriter defendants, joined by the individual defendants, move to stay all proceedings in the case pending the Ninth Circuit's decision on the VC defendants' petition.

Separately, on June 6, 2025, the ZYM Liquidating Trust sued all of the individual defendants in this case but one in California state court. Plaintiffs move to reopen discovery in light of the filing of that lawsuit. Specifically, they seek to re-depose defendants' expert witnesses and request reconsideration of Magistrate Judge van Keulen's February 21, 2025 discovery order. The ZYM Liquidating Trust's intervention is for the sole purpose of opposing plaintiff's motion for reconsideration.

At the Court's hearing on these motions, the Court vacated the August 29, 2025 deadline for dispositive and *Daubert* motions. For the reasons stated herein, the Court grants the VC defendants a limited stay pending appeal, denies the underwriter defendants' motion to stay without prejudice, and grants in limited part plaintiffs' motion to reopen discovery.

## ANALYSIS

**I.   The VC defendants' motion to stay is granted and the underwriter defendants' motion to stay is denied.**

District Courts generally apply a three-factor test when considering a motion to stay proceedings in a case. *See Landis v. North American. Co.*, 299 U.S. 248 (1936). Those factors include (1) the "possible damage which may result from the granting of a stay," (2) "hardship or inequity which a party may suffer in being required to go forward," and (3) whether the interests of justice are served by "the simplifying or complicating of issues, proof, and questions of law" that may result from the stay. *Lockeyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005) (citing *Landis*, 299 U.S. at 268).[1] Applying these factors, the Court concludes that a limited stay only as to the VC defendants is appropriate.

Discovery in this case is essentially complete, with the limited exception carved out below. The only existing case deadline is the deadline for dispositive and Rule 702 motions, which the Court vacated during the July 31 hearing. To avoid one-way intervention problems, the VC defendants generally have a right to know whether they are defending against class or individual claims before moving for or opposing summary judgment.[2] The answer to that question may be affected by the resolution of the VC defendants' 23(f) petition. Accordingly, requiring the VC

---

[1] The Court recognizes that some district courts have applied the standard set forth in *Nken v. Holder*, 556 U.S. 418 (2009), which considers, among other things, the appealing party's likelihood of success on the merits. Because the pending motions to stay primarily implicate the Court's case management authority and the need to promote the "efficient and expedient resolution of [the] case[]," rather than the merits of any judgment or judgment-like order, the Court will apply the *Landis* test. *Hart v. Charter Commc'ns, Inc.*, 2019 WL 7940684, at *4 (C.D. Cal. Aug. 1, 2019) (citing *Dietz v. Bouldin*, 136 S. Ct. 1185, 1892 (2016)).

[2] The Court is aware of only one instance in which a district court denied a motion to stay after a circuit court granted a Rule 23(f) petition. *See Heffner v. Blue Cross & Blue Shield of Alabama,* No. 00-A-900-N, Dkt. No. 234 (N.D. Ala. Nov. 15, 2004).

1    defendants to begin briefing summary judgment while that petition is pending could prejudice the

2    VC defendants' interests. And because discovery is largely complete, any damage to the interests

3    of the plaintiffs in staying proceedings as to the VC defendants will be minimal. The limited

4    extent to which the Court is reopening discovery implicates the VC defendants to a minimal

5    extent, if at all. The Court therefore grants the VC defendants motion to stay the case pending the

6    resolution of their 23(f) appeal or further order from the Ninth Circuit or this Court. This stay is

7    limited only to the extent that the VC defendants must appear at the October 30, 2025 status

8    conference set below.

9    The same analysis does not apply to the underwriter defendants. Plaintiffs' claims against

10   the underwriter and individual defendants have already been certified to proceed on a class basis

11   (without objection from either set of defendants), and the Ninth Circuit's ruling on the VC

12   defendants' Rule 23(f) petition may have no impact on that ruling, given that the primary issue

13   presented is a procedural one specific to the VC defendants. Any burden on the remaining

14   defendants of continuing to litigate this case is limited by the Court's vacatur of the dispositive

15   motion deadline. And while the Court will reopen discovery to a limited extent, the underwriter

16   defendants acknowledged at the hearing that such discovery does not implicate their interests and

17   therefore poses no burden. The underwriters' motion, as joined by the individual defendants, is

18   denied without prejudice.

