ROBBINS GELLER RUDMAN
 & DOWD LLP
SHAWN A. WILLIAMS (213113)
DANIEL J. PFEFFERBAUM (248631)
ALEX N. JILIZIAN (362307)
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA  94104
Telephone:  415/288-4545
415/288-4534 (fax)
shawnw@rgrdlaw.com
dpfefferbaum@rgrdlaw.com
ajilizian@rgrdlaw.com
    – and –
JUAN CARLOS SANCHEZ (301834)
PATTON L. JOHNSON (320631)
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
jsanchez@rgrdlaw.com
pjohnson@rgrdlaw.com

Counsel for Plaintiffs

[Additional counsel appear on signature page.]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| BIAO WANG, Individually and on Behalf of All Others Similarly Situated,<br><br>                          Plaintiff,<br><br>        vs.<br><br>ZYMERGEN INC., et al.,<br><br>                          Defendants. | Case No. 5:21-cv-06028-PCP<br><br>LEAD PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR RECONSIDERATION<br><br>Date: TBD<br>Time: 10:00 a.m.<br>Place: Courtroom 6, 4th Floor<br>Judge: The Honorable Susan van Keulen |

**[REDACTED]**

4913-7762-8003.v3

# TABLE OF CONTENTS

**Page**

I.    INTRODUCTION .................................................................................................1

II.   ARGUMENT ......................................................................................................3

    A.   The Trustee Has Not Met Its Burden to Prove Zymergen's Privileges
        Apply and Have Not Been Waived..................................................................3

        1.   The Trustee Has Waived Zymergen's Privileges ........................................3

        2.   The Trustee's Access Theory Exemption to Waiver Is Factually
              Inaccurate and Legally Baseless .................................................................5

        3.   Zymergen's Privileges Asserted by the Trustee Fail Under the
              Crime-Fraud Exception...............................................................................8

        4.   The Trustee Makes No Argument Contesting Implied Waiver ................10

        5.   The Trustee Makes No Showing to Overcome the Presumption that
              Zymergen Has No Privilege to Assert .......................................................10

    B.   The Director Defendants' Arguments Have No Merit .........................................12

        1.   The Director Defendants Have No Standing to Assert Zymergen's
              Privileges...................................................................................................12

        2.   Documents in the Director Defendants' Possession Custody or
              Control Must be Produced ..........................................................................12

        3.   The Director Defendants Cannot Continue to Wield the Privilege
              as a Sword and Shield ................................................................................13

III.  CONCLUSION...................................................................................................15

1

**TABLE OF AUTHORITIES**

2
**Page**

3
**CASES**

4
*Abdo v. Fitzsimmons*,
   2019 WL 10910805 (N.D. Cal. Oct. 2, 2019).......................................................................11

5
*Anbang Grp. Holdings Co. Ltd. v Zhou*,
   2024 WL 199563 (N.D. Cal. Jan. 18, 2024) ..........................................................................8

6

7
*Avago Techs. Gen. IP Pte. Ltd. v. Elan Microelectronics Corp.*,
   2007 WL 841785 (N.D. Cal. Mar. 20, 2007).......................................................................12

8

9
*Bagdan v. Beck*,
   140 F.R.D. 660 (D.N.J. 1991).............................................................................................11

10
*Bock v. Wash*,
   33 F.4th 1139 (9th Cir. 2022) ............................................................................................12

11

12
*Chevron Corp. v. Pennzoil Co.*,
   974 F.2d 1156 (9th Cir. 1992) ...........................................................................................14

13

14
*City of Rialto v. U.S. Dep't of Def.*,
   492 F. Supp. 2d 1193 (C.D. Cal. 2007) ..............................................................................11

15
*Columbia Sportswear Co. v. 3MD, Inc.*,
   2017 WL 6550490 (D. Or. Dec. 21, 2017) ...........................................................................4

16

17
*Commodity Futures Trading Comm'n v. Weintraub*,
   471 U.S. 343 (1985)........................................................................................................7, 11

18

19
*Fitzpatrick v. Am. Int'l Grp., Inc.*,
   272 F.R.D. 100 (S.D.N.Y. 2010) ..................................................................................7, 8, 13

20
*Griffith v. Davis*,
   161 F.R.D. 687 (C.D. Cal. 1995) .........................................................................................5

21

22
*Henry v. Tyler*,
   2020 WL 3574637 (N.D. Cal. July 1, 2020).........................................................................7

23

24
*In re Broadcom, Corp. Sec. Litig.*,
   2005 WL 1403516 (C.D. Cal. Feb. 10, 2005)..................................................................14, 15

25
*In re Cal. Bail Bond Antitrust Litig.*,
   778 F. Supp. 3d 1051 (N.D. Cal. 2025) ................................................................................4

26

27
*In re Charles Schwab Corp. Sec. Litig.*,
   2010 WL 11937102 (N.D. Cal. Feb. 23, 2010) ....................................................................14

28

Page

*In re Fundamental Long Term Care, Inc.*,
   2012 WL 4815321 (Bankr. M.D. Fla. Oct. 9, 2012).................................................................11

*In re Lidoderm Antitrust Litig.*,
   2016 WL 4191612 (N.D. Cal. Aug. 9, 2016) ....................................................................15

*In re Pac. Pictures Corp.*,
   679 F.3d 1121 (9th Cir. 2012) ........................................................................................10

*In re Twitter Inc. Sec. Litig.*,
   2019 WL 2127820 (N.D. Cal. May 10, 2019) ..............................................................4, 8

*In re Worlds of Wonder Sec. Litig.*,
   147 F.R.D. 208 (N.D. Cal. 1992).....................................................................................12

*Inland Concrete Enters., Inc. v. Kraft Americas LP*,
   2011 WL 13209239 (C.D. Cal. Feb. 3, 2011)..................................................................12

*Koch v. Specialized Care Servs., Inc.*,
   437 F. Supp. 2d 362 (D. Md. 2005)...................................................................................9

