ROBBINS GELLER RUDMAN
  & DOWD LLP
SHAWN A. WILLIAMS (213113)
DANIEL J. PFEFFERBAUM (248631)
ALEX N. JILIZIAN (362307)
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA 94104
Telephone: 415/288-4545
415/288-4534 (fax)
shawnw@rgrdlaw.com
dpfefferbaum@rgrdlaw.com
ajilizian@rgrdlaw.com
  – and –
JUAN CARLOS SANCHEZ (301834)
PATTON L. JOHNSON (320631)
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)
jsanchez@rgrdlaw.com
pjohnson@rgrdlaw.com

Counsel for Plaintiffs

[Additional counsel appear on signature page.]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| BIAO WANG, Individually and on Behalf of All Others Similarly Situated,<br><br>      Plaintiff,<br><br> vs.<br><br>ZYMERGEN INC., et al.,<br><br>      Defendants. | Case No. 5:21-cv-06028-PCP<br><br>MOTION FOR RELIEF FROM NON-DISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE<br><br>DATE: [TBD]<br>TIME: 10:00 a.m.<br>CTRM: Courtroom 8, 4th Floor<br>JUDGE: The Honorable P. Casey Pitts |

4924-1001-6119.v1

Pursuant to Rule 72 and applicable law, and for the reasons set forth herein and in the record (*see* ECF 452, 467, 475, 483, 500, 501, 520, 521, 522, 523, 524, 582, 592, 595, 599, 600, 601, 614), Class Representative Biao Wang ("Plaintiff") submits this objection to the Magistrate Judge's October 22, 2025 order ("Order") (ECF 627) denying his motion for reconsideration upholding Zymergen's privilege claims.

I.      **INTRODUCTION**

Plaintiff has overcome Zymergen's changing assertions, shifting rationales, and misleading arguments to compel the production of hundreds of improperly withheld documents. But over 6,500 responsive Zymergen documents remain withheld or redacted pursuant to the Magistrate Judge's February 21, 2025 order, which held that the documents remained privileged because adversity between Zymergen and the Individual Defendants was only a possibility, and that the Director Defendants had access to the privileged documents as Board members. ECF 524 at 5.

As this Court is aware, on June 6, 2025, Zymergen confirmed its adversity with the Individual Defendants when it alleged in State Court that the Individual Defendants engaged in fraudulent conduct. Shortly thereafter, Zymergen claimed its litigation insurance was exhausted and it was thus immune from suit. Zymergen's counsel, WilmerHale, then revealed in a declaration that back in September 2024, it had advised the Trustee to obtain new counsel because of "concerns" that Zymergen's interests were no longer aligned with the Individual Defendants. ECF 561-1, ¶13.

Plaintiff immediately sought reconsideration of the February 21, 2025 order, on the basis that these developments strengthened the arguments Plaintiff previously advanced and that the "contemporaneous access" argument (which Plaintiff never had an opportunity to rebut) could not withstand factual or legal scrutiny. On October 22, 2025, Plaintiff's motion for reconsideration was denied, but not on the grounds argued by Zymergen. Instead, based on an *in camera* proceeding, the Magistrate Judge found that Zymergen and the Individual Defendants possessed a common legal interest, ***which they have never asserted in any brief***, and maintained all aspects of her prior analysis, despite the materially changed facts.

At least three issues warrant the District Court's de novo review of the Order: First, the finding that Zymergen's attorney-client privilege applies is erroneous because Zymergen has ceased

all operations and claims immunity from any legal liability. Second, the Magistrate Judge should have conducted an *in camera* review of the withheld documents because Zymergen asserts that the Registration Statement was fraudulent and acknowledges that its attorneys were utilized to issue it. Third, there is no common interest extension to waiver because the record now confirms that Zymergen and the Individual Defendants were adverse and Zymergen's subsequent sharing of privileged documents was also not for a common legal interest. The Order is clearly erroneous and contrary to law and the Court should grant Plaintiff's motion for reconsideration.

