ROBBINS GELLER RUDMAN
  & DOWD LLP
SHAWN A. WILLIAMS (213113)
DANIEL J. PFEFFERBAUM (248631)
ALEX N. JILIZIAN (362307)
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA 94104
Telephone: 415/288-4545
415/288-4534 (fax)
shawnw@rgrdlaw.com
dpfefferbaum@rgrdlaw.com
ajilizian@rgrdlaw.com
     – and –
ELLEN GUSIKOFF STEWART (144892)
JUAN CARLOS SANCHEZ (301834)
PATTON L. JOHNSON (320631)
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)
elleng@rgrdlaw.com
jsanchez@rgrdlaw.com
pjohnson@rgrdlaw.com

Counsel for Lead Plaintiff

[Additional counsel appear on signature page.]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| BIAO WANG, Individually and on Behalf of All Others Similarly Situated, <br><br>                     Plaintiff, <br><br>     vs. <br><br> ZYMERGEN INC., et al., <br><br>                     Defendants. | Case No. 5:21-cv-06028-PCP <br><br> NOTICE OF MOTION AND UNOPPOSED JOINT MOTION FOR INDICATIVE RULING; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF <br><br> Date:    April 30, 2026 <br> Time:   10:00 a.m. <br> Judge:  Hon. P. Casey Pitts <br> Ctrm:   8, 4th Floor |

## NOTICE OF MOTION AND MOTION

### TO THE COURT, ALL PARTIES, AND THEIR COUNSEL OF RECORD:

**PLEASE TAKE NOTICE** that on April 30, 2026, in the United States District Court for the Northern District of California, Lead Plaintiff and Defendants True Ventures IV, L.P., True Ventures Select I, L.P., True Ventures Select II, L.P., True Ventures Select III, L.P., True Ventures Select IV, L.P., True Venture Management, L.L.C., SVF Excalibur (Cayman) Limited, SVF Endurance (Cayman) Limited, SoftBank Vision Fund (AIV M1) L.P., SB Investment Advisors (US) Inc., Data Collective II, L.P., DCVC Opportunity Fund, L.P., and DCVC Management Co, LLC (collectively, the "VC Defendants") do hereby jointly move this Court for an indicative ruling, pursuant to Federal Rule of Civil Procedure 62.1, that this Court is inclined to grant preliminary approval of the class action settlement (the "Joint Motion"). This Joint Motion is based upon this Notice of Motion and Joint Motion, Memorandum of Points and Authorities, all exhibits attached thereto, all records and papers on file in this action, and any argument offered at a hearing on this Motion.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    INTRODUCTION

This Joint Motion is respectfully submitted by Lead Plaintiff and the VC Defendants[1] in connection with Lead Plaintiff's Motion for Preliminary Approval of Proposed Settlement (the "Preliminary Approval Motion"), ECF No. 646, in order to effectuate the Court's review of a proposed full and final settlement (the "Settlement"). The Settlement was reached between all parties to this action (the "Litigation") while an appeal was pending before the United States Court of Appeals for the Ninth Circuit of this Court's March 6, 2025 minute order, which in effect granted certification as to claims against the VC Defendants (ECF 536-1). That appeal remains pending, albeit temporarily administratively closed, with periodic status reports due in that court.

---

[1] The other defendants, J.P. Morgan Securities LLC, Goldman Sachs & Co. LLC, Cowen and Company, LLC, BofA Securities, Inc., UBS Securities LLC, Lazard Frères & Co. LLC, Josh Hoffman, Enakshi Singh, Steven Chu, Jay T. Flatley, Christine M. Gorjanc, Travis Murdoch, Matthew A. Ocko, Sandra E. Peterson, Zach Serber, and Rohit Sharma, do not oppose this Motion.

