UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| BIAO WANG, et al.,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>ZYMERGEN INC., et al.,<br><br>　　　　　Defendants. | Case No.  21-cv-06028-PCP<br><br>**ORDER GRANTING MOTION FOR PRELIMINARY APPROVAL OF CLASS-ACTION SETTLEMENT**<br><br>Re: Dkt. No. 646 |

**BACKGROUND**

In this securities-fraud class action, lead plaintiff Biao Wang represents a class of investors in Zymergen, Inc's initial public offering in 2021. Wang asserts that Zymergen's registration statements contained misleading or untrue statements concerning the company's product-development pipeline and expected revenue generation or omitted material facts about Zymergen's business projections. The initial complaint in this action was filed on August 4, 2021. The operative second amended complaint (SAC), which was filed on March 4, 2024, asserts claims under Sections 11 and 15 of the Securities Act, 15 U.S.C. §§ 77k and 77o, against various individuals and entities that allegedly exercised control over Zymergen or were otherwise involved in the alleged securities fraud.

The Court granted in part and denied in part the motions to dismiss the SAC on August 14, 2024, allowing the § 11 claims to proceed in full and allowing the § 15 claims to proceed except as to a subset of defendant entities. On August 11, 2023, the Court certified a class consisting of persons and entities that purchase or otherwise acquired Zymergen common stock pursuant and/or traceable to the registration statement and prospectus issued in connection with Zymergen's IPO. Thereafter, notice was sent to over 9,200 potential class members and nominees, and no potential class member elected to opt out of the action by the deadline. From December 2022 to January

2025, the parties engaged in extensive fact discovery, including Wang's deposition of six fact witnesses and defendants' depositions of the plaintiffs. Following the close of fact discovery, the parties exchanged expert reports and engaged in expert discovery from January to May 2025, with Wang serving reports from a total of four experts and defendants serving reports from five. The parties also engaged in a lengthy mediation process over the course of more than two years before former United States District Judge Layn R. Phillips. After the culmination of that process, the parties informed the Court on November 25, 2025 that they had reached a settlement in principle based on the mediator's proposal.

On March 25, 2026, the parties moved for preliminary approval of the class-action settlement, approval of the class notice program, approval of the settlement administrator, and the setting of a final approval hearing. The Court heard argument on the motion on April 30, 2026.

Under the terms of the settlement, the settling defendants will pay, or cause to be paid, $125 million into a settlement fund, which will first cover the costs of administering the settlement, providing notice to class members, funding class representative awards, paying any award of attorneys' fees and costs (including interest) to plaintiffs' counsel, and paying any taxes or tax-related expenses, and then be distributed pro rata to class members who submit valid and timely claims. The class representatives may seek awards pursuant to 15 U.S.C. §77z-1(a)(4) of no more than $40,000 in the aggregate. Plaintiffs' counsel will seek fees of no more than 30% of the settlement amount and expenses of up to $3 million.

Under the terms of the settlement, class members will release "all claims and causes of action … that have been or could have been asserted in [this action], … [and are] based on, arising out of, or in connection with both: (i) the purchase, acquisition, holding, sale, or disposition of Zymergen common stock purchased or acquired pursuant and/or traceable to the Registration Statement; and (ii) the allegations, acts, transactions, facts, events, matters, occurrences, disclosures, filings, representations, statements, or omissions that were or could have been alleged by Lead Plaintiff or other Class Members in [this action]."

The parties propose notifying class members by sending a summary notice by email or first-class mail, publishing the notice in *The Wall Street Journal* and over a national newswire

2

service, and placing the notice on a dedicated, publicly accessible settlement website with detailed information on the proposed settlement.

Under the proposed schedule, settlement administrator Verita will begin providing notice to class members within 21 days of this preliminary approval order. Class members will have at least 90 days from the date of preliminary approval to object to the settlement. Verita estimates the cost of providing notice and administering the settlement at $700,000, approximately half of one percent of the settlement fund.

