UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| BIAO WANG, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>ZYMERGEN INC., et al.,<br><br>Defendants. | Case No. 5:21-cv-06028-PCP<br><br>**FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE** |

This matter came before the Court for hearing pursuant to the order of this Court, dated June 22, 2026, on the application of the Settling Parties for approval of the settlement set forth in the stipulation of settlement dated March 23, 2026 (the "Stipulation"). Due and adequate notice having been given to the Class as required in the order, the Court having considered all papers filed and proceedings held herein and otherwise being fully informed in the premises and good cause appearing therefore, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1. This judgment incorporates by reference the definitions in the Stipulation, and all terms used herein shall have the same meanings as set forth in the Stipulation, unless otherwise stated herein.

2. This Court has jurisdiction over the subject matter of the litigation and over all parties to the litigation, including all members of the class.

3. Pursuant to Rule 23 of the Federal Rules of Civil Procedure and the Court's August 11, 2023 order, the class consists of all persons and entities who purchased or otherwise acquired Zymergen common stock pursuant and/or traceable to the Registration Statement for Zymergen's April 2021 initial public offering. Excluded from the class are defendants, the officers and directors of defendants, at all relevant times, members of their immediate families and their legal representatives, heirs, successors, or assigns and any entity in which settling defendants have or had a controlling interest. For the avoidance of doubt, any "investment vehicle" shall not be excluded from the class.

4. The stipulation does not provide for a further opportunity for class members to seek exclusion, and the Court has determined that no such further exclusion opportunity is necessary or appropriate. In response to the notice of pendency of class action provided to the class in September 2023, no valid requests for exclusion were submitted by class members.

5. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby approves the settlement set forth in the stipulation and finds that:

(a) in light of the benefits to the class and the complexity, expense, and risks associated with further litigation, the stipulation and the settlement contained therein are, in all respects, fair, reasonable, and adequate;

(b) there was no collusion in connection with the stipulation;

(c) lead plaintiff and lead counsel have adequately represented the class;

(d) the stipulation was the product of informed, arm's-length negotiations among competent, able counsel;

(e) the relief provided for the class is adequate, having taken into account: (i) the costs, risks, and delay of trial and appeal; (ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class members' claims; (iii) the terms of any proposed award of attorneys' fees, including timing of payment; and (iv) any agreement required to be identified under Federal Rule of Civil Procedure 23(e)(3);

(f) the proposed plan of allocation treats class members equitably relative to each other; and

(g) the record is sufficiently developed and complete to have enabled lead plaintiff and settling defendants to have adequately evaluated and considered their positions.

6. Accordingly, the Court authorizes and directs implementation and performance of all the terms and provisions of the stipulation, as well as the terms and provisions hereof. The litigation and all claims contained therein are dismissed with prejudice as to the lead plaintiff, the other class members, and as against each and all of the released defendant parties. The settling parties are to bear their own costs except as otherwise provided in the stipulation.

7. No person shall have any claim against the lead plaintiff, lead counsel, or the claims administrator, or any other person designated by lead counsel based on determinations or distributions made substantially in accordance with the stipulation and the settlement contained therein, the plan of allocation, or further order(s) of the Court.

8. Upon the effective date, lead plaintiff, and each and every releasing plaintiff party, shall be deemed to have, and by operation of law and of this judgment shall have, fully, finally, and forever compromised, settled, resolved, waived, released, relinquished, discharged, and dismissed each and every one of the released plaintiff's claims (including, without limitation, unknown claims) against each and every one of the released defendant parties with prejudice on the merits, whether or not lead plaintiff, or such releasing plaintiff party executes and delivers the proof of claim and whether or not the lead plaintiff, or any releasing plaintiff party ever seeks or obtains any distribution from the settlement fund. Claims to enforce the terms of the stipulation are not released.

9. Upon the effective date, the settling defendants and each and every released defendant party shall be deemed to have, and by operation of this judgment shall have, fully, finally, and forever waived, released, discharged, and dismissed the releasing plaintiff parties from all released defendants' claims (including, without limitation, unknown claims). Claims to enforce the terms of the stipulation are not released.

