UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| BIAO WANG, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>ZYMERGEN INC., et al.,<br><br>Defendants. | Case No. 5:21-cv-06028-PCP<br><br>ORDER AWARDING ATTORNEYS' FEES AND EXPENSES AND AWARDS TO PLAINTIFFS PURSUANT TO 15 U.S.C. §77z-1(a)(4) |

This matter having come before the Court on October 13, 2026, on lead counsel's motion for an award of attorneys' fees and expenses and awards pursuant to 15 U.S.C. §77z-1(a)(4) to plaintiffs, Dkt. No. 662, in the above-captioned action; the Court having considered all papers filed and proceedings conducted herein and otherwise being fully informed of the matters hereto and good cause appearing therefore;

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1. For purposes of this order, the terms used herein shall have the same meanings as set forth in the Stipulation of Settlement dated March 23, 2026 (the "Stipulation," Dkt. No. 646-2).

2. This Court has jurisdiction over the subject matter of the litigation and over all parties to the Litigation, including all class members.

3. Notice of lead counsel's motion for attorneys' fees and payment of expenses was given to all class members who could be identified with reasonable effort. The form and method of notifying the class of the motion for attorneys' fees and expenses met the requirements of Rules 23 and 54 of the Federal Rules of Civil Procedure, Section 27(a)(7) of the Securities Act of 1933, 15 U.S.C. §77z-1(a)(7), as amended by the Private Securities Litigation Reform Act of 1995, due process, and any other applicable law, constituted the best notice practicable under the circumstances, and constituted due and sufficient notice to all persons and entities entitled thereto.

4. The Court hereby awards lead counsel attorneys' fees of 25% of the settlement amount, plus expenses in the amount of $2,233,037.19, together with the interest earned thereon on both amounts for the same time period and at the same rate as that earned on the Settlement Fund until paid. The Court finds that the amount of fees awarded is fair and reasonable under the "percentage-of-recovery" method, given the substantial risks of non-recovery, the contingent nature of the representation, awards in similar cases, the time and effort involved, the reaction from the class, and the result obtained for the class. *See Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1049-50 (9th Cir. 2002). The propriety of the requested fee award is further confirmed by a lodestar cross-check.

5. The awarded attorneys' fees and expenses and interest earned thereon shall be paid to lead counsel from the settlement fund immediately after the Court executes the judgment and upon entry of this order, subject to the terms, conditions, and obligations of the stipulation, the terms, conditions, and obligations of which are incorporated herein. The claims administrator shall retain 10% of the attorneys' fees awarded herein until the parties confirm that the settlement distribution process is complete. They shall file a final accounting or status report no later than six months from the date of this order.

6. In making this award of fees and expenses to lead Counsel, the court has considered and found that:

(a) the settlement has created a fund of $125,000,000 in cash that is already on deposit, and numerous class members who submit, or have submitted, valid proof of claim and release forms will benefit from the settlement created by lead counsel;

(b) no fewer than 19,000 summary notices were disseminated to potential class members, indicating that lead counsel would move for attorneys' fees not to exceed 30% of the settlement amount and for expenses in an amount not to exceed $3,000,000, plus interest thereon, and no objections to the fees or expenses were filed by class members;

(c) lead counsel pursued the litigation and achieved the settlement with skill, perseverance, and diligent advocacy;

(d) lead counsel expended substantial time and effort pursuing the litigation on behalf of the class;

(e) lead counsel pursued the litigation on a contingent basis, having received no compensation during the litigation, and any fee amount has been contingent on the result achieved;

(f) the litigation involves complex factual and legal issues and, in the absence of settlement, would involve lengthy proceedings whose resolution would be uncertain;

(g) had lead counsel not achieved the settlement, there would remain a significant risk that the class may have recovered less or nothing from defendants;

(h) lead plaintiff approved the amount of attorneys' fees awarded as fair and reasonable; and

(i) the attorneys' fees and expenses awarded are fair and reasonable and consistent with awards in similar cases within the Ninth Circuit.

7. Lead plaintiff Biao Wang is awarded $19,635, and named plaintiff West Palm Beach Firefighters' Pension Fund is awarded $5,525 from the settlement fund, pursuant to 15 U.S.C. §77z-1(a)(4), related to their representation of the class.

**IT IS SO ORDERED.**

DATED: October 19, 2026

THE HONORABLE P. CASEY PITTS
UNITED STATES DISTRICT JUDGE