**II.     The Court grants plaintiffs' motion to reopen discovery for the limited purpose of permitting them to seek reconsideration of Magistrate Judge van Keulen's discovery order.**

21   A party must have "good cause and ... the judge's consent" to seek relief from a scheduling

22   order deadline. Fed. R. Civ. P 16(b)(4). "The good cause standard primarily considers the

23   diligence of the party seeking the amendment." *Kamal v. Eden Creamery, LLC*, 88 F.4th 1268,

24   1277 (9th Cir. 2023) (internal citation removed). Though prejudice to the opposing party is

25   relevant, diligence is Rule 16(b)'s primary focus. *See Johnson v. Mammoth Recreations, Inc.*, 975

26   F.2d 604, 609 (9th Cir. 1992).

27   As confirmed at the Court's July 31 hearing, plaintiffs seek to reopen discovery primarily

28   for two purposes. First, plaintiffs want to depose the defendants' experts in light of the now

1    apparent adversity between Zymergen and the individual defendants. Second, they have filed a
2    motion asking Magistrate Judge van Keulen to reconsider, in light of the new lawsuit against the
3    individual defendants, her February 21, 2025 order overruling plaintiffs' objections to certain
4    assertions of privilege.

5        As an initial matter, the Court concludes that plaintiffs were diligent in seeking leave to
6    amend the case schedule. The impetus for this request was the ZYM Liquidating Trust's June 6,
7    2025 lawsuit in California state court. Plaintiffs filed this motion 20 days after the filing of that
8    lawsuit. Although it was conceivable that plaintiffs could have asked about this adversity earlier in
9    discovery, the parties to that lawsuit remained co-defendants and shared the same counsel until
10   very recently. The June 6 lawsuit clearly signaled to all involved that the defendants' interests had
11   diverged.

12       That said, the Court declines to grant plaintiffs' request to re-depose the expert witnesses.
13   Although the defendants' adversity may be relevant to the validity and strength of the expert
14   witnesses' testimony, at this stage the request is not sufficiently specific or tied to new facts and
15   specific expert opinions to warrant reopening expert discovery. Crucially, plaintiffs do not contend
16   that the new lawsuit has revealed previously unknown facts that are highly relevant to core
17   opinions offered by defendants' experts. To the contrary, many of the allegations in the new state
18   court lawsuit mirror those in plaintiffs' own complaint. The Court therefore denies plaintiffs'
19   request to reopen expert discovery.

20       Conversely, there is good cause to reopen discovery and modify the case schedule to the
21   extent necessary to resolve plaintiffs' pending motion for reconsideration, which is premised on
22   the filing of the June 2025 lawsuit. Permitting plaintiffs to pursue that motion and to review any
23   documents that might be produced should Magistrate Judge van Keulen modify her ruling will
24   impose little burden on the defendants. To the extent that Magistrate Judge van Keulen does so,
25   the parties shall comply with any discovery obligations imposed under the modified order, such as
26   by producing any documents for which defendants' assertion of privilege is rejected. Should
27   plaintiffs seek any further discovery based upon what they learn from any additional productions
28   compelled by Magistrate Judge van Keulen, however, they must seek a further modification of the

4

case schedule. Magistrate Judge van Keulen may authorize such a modification to the extent she deems such a modification reasonable and proportionate to the needs of the case.

### III. The Court denies one sealing motion and grants the other.

Related to the substantive motions discussed above, the parties have also filed two administrative motions to file certain documents under seal.

First, DCVC, True Ventures, and Softbank filed an administrative motion to consider whether material designated as confidential by another party should be sealed pursuant to Civil Local Rule 79-5(f). *See* Dkt. No. 554. The deadline for the designating party to respond to that motion has passed without response. The motion is therefore denied, and the defendants shall file unredacted versions of the provisionally sealed documents to the public docket by August 8, 2025.

Second, the VC defendants filed a motion to seal portions of exhibits filed in support of their own brief in opposition to plaintiffs' motion to modify the case schedule. *See* Dkt. No. 566. The proposed redactions are narrowly tailored and relate to sensitive confidential management practices of the VC defendants. The Court concludes that good cause supports sealing these documents and therefore grants the motion.

### CONCLUSION

For the reasons stated above, the Court grants the VC defendants' motion to stay, denies the underwriter defendants' motion to stay, and grants in part plaintiffs' motion to modify the case schedule to reopen discovery. The Court will hold a further status conference on October 30, 2025 to discuss the status of the Rule 23(f) petition, the status of discovery, and the future case schedule. All parties, including the VC defendants, are ordered to appear at that status conference.

**IT IS SO ORDERED.**

Dated: August 4, 2025

_____
P. Casey Pitts
United States District Judge