*Lewis v. Delta Air Lines, Inc.*,
   2015 WL 9460124 (D. Nev. Dec. 23, 2015)......................................................................9

*Matter of Fischel*,
   557 F.2d 209 (9th Cir. 1977) ..........................................................................................10

*Moskowitz v. Lopp*,
   128 F.R.D. 624 (E.D. Pa. 1989)......................................................................................14

*Rackwise, Inc. v. Foley Shechter Ablovatskiy, LLP*,
   2020 WL 7342743 (S.D.N.Y. Dec. 14, 2020) ..................................................................8

*Rambus Inc. v. Samsung Elecs. Co.*,
   2007 WL 3444376 (N.D. Cal. Nov. 13, 2007) ................................................................15

*S.E.C. v. Nicita*,
   2008 WL 170010 (S.D. Cal. Jan. 16, 2008)......................................................................8

*S.E.C. v. Tourre*,
   950 F. Supp. 2d 666 (S.D.N.Y. 2013).............................................................................14

*Sheet Metal Workers Nat'l Pension Fund v. Bayer Aktiengesellschaft*,
   2024 WL 74928 (N.D. Cal. Jan. 5, 2024)........................................................................14

Page

*Skillz Platform Inc. v. AviaGames Inc.*,
2023 WL 8040871 (N.D. Cal. Nov. 20, 2023) ..................................................................8, 9

*TAS Distrib. Co. v. Cummins Inc.*,
2009 WL 3255297 (C.D. Ill. Oct. 7, 2009)........................................................................11

*United Food & Com. Workers Union v. Chesapeake Energy Corp.*,
2012 WL 2370637 (W.D. Okla. June 22, 2012)................................................................15

*United States v. Amlani*,
169 F.3d 1189 (9th Cir. 1999) .........................................................................................15

*United States v. Christensen*,
828 F.3d 763 (9th Cir. 2015) .......................................................................................6, 11

*United States v. de la Jara*,
973 F.2d 746 (9th Cir. 1992) ..............................................................................................5

*United States v. Gonzalez*,
669 F.3d 974 (9th Cir. 2012) ..........................................................................................3, 5

*United States v. Int'l Bhd. of Teamsters, Chauffeurs, Warehousemen & Helpers of Am.*
119 F.3d 210, 216 (2d Cir. 1997)........................................................................................8

*United States v. Judd*,
37 F. App'x 889 (9th Cir. 2002)..........................................................................................8

*United States v. Kowalewski*,
2014 WL 6667127 (N.D. Ga. Nov. 24, 2014) ....................................................................8

*United States v. Layton*,
855 F.2d 1388 (9th Cir. 1988) (overruled on other grounds) .................................................12

*United States v. Plache*,
913 F.2d 1375 (9th Cir. 1990) ..........................................................................................12

*United States v. Sanmina Corp.*,
968 F.3d 1107 (9th Cir. 2020) ..........................................................................................3, 6

*Waymo LLC v. Uber Techs., Inc.*,
2017 WL 2694191 (N.D. Cal. June 21, 2017)....................................................................4, 5

*Weil v. Inv./Indicators, Rsch. & Mgmt., Inc.*,
647 F.2d 18 (9th Cir. 1981) ....................................................................................... *passim*

1

2

**Page**

3   *Xu v. FibroGen, Inc.*,
        2023 WL 3475722 (N.D. Cal. May 15, 2023) ...........................................................5

4   **STATUTES, RULES, AND REGULATIONS**

5

    Federal Rules of Evidence
6       Rule 502(b)(2) ..................................................................................................5
        Rule 801(d)(2)(A) .............................................................................................9

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# I.     INTRODUCTION

"Because it impedes full and free discovery of the truth, the attorney-client privilege is strictly construed." *Weil v. Inv./Indicators, Rsch. & Mgmt., Inc.*, 647 F.2d 18, 24 (9th Cir. 1981). The Trustee has not met his burden of proving each element of the attorney-client or work product privileges he asserts over the 7,000 Zymergen documents being withheld or redacted. ECF 599. The Trustee does not dispute the facts Plaintiff sets forth in its Motion for Reconsideration of the Court's February 21, 2025 Order Re Zymergen Defendants' Privilege Issues (ECF 595) (the "Motion" or "Mot.") and fails to demonstrate that Zymergen's asserted privileges are intact and have not been waived.[1]   In particular, he does not dispute that Zymergen and the Individual Defendants have been adverse since the Bankruptcy Plan went into effect in February 2024, or that after their adversity arose, he allowed Zymergen's adversaries to examine and discuss Zymergen's privileged documents.   Instead, the Trustee seeks to rewrite Zymergen and the Individual Defendants' prior arguments to this Court, claiming that their adversity was fully disclosed and the Court found it immaterial to its privilege analysis – when in fact these Defendants slammed Plaintiff's argument of potential adversity as "ludicrous." ECF 520 at 4.  Now that their adversity is undeniable, and further facts have emerged about their relationship, it is clear that the Trustee waived Zymergen's privileges when he selectively disclosed the privileged documents to the Individual Defendants.

The Trustee's primary argument hinges on the claim that the Individual Defendants once received or could potentially access the privileged material which immunizes its later disclosure. But that argument is factually inaccurate.  A cursory review of the log shows that thousands of communications pre-date or post-date one or more of the Individual Defendants' tenure with the Company – like Defendant Hoffman (Zymergen's former CEO) who was fired before more than 1,000 of the withheld documents were even created.  Indeed, the Trustee does not even attempt to show that *each* of the ten Individual Defendants were parties to or could have accessed *all* 7,000 withheld or redacted documents.  The Trustee's position is also legally unsupportable.  When a

---

[1]    All capitalized terms not defined herein are the same as in the Motion.

director leaves a company, like the Individual Defendants did here, s/he no longer has rights to that company's privileged communications because that privilege is solely held by the company. And, it is well established that a party disclosing privileged information to a third party must, at minimum, share a community of interest *at the time of the disclosure* or the privilege is waived. Thus, the Trustee's voluntary disclosure of privileged documents to the Individual Defendants after their adversity arose constitutes waiver.