## II.   LEGAL STANDARD

"[W]hether information is protected by attorney-client privilege is a mixed question of law and fact." *U.S. v. Gonzalez*, 669 F.3d 974, 977 (9th Cir. 2012). The Court reviews factual determinations for clear error and legal questions de novo, and "[m]ixed questions of law and fact are also subject to de novo review." *Plumbers & Pipefitters Loc. 572 Pension Fund v. Cisco Sys., Inc.*, 2005 WL 1459555, at *2 (N.D. Cal. June 21, 2005).[1]

## III.  THE ATTORNEY-CLIENT PRIVILEGE DOES NOT APPLY

The Magistrate Judge failed to properly assess the impact of Zymergen's recent immunity from suit in finding that Zymergen can continue to assert the attorney-client privilege. When a corporation ceases to function "there is a presumption that evidentiary privileges such as attorney-client privilege or the work-product doctrine are no longer viable." *Abdo v. Fitzsimmons*, 2019 WL 10910805, at *1 (N.D. Cal. Oct. 2, 2019) (citing cases).[2] Zymergen has ceased to function as a business; it has no owners, employees, or commercial purpose. *See* ECF 500 at 2; ECF 521 at 3-4. And as of July 8, 2023, Zymergen claims it is now immune from any "'lawsuit, claim or other action.'" ECF 595 at 12; ECF 601 at 10. Whatever grounds may have existed before, Zymergen's claims of immunity extinguishes **any** conceivable need to preserve the attorney-client privilege. *In*

---

[1]   Emphasis is added and internal citations are omitted throughout unless otherwise indicated.

[2]   This is because the attorney-client privilege "should be applied only when necessary to achieve its limited purpose of encouraging full and frank disclosure by the client to his or her attorney." *City of Rialto v. U.S. Dep't of Def.*, 492 F. Supp. 2d 1193, 1200 (C.D. Cal. 2007). However, "'[n]o real purpose would be served by continuing the privilege after operations cease, as the corporation would no longer have any goodwill or reputation to maintain.'" *Id*.

*re Pac. Pictures Corp.*, 679 F.3d 1121, 1127-28 (9th Cir. 2012) ("If we were to unmoor a privilege from its underlying justification, we would at least be failing to construe the privilege narrowly.").

To support a finding that the privilege exists, the Order improperly relies on a clause in the bankruptcy plan transferring any Zymergen privilege to the Trust. Order at 14. But the bankruptcy plan does not establish that those privileges should continue to be applied. *See* ECF 601 at 10-11. Likewise, the Order's reliance on the "Trustee's work remain[ing] underway" improperly focuses *on the Trust* not on *Zymergen*. Order at 14; *see Jiaxing Super Lighting Elec. Appliance Co., Ltd. v. Lunera Lighting, Inc.*, 2021 WL 2711229, at *2 (N.D. Cal. July 1, 2021) ("The continued legal existence of a corporation under the wind-up provisions of Delaware law does not change the analysis for purposes of the attorney-client privilege . . . ."). Moreover, that the Trustee objects to waiver is of no consequence. Order at 14; *Abdo*, 2019 WL 10910805, at *1 (Although "Trustee indicated he does not intend to waive any applicable privilege held by the company . . . he has failed to provide any basis for why such a privilege exists.").

## IV. THE CRIME FRAUD EXCEPTION APPLIES

The Order correctly finds that Plaintiff "offered evidence" that Zymergen engaged in fraudulent conduct (Order at 9) but it errs in concluding that there is no "evidence that Zymergen 'sought the advice of counsel *to further the scheme*.'" *Id.* (emphasis in original). This finding is clearly erroneous and contrary to law particularly given the minimal showing required. *U.S. v. Zolin*, 491 U.S. 554, 572 (1989) ("lesser evidentiary showing is needed to trigger *in camera* review"). In assessing whether "the attorney's services were utilized in furtherance of the ongoing unlawful scheme," "the *client's* knowledge and intentions control." *U.S. v. Martin*, 278 F.3d 988, 1001 (9th Cir. 2002), as amended (Mar. 13, 2002) (emphasis in original).

> A communication between client and attorney can be "in furtherance of" the client's criminal conduct even if the attorney does *nothing* after the communication to assist the client's commission of a crime, and even though the communication turns out not to help (*and perhaps even to hinder*) the client's completion of a crime.