To avoid any argument that this Court lacks jurisdiction to entertain a motion to approve the settlement (on the theory that this Court may not address matters that are the subject of, or inextricably intertwined with, the order under appellate review), the parties now request, out of an abundance of caution, an indicative ruling under Federal Rule of Civil Procedure 62.1 that this Court is inclined to grant the Preliminary Approval Motion. If the Court issues an indicative ruling, the parties will then jointly ask the Ninth Circuit for a limited remand pursuant to Federal Rule of Appellate Procedure 12.1, so that this Court can then issue as an actual ruling what was an indicative ruling.

## II.    PROCEDURAL HISTORY[2]

The Litigation is currently pending before Judge P. Casey Pitts in the United States District Court for the Northern District of California (the "Court"), and was previously pending before the Hon. Vince Chhabria from April 8, 2022 until August 18, 2023. ECF 106. The initial complaint in the Litigation was filed on August 4, 2021. ECF 1. On December 20, 2021, the Court appointed Biao Wang as Lead Plaintiff and Robbins Geller Rudman & Dowd LLP as Lead Counsel. ECF 69.

On February 24, 2022, Lead Plaintiff and plaintiff West Palm Beach Firefighters' Pension Fund filed the first amended complaint ("FAC") alleging (1) violations under §11 of the Securities Act of 1933 (the "Securities Act") for a false and misleading prospectus and Form S-1 (the "Registration Statement") against Zymergen, the Individual Defendants, and the Underwriter Defendants; and (2) control person violations under §15 of the Securities Act against the Individual Defendants and the VC Funds.[3]  ECF 78, ¶¶190–203.

Defendants moved to dismiss the FAC on April 25, 2022. ECF 134-37. On November 29, 2022, the Court denied Defendants' motions with respect to the §11 claims and the §15 claims

---

[2]    The procedural history provided herein is a partial history relevant to the instant Joint Motion. A complete procedural history can be found at pages 2 to 5 of the parties' Settlement, ECF 646-2.

[3]    The VC Funds refers to True Ventures IV, L.P., True Ventures Select I, L.P., True Ventures Select II, L.P., True Ventures Select III, L.P., True Ventures Select IV, L.P., SVF Excalibur (Cayman) Limited, SVF Endurance (Cayman) Limited, SoftBank Vision Fund (AIV M1) L.P., Data Collective II, L.P., and DCVC Opportunity Fund, L.P.

against the Individual Defendants.  ECF 162.  The Court granted the VC Funds' motion to dismiss the §15 claims against them.  *Id*.; *see* ECF 167 (confirming §15 dismissal applied only to VC Funds).

On April 6, 2023, Lead Plaintiff filed his class certification motion.  ECF 180.  After obtaining discovery from Plaintiffs, the Defendants then in the Litigation (which did not include the dismissed VC Funds) did not oppose class certification, but reserved all rights, including an express reservation of their rights to revise the class definition in connection with any potential settlement or otherwise.  ECF 188.  On August 11, 2023, Judge Chhabria granted Lead Plaintiff's motion and certified a class of Zymergen investors as defined in Lead Plaintiff's class certification motion.  ECF 194; ECF 180 at 3.  On September 6, 2023, the Court approved the dissemination of class notice.  ECF 209, ¶¶5-10.  Notice of the pendency of the Litigation was provided to over 9,200 potential class members and nominees, *see* ECF 229; no potential Class Member elected to opt out of this action.  A website was also established, www.ZymergenSecuritiesLitigation.com, which contains case information for Class Members, as well as copies of important documents.

On December 21, 2023, Lead Plaintiff sought leave to file a second amended class action complaint ("SAC") prior to the Court-established deadline to amend, that made additional allegations in support of the previously-dismissed §15 claims against the VC Funds, and added True Venture Management, L.L.C., DCVC Management Co, LLC, and SB Investment Advisors (US) Inc. (together with the VC Funds, the "VC Defendants") as defendants to the same claims, along with a new *respondeat superior* theory.  ECF 234.  The VC Defendants opposed Lead Plaintiff's request for leave to file the amended complaint (ECF 292, 296, 299); on February 26, 2024, the Court granted Lead Plaintiff's motion for leave to amend (ECF 313) and the SAC became the operative complaint (ECF 321).