## LEGAL STANDARDS

While "[t]he Ninth Circuit has a strong judicial policy that favors settlements in class actions," *Hudson v. Libre Technology, Inc.*, 2019 WL 5963648, at *3 (S.D. Cal. Nov. 13, 2019), Federal Rule of Civil Procedure 23(e) nevertheless requires that district courts approve any class-action settlement. That is because "settlement class actions present unique due process concerns for absent class members, and the district court has a fiduciary duty to look after the interests of those absent class members." *Allen v. Bedolla*, 787 F.3d 1218, 1223 (9th Cir. 2015) (citation modified). To protect those interests, "courts must scrutinize settlement agreements—including post-class certification settlements—for potentially unfair collusion" between the defendants and class counsel. *Briseño v. Henderson*, 998 F.3d 1014, 1019 (9th Cir. 2021).

"Approval of a settlement is a two-step process. Courts first determine whether a proposed class action settlement deserves preliminary approval and then, after notice is given to class members, whether final approval is warranted." *In re Volkswagen "Clean Diesel" Mktg., Sales Pracs., & Prod. Liab. Litig.*, 229 F. Supp. 3d 1052, 1062 (N.D. Cal. 2017) (quoting *In re High-Tech Employee Antitrust Litig.*, 2014 WL 3917126, at *3 (N.D. Cal. Aug. 8, 2014)). A settlement deserves preliminary approval where the Court "will likely be able to … approve the proposal under Rule 23(e)(2)" and "certify the class for purposes of judgment on the proposal." Fed. R. Civ. P. 23(e)(1)(B). As to likely approval, Rule 23(e)(2) requires district courts to ensure that any class settlement is "fair, reasonable, and adequate." Fed. R. Civ. Proc. 23(e)(2). In making this determination, a court must consider whether:

United States District Court
Northern District of California

United States District Court
Northern District of California

(A) the class representatives and class counsel have adequately represented the class;

(B) the proposal was negotiated at arm's length;

(C) the relief provided for the class is adequate, taking into account:

(i) the costs, risks, and delay of trial and appeal;

(ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims;

(iii) the terms of any proposed award of attorney's fees, including timing of payment; and

(iv) any agreement required to be identified under Rule 23(e)(3); and

(D) the proposal treats class members equitably relative to each other.

*Id.*

### ANALYSIS

**I.      The proposed settlement is fair, reasonable, and adequate.**

Because the Court has already certified a plaintiff class in this action, it need only consider whether it will likely approve the proposed settlement—that is, whether the proposed settlement is likely "fair, reasonable, and adequate." *Id.* This inquiry does not ask whether a settlement "embod[ies] the *best* result" possible. *In re Google Referrer Header Priv. Litig.*, 2014 WL 1266091, at *6 (N.D. Cal. Mar. 26, 2014) (emphasis added). Rather, the Court may grant preliminary approval of a settlement and direct notice to the class if "the proposed settlement [1] appears to be the product of serious, informed, non-collusive negotiations, [2] has no obvious deficiencies, [3] does not improperly grant preferential treatment to class representatives or segments of the class, and [4] falls within the range of possible approval." *In re Tableware Antitrust Litig.*, 484 F. Supp. 2d 1078, 1079 (N.D. Cal. 2007).

Each factor favors preliminary approval of the settlement here.

**A.      The proposed settlement appears to be the product of serious, informed, non-collusive negotiations.**

"The first fairness factor concerns the means by which the parties arrived at settlement." *Toolajian v. Air Methods Corp.*, 2020 WL 8674094, at *8 (N.D. Cal. Apr. 24, 2020) (internal quotations omitted). The settlement agreement here was reached after more than four years of

litigation, including plaintiffs' success in opposing multiple motions to dismiss. Before reaching agreement on the proposed settlement, the parties exchanged and responded to discovery requests, took multiple depositions from fact witnesses, and served a total of nine expert reports. The parties reached the settlement after a protracted two-year mediation process, including a full-day mediation session conducted by a retired federal district judge, which resulted in the parties' acceptance of the mediator's proposal. Additionally, the structure of the settlement does not suggest collusion as the parties have not negotiated a provision whereby class counsel would receive fees separate from class settlement funds. Nor would unused funds revert to defendants. And class counsel will not receive a disproportionate share of the settlement. All of these features of the settlement and its negotiation suggest that the parties were "armed with sufficient information about the case" to broker a fair settlement. *Acosta v. Trans Union, LLC*, 243 F.R.D. 377, 396 (C.D. Cal. 2007).