10. Upon the effective date, lead plaintiff, all releasing plaintiff parties, including all class members, and anyone claiming through or on behalf of any of them are forever barred and enjoined from commencing, instituting, asserting, or continuing to prosecute any action or

proceeding in any court of law or equity, arbitration tribunal, administration forum, or other forum of any kind any of the released plaintiff's claims (including, without limitation, unknown claims) against any of the released defendant parties.

11. The distribution of the summary notice, notice, and proof of claim, and publication of the summary notice as provided for in the preliminary approval order constituted the best notice practicable under the circumstances, including individual notice to class members who could be identified through reasonable effort. The notice provided was the best notice practicable under the circumstances of those proceedings and of the matters set forth therein, including the proposed settlement set forth in the stipulation, to all persons entitled to such notice, and said notice fully satisfied the requirements of Federal Rule of Civil Procedure 23, due process, and any other applicable law, including the Private Securities Litigation Reform Act of 1995. No class member is relieved from the terms of the settlement, including the releases provided for therein, based upon the contention or proof that such class member failed to receive actual or adequate notice. A full opportunity has been offered to the class members to object to the proposed settlement and to participate in the hearing thereon. The Court further finds that the notice provisions of the Class Action Fairness Act, 28 U.S.C. §1715, were fully discharged and that the statutory waiting period has elapsed. Thus, it is hereby determined that all members of the class are bound by this judgment.

12. Any plan of allocation submitted by lead counsel or any order entered regarding any attorneys' fee and expense application shall in no way disturb or affect this judgment and shall be considered separate from this judgment. Any order or proceeding relating to the plan of allocation or any order entered regarding any attorneys' fee and expense application, or any appeal from any order relating thereto or reversal or modification thereof, shall not affect or delay the finality of the final judgment in this litigation.

13. Neither this judgment, the stipulation nor the settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the stipulation or the settlement: (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any released plaintiff's claim or of any wrongdoing or liability of the released

Defendant parties; or (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of the released defendant parties; or (c) is or may be deemed to be or may be used as an admission or evidence that any claims asserted by lead plaintiff were not valid or that the amount recoverable was not greater than the settlement amount in any civil, criminal or administrative proceeding in any court, administrative agency, or other tribunal. The released defendant parties may file the stipulation and/or this judgment in any other action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

14. The Court finds that settling defendants have satisfied their financial obligation under the stipulation by paying or causing to be paid $125,000,000.00 to the settlement fund, in accordance with ¶2.2 of the stipulation.

15. Without affecting the finality of this judgment in any way, this Court hereby retains continuing jurisdiction over: (a) implementation of the settlement and any award or distribution of the settlement fund, including interest earned thereon; (b) disposition of the settlement fund; (c) hearing and determining applications for attorneys' fees and expenses in the litigation; and (d) all parties hereto for the purpose of construing, enforcing, and administering the settlement.

16. The Court finds that during the course of the litigation, the settling parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11 in connection with the institution, prosecution, defense, and settlement of the litigation.

17. In the event that the settlement does not become effective in accordance with the terms of the stipulation, or the effective date does not occur, or in the event that the settlement fund, or any portion thereof, is returned to the settling defendants or their insurers, then this judgment shall be rendered null and void to the extent provided by and in accordance with the stipulation and shall be vacated; and in such event, all orders entered and releases delivered in

connection herewith shall be null and void to the extent provided by and in accordance with the stipulation.

18. The settling parties shall bear their own costs and expenses except as otherwise provided in the stipulation or in this judgment.

19. Without further order of the Court, the settling parties may agree to reasonable extensions of time to carry out any of the provisions of the stipulation.

20. The Court directs immediate entry of this judgment by the Clerk of the Court.

21. The Court's orders entered during this litigation relating to the confidentiality of information shall survive this settlement.

**IT IS SO ORDERED.**

DATED: October 19, 2026

THE HONORABLE P. CASEY PITTS
UNITED STATES DISTRICT JUDGE