The Trustee's other arguments fare no better. With respect to implied waiver, he appears to concede its applicability here while making another surprising disclosure: The Individual Defendants – who Zymergen is suing in State Court – *currently* have access to all of Zymergen's privileged documents and can use them in their defense of that action. With respect to the crime-fraud exception, the Trustee pretends that his allegations of a massive and systemic fraud in State Court (documented in a 60-page complaint) does not actually amount to evidence of his own belief that fraud occurred. With respect to the defunct nature of Zymergen and the absence of any need for the privilege to exist, the Trustee instead argues a strawman about the existence of the Trust.

The Individual Defendants also oppose Plaintiff's Motion and claim that Zymergen's privileges have not been waived, but they lack standing to present any such argument. ECF 600. While they echo the Trustee's baseless "access" theory, they also fail to provide any sound legal or factual support for it. In fact, their current possession of Zymergen's privileged documents (which they tellingly do not reveal in their opposition) mandates their production to Plaintiff, especially as the Individual Defendants continue to maintain their due diligence and good faith affirmative defenses.

Accordingly, the Court should order the Trustee and the Individual Defendants to produce the withheld documents and redactions immediately.

## II.    ARGUMENT

### A.    The Trustee Has Not Met Its Burden to Prove Zymergen's Privileges Apply and Have Not Been Waived

#### 1.    The Trustee Has Waived Zymergen's Privileges

"One of the elements that the asserting party must prove is that it has not waived the privilege." *Weil*, 647 F.2d at 25.  But the Trustee makes **no showing** that he did not selectively waive Zymergen's privileges when he allowed the Individual Defendants, who are Zymergen's adversaries, to examine all of its privileged documents and discussed privilege issues with the Individual Defendants' attorneys.  *See* ECF 599 at 6-8.  "'[V]oluntarily disclosing privileged documents to third parties will generally destroy the privilege'" and "'voluntary disclosure of attorney work product to an adversary or a conduit to an adversary waives work-product protection.'"  *United States v. Sanmina Corp.*, 968 F.3d 1107, 1116, 1121 (9th Cir. 2020).

The Trustee does not dispute that Zymergen and the Individual Defendants have been adverse since February 24, 2024, when the Bankruptcy Plan went into effect.  Mot. at 14-15.  While the Trustee claims he does not admit this fact (ECF 599 at 7 n.3), his express admission is not required.  He agrees that as part of the Bankruptcy Plan the exact claims he brings against the Individual Defendants in State Court were held as an asset by the ZYM Liquidating Trust, and that bringing those claims was one of the "Trust's expressly enumerated purposes."  ECF 599 at 5.  He does not point to any time since he took over directing this litigation that Zymergen and the Individual Defendants were not adverse.  Nor does he identify any intervening event prompting their adversity.  *See United States v. Gonzalez*, 669 F.3d 974, 981 (9th Cir. 2012) (remanding to district court to determine when the parties became potentially adverse after which there is no privilege).

The Trustee does not contest Plaintiff's "sequence of events."  Mot. at 16.  He does not dispute that all the Individual Defendants no longer had access to any internal privileged and confidential Zymergen documents by no later than October 19, 2022, when the Company was sold to Ginkgo Bioworks and the Individual Defendants were separated from Zymergen.[2]  *Id.* at 3.  He

---

[2]    Defendants Hoffman and Serber separated from Zymergen prior to October 2022.

- 3 -

1    does not dispute that Zymergen has been adverse to the Individual Defendants since he took over

2    responsibility for Zymergen in February 2024.  *Id.* at 16.  He does not dispute that Zymergen

3    threatened litigation and attempted to force mediation in July 2024 for the same claims it brought

4    in State Court.  *Id.*  He does not dispute that in September 2024 Zymergen's then-current counsel

5    advised it to retain separate counsel because of their potential adversity.  *Id.*  And after all these

6    identified dates documenting that Zymergen and the Individual Defendants were indisputably

7    adversaries, he does not dispute that he still permitted the Individual Defendants to review all the

8    privileged documents and "regularly consulted with" their counsel on the assertion of attorney-

9    client privilege as recently as April 2025.  *Id.* at 10, 16; *Weil*, 647 F.2d at 25 n.13 ("when . . . the

10   privileged communication is voluntarily disclosed without objection by the asserting party's

11   counsel and in the absence of surprise or deception by opposing counsel, it may be unnecessary to

12   look beyond the objective fact of disclosure in ruling on the question of waiver").

13         As anticipated by the Motion, the Trustee fails to make the necessary showing that

14   Zymergen and the Individual Defendants shared the required "community of interest" that might

15   exempt Zymergen from waiver.  Mot. at 17; *see In re Cal. Bail Bond Antitrust Litig.*, 778 F. Supp.

16   3d 1051, 1063 (N.D. Cal. 2025) (setting out requirements for common interest doctrine).

17   "'[B]ecause the joint-defense privilege is not a "separate privilege" but rather an extension of

18   attorney-client privilege, it too should be construed narrowly.'"  *In re Twitter Inc. Sec. Litig.*, 2019

19   WL 2127820, at *2 (N.D. Cal. May 10, 2019) (quoting *Columbia Sportswear Co. v. 3MD, Inc.*,

20   2017 WL 6550490, at *4 (D. Or. Dec. 21, 2017)).  Specifically, he has made no effort to show that

21   the community of interest existed in 2024 and 2025 when he shared the documents and discussed

22   privileges in this litigation.  *Waymo LLC v. Uber Techs., Inc.*, 2017 WL 2694191, at *4 (N.D. Cal.