*In re Grand Jury Procs.*, 87 F.3d 377, 381 (9th Cir. 1996). "'[T]he attorney need not himself be aware of the illegality involved; it is enough that the communication . . . was intended *by the client* to further, that illegality.'" *Id*.

1    It is undisputed that Zymergen's attorneys were integral to drafting the Registration Statement and raising $575 million in an IPO. Defendants have submitted multiple expert reports that seek to rely on the role of Zymergen's counsel in the drafting, verifying and approving the statements in the Registration Statement. *See* ECF 595 at 20 n.14; *id.* at 22 & n.15; ECF 601 at 13-14; ECF 595-4, Appendix A, ¶¶9, 11, 14, 17, 37-38, 40, 42, 44, 51, 54; Appendix B, ¶¶17, 18, 35, 49; Appendix C, ¶¶12, 41, 45; ECF 595-5, ¶¶212-215. Regardless of the attorneys' awareness of Zymergen's fraud, the withheld documents admittedly include communications with counsel in furtherance of Zymergen's scheme. ECF 624 at 12:17-22 (Defense counsel: "a large collection of documents on the privilege log . . . relates to the registration statement and the IPO. Legal advice, but from in-house counsel, outside counsel at Freshfields, about drafts of the registration statement and then just other general advice related to the IPO."); *id.* at 7:16-8:20; *see e.g.*, ECF 595-3 at 243, Entry Nos. 2516-2520. The "'extensive involvement' [of counsel] in drafting [false statements]" that the Order erroneously concluded was missing is in fact not disputed at all. Order at 10 (citing *Anbang Grp. Holdings Co. Ltd. v. Zhou*, 2024 WL 199563, at *3 (N.D. Cal. Jan. 18, 2024). Typically, the party withholding documents on the grounds of privilege does not also contend that those documents relate to its own acknowledged fraud. *See* Order at 11. But that is the case here, and an *in camera* review for the crime-fraud exception is warranted.

## V.    DEFENDANTS DO NOT SHARE A COMMON LEGAL INTEREST

The Order erroneously finds a common legal interest preserved Zymergen's privilege despite sharing documents because "the Trust and the Individual Defendants continued to share counsel and to pursue to a common defense strategy against Plaintiffs' claims." Order at 5. But "a shared desire to see the same outcome in a legal matter is insufficient [to create a common legal interest]." *Pac. Pictures*, 679 F.3d at 1129. Rather, the attorneys "need to be 'engaged in maintaining substantially the same cause on behalf of other parties in the same litigation.'" *Gonzalez*, 669 F.3d at 980. Because Zymergen and the Individual Defendants held opposing positions on the falsity of the Registration Statement – which is the gravamen of this §11 securities action – they could not be maintaining "'substantially the same cause.'" *Id.* The Trustee retained his fraud claims in the February 2024 bankruptcy plan, threatened the Individual Defendants with litigation in June 2024,

1  and was told to get new counsel in September 2024 – at which point Zymergen and the Individual
2  Defendants' joint strategy had unambiguously diverged. Yet the Trustee subsequently shared all of
3  Zymergen's privileged material with the Individual Defendants and allowed their counsel to perform
4  Zymergen's privilege review. *Id.* at 981 ("it had ended at least by the time Gonzalez decided to
5  pursue his own defense and blame Paiz for the crime"); *see* ECF 595 at 14-15; ECF 601 at 3-5.

6  Most concerning is that Zymergen is required to "expressly make the claim" of privilege with
7  enough detail for "other parties to assess the claim." Fed. R. Civ. P. 26(b)(5)(A)(i)-(ii). The
8  withholding party must "prove the existence of a common interest agreement, which requires 'some
9  evidence of an agreement to share information for the specific purpose of coordinating a common
10 legal defense.'" *In re Cal. Bail Bond Antitrust Litig.*, 778 F. Supp. 3d 1051, 1063 (N.D. Cal. 2025).[3]
11 But ***nowhere*** in the voluminous briefing over the past year has Zymergen ***ever*** asserted that it shared
12 a common interest with the Individual Defendants. *See* ECF 452, 467, 501, 520, 523, 567, 599, 600.
13 Indeed, the Trustee only contended that adversity between Zymergen and the Individual Defendants
14 was "immaterial to the privilege analysis" and that the underlying documents were created when
15 they "were not adverse." ECF 599 at 7.