On February 28, 2025, the VC Defendants filed a motion asking the Court to set a briefing schedule for Lead Plaintiff to file a second class certification motion.  ECF 528.  During a March 6, 2025 hearing, the Court denied the motion.  ECF 536.  On March 20, 2025, the VC Defendants

filed a petition seeking Rule 23(f) review by the U.S. Court of Appeals for the Ninth Circuit. On June 18, 2025, the Ninth Circuit granted that petition. ECF 550; 23(f) Petition, Dkt. 2.1.

On June 25 and 26, 2025, Defendants filed motions asking this Court to stay the case pending the Ninth Circuit's resolution of the VC Defendants' Rule 23(f) petition. ECF 553, 555, 556. On August 4, 2025, the Court issued an order staying the case as to the VC Defendants only. ECF 590. The VC Defendants' Rule 23(f) appeal remains pending.

On November 25, 2025, the Parties informed the Court that they reached a settlement in principle, and the next day the Court granted the Parties' stipulation to stay all deadlines until further order of this Court in anticipation of the filing of a motion seeking preliminary approval of the settlement. ECF 639.

On December 12, 2025, also in anticipation of the filing of a motion seeking preliminary approval of the settlement in district court, the Ninth Circuit issued an order implementing a temporary, administrative closure of the docket on the VC Defendants' appeal until July 1, 2026. Lead Plaintiff filed his Preliminary Approval Motion, ECF No. 646, in this Court on March 25, 2026.

## III. ARGUMENT

### A. The Court Is Authorized to Issue an Indicative Ruling Pursuant to Fed. R. Civ. P. 62.1

The limited remand procedure is "widely accepted" across the federal system and has been codified into the Federal Rules." *Dominguez v. Gulf Coast Marine & Assocs.*, 607 F.3d 1066, 1074 n.5 (5th Cir. 2010); Fed. R. Civ. P. 62.1; Fed. R. App. P. 12.1; *see Harper v. Charter Commc'ns, LLC*, 2024 WL 3901469, at *1 (E.D. Cal. Aug. 22, 2024) ("The purpose of Rule 62.1(a) is to promote judicial efficiency and fairness."). "The procedure that must be followed under Rule 62.1 first involves asking the District Court to indicate what it would do with the question, or at least consider whether there is a serious issue raised." *Defs. of Wildlife v. Salazar*, 776 F. Supp. 2d 1178, 1182 (D. Mont. 2011). Here, the pertinent provision of the rule instructs that, if a timely motion is made for relief that the Court lacks authority to grant because of an appeal that is pending, the Court may, among other things, issue an indicative ruling "stat[ing]

either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue." Fed. R. Civ. P. 62.1(a)(3).

If the District Court is "inclined to grant the request for an indicative ruling," the next step "is to tell the parties and the Circuit Court of [this] intent." *Defs. of Wildlife*, 776 F. Supp. 2d at 1182. It is then "up to the Circuit Court to decide whether it will send the case back to the District Court and empower the lower court to rule." *Id.* If a limited remand is granted, the Ninth Circuit "retains jurisdiction unless it expressly dismisses the appeal." Fed. R. App. P. 12.1(b).

If the Court issues an indicative ruling, Lead Plaintiff and the VC Defendants will "promptly notify" the Ninth Circuit clerk. Fed. R. Civ. P. 62.1(b). Concurrent with that notification, Lead Plaintiff and the VC Defendants will jointly ask the Ninth Circuit to order a limited remand. *See* Fed. R. App. P. 12.1(b).

### B. The Court Should Issue An Indicative Ruling That It Is Inclined To Grant The Preliminary Approval Motion

The Court should issue an indicative ruling that it is inclined to grant Lead Plaintiffs' Preliminary Approval Motion regarding the class action Settlement reached in this action.