### B.    The proposed settlement treats all class members fairly.

Under the proposed settlement, all class members who file valid and timely claims will receive a pro rata share of the $125 million settlement fund based on the relative size of their claims. The Court is satisfied that the allocation of the settlement does not unfairly benefit some class members over others.

To be certain, the settlement provides for the representative parties to seek approval of awards of no more than $40,000 in the aggregate pursuant to 15 U.S.C. §77z-1(a)(4). But approval of the settlement is not contingent on any award. And to receive approval for such awards, the representatives will be required to "show some actual expense or loss incurred as a result of acting as a class representative." *In re Merrill Lynch & Co., Inc. Rsch. Reps. Sec. Litig.*, No. 02 MDL 1484, 2007 WL 313474, at \*25 (S.D.N.Y. Feb. 1, 2007). The Court reserves further analysis of the propriety of the proposed award until final approval.

### C.    The proposed settlement falls within a range of possible settlements.

To determine whether a settlement "falls within the range of possible approval[,] ... the Court focuses on substantive fairness and adequacy and considers [plaintiffs'] expected recovery balanced against the value of the settlement offer." *Toolajian*, 2020 WL 8674094, at \*10 (internal

United States District Court
Northern District of California

United States District Court
Northern District of California

quotations omitted). Here, "[a]s with any securities litigation case, it would be difficult for [Wang] to prove loss causation and damages at trial. Moreover, given the four years of litigation already underway, [Wang] would risk recovering nothing without a settlement." *In re Celera Corp. Sec. Litig.*, No. 5:10-CV-02604, 2015 WL 1482303, at *5 (N.D. Cal. Mar. 31, 2015); *see also Redwen v. Sino Clean Energy, Inc.*, No. 11-CV-3936, 2013 WL 12129279, at *5 (C.D. Cal. Mar. 13, 2013) ("Courts experienced with securities fraud litigation routinely recognize that securities class actions present hurdles to proving liability that are difficult for plaintiffs to clear." (citation modified)). Those risks are compounded by "[t]he fact that … issues … at the heart of plaintiffs' case"—including defendants' due diligence and reasonable grounds for believing the accuracy of Zymergen's registration statement—"would have been the subject of competing expert testimony," which "suggests that plaintiffs' ability to prove liability was somewhat unclear." *Weeks v. Kellogg Co.*, 2013 WL 6531177, at *13 (C.D. Cal. Nov. 23, 2013). And the complexity of this case, which would "likely to be expensive and lengthy to try," adds to plaintiffs' financial risk absent a settlement. *Low v. Trump Univ., LLC*, 246 F. Supp. 3d 1295, 1300 (S.D. Cal. 2017) (quoting *Rodriguez v. W. Publ'g Corp.*, 563 F.3d 948, 966 (9th Cir. 2009)), *aff'd*, 881 F.3d 1111 (9th Cir. 2018).

In the face of this risk, the proposed settlement provides for recovery of approximately 28% of estimated recoverable damages as calculated by Wang's expert. The available record suggests that this is substantially higher, as a percentage of likely statutory damages, than the median settlement in other actions under the Securities Act. *See Volkswagen*, 2019 WL 2077847, at *2 n.2 (noting that "the median settlement recovery from 2009 to 2017 was only five percent of damages in securities class actions"); LAARNI BULAN & ERIC TAM, SECURITIES CLASS ACTION SETTLEMENTS—2024 REVIEW & ANALYSIS 9 (Cornerstone Research, Inc. 2025), Dkt. No. 646-3 at 13 (reporting that the "median settlement as a percentage of 'statutory damages'" in Securities Act cases in 2024 was "7.1%"). And "it is well-settled law that a cash settlement amounting to only a fraction of the potential recovery does not per se render the settlement inadequate or unfair.'" *Fleming v. Impax Lab'ys Inc.*, No. 16-CV-06557-HSG, 2022 WL 2789496, at *6 (N.D. Cal. July 15, 2022) (quoting *Officers for Just. v. Civ. Serv. Comm'n of the City & Cnty. of S.F.*, 688 F.2d

615, 628 (9th Cir. 1982)).