23   June 21, 2017) ("[T]he 'common interest' or 'joint defense' exception requires both that the

24   elements of attorney-client privilege are met *and* that the communication in question 'was made

25

26

27

28
       LEAD PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR RECONSIDERATION - 5:21-cv-
       06028-PCP                                                                                    - 4 -
       4913-7762-8003.v3

1    for the "limited and restricted purpose to assist in asserting . . . common claims."'") (emphasis in

2    original) (quoting *Gonzalez*, 669 F.3d at 978).[3]

3        In fact, even now, the Trustee has failed to protect its privileges. In his opposition, he

4    reveals that **currently** "*the Individual Defendants have access to those documents.*" *Id.* at 8. Thus,

5    more than two months after he sued the Individual Defendants, the Trustee has still not taken the

6    necessary steps to protect Zymergen's purportedly privileged documents from its adversaries.

7    *United States v. de la Jara*, 973 F.2d 746, 750 (9th Cir. 1992) ("we will deem the privilege to be

8    waived if the privilege holder fails to pursue all reasonable means of preserving the confidentiality

9    of the privileged matter"); *see*, *e.g.*, *Xu v. FibroGen, Inc*., 2023 WL 3475722, at *4 (N.D. Cal.

10   May 15, 2023) (finding waiver where privilege holder did not take reasonable steps within eleven

11   days to protect privilege).[4]

12                    2.    **The Trustee's Access Theory Exemption to Waiver Is**
                           **Factually Inaccurate and Legally Baseless**
13

14       The Trustee argues that Zymergen and the Individual Defendants' adversity "is nothing

15   new" and is "immaterial to the privilege analysis" because the Court stated that "the Director

16   Defendants were a party and/or had access at the time of the communication as members of

17   Zymergen's board." ECF 599 at 7. As an initial matter, the filing of the State Court action clearly

18   satisfies the requirement of a new material event justifying reconsideration of the Court's prior

19   order. The Privilege Order was premised on a "conceivable" adversarial position not one

20   confirmed by the filing of an action. ECF 524 at 5. The District Court apparently agrees, as Judge

21   _____

     3   The Trustee misconstrues Plaintiff's authority; Plaintiff is not arguing that "disclosure of
22   privileged communications to someone who was within the scope of the privilege at the time those
     communications were made effects a waiver." ECF 599 at 8 n.5. Rather, it is subsequent
23   disclosure when someone is **not** within the scope of the privilege that constitutes waiver.

24   4   The Trustee appears to have widely voluntarily disclosed the purportedly privileged
     information. For example, Defendant Ocko is also represented by Gibson Dunn, who also
25   represents the DCVC Defendants (Data Collective II, L.P., DCVC Opportunity Fund, L.P., and
     DCVC Management Co, LLC). ECF 493. Thus, sharing documents with Ocko could presumably
26   lead to disclosure to innumerable individuals at the DCVC entities. The Trustee is required to take
     "reasonable steps to prevent disclosure" but clearly that does not appear to have happened here.
27   Fed. R. Evid. 502(b)(2); *see Griffith v. Davis*, 161 F.R.D. 687, 696 (C.D. Cal. 1995) ("Application
     of the 'joint defense privilege' does not and should not circumvent the requirement that the
     statements be made in confidence.").
28

1    Pitts found good cause to reopen discovery "to resolve plaintiffs' pending motion for

2    reconsideration, which is premised on the filing of the June 2025 lawsuit."  ECF 590 at 4; *see* ECF

3    591 at 20:23-23:10.  This Court also apparently agrees, as it granted Plaintiff's motion for leave to

4    file the instant Motion under Civ. L.R. 7-9(b)(2).  ECF 592.

5          The Trustee's effort to rely on a quotation of the Privilege Order, that "the Director

6    Defendants were a party and/or had access at the time of the communication as members of

7    Zymergen's board," should be rejected.  *See* ECF 599 at 7 (quoting ECF 524 at 5 quoting ECF 520

8    at 3).  First, it was taken from wholly unsubstantiated attorney argument where Plaintiff was not

9    afforded the opportunity to respond.  Zymergen and the Individual Defendants' February 11, 2025

10   submission was made in a simultaneous filing where no response was permitted, and no oral

11   argument was held.  *Id.* at 3-4.  Had responsive briefing been permitted, Plaintiff would have

12   pointed out that this sweeping claim could not withstand scrutiny.  *See* Mot. at 18.  Because the

13   facts and circumstances have changed, the Court must re-assess whether the Trustee can meet his

14   burden to prove the absence of waiver.  "'The claim of privilege must be made ***and sustained*** on

15   a question-by-question or document-by-document basis; a blanket claim of privilege is

16   unacceptable.'"  *See United States v. Christensen*, 828 F.3d 763, 803 (9th Cir. 2015).

17         Second, as discussed in the Motion, the Privilege and Redactions Logs clearly show that

18   the Individual Defendants did not possess or access all of the privileged documents at the time of

19   the communication.  *See* Mot. at 18; Exs. 2 and 3.[5]  The first page of the privilege log alone proves

20   this point:  Entry No. 7 includes only Defendants ███████████; Entry No. 21 includes only

21   Defendants ███████████; and Entry No. 22, includes only Defendant ██████  Ex.

22   2 at 1.[6]  Indeed, some emails have ***no*** Director Defendants at all (and no attorneys).  *See e.g.*, Ex.

23   2 (Entry Nos. 1601-1610 at 218).  As also discussed in the Motion, many of the purportedly

24   privileged communications occurred before or after certain Individual Defendants were associated

---

25   [5]    Ex. cites are to exhibits filed with the Motion.

26   [6]    Even if this Court were to rule that waiver only applied to certain communications, production

27   of all withheld "'communications on the same subject.'" must also be produced.  *Sanmina Corp.*,
     968 F.3d at 1117 (quoting *Weil*, 647 F.2d at 24).

28   LEAD PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR RECONSIDERATION - 5:21-cv-
     06028-PCP                                                                          - 6 -
     4913-7762-8003.v3

1  with the Board.  For example, many of original communications occurred while certain Individual

2  Defendants were not Board members.  Defendant Gorjanc joined the Board in March 2021; 3,079

3  withheld or redacted communications predate her arrival.  *See* Ex. 2 (1,279 entries *e.g.*, Entry Nos.