16 Lastly, the Individual Defendants have no legal interest in ***Zymergen's privileges***, and thus
17 sharing its privileged documents itself to determine what is privileged does not fall under the
18 common interest exception. ECF 561-1, ¶¶12-13; *Nidec Corp. v. Victor Co. of Japan*, 249 F.R.D.
19 575, 578 (N.D. Cal. 2007) (The "legal assistance must pertain to the matter in which the parties have
20 a joint legal interest, and the communication must be designed to further that specific legal
21 interest."); ECF 501 at 4-5; *see* ECF 601 at 12; ECF 624 at 34:17-19 (WilmerHale: "we were doing
22 that as counsel for Zymergen, not counsel for the individual defendants"); *id.* at 40:15-22.[4]

---

[3] An "[*in camera* process] is not to be used as a substitute for a party's obligation to justify its withholding of documents." *Diamond State Ins. Co. v. Rebel Oil Co., Inc.*, 157 F.R.D. 691, 700 (D. Nev. 1994) (citing cases). In *Gonzales*, declarations and follow-on depositions asserting the common legal interest were first required. *Gonzalez*, 669 F.3d at 979.

[4] The Magistrate Judge refused to correct her erroneous finding that each of the Defendants had access to the documents at the time they were created on the grounds that Plaintiff was repeating arguments and could have previously sought reconsideration. Order at 12. The Court is simply wrong on the procedural history and reconsideration would have been wasteful as the access holding was non-determinative in the prior order.

| | | |
|---|---|---|
| 1 | DATED: November 5, 2025 | ROBBINS GELLER RUDMAN & DOWD LLP |
| 2 | | JUAN CARLOS SANCHEZ |
| | | PATTON L. JOHNSON |

s/Patton L. Johnson
PATTON L. JOHNSON

655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
jsanchez@rgrdlaw.com
pjohnson@rgrdlaw.com

ROBBINS GELLER RUDMAN & DOWD LLP
SHAWN A. WILLIAMS
DANIEL J. PFEFFERBAUM
ALEX N. JILIZIAN
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA  94104
Telephone:  415/288-4545
415/288-4534 (fax)
shawnw@rgrdlaw.com
dpfefferbaum@rgrdlaw.com
ajilizian@rgrdlaw.com

Counsel for Plaintiffs

BERMAN TABACCO
NICOLE LAVALLEE (SBN 165755)
KRISTIN J. MOODY (SBN 206326)
CHRISTINA M. SARRAF (SBN 328028)
425 California Street, Suite 2300
San Francisco, CA  94104
Telephone:  415/433-3200
415/433-6382 (fax)
nlavallee@bermantabacco.com
kmoody@bermantabacco.com
csarraf@bermantabacco.com

| | |
|---|---|
| 1 | |
| 2 | BERMAN TABACCO |
| | LESLIE R. STERN |
| 3 | PATRICK T. EGAN |
| | One Liberty Square |
| 4 | Boston, MA  02109 |
| | Telephone:  617/542-8300 |
| 5 | 617/542-1194 (fax) |
| | lstern@bermantabacco.com |
| 6 | pegan@bermantabacco.com |
| 7 | Counsel for Plaintiff West Palm Beach Firefighters' Pension Fund |
| 8 | |
| | KLAUSNER, KAUFMAN, JENSEN |
| 9 |   & LEVINSON |
| | ROBERT D. KLAUSNER |
| 10 | BONNI S. JENSEN |
| | 7080 NW 4th Street |
| 11 | Plantation, FL  33317 |
| | Telephone:  954/916-1202 |
| 12 | 954/916-1232 (fax) |
| | bob@robertdklausner.com |
| 13 | bonni@robertdklausner.com |
| 14 | |
| 15 | Board Counsel for Plaintiff West Palm Beach Firefighters' Pension Fund |