There is an "'overriding public interest'" in the settlement of disputes:

> "The Ninth Circuit is firmly committed to the rule that the law favors and encourages compromise settlements. There is an overriding public interest in settling and quieting litigation. It is well recognized that settlement agreements are judicially favored as a matter of sound public policy. Settlement agreements conserve judicial time and limit expensive litigation."

*Camacho v. City of San Luis*, 359 F. App'x 794, 796 (9th Cir. 2009) (quoting *Ahern v. Cent. Pac. Freight Lines*, 846 F.2d 47, 48 (9th Cir. 1988)). Indeed, this is particularly true where, like here, "complex class action litigation is concerned." *In re Solara Med. Supplies Data Breach Litig.*, 2022 WL 1174102, at *7 (N.D. Cal. Apr. 20, 2022) (quoting *Class Plaintiffs v. Seattle*, 926 F.3d 539, 556 (9th Cir. 2019)). Moreover, courts should defer to "'the private consensual decision of the [settling] parties,' particularly where the parties are represented by experienced counsel and negotiation has been facilitated by a neutral party." *Id.* (quoting *Rodriguez v. W. Publ'g Corp.*, 563 F.3d 948, 965 (9th Cir. 2009)).

While the settlement of most private-party disputes does not require judicial approval, and can potentially be effectuated notwithstanding an underlying judgment or dismissal, class action settlements such as this one require judicial approval pursuant to Fed. R. Civ. P. 23. *Officers for Justice v. Civil Serv. Comm'n*, 688 F.2d 615, 623 (9th Cir. 1982); *In re Syncor ERISA Litig.*, 516 F.3d 1095, 1100 (9th Cir. 2008).  Here, for the reasons set forth in the Preliminary Approval Motion, the proposed Settlement is entitled to a "presumption of fairness," and there is no reason to doubt that the Settlement should be considered by the Court and the class.  *Ramirez v. Ghilotti Bros. Inc.*, 2014 WL 1607448, at *1 (N.D. Cal. Apr. 21, 2014); ECF No. 646 at 9-19.

## IV.    CONCLUSION

For all the foregoing reasons, the Lead Plaintiff and the VC Defendants respectfully request that the Court issue an indicative ruling stating that it is inclined to grant Lead Plaintiff's Preliminary Approval Motion.

DATED:  March 26, 2026

ROBBINS GELLER RUDMAN
  & DOWD LLP
SHAWN A. WILLIAMS
DANIEL J. PFEFFERBAUM
ALEX N. JILIZIAN


s/ Daniel J. Pfefferbaum
DANIEL J. PFEFFERBAUM

Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA  94104
Telephone:  415/288-4545
415/288-4534 (fax)
shawnw@rgrdlaw.com
dpfefferbaum@rgrdlaw.com
ajilizian@rgrdlaw.com

ROBBINS GELLER RUDMAN
  & DOWD LLP
ELLEN GUSIKOFF STEWART
JUAN CARLOS SANCHEZ
PATTON L. JOHNSON
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
elleng@rgrdlaw.com
jsanchez@rgrdlaw.com
pjohnson@rgrdlaw.com

Counsel for Plaintiffs


GOODWIN PROCTER LLP
JONATHAN A. SHAPIRO


          s/ Jonathan A. Shapiro
          JONATHAN A. SHAPIRO

525 Market Street
San Francisco, CA  94105
Telephone:  415/733-6000
415/677-9041 (fax)
jshapiro@goodwinlaw.com

GOODWIN PROCTER LLP
DANIEL ROESER
VALERIE A. HAGGANS
The New York Times Building
620 Eighth Avenue
New York, NY  10018
Telephone:  212/813-8800
213/355-3333 (fax)
droeser@goodwinlaw.com
vhaggans@goodwinlaw.com

Attorneys for Defendants True Ventures IV,
L.P., True Ventures Select I, L.P., True Ventures
Select II, L.P., True Ventures Select III, L.P.,
True Ventures Select IV, L.P., and True Venture
Management, L.L.C.