Given the risks plaintiffs would face at trial, and higher-than-average recovery of the proposed settlement, the Court is satisfied that the proposed settlement falls within the range of possible approval and warrants comment from class members. The Court therefore concludes that the proposed settlement is likely "fair, reasonable, and adequate" under Rule 23(e)(2).

**D.      The proposed settlement has no obvious deficiencies.**

The Court finds no obvious deficiencies with the proposed settlement.

**II.      The Court grants preliminary approval as follows:**

Unless otherwise defined, all terms used herein have the same meanings as set forth in the Stipulation.

1.      After a preliminary review, the Settlement appears to be fair, reasonable, and adequate. The Settlement: (a) resulted from arm's-length negotiations overseen by an experienced mediator; (b) eliminates the risks to the Parties of continued litigation; (c) does not provide preferential treatment to Lead Plaintiff or to segments of the Class; (d) does not provide excessive compensation to Lead Counsel; and (e) appears to fall within the range of possible approval and is therefore sufficiently fair, reasonable, and adequate to warrant providing notice of the Settlement to the Class. Accordingly, the Court does hereby preliminarily approve the Stipulation and the Settlement set forth therein, subject to further consideration at the Settlement Hearing described below.

2.      A hearing (the "Settlement Hearing") shall be held before this Court on October 13, 2026, at 10:00 a.m., at the United States District Court for the Northern District of California, Robert F. Peckham Federal Building & United States Courthouse, 280 South 1st Street, San Jose, CA 95113, for the following purposes:

(a) to finally determine whether the Settlement is fair, reasonable, and adequate, and should be approved by the Court;

(b) to finally determine whether Judgment as provided under the Stipulation should be entered, dismissing the Action on the merits and with prejudice, and to determine whether the release by the Class of the Released Defendant Parties as set forth in the Stipulation should be

United States District Court
Northern District of California

7

ordered, along with a permanent injunction barring efforts to prosecute any Released Plaintiff's Claims or Released Defendants' Claims extinguished by the Settlement;

(c) to finally determine whether the proposed Plan of Allocation for the distribution of the Net Settlement Fund is fair and reasonable and should be approved by the Court;

(d) to consider the application of Lead Counsel for an award of attorneys' fees and expenses, including awards to Plaintiffs pursuant to 15 U.S.C. § 77z-1(a)(4);

(e) to consider any Class Member's objections to the Settlement, Plan of Allocation, or application for fees and expenses; and

(f) to rule upon such other matters as the Court may deem appropriate.

3. The Court may adjourn the Settlement Hearing without further notice to the Members of the Class, and reserves the right to approve the Settlement with such modifications as may be agreed upon or consented to by the Parties and without further notice to the Class where to do so would not impair Class Members' rights under Rule 23 of the Federal Rules of Civil Procedure and due process of law. The Court further reserves the right to enter Judgment approving the Settlement and dismissing the SAC, on the merits and with prejudice, regardless of whether it has approved the Plan of Allocation or awarded attorneys' fees and expenses.

4. The Court approves, as to form and content, the Notice of Proposed Settlement of Class Action (the "Notice"), the Proof of Claim and Release form (the "Proof of Claim"), and the Summary Notice of Proposed Settlement of Class Action ("Summary Notice"), annexed hereto as Exhibits 1, 2, and 3, respectively, and finds that the distribution and publication of the Summary Notice, substantially in the manner and form set forth in ¶6 of this Order, meet the requirements of Federal Rule of Civil Procedure 23 and due process, and is the best notice practicable under the circumstances and shall constitute due and sufficient notice to all Persons entitled thereto.