4  562-577 at 65-66); Ex. 3 (1,807 entries *e.g.*, Entry Nos. 2019-2032 at 185-186).   Defendant

5  Hoffman was fired on August 2, 2021; 1,105 communications post-date his departure.  *See id.* (646

6  entries *e.g.*, Entry Nos. 3991-4000 at 593-594); Ex. 3 (549 entries *e.g.*, Entry Nos. 3840-3845 at

7  384-385).  And notably, Defendant Singh was never a Board member so she would not have been

8  privy to Board-specific communications.  *See*, *e.g.*, Ex. 2 (Entry No. 262 at 14) ████████████

9  ████████████████████████  The Trustee makes no effort to show that each Individual

10  Defendant received, or could access, each withheld communication.

11        Third, the Trustee provides no legal support for the extraordinary position that the mere

12  ability to "access" the withheld communication excuses the Trustee's otherwise voluntary waiver

13  to an adversary.  Contrary to their arguments, directors do not have a de facto right to access all of

14  a company's privileged information; nor are they deemed to have constructive knowledge of all

15  information within a company.[7]  ECF 599 at 7.  For example, in *Mazzo*, the company waived its

16  privilege when it shared privileged documents with its own **current** chairman concerning an issue

17  over which they were adverse.  Mot. at 16.  Moreover, once a director leaves the company, he has

18  no access or rights to "documents embodying privileged communications made in the past while

19  he served the corporation."  *Fitzpatrick v. Am. Int'l Grp., Inc.*, 272 F.R.D. 100, 108 (S.D.N.Y.

20  2010).  And, it is also settled law that "[d]isplaced managers may not assert the privilege over the

21  wishes of current managers, ***even as to statements that the former might have made*** to counsel."

22  *Commodity Futures Trading Comm'n v. Weintraub*, 471 U.S. 343, 349 (1985).  Thus, courts

23  regularly find – over the objections of former directors – that when the company waives the

24

25  _____
   [7]   While a company may be presumed to have constructive knowledge of its directors'
26  information, the opposite is not the case. *See*, *e.g.*, *Henry v. Tyler*, 2020 WL 3574637, at *6 (N.D.
   Cal. July 1, 2020) (refusing to impute executive's knowledge on other directors through attendance
27  at board meetings).

28
   LEAD PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR RECONSIDERATION - 5:21-cv-
   06028-PCP                                                                    - 7 -
   4913-7762-8003.v3

privilege, the waiver applies to the former directors' communications.[8]  In cases like *Twitter*, the privilege is waived when a former director is given privileged documents and the company discusses them with him.  Mot. at 17-18; *see S.E.C. v. Nicita*, 2008 WL 170010, at *4 (S.D. Cal. Jan. 16, 2008) (sharing privileged documents with "corporate officers or third parties" not under the common interest privilege destroyed privilege).  It would truly "sabotag[e] the policy underlying the privilege" to treat a former director that is adverse to the company the same as when he was a fiduciary of the company.  *Fitzpatrick*, 272 F.R.D. at 108.  Accordingly, it is evident that Trustee's argument contravenes the law.

### 3. Zymergen's Privileges Asserted by the Trustee Fail Under the Crime-Fraud Exception

The crime-fraud exception to the attorney client and work product privileges applies where it is shown: "'First . . . that "the client was engaged in or planning a criminal or fraudulent scheme when it sought the advice of counsel to further the scheme."  Second . . . that the attorney-client communications for which production is sought are "sufficiently related to" and were made "in furtherance of [the] intended, or present, continuing illegality.""'"  *Skillz Platform Inc. v. AviaGames Inc*., 2023 WL 8040871, at *2 (N.D. Cal. Nov. 20, 2023).  Both prongs are met because the Trustee alleges in State Court that the Individual Defendants engaged in fraudulent conduct (Mot. at 19-20), and there is a nearly complete overlap with the events underlying this action (*id.* at 20-21).

The Trustee challenges only the first prong of the crime-fraud exception on the basis that his mere "allegations" of fraud are not enough to establish the applicability of the crime-fraud exception.  ECF 599 at 9.  But the Trustee has it backwards: Here, the party seeking the protections of the privilege has himself alleged that the documents withheld relate to fraud.  Mot. at 20; *see* ECF 557-2.  Thus, when the Trustee tries to distinguish *Anbang Grp. Holdings Co. Ltd. v Zhou*,

---

[8]    *See United States v. Int'l Bhd. of Teamsters, Chauffeurs, Warehousemen & Helpers of Am.*, AFL-CIO, 119 F.3d 210, 216 (2d Cir. 1997); *Rackwise, Inc. v. Foley Shechter Ablovatskiy, LLP*, 2020 WL 7342743, at *6 (S.D.N.Y. Dec. 14, 2020); *United States v. Kowalewski*, 2014 WL 6667127, at *13 (N.D. Ga. Nov. 24, 2014); *see also United States v. Judd*, 37 F. App'x 889, 890 (9th Cir. 2002).

2024 WL 199563, at *3 (N.D. Cal. Jan. 18, 2024) because the party accused of fraud in that case offered a "non-denial," he fails to recognize that the facts here are much stronger than just a "non-denial" – the Trustee has asserted that a fraud occurred and has commenced a lawsuit based upon such a belief.  Indeed, contrary to the contention that there is no evidence to support the crime-fraud exception, the Trustee's own statements on behalf of Zymergen that the Individual Defendants engaged in fraud are clearly admissible non-hearsay statements.  Fed. R. Evid. 801(d)(2)(A).