GIBSON, DUNN & CRUTCHER LLP
MICHAEL D. CELIO
ZANETA J. KIM


                    s/ Michael D. Celio
                 MICHAEL D. CELIO

310 University Avenue
Palo Alto, CA  94301
Telephone:  650/849-5300
650/849-5333 (fax)
mcelio@gibsondunn.com
zkim@gibsondunn.com

GIBSON, DUNN & CRUTCHER LLP
MICHAEL J. KAHN
One Embarcadero Center, Suite 2600
San Francisco, CA  94111
Telephone:  415/393-8200
415/393-8306 (fax)
mjkahn@gibsondunn.com

Attorneys for Defendants Data Collective II,
L.P., DCVC Opportunity Fund, LP., and DCVC
Management Co., LLC


QUINN EMANUEL URQUHART &
   SULLIVAN, LLP
LINDA J. BREWER

                    s/ Linda J. Brewer

                 LINDA J. BREWER

50 California Street, 22nd Floor
San Francisco, CA  94111
Telephone:  415/875-6600
415/875-6700 (fax)
lindabrewer@quinnemanuel.com

QUINN EMANUEL URQUHART &
  SULLIVAN, LLP
HARRY A. OLIVAR, JR.
ROBERT E. ALLEN
865 South Figueroa Street
Los Angeles, CA  90017
Telephone:  213/443-3000
213/443-3100 (fax)
harryolivar@quinnemanuel.com
robertallen@quinnemanuel.com

Attorneys for Defendants SVF Endurance
(Cayman) Ltd., SVF Excalibur (Cayman) Ltd.,
SoftBank Vision Fund (AIV M1) L.P., and SB
Investment Advisers (US) Inc.

**ATTESTATION PURSUANT TO LOCAL RULE 5-1**

I, Daniel J. Pfefferbaum, am the ECF user whose identification and password are being used to file the NOTICE OF MOTION AND UNOPPOSED MOTION JOINT MOTION FOR INDICATIVE RULING; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF. Pursuant to Local Rule 5-1(i)(3) and in compliance with General Order No. 45X.B., I hereby attest that Jonathan A. Shapiro, Michael D. Celio, and Linda J. Brewer have concurred in this filing.

DATED:  March 26, 2026

s/ Daniel J. Pfefferbaum
DANIEL J. PFEFFERBAUM

# [PROPOSED] ORDER

This matter came before the Court upon the joint motion of Lead Plaintiff and the VC Defendants pursuant to Rule 62.1 of the Federal Rules of Civil Procedure, asking this Court to indicate its willingness to accept the limited remand from the Court of Appeals and proceed to grant Lead Plaintiff's Motion for Preliminary Approval of Proposed Settlement.

Having considered the motion and the entire record, the Court is of the opinion, and so finds, that if the case is remanded to it by the Court of Appeals for the Ninth Circuit, it will grant the relief requested.

**IT IS SO ORDERED**.

DATED:  _____     _____
                                    THE HONORABLE P. CASEY PITTS
                                    UNITED STATES DISTRICT JUDGE

## [PROPOSED] ORDER

This matter came before the Court upon the joint motion of Lead Plaintiff and the VC Defendants pursuant to Rule 62.1 of the Federal Rules of Civil Procedure, asking this Court to indicate its willingness to accept the limited remand from the Court of Appeals and proceed to grant Lead Plaintiff's Motion for Preliminary Approval of Proposed Settlement.

Having considered the motion and the entire record, the Court is of the opinion, and so finds, that if the case is remanded to it by the Court of Appeals for the Ninth Circuit, it will grant the relief requested.

**IT IS SO ORDERED**.

DATED:    April 30, 2026                           _____

THE HONORABLE P. CASEY PITTS
UNITED STATES DISTRICT JUDGE

ORDER ON JOINT MOTION FOR INDICATIVE RULING - 5:21-cv-06028-PCP