5. The firm of Verita Global ("Claims Administrator") is hereby appointed to supervise and administer the notice procedure as well as the processing of Claims as more fully set forth below.

6. As detailed in paragraphs 6–12 of the Declaration of Ross D. Murray Regarding Notice and Administration, Lead Counsel, through the Claims Administrator, shall commence

United States District Court
Northern District of California

United States District Court
Northern District of California

dissemination of the Summary Notice, substantially in the form annexed hereto, within twenty-one (21) calendar days after the Court signs this Order (the "Notice Date"), by email or first-class mail to all Class Members who can be identified with reasonable effort. Contemporaneously with the emailing or mailing of the Summary Notice, the Claims Administrator shall cause the Notice and Proof of Claim, substantially in the forms attached hereto, to be posted on the case-designated website at www.ZymergenSecuritiesLitigation.com, from which copies of the documents can be downloaded. For all Summary Notices returned as undeliverable, the Claims Administrator shall use its best efforts to locate updated addresses or email addresses. No later than seven (7) calendar days after the Notice Date, the Claims Administrator shall cause the Summary Notice to be published in The Wall Street Journal and once over a national newswire service.

7.    At least seven (7) calendar days prior to the Settlement Hearing, Lead Counsel shall serve on Settling Defendants' Counsel and file with the Court proof, by affidavit or declaration, of such emailing, mailing, and publishing.

8.    Nominees who purchased or otherwise acquired Zymergen common stock pursuant and/or traceable to the Registration Statement for the beneficial ownership of Class Members shall: (a) within ten (10) calendar days of receipt of the Summary Notice request from the Claims Administrator sufficient copies of the Summary Notice to forward to all such beneficial owners and within ten (10) calendar days of receipt of the Summary Notice forward it to all such beneficial owners; or (b) within ten (10) calendar days of receipt of the Summary Notice, send a list of the names and email addresses or physical addresses where an email address is unavailable, of all such beneficial owners to the Claims Administrator in which event the Claims Administrator shall promptly email or mail the Summary Notice to such beneficial owners. If a nominee elects to send the Summary Notice to beneficial owners, such nominee is directed to email or mail (where an email address is unavailable) the Summary Notice within ten (10) calendar days of receipts of those documents from the Claims Administrator, and upon such emailing or mailing, the nominee shall send a statement to the Claims Administrator confirming that the emailing or mailing was made as directed, and the nominee shall retain the list of names and addresses for use in connection with any possible future notice to the Class. Upon full compliance with these

instructions, including the timely emailing or mailing of the Summary Notice to beneficial owners, such nominees may seek reimbursement of their reasonable expenses actually incurred in complying with these instructions by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought and reflecting compliance with these instructions. Reasonable out-of-pocket expenses actually incurred in connection with the foregoing includes up to $0.03 for providing names, addresses, and email addresses to the Claims Administrator per record; up to a maximum of $0.03 per Summary Notice mailed by nominee, plus postage at the rate used by the Claims Administrator; or $0.03 per Summary Notice sent by email. Such properly documented expenses incurred by nominees in compliance with the terms of these instructions will be paid from the Settlement Fund.

9.     Any Summary Notice provided by a third-party must include a link to the website www.ZymergenSecuritiesLitigation.com as well as contact information for the Claims Administrator.

10.     The Court finds that the form and content of the notice program described herein and the methods set forth herein for notifying the Class of the Settlement and its terms and conditions, the Fee and Expense Application, and the Plan of Allocation meet the requirements of Rule 23 of the Federal Rules of Civil Procedure, the Private Securities Litigation Reform Act of 1995, and due process, constitute the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all Persons entitled thereto.