The Trustee's allegations of a "massive and systemic fraud" are sufficient to invoke the exception without an explicit claim for fraud against the Individual Defendants.  Mot. at 15.  The Trustee alleged that Individual Defendants perpetrated a "massive and systemic fraud" and had "'had actual or constructive knowledge that they had caused the Company to improperly engage in the fraudulent schemes.'"  Mot. at 20.  It is not a requirement that a claim of fraud be alleged as a count to apply the crime-fraud exception.  *See Lewis v. Delta Air Lines, Inc*., 2015 WL 9460124, at *3 (D. Nev. Dec. 23, 2015) ("the crime-fraud exception is not strictly limited to cases alleging criminal violations or common law fraud"); *Koch v. Specialized Care Servs., Inc*., 437 F. Supp. 2d 362, 376 (D. Md. 2005) (collecting cases that expand the scope beyond crimes and common law fraud); *Skillz Platform Inc.*, 2023 WL 8040871, at *4 (crime fraud exception applied in patent infringement action).

Lastly, the Trustee's contention that the Court should not be "burden[ed]" with an *in camera* review is contemptible.  ECF 599 at 9-10.  It is Zymergen – at the Trustee's direction – that withheld all or part of more than 7,000 relevant and responsive documents in this case.  Exs. 2-3.  It is Zymergen that bears the burden of establishing that the privilege properly applies and has been sustained.  The fact that an *in camera* review may be voluminous is a problem of Zymergen's creation and design.  To suggest that the scope of Zymergen's privilege claims make them too large to review is simply outrageous, particularly here where Zymergen itself has alleged that the documents withheld relate to fraudulent conduct.

1

2

### 4.    The Trustee Makes No Argument Contesting Implied Waiver

Plaintiff contends that the Trustee has implicitly waived Zymergen's privileges by filing

3

its State Court action against the Individual Defendants because the documents being withheld

4

here have been put at issue in the State Court action.  Mot. 21-22.  This means that not only is the

5

privilege waived as the Individual Defendants have the right to discover and utilize those

6

documents in the State Court action, but they can no longer simultaneously withhold the same

7

documents and assert their affirmative defenses in this action.  Mot. at 23.  The Trustee makes no

8

argument against implied waiver.  ECF 599 at 8-9.  Instead, he concedes that "*the Individual*

9

*Defendants have access to those documents*" already and the rights to the documents are "vital to

10

*their defense*," and strangely concludes that implied waiver is therefore "not implicated."  *Id*. at

11

8.[9]  While this does nothing to refute Plaintiff's arguments, it is a shocking admission that the

12

Trustee has done nothing to revoke his adversaries' access to the very documents he claims are

13

privileged and it demonstrates that the Trustee is willing to freely share these documents with third

14

parties.  Accordingly, Plaintiff's implied waiver argument is unopposed.

15

### 5.    The Trustee Makes No Showing to Overcome the Presumption that Zymergen Has No Privilege to Assert

16

As discussed in the Motion, on top of the fact that Zymergen has no owners, no Board, no

17

employees, no business purpose, and sold most all of its assets, as of July 7, 2025, the Trustee

18

claims that Zymergen is immune from any "lawsuit, claim or other action", including this one.

19

Mot. at 12, 23-24.  As a result of this new development, there is no need to facilitate "full and

20

frank exchanges" between Zymergen and its attorneys.  *Weil*, 647 F.2d at 24.  As "[the attorney-

21

client] privilege has the effect of withholding relevant information from the factfinder-, ***it applies***

22

***only where necessary to achieve its purpose*.**"  *Matter of Fischel*, 557 F.2d 209, 212 n.4 (9th Cir.

23

1977); *In re Pac. Pictures Corp.*, 679 F.3d 1121, 1127-28 (9th Cir. 2012) ("If we were to unmoor

24

a privilege from its underlying justification, we would at least be failing to construe the privilege

25

narrowly.").  Therefore, Zymergen no longer has privileges to assert.

26

---

27

[9]    The "other unspecified documents" that he claims will be sorted out "at the appropriate time
in the Superior Court" are not currently at issue.  *Id*. at 9.

28

LEAD PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR RECONSIDERATION - 5:21-cv-
06028-PCP
4913-7762-8003.v3

- 10 -

1    Faced with this substantial authority that the Court previously recognized as "not

2  incorrect," the Trustee makes **no showing** that Zymergen's privileges are intact and makes **no**

3  **argument** of any need for Zymergen's privileges, much less the "'compelling reason'" required to

4  overcome the presumption that the attorney-client privilege is no longer available when a

5  corporation ceases to function.  *Abdo v. Fitzsimmons*, 2019 WL 10910805, at *1 (N.D. Cal. Oct.

6  2, 2019) (citing cases); ECF 599 at 5-6.  Again, the privilege is to be "'"strictly confined within

7  the narrowest possible limits'"'" and it is his burden to prove that the privilege exists.  *Christensen*,

8  828 F.3d at 803.

9    Instead, the Trustee discusses whether **the Trust** is defunct.  ECF 599 at 5-6.  Similarly, he

10  argues that the Court previously held that the Bankruptcy Plan allowed for the privileges to be

11  vested in the Trustee.  *Id.*  While the Trustee's ability to assert Zymergen's privileges through the

12  Trust would be at issue if the privileges exists, "[b]efore considering whether it is the Trustee . . .

13  who can waive the attorney-client privilege, the Court must first determine **whether there is any**

14  **privilege at all**."  *In re Fundamental Long Term Care, Inc*., 2012 WL 4815321, at *8 (Bankr. M.D.

15  Fla. Oct. 9, 2012).  And contrary to his contentions, this Court has in a similar situation ordered

16  production of a company's formerly privileged documents despite a trustee's objections.  *Abdo*,

17  2019 WL 10910805, at *2 ("Although Delivery Agent's Trustee indicated he does not intend to

18  waive any applicable privilege held by the company, . . . he has failed to provide any basis for why

19  such a privilege exists.").[10]

20

21

22

23

24  ────────────

[10]    The Court previously relied on *Weintraub*.  ECF 524 at 3.  But while *Weintraub* concerns who

25  can waive the privilege, as recognized by multiple courts it does not address whether the privilege
exists.  *See City of Rialto v. U.S. Dep't of Def*., 492 F. Supp. 2d 1193, 1199 (C.D. Cal. 2007)

26  ("*Weintraub* . . . does not directly address . . . whether a dissolved corporation has the right to
assert the attorney-client privilege in subsequent litigation."); *Bagdan v. Beck*, 140 F.R.D. 660,

27  665 (D.N.J. 1991) (same); *TAS Distrib. Co. v. Cummins Inc*., 2009 WL 3255297, at *1 (C.D. Ill.
Oct. 7, 2009) (same).