11.     In order to be entitled to participate in the recovery from the Settlement Fund after the Effective Date, each Class Member shall take the following action and be subject to the following conditions:

(a)     A properly completed and executed Proof of Claim must be submitted to the Claims Administrator, at the post office box or electronic mailbox indicated in the Notice and Proof of Claim, postmarked no later than ninety (90) calendar days from the Notice Date. Such deadline may be further extended by Order of the Court. Each Proof of Claim shall be deemed to have been submitted when legibly postmarked (if properly addressed and

United States District Court
Northern District of California

mailed by first-class mail). Any Proof of Claim submitted in any other manner shall be deemed to have been submitted when it was actually received by the Claims Administrator at the address designated in the Notice.

(b) The Proof of Claim submitted by each Class Member must satisfy the following conditions: (i) it must be properly filled out, signed, and submitted in a timely manner in accordance with the provisions of the preceding subparagraph; (ii) it must be accompanied by adequate supporting documentation for the transactions reported therein, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional information found in a broker confirmation slip, or such other documentation as is deemed adequate by the Claims Administrator or Lead Counsel; (iii) if the person executing the Proof of Claim is acting in a representative capacity, a certification of his, her, its, or their current authority to act on behalf of the Class Member must be provided with the Proof of Claim; and (iv) the Proof of Claim must be complete and contain no material deletions or modifications of any of the printed matter contained therein and must be signed under penalty of perjury.

(c) Once the Claims Administrator has considered a timely submitted Proof of Claim, it shall determine whether such Claim is valid, deficient, or rejected. For each Claim determined to be either deficient or rejected, the Claims Administrator shall send a deficiency letter or rejection letter as appropriate, describing the basis on which the Claim was so determined. Persons who timely submit a Proof of Claim that is deficient or otherwise rejected shall be afforded a reasonable time (at least twenty (20) calendar days) to cure such deficiency if it shall appear that such deficiency may be cured.

(d) For the filing of and all determinations concerning their Proof of Claim,

each Class Member shall submit to the jurisdiction of the Court.

12. Any Class Member who does not timely submit a valid and timely Proof of Claim within the time provided for shall be barred from sharing in the distribution of the proceeds of the Settlement Fund, but will in all other respects be subject to and bound by the provisions of the Stipulation and the Judgment, if entered. Notwithstanding the foregoing, Lead Counsel shall have the discretion (but not an obligation) to accept late-submitted Claims for processing by the Claims Administrator so long as distribution of the Net Settlement Fund to Authorized Claimants is not materially delayed thereby, but will bear no liability for failing to accept such late Claims.

13. Any Member of the Class may enter an appearance in the Action, at their own expense, individually or through counsel of their own choice. If they do not enter an appearance, they will be represented by Lead Counsel.

14. All Class Members shall be bound by all determinations and judgments in this Action, whether favorable or unfavorable. Pursuant to the Court's Order dated September 6, 2023 (ECF 209), a Class Member wishing to be excluded from the Class had to submit to the Claims Administrator a request for exclusion ("Request for Exclusion"), by first-class mail, or otherwise hand-deliver it, such that it was postmarked no later than December 5, 2023, to the address listed in the Notice of Pendency. No Class Members sought exclusion from the Class. ECF 229. The Court has determined that no further exclusion opportunity is necessary or appropriate in connection with the Settlement. Therefore, all Class Members shall be bound by the Stipulation and the Judgment, if entered.

15. The Court will consider comments or objections to the Settlement, the Plan of Allocation, or Lead Counsel's request for an award of attorneys' fees and expenses, including awards to Plaintiffs pursuant to 15 U.S.C. §77z-1(a)(4) only if such comments or objections and any supporting papers are submitted to the Court either by mailing them to the Clerk of the Court, United States District Court for the Northern District of California, Robert F. Peckham Federal Building & United States Courthouse, 280 South 1st Street, Room 2112, San Jose, CA 95113, or by filing them in person at any location of the United States District Court for the Northern District of California. Such comments or objections must be filed or postmarked at least twenty-