28

**B.    The Director Defendants' Arguments Have No Merit**

**1.    The Director Defendants Have No Standing to Assert Zymergen's Privileges**

The Director Defendants have filed an opposition to Plaintiff's Motion, but they have no standing to assert Zymergen's privileges.  ECF 600; *United States v. Plache*, 913 F.2d 1375, 1381 (9th Cir. 1990) (finding that trustee had the privilege and "any privilege held by the corporation was not [former director]'s to assert"); *Avago Techs. Gen. IP Pte. Ltd. v. Elan Microelectronics Corp.*, 2007 WL 841785, at *2 (N.D. Cal. Mar. 20, 2007) ("[T]he attorney-client privilege is personal and can only be asserted by the holder of the privilege.") (citing *United States v. Layton*, 855 F.2d 1388, 1406 (9th Cir. 1988) (overruled on other grounds); *In re Worlds of Wonder Sec. Litig.*, 147 F.R.D. 208, 210 (N.D. Cal. 1992) (party officer-defendants do not have standing to assert a claim of privilege over company's documents.  The Court must reject all their arguments because the Director Defendants themselves argued and briefed for the Court the "Director Defendants' Inability to Waive Zymergen's Privilege."  ECF 501 at 6-7; ECF 462 at 16:21-17:19; ECF 483; *see Bock v. Wash*, 33 F.4th 1139, 1145 (9th Cir. 2022) ("When 'a party assumes a certain position in a legal proceeding, and succeeds in maintaining that position, he may not thereafter, simply because his interests have changed, assume a contrary position.'").

**2.    Documents in the Director Defendants' Possession Custody or Control Must be Produced**

The Trustee has disclosed that the Individual Defendants who are his adversaries currently have "access" to all of Zymergen's privileged documents being withheld in this case.  ECF 599 at 8.  Instead of being forthright about this fact with the Court, the Director Defendants instead argue that the production of those materials "in other litigation" does not implicitly waive the privilege in this case.  ECF 600 at 5.  This is gamesmanship; the Director Defendants have their adversary's documents in their possession, custody, or control and must produce them.  *Inland Concrete Enters., Inc. v. Kraft Americas LP*, 2011 WL 13209239, at *3 (C.D. Cal. Feb. 3, 2011) ("'[A] party having actual possession of documents must allow discovery even if the documents belong to someone else.'").

1    The Director Defendants seem to argue in a footnote the Trustee's access theory, but also

2    make no showing that they actually were party to, or had access to, the underlying privileged

3    documents at the time of the original communication.   ECF 600 at 4 n.4.[11]   The Director

4    Defendants also do not contest that Zymergen shared with them all the privileged information in

5    this litigation as recently as April 2025.  Instead, twisting Plaintiff's contentions and distorting a

6    remark from the District Court, they claim that while communications amongst Zymergen and the

7    Individual Defendants might be discoverable in actions against each other, they are not

8    discoverable by anyone else.  ECF 600 at 3-6.  But as the District Court recognized: "The argument

9    [Plaintiff is] making is some of these pre-bankruptcy communications may have been . . . re-shared

10    . . . after September 2024 once actual adversity existed."  ECF 591 at 21:15-18.  Indeed, Plaintiff

11    contends that when the Bankruptcy Plan came into effect in February 2024, Zymergen and the

12    Individual Defendants became adverse and lacked the requisite common interest necessary to share

13    privileged documents.  Mot. at 15-19.  The Director Defendants' failure to dispute this sequence

14    of events is a tacit concession of waiver.

15
          ### 3.    The Director Defendants Cannot Continue to Wield the Privilege as a Sword and Shield
16

17          As the Individual Defendants currently have Zymergen's privileged documents (ECF 599

18    at 8) there is no doubt that their refusal to produce them is an improper use of privilege as a sword

19    and shield.  Mot. at 22-23.  While the Director Defendants never actually say they do not "intend

20    to rely on the advice of their counsel," it is perfectly clear that they do.  ECF 600 at 6.  While the

21    Court previously found that Plaintiff failed to show that "Zymergen is relying upon its lawyers'

22    performance or communications," Defendants experts' proffered testimony (disclosed after the

23    Privilege Order was entered) solidifies that they intend to testify extensively about the Individual

24    Defendants' reliance on their lawyers.  Mot. at 22; ECF 600 at 3 (quoting ECF 524 at 4).  For

25    example, Professor Charles K. Whitehead intends to testify that Defendants ███████████

26
27    _____
      [11]   The Director Defendants' reliance on *Kalisman* which applies Delaware law to entirely
      different facts, should be rejected.  ECF 600 at 4 n.4.  This line of authority, based on the Delaware
      Chancery decisions in *Kirby* and *Moore*, has been soundly rejected as opposite of Federal law.  *See*
      *Fitzpatrick*, 272 F.R.D. at 106-09.