12

United States District Court
Northern District of California

one (21) calendar days prior to the Settlement Hearing, or September 22, 2026. Attendance at the Settlement Hearing is not necessary but any Person wishing to be heard orally in opposition to the Settlement, the Plan of Allocation, or the application for attorneys' fees and expenses is required to indicate in their written objection whether they intend to appear at the Settlement Hearing. The notice of objection must include documentation establishing the objecting Person's membership in the Class, including the number of shares of Zymergen common stock that the objecting Person purchased or otherwise acquired pursuant and/or traceable to the Registration Statement, and whether any of those shares were sold, as well as the dates and prices for each such purchase, other acquisition or sale, and contain a statement of reasons for the objection, including whether it applies only to the objector, to a specific subset of the Class, or to the entire Class. The objection must identify all other class action settlements the objector and his, her, or its counsel has previously objected to in the prior five years, copies of any papers, briefs, or other documents upon which the objection is based, and contain the objector's signature, even if represented by counsel. Any Member of the Class who does not make his, her, or its objection in the manner provided shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness or adequacy of the Settlement as set forth in the Stipulation, to the Plan of Allocation, or to the award of attorneys' fees and expenses to Lead Counsel or awards to Plaintiffs unless otherwise ordered by the Court. Class Members do not need to appear at the Settlement Hearing or take any other action to indicate their approval.

16.    All funds held by the Escrow Agent shall be deemed and considered to be in custodia legis of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

17.    All opening briefs and supporting documents in support of the Settlement, the Plan of Allocation, and/or any application by Lead Counsel for attorneys' fees and expenses and awards to Plaintiffs shall be filed and served no later than thirty-five (35) calendar days prior to the objection deadline, or August 18, 2026. Replies to any objections shall be filed and served at least seven (7) calendar days prior to the Settlement Hearing, or October 6, 2026.

18.    The Released Defendant Parties shall have no responsibility for the Plan of

13

Allocation or any application for attorneys' fees or expenses submitted by Lead Counsel, and such matters will be considered separately from the fairness, reasonableness, and adequacy of the Settlement. Any order or proceeding relating to the Plan of Allocation or any application for attorneys' fees or expenses, or any appeal from any order relating thereto or reversal or modification thereof, shall not operate to terminate or cancel the Stipulation, or affect or delay the finality of the Judgment approving the Stipulation and the settlement of the Litigation.

19.    At or after the Settlement Hearing, the Court shall determine whether the Plan of Allocation proposed by Lead Counsel, and any application for attorneys' fees or payment of expenses shall be approved.

20.    All reasonable expenses incurred in identifying and notifying Class Members, as well as administering the Settlement Fund, shall be paid as set forth in the Stipulation. In the event the Court does not approve the Settlement, or the Settlement otherwise fails to become effective, neither Lead Counsel, the Class, nor the Claims Administrator shall have any obligation to repay any amounts actually and properly incurred or disbursed pursuant to ¶¶2.11 or 2.13 of the Stipulation.

21.    Neither the Stipulation, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be construed or deemed to be evidence of or constitute an admission, concession, or finding with respect to any allegation in the Litigation, or any fault, negligence, liability, wrongdoing, or damage of any kind.

22.    If the Stipulation and the Settlement set forth therein is not approved or consummated for any reason whatsoever, the Stipulation and Settlement and all proceedings had in connection therewith shall be without prejudice to the rights of the Settling Parties status quo ante.

23.    All proceedings in the Action are stayed until further order of this Court, except as may be necessary to implement the Settlement or comply with the terms of the Stipulation. Pending final determination of whether the proposed Settlement should be approved, neither the Lead Plaintiff, nor any Class Member, directly or indirectly, representatively, or in any other capacity, shall commence or prosecute against any of the Released Defendant Parties, any action

United States District Court
Northern District of California

or proceeding in any court or tribunal asserting any of the Released Plaintiff's Claims.

24.    The Court's orders entered during this Action relating to the confidentiality of information shall survive this Settlement.

25.    The Court may approve the Settlement, with such modifications as may be agreed to by the Settling Parties, if appropriate, without further notice to the Class.

**IT IS SO ORDERED.**

Dated: June 22, 2026

P. Casey Pitts
United States District Judge

United States District Court
Northern District of California

15