28

1 ███████████████████████████████████████████████

2 ██████████████████████████████████ Ex. 4, ¶¶33-37, 45, 47, 56, 100, 103, 107,

3 144, 153-154, 162; Appendix A, ¶¶3, 6-7, 9, 11, 14, 17, 25, 32, 37-40, 42, 44-45, 49-54; Appendix

4 B, ¶¶17-18, 35, 39, 49; Appendix C, ¶¶8, 12, 41, 45.  And the Underwriter Defendants' expert,

5 Gary M. Lawrence, similarly opines on the ████████████████████████████████

6 ███████████████████████████████████████████████

7 ███████████████████████████████████████████████

8 ████████████████████  And both experts intend to testify that ███████████████

9 ███████████████████████████████████████████████

10        This is exactly like the proposed testimony in *In re Broadcom*, *Corp. Sec. Litig.*, 2005 WL

11 1403516 (C.D. Cal. Feb. 10, 2005) where the Court found "defendants are saying they relied on

12 their excellent attorney to do a good job examining all the documents to tell them if anything was

13 wrong, and their lawyers never said anything was wrong, with the unmistakable inference

14 defendants felt assured the lawyers thought everything was legal.  Plaintiffs are now entitled to

15 review the attorneys' communications on the subject topics to see if defendants are telling the

16 truth." *Id.* at *2; *see Chevron Corp. v. Pennzoil Co.*, 974 F.2d 1156, 1163 (9th Cir. 1992) (finding

17 waiver from declaration stating that company's decision to proceed was based on tax

18 considerations, which in turn was based on "tax advice it received").[12]  Thus, if the Court does not

19 find that Zymergen's privileges are either waived or extinguished under the other theories

20 presented herein, fairness would dictate that the Individual Defendants must produce the withheld

21 documents they already hold.  *Moskowitz v. Lopp*, 128 F.R.D. 624, 638 (E.D. Pa. 1989) ("Although

22

23 ────────────────
[12]   *See also, Sheet Metal Workers Nat'l Pension Fund v. Bayer Aktiengesellschaft*, 2024 WL

24 74928, at *2 (N.D. Cal. Jan. 5, 2024) (The reasonable belief that each defendant holds "goes to the heart of analysis and substance—not simply the process of due diligence."); *In re Charles Schwab*

25 *Corp. Sec. Litig.*, 2010 WL 11937102, at *1 (N.D. Cal. Feb. 23, 2010) (ordering production of all documents with counsel concerning due diligence); *S.E.C. v. Tourre*, 950 F. Supp. 2d 666, 684

26 (S.D.N.Y. 2013) (finding it "confusing and unduly prejudicial" to allow testimony on the involvement of lawyers "while at the same time professing not to have relied on their advice in

27 preparing or disseminating those disclosures").

28

1  in theory the privilege belongs to the corporation, fairness dictates that it be waived where a

2  corporate officer asserts the reliance on counsel defense.").[13]

3  **III.    CONCLUSION**

4         For the reasons stated herein and in Plaintiff's Motion, the Trustee and the Individual

5  Defendants should be directed to produce all the documents currently being withheld.

6  DATED:  August 27, 2025                    ROBBINS GELLER RUDMAN
                                               & DOWD LLP
7                                             SHAWN A. WILLIAMS
                                              DANIEL J. PFEFFERBAUM
8                                             ALEX N. JILIZIAN

9

10                                               s/ Daniel J. Pfefferbaum
                                              DANIEL J. PFEFFERBAUM

11
                                              Post Montgomery Center
12                                            One Montgomery Street, Suite 1800
                                              San Francisco, CA  94104
13                                            Telephone:  415/288-4545
                                              415/288-4534 (fax)
14                                            shawnw@rgrdlaw.com
                                              dpfefferbaum@rgrdlaw.com
15                                            ajilizian@rgrdlaw.com

16                                            ROBBINS GELLER RUDMAN
                                               & DOWD LLP
17                                            JUAN CARLOS SANCHEZ
                                              PATTON L. JOHNSON
18                                            655 West Broadway, Suite 1900
                                              San Diego, CA  92101
19                                            Telephone:  619/231-1058
                                              619/231-7423 (fax)
20                                            jsanchez@rgrdlaw.com
                                              pjohnson@rgrdlaw.com
21
                                              Counsel for Plaintiffs
22

23  ───────────────────
    [13]   The Court would err if it relied on *United Food & Com. Workers Union v. Chesapeake Energy
24  Corp.*, 2012 WL 2370637, at *9 (W.D. Okla. June 22, 2012), as the Individual Defendants contend
    it should.  ECF 600 at 2.  It contradicts Ninth Circuit authority where the question of implicit
25  waiver is not what the party raising the privilege intends to rely on but rather that "the privilege
    would deny **the opposing party** access to information."  *United States v. Amlani*, 169 F.3d 1189,
26  1195 (9th Cir. 1999); *In re Lidoderm Antitrust Litig.*, 2016 WL 4191612, at *4 (N.D. Cal. Aug. 9,
    2016) ("Contrary to defendants' position, the actual use of attorney client information in
27  prosecuting or defending this case is not necessary to effect an implied waiver under *Hearn*.");
    *Rambus Inc. v. Samsung Elecs. Co*., 2007 WL 3444376, at *3 (N.D. Cal. Nov. 13, 2007) (same);
28  *In re Broadcom Corp. Sec. Litig.*, 2005 WL 1403516, at *1 (C.D. Cal. Feb. 10, 2005) (same).

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

BERMAN TABACCO
NICOLE LAVALLEE (SBN 165755)
KRISTIN J. MOODY (SBN 206326)
CHRISTINA M. SARRAF (SBN 328028)
425 California Street, Suite 2300
San Francisco, CA  94104
Telephone:  415/433-3200
415/433-6382 (fax)
nlavallee@bermantabacco.com
kmoody@bermantabacco.com
csarraf@bermantabacco.com

BERMAN TABACCO
LESLIE R. STERN
PATRICK T. EGAN
One Liberty Square
Boston, MA  02109
Telephone:  617/542-8300
617/542-1194 (fax)
lstern@bermantabacco.com
pegan@bermantabacco.com

Counsel for Plaintiff West Palm Beach
Firefighters' Pension Fund

KLAUSNER, KAUFMAN, JENSEN
    & LEVINSON
ROBERT D. KLAUSNER
BONNI S. JENSEN
7080 NW 4th Street
Plantation, FL  33317
Telephone:  954/916-1202
954/916-1232 (fax)
bob@robertdklausner.com
bonni@robertdklausner.com

Board Counsel for Plaintiff West Palm Beach
Firefighters' Pension Fund

21

22

23

24

25

26

27

28

LEAD PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR RECONSIDERATION - 5:21-cv-06028-PCP

- 16 -

4913-7762-8003.v3